# EXHIBIT 1

*AUSA Lax*
*8/16*

IN THE COUNTY COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

| | |
|---|---|
| Tamiko N Peele and TAMIKO N PEELE Individually on behalf of themselves, | COUNTY DIVISION |
| *Plaintiffs,* | |
| vs. | Case No. _2022 SC002970_ |
| THE UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBIN R WEINER P.A., ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA, CLIFFORD J WHITE III, DOES 1-3 inclusive, and the Student Loan Program (SLP) in their Individual and Official Capacity, etal *Defendants.* | Judge _ISENHOWER_ |
| _____/ | |

### <u>NOTICE TO APPEAR FOR PRETRIAL CONFERENCE/MEDIATION</u>

STATE OF FLORIDA- NOTICE TO PLAINITFF(S) AND DEFENDANT(S):

To all and singular sheriffs of said state:

      **YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint, with Service of *Production, Admissions, Interrograties, Proposed Civil Case Management Plan and order* in the above-styled cause upon **TO DEFENDANT:**

THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual Capacity for THE UNITED STATES POSTAL SERVICE INC.
          c/o US ATTORNEY'S OFFICE
          99 NE 4th Street.,
          13TH FLOOR
          MIAMI, FLORIDA 33132

YOU ARE HEREBY NOTIFIED that you are required in person or by attorney at the St. Lucie County-South County Annex, located at 250 NW County Club Drive, Port St Lucie, Florida 34986 on ___9/12/2022___, at ___8:30___ am/~~pm~~, for a PRETRIAL CONFERENCE.

1

**IMPORTANT - READ CAREFULLY**
**THIS CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME DO NOT BRING WITNESSES.  YOU MUST APPEAR IN PERSON OR BY ATTORNEY.**

WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION.

The Defendant(s) must appear in court on the date-specified in order to avoid a default judgment. The Plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIALCONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida Law may be represented at-any stage-of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity, or any employee authorized in writing by a principal of the business entity. Written authorization must be bought to the Pretrial Conference/Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable; the court to determine the nature of the case and set the-cause for trial if the case-cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit and documents necessary to prove the case, state the names and address or your witnesses, stipulate to the facts that will require proof and will expedite the trial, and estimate how long it will take to try the case.

**MEDIATION**
Mediation, decision making rests with the parties, Negotiations in county court mediation are primarily conducted by the parties, Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, 'the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosure are required or permitted by law.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances. The court may or may not approve a payment plan and may withhold judgment-or-execution or levy.

RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of those places, you as the defendant(s), have the right; to request that the-case be moved to a proper location or venue. A proper location or venue maybe one of the following: (1) where the contract was entered into: (2) if the. suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) inaction for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, 'you must appear on your | court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit from (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any. A copy of the; 'statement of claim, production, interrogatories, and admissions shall 'be served with this summons.

2

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on plaintiff's: Tamiko N Peele and TAMIKO N PEELE, located at 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, Telephone: (772) 400-7544, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on this the _10th_ day of _August 2022_

MICHELLE R. MILLER, CLERK AND COMPTROLLER
Clerk of the Circuit Court

By _Debra Govern_
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante). "De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para participar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955- 8771 o (V) 1-800-955-8770, via Florida Relay System."

3

IN THE COUNTY COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

| | |
|---|---|
| Tamiko N Peele and TAMIKO N PEELE Individually on behalf of themselves, | COUNTY DIVISION |
| *Plaintiffs,* | |
| vs. | Case No. 2022 SC002970 |
| THE UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBIN R WEINER P.A., ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA, CLIFFORD J WHITE III, DOES 1-3 inclusive, and the Student Loan Program (SLP) in their Individual and Official Capacity, etal *Defendants.* | Judge ISENHOWER |

/

## NOTICE TO APPEAR FOR PRETRIAL CONFERENCE/MEDIATION

STATE OF FLORIDA- NOTICE TO PLAINITFF(S) AND DEFENDANT(S):

To all and singular sheriffs of said state:

   **YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint, with Service of *Production, Admissions, Interrograties*, *Proposed Civil Case Management Plan and order* in the above-styled cause upon **TO DEFENDANT:**

THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual Capacity for THE UNITED STATES POSTAL SERVICE INC.
c/o US ATTORNEY'S OFFICE
99 NE 4th Street.,
13TH FLOOR
MIAMI, FLORIDA 33132

YOU ARE HEREBY NOTIFIED that you are required in person or by attorney at the St. Lucie County-South County Annex, located at 250 NW County Club Drive, Port St Lucie, Florida 34986 on 9/12/2022, at 8:30 am/pm, for a PRETRIAL CONFERENCE.

1

<u>IMPORTANT - READ CAREFULLY</u>
<u>THIS CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT</u>
<u>THAT TIME DO NOT BRING WITNESSES.  YOU MUST APPEAR IN PERSON OR BY ATTORNEY.</u>

WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS
FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION.

The Defendant(s) must appear in court on the date-specified in order to avoid a default judgment. The Plaintiff{s)
must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the
court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the
PRETRIALCONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled
without good cause and prior court approval.

Any business entity recognized under Florida Law may be represented at-any stage-of the trial court proceedings by
any principal of the business entity who has legal authority to bind the business entity, or any employee authorized
in writing by a principal of the business entity. Written authorization must be bought to the Pretrial
Conference/Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the
claim, to enable; the court to determine the nature of the case and set the-cause for trial if the case-cannot be
resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain
briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit and documents
necessary to prove the case, state the names and address or your witnesses, stipulate to the facts that will require
proof and will expedite the trial, and estimate how long it will take to try the case.

<u>MEDIATION</u>
Mediation, decision making rests with the parties, Negotiations in county court mediation are primarily conducted
by the parties, Counsel for each party may participate. However, presence of counsel is not required, If a full
agreement is not reached at mediation, 'the remaining issues of the case will be set for trial. Mediation
communications are confidential and privileged except where disclosure are required or permitted by law.
-----------------------------------------------------------------------------------------------------------------------

If you admit the claim, but desire additional time to pay, you must come and state the circumstances. The court may
or may not approve a payment plan and may withhold judgment-or-execution or levy.

RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several
places as listed below. However, if you have been sued in any place other than one of those places, you as the
defendant(s), have the right; to request that the-case be moved to a proper location or venue. A proper location or
venue maybe one of the following: (1) where the contract was entered into: (2) if the. suit is on an unsecured
promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to
foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one
or more of the defendants sued reside; (6) any location agreed to in a contract; (7) inaction for money due, if there is
no agreement as to where suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) bas/have not sued in one of these correct places, 'you must appear
on your | court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit from
(sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or
plaintiffs attorney, if any. A copy of the; 'statement of claim, production, interrogatories, and admissions shall 'be
served with this summons.

2

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on plaintiff's: Tamiko N Peele and TAMIKO N PEELE, located at 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, Telephone: (772) 400-7544, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on this the _10th_ day of _August_ 2022

MICHELLE R. MILLER, CLERK AND COMPTROLLER
Clerk of the Circuit Court

By _Debra Govun_
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demandante). "De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955- 8771 o (V) 1-800-955-8770, via Florida Relay System."

3

FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE NINETEENTH  JUDICIAL CIRCUIT, IN AND FOR ST. LUCIE  COUNTY, FLORIDA

Tamiko N Peele and TAMIKO N PEELE, etal

Plaintiff

Case # _____
Judge  _____

vs.

THE UNITED STATES DEPARTMENT OF JUSTICE, etal

Defendant

II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

[ ] $8,000 or less
[■] $8,001 - $30,000
[ ] $30,001- $50,000
[ ] $50,001- $75,000
[ ] $75,001 - $100,000
[ ] over $100,000.00

III.   TYPE OF CASE    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

- ❏ Condominium
- ❏ Contracts and indebtedness
- ❏ Eminent domain
- ❏ Auto negligence
- ❏ Negligence—other
    - ❏ Business governance
    - ❏ Business torts
    - ❏ Environmental/Toxic tort
    - ❏ Third party indemnification
    - ❏ Construction defect
    - ❏ Mass tort
    - ❏ Negligent security
    - ❏ Nursing home negligence
    - ❏ Premises liability—commercial
    - ❏ Premises liability—residential
- ❏ Products liability
- ❏ Real Property/Mortgage foreclosure
    - ❏ Commercial foreclosure
    - ❏ Homestead residential foreclosure
    - ❏ Non-homestead residential foreclosure
    - ❏ Other real property actions

- ❏ Professional malpractice
    - ❏ Malpractice—business
    - ❏ Malpractice—medical
    - ❏ Malpractice—other professional
- ❏ Other
    - ❏ Antitrust/Trade regulation
    - ❏ Business transactions
    - ❏ Constitutional challenge—statute or ordinance
    - ❏ Constitutional challenge—proposed amendment
    - ❏ Corporate trusts
    - ❏ Discrimination—employment or other
    - ❏ Insurance claims
    - ❏ Intellectual property
    - ❏ Libel/Slander
    - ❏ Shareholder derivative action
    - ❏ Securities litigation
    - ❏ Trade secrets
    - ❏ Trust litigation

## COUNTY CIVIL

- ❏ Small Claims up to $8,000
- ▣ Civil
- ❏ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

V.    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

    23

VI.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

VII.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

VIII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Mrs. Tamiko N Peele

*s/s Tamiko Peele, all rights reserved*

4001 SW Melbourne Street

Port Saint Lucie, FL 34953

IN THE COUNTY COURT OF THE
NINETEENTH JUDICIAL
CIRCUIT IN AND FOR ST. LUCIE
COUNTY, FLORIDA

Tamiko N Peele and TAMIKO N PEELE., Individually
and on behalf of themselves,

COUNTY DIVISION

*Plaintiffs,*

vs.

Case No._____

THE UNITED STATES DEPARTMENT OF JUSTICE
through its UNITED STATES TRUSTEE PROGRAM,
REGION 21 and it's Officials THE CHAPTER 13
TRUSTEE, ROBIN R WEINER P.A., ERIK P KIMBALL,
ROBIN R WEINER, NANCY J ARGULA, CLIFFORD J
WHITE III, DOES 1-3 inclusive, and the Student Loan
Program (SLP) in their Individual and Official Capacity, etal
*Defendants.*

Judge

_____/

**REQUEST FOR ADMISSIONS TO DEFENDANT** THE UNITED STATES OF AMERICA
INC., through its UNITED STATES POSTAL SERVICE INC., its Postmasters DAVID C.
GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS
for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street,
Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual Capacity

TO: THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL
SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY,
MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and
4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual
Capacity, PURSUANT to Rule 1.370, Florida Rules of Civil Procedure, Plaintiff's, Tamiko N
Peele and TAMIKO N PEELE, request(s) Defendant(s), THE UNITED STATES OF AMERICA

1

INC., through its UNITED STATES POSTAL SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual Capacity, to admit in writing the truth of the matters set forth below on or by the forty-fifth (45th) day after service of this Request for Admissions.

1.     At all times material to the Complaint, Defendant was and is a corporation licensed to do business in St. Lucie County, State of Florida, and is engaged in the business of commerce.

2.     Defendant does not maintain agents in St. Lucie County, Florida, to transact its customary business in St. Lucie County, Florida.

3.     Please admit that service of process on the Defendant was proper.

4.     The above-styled Court, in and for St. Lucie County, Florida., Florida, has jurisdiction over Plaintiff's claim against Defendant.

5.     Please admit that the Plaintiff's Physical Address is 4001 S.W. Melbourne Street, Port Saint Lucie, Florida 34953.

6.     Please admit that Defendant was guilty of negligence which caused or contributed to the subject incident.

7.     Please admit that there are no "Fabre" Defendants related to the subject Complaint.

<u>CERTIFICATION OF SERVICE</u>

I HEREBY CERTIFY that a copy of this Request for Admissions is being served with the Initial Summons and Complaint in this action.

Mrs. Tamiko N Peele
<u>*s/s Tamiko N Peele, all rights reserved*</u>
4001 SW Melbourne Street
Port Saint Lucie, FL 34953
772-400-7544
*Plaintiff-for-Plaintiff*

2

IN THE COUNTY COURT OF THE
NINETEENTH JUDICIAL
CIRCUIT IN AND FOR ST. LUCIE
COUNTY, FLORIDA

Tamiko N Peele and TAMIKO N PEELE., Individually
and on behalf of themselves,

COUNTY DIVISION

     *Plaintiffs,*

          vs.

Case No._____

UNITED STATES DEPARTMENT OF JUSTICE through its
UNITED STATES TRUSTEE PROGRAM, REGION 21 and
it's Officials THE CHAPTER 13 TRUSTEE, ROBIN R
WEINER P.A., ERIK P KIMBALL, ROBIN R WEINER,
NANCY J ARGULA, CLIFFORD J WHITE III, DOES 1-3
inclusive, and the Student Loan Program (SLP) in their
Individual and Official Capacity, etal

Judge

     *Defendants.*

                          /

---

## REQUEST FOR PRODUCTION TO DEFENDANTS

THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL SERVICE

INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL

HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001

SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual

Capacity

---

Plaintiff, Tamiko N Peele and TAMIKO N PEELE, by and through themselves and hereby

request(s) that Defendant, for inspection or copying the documents set forth below. Defendant

shall produce these documents to Mrs. Tamiko N Peele and TAMIKO N PEELE located at 4001

S.W. Melbourne Street, Port Saint Lucie, FL 34953 within forty-five (45) days after service of

this Request.

1

## I. Definitions

A.     As used throughout this Request to Produce, the following terms are defined as follows:

B.     "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the original, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known to exist, unless otherwise privileged.

C.     "Document" also includes copies containing information in addition to that contained on the original (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D. If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting

back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E. "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F. "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which has acquired an interest.

G. "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H. As may be used in these Request "and" is conjunctive (meaning, e.g., A and B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I. As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design,

3

logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1. Description sufficient to identify.

2. The date(s)

3. The subject matter(s).

4. The sender(s) or author(s).

5. The recipient(s).

6. The persons to whom copies were furnished, together with their job titles.

7. The present depository or person having custody of the document.

8. The nature and basis of privilege or immunity claimed.

9. The paragraph(s) of this request to which each such document or statement relates or corresponds.

## III. Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

IV. <u>Place, time, and manner of response.</u>

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce and shall be made at the location of Mrs. Tamiko N Peele, 4001 S.W. Melbourne Street, Port Saint Lucie, FL 34953 or at such other place as the parties may agree. Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

## <u>DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:</u>

1.    All insurance policies that would insure to the benefit of the Defendant with regard to Plaintiff's claims, together with any declaration of coverage page and sworn statement of a corporate officer of Defendant attesting to the coverage and authenticity of the policy as required by Florida Statutes.

2.    All Documents, Communications, internal procedural memos, between You and the Plaintiff.

3.    Defendant's entire file from the Plaintiff's bankruptcy Case, Case No.20-11431-EPK filed in the United States bankruptcy Court for the Southern District of Florida, West Palm Beach Division (the" Bankruptcy Case")

4.    All Documents and Communications between you and any third-Party concerning or relating to the Bankruptcy Case.

5.    All Documents and Communications between You and the UNITED STATES TRUSTEE PROGRAM, REGION 21, including but not limited to, it's Officials, THE CHAPTER 13 TRUSTEE, ROBIN R WEINER, staff attorneys JOANNA P TEMPONE, PAUL S VISNOVSKE, MATTHEW GIRARDI, THE FLORIDA BAR, and its members Erik P Kimball#131334, Barry

Steven Mittelberg#396567, Drake Ozment#844519, and Keley Jacobson #102200 concerning or relating to the bankruptcy Case.

6.      Copies of all Your risk and or professional liability malpractice insurance policies that have been in place from January 30, 2020 through present.

7.      All Documents and Communication between You and any of your risk and or professional liability/malpractice insurance policies carriers from January 30, 2020 through the present.

8.      All internal procedural memos, regarding the handling of Plaintiff's claims, which were in effect during the last Thirty-Six (36) months.

9.      Defendant's latest claims manual on processing the Plaintiff's claims.

10.     Defendant's most recent claims manual on processing and handling of the Plaintiff's claims in general.

11.     A copy of Defendant's standards for the proper investigation of claims, in effect at any time during the last Thirty (36) months.

12.     Copies of any and all leaflets, brochures, memoranda, correspondence, warnings, or policies, disseminated by Defendant or any of Defendant's agents, employees, or representatives, and in effect during the last Thirty-Six (36) months, which set forth procedures, comments, suggestions, guidelines or criteria for handling, adjusting, investigating, or settling the Plaintiff's claims.

13.     Correspondence or Complaint forms which the Defendant or anyone adjusting claims on Defendant's behalf received during the last Thirty-Six (36) months from any internal or external operational office of your business concerning the handling of the Plaintiff's claims.

14.     Copies of Defendant's standards for the proper handling, investigation and recording of all complaints received from the Plaintiff and or from any other entity which were in effect at any time during the last Thirty- Six (36) months.

15.     Copies of any and all leaflets, brochures, memoranda, correspondence, warnings or policies, disseminated by Defendant or any of Defendant's agents, employees, or representatives, and in effect during the last Thirty-Six (36)  months, which set forth procedures, comments, suggestions, guidelines or criteria for handling, investigating, resolving or settling complaints from the Plaintiff or The Florida Bar regarding the handling of  the Plaintiff's claims.

16.     The entire personnel file of Defendant's adjuster known as.

17.     Any and all information bulletins the Defendant received from The United States of America Inc., through its Social Security Administration Program, it's Postal Service and it's Department of Education between January 31, 2012 and the present concerning the handling of the Plaintiff claims.

18.     Any and all surveillance reports, claims history reports or other investigative reports claims the Defendant or anyone acting on Defendant's behalf prepared with regard about the Plaintiff.

19.     Any and all surveillance films or photographs Defendant or anyone acting on Defendant's behalf took of the Plaintiff.

20.     Any and all statements Defendant or anyone acting on Defendant's behalf took of the Plaintiff or any witnesses.

21.     Any and all social media posts and photographs that the Defendant or anyone acting on Defendant's behalf took showing the extent of the investigation involved in the incident.

22.    Any and all correspondence to and from the Defendant or anyone acting on Defendant's behalf that spoke of the Plaintiff's at any time prior to the filing of suit.

23.    Any and all statements concerning the nature and extent of the damages to any of the Plaintiff's involved in the incident.

24.    Any and all writings, memorandums, notes or other materials reflecting the Defendant's investigation of any of the Plaintiff's involved in the incident.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

Dated: 10th of August, 2022.

Mrs. Tamiko N Peele
*s/s Tamiko Peele,all rights reserved*
4001 SW Melbourne Street
Port Saint Lucie, FL 34953
*Plaintiff-for-Plaintiff*

8

IN THE COUNTY COURT OF THE
NINETEENTH JUDICIAL
CIRCUIT IN AND FOR ST. LUCIE
COUNTY, FLORIDA

Tamiko N Peele and TAMIKO N PEELE., Individually
and on behalf of themselves,

      *Plaintiffs,*

               vs.

THE UNITED STATES DEPARTMENT OF JUSTICE
through its UNITED STATES TRUSTEE PROGRAM,
REGION 21 and it's Officials THE CHAPTER 13
TRUSTEE, ROBIN R WEINER P.A., ERIK P KIMBALL,
ROBIN R WEINER, NANCY J ARGULA, CLIFFORD J
WHITE III, DOES 1-3 inclusive, and the Student Loan
Program (SLP) in their Individual and Official Capacity, etal
      *Defendants.*
_____/

COUNTY DIVISION

Case No._____

Judge

## NOTICE AND REQUEST OF SERVING INTERROGATORIES TO DEFENDANT
THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL SERVICE
INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL
HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001
SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual
Capacity

Plaintiffs, Tamiko N Peele and TAMIKO N PEELE, pursuant to Rule 1.340(e) of the Florida
Rules of Civil Procedure, hereby files Notice of Service of the original and one (1) copy of
Interrogatories number one (1) through seventeen (17) to be answered in oath and in writing,
within forty-five (45) days from the date of service hereof. CERTIFICATE OF SERVICE, I
HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the
Defendant, THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL
SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY,
MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and
4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual
Capacity, along with the Summons and Complaint.

      Mrs. Tamiko N Peele
      *s/s Tamiko N Peele, all rights reserved*
      4001 SW Melbourne Street
      Port Saint Lucie, FL 34953
      *Plaintiff-for-Plaintiff*

1

## FIRST INTERROGATORIES TO DEFENDANT

THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual Capacity.

Definitions

1. "You(r)" as used in these interrogatories means the Defendant named above and any related entities who may be liable for the damages sought herein. The definition also includes any individuals or entities handling, adjusting, or otherwise investigating claims on your behalf; any lawyers retained by you on this or any other claim; and any other agents who have performed services on your behalf at any time material to this action.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

3. The singular includes the plural, and vice versa. The masculine includes the feminine and vice versa.

4. "All" shall be construed as "all and each" and the term "each" shall be construed as "all and each."

5. "Coverage Letter(s)" means the correspondence running from You to Plaintiff throughout the claim at issue regarding your position as to coverage for the loss.

6. "Document" means any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but without limitation, papers, agreements, contracts, notes, memoranda, correspondence, electronic mail messages, studies, working papers, letters, telegrams, invoices, personal diaries, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes,

2

disks and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, inter office memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent or received via the internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated if necessary, by Plaintiffs through detector devices into reasonable usable form and all other writings and recoding of every kind, however produced or reproduced whether signed or unsigned. The term "document" includes without limitation the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether or not used. If the original of any document is not in your possession, custody or control, a copy of that document should be produced.

7.    "Identify" and "identity" mean:

a. with respect to a natural person, to state the persons name, title at the time in question, employer and business address at the time in question and the current or last known employer, business address, and home address;

b. with respect to an organization or entity, to state the full legal name of the entity and full name by which the organization or entity is commonly known or does business;

c. with respect to a document, to state the names and titles of the author(s) and/ or signatory(ies), addresses(s), and recipients(s) of any copies; the subject matter or title; the date of the document; the division, department, or unit of your organization with which the authors and/ or

3

addressees are or were affiliated; and its present location and custodian; and

d. with respect to an oral communication, to state the names and titles of all persons involved in the communication, and date and approximate time of the communication.

8. "Loss" means the event at issue in which the Plaintiff suffered the damage.

## INSTRUCTIONS

1. These interrogatories are continuing in nature so as to require the filing of supplemental answers to the extent required under Florida law.

2. If you cannot answer any interrogatory in full, answer to the extent possible, explain why you cannot answer the remainder, state the nature of the information and knowledge that you can furnish, and provide a supplemental response when you obtain more information.

3. If your answer to any interrogatory derives from a document, identify the document.

4. If you contend that any document or communication that is responsive to any interrogatory propounded herein is privileged for any reason whatsoever, identify each such document or communication in your answer to each interrogatory and include that document on a privilege log.

## INTERROGATORIES

1. Identify each person who prepared answers or supplied or provided information used to prepare answers to these Interrogatories.

2.      Describe in detail your efforts to gather information and documents responsive to each of these interrogatories, as well as Plaintiffs' first request for Production of documents, including the person(s) involved in such efforts.

3.      Identify all fact witnesses you expect to call to testify at the trial of this action and describe the substance of their expected testimony.

4.      Does the coverage letter(s) specifically cite to each and every policy provision and all facts upon which you are relying in connection with your decision to deny, or otherwise not make full payment to Plaintiffs? If your answer is anything other than an unqualified affirmative, identify all other policy provisions and facts upon which you are relying for your denial or part payment of the claim at issue.

5.      Do you contend that all or any portion of the Damage claim in question is not covered by any of the policies issued by you to Plaintiffs? Unless your answer is an unqualified negative, please set forth the specific amounts that you contend are not covered, and for each such amount, all facts, including exclusions or other provisions of the policies, supporting your contention that no coverage exists.

6.    State each and every policy provision and all facts related to each upon which you are relying in connection with your decision to deny, or otherwise not make full payment.

7.    Identify all persons who are or have been responsible for determining and/ or analyzing on your behalf how the Plaintiff's bankruptcy Case, Case No.20-11431-EPK filed in the United States bankruptcy Court for the Southern District of Florida, West Palm Beach Division (the" Bankruptcy Case") that is at issue in this case applies to the Damage claim in question.

8.    For each document listed on the privilege log that you have served in this action, or otherwise being withheld by you on grounds of privilege or work product, identify each person, if any, to whom or with whom each such document was provided or shared.

9.    Identify all persons involved on your behalf in the handling of this claim. For each person identified: identify the person(s) employer and explain the role of each person(s) identified in the handling of this claim.

10. Do you contend that any policies issued by you contain any deductibles or other "self-insurance" features? If your answer is anything other than an unqualified negative, identify such policy, the policy provisions that you contend set forth such a deductible or self-insurance feature and all persons with knowledge of the operation of such feature and all persons with knowledge of the operation of such feature that were involved in this case and state whether you contend such deductible or self-insurance feature applies to defense costs.

11. Have you established any reserves for the Injury damage claim at issue in this action? If your answer is anything other than an unqualified negative then identify the amount of such reserve, all persons involved in setting such reserves, and describe in detail the factors considered in setting such reserve.

12. What is the name and address of the person(s) answering these interrogatories, and if applicable the person's official position or relationship with the party to whom the interrogatories are directed?

13. Please provide the name, Florida license number, and current address of any adjusters or other individuals (whether employed by you or not) who were involved in any manner in adjusting the claim, or who investigated the incident in question.

14. With regard to any third parties who provided services, analyses, adjusting, or otherwise rendered opinions to you in adjusting this claim, please identify:

   a. The name of the individual who hired the third party on behalf of your company.

   b. The date and nature of the services provided by the third party.

   c. Each case in which the third party has been retained by you for any purpose during the last three years.

   d. The amount of money that the third party has been paid by you during the past three years.

   e. Please state the taxpayer identification numbers for both you and the third party.

15. If you allege that Plaintiffs have failed to perform any conditions precedent, or failed to fulfill any duties after loss, please identify them with specificity, including the date the individual failed to perform, citing the appropriate contractual language which supports the individual's duty to perform.

16.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

17.     State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

By: _____

STATE OF _____)

COUNTY OF _____)

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____, 2022 by

_____ who is personally known to me or has produced

_____ as identification and who (did/did not) take an oath.

_____

Notary Public Commission No.:

(SEAL)

9

IN THE COUNTY COURT OF THE
NINETEENTH JUDICIAL
CIRCUIT IN AND FOR ST. LUCIE
COUNTY, FLORIDA

Tamiko N Peele and TAMIKO N PEELE Individually on behalf of themselves,

*Plaintiffs,*

vs.

THE UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBIN R WEINER P.A., ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA, CLIFFORD J WHITE III, DOES 1-3 inclusive, and the Student Loan Program (SLP) in their Individual and Official Capacity
c/o US ATTORNEY'S OFFICE
99 NE 4th Street
13TH FLOOR,
MIAMI, FLORIDA 33132

and

THE UNITED STATES OF AMERICA INC., through its SOCIAL SECURITY ADMINISTRATION PROGRAM, it's Cooperative Disability Investigations Program (CDI), and its Social Insurance Administrators VELMA T BLAINE, JAMES PEAVY, ANTONIO MIGUEL QUINONES, DOES 1-11 inclusive and in their official and individual capacity
c/o US ATTORNEY'S OFFICE
99 NE 4th Street
13TH FLOOR
MIAMI, FLORIDA 33132

and

THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual Capacity for THE UNITED STATES POSTAL SERVICE INC.
c/o US ATTORNEY'S OFFICE
99 NE 4th Street.,
13TH FLOOR
MIAMI, FLORIDA 33132

Case No._____

Division.:

**CAUSES OF ACTION**
1) BIVENS CLAIMS

2) **FEDERAL TORT ACT (FTCA)**

3) **Administrative Procedure Act**

4) **Postal Service 18 U.S. CODE § 83**

5) **American With Disabilities Act**

6) **HIPPA ACT OF 1996**

7) **Breach of Invalid Contract**

8) **Misapplied Payments**

9) **Unjust Enrichment**

10) **Violation The Right to Financial Privacy Act of 1978**

11) **Violations of the Florida Consumer Collection Practices Act, Fla. Stat § 559.55, et seq. ("FCCPA")**

12) **Violations of the Florida Deceptive and Unfair Trade Practices Act, ("FDUTPA")**

13) **Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA")**

14) **Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA")**

15) **Inaccurate Reporting and Scoring**

16) **Legal Malpractice**

**Damages Between 8000.01 not exceeding $15000.00 Per Defendant Per Count**

JURY TRIAL DEMAND

1

and

THE FLORIDA BAR, and its members Erik P Kimball#131334,
Barry Steven Mittelberg#396567, Drake Ozment#844519, and
Keley Jacobson #102200, in their official and individual capacity
THE FLORIDA BAR
651 E Jefferson Street
Tallahassee, Florida, 32399

and

Erik P Kimball and ERIK P KIMBALL in his individual and
official capacity
19570 Trails End Ter
JUPITER, FLORIDA 33458

and

ROBIN R. WEINER, P.A., it's President ROBIN R WEINER, it's
staff attorney JOANNA P TEMPONE, PAUL S VISNOVSKE
MATTHEW GIRARDI and DOES 1-3 inclusive, in their individual
and official Capacity
c/o MITCHELL J NOWACK, ESQ
8551 Sunrise Blvd
SUITE 208
PLANTATION, FLORIDA 33322

and

OZMENT LAW, P.A., it's President DRAKE OZMENT and
Kenneth Drake Ozment in their official and individual capacity
OZMENT LAW, P.A.
2001 PALM BEACH LAKES BLVD
SUITE  500
WEST PALM BEACH, FLORIDA 33409-6516

and

SHAWDE & EATON, P.L., and it's MGRM JOHN D EATON, in
their official and individual capacity of SHAWDE & EATON, P.L.,
c/o JOHN DANIEL EATON, P.A.
1792 BELL TOWER LANE
WESTON, FL 33326

and

2

Barry Steven Mittelberg and BARRY STEVEN MITTELBERG, in
his individual and official capacity
6050 NW 96TH DRIVE
PARKLAND, FLORIDA 33076

and

THE UNITED STATES DEPARTMENT OF EDUCTION,
through, its FEDERAL FAMILY EDUCATION PROGRAM
(FFELP), its FEDERAL OFFSET UNIT Acct#1274983 and
Account#22395475 in their Individual and official capacity
c/o OFFICE OF GENERAL COUNSEL
400 Maryland Avenue, S.W.
Room 6E300
Washington, DC 20202-211

and

EDUCATION CREDIT MANAGEMENT CORPORATION., a
foreign non-profit Minnesota corporation, d/b/a "ECMC
EDUCATION, INC"., AS SUCCESSOR IN INTEREST TO
WELLS FARGO EDUCATION FINANCIAL SERVICES, INC
and it's officer JEREMY WHEATON, DANIEL FISHER and
KERRY KLISH, in their official and individual capacity
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD.
PLANTATION, FLORIDA  33324

and

TRANSITIONAL GUARANTY AGENCY, FFEL Acct#22395475/
Acct#1274983, and U.S. Currency Debt Notes of $14,713.00
111 South Washington Avenue
Suite 1400
Minneapolis, MN 55401

and

THE STATE OF FLORIDA INC., through its FLORIDA
DEPARTMENT OF EDUCATION OFFICE OF STUDENT
FINANCIAL ASSISTANCE(OFSA) and agents, AMY CAR, LOU
ANNE STANDLEY and SHARON KALICKI, in their individual
and official Capacity of THE STATE OF FLORIDA INC.,
c/o Office of the Attorney General
1515 N. Flagler Drive
SUITE 900
WEST PALM BEACH, FLORIDA 33401

and

3

NELNET TOTAL & PERMANENT DISABILITY., d/b/a
"NATIONAL EDUCATION LOAN NETWORK, INC."
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD.
PLANTATION, FLORIDA  33324

and

WELLS FARGO EDUCATION FINANCIAL SERVICES, INC.,
d/b/a "WELLS FARGO BANK, N.A."
c/o CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

and

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD.
PLANTATION, FLORIDA  33324

and

TRANS UNION LLC.
c/o THE PRENTICE HALL CORPORATION SYSTEM INC
1201 HAYS STREET
SUITE 105
TALLAHASSEE, FLORIDA 32301

*Defendants.*                                          /

# COMPLAINT FOR BIVENS CLAIMS, VIOLATIONS OF CIVIL RIGHTS, DAMAGES AND INCIDENTAL RELIEF

The CARES Act through the Administrative Procedure Act (APA), Bankruptcy Act 1966under *The Brunner Test,* The Higher Education Act(HEA), and The United States Department of Education regulations and contracts allow for students through Death, Disability and Bankruptcy to cancel their Federal Student Loan on certain basis. Title IV of the HEA, 20 U.S.C. §§ 1070-1099, provides the statutory authorization for federal student loans, including the Federal Family

4

Education Loan (FFEL) and Direct Loan programs. The Secretary oversees and is responsible for these programs. *See 20 U.S.C. § 1070.* Under the FFEL program, private lenders issued student loans, which were then insured by guaranty agencies and in turn reinsured by the Department. Id. § 1078(b)-(c). A guaranty agency is "[a] state or private nonprofit organization that has an agreement with the Secretary under which it will administer a loan guarantee program under the Act." 34 C.F.R. § 682.200., has made it clear that "No" new loans can be made under the FFEL program, effective July 1, 2010. However the United States of America Inc., through it's Justice Department, officers THE CHAPTER 13 TRUSTEE, ROBIN R WEINER P.A., ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA,  CLIFFORD J WHITE III, DOES 1-3 inclusive, It's Social Security Program with The Florida Bar, State, Local and Judicial Officers have decided to created and enforce a "NEW FFEL" Loan and through order and stipulation authorized the Ozment Law P.A., Jenneth Drake Ozment, Keley Jacobson, Joanna P Tempone and John D Eaton authority to access compounding principal, interest and fees, in gross violate the Rule of Law that have caused for the Plaintiff (s)Tamiko N Peele and TAMIKO N PEELE collectively ("Peele and or PEELE")  to sue Defendants, THE UNITED STATES DEPARTMENT OF JUSTICE through it's UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBIN R WEINER P.A., ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA, and CLIFFORD J WHITE III, DOES 1-3 inclusive, and the Student Loan Program (SLP), THE UNITED STATES OF AMERICA INC., through it's SOCIAL SECURITY ADMINISTRATION PROGRAM, it's Cooperative Disability Investigations Program (CDI), and it's Social Insurance Administrators VELMA T BLAINE, JAMES PEAVY, ANTONIO MIGUEL QUINONES, DOES 1-11 inclusive, THE UNITED STATES OF AMERICA INC., through it's UNITED STATES POSTAL SERVICE INC., it's Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive, THE FLORIDA BAR, Erik P Kimball a/k/a ERIK P KIMBALL,ROBIN R. WEINER, P.A., it's President ROBIN R WEINER and it's staff attorney JOANNA PIZZARELLO, MATTHEW GIRARDI and DOES 1-3 inclusive in their individual and official Capacity of ROBIN R. WEINER, P.A, Barry Steven Mittelberg, OZMENT LAW, P.A., it's President Drake Ozment, Kenneth Drake Ozmentin, SHAWDE & EATON, P.L., and it's MGRM JOHN D EATON, THE UNITED STATES DEPARTMENT OF EDUCTION, through, it's FEDERAL FAMILY EDUCATION PROGRAM (FFELP), it's FEDERAL OFFSET UNIT

5

Acct#1274983 and Account#22395475, EDUCATION CREDIT MANAGEMENT CORPORATION a foreign non-profit Minnesota corporation, d/b/a ECMC, AS SUCCESSOR IN INTEREST TO WELLS FARGO EDUCATION FINANCIAL SERVICES, INC and it's officer KERRY KLISH, JANICE HINES, DOES 1-3 inclusive, TRANSITIONAL GUARANTY AGENCY, Acct#22395475 FFEL Consolidated and U.S. Currency Debt Notes of $14,713.00, THE STATE OF FLORIDA INC., through it's FLORIDA DEPARTMENT OF EDUCATION OFFICE OF STUDENT FINANCIAL ASSISTANCE(OFSA) and agents, AMY CAR, LOU ANNE STANDLEY and SHARON KALICKI, NELNET, INC., through it's "NELNET TOTAL & PERMANENT DISABILITY" Program, Acct#1274983 and DOES 1-3 inclusive in its official and individual capacity of NELNET, INC., WELLS FARGO EDUCATION FINANCIAL SERVICES, INC., Acct#1274983 and Account#22395475,  EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC., collectively ("Defendants") in their personal and official capacities, for violating Plaintiffs' constitutional rights, Plaintiffs' reasonable expectation of privacy, free speech and association, right to be free of unreasonable searches and seizures, and due process rights, as well as certain common law claims, for the direct and  proximately causing Plaintiffs mental and physical pain and suffering and harm as a result of the pled illegal and criminal acts. Plaintiffs causes of actions are for, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), Federal Tort Claims Act ("FTCA"), and alleges violations of the AMERICANS WITH DISABILITES ACT OF 1990, HIPPA ACT OF 1996, 18 U.S. CODE § 83-Postal, Service, Breach of Invalid Contract, Administrative Procedure Act, Misapplied Payments, Unjust Enrichment, Inaccurate Reporting and Scoring, Fair Debt Collection Practices Act, 15 U.S.C. §§1692e(2), 1692e(5), 1692f(1), 1692f(6) ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), Florida Deceptive and Unfair Trade Practices Act, ("FDUTPA")., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA"), Damages and alleges:

## II.    QUESTIONS PRESENTED

**A.** The *First(1st)* primary question presented is Once The Department of Education and it's Servicer Nelnet TPD Notified the Tamiko N Peele and Tamika Peele on Jan 8, 2015 and states .."*Loan Discharge Application Approved...*", are The Tamiko N Peele loans Discharged as of Jan 9, 2018 after the fulfillment and Compliance of the *Administrative Procedure Act* Policy and Procedures once receiving the yearly documents within the Three(3) Year Monitoring Period of Compliance?

**B.** The *Second(2nd)* primary question presented Is Once the Tamiko N Peele have completed the Three(3) Year Monitoring Period of Compliance, can The United States of America through it's United States Department of Education Federal Family Education Program (FFELP), it's Social Security Administration Program, The Florida Department of Education Office of The Student Financial Assistance(OFSA), Erik P Kimball, The Chapter 13 Trustee, Keley Jacobson, Kenneth Drake Ozment, Ozment Law P.A., Nelnet Inc and ECMC, *Stipulate through Order* to Reinstate a Classified Discharged Loan as Defaulted while under Bankruptcy Protections, charging Accruing Interest, and Lawyer Expenditures not notifying the Tamiko N Peele and Robert L Walker,  however, Change the Plaintiff(s) Name and address to The Barry Steven Mittelberg d/b/a/ Barry S Mittelberg P.A., , and Demand the Plaintiff's File a "New Application" and alter and amend  The Administrative Procedure Act, while  Maliciously Initiating and  Report Defamatory Slanderous Statements of  collection Practices,  after The Reorganizers Filed a Bankruptcy Petition, Received a 100% Confirmed Plan in n Violations of  Bankruptcy Act, Imposition of Stay,  HIPPA, FCRA 15 U.S. Code § 1681s-2(b) and FCCPA § 559.55, Florida Statutes, et seq.?

**C.** The *Third(3rd)* primary question presented is Once the Tamiko N Peele and TAMIKO N PEELE have exhausted all Administrative Remedies and Appeals under the Administrative Procedure Act, can there Now be a Bivens Complaint to gain Relief and restitution Pursuant to *Bivens Claims, The Barton v. Barbour, 104 U.S. 126, 127 (1881) Doctrine, Carter v. Rodgers,220 F.3d 1249, 1252–53 (11th Cir. 2000)* and *Administrative Procedure Act,*?

# III. TABLE OF CONTENT

*Page*

I.   PRELIMINARY STATEMENT AND NATURE OF ACTION………...……….................4-6

II.  QUESTION PRESENTED……………………………………………………………………7

III. TABLE OF CONTENT………………………………………………........……………….8

IV.  TABLE OF AUTHORITIES AND CITATIONS …………….......……….………..……9-11

V.   LEGAL STATEMENT……………………………………………………..…….............12

VI.  FACTUAL BACKGROUND…………………………………………………............13-24

    1. The Tyranny *Confirmation* Fix, Ambush By Trial That Creates Financial
      Genocide……………………………………………………………………15-24

    2.The Florida Bar's Oath that creates a governing body that allows the Rule
      of Law to Cease……………………………………………...…………….22-24

VII.  **JURISDICTION AND VENUE**………………………………………….......24-26

VIII. PARTIES……………………………………………………………………....………26-29

IX.   CAUSES OF ACTION……………………………………………………….......……29-56

    a. Bivens………………………………………………………………………….29-35

    b. Federal Tort-28 U.S.C. §1346 (FTCA)…………….......…………………….35-37

    c. Administrative Procedure Act………………………………………………..37-38

    d. Postal Service-18 U.S CODE § 83-Postal Service……………………………38-43

    e. AMERICANS WITH DISABILITES ACT OF 1990……………………………43-44

    f. HIPPA ACT OF 1996……………………………………………………….......44

    g. Breach of Invalid Contract………………………………………………….....45

    h. Misapplied Payments……………………………………………………….....45-47

    i. Unjust Enrichment……………………………………………………………..47-48

    j. Violation The Right to Financial Privacy Act of 1978 12:3410 Right to Financial…...48

    k. Violations of the Florida Consumer Collection Practices Act, Fla. Stat § 559.55, et seq.
      ("FCCPA")………………………………………………………………………49

    l. Violations of the Florida Deceptive and Unfair Trade Practices Act, ("FDUTPA")…50

    m. Violations of the Fair Debt Collection Practices Act, 15 U.S.C.§1692, et seq.
      ("FDCPA")……………………………………………………………………….50

    n. Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA").50-52

    o. Inaccurate Reporting and Scoring………………………………………………52-54

    p. Legal Malpractice………………………………………………………………54-56

X.    PRAYER FOR EQUAL PROTECTION, Relief and Conclusion…………………….56-59

XI.   **DEMANDED FOR JURY TRIAL**………………………………………………......….59

XII.  APPENDIX INDEX……………………………………………………………………59-62

XIII. **CIVIL CASE PROPOSED MANAGEMENT PLAN AND PROPOSED ORDER…**..62

# IV.                    <u>TABLE OF AUTHORITIES AND CITATIONS</u>

<u>*Cases*</u>                                                                                    *Page*

1.   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)…………….......…….…………….......12

1.   Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91

     91, S Ct. 1999 (1971),……………………………………………………….....25,26

1.   Barry S Mittelberg P.A (16-22322, S.D.Fla.2016)……………………………....56

1.   *Barton v. Barbour, 104 U.S. 126, 127 (1881)*…………………………………….7

2.   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) U.S. 544, 555-56 (2007)…...12

2.   Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395 (2d Cir. 1987…..19

3.   Bruner-Halteman v. Educational Credit Management Corporation, Case No.12-324-HDH

     -13, ADV. No. 14-03041 (Bankr. N.D. Tex. 2016)…....................................................19

4.   Brown v. Merrill petal., (9:16-cv-81916)(S.D. Fla 2016)………...……................23

4.   Bryant v. Smith (In re Bryant), 175 B.R. 9 11-12 (W.D. Va. 1994)………………….35

6.   *Carter v. Rodgers,220 F.3d 1249, 1252–53 (11th Cir. 2000)*…………………………7

6.   *Collins et al v. Social Security Administration: (9:20-ap-00488)*………………….55

7.   Education Credit Mgmt. Corp. v. Mosley, 494 F.3d 1320, 1324 (11th Cir.2007)……...19

7.   Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam)………..34

10.  Helman Ins. Corp. v. Cox (In re Cox), 338 F.3d 1238, 1241–42 (11th Cir.

     2003)……………………………………………………………………………19,20

11.  *Iqbal,* 556 U.S. at 679……………………………………………..…..……...…..17

12.  Liteky v United States, 510 U.S.540,548(1994)…………………………………….34

12.  **Local Loan Co. v. Hunt**, 292 U.S. 234, 244 (1934)………………………………...32

6.   Parker v. Connors Steel Co., 855 F. 2d 1510, 1523 (11th Cir. 1998)………………….34

4.   Pugh v Farmers Home Admin, 846 F. Supp. 60, 61 (M.D. Fla 1994)…………….......12

13.  Robin Samuels (9:2021-bk-21475,(2021) (S.D.Fla.2021)………….........…………...55

4.   Strawberry Square Assocs., 152 B.R. 699 (Bankr. E.D.N.Y. 1993)……………….….35

3.   Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)………………….12

16.  Todd Marshall (9:2020-bk-19573, (2020) (S.D.Fla.2020)………….......……………..55

17.    *United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010)*...........................18

## State Cases

18.    Peele v OPENSKY, etal, 19th Circuit, Case No562022SC001747AXXXHC.............15

42.    <u>*Rudd v. Rudd*</u>, *960 So. 2d 885, 887 (Fla. 4th DCA 2007)*.....................................55

44.    *The Florida Bar v. <u>Mittelberg</u>* SC96232, SC00-549, SC05-548 (Fla.2001, 2006).................................................................................24

45.    *The Florida Bar v. Dawson*, 318 So.2d 385 (Fla.1975),State of FLex rel.................24

46.    *The Florida Bar v. Pintaluga*, FL Supreme Case No.SC13-1021,FL Bar File No. 2013-50,648(15).......................................................24

47.    The *Florida Bar v. Roberto*, 59 So. 3d 1101 (Fla. March 3, 2011),.........................24

48.    The Florida Bar v. Rogowski, 399 So. 2d 1390, 1391 (Fla. 1981).........................24

49.    *The Florida Bar v. Rhubottom, 132 So. 2d 395(Fla. 1961)*.................................24

50.    *The Florida Bar v. Rue, 643 So. 2d 1080, 1082-83 (Fla. 1994)*.........................24

51.    *The Florida Bar v. Suprina, 468 So. 2d 988, 989(1985)*,...................................24

52.    *The Florida Bar v. Wooten, 452 So. 2d 547, 548 (Fla. 1984)*.......................24

53.    The Florida Bar Rule 4-1 8(e).................................................................24

## Statutes

5.    AMERICANS WITH DISABILITES ACT(ADA) OF 1990..........................25,43

5.    Administrative Procedure Act (APA)...................................................25

5.    Bankruptcy Act 1966..................................................................44

5.    CARES ACT, Section § 3513(c)......................................................13

5.    CARES ACT, Section § 4022(b)(1)...................................................13

5.    Florida Statute XXIX Chapter 385.206(3)...........................................43

5.    Florida Consumer Collection Practices Act, Fla. Stat § 559.55, et seq.("FCCPA")...25,49

6.    Florida Deceptive and Unfair Trade Practices Act,("FDUTPA)............................25

7.    Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA").............25,49

8.    Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA")........................25,36

6.    Federal Tort Claims Act ("FTCA").....................................................25

9.    Financial Privacy Act of 1978The Right to Financial Privacy Act of 1978...............23

10.   Florida Small Claims Rule 7.010(b)..............................................................26

11.   Fla. Stat. 501.202(2).............................................................................49

12.   Fla. Stat. 47.011 et seq..........................................................................26

13.   Fla. Stat. 47.051.................................................................................26

14.   Florida Rule of Civil Procedure 1.440..........................................................26

15.   Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B)..............

16.   HEA, 20 U.S.C. §§ 1070-1099....................................................................4

16.   HIPPA ACT OF 1996.............................................................................4,43

16.   15 U.S.C. §1692k................................................................................26

17.   15 U.S.C.§1681a(f)..............................................................................26

17.   20 U.S.C. § 1095a(a)(5).........................................................................20

17.   34 C.F.R. §§ 30.22(d)...........................................................................21

17.   34 C.F.R. § 682.402(h)(1)(i)(A).................................................................21

17.   34 C.F.R. § 682.402(n)(1).......................................................................21

17.   31 U.S.C. § 3716; 31 U.S.C. § 3720A; 31 U.S.C. § 3720D.........................................20

18.   28 U.S.C. § 129.................................................................................26

18.   28 U.S.C. §§1331................................................................................21

18.   28 U.S.C. §1337.................................................................................21

18.   28 U.S.C. §1346.................................................................................26

18.   28 U.S.C. §1367.................................................................................26

18.   28 U.S.C. § 1391................................................................................26

55.   Specific Relief Act 1877 Section 51............................................................17

56.   Specific Relief Act, 1877. Section 54..........................................................17

57.   Specific Relief Act 1877 Section 55............................................................17

87.   The U.S. Constitution, Amendments *1st,2nd,4th,7th, 8th and 14t*h.......................30,33,35

**Other Authorities and Publication**

19.   *Revered, Dr. Martin Luther King*, Constitutional Activist .............................56

## V.   LEGAL STATEMENT

1. In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) U.S. 544, 555-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint or in this case the pleadings, are true (even if doubtful in fact)."). There must be sufficient factual matter to state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. ("Where a complaint or in this matter a pleading pleads facts that are merely consistent with a Counter defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (quotation marks omitted).

2. "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, they still must meet "**minimal**" Pleading standards. Pugh v Farmers Home Admin, 846 F. Supp. 60, 61 (M.D. Fla 1994)

3. This Court has original jurisdiction over this action and supplemental jurisdiction pursuant to certain Federal Statutes. At all material times, the Defendants disguised as Creditors committed these unlawful violations under the color of Federal and State law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of the Reorganizers human, safety, and property rights. These constitutional law violations are "capable of repetition, yet evading review.

## VI.   FACTUAL ALLEGATIONS AND BACKGROUND

4. On March 27, 2020, Congress passed, and President Trump signed into law the CARES Act. See Pub. L. No. 116–136, ___ Stat. ___ (2020).  In order to protect vulnerable borrowers and ease the financial burden of COVID-19 on their families, Congress swiftly enacted special protections for borrowers who have student loans held by the Department of Education.

5. Among these protections was automatic relief from repayment obligations, under Section 3513(b) of the CARES Act that immediately suspended all payment obligations on loans held by the Department of Education through August 31, 2022. Section 3513(c) also halted all accrual of interest during that same period.  In addition, The CARES Act does not "defer" borrowers' payment obligations. Instead, the Act relieves borrowers from the obligation to pay completely, charging no interest during the specified period and directing the Secretary of Education to "deem each month for which a loan payment was suspended under this section as if the borrower of the loan had made a payment. . . ."

6. The functional result of the CARES Act is that the federal government is paying interest on student loan borrowers until August 31, 2022. The provisions of the CARES Act that pertain to loans held by the Department of Education have provisions that relate to relief for student loan borrowers that is automatic and applies to all borrowers, regardless of whether the borrower has been affected in any way by COVID-19. The cessation of repayment obligations for loans held by the United States Department of Education is automatic and applies to all borrowers. Compare § 3513 ("The Secretary of Education shall suspend all payments . . . .") with § 4022(b)(1) (allowing consumers to make a "request" for relief) (emphasis added).

7. This is an action for damages that exceeds $8000.01, but does not exceed $15,000.00 per count, per defendant.

8. Plaintiff's Tamiko N Peele and TAMIKO N PEELE are authorized to conduct business in Florida.

9. Defendant's *EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY and NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* Program are not authorized to conduct business in Florida, However THE UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBIN R WEINER P.A., ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA, and CLIFFORD J WHITE III, DOES 1-3 inclusive, and the Student Loan Program (SLP), THE UNITED STATES OF AMERICA INC., through it's SOCIAL SECURITY ADMINISTRATION PROGRAM, it's Cooperative Disability Investigations Program (CDI), and it's Social Insurance Administrators VELMA T BLAINE, JAMES PEAVY, ANTONIO MIGUEL QUINONES, DOES 1-11 inclusive, THE UNITED STATES OF AMERICA INC., through it's UNITED STATES POSTAL SERVICE INC., it's Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive, THE FLORIDA BAR, Erik P Kimball a/k/a ERIK P KIMBALL,ROBIN R. WEINER, P.A., it's President ROBIN R WEINER and it's staff attorney JOANNA PIZZARELLO, MATTHEW GIRARDI and DOES 1-3 inclusive in their individual and official Capacity of ROBIN R. WEINER, P.A, Barry Steven Mittelberg, OZMENT LAW, P.A., it's President Drake Ozment, Kenneth Drake Ozmentin, SHAWDE & EATON, P.L., and it's MGRM JOHN D EATON, THE UNITED STATES DEPARTMENT OF EDUCTION, through, it's FEDERAL FAMILY EDUCATION PROGRAM (FFELP), it's FEDERAL OFFSET UNIT

Acct#1274983 and Account#22395475, EDUCATION CREDIT MANAGEMENT CORPORATION a foreign non-profit Minnesota corporation, d/b/a ECMC, AS SUCCESSOR IN INTEREST TO WELLS FARGO EDUCATION FINANCIAL SERVICES, INC and it's officer KERRY KLISH, JANICE HINES, DOES 1-3 inclusive, TRANSITIONAL GUARANTY AGENCY, Account FFEL Consolidated and U.S. Currency Debt Notes of $14,713.00, THE STATE OF FLORIDA INC., through it's FLORIDA DEPARTMENT OF EDUCATION OFFICE OF STUDENT FINANCIAL ASSISTANCE(OFSA) and agents, AMY CAR, LOU ANNE STANDLEY and SHARON KALICKI, NELNET, INC., through it's "NELNET TOTAL & PERMANENT DISABILITY" Program, Acct#1274983 and DOES 1-3 inclusive in its official and individual capacity of NELNET, INC., WELLS FARGO EDUCATION FINANCIAL SERVICES, INC., Acct#1274983 and Account#22395475, EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LL, are authorized to conduct business in Florida.

10. Venue is proper as the Events are taking place within Sanit Lucie County.

### *1. The Tyranny Confirmation Fix, Ambush By Trial That Creates Financial Genocide*

11. On or about the 6th of June 2022, the Tamiko N Peele and TAMIKO N PEELE filed a lawsuit against OPENSKY Card Services, OPENSKY, a Division of Capital Bank, N.A. d/b/a CAPITAL BANK, N.A. and CAPITAL BANCORP, INC., as to a rescinded and cancelled agreement under case 562022SC001747AXXXHC, Soon thereafter the Defendant Parties proceeding to Report back dated loans that were discharged, previously disputed and resolved as of the 18th of June 2017.  This was done as to the, July 17, 2020 Erik P Kimball ordered that the ECMC and their affiliated claim be disallowed, stricken and objection sustained. Soon thereafter on or about August 13, 2020 The United States Department Of Education d/b/a ECMC through Counsel *John Eaton* filed a Motion to Vacate and Motion for Rehearing. After three

continuances and no rehearing. *See("Exhibit"F-G",Volume I, App.116-118) and*

*("Exhibit"I",Volume I, App.125-138)*

    12. The John Eaton, Kevin Drake Ozment and the Ozment Law Firm without consent and knowledge of Tamiko N Peele filed an agreed order after Confirmation agreeing to allow the Tamiko N Peele to incur and additional Debt claim to be a Unsecured priority creditor with payment standing  The Chapter 13 Trustee, John D Eaton, and Ozment Law P.A.  actions of the parties involved was grossly improper as the Controlling Opinions was already rendered and the Tamiko N Peele **"never"** requested for any agreements that was presented to the Court. *Tamiko N Peele loan application was approved and discharged Before the filing of the Bankruptcy Protection. See("Exhibit"L",Volume I, App.196-233)* After taking legal action against ACS, PHEAA and several other credit agencies On or about June 2015 the Tamiko N Peele, Discharge application was approved Within the 3-year period the Tamiko N Peele completed the yearly review forms that was sent from Nelnet Inc and the Department of Education. Once the 3-year expired Nelnet/US Department of Education proceeded to report to the Credit agencies as to account closed and paid as agreed, however never sent the documentation to the Internal Revenue regarding the discharge.

    13. Peele was instructed by counsel at the time to wait for an additional tax cycle and then contact the Nelnet/The Department of Education regarding the discharged paperwork and the information that would be sent to the Internal Revenue Service. Instead of answering the mailing, correspondences and emails, the party changed the Tamiko N Peele address to Barry S Mittelberg address, reported slanderous, malicious statements to the Credit Reporting agencies, The Social Security Administration, Internal Revenue and without notice just proceeding to seize Social Security Disability payments *See("Exhibit"M-N",Volume I, App.23-235)*  After a Cease

and Desist, the Tamiko N Peele filed for Chapter 13 bankruptcy protection, the U.S Department of Education through its SSA have continued to Seized monetary and is currently seizing the entire payments in an attempted to ensure that the Tamiko N Peele and heirs are not successful in completing any plan, When the Attorney of Record was placed on notice to Protect Interest, the only interest that was protected was the creditors.

14. Florida Small Claims Court is a fact pleading system, not notice pleading. The Parties used The Appellant's Tamiko N Peele Presented Evidence as a "New Application" to use as a Fishing Discovery Procedure" as to the relevance of the claims and defenses for affidavit and the sole purpose of developing new claims or defenses for a Rehearing which is grossly improper and unethical. The U.S. Department of Education d/b/a ECMC through Counsel John D Eaton, Kenneth Drake Ozment and the Chapter 13 trustee factual assertions must be "entitled to the assumption of truth," *Iqbal,* 556 U.S. at 679, so facts alleged "on information and belief" don't count. *See Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018)

15. Permanent or Perpetual Injunction is regulated by Section 51 of Specific Relief Act, 1877. Section 54 of the Specific Relief Act, 1877, Mandatory Injunction: It is regulated by Section 55 of Specific Relief Act 1877 when the performance of contract is necessary, and breach of trust or breach of an obligation is object so the court may grant a Mandatory Injunction for prevention of Breach Complained, a Mandatory and or Interlocutory Injunction(s) may be granted by the court on the following grounds:(a) Where the court is of the opinion that the interest of justice so requires.(b) Where the defendant is trustee of the property for the plaintiff.(c) When the defendant invades or threatens to invade the plaintiff's right to, or enjoyment of, property in which Contracts which may specifically be enforced; and Contracts which cannot specifically be enforced. (d) Where the defendant is trustee of the property for the

plaintiff(e) Where any disputed property in a suit is in danger of being wasted, damaged or alienated by any party to the suit, or wrongfully sold in execution of a decree or;(f) Where the defendants threaten, or intends to remove or dispose of the property with a view to defrauding his creditors; or (h) Where the defendant is about to commit a breach of contract, or other injury of any kind;(i )Where the defendants threaten to dispossess the plaintiff or otherwise cause injury to the plaintiff in relation to any disputed property in the suit; *In: United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010)*

16. The United States Department of Education d/b/a Nelnet Inc., and ECMC with Counsel John D Eaton Can Not continue to grossly Abuse the Bankruptcy Act Process, while getting rewarded through False Claims that were Discharged Before any Bankruptcy Filings. In Addition, The United States Department of Education d/b/a Nelnet Inc., and ECMC with Counsel John D Eaton has made a consequence effort to Report Negative malicious Defamatory to All Four Credit reporting Agencies even after The Loans were Discharged and Executive Order, causing the Appellant's Refinance, Inspection and Closing Date to be on Hold, abuse the process, not show up to hearing and delay proceeding that have greatly harmed and continue to harm the Tamiko N Peele. At the advice of counsel the Tamiko N Peele was instructed to fill out another application only to later find out that that the application was only initiated so he could gain new evidence, Demand that a New social security evaluation be Completed that allowed fabricated information to gain additional medical information in violating of HIPPA procedures and current legal litigations to give the SSA, The State of Florida and others in an attempt to strip the Tamiko N Peele from her fresh start. A debtor may obtain a discharge of government-sponsored student loan debts only if failure to discharge that debt would impose an "undue hardship" on the debtor and his dependents, Pursuant to Section §523(a)(8) revised in 2005; *See*

*Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 3 Case: 16-12884

In additional an individual debtor like "Peele" may not discharge her student loans through bankruptcy unless she can show that repayment would cause her ***"undue hardship."*** 11 U.S.C. § 523(a)(8) *See("Exhibit"Q", App.265-290)*

17. However, The Peele bears the burden of proving each prong of the Brunner test by a preponderance of the evidence. *Education Credit Mgmt. Corp. v. Mosley, 494 F.3d 1320, 1324 (11th Cir.2007).The term "undue hardship" is not defined in the Bankruptcy Code. To guide courts' analysis, this circuit has adopted the test set out in Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395 (2d Cir. 1987) (the "Brunner test"). See Helman Ins. Corp. v. Cox (In re Cox), 338 F.3d 1238, 1241–42 (11th Cir. 2003).* Under the Brunner test, a debtor is entitled to discharge of her student debts if she proves all of the This three-prong test looks at three different time periods. following:(1) The First Argument focuses on the present ability of the Peele to repay the debt: That the debtor cannot maintain, based on current income and living expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;

18. (2) The Second Argument looks to the future to determine the unlikelihood that the debtor could become able to repay the loan. That additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) Lastly, The Third Argument, looks to the debtor's past conduct to determine whether her actions in the past have manifested a good faith effort to repay that which she owes That the debtor has made good faith efforts to repay the loans. Brunner, 831 F.2d at 396. Walker and Peele have been Fully adjucated with opinion as to Full benefits and Privileges by the United States of America Corporation trough it's Social Security Administration Program.

*See("Exhibit"K", App.166-167)* See Helman Ins. Corp. v. Cox (In re Cox), 338 F.3d 1238, 1241–42 (11th Cir.2003)

19. *The United States of America Inc., through its Department of Justice Trustee Program, it's Social Security Administration Program, it's Department of Education and it's collectors EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY and NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* has grossly abused its collection powers, as when a FFEL or Direct Loan borrower, loans have been discharged any defaults ceases on that student, as The Parties can't then unlawfully Reinstate an approved Discharged alleged Loan(s) and unlawfully seize and garnish Social Security Administration privileges and benefits through federal tax refunds to collect on a Stale federal student loan. See 31 U.S.C. § 3716; 31 U.S.C. § 3720A; 31 U.S.C. § 3720D.

20. When *The United States of America Inc., through its Department of Justice Trustee Program, it's Social Security Administration Program, it's Department of Education and it's collectors EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY and NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* invokes one of these powers, it must provide the former borrower with notice and the opportunity to request a hearing to contest the debt. See 20 U.S.C. § 1095a(a)(5); 34 C.F.R. §§ 30.22(d); see also U.S. Const. Amend. V.  This was never done as to the . *The United States of America Inc., through its Department of Justice Trustee Program, it's Postal Service and it's Department of Education and it's collectors NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* changed the  former borrower address and proceeded to mail correspondence to the Barry Steven Mittelberg in which he never returned nor presented the mailing to the Plaintiff even after correspondences, which required any such objection to the enforceability of the debt to be adjudicated quickly. *See("Exhibit"N",Volume I, App.235)*

21. *The United States of America Inc., through its Department of Justice Trustee Program, it's Social Security Administration Program, it's Department of Education and it's collectors EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY and NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* requires that a timely objection to the validity of a debt raised in response to a notice of proposed wage garnishment be decided "not later than 60 days after the date on which [the Department] received the request for hearing." 34 C.F.R. § 34.16(a)., that procedure was grossly ignored,  delayed and or denied. The Parties have a common occurrence of obstruction, destruction and delaying the Plaintiff's mailing and certified slips as well.

22. *The United States of America Inc., through its Department of Justice Trustee Program, it's Social Security Administration Program, it's Department of Education and it's collectors EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY and NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"*, as 34 C.F.R. § 682.402(h)(1)(i)(A) (guaranty agency must review death, disability, and bankruptcy claim and make payment within 45 days after a claim is filed by the lender); 34 C.F.R. § 682.402(n)(1) (guaranty agency must review unpaid refund claim no later than 45 days after a properly filed request).

23.  In addition, *The United States of America Inc., through its Department of Justice Trustee Program, it's Social Security Administration Program, it's Department of Education and it's collectors EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY and NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* , must follow certain requirements before reporting the borrowers' debt to a consumer reporting agency.  For Direct Loan borrowers, the Master Promissory Note provides that , *The United States of America Inc., through its Department of Justice Trustee Program, it's Social Security Administration Program, it's*

*Department of Education and it's collectors EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY and NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* "will report accurate information about loan to the Four(4) nationwide consumer reporting agencies (commonly known as credit bureaus) on a regular basis."

24. It further informs that if a borrower defaults on the loan, he/she "will be given a chance to ask for review of the alleged debt before , *The United States of America Inc., through its Department of Justice Trustee Program, it's Social Security Administration Program, it's Department of Education and it's collectors EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY and NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* report[s] it, that Administrative Act was never done and therefore relief is being requested.

**2.*The Florida Bar's Oath that creates a governing body that allows the Rule of Law to Cease***

25. Peele believes that the acts and actions in a retaliatory form is being done to cancel the Barry Mittelberg bankruptcy Fraud, Kimball's Financial Interest with Liberty Mutual Holdings and Wells Fargo, Insurance Bad Faith, Intrinsic and Extrinsic Fraud, Forgery of Bank Documents and the Discharged of The Student Loans as to bringing these matters up in Bankruptcy proceedings and dismissing the Appellate Lawsuits. Kimball's with unlawful intent is using the Court and his jurisdictional oath to discredit, impede, obstruct and do away with the Defendant's Criminal Behaviors as to Kenneth Drake Ozment relations ship with Trustee office staff GIRARDI and VISNOVSKE that caused for Barry Steven Mittelberg Bankruptcy Fraud matters to be swept under the rug and the Plaintiff tax returns to be tampered with and discard in regarding the pending investigations.

26. When **USDC Judge Paul G. Hyman, States…*"You're committing malpractice with***

*your clients. If one of them come in here, I'm going to tell them to sue you. And I will put on the record, you are committing malpractice with your clients"*, further more shows that even after countless Legal Malpractices, The parties in question has continued to spawn over a decade of financial genocide with the consent of The Florida Bar. *See (Exhibit "S", Volume I, App.301-302)*

27. Kenneth Drake Ozment, Sovathary Keley Jacobson, Ozment Law have Colluded with willful intent with The United States Social Security Administration through their policies and procedures assisted Creditors, Debtors, Representatives, The State of Florida, Judicial Officers, Officers of the Court, Insurance Carriers, Bankers by way of Florida Bar members Kenneth Drake Ozment, Sovathary Keley Jacobson, Ozment Law, Barry Steven Mittelberg, have Grossly Violate the Automatic Stay, to ensure a Dismissal and Non-Discharge, *See (Exhibit "Bz", App.1083-1110, Tab 17)* while forfeiting that allocation of wealth and assets. *See Brown v. Merrill etal., 9:16-cv-81916.*

28. In Fact, on or about 2014 Kenneth Drake Ozment and Partner was sued and just recently settled a Legal Malpractice for the similar acts and actions that the Kenneth Drake Ozment and his firm have taken in the reorganizers Pleadings. See **Financial Privacy Act of 1978 (RFPA**; codified at 12 U.S.C. ch. 35, § 3401 *et seq.*) and Financial Institutions Regulatory and Interest Rate Control Act of 1978. In fact, the Mortgage Modification Mediation Program was nothing but a deploy to Milk the Appellant's for an additional cost without The Courts' approval, gaining financial records while seizing the allocating of wealth and assets through a "AUCTION" Ponzi scheme with no Recourse or duress.

29. Florida courts have consistently upheld the prohibition against financial assistance to litigation clients as plainly expressed in Rule 4-1.8(e). *See The Florida Bar v. Roberto*, 59 So. 3d

1101 (Fla. March 3, 2011) (suspending lawyer for one year for, among other violations, giving money to criminal clients); *The Florida Bar v. Rue*, 643 So. 2d 1080, 1082-83 (Fla. 1994) (suspending lawyer for 91 days for, among other things, providing improper financial assistance to clients in violation of the rule); *The Florida Bar v. Suprina*, 468 So. 2d 988, 989 (Fla. 1985) (ordering public reprimand for lawyer who improperly advanced loans to clients); *The Florida Bar v. Wooten*, 452 So. 2d 547, 548 (Fla. 1984) (ordering public reprimand of lawyer for advancing $20,000 to personal injury client for medical bills, maintenance, and support, which was secured by promissory notes and to be repaid from any recovery); *The Florida Bar v. Rogowski*, 399 So. 2d 1390, 1391 (Fla. 1981) (suspending lawyer for 60 days for, among other things, advancing money to clients in connection with pending litigation that were not expenses of litigation) *The Florida Bar v. Dawson*, 318 So. 2d 385 (Fla. 1975) (disbarring lawyer for, among other things, repeatedly advancing money to his clients for purposes unrelated to the litigation); *State of Florida ex rel. The Florida Bar v. Rhubottom*, 132 So. 2d 395 (Fla. 1961) (suspending lawyer for 12 months for, among other things, advancing living expenses to litigation client). The Plainitff's are here to redress the grievance and seek Relief through Restitution.

## VII. JURISDICTION AND VENUE

30. This is a Bivens Claims, Civil Rights, Damages and Incidental Relief action in excess of $ *8000.01 not exceeding $15000.00 Per Defendant Per Count* for Bivens Claims, Civil Rights Violations, Damages, as well as other claims and counts, arising from a pattern of Unlawful, abusive, constitutional rights abuse that have led to harassment and gross violating of the Plaintiff's constitutional rights, that is continuing through various illegal acts perpetrated by defendants from that time through the present. Plaintiff Peele and Walker sues each and every

Defendant individually , Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), Federal Tort Claims Act ("FTCA"), Administrative Procedure Act and alleges violations of the AMERICANS WITH DISABILITES ACT OF 1990, HIPPA ACT OF 1996, 18 U.S. CODE § 83-Postal, Service, Breach of Invalid Contract, Fair Debt Collection Practices Act, 15 U.S.C. §§1692e(2), 1692e(5), 1692f(1), 1692f(6) ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), Florida Deceptive and Unfair Trade Practices Act, ("FDUTPA")., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA"), Damages. In addition, Peele and Walker Plaintiff sues the individual named defendants, and other, as of yet unidentified federal agents and employees of the Defendants.

31. This Court has subject matter jurisdiction over the Plaintiff and Defendants (Collectively, the "Parties"). Because the causes of action arise within the jurisdiction of this Court and, thus, venue and jurisdiction are proper. In addition, this Court has personal Jurisdiction over the Defendants because Defendants are operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within St. Lucie County, Florida.

32. The amount in controversy is greater than $8000.01, but does not exceed $15000.00, per Defendant, Per Count, exclusive of Punitive Damages, costs, interest, expenditures, and such other relief as the Court deems just, equitable and appropriate and is otherwise within this Court's jurisdiction.

33. In Addition this Court had concurrent Jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k as Venue in this District is proper because Venue of this action is proper in this Court because, pursuant to Fla. Stat. 47.011 et seq, and Fla. Stat. 47.051 the cause

of action alleged below arose in St Lucie County, Florida as the Plaintiff's resides here and Defendant acts and actions occurred or are occurring within the jurisdiction into Saint Lucie County, Florida. In addition, This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1346(b) as Plaintiff Peele and Walker brings claims against agents, servants, and employees of each Defendant; and other governmental agents, servants, and employees acting within the scope of their agency and employment under the Fourth and Eighth Amendments to the United States Constitution pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971).

34. The Plaintiff's filed a timely claim for damages against "all" Defendant pursuant to 28 U.S.C. § 1346(b), to which Parties has yet to respond. Pursuant to 28 U.S.C. § 1391, venue lies in this district because the overwhelming majority of the acts and omissions alleged herein occurred in the District of Florida. All Conditions precedent to bring this cause of action, if any have been performed, waived, and or satisfied as this action for damages does not exceed the jurisdictional amount pursuant to Florida Small Claims Rule 7.010(b). *(See("Exhibit"K",Volume I, App.166-195)*

## VIII. **PARTIES**

35. Plaintiff Tamiko N Peele, are nature person, and are citizens of the State of Florida, residing in St. Lucie County, Florida

36. Plaintiff TAMIKO N PEELE, are a Fictitious Person and Strawman created by thru The State of Florida Inc., through a Birth Certificate Contract, Social Security Contract and a Driving License Contract, and are operating through Interstate commerce in which this Alleged Contract is based on out of the State of Florida Inc.,

37. Defendant(s) THE UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13

TRUSTEE, ROBIN R WEINER P.A., ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA, and CLIFFORD J WHITE III, DOES 1-3 inclusive, and the Student Loan Program (SLP), is/are a resident of the District of Washington, D.C. and is sui Juris.

38. Defendant(s) THE UNITED STATES OF AMERICA INC., through it's SOCIAL SECURITY ADMINISTRATION PROGRAM, it's Cooperative Disability Investigations Program (CDI), and it's Social Insurance Administrators VELMA T BLAINE, JAMES PEAVY, ANTONIO MIGUEL QUINONES, DOES 1-11 inclusive and in their official and individual capacity is/are a resident of the District of Washington, D.C. and is sui Juris.

39. Defendant(s) THE UNITED STATES OF AMERICA INC., through it's UNITED STATES POSTAL SERVICE INC., it's Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual Capacity is/are a resident of the District of Washington, D.C. and is sui Juris.

40. Defendant(s) THE FLORIDA BAR, and its members Erik P Kimball#131334, Barry Steven Mittelberg#396567, Drake Ozment#844519, and Keley Jacobson #102200, in their official and individual capacity is/are a resident of Tallahassee, Florida.

42. Defendant(s) Erik P Kimball and ERIK P KIMBALL, a Florida Bar Lawyer and Judge in his individual and official capacity is/are a resident of JUPITER, FL.

42. Defendant(s) ROBIN R. WEINER, P.A., it's President ROBIN R WEINER, it's staff attorney JOANNA P TEMPONE, PAUL S VISNOVSKE,MATTHEW GIRARDI and DOES 1-3 inclusive, in their individual and official Capacity is/are a resident of PLANTATION, FL.

43. Defendant(s) OZMENT LAW, P.A., it's President DRAKE OZMENT and Kenneth Drake Ozment a Florida bar Lawyer in their official and individual capacity is/are a resident of

27

WEST PALM BEACH, FL.

44. Defendant(s) SHAWDE & EATON, P.L., and it's MGRM JOHN D EATON, in their official and individual capacity of SHAWDE & EATON, P.L., is/are a resident of WESTON, FL

45. Defendant(s) Barry Steven Mittelberg and BARRY STEVEN MITTELBERG, a Florida Bar Lawyer in his individual and official capacity is/are a resident of PARKLAND, FL.

46. Defendant(s) THE UNITED STATES DEPARTMENT OF EDUCTION, through, its FEDERAL FAMILY EDUCATION PROGRAM (FFELP), its FEDERAL OFFSET UNIT Acct#1274983 and Account#22395475 in their Individual and official capacity is/are a resident of Washington, DC and is sui Juris.

47. Defendant(s) EDUCATION CREDIT MANAGEMENT CORPORATION., a foreign non-profit Minnesota corporation, d/b/a "ECMC EDUCATION, INC"., AS SUCCESSOR IN INTEREST TO WELLS FARGO EDUCATION FINANCIAL SERVICES, INC and it's officer JEREMY WHEATON, DANIEL FISHER and KERRY KLISH, in their official and individual capacity is/are a resident of Minneapolis, MN.

48. Defendant(s) TRANSITIONAL GUARANTY AGENCY, FFEL Acct#22395475/ Acct#1274983, and U.S. Currency Debt Notes of $14,713.00 is/are a resident of Minneapolis, MN.

49. Defendant(s) THE STATE OF FLORIDA INC., through its FLORIDA DEPARTMENT OF EDUCATION OFFICE OF STUDENT FINANCIAL ASSISTANCE(OFSA) and agents, AMY CAR, LOU ANNE STANDLEY and SHARON KALICKI, in their individual and official Capacity of THE STATE OF FLORIDA INC., is/are a resident of Tallahassee, Florida,

50. Defendant(s) NELNET TOTAL & PERMANENT DISABILITY., d/b/a "NATIONAL EDUCATION LOAN NETWORK, INC." is/are a resident of Minneapolis, MN 55401.

51. Defendant(s) WELLS FARGO EDUCATION FINANCIAL SERVICES, INC., d/b/a "WELLS FARGO BANK, N.A." is/are a resident of TALLAHASSEE, FL

52. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. **is located**, with its principal place of business located in Cosa Mesa, CA, EXPERIAN INFORMATION SOLUTIONS, INC, is a nationwide Consumer Reporting Agency("CRA") within the meaning of 15 U.S.C.§1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.

53. Defendant TRANS UNION LLC, **is located**, with its principal place of business located in, Chester, PA. TRANS UNION LLC, is a nationwide Consumer Reporting Agency("CRA") within the meaning of 15 U.S.C.§1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.

## IX.   <u>CAUSES OF ACTION</u>
### <u>Count I</u>
a. <u>*Bivens Claim- Conspiracy to Violate Plaintiff's Constitutional Rights against All Defendants*</u>

54. Plaintiff incorporated and realleges paragraph 1-53. By the Erik P Kimball through Defendants persecution misconduct and using The USDC Bankruptcy Court of Florida Southern Division as a weaponized arena that allows *"certain"* parties of the court to be lawlessness, while altering, amending and bypassing the Rule of Law, silenced through *judicial nullification* to

ensure the Unclean Hands Doctrine can be and their acts and actions in ignoring, delaying and denying the Plaintiff's Appellate Due Process through Administrative Policies and Procedures while obstructing and destroying the access to mailings, while using, the SOCIAL SECURITY ADMINISTRATION, Cooperative Disability Investigations Program (CDI), and The Florida Bar policy and procedures as to Depositions that subject the Plaintiff's to abusive "increased surveillance," each individual Defendants conspired, and acted in concert with each other, to deprive each Plaintiff of their constitutional rights. The conspirators engaged in covert acts in furtherance of the conspiracy, including but not limited as alleged.

55. Each Defendants further conspired to engage in abusive behavior towards the Plaintiff's to enable such abusive behavior by others, and to cover up the Bankruptcy Fraud, Insurance Bad Faith, The Rescinded Agreements, Certified Missing Mailing along with the Officers of the Court unlawfully behaviors before and after the fact. The conspiracy targeted and harmed the Plaintiff's rights as protected under the *Fourth, Eighth, and Fourteenth Amendments*. Each Defendants is liable to each Plaintiff under Bivens Claims for the damages the Plaintiff have and are continuing to sustained, as alleged herein, including but not limited to compensatory damages for medical bills, pain and suffering, humiliation, emotional distress and loss of enjoyment of life, and punitive damages against each individual defendant in an amount according to proof. *See (Exhibit"A-U, Volume I, App.1-367)*

56. Where the Bivens Claim- Conspiracy to Violate Plaintiff's Constitutional Rights, that is resulting in damages must be paid to the aggrieved party by the party violating the Cause of Action. WHEREFORE, Plaintiff's Walker, WALKER, Peele and PEELE demands judgment against each Defendants, in an amount in excess of $8000.01 but not more than $15000.00 per

count, exclusive of Punitive damages, interest, costs, legal fees and such other relief the Court deems just, equitable and appropriate.

### *Count II*

a. *Bivens Claim- Deliberate Indifference to Plaintiff's Constitutional Rights –against All Defendants and DOES*

57. Plaintiff incorporated and realleges paragraph 1-56. THE UNITED STATES OF AMERICA INC., through its DEPARTMENT OF JUSTICE TRUSTEE PROGRAM AND THE ERIK P KIMBAL VIOLATED ITS OATH OF OFFICE AND PLEGDE OF EXCELLENCE, as to the oath this court took when it assumed office: ""I _____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all duties incumbent upon me as _____ under the Constitution and laws of the United States. So, help me God." In addition, the "Standing Trustees is committed to excellence and to providing a high level of trust and service to chapter 13 debtors and creditors. Creditors, debtors, attorneys, judges and others who come into contact with Standing Trustees are entitled to service which adheres to the highest standards of professional, moral and ethical conduct. The trustee's office should be open and operating Monday through Friday during regular business hours. The trustee should have a system in place to promptly respond in a meaningful manner to inquiries from debtors, creditors, attorneys, and other interested parties. If the trustee is not personally available, the trustee should have competent staff available to assist or to respond to inquiries. The trustee should work to ensure that debtors comply with their obligations under the Bankruptcy Code and Rules. The trustee should work to ensure that debtors comply with the provisions of their plan and should take appropriate action if the debtor fails to commence plan payments when required or if there is a subsequent default in plan performance. The trustee should maintain a system which

efficiently tracks the progress and the receipts and disbursements in every chapter 13 case, from the time it is filed until the case is closed. The trustee should have a system to timely and accurately record all receipts and disbursements on the appropriate debtor ledger. The trustee should disburse plan payments to creditors on a monthly basis, and should have procedures in place to properly classify and pay creditors' claims and to detect and recover any erroneous payments. The trustee should ensure that all trust account ledgers and accounts are balanced on a monthly basis and should have a procedure to regularly review all cases with significantly large balances on hand or other fund irregularities. The trustee should maintain a reasonably comprehensive system of internal controls over accounting and office operations, both paper and electronic, to safeguard estate assets and trust funds." *See("Exhibit"T",Volume I, App.303-330)*

58. Each Party collectively conspired to have the Plaintiff Discharged Student Loans Reinstated through an unauthorized stipulated order in which the Plaintiff's never gave Kenneth Drake Ozment, Keley Jacobson authority to stipulate any agreement with the John Eaton, ECMC and the Department of Education. By their actions in permitting the Defendants acts and actions as to the Plaintiff Discharged Federal School Loans to be reinstated through Stipulated Order constitutes in unlawful conditions, knowing that such deprivations violated the Plaintiffs constitutional rights, each Defendants individually acted with deliberate indifference to Plaintiff's constitutional rights. The Defendants further knowingly enabled and were indifferent to the acts of others, specifically, other Defendants' bias discriminatory abusive behavior towards Plaintiff. *See **Local Loan Co. v. Hunt**, 292 U.S. 234, 244 (1934)*

59. Such deliberate indifference targeted and harmed Plaintiff's rights as protected under the *Fourth, Eighth, and Fourteenth Amendments*, as described in detail herein. 86. The individual Defendants are liable to Plaintiff under Bivens for the damages Plaintiff sustained, as alleged

herein, including but not limited to compensatory damages for, WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendants, in an amount in excess of $8000.01 but not more than $15000.00 per count, exclusive of Punitive damages, interest, costs, legal fees and such other relief the Court deems just, equitable and appropriate.

### *Count III*
**a.** *Bivens Claim-* unreasonable searches and seizures/ Fourth Amendment violation *–against All DEFENDANTS and DOES*

60. Plaintiff incorporated and realleges paragraph 1-59. *The Fourth Amendment of the U.S. Constitution enforced the Notion that "each man's home is his castle" In addition it protects against unreasonable searches and seizures wiretaps and other forms of surveillance.* Each Defendants Individually and or collectively have gross violated this amendment. Peele and PEELE have the constitutional right to be secure in her persons, houses, papers, and effects, against unreasonable searches and seizures and shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. The parties have individually and or collectively bypass the Rule of law and become *"lawlessness thugs and goons".* In: *Collins et al v. Social Security Administration: (9:20-ap-00488)* See (Exhibit"A-U, Volume I, App. 1-330) WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendants, in an amount in excess of $8000.01 but not more than $15000.00 per count, exclusive of Punitive damages, interest, costs, legal fees and such other relief the Court deems just, equitable and appropriate.

### *Count IV*
**a.** *Bivens Claim-* Procedural Due Process/Fifth Amendment violation *–against All Defendants*

61. Plaintiff incorporated and realleges paragraph 1-60. On the 1st of July 2022 Erik P Kimball collectively with the defendants used his Court Room to force and or trick the Peele into

saying statements that may free him and co-conspirers from incriminate themselves. Erik P Kimball being a Florida Bar law and pending Judgeship is aware that the Peele shall be held to answer question for his reappointment as to the capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger. nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

61. This Balance of power that was created through the Judicial Branch of the United States of America Inc., was so to avoid the appearance of actual or impartiality bias and or prejudice, In: Liteky v United States, 510 U.S.540,548(1994) and Parker v. Connors Steel Co., 855 F. 2d 1510, 1523 (11th Cir. 1998). When The Peele Filed Appellate review that created an event of jurisdictional significance that confers jurisdiction on the appellate court and divests the trial court of its control over the aspects of the case involved in the appeals. See *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). An Appeal from an order does not deprive the bankruptcy court of jurisdiction over all aspects of the case. *In re Strawberry Square Assocs.*, 152 B.R. 699 (Bankr. E.D.N.Y. 1993). *See (Exhibit"A-E", Volume I, App.1-115).*

63. However, The Erik P Kimball continuously to grossly overreached as he "only" retained jurisdiction when (1) the matters were **"not"** related to the issues involved in the appeal; (2) the order appealed was "***not appealable***" or frivolous; and (3) the court's action would "***aid***" in the appeal. The Hon. Erik P Kimball aiding in the violation of Due Process and Judicial

Overreach assisted *USAA, with Linnes Finney Jr' Claim#7,* United Parcel Service Inc and Kone

Elevator with their Insurance Carrier Liberty Mutual along with U.S. Bank Home Mortgage,

d/b/a U.S. Bank N.A. and their *Carrier Liberty Mutual Holdings, Liberty Mutual Group, with the*

*Barry S Mittelberg' Claim#6* along with Banker Wells Fargo and The United States Of America

through it's Department of Education, it's Social Security Administration Program, and it's

Postal Service Inc., as the *Hon. Erik P Kimball Mortgage Company* and other Business affairs in

relations to the Student Loan Matters that was discharged before Bankruptcy Protections.

See *Bryant v. Smith (In re Bryant)*, 175 B.R. 9 11-12 (W.D. Va. 1994).

    64. On the 15th of July, the 20th of July 2022 and the 1st if July 2022 Erik P Kimball

collectively and individually with Defendants grossly violated this amendment but not limited to,

WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendants, in an

amount in excess of $8000.01 but not more than $15000.00 per count, exclusive of Punitive

damages, interest, costs, legal fees and such other relief the Court deems just, equitable and

appropriate.

### *Count V*

**b.** *Federal Tort-28 U.S.C. § 1346 / Federal Tort Claims Assault, Slander, Defamation, Negligence, Conspiracy (against THE UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBINR WEINER P.A.,ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA, CLIFFORD J WHITE III, DOES 1-3 inclusive, THE UNITED STATES OF AMERICA INC., through its SOCIAL SECURITY ADMINISTRATION PROGRAM, it's Cooperative Disability Investigations Program (CDI), and its Social Insurance Administrators VELMA T BLAINE, JAMES PEAVY, ANTONIO MIGUEL QUINONES, THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual Capacity for THE UNITED STATES POSTAL SERVICE INC.*
    65. Plaintiff incorporated and realleges paragraph 1-64.  The Federal Tort Claims Act

(FTCA) is federal legislation enacted in 1946 that provides a legal means for compensating

individuals who have suffered personal injury, death, or property loss or damage caused by the

negligent or wrongful act or omission of an employee of the federal government. While there are exceptions to what claims may be payable under the FTCA, it generally allows individuals to recover monetary damages from the United States under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the negligent or wrongful act or omission occurred.

66. Peele and PEELE brings this cause of action pursuant to the FTCA, 28 U.S.C. §§ 1346 and 2671 et. seq., for damages caused to Peele and PEELE as a result of being physically assaulted and injured by agents of the United States. The FTCA provides, in relevant part, that the "United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." To initiate a suit against the United States or its agents or employees under the FTCA, a potential plaintiff must file a claim with the appropriate governmental agency within two years of the incident in question. Plaintiff has complied with the procedural requirements of the FTCA. On June 21, 2021, Plaintiff served an additional FTCA claim on Defendant United States by and through Mailing and Emails to the The United States, through the U.S. Department of Justice, U.S. Attorney, has not yet responded to his claim., however Dexter Lee said he would be looking into it and getting back Accordingly, Plaintiff's Complaint complies with the requirements of the. *See("Exhibit"J", Volume I, App.139-165)*

67. By unlawfully refusing to allow access to Due Process, Tampering and obstruction Mail, authorizing the Unlawfully and Seizure of Real and Personal Property to Federal and Local Governmental agencies while denying Reasonable accommodations and speaking slanderous and defamatory orders towards Plaintiff, including but not limited to the July 2022 incidents, described supra, Defendants Kimball and unknown Doe Defendants jointly and in

concert, intentionally, and without justification committed the torts of assault and battery.

68. As a result of Defendants' offensive and harmful physical contact with Plaintiff, Plaintiff suffered damages. Specifically, but not limited to, physical injury and emotional distress. The individual Defendants are liable to Plaintiff under the FTCA for the damages Plaintiff sustained, as alleged herein, including but not limited to compensatory damages for medical bills, pain and suffering, humiliation, emotional distress and loss of enjoyment of life, and punitive damages against the individual defendants in an amount according to proof. FTCA and is timely, WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendants, in an amount in excess of $8000.01 but not more than $15000.00 per count, exclusive of Punitive damages, interest, costs, legal fees and such other relief the Court deems just, equitable and appropriate.

### *Count VI*
c. *Unlawfully Withheld and Unreasonably Delayed Agency Action – APA § 706(1)*

69. Plaintiff incorporated and realleges paragraph 1-68 as if full set forth herein. Defendants individually and or collectively have violated the APA, 5 U.S.C. § 706(1) because they have refused to grant cancel and discharge the Peele's approved application. Defendants have violated the APA, 5 U.S.C. § 706(1) because they have refused to follow the administrative Procedures after the three(3) Year Monitoring Period. Pursuant to the APA, a court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Since at least June 2018, the Department has not granted any borrower defense applications from any class member. Since at least May 2018, the Department has not denied any borrower defense application. Over 158,110 claims remain pending. *See("Exhibit"L",Volume I, App.196-233)*

70. The Department has not brought to conclusion the applications presented to it within a reasonable time, as required by the APA. The Department of Education relies upon information

provided by the Social Security Administration in violation of the Privacy Act." as from 2009 up to and including the 10th of August 2022 have and without consent have obtained financial, medical and assessments, still without cancelling and discharging the Peele's loans due as to the Fully Adjucated Judges order. WHEREFORE, Plaintiff's Peele and PEELE demands, a full and impartial investigation be imitated with judgment against each Defendants, in an amount in excess of $8,000.01 and not more than $15,000 for this count, exclusive of Punitive damages, interest, costs, fees and such other relief the Court deems just, equitable and appropriate.

### *Count VII*

d. *Postal Service-18 U.S. CODE §§ 83-Postal Service;1703 Delay or destruction of mail against THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual Capacity for THE UNITED STATES POSTAL SERVICE INC.*

71. Plaintiff incorporated and realleges paragraph 1-70. The Defendants, being a Postal Service officer or employee, unlawfully secretes, destroys, detains, delays, or opens any letter, postal card, package, bag, or mail entrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any carrier or other employee of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or the Postal Service, shall be fined under this title or imprisoned not more than five years, or both.

72. In addition, when a Postal Service officer or employee, improperly detains, delays, or destroys any newspaper, or permits any other person to detain, delay, or destroy the same, or opens, or permits any other person to open, any mail or package of newspapers not directed to the office where he is employed, without authority, opens, or destroys any mail or package of newspapers not directed to him, shall be fined under this title or imprisoned not more than one year, or both. WHEREFORE, Plaintiff's Peele and PEELE demands, a full and impartial investigation be imitated with judgment against each Defendants, *THE UNITED STATES OF*

*AMERICA INC., through its UNITED STATES POSTAL SERVICE INC., its Postmasters DAVID C.*

*GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for*

*P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie,*

*FL 34953, and DOES 1-3 inclusive in their individual Capacity for THE UNITED STATES POSTAL*

*SERVICE INC.* in an amount in excess of $8,000.01 and not more than $15,000 for this count,

exclusive of Punitive damages, interest, costs, fees and such other relief the Court deems just,

equitable and appropriate.

### *Count VIII*

**d.** *Postal Service-18 U.S. CODE §§ 83-Postal Service;1701 Obstruction of mail against THE*
*FLORIDA BAR, and its members Barry Steven Mittelberg#396567, BARRY STEVEN*
*MITTELBERG, THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL*
*SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY,*
*MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and*
*4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual*
*Capacity for THE UNITED STATES POSTAL SERVICE INC. THE STATE OF FLORIDA INC.,*
*through its FLORIDA DEPARTMENT OF EDUCATION OFFICE OF STUDENT FINANCIAL*
*ASSISTANCE(OFSA) and agents, AMY CAR, LOU ANNE STANDLEY and SHARON KALICKI, in*
*their individual, THE UNITED STATES OF AMERICA INC., through its SOCIAL SECURITY*
*ADMINISTRATION PROGRAM, it's Cooperative Disability Investigations Program (CDI), and its*
*Social Insurance Administrators VELMA T BLAINE, JAMES PEAVY, ANTONIO MIGUEL*
*QUINONES, THE UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES*
*TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBINR*
*WEINER P.A.,ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA,  CLIFFORD J WHITE*
*III, DOES 1-3 inclusive, EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY*
*AGENCY, NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY" THE*
*UNITED STATES DEPARTMENT OF EDUCTION, though, it's FEDERAL FAMILY EDUCATION*
*PROGRAM (FFELP), it's FEDERAL OFFSET UNIT Acct#1274983 and Account#22395475,*
*WELLS FARGO EDUCATION FINANCIAL SERVICES, INC., d/b/a "WELLS FARGO BANK, N.A."*
*AND DOES*

73. Plaintiff incorporated and realleges paragraph 1-72. The Defendants Obstruction of

mailing allows for judgment. When a Person knowingly and willfully obstructs or retards the

passage of the mail, or any carrier or conveyance carrying the mail, shall be fined under this title

or imprisoned not more than six months, or both. *See("Exhibit"M-N",Volume I, App.234-235)*

WHEREFORE, Plaintiff's Peele and PEELE demands, a full and impartial investigation be imitated with judgment against each Defendants, *THE FLORIDA BAR, and its members Barry Steven Mittelberg#396567, BARRY STEVEN MITTELBERGTHE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual Capacity for THE UNITED STATES POSTAL SERVICE INC. THE STATE OF FLORIDA INC., through its FLORIDA DEPARTMENT OF EDUCATION OFFICE OF STUDENT FINANCIAL ASSISTANCE(OFSA) and agents, AMY CAR, LOU ANNE STANDLEY and SHARON KALICKI, in their individual, THE UNITED STATES OF AMERICA INC., through its SOCIAL SECURITY ADMINISTRATION PROGRAM, it's Cooperative Disability Investigations Program (CDI), and its Social Insurance Administrators VELMA T BLAINE, JAMES PEAVY, ANTONIO MIGUEL QUINONES, THE UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBINR WEINER P.A.,ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA, CLIFFORD J WHITE III, DOES 1-3 inclusive, EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY, NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY" THE UNITED STATES DEPARTMENT OF EDUCTION, though, it's FEDERAL FAMILY EDUCATION PROGRAM (FFELP), it's FEDERAL OFFSET UNIT Acct#1274983 and Account#22395475, WELLS FARGO EDUCATION FINANCIAL SERVICES, INC., d/b/a "WELLS FARGO BANK, N.A." AND DOES* in an amount in excess of $8,000.01 and not more than $15,000 for this count, exclusive of Punitive damages, interest, costs, fees and such other relief the Court deems just, equitable and appropriate.

### *Count IX*
**d.** *Postal Service-18 U.S. CODE §§ 83-Postal Service;1702 Obstruction of Correspondence against ALL DEFENDANTS AND DOES*

74. Plaintiff incorporated and realleges paragraph 1-73. The Defendants Obstruction of correspondences allows for judgment. When a Person takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined under this title or imprisoned not more than five years, or both. *See("Exhibit"M-N",Volume I, App.234-235)* WHEREFORE, Plaintiff's Peele and PEELE demands, a full and impartial investigation be imitated with judgment against each Defendants, in an amount in excess of $8,000.01 and not more than $15,000 for this count, exclusive of Punitive damages, interest, costs, fees and such other relief the Court deems just, equitable and appropriate.

### *Count X*
**d.** *Postal Service-18 U.S. CODE §§ 83-Postal Service;1708 Theft or receipt of stolen mail matter against ALL DEFENDANTS AND DOES*

75. Plaintiff incorporated and realleges paragraph 1-74. The Defendants Theft and or Receipt of Stolen of correspondences allows for judgment. When a Person steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein;

41

76. Each Defendants individually and or collectively have and are continuing to steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter, as when the Defendants received and conceals, or unlawfully has in their possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted Shall be fined under this title or imprisoned not more than five years, or both. *See("Exhibit"M-N",Volume I, App.234-235)* WHEREFORE, Plaintiff's Peele and PEELE demands, a full and impartial investigation be imitated with judgment against each Defendants, in an amount in excess of $8,000.01 and not more than $15,000 for this count, exclusive of Punitive damages, interest, costs, fees and such other relief the Court deems just, equitable and appropriate.

### ***Count XI***

**d. *Postal Service-18 U.S. CODE §§ 83-Postal Service;1709 Delay or destruction of mail against THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual Capacity for THE UNITED STATES POSTAL SERVICE INC.***

77. Plaintiff incorporated and realleges paragraph 1-76. The Defendants Theft by officer or employee allows for judgment. When a Person Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by

authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined under this title or imprisoned not more than five years, or both. *See("Exhibit"M-N",Volume I, App.234-235)* WHEREFORE, Plaintiff's Peele and PEELE demands, a full and impartial investigation be imitated with judgment against each Defendants, *THE UNITED STATES OF AMERICA INC., through its UNITED STATES POSTAL SERVICE INC., its Postmasters DAVID C. GUINEY, RAYMOND P. COWLEY, LOUIS DEJOY, MAIL HANDLERS, and MAIL CARRIERS for P.O. Box 8106, Fort Lauderdale, Florida 33310 and 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and DOES 1-3 inclusive in their individual Capacity for THE UNITED STATES POSTAL SERVICE INC.* in an amount in excess of $8,000.01 and not more than $15,000 for this count, exclusive of Punitive damages, interest, costs, fees and such other relief the Court deems just, equitable and appropriate.

### CountXII
*e. AMERICANS WITH DISABILITES ACT OF 1990; Florida Statute XXIX Chapter385.206(3) against ALL DEFENDANTS AND DOES*

78. Plaintiff incorporated and realleges paragraph 1-77. Peele is being discriminated by each defendants individually and or collectively **discrimination and lack of reasonable accommodation as required under the Americans with Disabilities Act and** *Florida Statute XXIX Chapter 385.206(3), but not limited to.* **The Americans with Disabilities Act (ADA)** became law in 1990. The ADA is a civil rights law that prohibits discrimination against individuals with disabilities in all areas of public life, including jobs, schools, transportation, and all public and private places that are open to the general public. The purpose of the law is to make sure that people with disabilities have the same rights and opportunities as everyone else.

79. The Defendants are "fully" aware that the ADA gives civil rights protections to individuals with disabilities similar to those provided to individuals on the basis of race, color,

sex, national origin, age, and religion. Even though it guarantees equal opportunity for individuals with disabilities in public accommodations, state and local government services, and telecommunications the Defendants grossly violated those safeguards. Therefore, relief is being sought. *See("Exhibit"L",Volume I, App.196-233)*. WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendants, in an amount in excess of $8000.01 but not more than $15000.00 per count, exclusive of Punitive damages, interest, costs, legal fees and such other relief the Court deems just, equitable and appropriate.

### *CountXIII*
### *f. HIPPA ACT OF 1996*

80. Plaintiff incorporated and realleges paragraph 1-79. Peele is Medical Records without consent are being passed along from Local, State and Federal by each defendants individually and or collectively. The Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) establishes national standards to protect individuals' medical records and other personal health information. each defendants individually and or collectively *are Failing to adhere to the authorization expiration date., Failing to promptly release information to patients, Improperly disposing of records as* Peele's records must be shredded before disposal or electronic records wiped from any systems that may have contained it, the defendants still have records in possession with out authorization and or consent.

81. *In addition, the parties have been Releasing unauthorized health information and using Insider snooping towards Unprotected storage of private health information.* WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendants, in an amount in excess of $8000.01 but not more than $15000.00 per count, exclusive of Punitive damages, interest, costs, legal fees and such other relief the Court deems just, equitable and appropriate.

### *Count XIV*

**g.** *Breach of Invalid Contract against EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY, NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY" THE UNITED STATES DEPARTMENT OF EDUCTION, through, it's FEDERAL FAMILY EDUCATION PROGRAM (FFELP), it's FEDERAL OFFSET UNIT Acct#1274983, Account#22395475, AND DOES*

82. Plaintiff incorporated and realleges paragraph 1-81. Plaintiff incorporated and realleges paragraph 1-28. Defendants Grossly and Maliciously Breach the TPD Agreement and Contract by Reinstating the Terms and Agreement without knowledge and or consent. Breached it's on Terms and Agreements when it failed to fulfill its obligation(s), whether partially or wholly, as described in the Terms and Agreement, or communicates an intent to fail the obligation or otherwise appears not to be able to perform its obligation under the contract. *See (Exhibit"O", Volume I, App.236-245)*

83. Where there is breach of contract, the resulting damages must be paid to the aggrieved party by the party breaching the contract. WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendants, *EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY, NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* THE UNITED STATES DEPARTMENT OF EDUCTION, through, it's FEDERAL FAMILY EDUCATION PROGRAM (FFELP), it's FEDERAL OFFSET UNIT Acct#1274983 and Account#22395475, in an amount in excess of $8000.01 but not more than $15000.00 per count, exclusive of Punitive damages, interest, costs, legal fees and such other relief the Court deems just, equitable and appropriate.

### *CountXV*

**h.** *MISAPPLIED PAYMENTS against THE STATE OF FLORIDA INC., through its FLORIDA DEPARTMENT OF EDUCATION OFFICE OF STUDENT FINANCIAL ASSISTANCE(OFSA) and agents, AMY CAR, LOU ANNE STANDLEY and SHARON KALICKI, in their individual, THE UNITED STATES OF AMERICA INC., through its SOCIAL SECURITY ADMINISTRATION PROGRAM, it's Cooperative Disability Investigations Program (CDI), and its Social Insurance*

*Administrators VELMA T BLAINE, JAMES PEAVY, ANTONIO MIGUEL QUINONES, THE UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBINR WEINER P.A.,ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA,  CLIFFORD J WHITE III, DOES 1-3 inclusive, EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY, NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY" THE UNITED STATES DEPARTMENT OF EDUCTION, though, it's FEDERAL FAMILY EDUCATION PROGRAM (FFELP), it's FEDERAL OFFSET UNIT Acct#1274983 and Account#22395475, WELLS FARGO EDUCATION FINANCIAL SERVICES, INC., d/b/a "WELLS FARGO BANK, N.A." AND DOES*

84. Plaintiff incorporated and realleges paragraph 1-83. The Defendants with willful intent reinstated and began to apply incorrect and improper payments as to the Plaintiff's personal property without proper authority. To Mitigate the Plaintiffs' Damages there was an additional Dispute through a New and Reinvestigation along with an additional Cease-and-Desist Letter along with Supporting Evidence. This was done to avoid any future defamatory slanderous reporting to the Four (4) Credit Reporting agencies and Two (2) Data Furnishers. Instead of abiding by the Rule of Law, The Defendant's maliciously changed the account number, reinstate and back dated and begin to continue to furnish and report addition defaults while accessing more  compounding fees in a retaliatory manner with inaccurate reports as to the account in a negative standing refusing to comply.

85. When in fact in previous disputes the account in question was disputed, resolved and deleted the alleged Loan was Discharged as of the 9th of January 2018 as the Defendants mentioned but not limited to become a stranger to the alleged loan. *See("Exhibit"F",Volume I, App.116)* WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendants, *THE STATE OF FLORIDA INC., through its FLORIDA DEPARTMENT OF EDUCATION OFFICE OF STUDENT FINANCIAL ASSISTANCE(OFSA) and agents, AMY CAR, LOU ANNE STANDLEY and SHARON KALICKI, in their individual, THE UNITED STATES OF*

*AMERICA INC., through its SOCIAL SECURITY ADMINISTRATION PROGRAM, it's Cooperative Disability Investigations Program (CDI), and its Social Insurance Administrators VELMA T BLAINE, JAMES PEAVY, ANTONIO MIGUEL QUINONES, THE UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBINR WEINER P.A.,ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA,  CLIFFORD J WHITE III, DOES 1-3 inclusive, EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY, NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY" THE UNITED STATES DEPARTMENT OF EDUCTION, through, it's FEDERAL FAMILY EDUCATION PROGRAM (FFELP), it's FEDERAL OFFSET UNIT Acct#1274983 and Account#22395475, WELLS FARGO EDUCATION FINANCIAL SERVICES, INC., d/b/a "WELLS FARGO BANK, N.A." AND DOES,* in an amount in excess of $80000.01 but not more than $15000.00 per count per defendant, exclusive of Punitive damages, interest, costs, legal fees and such other relief the Court deems just, equitable and appropriate.

### *CountXVI*
**i.** *Unjust Enrichment against ALL DEFENDANTS AND DOES*

86. Plaintiff incorporated and realleges paragraph 1-85. The Plaintiffs has conferred a benefit on the "All" Defendants by providing cash for credit advances, products and/or goods and services that allows each collectively and or individually to have made compounding interest fees and cost of the Plaintiff/

87. Defendant has knowledge of the benefits of said benefit and the use of said credit by "All" Defendants constitutes an unjust enrichment of the Defendant at the Plaintiff's expense.

88. Defendant has accepted or retained the benefit conferred and the circumstances are such that such that it would be inequitable for the Defendant(s) to retain the benefit without

paying fair value for it. Defendants has failed to pay for said benefits and defendants has therefore been unjustly enriched.

89. As a result of the unjust enrichment of Defendant, Plaintiff has been damaged. WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendants, in an amount in excess of $8000.01 but not more than $15000.00 per count, per defendant, exclusive of Punitive damages, interest, costs, legal fees and such other relief the Court deems just, equitable and appropriate.

### *CountXVII*

*j. Violation the Financial Privacy Act of 1978; Federal Statute 12:3410-The Right to Financial Privacy Act of 1978 against ALL DEFENDANTS AND DOES*

90. Plaintiff incorporated and realleges paragraph 1-89. *The Right to Financial Privacy Act was Congress' response to a U.S. Supreme Court decision that found bank customers had no legal right of privacy for their financial information held by financial institutions. The law is largely procedural and requires government agencies to provide notice and an opportunity to object before a bank or other institution can disclose personal financial information to a government agency, usually for law enforcement purposes. The law was amended in the latter 1980s to allow postponement of notice in investigations dealing with drug trafficking and espionage. These matters do not fall under those conditions. Therefore, Relief is being Requested. See("Exhibit"H",Volume I, App.119-124)*

91. The Defendants have disclosed and without consent the Plaintiffs'' Financial Information to the Four (4) Credit Agencies not allowing the change to object as to the information being disbursed, as of today the Plaintiffs' is not in possession of Financial Statements from the 09, January 2018 up to and including the 10, August 2022.

*k. Violation of the Florida Consumer Collection Practices Act, Fla. Stat § 559.55, et seq ("FCCPA") against ALL DEFENDANT AND DOES*

92. Plaintiff incorporated and realleges paragraph 1-91. The Florida Consumer Collection Practices Act, Florida Statutes §559.55 et seq. ("FCCPA") is a Florida statute intended to protect Florida consumers from unfair and deceptive collection activities, while providing both regulatory enforcement as well as private cause of action. The FCCPA is very similar to its Federal counterpart, the Federal Debt Collection Practices Act ("FDCPA"), accordingly, that federal interpretations of the FDCPA are given "due consideration and great weight" by Florida courts interpreting the FCCPA. 2010 Fla. Sess. L. Serv. at § 559.77(5).

93. Each Defendant independently Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made before such dispute has been asserted and written notice is received from the debtor that any part of the debt is disputed, and if such dispute is reasonable, the person who made the original disclosure must reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days. Such was vehemently ignored.

### *Count XVIII*
*l. Violations of the Florida Deceptive and Unfair Trade Practices Act, ("FDUTPA")Against DEFENDANTS AND DOES*

94. Plaintiff incorporated and realleges paragraph 1-93. The Florida Deceptive and Unfair Trade Practices Act is a state law designed to offer consumer protection from a broad range of prohibited conduct in trade or commerce. Under FDUPTA, aggrieved parties are entitled to sue any persons or entities engaging in deceptive business practices or unfair methods of competition.

95. FDUPTA has certain specific purposes, as described in Fla. Stat. 501.202(2): (1) To modernize, simplify, and clarify the law governing consumer protection, including deceptive,

unconscionable, and unfair trade practices or methods of competition. (2) To protect public consumers and legitimate businesses from those who engage in deceptive, unconscionable, and unfair trade practices or methods of competition in commerce or trade. (3) To establish state consumer protection and enforcement consistent with federal law. *See("Exhibit"Q",Volume I, App.265-290)*  WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendant, in an amount in excess of $8000.01 but not more than $15000.00 per count, exclusive of Punitive damages, interest, costs, legal fees and such other relief the Court deems just, equitable and appropriate.

### CountXIX
**m.** *Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA") against All DEFENDANTS AND DOES*

96. Plaintiff incorporated and realleges paragraph 1-95. In March 1978, The United States of America Inc. through its Congressional leg of Government created the *Fair Debt Collection Practices Act, 15 U.S.C. § 1692, etseq.("FDCPA") that* was designed to **eliminate abusive, deceptive, and unfair debt collection practices.** In addition, it protects reputable debt collectors from unfair competition and encourages consistent state action to protect consumers from abuses in debt collection.

### CountXX
**n.** *Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA") against all DEFENDANTS AND DOES*

97. Plaintiff incorporated and realleges paragraph 1-96. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq15 U.S.C. § 1681e(b). ("FCRA"), if a borrower disputes her debt, a furnisher has 30 days to complete an investigation into the validity of the claim. See 15 U.S.C. § 1681s-2(E)(iii). Experian Information Solutions, Inc and Trans Union LLC., failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the records it reported. The foregoing violations were negligent. The

foregoing violations were willful. Experian Information Solutions, Inc and Trans Union LLC., acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiffs and Class members under 15 U.S.C. § 1681e(b). Experian Information Solutions, Inc and Trans Union LLC., negligent and willful conduct is reflected by, inter alia, the following:

a. Experian Information Solutions, Inc and Trans Union LLC., inaccurately described the status of Plaintiffs' Bankruptcy Case is closed and the federal student loans as "deferred as Natural Disaster"

b. The plain terms of the CARES Act make clear that Plaintiffs loans were not "deferred as Natural Disaster";

c. Experian Information Solutions, Inc and Trans Union LLC., has received complaints from consumers indicating that its reporting is inaccurate;

d. Experian Information Solutions, Inc and Trans Union LLC., easily could have prevented inaccurate reports by reviewing and vetting information it received from *THE UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBIN R WEINER P.A.,ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA,  CLIFFORD* J WHITE III, DOES 1-3 inclusive, *EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY, NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* THE UNITED STATES DEPARTMENT OF EDUCTION, through, it's FEDERAL FAMILY EDUCATION PROGRAM (FFELP), it's FEDERAL OFFSET UNIT Acct#1274983 and Account#22395475, but failed to do so;

e. After learning about inaccurate information furnished by *THE UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBIN R WEINER P.A.,ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA, CLIFFORD* J WHITE III, DOES 1-3 inclusive, *EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY, NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* THE UNITED STATES DEPARTMENT OF EDUCTION, through, it's FEDERAL FAMILY EDUCATION PROGRAM (FFELP), it's FEDERAL OFFSET UNIT Acct#1274983 and Account#22395475, Experian Information Solutions, Inc and

Trans Union LLC., continued to include inaccurate information in its reports rather than suppressing the' tradelines;

f. Defendant Experian Information Solutions, Inc and Trans Union LLC., conduct is directly contrary to the plain language of the CARES Act as well as its legislative intent; and

g. By adopting a policy of failing to review information from its furnisher, and of failure to retract such information, Experian Information Solutions, Inc and Trans Union LLC., voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

98. Plaintiffs are each entitled to actual damages or statutory damages of not less than $8,000.01 and not more than $15,000 for this violation. Plaintiffs and the FCRA Class are each also entitled to punitive damages and to recover costs and attorneys' fees.

### *CountXXI*

o. *Inaccurate Reporting and Scoring Against EXPERIAN INFORMATION SOLUTIONS, INC, TRANS UNION LLC.*

99. Plaintiff incorporated and realleges paragraph 1-98. By reporting inaccurate credit information regarding Plaintiffs' Tamiko N Peele and TAMIKO N PEELE diminished credit scores and deprived them of credit opportunities that have since passed.

100. Defendant EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., inaccurate reporting constituted an unlawful, unfair, and fraudulent business practices.

101. Defendant EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., practices were unlawful because they violate the FCCPA, FDUTPA, FDCPA and Acts.

102. Both the FCRA and the FDCPA required EXPERIAN INFORMATION SOLUTIONS, INC and TRANS UNION LLC., to follow reasonable procedure to assure maximum possible accuracy of the information it reported. As described above, Defendant violated these provisions.

103. Defendant EXPERIAN INFORMATION SOLUTIONS, INC, TRANS UNION LLC., also violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), Florida Deceptive and Unfair Trade Practices Act,("FDUTPA")., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA") Acts and its associated policies by changing account numbers to reinstated to report loans as late, when in fact the loans were disputed. Deleted as to being Zero balance, Paid Closed.

104. EXPERIAN INFORMATION SOLUTIONS, INC, TRANS UNION LLC., practices were also unfair, because it is unethical, immoral, oppressive, and substantially injurious to consumers to report information about the status of their loans which is false. Defendants EXPERIAN INFORMATION SOLUTIONS, INC,  and TRANS UNION LLC., practices were also unfair because it is unethical, immoral, oppressive, and substantially injurious for EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., to create, use, market, sell, and promote a credit scoring model which inaccurately predicts that consumers are worse credit risks based on nothing other than the fact that they have loans as to which the consumer use to establish credit worthiness. Such a prediction has no basis in fact and runs directly counter to public policy as stated in the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), Florida Deceptive and Unfair Trade Practices Act("FDUTPA")., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA") Acts.

105. Defendants EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., practices were fraudulent because the report recipients were deceived and/or were likely to

be deceived by Defendant EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., inaccurate representations with respect to Plaintiffs loans and creditworthiness.

106. Defendants EXPERIAN INFORMATION SOLUTIONS, INC, TRANS UNION LLC., practices were also fraudulent because consumers and report recipients were deceived and/or were likely to be deceived by Defendants' inaccurate representations with respect to Plaintiffs creditworthiness. WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendants, EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., in an amount in excess of $8,000.01 and not more than $15,000 for this count, exclusive of Punitive damages, interest, costs, fees and such other relief the Court deems just, equitable and appropriate.

### *Count XXII*
***p. Legal Malpractice Against THE FLORIDA BAR, and its members Barry Steven Mittelberg #396567, Drake Ozment#844519, Keley Jacobson #102200, OZMENT LAW, P.A., it's President DRAKE OZMENT, Kenneth Drake Ozment, and BARRY STEVEN MITTELBERG***

107. Plaintiff incorporated and realleges paragraph 1-106. Peele and PEELE retained the Florida Bar through members Mittelberg, Ozment, Jacobson, WEINER, TEMPONE, VISNOVSKE and GIRARDI to provide legal services and paid a substantial fee for such services. Parties mentioned had a duty to act in the best interest of the Plaintiff and failed to exercise that duty as seen on the 3rd of November 2020. *See ("Exhibit"F-G", Volume I, App.116-118) and See("Exhibit"S-U",Volume I, App.301-376)*

108. The Florida Bar through members Mittelberg, Ozment, Jacobson, WEINER, TEMPONE, VISNOVSKE and GIRARDI breached their duty to the Plaintiffs by interfering with the Plaintiff's reorganizations Plans and using intimidation and threats and acting on such by failing to show up to hearings and without knowledge agreeing to agreed stipulations that was then ordered by Kimball creating a legal binding contract in gross violation of his constitutional

standing and immediately stripped him of any qualified immunity status which caused for the

Plaintiff to be damaged in the amount in excess of jurisdiction of this court. WHEREFORE,

Plaintiff's Peele and PEELE demands judgment against each Defendants, in an amount in excess

of $8,000.01 and not more than $15,000 for this count per defendant, exclusive of Punitive

damages, interest, costs, fees and such other relief the Court deems just, equitable and

appropriate.  *See Barry S Mittelberg P.A (16-22322, (2016) (S.D.Fla.2016), Brown v. Merrill*

*petal., (9:16-cv-81916)(S.D. Fla 2016), Robin Samuels (9:2021-bk-21475,(2021) (S.D.Fla.2021)*

*and Todd Marshall (9:2020-bk-19573, (2020) (S.D.Fla.2020), Collins et al v. Social Security*

*Administration: (9:20-ap-00488), Rudd v. Rudd, 960 So. 2d 885, 887 (Fla. 4th DCA 2007)*

### Count XXIII

***p. Breach of Fiduciary Duty Against THE FLORIDA BAR, and its members Barry Steven
Mittelberg#396567, Drake Ozment#844519, Keley Jacobson #102200, OZMENT LAW, P.A., it's
President DRAKE OZMENT, Kenneth Drake Ozment, BARRY STEVEN MITTELBERG***

109. Plaintiff incorporated and realleges paragraph 1-110. Peele and PEELE retained the

Florida Bar through members Mittelberg, Ozment, Jacobson, WEINER, TEMPONE,

VISNOVSKE and GIRARDI, that created an attorney-client relationship pursuant to their contracts,

act, actions, competent advice and legal services. That relationship created a full transparency

relation to Peele and PEELE being legal counsel, each of them owed A FIDUCIARY DUTY in the

nature of their representation to give advice and avoid conflicts of interests with an ethical duty that

has since been violated by the bylaws of the Florida bar Rules of Ethics that has since cease as to

members Mittelberg, Ozment, Jacobson, WEINER, TEMPONE, VISNOVSKE and GIRARDI

110. The Florida Bar through members Mittelberg, Ozment, Jacobson, WEINER,

TEMPONE, VISNOVSKE and GIRARDI breached their duty when without knowledge and consent

filed perjury motions and made contractual agreements, as Defendants party proceeded with a

"NO SHOW" to hearings.  In Addition the Florida Bar under Rules of Professional Conduct

expressly prohibit lawyers from providing financial assistance to clients in pending or contemplated litigation other than to advance litigation costs that the client will reimburse or to pay outright the litigation costs incurred by an indigent client. *See ("Exhibit"H-I", Volume I, App.119-138)* The Florida Bar through members Mittelberg, Ozment, Jacobson, WEINER, TEMPONE, VISNOVSKE and GIRARDI acts and breach of fiduciary creating financial genocide as well as emotion distress, as a direct and proximate result of each party listed, the Plaintiff to be damaged in the amount in excess of jurisdiction of this court. WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendants, in an amount in excess of $8,000.01 and not more than $15,000 for this count per defendant, exclusive of Punitive damages, interest, costs, fees and such other relief the Court deems just, equitable and appropriate.

## X. PRAYER FOR EQUAL PROTECTION, Relief and Conclusion

112. "*I never intend to adjust myself to economic conditions that will take necessities from the many to give luxuries to the few*" Revered Dr, Martin Luther King, Constitutional Activist. The ideology, philosophy and beliefs cannot dictate The Equal Protection Clause as to the Rule of Law and which Class, demographic, sector, and status quo deserves the right to civil liberties through the U.S. Constitution, State and Local Rules of Law. 16. THE CORPORATE WELFARE, CORPORATISM and PIERCING THE CORPORATE VEIL cannot be continued to be uses as to society's ideology, philosophy and beliefs that seems to dictate The Equal Protection Clause as to the Rule of Law and which Class, demographic, sector and status quo deserves the right to civil liberties through the U.S. Constitution, State and Local Rules of Law. *See Barry S Mittelberg P.A (16-22322, (2016) (S.D.Fla.2016).* Just to as The Court is a System as to the Rule of Law, the Defendants through Corporate Welfare and Greed has been given financial hardships through sympathy, therefore relief is being Requested. The Appellant's re-

alleged paragraphs 1-111 and incorporated herein by reference. On the 20th of July 2022 but not limited to, the Defendants caused additional loss of and injured the Plaintiff's with its act and actions of the Malicious Injuries. The Defendant's individually is liable for the "damages resulting from the destruction, loss, or injury" to the Plaintiff's under Redress, Relief and Restitution. The total damages, which includes, 8000.01 up to 15000.00, for each count per Defendant WHEREFORE, the Tamiko N Peele and TAMIKO N PEELE respectfully asks the Court to do the following:

a.      Issue an injunction, either permanently or until an Pre-Trial Hearing through Mediation by a Mediation regarding the stated issues, that requires the Defendants *NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* THE UNITED STATES DEPARTMENT OF EDUCTION, through, it's FEDERAL FAMILY EDUCATION PROGRAM (FFELP), it's FEDERAL OFFSET UNIT Acct#1274983 and Account#22395475,  to immediately reinstate the 08, January 2015, Terms and agreement w/ *NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* THE UNITED STATES DEPARTMENT OF EDUCTION, through, it's FEDERAL FAMILY EDUCATION PROGRAM (FFELP), it's FEDERAL OFFSET UNIT Acct#1274983 and Account#22395475, and that otherwise enjoins the *EDUCATION CREDIT MANAGEMENT, TRANSITIONAL GUARANTY AGENCY, NELNET, INC., through its "NELNET TOTAL & PERMANENT DISABILITY"* THE UNITED STATES DEPARTMENT OF EDUCTION, through, it's FEDERAL FAMILY EDUCATION PROGRAM (FFELP), it's FEDERAL OFFSET UNIT Acct#1274983 and Account#22395475, EXPERIAN INFORMATION SOLUTIONS, INC,  and TRANS UNION LLC., from Speaking, Writing and or reporting any adverse statements regarding the Plaintiffs' alleged student loans from the 12th of November 2005 up to and including 12th of January 2025 and to recognize and acknowledge the jurisdictional authority of THIS COURT and authority with respect to the ("FDCPA"), the

Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), Florida Deceptive and Unfair Trade Practices Act,("FDUTPA")., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA") ;

b.     Order that the Tamiko N Peele and TAMIKO N PEELE Student Loan is Discharged as to January 8, 2018 post 3year monitoring Period, and Relinquish the Seized Real and Personal Property be returned with compounding Interest, Fees and Mailing from 2009 to current and ongoing;

c.     Order that the Tamiko N Peele and TAMIKO N PEELE Student Loan is Discharged as to January 8, 2018 post 3year monitoring Period;

d.     Declaring that "ALL" Defendants violated the ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), Florida Deceptive and Unfair Trade Practices Act,("FDUTPA")., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA");

e.     Declaring that "ALL" Defendants acted willfully, in knowing or reckless disregard of Plaintiffs' rights and Defendants' obligations under the law;

f.     Awarding actual, statutory and punitive damages as provided by the ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), Florida Deceptive and Unfair Trade Practices Act,("FDUTPA")., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA");

g.     Awarding appropriate injunctive and equitable relief of 8000.01 up to and including 15000.00 per Defendant per Count;

**h.**     Award the Tamiko N Peele and TAMIKO N PEELE reasonable fees and other costs of

suit.

**i.**     Granting other and further relief, in law or equity, as this Court may deem appropriate

and just.

## XI.  DEMANDED FOR JURY TRIAL

Plaintiff's, respectfully, demands a trial by jury on all counts and issues so triable.

Dated: 10th Of August 2022.

## XII. APPENDIX INDEX VOLUME I

| PAGE NUMBERS | DOCUMENT DESCRIPTION | DATE |
|---|---|---|
| 1-50 | **Exhibit"A"**  Appellants Joint Consolidated Notice of Appeal as to United Parcel Service Inc., Liberty Mutual, The United States of America through it's Social Security Administration, Barry Steven Mittelberg, Kenneth Drake Ozment etal and Statement of Issues as to Assigned *Case No. 9:21-cv-80914-AMC and 9:21-cv-80855* | March 3, 2022 |
| 51-100 | **Exhibit"B"**  USDC, Florida Southern Division Bankruptcy Court Docket Sheet *CaseNo.20-11431-EPK* presiding Hon. Erik P. Kimball U.S. | as of filing |
| 101-111 | **Exhibit"C"**  USDC, Florida Southern Division ***Docket Sheet Case No. 9:21-cv-80855-AMC ., Walker etal v. Kenneth Drake Ozment, Barry S Mittelberg, ECMC., The United States Social Security Administration.,etal*** presiding Hon. Aileen M Cannon | as of filing |
| 112-113 | **Exhibit"D"** This Record Represent the Honorable USDC Justice of Justice *Aileen M Canon* **STAY** Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568,* Case No. *9:21-cv-80855,,*  Case No. *9:21-cv-81248,* Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132,*Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal  to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries | November 29, 2021 |

| | | |
|---|---|---|
| | that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; | |
| 114-115 | **Exhibit"E"** This Record Represent the Honorable USDC Justice of Justice Aileen M Canon *STAY* of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568,* Case No. *9:21-cv-80855,,* Case No. *9:21-cv-81248,* Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132,*Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; | June 24, 2021 |
| 116-116 | **Exhibit"F"** Justice of Justice Honorable Erik P Kimball Order **STRIKEN**, Disallowing and Sustain Objection as to The U.S. Department of Education d/b/a ECMC Claim #2 *Bankruptcy Case 20-11431-EPK* | July 17, 2020 |
| 117-118 | **Exhibit"G"** Justice of Justice Honorable Erik P Kimball Order **GRANTING** to Reasonable Accommodations, Sanctions as to The United States Department of Education d/b/a ECMC Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order **Rehearing and Vacate** *Bankruptcy Case 20-11431-EPK* | November 3, 2020 |
| 119-124 | **Exhibit"H"** Transcript of Certified Record As to the 341 meeting of the Creditors as to the Statements of Chapter 13 Trustee Stating*"….because if Mr. Mittelberg files bankruptcy, anything in his trust account that's part of a settlement for a client, I mean, that's not a personal asset of his. That's not something where these debtors should have to file a claim to recover that. That's part of doing his job. If it's accurate the Mr. Mittelberg recovered funds for the debtor and just did not turn them over, I mean, that's mismanagement of trust, that's something that would absolutely have to be referred to the Florida Bar."Chapter 13 Trustee office Matthew Girardi* | July 14, 2020 |
| 125-138 | **Exhibit"I"** Transcript of Certified Record As to the Confirmation Meeting of the Creditors and Stricken Claims as to Non-Objections Chapter 13 Trustee | May 18, 2020 |
| 139-165 | **Exhibit"J"** Cease and Desist Email To Erik P Kimball, United States of America Inc., through it's agencies USPS, SSA | June 21, 2021 |

| | Chapter 13 Trustee Program, Region 21 and Tort as to Bivens Complaint | |
|---|---|---|
| 166-195 | Exhibit"K" These Documents Represent the correspondences and evidentiary as To Erik P Kimball, United States of America Inc., through it's agencies USPS, SSA Chapter 13 Trustee Program, Region 21 and Tort as to Bivens Complaint | various |
| 196-233 | Exhibit"L" These Documents Represent The Appellant's *Tamiko N Peele Discharged Student Loan before Bankruptcy with* The United States Department of Education d/b/a Nelnet TPD, Proof of Mailings, The Credit Reporting Report as to The United States Department of Education d/b/a ECMC and the Stipulation between The Chapter 13 Trustee, Kenneth Drake Ozment and John D Eaton without the Appellant's consent and or knowledge as to Vacated Proceedings and Orders as it Directly Relates to the Payment Change, The "Negative Notice" and the Sanctions as to the Legal The United States Department of Education d/b/a ECMC and ECMC Group and their Counsel | various |
| 234-234 | Exhibit"M" This Document Represent the Letter From the U.S. Dept of Treasury to Barry Steven Address showing the Malicious Injuries and Mail Tampering | No Date |
| 235-235 | Exhibit"N" The Document Represent the Email Correspondences to Barry Regarding the U.S. Department of Treasury | October 5, 2018 |
| 236-245 | Exhibit"O" The Document Represent the Email Correspondences to Kenneth Drake Ozment, Ozment Law P.A. Keley Jacobson, etal Regarding the Student Loans but not limited to | June 12, 2020 |
| 246-264 | Exhibit"P" These Documents Represent the Opposition of Erik P Kimball Reappointment and the 11th Circuit Court of Appeals | Feb 22, 2022 |
| 265-290 | Exhibit"Q" These Documents Represent The Plaintiff's *Tamiko N Peele Credit Reporting of Derogatory Information* | various |
| 291-300 | Exhibit"R" Certification of Service Email as to Parties aware of Matters on Stay and Under Appellate Review, Breaching the Rule of Law. | June 20, 2022 |
| 301-302 | Exhibit"S" Transcript of Certified Record As to the *KENNETH DRAKE OZMENT, OZMENT LAW P.A. and or Staff* etal as to *the Chief Justice of Justice  Paul G Hyman Jr* Statement Regarding Legal Malpractice in which the Appellant's are Requesting for Relief as to the Malicious Injuries that are continuing in Nature. But not limited to | April 14, 2015 |
| 303-330 | Exhibit"T" These Documents Represent The Fedex Tracking from the Trustee Sending Back the Appellant's Tax Returns after the Hearing to Dismisal for Failure to File Tax Returns and Refinance the Chapter 13 Confirmed Plan after confirmation, Emails To and From the Chapter 13 Trustee *Robin R Weiner, Joanna Tempone, Paul Visnovske and* | various |

| | | |
|---|---|---|
| | *Matthew Girardi,* regarding the <u>*SOVATHARY KELEY JACOBSON, KENNETH DRAKE OZMENT, OZMENT LAW P.A., DEANNA SIMMONS and BARRY STEVEN MITTELBERG*</u> Matters Standing Objections and Conflicts of Interest but not limited to and the ADA Discrimination Complaint as to the Robin R Weiner | |
| 331-376 | **Exhibit"U"** These Documents Represent the Appellants Email Corresponsences with *Barry Steven Mittelberg and Kenneth Drake Ozment* as to Objection and Alleged Liens, Legal Malpractice Lawsuits in addition to Florida Bar and NY Disbarment, PPP Loans and <u>*Emails*</u> as to Litigation while he was under Bankruptcy Protections. | various |

## XII. <u>CIVIL CASE PROPOSED MANAGEMENT PLAN AND PROPOSED ORDER</u>

Pursuant to Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B), Florida Rule of Civil Procedure 1.440 and this Proposed Court's Order on Case Management Conference, the Plaintiff's hereby submit the following Proposed Case Management Plan with the Complaint, Summons, Production, Interrogates and Admissions to the Court for approval.

Date: 10th of August 2022

Respectfully,
Mrs. Tamiko N Peele
*s/s Tamiko Peele,all rights reserved*
4001 SW Melbourne Street
Port Saint Lucie, FL 34953
*Plaintiff-for-Plaintiff*

IN THE COUNTY COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

| | |
|---|---|
| Tamiko N Peele and TAMIKO N PEELE., Individually and on behalf of themselves,<br><br>*Plaintiffs,*<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBIN R WEINER P.A., ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA,  CLIFFORD J WHITE III, DOES 1-3 inclusive, and the Student Loan Program (SLP) in their Individual and Official Capacity, etal<br>*Defendants.*<br>_____/ | COUNTY DIVISION<br><br><br>Case No._____<br><br><br>Judge |

## CIVIL CASE PROPOSED MANAGEMENT PLAN AND PROPOSED ORDER

Pursuant to Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B), Florida Rule of Civil Procedure 1.440 and this Proposed Court's Order on Case Management Conference, the Plaintiff's hereby submit the following Proposed Case Management Plan with the Complaint, Summons, Production, Interrogates and Admissions to the Court for approval.

I.     **Case Track Assignment** (check one): Case disposition times for all case tracks have been established in accordance with the Florida Rules of General Practice and Judicial Administration 2.250(a)(1)(B).

☐ Streamlined Track (Case resolved within 12 months without a jury trial or within jurisdiction of County Court.)

☐ General Track (Case resolved within 18 months with or without a jury trial.)

X Complex Track (Case resolved pursuant to Florida Rule of Civil Procedure 1.201, with or without a jury trial.

II.    **Case Events and Deadlines**

| Case No. | EVENT | Tentative Proposed Dates |
|---|---|---|
| | Disclosure of Fact Witnesses and Exhibits | Aug 10, 2022 |
| | Date of Pre Trial/Mediation | TBD; Clerk |
| | Date of Mediation | TBD; Clerk |

1

## III.   Case Events and Deadlines

| | | |
|---|---|---|
| | Estimated Length of Trial (specify number of Trials Days) | 1 Day |
| | Identification of Jury of Non-Jury Trial | Jury Trial |

**The schedule of deadlines herein will be strictly adhered to by the parties unless change is otherwise agreed to by the parties and approved by the court.** The court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency nature or unavailability. **The failure to abide by these deadlines may result in sanctions by the court, including the award of attorney's fees, the striking of pleadings and/or a dismissal of the action.**

**IV.** Signature of Plaintiff

Mrs. Tamiko N Peele

*s/s Tamiko Peele, all rights reserved*

4001 SW Melbourne Street

Port Saint Lucie, FL 34953

*Plaintiff- For- Plaintiff(s)*

2

IN THE COUNTY COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

| | |
|---|---|
| Tamiko N Peele and TAMIKO N PEELE., Individually and on behalf of themselves, | COUNTY DIVISION |
| *Plaintiffs,* | |
| vs. | |
| | Case No._____ |
| UNITED STATES DEPARTMENT OF JUSTICE through its UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials THE CHAPTER 13 TRUSTEE, ROBIN R WEINER P.A., ERIK P KIMBALL, ROBIN R WEINER, NANCY J ARGULA,  CLIFFORD J WHITE III, DOES 1-3 inclusive, and the Student Loan Program (SLP) in their Individual and Official Capacity, etal | Judge |
| *Defendants.* | |
| _____/ | |

## CIVIL CASE MANAGEMENT PLAN PROPOSED ORDER

THE COURT having reviewed the preceding Agreed Amended Civil Case Management Plan

and finding it to be satisfactory, it is hereby

ORDERED that the Agreed Case Management Plan is approved, and all parties shall abide by

the terms herein.

DONE AND ORDERED in _____ County, Florida on _____ , 2022.

_____

COUNTY JUDGE

Proposed provided via Summons with Complaint

Mrs. Tamiko N Peele
*s/s Tamiko Peele, all rights reserved*
4001 SW Melbourne Street
Port Saint Lucie, FL 34953
*Plaintiff- For- Plaintiff(s)*

3

## XII. *APPENDIX INDEX VOLUME I WITH EXHIBITS To*

### *Plaintiff's Tamiko N Peele and TAMIKO N PEELE COMPLAINT*

| PAGE NUMBERS | DOCUMENT DESCRIPTION | DATE |
|---|---|---|
| 1-50 | **Exhibit"A"** Appellants Joint Consolidated Notice of Appeal as to United Parcel Service Inc., Liberty Mutual, The United States of America through it's Social Security Administration, Barry Steven Mittelberg, Kenneth Drake Ozment etal and Statement of Issues as to Assigned *Case No. 9:21-cv-80914-AMC and 9:21-cv-80855* | March 3, 2022 |
| 51-100 | **Exhibit"B"** USDC, Florida Southern Division Bankruptcy Court Docket Sheet *CaseNo.20-11431-EPK* presiding Hon. Erik P. Kimball U.S. | as of filing |
| 101-111 | **Exhibit"C"** USDC, Florida Southern Division *Docket Sheet Case No. 9:21-cv-80855-AMC ., Walker etal v. Kenneth Drake Ozment, Barry S Mittelberg, ECMC., The United States Social Security Administration.,etal* presiding Hon. Aileen M Cannon | as of filing |
| 112-113 | **Exhibit"D"** This Record Represent the Honorable USDC Justice of Justice *Aileen M Canon* **STAY** Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568,* Case No. *9:21-cv-80855,,* Case No. *9:21-cv-81248,* Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132,*Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; | November 29, 2021 |
| 114-115 | **Exhibit"E"** This Record Represent the Honorable USDC Justice of Justice Aileen M Canon **STAY** of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568,* Case No. *9:21-cv-80855,,* Case No. *9:21-cv-81248,* Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132,*Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. | June 24, 2021 |

| | | |
|---|---|---|
| | Dimitrouleas U.S. District Judge, as to the Cases on Appeal to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; | |
| 116-116 | **Exhibit"F"** Justice of Justice Honorable Erik P Kimball Order **STRIKEN**, Disallowing and Sustain Objection as to The U.S. Department of Education d/b/a ECMC Claim #2 *Bankruptcy Case 20-11431-EPK* | July 17, 2020 |
| 117-118 | **Exhibit"G"** Justice of Justice Honorable Erik P Kimball Order **GRANTING** to Reasonable Accommodations, Sanctions as to The United States Department of Education d/b/a ECMC Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order **Rehearing and Vacate** *Bankruptcy Case 20-11431-EPK* | November 3, 2020 |
| 119-124 | **Exhibit"H"** Transcript of Certified Record As to the 341 meeting of the Creditors as to the Statements of Chapter 13 Trustee Stating*"....because if Mr. Mittelberg files bankruptcy, anything in his trust account that's part of a settlement for a client, I mean, that's not a personal asset of his. That's not something where these debtors should have to file a claim to recover that. That's part of doing his job. If it's accurate that Mr. Mittelberg recovered funds for the debtor and just did not turn them over, I mean, that's mismanagement of trust, that's something that would absolutely have to be referred to the Florida Bar."Chapter 13 Trustee office Matthew Girardi* | July 14, 2020 |
| 125-138 | **Exhibit"I"** Transcript of Certified Record As to the Confirmation Meeting of the Creditors and Stricken Claims as to Non-Objections Chapter 13 Trustee | May 18, 2020 |
| 139-165 | **Exhibit"J"** Cease and Desist Email To Erik P Kimball, United States of America Inc., through it's agencies USPS, SSA Chapter 13 Trustee Program, Region 21 and Tort as to Bivens Complaint | June 21, 2021 |
| 166-195 | **Exhibit"K"** These Documents Represent the correspondences and evidentiary as To Erik P Kimball, United States of America Inc., through it's agencies USPS, SSA Chapter 13 Trustee Program, Region 21 and Tort as to Bivens Complaint | various |
| 196-233 | **Exhibit"L"** These Documents Represent The Appellant's *Tamiko N Peele Discharged Student Loan before Bankruptcy with* The United States Department of Education d/b/a Nelnet TPD, Proof of Mailings, The Credit Reporting Report as to The United States Department of Education d/b/a ECMC and the Stipulation between The Chapter 13 Trustee, Kenneth Drake Ozment and John D Eaton without the Appellant's consent and | various |

| | | |
|---|---|---|
| | or knowledge as to Vacated Proceedings and Orders as it Directly Relates to the Payment Change, The "Negative Notice" and the Sanctions as to the Legal The United States Department of Education d/b/a ECMC and ECMC Group and their Counsel | |
| 234-234 | **Exhibit"M"** This Document Represent the Letter From the U.S. Dept of Treasury to Barry Steven Address showing the Malicious Injuries and Mail Tampering | No Date |
| 235-235 | **Exhibit"N"** The Document Represent the Email Correspondences to Barry Regarding the U.S. Department of Treasury | October 5, 2018 |
| 236-245 | **Exhibit"O"** The Document Represent the Email Correspondences to Kenneth Drake Ozment, Ozment Law P.A. Keley Jacobson, etal Regarding the Student Loans but not limited to | June 12, 2020 |
| 246-264 | **Exhibit"P"** These Documents Represent the Opposition of Erik P Kimball Reappointment and the 11th Circuit Court of Appeals | Feb 22, 2022 |
| 265-290 | **Exhibit"Q"** These Documents Represent The Plaintiff's *Tamiko N Peele Credit Reporting of Derogatory Information* | various |
| 291-300 | **Exhibit"R"** Certification of Service Email as to Parties aware of Matters on Stay and Under Appellate Review, Breaching the Rule of Law. | June 20, 2022 |
| 301-302 | **Exhibit"S"** Transcript of Certified Record As to the *KENNETH DRAKE OZMENT, OZMENT LAW P.A. and or Staff* etal as to *the Chief Justice of Justice  Paul G Hyman Jr* Statement Regarding Legal Malpractice in which the Appellant's are Requesting for Relief as to the Malicious Injuries that are continuing in Nature. But not limited to | April 14, 2015 |
| 303-330 | **Exhibit"T"** These Documents Represent The Fedex Tracking from the Trustee Sending Back the Appellant's Tax Returns after the Hearing to Dismisal for Failure to File Tax Returns and Refinance the Chapter 13 Confirmed Plan after confirmation, Emails To and From the Chapter 13 Trustee *Robin R Weiner, Joanna Tempone, Paul Visnovske and Matthew Girardi,* regarding the *SOVATHARY KELEY JACOBSON, KENNETH DRAKE OZMENT, OZMENT LAW P.A., DEANNA SIMMONS and BARRY STEVEN MITTELBERG* Matters Standing Objections and Conflicts of Interest but not limited to and the ADA Discrimination Complaint as to the Robin R Weiner | various |
| 331-376 | **Exhibit"U"** These Documents Represent the Appellants Email Corresponsences with *Barry Steven Mittelberg and Kenneth Drake Ozment* as to Objection and Alleged Liens, Legal Malpractice Lawsuits in addition to Florida Bar and NY Disbarment, PPP Loans and *Emails* as to Litigation while he was under Bankruptcy Protections. | various |

Date: 10th of August, 2022

# EXHIBIT A

Florida USDC No. 9:21-cv-80855-AMC
Florida USDC No. 9:21-cv-80914-AHS(Consolidated)
Florida USDC No. 9:21-cv-81248-AMC(Consolidated)
Florida USDC No. 9:21-cv-81132-AMC(Consolidated)
Florida USDC No. 9:21-cv-81108-AMC(Consolidated)
Florida USDC No. 9:21-cv-81110-AMC(Consolidated)
Florida USDC No. 9:21-cv-80568-AMC(Consolidated)
Florida USDC No. 9:21-cv-80537-AMC(Consolidated)
Florida USDC No. 9:20-cv-81366-WPD(Related)

# United States District Court
## Southern District of Florida, Fort Pierce Division

In RE: Robert L Walker and
ROBERT L WALKER , etal
Debtor
*Post- Confirmation*

Robert L Walker, ROBERT L WALKER, Tamiko N Peele AND TAMIKO N PEELE.,
*Reorganizer, Creditor-Appellant(s),*
v.
CHAPTER 13 TRUSTEE, JOANNA P. TEMPONE, ROBIN R. WEINER, P.A.
*Reorganizer, Creditor- Appellee(s)*
vs.
and

Barry Steven Mittelberg, BARRY S MITTELBERG P.A., BARRY STEVEN MITTELBERG, CLAIM#1, CLAIM#2, CLAIM#3, CLAIM#4, CLAIM#5, CLAIM#6, KONE INC., LIBERTY MUTUAL GROUP, UNITED PARCEL SERVICE INC., US BANK HOME MORTGAGE d/b/a US BANK N.A., TEAMSTERS LOCAL UNION 769, OZMENT LAW P.A. KENNETH DRAKE OZMENT, KELEY JACOBSON P.A., SOVATHARY KELEY JACOBSON, ECMC, ECMC GROUP, NELNET INC.,THE UNITED STATES POSTAL SERVICE INC., EXPERIAN, THE UNITED STATES DEPARTMENT OF EDUCATION, WELLS FARGO BANK.,THE UNITED STATES SOCIAL SECURITY ADMINISTRATION, The Individuals, Corporations, Partnerships, Unincorporated Jane Does, John Does and all unknown persons who claim any interest in the subject matter of this action, and the Contents Therein identified on the *alleged* contract of  Each Known and Unknown Appellee et al.,
*Creditor-Debtor-Appellee(s),*

On Appeal from the UNITED STATES BANKRUPTCY COURT for the of Florida, West Palm Beach Southern Division of Florida Case No.20-11431-EPK Hon. Erik P. Kimball U.S. Judge and A Memorandum of Omnibus Orders From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914.* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537.* Case No. *9:21-cv-80568.* Case No. *9:21-cv-80855..*  Case No. *9:21-cv-81248.* Case No. *9:21-cv-81108* Case No. *9:21-cv-81110.* and Cases No. *9:21-cv-81132.*Case with Hon. Aileen M Canon  and U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Consolidated Cases on Appeal

1

APP. 1

APPELLANT'S Tamiko N Peele, TAMIKO N PEELE, Robert L Walker, AND ROBERT L WALKER JOINT NOTICE OF CONSOLIDATED APPEAL, JOINT TRANSCRIPT REQUEST FORM AND INDEX OF DESIGNIATED RECORDS ON APPEAL

Mr. Robert Walker
s/s *Robert L Walker*
4001 SW Melbourne Street
Port Saint Lucie, FL 34953
772 -400-7544
walkerlegalw@yahoo.com

Mrs. Tamiko N Peele
s/s *Tamiko N Peele*
4001 SW Melbourne Street
Port Saint Lucie, FL 34953
772-400-7544
walkerlegalw@yahoo.com

*Appellants-Plaintiff(s)*

APP. 2

# *TABLE OF CONTENT*

*Page*

I. TABLE OF CONTENT...................................................................3

II. *JOINT NOTICE OF CONSOLIDATED APPEAL*........................................4-8

III. JOINT TRANSCRIPT REQUEST FORM..................................................9

IV. STATEMENT OF ISSUES ON CONSOLIDATED APPEAL AND NOTICE OF
    RELATED APPEALS.................................................................10-12

V. INDEX OF DESIGNATED RECORDS ON APPEAL ....................................13-45

CERTIFICATION OF SERVICE..............................................................45-50

APP. 3

II.                NOTICE OF CONSOLIDATED APPEAL

NOTICE IS HEREBY GIVEN that the Tamiko N Peele, TAMIKO N PEELE ("PEELE"), Robert L Walker and ROBERT L WALKER ("WALKER") as *Appellant ,Co-Appellant, Reorganizers and Creditors files* their *JOINT* Notice of *Consolidated Appeal as to Consolidated Case:9:21-cv-80855* [D.E. No.31], [D.E. No.30] and in *Case: 9:21-cv-80914* [D.E. No.39], [D.E.No.38], [D.E. No.37], [D.E.No.28], [D.E. No.25], and [D.E.No.15] with the court's opinion as to the Dismissal without Prejudice [D.E. No.31] entered on February 4, 2022, as well as from all earlier rulings, opinions, and orders adverse to The Appellant's in this and the Tolling Pending cases to the United States Court of Appeals for the Eleventh 11th Circuit, Related assigned *Case No.21-10205-E and Co-Case No.21-10207-E*, Case No. *21-12114-HH*, Case No. *21-13210-CC*, *Case No.* 21-13937-CC, *Case No.* 21-12452-HH from the United States District Court of *FL Southern USDC* Division of Broward and Fort Pierce under *Case No. 9:20-cv-81366-WPD*, Case No. *9:21-cv-80914-AHS*, Case No. *9:21-cv-80537-AMC*, Case No. *9:21-cv-80568-AMC*, Case No. *9:21-cv-80855-AMC*, Case No. *9:21-cv-81248-AMC*, Case No. *9:21-cv-81108-AMC*, Case No. *9:21-cv-81110-AMC* and Case No. *9:21-cv-81132-AMC* . These Appeals stems from a Bankruptcy Matters tolling under *Florida Southern USDC* West Palm Beach Division as to *Case Number: 20-11431-EPK*, presiding under Hon. Erik P Kimball under United The United States Bankruptcy Court being of the Southern District of Florida. These matters under DE NOVO Review related to *THE CHAPTER 13 TRUSTEE, KONE INC., Hon ERIK P KIMBALL, THE UNITED STATES TRUSTEE PROGRAM,THE UNITED STATES BANKRUPTCY COURT, JOANNA P TEMPONE, ROBIN R REINER., BARRY STEVEN MITTELBERG, K. DRAKE OZMENT P.A., KENNETH DRAKE OZMENT*, UNITED PARCEL SERVICE INC., U.S. BANK NATIONAL ASSOCIATION, U.S. BANK N.A., LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL HOLDINGS INC., HELSMAN MGMT LLC., CALIL LAW., INGER M GARCIA., U.S. BANK HOME MORTGAGE d/b/a U.S. BANK N.A., USBANCORP, CLAIM#1, CLAIM#2, CLAIM#3, CLAIM#4, CLAIM#5, CLAIM#6, OZMENT LAW P.A.,

4

APP. 4

KELEY JACOBSON P.A., SOVATHARY KELEY JACOBSON, KENNETH DRAKE OZMENT, OZMENT LAW P.A., MATTHEW L. TILLMA, BONIAL & ASSOCIATES, P.C, JOHN J. RAFFERTY, PETER KNAPP, BARRY STEVEN MITTELBERG, THE UNITED STATES DEPARTMENT OF EDUCATION, KELEY JACOBSON P.A., SOVATHARY KELEY JACOBSON, KENNETH DRAKE OZMENT, OZMENT LAW P.A., BARRY STEVEN MITTELBERG, FLORIDA DEPARTMENT OF EDUCATION,WELLS FARGO EDUCATION FINANCIAL SERVICES NELNET SERVICING LLC, NELNET TOTAL & PERMANENT DISABILITY, NELNET, INC, ECMC, ECMC GROUP, EDUCATION CREDIT MANAGEMENT CORPORATION GROUP, PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND INC.,  EXPERIAN INFORMATION SOLUTIONS, INC,TRANSITIONAL GUARANTY AGENCY ACCOUNT FFEL CONSOLIDATED MONETARY OF $31,713.00 AND CONTENTS THEREIN, THE UNITED STATES DEPARTMENT OF TREASURY BUREAU OF THE FISCAL SERVICE Acct#05........., THE UNITED STATES SOCIAL SECURITY, ADMINISTRATION and its' staff VELMA T BLAINE, ANTONIO MIGUEL QUINONES, BRIAN GARBER, ROSE MARY C BUEHLER, GAIL S. ENNIS, JAMES PEAVY, BRIDGETT R. JOHNSON, THE UNITED STATES POSTAL SERVICE,CLAIM#2, The Individuals, Corporations, Partnerships, Unincorporated Jane Does, John Does and all unknown persons who claim any interest in the subject matter of this action, and the Contents Therein identified on the contract of TRANSITIONAL GUARANTY AGENCY, et al., CLAIM#1, CLAIM#2,CLAIM#3, CLAIM#4, CLAIM#5,CLAIM#6, The Individuals, Corporations, Partnerships, Unincorporated Jane Does, John Does and all unknown persons who claim any interest in the subject matter of this action, and the Contents Therein identified on the contract of BARRY STEVEN MITTELBERG P.A., THE DEPARTMENT OF EDUCATION, U.S. BANK HOME MORTGAGE, d/b/a U.S. BANK N.A et al., as *Appellees, Debtors and Defendants* in the above-named case. The Notice of Appeal as to United States District Court Southern District of Florida Division of Fort Lauderdale and West Palm Beach Orders and Opinions thereto or underlying the

APP. 5

Order of Denials, including the Findings of Fact and Conclusions of Law, to Final and all previous and current rulings, opinions, proceedings, orders, findings, and decisions (whether oral or written). The Pending Bankruptcy Appeals as to *[D.E. No.367], [D.E.No.361], [D.E.No.351],[D.E. No.350], [D.E. No. 347], and* will consist of *Erik P Kimball Order's[D.E. No.367], [D.E.No.361], [D.E.No.351], [D.E. No.350], [D.E. No. 347], [D.E. No.286], [D.E. No. 285] [D.E. No.284], [D.E. No. 283][D.E. No.282], [D.E. No. 281] [D.E. No. 269] [D.E.No.223], [D.E.No.222], [D.E.No.220], [D.E.No.221],* [D.E.No.219], [D.E.No.218], [D.E.No.217], [D.E.No.216], [D.E.No.215],[D.E.No.223] [D.E.No.222], D.E.No.220], [D.E.No.219], D.E.No.218], [D.E.No.217], [D.E.No.216], [D.E.No.215], [D.E.No.214], [D.E.No.213], [D.E.No.212], [D.E.No.211], [D.E.No.210] [D.E.No.209], [D.E.No.208], [D.E.No.207], [D.E.No.199], [D.E.No.198], [D.E.No.194], [D.E.No.136], [D.E.No.133], [D.E.No.129], D.E.No.128], [D.E.No.126] [D.E.No.120], [D.E.No.106], [D.E.No.90], [D.E.No.86] [D.E.No.74], [D.E.No.64],[D.E.No.46] ,[D.E.No.44] [D.E.No.43], [D.E.No.36], [D.E.No.25], [D.E.No.24] ,[D.E.No.23] [D.E.No.18], [D.E.No.17], and [D.E.No.12]. In additional to include The FLORIDA FOURTH DISTRICT COURT OF APPEALS as to SPENCER D LEVINE, JONATHAN D. GERBER, ROBERT M. GROSS, MARTHA C. WARNER, ALAN O. FORST, JEFFREY T KUNTZ MELAINE G. MAY, LISA S WALSH, LONN WEISSBLUM and LYNN COLLETTI, the Florida Seventeenth (17th) Circuit Civil Lower State Judicial Officer Judge *Carol-Lisa Phillips,* Judicial Officer Judge *Milly Powell*, Judicial Officer Judge *David A Haimes* Orders and Opinions. Along with the Florida Nineteenth (19th) Circuit Civil Lower State Judicial Officer Judge *Elizabeth Ann Metzger*, Judicial Officer Judge *Janet Carney Croom*, Judicial Officer Judge *Barbara Bronis* Orders and Opinions thereto or underlying the Order of Denials, including the Findings of Fact and Conclusions of Law, to Final and all previous and current rulings, opinions, proceedings, orders, findings, and decisions (whether oral or written)to Final to Deny Reorganizers, Creditor and all previous and current rulings, opinions, proceedings, orders, findings, and decisions (whether oral or written), Interlocutory thereto or underlying the Order of Denials, including the Findings of Fact and Conclusions of Law entered on February 4,

APP. 6

2022, January 31, 2022, December 29, 2021, November 29, 2021, November 9, 2021, September 8, 2021, August 19, 2021, August 16, 2021, July 19, 2021, July 16, 2021, July 14, 2021, July 8, 2021, June 24, 2021, June 21, 2021, June 18, 2021, June 17, 2021, June 11, 2021 June 4, 2021, June 3, 2021, June 2, 2021, May 18, 2021, March 10, 2021 and March 11, 2021. *A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987). The Court also has the "power and the duty to define the issues at the earliest stages of litigation" in order to avoid "a massive waste of judicial and private resources." Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11 Cir. 1998).* The Court exercises its Broad Discretion as to the ADA Accommodations, Discriminatory Beliefs, Views as to the Malicious Injures as the Rescinded, Forged and Fraudulent Activity that Created Legal Malpractice that is continuing in Nature. LIBERTY MUTUAL GROUP, KONE, U.S. BANK HOME MORTGAGE, U.S. BANK N.A., USBANCORP, CLAIM#4, OZMENT LAW P.A., KELEY JACOBSON P.A., SOVATHARY KELEY JACOBSON, KENNETH DRAKE OZMENT, OZMENT LAW P.A., BONIAL & ASSOCIATES, P.C. PETER KNAPP, MATTHEW L. TILLMA, JOHN J. RAFFERTY, BARRY STEVEN MITTELBERG, CLAIM#6, The Individuals, Corporations, Partnerships, Unincorporated Jane Does, John Does and all unknown persons who claim any interest in the subject matter of this action, and the Contents Therein identified on the contract of BARRY S MITTELBERG P.A., UNITED PARCEL SERVICE INC., KONE INC., OZMENT LAW P.A., U.S. BANK HOME MORTGAGE, d/b/a U.S. BANK N.A et al., **in which directly related matters were** entered in these action on February 4, 2022, January 31, 2022, December 29, 2021, November 29, 2021, November 9, 2021, September 17, 2021, August 19, 2021, August 16, 2021, July 19, 2021, July 16, 2021, July 14, 2021. June 21, 2021, June 18, 2021, June 17, 2021, May 18, 2021, March 10, 2021 and March 11, 2021 as to Appellate: *Case Number: 9:21-cv-81108-AMC., Case Number: 9:21-cv-81110-AMC.(DUPLICATE), Case Number: 9:21-cv-80855-AMC., Case Number: 9:21-cv-80537-AMC., Case Number: 9:21-cv-8068-AMC, Case Number: 9:21-cv-81366-*

APP. 7

7

AMC. Those orders allow for immediate Appeal as to the entire record and from all previous rulings in this action, including the Order and Memorandum Opinion with or without Prejudice, and in all Related Cases on Appeal as to this Court *Broad Discretion* that has been invoked in Both Matters in additional relation to the Rescinded, Forged and Fraudulent Activity as to Relief, Relief, Damages and Declaration in Support, which the Malicious Injury Acts are continuing in nature.

APP.

# ELEVENTH CIRCUIT TRANSCRIPT INFORMATION FORM

## PART I.                    TRANSCRIPT ORDER INFORMATION

*Appellant to complete and file with the District Court Clerk and the Court of Appeals Clerk within 14 days of the filing of the notice of appeal in all cases, including those in which there was no hearing or for which no transcript is ordered.*

Short Case Style: Tamiko N Peele, TAMIKO N PEELE, etal ___ vs ___ United Parcel Service Inc., Liberty Mutual Group, etal

District Court No.: 21-cv-60855; 21-cv-80914 ___ Date Notice of Appeal Filed: 3/3/2022 ___ Court of Appeals No.: 21-13210-CC

(If Available)

CHOOSE ONE:  ☐ No hearing  ☐ No transcript is required for appeal purposes  ☒ All necessary transcript(s) on file
☐ I AM ORDERING A TRANSCRIPT OF THE FOLLOWING PROCEEDINGS:

*Check appropriate box(es) and provide all information requested:*

| HEARING DATE(S) | JUDGE/MAGISTRATE | COURT REPORTER NAME(S) |
|---|---|---|

☐ Pre-Trial Proceedings June 17, 2021, March 10, 2021, March 9, 2021, July 14, 2020, May 18, 2020, October 4, 2016, April 14, 2015,

☐ Trial August 20, 2021 and August 11, 2021

☐ Sentence

☐ Plea

☐ Other December 18, 2017 LIENS Transcript  Lower State Judge Lisa Carol Phillips UPS, Liberty Mutual, Barry Mittelberg, Jorge Calil

## METHOD OF PAYMENT:

☐ I CERTIFY THAT I HAVE CONTACTED THE COURT REPORTER(S) AND HAVE MADE SATISFACTORY ARRANGEMENTS WITH THE COURT REPORTER(S) FOR PAYING THE COST OF THE TRANSCRIPT.

☐ CRIMINAL JUSTICE ACT. Attached for submission to District Judge/Magistrate is my completed CJA Form 24 requesting authorization for government payment of transcript. [A transcript of the following proceedings will be provided ONLY IF SPECIFICALLY AUTHORIZED in Item 13 on CJA Form 24: Voir Dire; Opening and Closing Statements of Prosecution and Defense; Prosecution Rebuttal; Jury Instructions.]

Ordering Counsel/Party: _____

Name of Firm: _____

Street Address/P.O. Box: _____ Phone No.: _____

City/State/Zip Code: _____

*I certify that I have completed and filed PART I with the District Court Clerk and the Court of Appeals Clerk, sent a copy to the appropriate Court Reporter(s) if ordering a transcript, and served all parties.*

DATE: 3rd of March 2022  SIGNED: _____ Attorney for: Appellant's

## PART II.                    COURT REPORTER ACKNOWLEDGMENT

*Court Reporter to complete and file with the District Court Clerk within 14 days of receipt. The Court Reporter shall send a copy to the Court of Appeals Clerk and to all parties.*

Date Transcript Order received: _____

☐ Satisfactory arrangements for paying the cost of the transcript were completed on: _____

☐ Satisfactory arrangements for paying the cost of the transcript have not been made.

No. of hearing days: _____ Estimated no. of transcript pages: _____ Estimated filing date: _____

DATE: _____ SIGNED: _____ Phone No.: _____

NOTE: The transcript is due to be filed within 30 days of the date satisfactory arrangements for paying the cost of the transcript were completed unless the Court Reporter obtains an extension of time to file the transcript.

## PART III.   NOTIFICATION THAT TRANSCRIPT HAS BEEN FILED IN DISTRICT COURT

*Court Reporter to complete and file with the District Court Clerk on date of filing transcript in District Court. The Court Reporter shall send a copy to the Court of Appeals Clerk on the same date.*

This is to certify that the transcript has been completed and filed with the district court on (date): 3rd of March 2022

Actual No. of Volumes and Hearing Dates: _____

Date: 3rd of March 2022 ___ Signature of Court Reporter: _____

APP. 9      Rev. 11/13

## IV.   STATEMENT OF ISSUES ON CONSOLIDATED APPEAL AND NOTICE OF RELATED APPEALS

1. *Appellate Case: The United States Court of Appeals For the Eleventh Circuit Case No.21-10205-E and Co-Case No.21-10207-E, Case No. 21-12114-HH, Case No. 21-13210-CC, Case No. 21-13937-CC, Case No. 21-12452-HH. From FL Southern USDC Case No. 9:20-cv-81366-WPD, Case No. 9:21-cv-80914-AHS, Case No. 9:21-cv-80537-AMC, Case No. 9:21-cv-80568-AMC, Case No. 9:21-cv-80855-AMC, Case No. 9:21-cv-81248-AMC, Case No. 9:21-cv-81108-AMC, Case No.9:21-cv-81110-AMC and Case No.9:21-cv-81132-AMC*

A. The __First(1st)__ primary question presented is whether *The Magistrate William Matthewman and Bruce Reinhart, The Hon. Anuraag H Singhal, The Hon. Aileen M Canon, The Hon. William P. Dimitrouleas, The Hon. Erik P Kimball, The Chapter 13 Trustee Robin R Reiner, Attorney Matthew Girardi and Attorney Joanna P Tempone, was procedurally obligated to Recuse and Disqualify Themselves immediately after the Appellant's matters were before them and or was their discretion abused when __"The Court Suffered in Silence"__ With Judicial Overreached as to the Conflicts of Financial, Business, Professional and Working Interest when it made it's Ordered Opinions that greatly used their Ideologies, Philosophies and Beliefs, to adversely bias The Appellant's, while greatly Favoring, The State of Florida through its' Fourth District Court of Appeals, its __17th and 19th Judicial Circuits__ and  The Florida Bar as to The Liberty Mutual Group, Liberty Mutual Insurance, Old Republic, The U.S. Bank Home Mortgage d/b/a U.S. Bank N.A., The United Parcel Service Inc., Barry Steven Mittelberg, Kenneth Drake Ozment, Kenneth Drake Ozment P.A., Keley Jacobson P.A., Sovathary Keley Jacobson, Ozment Law P.A, __BONIAL & ASSOCIATES, P.C. JOHN J. RAFFERTY, MATTHEW L. TILLMA and PETER KNAPP__ ability to alter amend and or bypass The Rule of Law without "Due Process" with no Meaningful Relief or Remedy in relations to US Supreme Court Decision __In: Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934)__, The Uniform Code of Commerce, The United States Constitution and it's Bill Of Rights, Judicial Estoppel, The Unclean Hands Doctrine and the Four Corner's Rule Doctrine?*

APP. 10

2. *Appellate Case: The United States Court of Appeals For the Eleventh Circuit Case No.21-10205-E and Co-Case No.21-10207-E, Case No. 21-12114-HH, Case No. 21-13210-CC, Case No. 21-13937-CC, Case No. 21-12452-HH, From FL Southern USDC Case No. 9:20-cv-81366-WPD, Case No. 9:21-cv-80914-AHS, Case No. 9:21-cv-80537-AMC, Case No. 9:21-cv-80568-AMC, Case No. 9:21-cv-80855-AMC, Case No. 9:21-cv-81248-AMC, Case No. 9:21-cv-81108-AMC Case No.9:21-cv-81110-AMC and Case No.9:21-cv-81132-AMC*

B. The **Second(2nd)** primary question presented is whether *The Magistrate*

*William Matthewman and Bruce Reinhart, The Hon. Anuraag H Singhal, The Hon.*

*Aileen M Canon, The Hon. William P. Dimitrouleas, The Hon. Erik P Kimball, The*

*Chapter 13 Trustee Robin R Reiner, Attorney Matthew Girardi and Attorney Joanna P*

*Tempone,* who has the controlling Jurisdiction is allowed to relinquish jurisdiction to, The

United States of America Corporation through it's Trustee Program, It's United States

Department of Justice, it's United States Social Security Administration, its' United

States Department of Treasury Offset Unit, The Chapter 13 Trustee Robin R Weiner, it's

United States Department of Education Offset Unit, The State Of Florida Department of

Revenue Offset Unit, The State of Florida, The Florida Fourth District Court of Appeals,

*Lower State Judicial Officers Judge Carol Lisa Phillips and, Lower State Judicial*

*Officers Judge Elizabeth Ann Metzger,* The Individuals, Corporations, Partnerships,

Unincorporated  Claim#1, Claim#2, Claim#3, Claim#4, Claim#5, Claim#6 , Jane Does,

John Does and all unknown persons who claim any interest in the subject matter of these

actions, and the Contents Therein identified on the alleged closing statements of  all the

*Appellees* while under the Appellate Review, Bankruptcy Act Protections, Post

Confirmation and Relief Measures?

APP. 11

3. *Appellate Case: The United States Court of Appeals For the Eleventh Circuit Case No.21-10205-E and Co-Case No.21-10207-E, Case No. 21-12114-HH, Case No. 21-13210-CC, Case No. 21-13937-CC, Case No. 21-12452-HH, From FL Southern USDC Case No. 9:20-cv-81366-WPD, Case No. 9:21-cv-80914-AHS, Case No. 9:21-cv-80537-AMC, Case No. 9:21-cv-80568-AMC, Case No. 9:21-cv-80855-AMC, Case No. 9:21-cv-81248-AMC, Case No. 9:21-cv-81108-AMC Case No.9:21-cv-81110-AMC and Case No.9:21-cv-81132-AMC*

C. The ***Third(3rd)*** primary question presented is whether the United States of America Corporation through the United States Trustee Program with members Hon. *Erik P Kimball, Chapter 13 Trustee Robin R Tempone, and Staff Attorney Matthew Girardi and Deputy Clerk Cameron Cardic With Judicial Over Reach and Gross Conflicts of Interests Can Alter, Amend and Dismiss The Appeal after Payment was Made in essence stripping One Power to Appellate Due Process with Constitutional Abuse as to their discretion as to "Harsh Treatment" and use Ideologies, Philosophies and Beliefs, while Tort Interference with the Rule of Law, while Judicially overreaching, erroring in denying the Reorganizers Reasonable Accommodations under the ADA, The Right To File and Docket Pleadings, The Right To Participate In the Trustee Program and Refinance The U.S. Bank Home Mortgage d/b/a U.S. Bank N.A.* while paying the Chapter 13 Plan in It's Entirety Before Dismissal and the Denial of the "All" meaningful Relief Sought while NOT" have the controlling Jurisdiction is allowed to make appellate matters "MOOT", while relinquishing jurisdiction to, The United States Social Security Administration, The United States Department of Treasury Offset Unit, The Chapter 13 Trustee Robin R Weiner, The United States Department of Education Offset Unit, The State Of Florida Department of Revenue Offset Unit, The State of Florida, The Florida Fourth District Court of Appeals, *Lower State Judicial Officer Judge Carol Lisa Phillips and, Lower State Judicial Officer Judge Elizabeth Ann Metzger.* The Individuals, Corporations, Partnerships, Unincorporated Claim#1, Claim#2, Claim#3,Claim#4, Claim #5, Claim#6 , Jane Does, John Does and all unknown persons who claim any interest in the subject matter of these actions, and the Contents Therein identified on the alleged contracts of all Known and Unknown Appellees while under Bankruptcy Act Protection, Post Confirmation, while denying any form of Relief and Dismissing the Confirmed Plan while under Appellate Review?

12

APP.1

V.    INDEX OF DESIGNATED RECORDS ON APPEAL

| PAGE NUMBERS | DOCUMENT DESCRIPTION | DATE |
|---|---|---|
| | Appellants Joint Consolidated Notice of Appeal as to United Parcel Service Inc., Liberty Mutual, The United States of America through it's Social Security Administration, Barry Steven Mittelberg, Kenneth Drake Ozment etal and Statement of Issues as to Assigned *Case No. 9:21-cv-80914-AMC and 9:21-cv-80855* | March 3, 2022 |
| | **Exhibit"A"** This Record Represent the Honorable USDC *Justice of Justice Aileen M Canon* Memorandum of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568,* Case No. *9:21-cv-80855,,* Case No. *9:21-cv-81248,* Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132,* Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.31] [D.E. No.30] | February 4, 2022 |
| | **Exhibit"B"** This Record Represent the Honorable USDC Justice of Justice *Aileen M Canon* Memorandum of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568,* Case No. *9:21-cv-80855,,* Case No. *9:21-cv-81248,* Case No. *9:21-cv-81108* Case | February 4, 2022 |

APP.1

| | | |
|---|---|---|
| | No. *9:21-cv-81110* and Cases No. *9:21-cv-81132,* Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.39] | |
| | Exhibit"C" This Record Represent the US Eleventh Circuit Court of Appeal, Clerks and Honorable Justice of Justices *Pryor, Luck, Lagoa, Grant, Branch, Rosenbum* Jurisdiction Question Order under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.38] | December 29, 2021 |
| | Exhibit"D" This Record Represent the Honorable USDC Justice of Justice *Aileen M Canon* Memorandum of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568,* Case No. *9:21-cv-80855,.* Case No. *9:21-cv-81248,* Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132,* Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.37] | November 29, 2021 |
| | Exhibit"E" This Record Represent the Honorable | November |

APP.1

| | | |
|---|---|---|
| | USDC Justice of Justice *Aileen M Canon* Memorandum of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568,* Case No. *9:21-cv-80855,* Case No. *9:21-cv-81248,* Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132,* Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.23] | 15, 2021 |
| | **Exhibit"F"** This Record Represent the Honorable USDC Justice of Justice *Aileen M Canon* Memorandum of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568,* Case No. *9:21-cv-80855,* Case No. *9:21-cv-81248,* Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132,* Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.21] | November 12, 2021 |
| | **Exhibit"G"** This Record Represent the Honorable USDC Justice of Justice *Aileen M Canon* Memorandum | November |

APP.15

| | | |
|---|---|---|
| | of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914*, with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537*, Case No. *9:21-cv-80568*, Case No. *9:21-cv-80855*, Case No. *9:21-cv-81248*, Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132*, with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.20] | 9, 2021 |
| | Exhibit"H" This Record Represent the Honorable USDC Justice of Justice *Aileen M Canon* Memorandum of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914*, with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537*, Case No. *9:21-cv-80568*, Case No. *9:21-cv-80855*, Case No. *9:21-cv-81248*, Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132*, Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.22] | November 9, 2021 |
| | Exhibit"I" This Record Represent the US Eleventh Circuit Court of Appeal, Clerks and Honorable | October 15, 2021 |

APP.16

16

| | | |
|---|---|---|
| | Justice of Justices *Pryor, Luck, Lagoa, Grant, Branch, Rosenbum* Jurisdiction Question Order under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.15] | |
| | Exhibit"J"  This Record Represent the Honorable USDC *Magastriate William Matthewman* Memorandum of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568,* Case No. *9:21-cv-80855,,*  Case No. *9:21-cv-81248,* Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132,*Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal  to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.28] | August 19, 2021 |
| | Exhibit"K"  This Record Represent the Lower Jusicial State Judge Lisa Carol Phillips Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman and Bruce Reinhart* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | August 16, 2021 |
| | Exhibit"L"  This Record Represent the Honorable USDC *Justice of Justice Anuraag H Singhal* Memorandum of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. | August 16, 2021 |

APP.17

| | | |
|---|---|---|
| | Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537*, Case No. *9:21-cv-80568*, Case No. *9:21-cv-80855*, Case No. *9:21-cv-81248*, Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132*, Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.25] | |
| **Exhibit"M"** This Record Represent the Lower Judicial State Judge Lisa Carol Phillips Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman and Bruce Reinhart* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | August 17, 2021 |
| **Exhibit"N"** This Record Represent the Honorable USDC Justice of Justice Aileen M Canon Memorandum of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914*, with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537*, Case No. *9:21-cv-80568*, Case No. *9:21-cv-80855*, Case No. *9:21-cv-81248*, Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132*, Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, | July 16, 2021 |

APP.18

| | Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.6] | |
|---|---|---|
| | Exhibit"O"  This Record Represent the Honorable USDC Justice of Justice *Aileen M Canon* Memorandum of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568,* Case No. *9:21-cv-80855,,* Case No. *9:21-cv-81248,* Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132,*Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal  to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case No.13210-CC; [D.E. No.5] | June 29, 2021 |
| | Exhibit"P"  This Record Represent the Honorable USDC *Justice of Justice Anuraag H Singhal* Memorandum of Omnibus Orders as Consolidated and or Related Cases From of the United States District Court for the Southern District of Florida in Pendency Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568,* Case No. *9:21-cv-80855,,* Case No. *9:21-cv-81248,* Case No. *9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No. *9:21-cv-81132,*Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal  to Bankruptcy Proceeding Matters under the United States Court Of Appeal Eleventh Circuit as to Appellees: Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH, Case No. 21-13937-CC and Case | June 11, 2021 |

APP.19

| No.13210-CC; [D.E. No.15] | | |
|---|---|---|
| | Exhibit"Q"  This Record Represent the Lower Judicial State Judge Elizabeth Metzger Order with Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#4 and The United States of America Claims through the U.S. Bank Home Mortgage d/b/a U.S. Bank N.A., Social Security Administration and The Federal Housing Administration | January 26, 2021 |
| | Exhibit"R"  This Record Represent the Lower Judicial State Judge Lisa Carol Phillips Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal*  and *Magistrate William Matthewman and Bruce Reinhart* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | September 11, 2020 |
| | Exhibit"S"  This Record Represent the Lower Judicial State Judge Lisa Carol Phillips Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman and Bruce Reinhart* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | September 9, 2020 |
| | Exhibit"T"  This Record Represent the Lower Judicial State Judge Lisa Carol Phillips Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal*  and *Magistrate William Matthewman* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | May 27, 2020 |
| | Exhibit"U"  This Record Represent the Lower Judicial State Judge Lisa Carol Phillips Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal*  and *Magistrate William Matthewman and Bruce Reinhart*  Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the | May 27, 2020 |

APP.20

| | | |
|---|---|---|
| | alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | |
| | **Exhibit"V"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge *Janet Carney Croom* Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman and Bruce Reinhart* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | January 17, 2020 |
| | **Exhibit"W"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge Elizabeth Ann Metzger Order with Conflicts of Interest "Attempting" To Preclude the Appellants from Representation and Defend the Unlawfully U.S. Bank Home Mortgage d/b/a U.S. Bank N.A. *This act and action have been instructed through the State of Florida and it's Fourth District Court of Appeals, The 19th and 17th Judicial Circuits and the United States District Court of Florida Southern Division* | January 28, 2020 |
| | **Exhibit"X"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge *Janet Carney Croom* Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman and Bruce Reinhart* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | December 31, 2019 |
| | **Exhibit"Y"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge *Janet Carney Croom* Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman and Bruce Reinhart* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims | December 12, 2019 |

APP.21

| | | |
|---|---|---|
| | through the Social Security Administration and The Department of Education. | |
| | **Exhibit"Z"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge *Janet Carney Croom* Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman and Bruce Reinhart* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | December 12, 2019 |
| | **Exhibit"Aa"** This Record Represent The Florida's Supreme Court as to Lower Judicial State Judge Lisa Carol Phillips Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | Nov 22, 2019 |
| | **Exhibit"Ab"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge *Janet Carney Croom* Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | September 17, 2019 |
| | **Exhibit"Ac"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge *Janet Carney Croom* Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | September 17, 2019 |
| | **Exhibit"Ad"** This Record Represent The Florida's | July 17, |

APP.22

| | | |
|---|---|---|
| | Fourth District Court of Appeals(4DCA) Lower Judicial State Judge *Janet Carney Croom* Order with Conflicts of Interest with ***Justice of Justice Anuraag H Singhal*** and ***Magistrate William Matthewman*** Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | 2019 |
| | **Exhibit"Ae"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge *Janet Carney Croom* Order with Conflicts of Interest with ***Justice of Justice Anuraag H Singhal*** and ***Magistrate William Matthewman*** Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | July 10, 2019 |
| | **Exhibit"Af"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge *Janet Carney Croom* Order with Conflicts of Interest with ***Justice of Justice Anuraag H Singhal*** and ***Magistrate William Matthewman*** Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | July 10, 2019 |
| | **Exhibit"Ag"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge *Janet Carney Croom* Order with Conflicts of Interest with ***Justice of Justice Anuraag H Singhal*** and ***Magistrate William Matthewman*** Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | July 9, 2019 |
| | **Exhibit"Ah"** This Record Represent the Lower Judicial State *Judge Barbara Bronis* Order with Gross Violation to Stay without Jurisdiction Making this | May 8, 2019 |

APP. 23

| | | |
|---|---|---|
| | Order "MOOT" as to the alleged Liens, Claim#4 and The United States of America Claims through the U.S. Bank Home Mortgage d/b/a U.S. Bank N.A., Social Security Administration and The Federal Housing Administration | |
| | **Exhibit"Ai"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge _Janet Carney Croom_ Order with Conflicts of Interest with **_Justice of Justice Anuraag H Singhal_** and **_Magistrate William Matthewman_** Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | May 22, 2019 |
| | **Exhibit"Aj"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge Janet Carney Croom Order with Conflicts of Interest with **_Justice of Justice Anuraag H Singhal_** and **_Magistrate William Matthewman_** Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | May 22, 2019 |
| | **Exhibit"Ak"** This Record Represent The Florida's Fourth District Court of Appeals(4DCA) Lower Judicial State Judge Lisa Carol Phillips Order with Conflicts of Interest with **_Justice of Justice Anuraag H Singhal_** and **_Magistrate William Matthewman_** Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | April 2, 2019 |
| | **Exhibit"Al"** This Record Represent the Lower Judicial State _Judge Barbara Bronis_ Order with Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#4 and The United States of America Claims through the U.S. Bank Home Mortgage d/b/a U.S. Bank N.A., Social Security Administration and The Federal Housing | February 7, 2019 |

APP.24

| | | | |
|---|---|---|---|
| | | Administration | |
| | | **Exhibit"Am"** This Record Represent the Lower Judicial State *Judge David A Haines* Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | March 12, 2018 |
| | | **Exhibit"An"** This Record Represent the Lower Judicial State *Judge Janet Carney Croom* Order with Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#4 and The United States of America Claims through the U.S. Bank Home Mortgage d/b/a U.S. Bank N.A., Social Security Administration and The Federal Housing Administration | March 23, 2018 |
| | | **Exhibit"Ao"** This Record Represent the Lower Judicial State *Judge Janet Carney Croom* Order with Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#4 and The United States of America Claims through the U.S. Bank Home Mortgage d/b/a U.S. Bank N.A., Social Security Administration and The Federal Housing Administration | April 3, 2018 |
| | | **Exhibit"Ap"** This Record Represent the Lower Judicial State *Judge Janet Carney Croom* Order with Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#4 and The United States of America Claims through the U.S. Bank Home Mortgage d/b/a U.S. Bank N.A., Social Security Administration and The Federal Housing Administration | April 4, 2018 |
| | | **Exhibit"Aq"** This Record Represent the Lower Judicial State *Judge Janet Carney Croom* Order with Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#4 and The United States of America Claims through the U.S. Bank Home Mortgage d/b/a U.S. Bank N.A., Social Security Administration and The Federal Housing Administration | April 4, 2018 |

APP.2

| | | |
|---|---|---|
| | **Exhibit"Ar"** This Record Represent the Lower Judicial State *Judge Janet Carney Croom* Order with Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#4 and The United States of America Claims through the U.S. Bank Home Mortgage d/b/a U.S. Bank N.A., Social Security Administration and The Federal Housing Administration | April 4, 2018 |
| | **Exhibit"As"** This Record Represent the Lower Judicial State *Judge Janet Carney Croom* Order with Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#4 and The United States of America Claims through the U.S. Bank Home Mortgage d/b/a U.S. Bank N.A., Social Security Administration and The Federal Housing Administration | May 8, 2018 |
| | **Exhibit"At"** This Record Represent the Lower Judicial State *Judge David A Haimes* Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | May 15, 2018 |
| | **Exhibit"Au"** This Record Represent the Lower Judicial State *Judge Janet Carney Croom* Order with Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#4 and The United States of America Claims through the U.S. Bank Home Mortgage d/b/a U.S. Bank N.A., Social Security Administration and The Federal Housing Administration | June 5, 2018 |
| | **Exhibit"Av"** This Record Represent the Lower Judicial State *Judge Janet Carney Croom* Order with Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#4 and The United States of America Claims through the U.S. Bank Home Mortgage d/b/a U.S. Bank N.A., Social Security Administration and The Federal Housing Administration | November 14, 2018 |
| | **Exhibit"Aw"** This Record Represent the Lower | April 14, |

APP.2

| | | |
|---|---|---|
| | Judicial State Judge Lisa Carol Phillips Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | 2016 |
| | **Exhibit"Ax"** This Record Represent the Lower Jusioial State Judge Miranda Guiseppina Order with Conflicts of Interest with *Justice of Justice Anuraag H Singhal* and *Magistrate William Matthewman* Gross Violation to Stay without Jurisdiction Making this Order "MOOT" as to the alleged Liens, Claim#6 and The United States of America Claims through the Social Security Administration and The Department of Education. | May 4, 2015 |
| | **Exhibit"Ay"** Bankruptcy Filed Motion To Value And Determine Secured Status Of Lien on Real/Personal Property as to U.S. Bank Home Mortgage d/b/a U.S. Bank N.A..[D.E.No.220] | May 17, 2021 |
| | **Exhibit"Az"** Bankruptcy Filed Motion To Value And Determine Secured Status Of Lien on Real/Personal Property as to The United States Social SecurityAdministration d/b/a ECMC Nelnet, The State of Florida Department of Educatiuon, The United Satates Department of Education, Chapter 13 Trustee Barry Mittelberg, John Eaton, Kenneth Drake Ozment, Experian., etal.[D.E.No.222] | May 14, 2021 |
| | **Exhibit"Ba"** Bankruptcy Filed Motion To Value And Determine Secured Status Of Lien on Real/Personal Property as to United Parcel Service Inc., Liberty Mutual Group, Barry Steven Mittelberg, Jorge Calil, Inger Garcia, The Social Security Administration, etal [D.E.No.222] | May 13, 2021 |
| | **Exhibit"Bb"** Bankruptcy Filed Motion To Value And Determine Secured Status Of Lien on Real/Personal Property as to Regent Bank, StoneGate Bank, Centennial Bank, U.S.Bank Home Mortgage d/b/a U.S. Bank N.A. etal.[D.E.No.221] | May 13, 2021 |
| PAGE | *CERTIFIED TRANSCRIPTS* | DATE |

APP.27

| NUMBERS | | |
|---|---|---|
| | **Exhibit"Bc"** Transcript of Certified Record As to the Honorable Erik P Kimball Dismisal of the Appellant's Chapter 13 Plan after a 100% Confirmation, and while under Appellate, after granting of Stay and Rehearing. | June 17, 2021 |
| | **Exhibit"Bd"** Transcript of Certified Record As to The Statements of *BARRY STEVEN MITTELBERG and BARRY STEVEN*. Showing his Special Conflict of Interest as to the State Matter and the Liens Allowed as a Direct Pay of The State of Florida, etal but not limited to | March 10, 2021 |
| | **Exhibit"Be"** Transcript of Certified Record As to The Statements of *BARRY STEVEN MITTELBERG and BARRY STEVEN*. Showing his Special Conflict of Interest as to the State Matter and the Liens Allowed as a Direct Pay of The State of Florida, etal but not limited to | March 9, 2021 |
| | **Exhibit"Bf"** Transcript of Certified Record As to U.S. Bank Home Mortgage d/b/a U.S. Bank N.A. Bondial and Associates, Kenneth Drake Ozment, Ozment Law P.A. and Keley Jacbson, etal Hearing as to the Denial of of Appellant's Negative Notice and Sanctions of Mortgage, Mediation, Modification Program and Legal Malpractice Matters | August 20, 2020 |
| | **Exhibit"Bg"** Transcript of Certified Record As to Kenneth Drake Ozment, Ozment Law P.A. and Keley Jacbson, etal Hearing as to the Granting of Withdrawal of Appellant's Matters | August 11, 2020 |
| | **Exhibit"Bh" "** Transcript of Certified Record As to the 341 meeting of the Creditors as to the Statements of Chapter 13 Trustee Stating *"....because if Mr. Mittelberg files bankruptcy, anything in his trust account that's part of a settlement for a client, I mean, that's not a personal asset of his. That's not something where these debtors should have to file a claim to recover that. That's part of doing his job. If* | July 14, 2020 |

28

APP.

| | | |
|---|---|---|
| | *it's accurate the Mr. Mittelberg recovered funds for the debtor and just did not turn them over, I mean, that's mismanagement of trust, that's something that would absolutely have to be referred to the Florida Bar."Chapter 13 Trustee office Matthew Girardi* | |
| | Exhibit"Bi"" Transcript of Certified Record As to the Confirmation Meeting of the Creditors and Striken Claims as to Non-Objections Chapter 13 Trustee | May 18, 2020 |
| | Exhibit"Bj" Transcript of Certified Record As to the Lien Hearing of Hon. Lisa Carol Phillips Retained Representation as to the Statements of *JORGE CALIL, INGER GARCIA, JASON PHILLIPS, BARRY STEVEN MITTELBERG BARRY STEVEN.*, KONE INC., United Parcel Service inc., Liberty Mutual Group., etal Showing his Special Conflict of | December 18, 2017 |
| | Exhibit"Bk" Transcript of Certified Record As to the 341 meeting of the Creditors as to the Statements of *BARRY STEVEN MITTELBERG and BARRY STEVEN.* Showing his Special Conflict of Interest as to the State Matter and the Liens and the Intentionally Sabotaging the Case as to his Debts owed to Stonegate Bank. U.S Bank Home Mortgage d/b/a/ U.S. Bank N.A., Regent Bank, *Stonegate Bank,* Property Transfer Inc, Victoria Ruiz, The State of Florida, etal but not limited to | October 4, 2016 |
| | Exhibit"Bl" Transcript of Certified Record As to the *KENNETH DRAKE OZMENT, OZMENT LAW P.A. and or Staff* etal as to *the Chief Justice of Justice Paul G Hyman Jr* Statement Regarding Legal Malpractice in which the Appellant's are Requesting for Relief as to the Malicious Injuries that are continuing in Nature. But not limited to | April 14, 2015 |

| PAGE NUMBERS | DOCUMENT DESCRIPTION *U.S. COURT OF APPEALS 11TH CIRCUIT RECORDS* | DATE |
|---|---|---|

APP

| 1-2 | **Exhibit"A"** Appellants Notice of Appeal as to Barry Steven Mittelberg, etal and Statement of Issues Filed on 2020, Assigned *Case No. 9:20-cv-81366-WPD* | August 21, 2020 |
|---|---|---|
| 3-13 | **Exhibit"B"** Appellants Notice of Appeal as to Kenneth Drake Ozment, etal and Statement of Issues Filed on 2021, Assigned *Case No. 9:21-cv-80537* | March 11, 2021 |
| 14-25 | **Exhibit"C"** Appellants Notice of Appeal as to US Bank Home Mortgage d/b/a US Bank N.A. and Statement of Issues Filed on 2021, Assigned *Case No. 9:21-cv-80568* | March 16, 2021 |
| 26-40 | **Exhibit"D"** Appellants Notice of Appeal as to The United States Social Security Administration, The United States Department of Education, the United States Postal Service Inc., ECMC, Nelnet, Barry Steven Mittelberg, Kenneth Drake Ozment., etal and Statement of Issues Filed on 2021, Assigned *Case No.9:21-cv-80855* | May 27, 2021 |
| 41-65 | **Exhibit"E"** Appellants Notice of Appeal as to The United Parcel Service Inc., Kone Inc., Liberty Mutual Insurance., US Bank Home Mortgage d/b/a US Bank NA., United States Social Security Administration, The United States Department of Education, the United States Postal Service Inc., ECMC, Nelnet, Barry Steven Mittelberg, Kenneth Drake Ozment., etal and Statement of Issues Filed on 2021, Assigned *Case No. 9:21-cv-80914* | June 9, 2021 |
| 66-100 | **Exhibit"F"** Appellants Bankruptcy Notice of Appeal as to The United States Social Security Administration, The United States Department of Education, the United States Postal Service Inc., ECMC, Nelnet, Barry Steven Mittelberg, Kenneth Drake Ozment., etal and Statement of Issues Filed on 2021, Assigned *Case No.9:21-cv-81248, 9:21-cv-81108 9:21-cv-81110* and Cases No. *9:21-cv-81132,* | July 16, 2021 |
| 101-127 | **Exhibit"G"** AMENDED Appellants Notice of Appeal as to The United States Social Security Administration, The United States Department of Education, the United States Postal Service Inc., | June 9, 2021 |

APP.

| | | |
|---|---|---|
| | ECMC, Nelnet, Barry Steven Mittelberg, Kenneth Drake Ozment., etal and Statement of Issues Filed on 2021, Assigned *Case No.9:21-cv-80855*, Case No. *9:21-cv-81108* Case No | |
| 128-155 | **Exhibit"H"** AMENDED Joint Appellants Notice of Appeal as to The United States Social Security Administration, The United States Department of Education, the United States Postal Service Inc., ECMC, Nelnet, Barry Steven Mittelberg, Kenneth Drake Ozment., etal and Statement of Issues Filed on 2021, Assigned *Case No.9:21-cv-81248* | June 30, 2021 |
| 156-162 | **Exhibit"I"** Appellants Robert L Walker Amended Notice of Appeal Barry Steven Mittelberg, etal and Statement of Issues Filed on 2021, Assigned *Case No. 21-10205-E and Case No. 21-10207-E* | March 1, 2021 |
| 163-169 | **Exhibit"J"** Appellant's Tamiko N Peele Amended Notice of Appeal Barry Steven Mittelberg, etal and Statement of Issues Filed on 2021, Assigned *Case No. 21-10205-E and Case No. 21-10207-E* | February 11, 2021 |
| 170-186 | **Exhibit"K"** Appellants Notice of Appeal and Statement of Issues Filed on 2021, Assigned Case No. 21-12114-HH | July 9, 2021 |
| 187-204 | **Exhibit"L"** Appellants Notice of Appeal and Statement of Issues Filed on 2021, Assigned Case No. 21-12452-HH | July 19, 2021 |
| 205-233 | **Exhibit"M"** Transcript of Certified Record As to the Honorable Erik P Kimball Dismisall of the Appellant's Chapter 13 Plan after a 100% Confirmation, and while under Appellate, after granting of Stay and Rehearing. | June 17, 2021 |
| 234-240 | **Exhibit"N"** Transcript of Certified Record As to U.S. Bank Home Mortgage d/b/a U.S. Bank N.A. Bondial and Associates, Kenneth Drake Ozment, Ozment Law P.A. and Keley Jacbson, etal Hearing as to the Denial of of Appellant's Negative Notice and Sanctions of Mortgage, Mediation, Modification Program and Legal Malpractice Matters | August 20, 2020 |
| 241-245 | **Exhibit"O"** Transcript of Certified Record As to Kenneth Drake Ozment, Ozment Law P.A. and | August 11, 2020 |

APP

| | | |
|---|---|---|
| | Keley Jacbson, etal Hearing as to the Granting of Withdrawal of Appellant's Matters | |
| 246-281 | **Exhibit"P"** Transcript of Certified Record As to The Statements of *BARRY STEVEN MITTELBERG and BARRY STEVEN*. Showing his Special Conflict of Interest as to the State Matter and the Liens Allowed as a Direct Pay of The State of Florida, etal but not limited to | March 10, 2021 |
| 282-289 | **Exhibit"Q"** Transcript of Certified Record As to The Statements of *BARRY STEVEN MITTELBERG and BARRY STEVEN*. Showing his Special Conflict of Interest as to the State Matter and the Liens Allowed as a Direct Pay of The State of Florida, etal but not limited to | March 9, 2021 |
| 290-303 | **Exhibit"R" "** Transcript of Certified Record As to the Confirmation Meeting of the Creditors and Striken Claims as to Non-Objections Chapter 13 Trustee | May 18, 2020 |
| 304-309 | **Exhibit"S" "** Transcript of Certified Record As to the 341 meeting of the Creditors as to the Statements of Chapter 13 Trustee Stating*"….because if Mr. Mittelberg files bankruptcy, anything in his trust account that's part of a settlement for a client, I mean, that's not a personal asset of his. That's not something where these debtors should have to file a claim to recover that. That's part of doing his job. If it's accurate the Mr. Mittelberg recovered funds for the debtor and just did not turn them over, I mean, that's mismanagement of trust, that's something that would absolutely have to be referred to the Florida Bar."*Chapter 13 Trustee office Matthew Girardi | July 14, 2020 |
| 310-311 | **Exhibit"T"** Transcript of Certified Record As to the *KENNETH DRAKE OZMENT, OZMENT LAW P.A. and or Staff* etal  as to *the Chief Justice of Justice  Paul G Hyman Jr* Statement Regarding Legal Malpractice in which the Appellant's are Requesting for Relief as to the Malicious Injuries | April 14, 2015 |

APP

| | that are continuing in Nature. But not limited to | |
|---|---|---|
| 312-327 | Exhibit"U" Transcript of Certified Record As to the 341 meeting of the Creditors as to the Statements of *BARRY STEVEN MITTELBERG and BARRY STEVEN*. Showing his Special Conflict of Interest as to the State Matter and the Liens and the Intentionally Sabotaging the Case as to his Debts owed to Stonegate Bank. U.S Bank Home Mortgage d/b/a/ U.S. Bank N.A., Regent Bank, *Stonegate Bank*, Property Transfer Inc, Victoria Ruiz, The State of Florida, etal but not limited to | October 4, 2016 |
| 328-329 | Exhibit"V" US Eleventh Circuit Court of Appeal, Clerks and Honorable Justice of Justice Jurisdiction Question Order under Case. No. 21-12114-HH | July 29, 2021 |
| 330-332 | Exhibit"W" US Eleventh Circuit Court of Appeal, Clerks and Honorable Justice of Justice Jurisdiction Question Order Case No. 21-10205-E and 21-10207-E | June 16, 2021 |
| 333-336 | Exhibit"X" US Eleventh Circuit Court of Appeal, Clerks and Honorable Justice of Justice Jurisdiction Question Order Case No. 21-10205-E and 21-10207-E | March 24, 2021 |
| 337-339 | Exhibit"Y" US Eleventh Circuit Court of Appeal Honorable Justice of Justice Charles Wilson Order on Striking Justice of Justice Kenneth Marra Pleadings as to Appellants on Appeal in relations to the Minor as to The State Of Florida, Governor Rick Scott, Chater School USA, Renaissance Charter School, | November 1, 2019 |
| 340-440 | Exhibit"Z" US Eleventh Circuit Court of Appeal Honorable Justice of Justice Charles Wilson Order on Liberty Mutual Insurance, Company, Liberty Mutual Group, Helsman Mgmt. LLC, Kone Inc, Kone Holdings, Kone Elevators, JORGE ALBERTO CALIL, CALIL LAW *BARRY STEVEN MITTELBERG and BARRY STEVEN MITTELBERG P.A.,* Jason Brian Phillips, Social Security Administration Cease and Desist Order and the Appellants Reply to the Motion as to the Fl Bar Findings, Alleged Liens, Closing Statements | December 3, 2018 |

APP.3

| | | |
|---|---|---|
| | that allowed the Justice of Justice Honorable Charles Wilson to DENY the Appellee their Motion as to the Matters on Appeal currently | |
| 441-441 | **Exhibit"Aa"** This Record Represent Honorable USDC Justice of Justice Anuraag H Singhal, Order the Appellants Matter of Transfer as to Recusal Order Granting Stay as to All Bankruptcy Proceeding Until Full Disposition as Matters is under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-H | August 19, 2021 |
| 442-442 | **Exhibit"Ab"** This Record Represent Honorable USDC Justice of Justice Anuraag H Singhal, Order the Appellants Matter of Transfer as to Recusal Order Granting Stay as to All Bankruptcy Proceeding Until Full Disposition as Matters is under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No. 21-12452-H | August 16, 2021 |
| 443-444 | **Exhibit"Ac"** This Record Represent the Honorable USDC Justice of Justice Aileen M Canon Order Granting Stay as to All Bankruptcy Proceeding Until Full Disposition as Matters is under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature under Case No. 21-10205-E, Case No. 21-10207-E, Case No. 21-12114-HH and Case No.21-12452-HH | June 24, 2021 |
| 445-446 | **Exhibit"Ad"** This Record Represent the Honorable USDC Justice of Justice Aileen M Canon Order DENYING Stay as to All Bankruptcy Proceeding Until Full Disposition as Matters is under the United States Court Of Appeal Eleventh | June 8, 2021 |

APP. 3

| | | |
|---|---|---|
| | Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Under Case No. 21-12114-HH | |
| 447-448 | **Exhibit"Ae"** This Record Represent the Honorable USDC Justice of Justice William P Dimitrouleas Conflicting Orders from the Notice of Removal in 2017 until the Malicious Injuries that are under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature | February 24, 2021 |
| 449-450 | **Exhibit"Af"** This Record Represent the Honorable USDC Justice of Justice William P Dimitrouleas Conflicting Orders from the Notice of Removal in 2017 until the Malicious Injuries that are under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature | January 14, 2021 |
| 451-455 | **Exhibit"Ag"** This Record Represent the Honorable USDC Justice of Justice William P Dimitrouleas Conflicting Orders from the Notice of Removal in 2017 until the Malicious Injuries that are under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature | January 15, 2021 |
| 456-456 | **Exhibit"Ah"** This Record Represent the Honorable USDC Justice of Justice William P Dimitrouleas Conflicting Orders from the Notice of Removal in 2017 until the Malicious Injuries that are under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature | December 2, 2021 |
| 457-460 | **Exhibit"Ai"** This Record Represent the Honorable USDC Justice of Justice William P Dimitrouleas Conflicting Orders from the Notice of Removal in | May 30, 2018 |

35

APP.3

| | | |
|---|---|---|
| | 2017 until the Malicious Injuries that are under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature | |
| 461-462 | **Exhibit"Aj"** This Record Represent the Honorable USDC Justice of Justice William P Dimitrouleas Conflicting Orders from the Notice of Removal in 2017 until the Malicious Injuries that are under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature | June 8, 2018 |
| 463-465 | **Exhibit"Ak"** This Record Represent the Honorable USDC Justice of Justice William P Dimitrouleas Conflicting Orders from the Notice of Removal in 2017 until the Malicious Injuries that are under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature | July 6, 2018 |
| 466-473 | **Exhibit"Al"** This Record Represent the Honorable USDC Justice of Justice William P Dimitrouleas Conflicting Orders from the Notice of Removal in 2017 until the Malicious Injuries that are under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature | July 16, 2018 |
| 474-475 | **Exhibit"Am"** This Record Represent the Honorable USDC Justice of Justice William P Dimitrouleas Conflicting Orders from the Notice of Removal in 2017 until the Malicious Injuries that are under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature | July 19, 2018 |
| 476-478 | **Exhibit"An"** This Record Represent the | August 14, |

36

APP.3

| | | |
|---|---|---|
| | Honorable USDC Justice of Justice William P Dimitrouleas Conflicting Orders from the Notice of Removal in 2017 until the Malicious Injuries that are under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature | 2018 |
| 479-480 | **Exhibit"Ao"** This Record Represent the Honorable USDC Justice of Justice William P Dimitrouleas Conflicting Orders from the Notice of Removal in 2017 until the Malicious Injuries that are under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature | August 15, 2018 |
| 481-482 | **Exhibit"Ap"** This Record Represent the Honorable USDC Justice of Justice William P Dimitrouleas Conflicting Orders from the Notice of Removal in 2017 until the Malicious Injuries that are under the United States Court Of Appeal Eleventh Circuit January 2021 and June 21, 2021. Barry Steven Mittelberg and Kenneth Drake Ozment, etal Malicious Injuries that are Continuing in Nature | January 14, 2019 |
| 483-484 | **Exhibit"Aq"** Honorable USDC Justice of Justice Kenneth Marra Denying Appellant's Tamiko N Peele, Spouse and Minor Child Due Process, that caused The United States Department of Education and The State Of Florida with the Assistance of the United States Social Security Administration TO Reinstate The Alleged Student Loan Proceedings that are Pending In This Litigation Wells Fargo, ACS, etal | August 26, 2019 |
| 485-495 | **Exhibit"Ar"** This Record Represent the Honorable USDC Justice of Justice Kenneth Marra as the UPS Inc that created the disgruntle Tortuous violation of Privacy nuisance as to the Robert L Walker was theand the Constant Media Coverage against the | October 28, 2015 |

APP

| | UPS Inc that created the disgruntle Tortuous violation of Privacy nuisance as to the Robert L Walker was the First to receive a Retaliation Charge in the USDC of Florida District | |
|---|---|---|
| 496-497 | **Exhibit"As"** This Record Represent the Honorable USDC Justice of Justice Robin Rosenberg as the UPS Inc that created the disgruntle Tortuous violation of Privacy nuisance as to the Robert L Walker was theand the Constant Media Coverage against the UPS Inc that created the disgruntle Tortuous violation of Privacy nuisance as to the Robert L Walker was the First to receive a Retaliation Charge in the USDC of Florida District | August 24, 2015 |
| 498-498 | **Exhibit"At"** Honorable USDC Justice of Justice Kenneth Marra Final Order and Judgment Denying Appellant's Tamiko N Peele Student Loan Proceedings that are Pending In This Litigation Wells Fargo, ACS, etal | May 11, 2015 |
| 499-506 | **Exhibit"Au"** Honorable USDC Justice of Justice Martinez/Lynch Order Denying UPS Motion to Dismiss the EEOC Right to Sue Claims the Charges and the Constant Media Coverage against the UPS Inc that created the disgruntle Tortuous violation of Privacy nuisance as to the Robert L Walker was the First to receive a Retaliation Charge in the USDC of Florida District | July 8, 2014 |
| 507-517 | **Exhibit"Av"** Honorable USDC Justice of Justice Chief Kevin Moore Order Denying UPS Motion to Dismiss the EEOC Right to Sue Claims the Charges and the Constant Media Coverage against the UPS Inc that created the disgruntle Tortuous violation of Privacy nuisance as to the Robert L Walker was the First to receive a Retaliation Charge in the USDC of Florida District. | July 18, 2011 |
| 518-520 | **Exhibit"Aw"** Justice of Justice Honorable Erik P Kimball Order STRIKEN, Disallowing and Substaing Objection as to  The United States Deparement of Education d/b/a ECMC Claim # 2 | July 7, 2020 |

API

| 521-523 | Exhibit"Ax"  Justice of Justice Honorable Erik P Kimball *Order of CONFIRMATION* of PLAN | July 28, 2020 |
|---|---|---|
| 524-525 | Exhibit"Ay"  Justice of Justice Honorable Erik P Kimball Order **Granting** Relief From Stay as to Kenneth Drake Ozment, etal and U.S. BANK N.A. Non-Compliance Order Barry Steven Mittelberg to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | August 20, 2020 |
| 526-527 | Exhibit"Az"  Justice of Justice Honorable Erik P Kimball Order **GRANTED AS TO**  Non-Compliance Order **Barry Steven Mittelberg as** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | August 14, 2020 |
| 528-538 | Exhibit"Ba"  Justice of Justice Honorable Erik P Kimball Order **GRANTING** as toU.S. BANK N.A. Non-Compliance Order **MMM as** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | October 29, 2020 |
| 539-540 | Exhibit"Bb"  Justice of Justice Honorable Erik P Kimball Order **GRANTING** to Reasonable Accommodations, Sanctions as to The United States Department of Education d/b/a ECMC Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order **Rehearing and Vacate** | November 2, 2020 |
| 541-542 | Exhibit"Bc"  Justice of Justice Honorable Erik P Kimball Order **Granting Kenneth Drake Withdrawal** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order **Scheduling Chapter 13 Plan and SLP** as to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | March 10, 2021 |
| 543-544 | Exhibit"Bd"  Justice of Justice Honorable Erik P Kimball Order **DENIAL** to Reasonable Accommodations, Sanctions Against Kenneth | March 11, 2021 |

APP.3

| | | |
|---|---|---|
| | Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | |
| 545-546 | **Exhibit"Be"** Justice of Justice Honorable Erik P Kimball Order **DENIAL** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order **Scheduling Chapter 13 Plan and SLP as** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | May 10, 2021 |
| 547-558 | **Exhibit"Bf"** Justice of Justice Honorable Erik P Kimball Order **Memorandum** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order **Scheduling Chapter 13 Plan and SLP as** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | May 18, 2021 |
| 559-559 | **Exhibit"Bg"** Justice of Justice Honorable Erik P Kimball Order **Value Lien** US Bank Home Morgage to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order as to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | May 18, 2021 |
| 560-560 | **Exhibit"Bh"** Justice of Justice Honorable Erik P Kimball Order **Value Lien ECMC** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order as to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | May 18, 2021 |
| 561-561 | **Exhibit"Bi"** Justice of Justice Honorable Erik P | May 18, |

APP

| | | |
|---|---|---|
| | Kimball Order **Value Lien United Parcel Service, Liberty Mutual, harry Steven Mittelberg., etal to** Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order **Scheduling Chapter 13 Plan and SLP as** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | 2021 |
| 562-563 | **Exhibit"Bj"** Justice of Justice Honorable Erik P Kimball Order **DENIAL STAY** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order **Scheduling Chapter 13 Plan and SLP as** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | June 1, 2021 |
| 564-565 | **Exhibit"Bk"** Justice of Justice Honorable Erik P Kimball Order **DENIAL of Relief** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order **Scheduling Chapter 13 Plan and SLP as** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | June 18, 2021 |
| 566-571 | **Exhibit"Bl"** Justice of Justice Honorable Erik P Kimball Order **Granting Motion TO Dismiss Case** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order **Scheduling Chapter 13 Plan and SLP as** to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | June 18, 2021 |
| 572-574 | **Exhibit"Bm"** Justice of Justice Honorable Erik P Kimball Order **DENIAL** Relief to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, | June 24, 2021 |

APP.

| | | |
|---|---|---|
| | 2021, Non-Compliance Order Scheduling Chapter 13 Plan and SLP as to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | |
| 575-577 | Exhibit"Bn"  Justice of Justice Honorable Erik P Kimball Order DENIAL Clarification to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A. May 18, 2021, Non-Compliance Order Scheduling Chapter 13 Plan and SLP as to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | June 24, 2021 |
| 578-578 | Exhibit"Bo"  Appellant's Chapter 13 Filed Petition January 31, 2021 | January 31, 2021 |
| 579-594 | Exhibit"Bp"  The Florida Supreme Court Case No. SC19-1233, SC19-1507, SC19-501 and Related 4DCA Case No.4D18-3770, 4D19-2081, The Lack Of Jurisdiction To Hear the Appellants Directly Related Matters. | Various |
| 595-647 | Exhibit"Bq"  The Florida Fourth District Court of Appeals NON FINAL MANDATE as to Related 4DCA Case No.4D18-3770, 4D19-2081,  and the Appellants Initial Brief on the Merits as to the Banning while under Appellate  Review Not Allowing the United Parcel Service Inc/Liberty Mutual and the US Bank Home Mortgage d/b/a US Bank NA matters to be never heard and greatly prejudicing the Appellants as to any Legal matters being heard and The Lack Of Jurisdiction To Hear the Appellants Directly Related Matters. | January 17, 2020 |
| 648-648 | Exhibit"Br"  The Florida Fourth District Court of Appeals MANDATE while under Bankruptcy Protection as to Related 4DCA Case No.4D18-3770, 4D19-2081,  and the Appellants Initial Brief on the Merits as to the Banning while under Appellate  Review Not Allowing the United Parcel Service Inc/Liberty Mutual and the US Bank Home Mortgage d/b/a US Bank NA matters to be never | February 21, 2020 |

APP.4

| | | |
|---|---|---|
| | heard and greatly prejudicing the Appellants as to any Legal matters being heard and The Lack Of Jurisdiction To Hear the Appellants Directly Related Matters. | |
| 649-692 | **Exhibit"Bs"** The 17th Circuit Entire Orders as to Lower State Judge Hon. David Hamies, Hon. Milly Powell, Hon. Miranda Guipessa and Carol Lisa Phillips Granting Barry S Mittelberg the Right to Liens and Legal Fees and the Appellants Filing of an Appeal and Stay as matters are under the Jurisdiction of the 11th Circuit Court of Appeals for and the USDC of Florida, Fort Pierce Division | August 17, 2021 |
| 693-717 | **Exhibit"Bt"** The 19th Circuit Entire Orders as to Lower State Judge Hon. Elizabeth Metzger, Hon. Janet Carney Croom, and Barbara Bronis US Bank Home Mortgage d/b/a US Bank NA and the Granting Barry S Mittelberg the Right to Liens and Legal Fees and the Appellants Filing of an Appeal and Stay as matters are under the Jurisdiction of the 11th Circuit Court of Appeals for and the USDC of Florida, Fort Pierce Division | Various |
| 718-736 | **Exhibit"Bu"** Appellants Tamiko N Peele Corresondences to and from The Chapter 13 Trustee to Counsel of Record Linnes Finney Jr., and The Scheduled Notice of Mediation with Hon. Richard I Wennet | July 2, 2021 |
| 737-746 | **Exhibit"Bv"** Appellants Correspondences to and from The First(1) Lender as to the Pending Approval as to the Mortgage Refinance and the Pending Loan Cash out Refinance to Pay off the Chapter 13 Loan in its entirely before the Chapter 13 Trustee and the Hon. Erik P Kimball Dismissal of the Confirmed Plan | June 4, 2021 |
| 747-845 | **Exhibit"Bw"** These Documents Represent The Forensic Handwriting Report as to the US Bank Home Mortgage d/b/a/ US Bank NA and the Florida Lower Court's 19th Circuit Proceedings and Orders as it Directly Relates to the Payment Change, The "Negative Notice" The Rescission and | Various |

APP.43

| | | |
|---|---|---|
| | the Sanctions as to the Legal The US Bank Home Mortgage d/b/a US Bank NA and their Counsel | |
| 846-939 | **Exhibit"Bx"** These Documents Represent The Appellant's Tamiko N Peele Discharged Student Loan before Bankruptcy with The United States Department of Education d/b/a Nelnet TPD, Proof of Mailings, The Credit Reporting Report as to The United States Department of Education d/b/a ECMC and the Stipulation between The Chapter 13 Trustee, Kenneth Drake Ozment and John D Eaton without the Appellant's consent and or knowledge as to Vacated Proceedings and Orders as it Directly Relates to the Payment Change, The "Negative Notice" and the Sanctions as to the Legal The United States Department of Education d/b/a ECMC and ECMC Group and their Counsel | Various |
| 940-1082 | **Exhibit"By"** These Documents Represent the Evidence of Insurance Bad Faith and Fraudulent Acts with Retained Lawyers Fees and Cost Paid and the Emails To and From the Appellees as to the Two(2) Separate Settlements Totaling One Hundred and Ninety Thousand Dollars($190,000) as it Relates to the Continued Malicious Injuries | Various |
| 1083-1110 | **Exhibit"Bz"** These Documents Represent The Fedex Tracking from the Trustee Sending Back thei Appellant's Tax Returns after the Hearing to Dismisal for Failure to File Tax Returns and Refinance the Chapter 13 Confirmed Plan after confirmation and Emails To and From the Chapter 13 Trustee *Robin R Weiner, Joanna Tempone and Matthew Girardi,* regarding the *SOVATHARY KELEY JACOBSON, KENNETH DRAKE OZMENT, OZMENT LAW P.A., DEANNA SIMMONS and BARRY STEVEN MITTELBERG* Matters Standing Objections and Conflicts of Interest but not limited to | Various |
| 1111-1112 | **Exhibit"Ca"** Justice of Justice Honorable Erik P Kimball Order **DENIAL AND THE GRANTED AS TO** Non-Compliance Order Barry Steven | July 16, 2021 |

APP.44

| | Mittelberg as to Reasonable Accommodations, Sanctions Against Kenneth Drake Ozment, etal and U.S. BANK N.A, Chapter 13 Trustee, Barry Steven Mittelberg, etal | |
|---|---|---|
| 1113-1114 | Exhibit"Cb" US Eleventh Circuit Court of Appeal Honorable Justice of Justice Rosenbaum and Luck Order on *BARRY STEVEN MITTELBERG and BARRY STEVEN MITTELBERG P.A.,* | September 14, 2021 |
| 1115-1118 | Exhibit"Cc" US Eleventh Circuit Court of Appeal Honorable Justice of Justice Pryor, Branch, Grant on *BARRY STEVEN MITTELBERG and BARRY STEVEN MITTELBERG P.A.,* Kenneth Drake ozment, Social Security Administration, The United States Department of Education d/b/a ECMC, etal | October 15, 2021 |

Dated: March 3, 2022

Mr. Robert L Walker
s/s Robert L Walker
4001 S.W. Melbourne Street
Port Saint Lucie, Florida 34953
(772)400-7544

Mrs. Tamiko N Peele
s/s Tamiko N Peele
4001 S.W. Melbourne Street
Port Saint Lucie, Florida 34953
(772)400-7544

Reorganizers-for-Reorganizers

## CERTIFICATION OF SERVICE

The Appellant's HEREBY CERTIFY that on March 4, 2022, the Appellant's filed the foregoing that a true and correct document with the Clerk of Court via in person as a "PRO SE" litigant and the conventional way as "PRO SE" are required to do. Appellant(s) certify that the foregoing document is being served this day on all parties apart of the Reorganizers Proceedings as to the interested parties and or their counsels of record and or functioning as pro se parties identified on the attached Service List in the manner specified, wither via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing as Federal Express, The US Mail and or Electronic Mail.

APP. 4

45

## SERVICING LIST

KEVIN DRAKE OZMENT
OZMENT LAW
2001 Palm Beach Lakes Blvd, Ste 500
West Palm Beach, Florida 33409-6516
Telephone: 561-689-6789
Email: wizard@drakeozment.com

JOHN D EATON
SHAWDE & EATON
1792 Bell Tower Ln
Weston, Florida 33326-3682
Telephone: 954-376-3176
Email: jeaton@shawde-eaton.com

BARRY STEVEN MITTELBERG
6050 NW 96TH DR
PARKLAND, FL 33076
954 648-8355
barry@mittelberglaw.com

KEVIN DRAKE OZMENT
OZMENT LAW
2001 Palm Beach Lakes Blvd, Ste 500
West Palm Beach, Florida 33409-6516
Telephone: 561-689-6789
Email: wizard@drakeozment.com

ECMC EDUCATION, INC.
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA  33324
Wells Fargo and Company
420 Montgomery Street
San Francisco, CA 94104
Defendant Creditor

The U.S. Department of Education
FSA Ombudsman
830 First Street, NE,
Fourth Floor
Washington, DC 20202-5144
Email: ombudsman@ecmc.org

UNITED STATES TRUSTEE
Hon. ROBIN R WEINER
P.O. Box 559007
Fort Lauderdale, Florida 33355
Telephone: 954-382-2001
Email: robinweiner@ch13weiner.com

BARRY S MITTELBERG
BARRY S MITTELBERG P.A
10100 W Sample Road, Ste 407
Coral Springs, Florida 33065
Telephone: 954-752-1213
Email: barry@mittelberglaw.com

SOVATHARY KELEY JACOBSON
110 DESOTA STREET
FORT PIERCE, FLORIDA 34949

UNITED STATES TRUSTEE
Hon. JOANNA P TEMPONE
P.O. Box 559007
Fort Lauderdale, Florida 33355
Telephone: 954-382-2001
Email: joannatempone@ch13weiner.com

KENNETH DRAKE OZMENT
201 HELIOS DRIVE
JUPITER, FLORIDA

Nelnet, Inc and Board of Directors
Lincoln Square Building
121 S 13th Street, Suite 201
Lincoln, NE 68508

The United States Secretary Education
400 Maryland Avenue, SW,
Washington, DC 20202-1100
Telephone: 800 421 3481
Defendant

APP.46

46

Nelnet Educational Finance
3015 S Parker Road, Ste 400
Aurora, Co 80014

Social Security Administration
Regional Manager Velma Blaine
3201 W Commercial Blvd, Ste 100
Fort Lauderdale, Florida 33309
Telephone:1 800 772 1213
Email: velma.blaine@ssa.gov

Florida Department of Education,
Office of Student Financial Assistance
And its Director Lou Anne Standley
325 West Gaines St, Suite 1314
Tallahassee, Florida 32399-0400
Email: LouAnne.Standley@fldoe.org
Email: Benman.Szeto@fldoe.org

Education Credit Management Corporation
and Board of Directors
111 Washington Ave. S., Suite 1400
Minneapolis, MN 55401

Education Credit Management Corporation
1 Imation Place
Oakdale, MN 55128
Email: jhines@ecmc.org

ACS Education Services, A Xerox Company
2277 East 220th Street,
Long Beach, CA 90810

THE UNITED STATES TRUSTEE PROGRAM
c/o US ATTORNEY'S OFFICE
99 NE 4th Street
13TH FLOOR
MIAMI, FLORIDA 33132

THE UNITED STATES DEPARTMENT OF EDUCTION and it's SECRETARY
c/o US ATTORNEY'S OFFICE
99 NE 4th Street
13TH FLOOR
MIAMI, FLORIDA 33132

ACS Loan Servicing
2828 N Haskell Avenue
Dallas, TX 75204

U.S. DEPARTMENT OF TREASURY
BUREAU OF THE FISCAL SERVICE
OFFSET UNIT
Liberty Center Building 401 14th St., SW
Washington, DC 20227
Telephone: 202 874 6950

Florida Board of Education
325 W Gaines St, Suite 1514
Tallahassee, Florida 32399
Telephone: 850 245 0505
Email: LouAnne.Standley@fldoe.org
**Defendant**

Transitional Guaranty Agency
P.O. Box 16408
St. Paul, MN 55116
Email: ombudsman@ecmc.org

Experian Information Solutions Inc
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD.
PLANTATION, FLORIDA  33324

APP.47

EDUCATION CREDIT MANAGEMENT CORPORATION INC
d/b/a "ECMC GROUP, INC.",
111 S. WASHINGTON AVE, SUITE 1400
MINNEAPOLIS, MN 55401

NELNET BUSINESS SOLUTIONS, INC.,
d/b/a "NELNET TOTAL & PERMANENT DISABILITY"
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA  33324

THE UNITED STATES POSTAL SERVICE INC., and it's
Postmasters DAVID C. GUINEY, RAYMONS P. COWLEY,
And LOUIS DEJOY in their individual and official Capacity
Of THE UNITED STATES POSTAL SERVICE INC
c/o JANET E CUMMINGS
290 NW Peacock Blvd
Port Saint Lucie, Florida 34986

The Individuals, Corporations, Partnerships, Unincorporated
Claim#6, INGER M GARCIA , VALERIA ANGELUCCI ,
JORGE ALBERTO CALIL, JASON BRIAN PHILLIPS,
MATTHEW DAVID KOBREN, SANDRA ACKERMAN,
Jane Does, John Does and all unknown persons who claim
any interest in the subject matter of this action, and the
Contents Therein identified on the closing statement of
BARRY S MITTELBERG P.A.,
10100 W Sample Road, Suite 407
Coral Springs, Florida 33065

PROFESSIONAL BUREAU OF COLLECTIONS
OF MARYLAND, INC.
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

U.S. BANK HOME MORTGAGE, INC., a Delaware
Corporation, d/b/a "US BANK N.A" and its's Representatives
NORA B HINTON, ZACHARY S FOSTER
QUARLES & BRADY LLP , ALBERTELLI LAW
BONIAL & ASSOCIATES, P.C, MATTHEW L. TILLMA
Registered Agent CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA 33324

APP. 48

THE UNITED STATES DEPARTMENT OF JUSTICE through it's THE UNITED STATES TRUSTEE PROGRAM, it's Officials CLIFFORD J WHITE III, NANCY J ARGULA, THE CHAPTER 13 TRUSTEE, ROBIN R WEINER P.A., ERIK P KIMBALL, DAWN LEONARD, CAMERON CRADIC, MARTHA ORTMAN., MATTHEW GIRARDI, IOANNA PIZZARELLO TEMPONE and ROBIN R WEINER  in their Individual Capacity of THE UNITED STATES SOCIAL SECURITY ADMINISTRATION, it's Office Of The Inspector General and Special Agents(OIG), it's Cooperative Disability Investigations Program and CDI United Team(CDI), and it's Social Insurance Administrators VELMA T BLAINE, BRIAN GARBER, ANTONIO MIGUEL QUINONES, and JAMES PEAVY, in their individual capacity of THE UNITED STATES SOCIAL SECURITY ADMINISTRATION.
c/o US ATTORNEY'S OFFICE
99 NE 4th Street
13TH FLOOR
MIAMI, FLORIDA 33132

LIBERTY MUTUAL GROUP INC., Liberty Mutual Insurance Company, through it's Policy UNITED PARCEL SERVICE, INC., State Claim#4256576, Claim#WC555-A07753, Claim#WA7-C20-004335-051-04, Claim#6, The Individuals, Corporations, Unincorporated, Jane Does, John Does, Legal Representatives, Partnerships, Officers, , adjusters, all known persons and unknown persons who claim any interest in the subject matter of this action, and the Contents Therein identified on Itemized Insurance Policies of LIBERTY MUTUAL GROUP INC
c/o CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

UNITED PARCEL SERVICE, INC., through it's UPS/IBT FULL-TIME EMPLOYEE PENSION PLAN, The Administrative Committee of the UPS Retirement Plan, The Board of Trustees of the UPS Pension Plan, Claim#WC555-A07753, State Claim#4256576, Account WA7-C20-004335-051-04, The Individuals, Corporations, Unincorporated, Partnerships, Officers, Jane Does, John Does, Legal Representatives, all known persons and unknown persons who claim any interest in the subject matter of this action, and the Contents Therein identified on the Employment Record of UNITED PARCEL SERVICE INC.
c/o CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

TEAMSTERS LOCAL UNION 769 HOLDING CORPORATION, INC, AS SUCCESSOR IN INTEREST TO CHARLES A. WHOBREY in his official capacity as Trustee of CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, ACCOUNT # 806032347 and the Contents Therein
c/o ROLANDO, PINA
12365 W. DIXIE HWY
MIAMI, FL 33161

APP.49

KONE INC., through it's Insurance Carrier OLD REPUBLIC INSURANCE COMPANY, with Policy# MWZY 57732, The Individuals, Corporations, Unincorporated, Partnerships, Officers, Legal Representatives, its adjusters, all known persons and unknown persons who claim any interest in the subject matter of this action, and the Contents Therein identified on the Insurance Policy of KONE INC.,
c/o CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

KEENAN DEVELOPMENT GROUP, INC., through it's Insurance Carrier THE TRAVELERS INDEMNITY COMPANY OF AMERICA INSURANCE, with  Policy# Y-630-9026R129-TIA-10, Policy# PE630-9026R129, Claim#891A84209722, Claim#EPF3042011, Claim#6, Claim#E0Z0564,  The Individuals, Jane Does, John Does, Corporations, Unincorporated, Partnerships, Officers, Legal Representatives, Jane Does, John Does, its adjusters, all known persons and unknown persons who claim any interest in the subject matter of this action, and the Contents Therein identified on the Insurance Policy of KEENAN DEVELOPMENT GROUP, INC.
c/o CONRAD J BOYLE
100 N.E. THIRD AVENUE
SUITE 1000
FORT LAUDERDALE, FLORIDA 33301

THE STATE OF FLORIDA, through it's 17TH JUDICIAL CIRCUIT OF FLORIDA, BROWARD COUNTY FLORIDA, Administrative Judge CAROL-LISA PHILLIPS and Carol-Lisa Phillips, it's Court Registry Depository Funds Federal Reserve Notes of  $180,000.00 US Currency, it's Records Division Instrument numbers 117519100, 112300593, 115467945, 113178049, 113178054, 113183983, in their individual capacity of THE STATE OF FLORIDA
c/o Office of the Attorney General
1515 N. Flagler Drive
SUITE 900
West Palm Beach, FL 33401

THE STATE OF FLORIDA, through it's FOURTH DISTRICT COURT OF APPEALS(4DCA), it's Officers ALAN O FORST, JEFFREY T KUNTZ, JONATHAN D. GERBER, MARTHA C. WARNER, MELAINE G. MAY, SPENCER D LEVINE, ROBERT M. GROSS, LONN WEISSBLUM and LYNN COLLETTI, in their individual capacity of THE STATE OF FLORIDA
c/o Office of the Attorney General
1515 N. Flagler Drive
SUITE 900
West Palm Beach, FL 33401

APP.50

# EXHIBIT B

Court Cases › Federal Cases › Bankruptcy Cases › Southern District of Florida (Bankruptcy)
› 2020 › 2020-bk-11000 through 2020-bk-11499 › Robert L Walker and Tamiko N Peele

## Robert L Walker and Tamiko N Peele
## Bankruptcy Court Docket Sheet

Southern District of Florida (Bankruptcy)

9:2020-bk-11431 (flsb)

## Interested in this case?

## Documents

Last full update: 395 days ago. **Update now**

| # | Date | Description |
|---|------|-------------|
| 398 | 03/11/2022 | Acknowledgment of Receipt of Notice of Appeal from USCA. Civil Action Number: 9:21-cv080855-AMC and 9:21-cv-80914-AMC, USCA Case Number: 22-10716-J (Re: [395] Final Order By District Court Judge Aileen M. Cannon, Re: Appeal on Civil Action Number: 9:21-cv-80855-AMC, Order Dismissing Consolidated Appeal (Re: [193] Order on Verified Motion for Referral to Student Loan Program, [215] Memorandum Decision/Opinion, [216] Order on Motion to Vacate, [217] Order on Motion to Vacate, [218] Order on Verified Motion for Referral to Student Loan Program, [219] Order on Motion to Modify Plan, Order on Motion to Strike, Order on Miscellaneous Motion, [220] Order on Motion to Value and Determine Secured Status of Lien on Real Property, Order on Motion to Value and Determine Secured Status of Lien on Personal Property, [221] Order on Motion to Value and Determine Secured Status of Lien on Personal Property, [222] Order on Motion to Value and Determine Secured Status of Lien on Personal Property, [223] Order on Motion to Refinance, [228] Order on Motion for Protective Order).) |
| 397 | 02/06/2022 | BNC Certificate of Mailing - PDF Document (Re: [395] Final Order By District Court Judge Aileen M. Cannon, Re: Appeal on Civil Action Number: 9:21-cv-80855-AMC, Order Dismissing Consolidated Appeal (Re: [193] Order on Verified Motion for Referral to Student Loan Program, [215] Memorandum Decision/Opinion, [216] Order on Motion to Vacate, [217] Order on Motion to Vacate, [218] Order on Verified Motion for Referral to Student Loan Program, [219] Order on Motion to Modify Plan, Order on Motion to Strike, Order on Miscellaneous Motion, [220] Order on Motion to Value and Determine Secured Status of Lien on Real Property, Order on Motion to Value and Determine Secured Status of Lien on Personal Property, [221] Order on Motion to Value and Determine Secured Status of Lien on Personal Property, [222] Order on Motion to Value and Determine Secured Status of Lien on Personal Property, [223] Order on Motion to Refinance, [228] Order on Motion for Protective Order).) Notice Date 02/06/2022. |

APP.51

396   02/06/2022   BNC Certificate of Mailing - PDF Document (Re: [394] Order By District Court Judge Aileen M. Cannon, Re: Appeal on Civil Action Number: 9:21-cv-80914-AMC and 9:21-cv-80855-AMC, Order Consolidating Cases.) Notice Date 02/06/2022.

395   02/04/2022   Final Order By District Court Judge Aileen M. Cannon, Re: Appeal on Civil Action Number: 9:21-cv-80855-AMC, Order Dismissing Consolidated Appeal (Re: [193] Order on Verified Motion for Referral to Student Loan Program, [215] Memorandum Decision/Opinion, [216] Order on Motion to Vacate, [217] Order on Motion to Vacate, [218] Order on Verified Motion for Referral to Student Loan Program, [219] Order on Motion to Modify Plan, Order on Motion to Strike, Order on Miscellaneous Motion, [220] Order on Motion to Value and Determine Secured Status of Lien on Real Property, Order on Motion to Value and Determine Secured Status of Lien on Real Property, [221] Order on Motion to Value and Determine Secured Status of Lien on Personal Property, [222] Order on Motion to Value and Determine Secured Status of Lien on Personal Property, [223] Order on Motion to Refinance, [228] Order on Motion for Protective Order).

394   02/04/2022   Order By District Court Judge Aileen M. Cannon, Re: Appeal on Civil Action Number: 9:21-cv-80914-AMC, Order Consolidating Cases.

393   12/31/2021   BNC Certificate of Mailing - PDF Document (Re: [392] Final Order By Court of Appeals Judge Jill Pryor, Luck and Lagoa, Re: Direct Appeal on Civil Action Number: 21-13210-CC, Order of Dismissal (Re: [390] Order District Court re: Appeal).) Notice Date 12/31/2021.

392   12/29/2021   Final Order By Court of Appeals Judge Jill Pryor, Luck and Lagoa, Re: Direct Appeal on Civil Action Number: 21-13210-CC, Order of Dismissal (Re: [390] Order District Court re: Appeal).

391   12/02/2021   BNC Certificate of Mailing - PDF Document (Re: [390] Final Order By District Court Judge Aileen M. Cannon, Re: Appeal on Civil Action Number: 9:21-cv-80914-AMC, Order Staying Case Pending Appeal and Administratively Closing Case (Re: [215] Memorandum Decision/Opinion, [216] Order on Motion to Vacate, [217] Order on Motion to Vacate, [218] Order on Verified Motion for Referral to Student Loan Program, [219] Order on Motion to Modify Plan, Order on Motion to Strike, Order on Miscellaneous Motion, [220] Order on Motion to Value and Determine Secured Status of Lien on Real Property, Order on Motion to Value and Determine Secured Status of Lien on Real Property, [221] Order on Motion to Value and Determine Secured Status of Lien on Personal Property, [222] Order on Motion to Value and Determine Secured Status of Lien on Personal Property, [223] Order on Motion to Refinance, [228] Order on Motion for Protective Order).) Notice Date 12/02/2021.

390   11/30/2021   Final Order By District Court Judge Aileen M. Cannon, Re: Appeal on Civil Action Number: 9:21-cv-80914-AMC, Order Staying Case Pending Appeal and Administratively Closing Case (Re: [215] Memorandum Decision/Opinion, [216] Order on Motion to Vacate, [217] Order on Motion to Vacate, [218] Order on Verified Motion for Referral to Student Loan Program, [219] Order on Motion to Modify Plan, Order on Motion to Strike, Order on Miscellaneous Motion, [220] Order on Motion to Value and Determine Secured Status of Lien on Real Property, Order on Motion to Value and Determine Secured Status of Lien on Personal Property, [221] Order on Motion to Value and Determine Secured Status of Lien on Personal Property, [223] Order on Motion to Refinance, [228] Order on Motion for Protective Order).



APP.5

389    11/16/2021    Notice of Docketing Record. Civil Action Number: 9:21-cv-80568-AMC, USCA Case Number: 21-13937-C (Re: [386] Order Dismissing Consolidated Appeal By District Court Judge Cannon, Re: Appeal on Civil Action Number: 21-cv-80568, Dismissing (Re: [153] Order on Motion for Protective Order, Order on Amended Motion, [269] Order Continuing Hearing, [282] Order on Motion to Approve, [283] Order on Amended Motion, [284] Order on Motion to Approve, [285] Order on Motion to Approve, [286] Order on Motion to Dismiss Case, [314] Order on Motion To Stay Pending Appeal, Order on Motion To Stay Pending Appeal, [315] Order on Motion to Clarify, [347] Order on Motion To Reconsider, [351] Order Dismissing Appeal).)

388    11/11/2021    BNC Certificate of Mailing - PDF Document (Re: [386] Order Dismissing Consolidated Appeal By District Court Judge Cannon, Re: Appeal on Civil Action Number: 21-cv-80568, Dismissing (Re: [153] Order on Motion for Protective Order, Order on Amended Motion, [269] Order Continuing Hearing, [282] Order on Motion to Approve, [283] Order on Amended Motion, [284] Order on Motion to Approve, [285] Order on Motion to Approve, [286] Order on Motion to Dismiss Case, [314] Order on Motion To Stay Pending Appeal, Order on Motion To Stay Pending Appeal, [315] Order on Motion to Clarify, [347] Order on Motion To Reconsider, [351] Order Dismissing Appeal).) Notice Date 11/11/2021.

387    11/11/2021    BNC Certificate of Mailing - PDF Document (Re: [385] Order By District Court Judge Aileen M. Cannon, Re: Appeal on Civil Action Number: 21-cv-80568, Consolidating Cases.) Notice Date 11/11/2021.

386    11/09/2021    Order Dismissing Consolidated Appeal By District Court Judge Cannon, Re: Appeal on Civil Action Number: 21-cv-80568, Dismissing (Re: [153] Order on Motion for Protective Order, Order on Amended Motion, [269] Order Continuing Hearing, [282] Order on Motion to Approve, [283] Order on Amended Motion, [284] Order on Motion to Approve, [285] Order on Motion to Approve, [286] Order on Motion to Dismiss Case, [314] Order on Motion To Stay Pending Appeal, Order on Motion To Stay Pending Appeal, [315] Order on Motion to Clarify, [347] Order on Motion To Reconsider, [351] Order Dismissing Appeal).

385    11/09/2021    Order By District Court Judge Aileen M. Cannon, Re: Appeal on Civil Action Number: 21-cv-80568, Consolidating Cases.

384    10/23/2021    BNC Certificate of Mailing - PDF Document (Re: [383] Final Order By Circuit Judges, Jill Pryor, Branch and Grant, Re: Appeal on Civil Action Number: 9:21-cv-81132-AMC, USCA Case No: 21-12452-HH Order of Dismissal (Re: [361] Order Dismissing Appeal).) Notice Date 10/23/2021.

383    10/15/2021    Final Order By Circuit Judges, Jill Pryor, Branch and Grant, Re: Appeal on Civil Action Number: 9:21-cv-81132-AMC, USCA Case No: 21-12452-HH Order of Dismissal (Re: [361] Order Dismissing Appeal).

382    09/23/2021    Acknowledgment of Receipt of Notice of Appeal from USCA. Civil Action Number: 9:21-cv-80914-AMC, USCA Case No: 21-13210-C.

381    08/22/2021    BNC Certificate of Mailing - PDF Document (Re: [379] District Court Certification and Order of Transfer to Magistrate Judge for USDC Case No. 21-80914 (Re: [224] Notice of Appeal).) Notice Date 08/22/2021.

380    08/20/2021    BNC Certificate of Mailing - PDF Document (Re: [378] Order of Recusal by US District Court Raag Singhal re: USDC Case No. 21-80914-AMC (Re: [224] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).) Notice Date 08/20/2021.

379    08/20/2021    District Court Certification and Order of Transfer to Magistrate Judge for USDC Case No. 21-80914 (Re: [224] Notice of Appeal).

APP.53

378   08/18/2021    Order of Recusal by US District Court Raag Singhal re: USDC Case No. 21-80914-AMC (Re: [224] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

377   08/03/2021    Transmittal to US District Court (Re: [354] Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker [356] Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker [369] Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker.

376   07/26/2021    Acknowledgment of Receipt of Notice of Appeal from USCA. Civil Action Number: 9:21-cv-81132-AMC, USCA Case No: 21-12452-HH (Re: [361] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [321] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Entered on USDC docket as DE#6.

375   07/26/2021    Supplemental Transmittal to US District Court (Re: [299] Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [295] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [297] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 7/6/2021., [343] Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [299] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 7/16/2021.)

374   06/25/2021    Acknowledgment of Receipt of Notice of Appeal from USCA. Civil Action Number: 9:21-cv-80537-AMC, USCA Case No: 21-12114-H (Re: [320] Final Order By District Court Judge Aileen M. Cannon, Re: Appeal on Civil Action Number: 9:21-cv-80537-AMC, Order Staying Case Pending Appeal and Administratively Closing Case (Re: [151] Order on Motion to Withdraw as Attorney).)

       07/23/2021    Receipt of Appeal Filing Fee - $298.00 by LF. Receipt Number 148585. (admin) (Text entry; no document attached.)

373   07/23/2021    Signed documents originally filed by email pursuant to AO2020-07 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [353] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [355] Transcript Request Form Re: Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [356] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [369] Appellant Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [369] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

       4 Attachments ▼

372   07/23/2021    Notice of Non-Compliance of Debtors: Package sent by clerk's office refused by Debtors. (Re: [318] Clerk's Notice).



APP. 54

371   07/20/2021   Transcript of 6/17/2021 Hearing. [Transcript will be restricted for a period of 90 days.] (Re: [244] Motion to Dismiss Case For Other Reason Filed by Trustee Robin R Weiner, [260] Response to ([244] Motion to Dismiss Case For Other Reason filed by Trustee Robin R Weiner) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Attachments: # 1 COS # 2 Email)(Part 1 of 2), [265] Motion for Approval of Refinancing or, in the Alternative, Motion for Approval to Pay Off Chapter 13 Plan, and Motion for Continuance Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Attachments: # 1 Exhibits # 2 Appendix # 3 COS # 4 Email), [266] Amended Motion for Approval of Refinancing or, in the Alternative, Motion for Approval to Pay Off Chapter 13 Plan or, in the Alternative, Motion to Modify Plan, and Motion for Continuance([267] Motion to Approve filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Attachments: # 1 COS # 2 Email) Modified on 6/4/2021 text edit per chambers,, [267] Motion for Approval of Refinancing or, in the Alternative, Motion for Approval to Pay Off Chapter 13 Plan or, in the Alternative, Motion to Modify Plan, and Motion for Continuance Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Attachments: # 1 3MP # 2 Exhibits # 3 Appendix # 4 COS # 5 Email), [268] Emergency Motion for Approval of Refinancing or, in the Alternative, Motion for Approval to Pay Off Chapter 13 Plan or, in the Alternative, Motion to Modify Plan, and Motion for Continuance Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Attachments: # 1 Exhibits # 2 Appendix # 3 COS # 4 Email). Redaction Request Due By 07/27/2021. Statement of Personal Data Identifier Redaction Request Due by 08/10/2021. Redacted Transcript Due by 08/20/2021. Transcript access will be restricted through 10/18/2021. (Ouellette and Mauldin)

370   07/19/2021   Transmittal to US District Court (Re: [299] Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [295] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [297] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 7/6/2021., [343] Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [299] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 7/16/2021.)

369   07/19/2021   Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [354] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [356] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 8/2/2021.

368   07/19/2021   Amended Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [347] Order Denying Motion For Rehearing [344], [360] *Form Not Noticed - See replacement entry DE# 351* Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Additional attachment(s) added on 7/14/2021 Modified on 7/14/2021., [351] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele)., [361] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [321] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 8/2/2021.

1 Attachment ▽

APP.55

367   07/19/2021   Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [321] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

366   07/18/2021   BNC Certificate of Mailing - PDF Document (Re: [361] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [321] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).) Notice Date 07/18/2021.

365   07/17/2021   BNC Certificate of Mailing - PDF Document (Re: [358] Clerk's Notice of Mailing of (Re: [353] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [347] Order Denying Motion For Rehearing [344], [350] *Form Not Noticed - See replacement entry DE# 351* Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Additional attachment(s) added on 7/14/2021 Modified on 7/14/2021., [351] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).).

364   07/17/2021   BNC Certificate of Mailing (Re: [357] Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [353] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [347] Order Denying Motion For Rehearing [344], [350] *Form Not Noticed - See replacement entry DE# 351* Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Additional attachment(s) added on 7/14/2021 Modified on 7/14/2021., [351] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).).

363   07/17/2021   BNC Certificate of Mailing (Re: [358] Clerk's Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [347] Order Denying Motion For Rehearing [344], [350] *Form Not Noticed - See replacement entry DE# 351* Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Additional attachment(s) added on 7/14/2021 Modified on 7/14/2021., [351] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).).

362   07/16/2021   BNC Certificate of Mailing - PDF Document (Re: [351] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).) Notice Date 07/16/2021.

361   07/16/2021   Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [321] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

360   07/16/2021   Notice of U.S. District Court Case Assignment. Case Number: 9:21-cv-81248-AMC (Re: [353] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker.

APP. 56

359   07/16/2021   Transmittal to US District Court (Re: [353] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [347] Order Denying Motion For Rehearing [344], [350] *Form Not Noticed – See replacement entry DE# 351* Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Additional attachment(s) added on 7/14/2021 Modified on 7/14/2021., [351] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).).

358   07/15/2021   Clerk's Notice of Mailing of (Re: [353] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [347] Order Denying Motion For Rehearing [344], [350] *Form Not Noticed – See replacement entry DE# 351* Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Additional attachment(s) added on 7/14/2021 Modified on 7/14/2021., [351] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).).

`1 Attachment ▽`

357   07/15/2021   Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [353] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [347] Order Denying Motion For Rehearing [344], [350] *Form Not Noticed – See replacement entry DE# 351* Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Additional attachment(s) added on 7/14/2021 Modified on 7/14/2021., [351] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).). Appeal Filing Fee Due: 7/29/2021.

356   07/15/2021   Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [354] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 7/29/2021.

`1 Attachment ▽`

355   07/15/2021   Transcript Request Form Re: Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele. Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [353] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

354   07/15/2021   Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [353] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 7/29/2021.



APP. 57

353   07/15/2021   Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [347] Order Denying Motion For Rehearing [344], [350] *Form Not Noticed - See replacement entry DE# 351* Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Additional attachment(s) added on 7/14/2021 Modified on 7/14/2021., [351] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 7/29/2021.

1 Attachment ▽

352   07/14/2021   Notice of Corrective Entry (Re: [351] Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).)

361   07/14/2021   Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

350   07/14/2021   Order Dismissing Appeal for Failure by Appellant(s) to Pay Required Filing Fee, (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

349   07/14/2021   Signed documents originally filed by email pursuant to AO2020-07 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [344] Motion to Reconsider (Re: [292] Order on Motion For Relief From Stay, [314] Order on Motion To Stay Pending Appeal, Order on Motion To Stay Pending Appeal, [315] Order on Motion to Clarify) filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

348   07/10/2021   BNC Certificate of Mailing - PDF Document (Re: [347] Order Denying Motion For Rehearing [344]) Notice Date 07/10/2021.

347   07/08/2021   Order Denying Motion For Rehearing # [344]

346   07/07/2021   Transmittal to US District Court (Re: [341] Amended Notice of Appeal Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [295] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [297] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [304] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).)

345   07/07/2021   Transmittal to US District Court (Re: [306] Statement of Issues on Appeal Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker Re: [300] Notice of Appeal., [307] Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 7/6/2021.)

344   07/06/2021   Reorganizer's Joint Emergency (I) Motion for Rehearing (DE No 315, 314, 292) and or in the Alternative (II) Notice of Filings of the United States Court of Appeals for the Eleventh Circuit and the United States District Court of Appeals for Florida Southern Division Dated June 24, 2021 (Re: [292] Order on Motion For Relief From Stay, [314] Order on Motion To Stay Pending Appeal, Order on Motion To Stay Pending Appeal, [315] Order on Motion to Clarify) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

APP.58

3 Attachments ▽

343   07/02/2021   Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [299] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 7/16/2021.

342   07/02/2021   Amended Statement of Issues on Appeal Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker Re: [295] Notice of Appeal, [297] Notice of Appeal, [304] Notice of Appeal, [341] Notice of Appeal.

341   07/02/2021   Amended Notice of Appeal Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [295] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [297] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [304] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

       07/02/2021   Receipt of Appeal Filing Fee - $298.00 by LA. Receipt Number 148567. (admin) (Text entry; no document attached.)

340   07/02/2021   Signed documents originally filed by email pursuant to AO2020-07 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [302] Transcript Request Form Re: Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [306] Statement of Issues on Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [307] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

3 Attachments ▽

339   06/30/2021   BNC Certificate of Mailing - PDF Document (Re: [335] Clerk's Notice of Mailing of (Re: [321] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [314] Order Denying Robert L Walker and Tamiko N Peele Amended Joint Notice and Motion to Stay Pending Resolution of Proceedings (Re: [294]), [315] Order Denying Robert L Walker and Tamiko N Peele Joint Motion for Clarification (Re: [303]).).

338   06/30/2021   BNC Certificate of Mailing (Re: [335] Clerk's Notice of Mailing of (Re: [321] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [314] Order Denying Robert L Walker and Tamiko N Peele Amended Joint Notice and Motion to Stay Pending Resolution of Proceedings (Re: [294]), [315] Order Denying Robert L Walker and Tamiko N Peele Joint Motion for Clarification (Re: [303]).).

337   06/28/2021   Notice of U.S. District Court Case Assignment. Case Number: 9:21-cv-81132-AMC (Re: [321] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker.

336   06/28/2021   Transmittal to US District Court (Re: [321] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [314] Order Denying Robert L Walker and Tamiko N Peele Amended Joint Notice and Motion to Stay Pending Resolution of Proceedings (Re: [294]), [315] Order Denying Robert L Walker and Tamiko N Peele Joint Motion for Clarification (Re: [303]).).

335   06/28/2021   Clerk's Notice of Mailing of (Re: [321] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [314] Order Denying Robert L Walker and Tamiko N Peele Amended Joint Notice and Motion to Stay Pending Resolution of Proceedings (Re: [294]), [315] Order Denying Robert L Walker and Tamiko N Peele Joint Motion for Clarification (Re: [303]).).

APP. 59

2 Attachments ▽

334   06/28/2021   Signed documents originally filed by email pursuant to AO2020-07 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L. Walker (Re: [293] Motion To Stay Pending Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [294] Motion To Stay Pending Appeal (Re: [293] Motion To Stay Pending Appeal) filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [295] Notice of Appeal filed by Debtor Robert L. Walker, Joint Debtor Tamiko N Peele, [297] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [298] Statement of Issues on Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [299] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [303] Transcript Request Form Re: Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [304] Notice of Appeal Motion to Clarify filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [304] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

9 Attachments ▽

333   06/27/2021   BNC Certificate of Mailing - PDF Document (Re: [320] Final Order By District Court Judge Aileen M. Cannon, Re; Appeal on Civil Action Number: 9:21-cv-80537-AMC, Order Staying Case Pending Appeal and Administratively Closing Case (Re: [151] Order on Motion to Withdraw as Attorney).) Notice Date 06/27/2021.

332   06/27/2021   BNC Certificate of Mailing - PDF Document (Re: [318] Clerk's Notice Re: Return of Documents.) Notice Date 06/27/2021.

331   06/27/2021   BNC Certificate of Mailing (Re: [324] Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [321] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [314] Order Denying Robert L Walker and Tamiko N Peele Amended Joint Notice and Motion to Stay Pending Resolution of Proceedings (Re: [294]), [315] Order Denying Robert L Walker and Tamiko N Peele Joint Motion for Clarification (Re: [303]).).

330   06/26/2021   BNC Certificate of Mailing - PDF Document (Re: [315] Order Denying Robert L Walker and Tamiko N Peele Joint Motion for Clarification (Re: [303]).) Notice Date 06/26/2021.

329   06/26/2021   BNC Certificate of Mailing - PDF Document (Re: [314] Order Denying Robert L Walker and Tamiko N Peele Amended Joint Notice and Motion to Stay Pending Resolution of Proceedings (Re: [294])) Notice Date 06/26/2021.

328   06/25/2021   BNC Certificate of Mailing - PDF Document (Re: [309] Clerk's Notice of Mailing of (Re: [300] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [292] Order Denying Motion For Relief From Stay and Cancelling Hearing Re: [279] Modified on 6/21/2021 to correct title.).

327   06/25/2021   BNC Certificate of Mailing - PDF Document (Re: [308] Clerk's Notice of Mailing of (Re: [295] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [282] Order Denying Remaining Relief Requested in Motion Filed at (DE[265]), [283] Order Denying Remaining Relief Requested in Motion Filed at (DE[266]), [284] Order Denying Remaining Relief Requested in Motion Filed at (DE[267]), [285] Order Denying Remaining Relief Requested in Motion Filed at (DE[268]), [286] Order Granting Motion to Dismiss Case (Re: [244]).).



APP.60

326  06/25/2021  BNC Certificate of Mailing (Re: [309] Clerk's Notice of Mailing of (Re: [300] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [292] Order Denying Motion For Relief From Stay and Cancelling Hearing Re: [279] Modified on 6/21/2021 to correct title.).

1     2     3     4     5     6     7     ❯

**Interested in this case?**

Would you like this case removed from DocketBird? **Request removal.**

**Other 2020 Cases in the Southern District of Florida (Bankruptcy):**

○ Ricky W Reddings (flsb-9:2020-bk-11406)

○ Robert A Young and Shideda S Young (flsb-0:2020-bk-11448)

○ Robert A. DeLuca, Sr. (flsb-0:2020-bk-11157)

○ Robert Alejandro Brito (flsb-1:2020-bk-11508)

○ Robert Delapenha (flsb-9:2020-bk-11197)

○ Roberto Antunez and Marikris Espina (flsb-1:2020-bk-11233)

○ Roberto Burgos and Lutgarda H Burgos (flsb-1:2020-bk-11259)

○ Roberto Maldonado, III (flsb-1:2020-bk-11522)

○ Roddy D Betancourt and Mirtha Betancourt (flsb-1:2020-bk-11475)

○ Rodney M Austarlie (flsb-9:2020-bk-11667)



APP.61

Court Cases › Federal Cases › Bankruptcy Cases › Southern District of Florida (Bankruptcy)
 › 2020 › 2020-bk-11000 through 2020-bk-11499 › Robert L Walker and Tamiko N Peele

## *Robert L Walker and Tamiko N Peele*
## *Bankruptcy Court Docket Sheet*

Southern District of Florida (Bankruptcy)

9:2020-bk-11431 (flsb)

### Interested in this case?

## Documents

Last full update: 404 days ago. **Update now**

| # | Date | Description |
|---|---|---|
| 325 | 06/25/2021 | BNC Certificate of Mailing (Re: [308] Clerk's Notice of Mailing of (Re: [295] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [282] Order Denying Remaining Relief Requested in Motion Filed at (DE[265]), [283] Order Denying Remaining Relief Requested in Motion Filed at (DE[266]), [284] Order Denying Remaining Relief Requested in Motion Filed at (DE[267]), [285] Order Denying Remaining Relief Requested in Motion Filed at (DE[268]), [286] Order Granting Motion to Dismiss Case (Re: [244]).). |
| 324 | 06/25/2021 | Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [321] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [314] Order Denying Robert L Walker and Tamiko N Peele Amended Joint Notice and Motion to Stay Pending Resolution of Proceedings (Re: [294]), [315] Order Denying Robert L Walker and Tamiko N Peele Joint Motion for Clarification (Re: [303]).). Appeal Filing Fee Due: 7/9/2021. |
| 323 | 06/25/2021 | Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [321] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 7/9/2021. |
| 322 | 06/25/2021 | Statement of Issues on Appeal Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker Re: [321] Notice of Appeal. |

APP.62

321   06/25/2021   Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [314] Order Denying Robert L Walker and Tamiko N Peele Amended Joint Notice and Motion to Stay Pending Resolution of Proceedings (Re: [294]), [315] Order Denying Robert L Walker and Tamiko N Peele Joint Motion for Clarification (Re: [303]).). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 7/9/2021.

> 1 Attachment ▽

320   06/25/2021   Final Order By District Court Judge Aileen M. Cannon, Re: Appeal on Civil Action Number: 9:21-cv-80537-AMC, Order Staying Case Pending Appeal and Administratively Closing Case (Re: [151] Order on Motion to Withdraw as Attorney).

319   06/25/2021   Request for Transcript by ROBERT L. WALKER Re: [295] Notice of Appeal, [297] Notice of Appeal, [300] Notice of Appeal, [304] Notice of Appeal, [305] Notice of Appeal. Pursuant to FRBP 8009 and 8010, Transcriber acknowledges receipt of request on: 3/23/2021, Completion Date: 7/23/2021. (Re: [295] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [282] Order Denying Remaining Relief Requested in Motion Filed at (DE[265]), [283] Order Denying Remaining Relief Requested in Motion Filed at (DE[266]), [284] Order Denying Remaining Relief Requested in Motion Filed at (DE[267]), [285] Order Denying Remaining Relief Requested in Motion Filed at (DE[268]), [286] Order Granting Motion to Dismiss Case (Re: [244]).).

318   06/25/2021   Clerk's Notice Re: Return of Documents.

317   06/24/2021   BNC Certificate of Mailing (Re: [301] Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [300] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [292] Order Denying Motion For Relief From Stay and Cancelling Hearing Re: [279] Modified on 6/21/2021 to correct title.).

316   06/24/2021   BNC Certificate of Mailing (Re: [296] Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [295] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [282] Order Denying Remaining Relief Requested in Motion Filed at (DE[265]), [283] Order Denying Remaining Relief Requested in Motion Filed at (DE[266]), [284] Order Denying Remaining Relief Requested in Motion Filed at (DE[267]), [285] Order Denying Remaining Relief Requested in Motion Filed at (DE[268]), [286] Order Granting Motion to Dismiss Case (Re: [244]).).

315   06/24/2021   Order Denying Robert L Walker and Tamiko N Peele Joint Motion for Clarification (Re: # [303]).

314   06/24/2021   Order Denying Robert L Walker and Tamiko N Peele Amended Joint Notice and Motion to Stay Pending Resolution of Proceedings (Re: # [294])

313   06/24/2021   Notice of U.S. District Court Case Assignment. Case Number: 9:21-cv-81110-AMC (Re: [300] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [292] Order Denying Motion For Relief From Stay and Cancelling Hearing Re: [279] Modified on 6/21/2021 to correct title.).

312   06/24/2021   Notice of U.S. District Court Case Assignment. Case Number: 9:21-cv-81108-AMC (Re: [295] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [282] Order Denying Remaining Relief Requested in Motion Filed at (DE[265]), [283] Order Denying Remaining Relief Requested in Motion Filed at (DE[266]), [284] Order Denying Remaining Relief Requested in Motion Filed at (DE[267]), [285] Order Denying Remaining Relief Requested in Motion Filed at (DE[268]), [286] Order Granting Motion to Dismiss Case (Re: [244]).).

APP.63

311   06/23/2021   Transmittal to US District Court (Re: [300] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [292] Order Denying Motion For Relief From Stay and Cancelling Hearing Re: [279] Modified on 6/21/2021 to correct title.).

310   06/23/2021   Transmittal to US District Court (Re: [295] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [282] Order Denying Remaining Relief Requested in Motion Filed at (DE[265]), [283] Order Denying Remaining Relief Requested in Motion Filed at (DE[266]), [284] Order Denying Remaining Relief Requested in Motion Filed at (DE[267]), [285] Order Denying Remaining Relief Requested in Motion Filed at (DE[268]), [286] Order Granting Motion to Dismiss Case (Re: [244]).). (Attachments: # 1 Email) [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 7/6/2021., [297] Amended Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [282] Order Denying Remaining Relief Requested in Motion Filed at (DE[265]), [283] Order Denying Remaining Relief Requested in Motion Filed at (DE[266]), [284] Order Denying Remaining Relief Requested in Motion Filed at (DE[267]), [285] Order Denying Remaining Relief Requested in Motion Filed at (DE[268]), [286] Order Granting Motion to Dismiss Case (Re: [244]).). (Attachments: # 1 Email) [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 7/6/2021., [304] Amended Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [269] Order Continuing Hearing, [282] Order on Motion to Approve, [283] Order on Amended Motion, [284] Order on Motion to Approve, [285] Order on Motion to Approve, [286] Order on Motion to Dismiss Case.). (Attachments: # 1 Email) [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 7/6/2021. Related document(s) Modified on 6/22/2021 to correct link.)

309   06/23/2021   Clerk's Notice of Mailing of (Re: [300] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [292] Order Denying Motion For Relief From Stay and Cancelling Hearing Re: [279] Modified on 6/21/2021 to correct title.).

3 Attachments ▽

308   06/23/2021   Clerk's Notice of Mailing of (Re: [295] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [282] Order Denying Remaining Relief Requested in Motion Filed at (DE[265]), [283] Order Denying Remaining Relief Requested in Motion Filed at (DE[266]), [284] Order Denying Remaining Relief Requested in Motion Filed at (DE[267]), [285] Order Denying Remaining Relief Requested in Motion Filed at (DE[268]), [286] Order Granting Motion to Dismiss Case (Re: [244]).).

3 Attachments ▽

307   06/22/2021   Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [305] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 7/6/2021.

306   06/22/2021   Statement of Issues on Appeal Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker Re: [300] Notice of Appeal.

305   06/22/2021   Amended Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [292] Order Denying Motion For Relief From Stay and Cancelling Hearing Re: [279] Modified on 6/21/2021 to correct title.). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 7/6/2021.

APP.64

1 Attachment ▽

304   06/22/2021   Amended Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [292] Order Denying Motion For Relief From Stay and Cancelling Hearing Re: [279] Modified on 6/21/2021 to correct title.). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 7/6/2021.

1 Attachment ▽

303   06/22/2021   Joint Motion for Clarification Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

2 Attachments ▽

302   06/22/2021   Transcript Request Form Re: Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele. Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [295] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [300] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

301   06/21/2021   Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [300] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [292] Order Denying Motion For Relief From Stay and Cancelling Hearing Re: [279] Modified on 6/21/2021 to correct title.). Appeal Filing Fee Due: 7/6/2021.

300   06/21/2021   Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [292] Order Denying Motion For Relief From Stay and Cancelling Hearing Re: [279] Modified on 6/21/2021 to correct title.). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 7/6/2021.

1 Attachment ▽

299   06/21/2021   Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [295] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [297] Amended Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 7/6/2021.

298   06/22/2021   Statement of Issues on Appeal Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker Re: [295] Notice of Appeal, [297] Amended Notice of Appeal.

297   06/21/2021   Amended Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [282] Order Denying Remaining Relief Requested in Motion Filed at (DE[265]), [283] Order Denying Remaining Relief Requested in Motion Filed at (DE[266]), [284] Order Denying Remaining Relief Requested in Motion Filed at (DE[267]), [285] Order Denying Remaining Relief Requested in Motion Filed at (DE[268]), [286] Order Granting Motion to Dismiss Case (Re: [244]).). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 7/6/2021.

1 Attachment ▽

296   06/22/2021   Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [295] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: (DE[265]), [283] Order Denying [282] Order Denying Remaining Relief Requested in Motion Filed at (DE[266]), [284] Order Denying Remaining Relief Requested in Motion Filed at (DE[267]), [285] Order Denying Remaining Relief Requested in Motion Filed at (DE[268]), [286] Order Granting Motion to Dismiss Case (Re: [244]).). Appeal Filing Fee Due: 7/6/2021.

APP.6

| 295 | 06/21/2021 | Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [282] Order Denying Remaining Relief Requested in Motion Filed at (DE[265]), [283] Order Denying Remaining Relief Requested in Motion Filed at (DE[266]), [284] Order Denying Remaining Relief Requested in Motion Filed at (DE[267]), [285] Order Denying Remaining Relief Requested in Motion Filed at (DE[268]), [286] Order Granting Motion to Dismiss Case (Re: [244]).). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 7/6/2021. |

1 Attachment ▽

| 294 | 06/22/2021 | Amended Joint Notice and Motion To Stay Pending Resolution of Proceedings (Re: [293] Motion To Stay Pending Appeal) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

1 Attachment ▽

| 293 | 06/21/2021 | Joint Notice and Motion To Stay Pending Resolution of Proceedings Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

1 Attachment ▽

| 292 | 06/21/2021 | Order Granting Motion For Relief From Stay and Cancelling Hearing Re: # [279] |
| 291 | 06/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [285] Order Denying Remaining Relief Requested in Motion Filed at (DE[268])) Notice Date 06/20/2021. |
| 290 | 06/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [284] Order Denying Remaining Relief Requested in Motion Filed at (DE[267])) Notice Date 06/20/2021. |
| 289 | 06/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [283] Order Denying Remaining Relief Requested in Motion Filed at (DE[266])) Notice Date 06/20/2021. |
| 288 | 06/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [282] Order Denying Remaining Relief Requested in Motion Filed at (DE[265])) Notice Date 06/20/2021. |
| 287 | 06/20/2021 | BNC Certificate of Mailing - Order Dismissing Case (Re: [286] Order Granting Motion to Dismiss Case (Re: [244]).) Notice Date 06/20/2021. |
| 286 | 06/18/2021 | Order Granting Motion to Dismiss Case (Re: # [244]). |
| 285 | 06/18/2021 | Order Denying Remaining Relief Requested in Motion Filed at (DE# [268]) |
| 284 | 06/18/2021 | Order Denying Remaining Relief Requested in Motion Filed at (DE# [267]) |
| 283 | 06/18/2021 | Order Denying Remaining Relief Requested in Motion Filed at (DE# [266]) |
| 282 | 06/18/2021 | Order Denying Remaining Relief Requested in Motion Filed at (DE# [265]) |
| 281 | 06/15/2021 | Notice of Hearing (Re: [279] Motion for Relief from Stay for the Property Located at 4001 SW Melbourne Street, Port Saint Lucie, Florida 34953 [Consent for the 30 day Waiver] [Fee Amount $188] Filed by Creditor U.S. Bank National Association Chapter 13 Hearing scheduled for 06/30/2021 at 09:30 AM By Video Conference. |

APP.66

280   06/14/2021   Notice of Filing Motion for Relief from Stay for the Property Located at 4001 SW Melbourne Street, Port Saint Lucie, Florida 34953, Filed by Creditor U.S. Bank National Association (Re: [279] Motion for Relief From Stay).

06/14/2021   Auto-Docket of Credit Card (Text entry; no document attached.)

279   06/14/2021   Motion for Relief from Stay for the Property Located at 4001 SW Melbourne Street, Port Saint Lucie, Florida 34953 [Consent for the 30 day Waiver] [Fee Amount $188] Filed by Creditor U.S. Bank National Association

| 1 Attachment ▽ |

278   06/10/2021   BNC Certificate of Mailing - Hearing (Re: [274] Notice of Hearing (Re: [257] Debtor's Verified Motion for Referral to Student Loan Program with Lender Wells Fargo Education Financial Services, ACS Education Services FFEL Consolidated, The United States Department of Education d/b/a Nelnet Total and Permanent Disability, Transitional Guaranty Agency FFEL Consolidated, Education Credit Management Corporation Inc, Education Credit Management Corporation Group, ECMC and ECMC Group Filed by Joint Debtor Tamiko N Peele

277   06/10/2021   Signed documents originally filed by email pursuant to AO2020-07 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [259] Modified Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [260] Response filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [261] Motion to Continue Hearing On: [([244] Motion to Dismiss Case)] filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [264] Motion to Continue Hearing On: [([244] Motion to Dismiss Case)] filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [265] Motion to Approve filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [266] Amended Motion ([265] Motion to Approve) filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [267] Motion to Approve filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [268] Motion to Approve filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

| 6 Attachments ▽ |

276   06/09/2021   Transmittal to US District Court (Re: [225] Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [224] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 6/2/2021. (Part 2 of 2), [247] Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [225] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues.

275   06/09/2021   Transmittal to US District Court (Re: [196] Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele (Re: [195] Notice of Appeal filed by Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 5/25/2021. (Part 2 of 2), [245] Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele (Re: [196] Appellant Designation filed by Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues.

APP.67

274   06/08/2021   Notice of Hearing (Re: [257] Debtor's Verified Motion for Referral to Student Loan Program with Lender Wells Fargo Education Financial Services, ACS Education Services FFEL Consolidated, The United States Department of Education d/b/a Nelnet Total and Permanent Disability, Transitional Guaranty Agency FFEL Consolidated, Education Credit Management Corporation Inc, Education Credit Management Corporation Group, ECMC and ECMC Group Filed by Joint Debtor Tamiko N Peele Chapter 13 Hearing scheduled for 06/30/2021 at 09:30 AM by Video Conference.

273   06/07/2021   Signed documents originally filed by email pursuant to AO2020-07 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [255] Motion to Continue Hearing On: [([244] Motion to Dismiss Case)] filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [257] Debtor's Verified Motion for Referral to Student Loan Program with Lender Wells Fargo Education Financial Services, ACS Education Services FFEL Consolidated, The United States Department of Education d/b/a Nelnet Total and Permanent Disability, Transiti filed by Joint Debtor Tamiko N Peele, [259] Modified Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [260] Response filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [261] Motion to Continue Hearing On: [([244] Motion to Dismiss Case)] filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [264] Motion to Continue Hearing On: [([244] Motion to Dismiss Case)] filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

4 Attachments ▽

272   06/06/2021   BNC Certificate of Mailing – PDF Document (Re: [269] Order Continuing Hearing On Trustee's Motion to Dismiss and Setting Hearing on Certain Relief Requested by the Debtors and Denying Certain Relief Requested by the Debtors (Re: [244] Motion to Dismiss Case filed by Trustee Robin R Weiner, [265] Motion for Approval of a Refinancing of the Existing Mortgage Loan, For Authority to Pay Confirmed Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele and [266], [267], [268]). Chapter 13 Hearing scheduled for 06/17/2021 at 11:00 AM by Video Conference. All Other Relief Requested in ECF Nos. 264, 265, 266, 267 and 268 is Denied) Notice Date 06/06/2021.

271   06/05/2021   BNC Certificate of Mailing – PDF Document (Re: [263] Order Denying Motion for Stay or Continuance and Treating ECF NO. 260 as a Response to Trustee's Motion to Dismiss ([244]) (Re: [261]) Modified on 6/3/2021 to create link.) Notice Date 06/05/2021.

270   06/04/2021   BNC Certificate of Mailing – PDF Document (Re: [262] Order Denying (I) Motion to Continue or Stay Chapter 13 Case, (II) Motion to Continue or Stay Hearing on Motion to Dismiss Chapter 13 Case, and (II) Motion to Deem Motion Timely Filed ([255]).) Notice Date 06/04/2021.

269   06/04/2021   Order Continuing Hearing On Trustee's Motion to Dismiss and Setting Hearing on Certain Relief Requested by the Debtors and Denying Certain Relief Requested by the Debtors (Re: [244] Motion to Dismiss Case filed by Trustee Robin R Weiner, [265] Motion for Approval of a Refinancing of the Existing Mortgage Loan, For Authority to Pay Confirmed Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele and [266], [267], [268]). Chapter 13 Hearing scheduled for 06/17/2021 at 11:00 AM by Video Conference. All Other Relief Requested in ECF Nos. 264, 265, 266, 267 and 268 is Denied

268   06/04/2021   Emergency Motion for Approval of Refinancing or, in the Alternative, Motion for Approval to Pay Off Chapter 13 Plan or, in the Alternative, Motion to Modify Plan, and Motion for Continuance Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

4 Attachments ▽

267   06/04/2021   Motion for Approval of Refinancing or, in the Alternative, Motion for Approval to Pay Off Chapter 13 Plan or, in the Alternative, Motion to Modify Plan, and Motion for Continuance Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

APP.68

5 Attachments ▽

266   06/03/2021   Amended Motion for Approval of Refinancing or, in the Alternative, Motion for Approval to Pay Off Chapter 13 Plan, and Motion for Continuance([265] Motion Motion for Approval of Refinancing or, in the Alternative, Motion for Approval to Pay Off Chapter 13 Plan, and Motion for Continuance) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

2 Attachments ▽

〈   1   2   3   4   5   6   7   〉

**Interested in this case?**

Would you like this case removed from DocketBird? **Request removal.**

**Other 2020 Cases in the Southern District of Florida (Bankruptcy):**

- Ricky W Reddings (flsb-9:2020-bk-11406)

- Robert A Young and Shideda S Young (flsb-0:2020-bk-11448)

- Robert A. DeLuca, Sr. (flsb-0:2020-bk-11157)

- Robert Alejandro Brito (flsb-1:2020-bk-11508)

- Robert Delapenha (flsb-9:2020-bk-11197)

- Roberto Antunez and Marikris Espina (flsb-1:2020-bk-11233)

- Roberto Burgos and Lutgarda H Burgos (flsb-1:2020-bk-11259)

- Roberto Maldonado, III (flsb-1:2020-bk-11522)

- Roddy D Betancourt and Mirtha Betancourt (flsb-1:2020-bk-11475)

APP.69



Court Cases › Federal Cases › Bankruptcy Cases › Southern District of Florida (Bankruptcy)
› 2020 › 2020-bk-11000 through 2020-bk-11499 › Robert L Walker and Tamiko N Peele

# *Robert L Walker and Tamiko N Peele*
## *Bankruptcy Court Docket Sheet*

### Southern District of Florida (Bankruptcy)

### 9:2020-bk-11431 (flsb)

### Interested in this case?

## Documents

Last full update: 404 days ago. **Update now**

| # | Date | Description |
|---|------|-------------|
| 265 | 06/04/2021 | Motion for Approval of Refinancing or, in the Alternative, Motion for Approval to Pay Off Chapter 13 Plan, and Motion for Continuance Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker<br>4 Attachments ▼ |
| 264 | 06/04/2021 | Joint Motion for Rehearing On: [([244] Motion to Dismiss Case)] Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker<br>4 Attachments ▼ |
| 263 | 06/03/2021 | Order Denying Motion for Stay or Continuance and Treating ECF NO. 260 as a Response to Trustee's Motion to Dismiss ([244]) |
| 262 | 06/02/2021 | Order Denying (I) Motion to Continue or Stay Chapter 13 Case, (II) Motion to Continue or Stay Hearing on Motion to Dismiss Chapter 13 Case, and (II) Motion to Deem Motion Timely Filed ([255]). |
| 261 | 06/02/2021 | Motion to Continue Hearing On: [([244] Motion to Dismiss Case)] Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker<br>2 Attachments ▼ |
| 260 | 06/02/2021 | Response to ([244] Motion to Dismiss Case For Other Reason filed by Trustee Robin R Weiner) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

APP.70

| | | | 2 Attachments ▼ |

259  06/01/2021  Second Modified Chapter 13 Plan (Re:[44] Amended Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker.

| | | | 2 Attachments ▼ |

258  06/01/2021  Signed documents originally filed by email pursuant to AO2020-07 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [194] Motion to Vacate (Re: [119] Order on Motion to Vacate) filed by Joint Debtor Tamiko N Peele, [198] Motion to Vacate (Re: [119] Order on Motion to Vacate) filed by Joint Debtor Tamiko N Peele).

| | | | 1 Attachment ▼ |

257  06/01/2021  Debtor's Verified Motion for Referral to Student Loan Program with Lender Wells Fargo Education Financial Services, ACS Education Services FFEL Consolidated, The United States Department of Education d/b/a Nelnet Total and Permanent Disability, Transitional Guaranty Agency FFEL Consolidated, Education Credit Management Corporation Inc, Education Credit Management Corporation Group, ECMC and ECMC Group Filed by Joint Debtor Tamiko N Peele

| | | | 3 Attachments ▼ |

256  05/28/2021  BNC Certificate of Mailing - PDF Document (Re: [253] Order Granting Motion To Appear pro hac vice by Randy J. Pflum(Re: [252])) Notice Date 05/28/2021.

255  05/28/2021  Motion for Continuance, Motion to Stay and Motion for Reasonable Accommodations Pursuant to Title I of the American With Disabilities Act (ADA) [([244] Motion to Dismiss Case)] Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

| | | | 2 Attachments ▼ |

05/27/2021  Receipt of Appeal Filing Fee - $298.00 by HM. Receipt Number 148530. (admin) (Text entry; no document attached.)

05/27/2021  Receipt of Appeal Filing Fee - $298.00 by HM. Receipt Number 148529. (admin) (Text entry; no document attached.)

| | | |
|---|---|---|
| 254 | 05/27/2021 | Signed documents originally filed by email pursuant to AO2020-07 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [194] Motion to Vacate (Re: [119] Order on Motion to Vacate) filed by Joint Debtor Tamiko N Peele, [199] Debtor's Verified Motion for Referral to Student Loan Program with Lender US Department of Education filed by Joint Debtor Tamiko N Peele, [207] Motion to Modify Plan (Re: [44] Amended Chapter 13 Plan) filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, Motion to Strike [44] Amended Chapter 13 Plan, Motion dfd, [208] Motion to Value and Determine Secured Status of Lien Of Regent Bank, MERS, Stone Gate Bank n/f/a Centennial Bank on Real Property (Value of Collateral: $186,691.00) filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [209] Motion to Value and Determine Secured Status of Lien on Personal Property Held by Barry Steven Mittelberg, Barry Mittelberg P.A, Liberty Mutual Insurance Co., United Parcel Service., Calil Law, Medical Providers, etc filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [211] Motion to Value and Determine Secured Status of Lien on Personal Property Held by The United States Department of Education, The United States Social Security Administration, THE UNITED STATES DEPARTMENT OF TREASURY BUREAU OF THE FISCAL SERVICE Acct filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [212] Motion to Value and Determine Secured Status of Lien Of US Bank NA d/b/a US Bank Home Mortgage et al on Real Property (Value of Collateral: $416,222.00) filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [224] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [245] Appellant Designation filed by Joint Debtor Tamiko N Peele, [246] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [249] Notice of Filing filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |
| | | 10 Attachments ▽ |
| 253 | 05/26/2021 | Order Granting Motion To Appear pro hac vice by Randy J. Pflum(Re: # [252]) |
| | 05/25/2021 | Auto-Docket of Credit Card (Text entry; no document attached.) |
| 252 | 05/25/2021 | Motion to Appear pro hac vice by Randy J. Pflum [Fee Paid $200] Filed by Creditors U.S. Bank National Association, U.S. Bank National Association, U.S. Bank National Association, U.S. Bank National Association |
| 251 | 05/25/2021 | Transmittal to US District Court (Re: [246] Amended Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [215] Memorandum in Support of Orders Entered May 18,2021., [216] Order Denying Motion at ECF ([194]), [217] Order Denying Motion at ECF ([198]), [218] Order Denying Motion for Referral to Student Loan Program (Re: [199]), [219] Order Denying Motion at ECF ([207]) - Modified docket text on 5/19/2021., [220] Order Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [208]) and Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [212]), [221] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [209]), [222] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [211]), [223] Order Denying Motion at ECF ([214])). |
| 250 | 05/25/2021 | Certificate of Service by Attorney Robin R Weiner (Re: [248] Notice of Hearing). |
| 249 | 05/25/2021 | Joint Second Request for Records on Appeal, Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. [Copy Fees of $229.20 NOT Paid] |
| | | 3 Attachments ▽ |
| 248 | 05/25/2021 | Notice of Hearing (Re: [244] Motion to Dismiss Case For Other Reason Filed by Trustee Robin R Weiner) Chapter 13 Hearing scheduled for 06/16/2021 at 11:00 AM by Video Conference. |

247   05/25/2021   Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [225] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues.

1 Attachment ▽

246   05/25/2021   Amended Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [215] Memorandum in Support of Orders Entered May 18,2021., [216] Order Denying Motion at ECF ([194]), [217] Order Denying Motion at ECF ([198]), [218] Order Denying Motion for Referral to Student Loan Program (Re: [199]), [219] Order Denying Motion at ECF ([207]) - Modified docket text on 5/19/2021., [220] Order Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [208]) and Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [212]), [221] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [209]), [222] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [211]), [223] Order Denying Motion at ECF ([214])). Appellant Designation due 6/8/2021.

1 Attachment ▽

245   05/25/2021   Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele (Re: [196] Appellant Designation filed by Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 6/8/2021.

1 Attachment ▽

244   05/24/2021   Motion to Dismiss Case For Other Reason Filed by Trustee Robin R Weiner

243   05/22/2021   BNC Certificate of Mailing - PDF Document (Re: [228] Order Denying as Moot Motion For Protective Order (Re: [213])) Notice Date 05/22/2021.

242   05/21/2021   BNC Certificate of Mailing - PDF Document (Re: [227] Clerk's Notice of Mailing of (Re: [224] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [216] Memorandum in Support of Orders Entered May 18,2021., [216] Order Denying Motion at ECF ([194]), [217] Order Denying Motion at ECF ([198]), [218] Order Denying Motion for Referral to Student Loan Program (Re: [199]), [219] Order Denying Motion at ECF ([207]) - Modified docket text on 5/19/2021., [220] Order Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [208]) and Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [212]), [221] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [209]), [222] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [211]), [223] Order Denying Motion at ECF ([214])).

241   05/21/2021   BNC Certificate of Mailing (Re: [226] Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [224] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [215] Memorandum in Support of Orders Entered May 18,2021., [216] Order Denying Motion at ECF ([194]), [217] Order Denying Motion at ECF ([198]), [218] Order Denying Motion for Referral to Student Loan Program (Re: [199]), [219] Order Denying Motion at ECF ([207]) - Modified docket text on 5/19/2021., [220] Order Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [208]) and Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [212]), [221] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [209]), [222] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [211]), [223] Order Denying Motion at ECF ([214])).

APP.73

| | | |
|---|---|---|
| 240 | 05/21/2021 | BNC Certificate of Mailing (Re: [227] Clerk's Notice of Mailing of (Re: [224] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [215] Memorandum in Support of Orders Entered May 18,2021., [216] Order Denying Motion at ECF ([194]), [217] Order Denying Motion at ECF ([198]), [218] Order Denying Motion for Referral to Student Loan Program (Re: [199]), [219] Order Denying Motion at ECF ([207]) - Modified docket text on 5/19/2021., [220] Order Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [208]) and Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [212]), [221] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [209]), [222] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [211]), [223] Order Denying Motion at ECF ([214])). |
| 239 | 05/21/2021 | Notice of U.S. District Court Case Assignment. Case Number: 9:21-cv-80914-AHS (Re: [224] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |
| 238 | 05/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [223] Order Denying Motion at ECF ([214])) Notice Date 05/20/2021. |
| 237 | 05/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [222] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [211])) Notice Date 05/20/2021. |
| 236 | 05/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [221] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [209])) Notice Date 05/20/2021. |
| 235 | 05/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [220] Order Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [208]) and Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [212])) Notice Date 05/20/2021. |
| 234 | 05/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [219] Order Denying Motion at ECF ([207]) - Modified docket text on 5/19/2021.) Notice Date 05/20/2021. |
| 233 | 05/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [218] Order Denying Motion for Referral to Student Loan Program (Re: [199])) Notice Date 05/20/2021. |
| 232 | 05/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [217] Order Denying Motion at ECF ([198])) Notice Date 05/20/2021. |
| 231 | 05/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [216] Order Denying Motion at ECF ([194])) Notice Date 05/20/2021. |
| 230 | 05/20/2021 | BNC Certificate of Mailing - PDF Document (Re: [215] Memorandum in Support of Orders Entered May 18,2021.) Notice Date 05/20/2021. |

APP.74

229   05/20/2021   Transmittal to US District Court (Re: [224] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [215] Memorandum In Support of Orders Entered May 18,2021., [216] Order Denying Motion at ECF ([194]), [217] Order Denying Motion at ECF ([198]), [218] Order Denying Motion for Referral to Student Loan Program (Re: [199]), [219] Order Denying Motion at ECF ([207]) - Modified docket text on 5/19/2021., [220] Order Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [208]) and Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [212]), [221] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [209]), [222] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [211]), [223] Order Denying Motion at ECF ([214])).

228   05/20/2021   Order Denying as Moot Motion For Protective Order (Re: # [213])

227   05/19/2021   Clerk's Notice of Mailing of (Re: [224] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [215] Memorandum In Support of Orders Entered May 18,2021., [216] Order Denying Motion at ECF ([194]), [217] Order Denying Motion at ECF ([198]), [218] Order Denying Motion for Referral to Student Loan Program (Re: [199]), [219] Order Denying Motion at ECF ([207]) - Modified docket text on 5/19/2021., [220] Order Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [208]) and Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [212]), [221] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [209]), [222] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [211]), [223] Order Denying Motion at ECF ([214])).

226   05/19/2021   Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [224] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [215] Memorandum In Support of Orders Entered May 18,2021., [216] Order Denying Motion at ECF ([194]), [217] Order Denying Motion at ECF ([198]), [218] Order Denying Motion for Referral to Student Loan Program (Re: [199]), [219] Order Denying Motion at ECF ([207]) - Modified docket text on 5/19/2021., [220] Order Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [208]) and Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [212]), [221] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [209]), [222] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [211]), [223] Order Denying Motion at ECF ([214])). (Attachments: # 1 Email) [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 6/2/2021. (Part 1 of 2)) Appeal Filing Fee Due: 6/2/2021.

225   05/19/2021   Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [224] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 6/2/2021. (Part 2 of 2)

224   05/19/2021   Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [215] Memorandum In Support of Orders Entered May 18,2021., [216] Order Denying Motion at ECF ([194]), [217] Order Denying Motion at ECF ([198]), [218] Order Denying Motion for Referral to Student Loan Program (Re: [199]), [219] Order Denying Motion at ECF ([207]) - Modified docket text on 5/19/2021., [220] Order Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [208]) and Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: [212]), [221] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [209]), [222] Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: [211]), [223] Order Denying Motion at ECF ([214])). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 6/2/2021.

APP.75

1 Attachment ▽

| 223 | 05/18/2021 | Order Denying Motion at ECF (# [214]) |
|---|---|---|
| 222 | 05/18/2021 | Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: # [211]) |
| 221 | 05/18/2021 | Order Denying Motion To Value and Determine Secured Status of Lien on Personal Property (Re: # [209]) |
| 220 | 05/18/2021 | Order Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: # [208]) and Denying Motion To Value and Determine Secured Status of Lien on Real Property (Re: # [212]) |
| 219 | 05/18/2021 | Order Motion at ECF (# [207]) |
| 218 | 05/18/2021 | Order Denying Motion for Referral to Student Loan Program (Re: # [199]) |
| 217 | 05/18/2021 | Order Denying Motion at ECF (# [198]) |
| 216 | 05/18/2021 | Order Denying Motion at ECF (# [194]) |
| 215 | 05/18/2021 | Memorandum in Support of Orders Entered May 18,2021, |
| 214 | 05/17/2021 | Motion to Refinance and Purchase Incurring Debt Pursuant to Chapter 13 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

7 Attachments ▽

| 213 | 05/17/2021 | Notice of Filing Objection to Debtor's Request For Examination Under Rule 2004 and Motion for Protective Order Filed by Creditor Barry S. Mittelberg **REPLACES ECF #210** |

‹   1   2   3   4   5   6   7   ›

**Interested in this case?**

Would you like this case removed from DocketBird? **Request removal.**

APP.76

Court Cases  ›  Federal Cases  ›  Bankruptcy Cases  ›  Southern District of Florida (Bankruptcy)
›  2020  ›  2020-bk-11000 through 2020-bk-11499  ›  Robert L Walker and Tamiko N Peele

## *Robert L Walker and Tamiko N Peele*
## *Bankruptcy Court Docket Sheet*

Southern District of Florida (Bankruptcy)

9:2020-bk-11431 (flsb)

**Interested in this case?**

## Documents

Last full update: 404 days ago. **Update now**

| # | Date | Description |
|---|------|-------------|
| 212 | 05/17/2021 | Motion to Value and Determine Secured Status of Lien Of US Bank NA d/b/a US Bank Home Mortgage et al on Real Property (Value of Collateral: $416,222.00) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |
| | | 7 Attachments ▽ |
| 211 | 05/14/2021 | Motion to Value and Determine Secured Status of Lien on Personal Property Held by The United States Department of Education, The United States Social Security Administration, The United States Department of Treasury Bureau of the Fiscal Service Acct#05264757386, Florida Department of Education, Nelnet Servicing LLC, Nelnet Total & Permanent Disability Education Credit Management Corporation Group, ECMC, Transitional Guranty Agency, Account FFEL Consolidated MonetaryOF $31,713.00, Nelnet, Inc Wells Fargo Education Financial Services, Professional Bureau of Collections of Maryland, Inc et al Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |
| | | 1 Attachment ▽ |
| 210 | 05/14/2021 | Notice of Filing Objection to Debtor's Request For Examination Under Rule 2004 and For Protective Order, Filed by Creditor Barry S. Mittelberg. |
| 209 | 05/14/2021 | Motion to Value and Determine Secured Status of Lien on Personal Property Held by Barry Steven Mittelberg, Barry Mittelberg PA, Liberty Mutual Insurance Co, United Parcel Service, Calil Law, Medical Providers, etc Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

APP.77

| 1 Attachment ▽ |
| --- |

208  05/14/2021   Motion to Value and Determine Secured Status of Lien Of Regent Bank, MERS, Stone Gate Bank n/f/a Centennial Bank on Real Property (Value of Collateral: $186,691.00) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

| 1 Attachment ▽ |
| --- |

207  05/14/2021   Motion to Modify Plan (Re: [44] Amended Chapter 13 Plan), Motion to Strike [185] Final Report Of Mediator, and Motion for Examination Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

| 4 Attachments ▽ |
| --- |

206  05/13/2021   BNC Certificate of Mailing - PDF Document (Re: [200] Clerk's Notice of Mailing of (Re: [195] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele (Re: [193] Order Denying Verified Motion for Referral to Student Loan Program (Re: [190]).

205  05/13/2021   BNC Certificate of Mailing (Re: [197] Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [195] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele (Re: [193] Order Denying Verified Motion for Referral to Student Loan Program (Re: [190]).

204  05/13/2021   BNC Certificate of Mailing (Re: [200] Clerk's Notice of Mailing of (Re: [195] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele (Re: [193] Order Denying Verified Motion for Referral to Student Loan Program (Re: [190]).

203  05/12/2021   BNC Certificate of Mailing - PDF Document (Re: [193] Order Denying Verified Motion for Referral to Student Loan Program (Re: [190]) Notice Date 05/12/2021.

202  05/12/2021   Notice of U.S. District Court Case Assignment. Case Number: 9:21-cv-80855-AMC (Re: [195] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele.

201  05/11/2021   Transmittal to US District Court (Re: [195] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele (Re: [193] Order Denying Verified Motion for Referral to Student Loan Program (Re: [190]).

200  05/11/2021   Clerk's Notice of Mailing of (Re: [195] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele (Re: [193] Order Denying Verified Motion for Referral to Student Loan Program (Re: [190]).

199  05/11/2021   Debtor's Verified Motion for Referral to Student Loan Program with Lender US Department of Education Filed by Joint Debtor Tamiko N Peele

| 3 Attachments ▽ |
| --- |

198  05/11/2021   (Second) Motion to Vacate (Re: [119] Agreed Order Granting Motion for Rehearing of Order Sustaining Objection to Claim No. 2 and Vacating Order) Filed by Joint Debtor Tamiko N Peele

| 4 Attachments ▽ |
| --- |

197  05/11/2021   Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [195] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele (Re: [193] Order Denying Verified Motion for Referral to Student Loan Program (Re: [190]). Appeal Filing Fee Due: 5/25/2021.

| 196 | 05/11/2021 | Appellant Designation of Contents For Inclusion In Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele (Re: [195] Notice of Appeal filed by Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 5/25/2021. (Part 2 of 2) |
| 195 | 05/11/2021 | Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele (Re: [193] Order Denying Verified Motion for Referral to Student Loan Program (Re: [190])).

1 Attachment ▽ |
| 194 | 05/11/2021 | (Document construed as a) Motion to Vacate (Re: [119] Agreed Order Granting Motion for Rehearing of Order Sustaining Objection to Claim No. 2 and Vacating Order) Filed by Joint Debtor Tamiko N Peele

4 Attachments ▽ |
| 193 | 05/10/2021 | Order Denying Verified Motion for Referral to Student Loan Program (Re: # [190]) |
| 192 | 05/06/2021 | Signed documents originally filed by email pursuant to AO2020-07 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [186] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [187] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [190] Debtor's Verified Motion for Referral to Student Loan Program with Lender US Department of Education filed by Joint Debtor Tamiko N Peele, [191] Certificate of Service filed by Joint Debtor Tamiko N Peele).

3 Attachments ▽ |
| 191 | 05/03/2021 | Certificate of Service Filed by Joint Debtor Tamiko N Peele (Re: [190] Debtor's Verified Motion for Referral to Student Loan Program with Lender US Department of Education filed by Joint Debtor Tamiko N Peele).

1 Attachment ▽ |
| 190 | 05/03/2021 | (Document construed as) Debtor's Verified Motion for Referral to Student Loan Program with Lender US Department of Education Filed by Joint Debtor Tamiko N Peele

4 Attachments ▽ |
| 189 | 04/30/2021 | Supplemental Transmittal to US District Court (Re: [187] Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [169] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |
| 188 | 04/30/2021 | Supplemental Transmittal to US District Court (Re: [186] Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [166] Appellant Designation filed by Trustee Robin R Weiner, Joint Debtor Tamiko N Peele). |
| 187 | 04/30/2021 | Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [169] Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues.

1 Attachment ▽ |

APP.79

| 186 | 04/30/2021 | Amended Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [166] Appellant Designation filed by Trustee Robin R Weiner, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. |

`1 Attachment ▼`

| 185 | 04/29/2021 | Final Report of Loss Mitigation/Mortgage Modification Mediator [Agreement NOT Reached] Filed by Mediator Harry J Ross. |
| 184 | 04/19/2021 | Transmittal to District Court |
| 183 | 04/19/2021 | Transmittal to District Court |
| 182 | 04/17/2021 | Transcript of 3/10/2021 Hearing. [Transcript will be restricted for a period of 90 days.] (Re: [128] Reorganizers Robert L. Walker and Tamiko N. Peele Pending Non-Represented Attorney Joint Motion for Negative Notice, Protective Order with Sanctions and a Hearing for Violation of Court Order Dated October 29, 2020, as to Kenneth Drake Ozment, Ozment Law P.A., Bonial & Associates, P.C., Peter Knapp, Matthew L. Tillma, John J. Rafferty, Sovathary Keley Jacobson, Barry Mittleberg, USBancorp, US Bank N.A., and US Bank Home Mortgage, (DE126, 120, 117, 110, 36, and Claim#4), Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Certificate of Service # 5 Email confirmation), [133] Reorganizers Robert L. Walker and Tamiko N. Peele Pending Non-Represented Attorney Amended Joint Motion for Negative Notice, Protective Order with Sanctions and a Hearing for Violation of Court Order Dated October 29, 2020, as to Kenneth Drake Ozment, Ozment Law P.A., Bonial & Associates, P.C., Peter Knapp, Matthew L. Tillma, John J. Rafferty, Sovathary Keley Jacobson, Barry Steven Mittleberg, USBancorp, US Bank N.A., and US Bank Home Mortgage, (DE129, DE126, 120, 117, 110, 36, Claim#4 and Claim#5) ([128] Motion) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Attachments: # 1 Appendix # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Certificate of Service # 6 Proposed Order # 7 Email confirmation)). Redaction Request Due By 04/26/2021. Statement of Personal Data Identifier Redaction Request Due by 05/10/2021. Redacted Transcript Due by 05/18/2021. Transcript access will be restricted through 07/16/2021. (Ouellette and Mauldin) |
| 181 | 04/17/2021 | Transcript of 3/9/2021 Hearing. [Transcript will be restricted for a period of 90 days.] (Re: [4] Certification of Budget and Credit Counseling Course by Joint Debtor ONLY Filed by Joint Debtor Tamiko N Peele.). Redaction Request Due By 04/26/2021. Statement of Personal Data Identifier Redaction Request Due by 05/10/2021. Redacted Transcript Due by 05/18/2021. Transcript access will be restricted through 07/16/2021. (Ouellette and Mauldin) |
| 180 | 03/31/2021 | Transmittal to US District Court (Re: [169] Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [167] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 3/30/2021.) |
| 179 | 03/31/2021 | Transmittal to US District Court (Re: [166] Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Joint Debtor Tamiko N Peele, Trustee Robin R Weiner (Re: [154] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. (Attachments: # 1 Email confirmation) Appellee designation due 3/29/2021. (Replacement of DE164.)) |

| | 03/25/2021 | Receipt of Appeal Filing Fee - $596.00 by LF. Receipt Number 148482. (admin) (Text entry; no document attached.) |
|---|---|---|
| 178 | 03/25/2021 | Signed documents originally filed by email pursuant to AO2020-07 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [154] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [166] Appellant Designation filed by Trustee Robin R Weiner, Joint Debtor Tamiko N Peele, [167] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [170] Transcript Request Form Re: Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |

| 3 Attachments ▽ |
|---|

| 177 | 03/24/2021 | Request for Transcript by Robert Walker Re: [91] Notice of Appeal, [154] Notice of Appeal, [167] Notice of Appeal. Pursuant to FRBP 8009 and 8010, Transcriber acknowledges receipt of request on: 3/22/2021. Completion Date: 4/22/2021. (Re: [91] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [86] Order Granting Motion To Allow Late-Filed Claim(s) 6, (Re: [74],), [90] Order Granting Motion For Relief From Stay to Remand This Matter to The State Court for a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker Re: [79]). |
|---|---|---|
| 176 | 03/19/2021 | BNC Certificate of Mailing - PDF Document (Re: [171] Clerk's Notice of Mailing of (Re: [167] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [153] Order (I) Denying Motion For Sanctions and (II) Setting Deadline for U.S. Bank National Association to Provide Contact Information to Debtors (Re: [128]), (Re: [133]), No Later Than 4:00 p.m. on March 12, 2021, Counsel for U.S. Bank National Association Must Provide the Debtors With the Name of a Single Representative of the Bank). |
| 175 | 03/19/2021 | BNC Amended Certificate of Mailing (Re: [171] Clerk's Notice of Mailing of (Re: [167] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [153] Order (I) Denying Motion For Sanctions and (II) Setting Deadline for U.S. Bank National Association to Provide Contact Information to Debtors (Re: [128]), (Re: [133]). No Later Than 4:00 p.m. on March 12, 2021, Counsel for U.S. Bank National Association Must Provide the Debtors With the Name of a Single Representative of the Bank). |
| 174 | 03/18/2021 | BNC Amended Certificate of Mailing (Re: [168] Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [167] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [153] Order (I) Denying Motion For Sanctions and (II) Setting Deadline for U.S. Bank National Association to Provide Contact Information to Debtors (Re: [128]), (Re: [133]). No Later Than 4:00 p.m. on March 12, 2021, Counsel for U.S. Bank National Association Must Provide the Debtors With the Name of a Single Representative of the Bank). |
| 173 | 03/17/2021 | Notice of U.S. District Court Case Assignment. Case Number: 9:21-cv-80568-AMC (Re: [167] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |
| | 03/17/2021 | Transmittal to District Court (Text entry; no document attached.) |
| 171 | 03/17/2021 | Clerk's Mailing of Notice of Appeal |
| 170 | 03/16/2021 | Transcript Request Form Re: Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele. Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [167] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |

APP.81

169   03/16/2021   Appellant Designation of Contents For Inclusion In Record On Appeal and Statement of Issues Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [167] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 3/30/2021.

168   03/16/2021   Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [167] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [153] Order (I) Denying Motion For Sanctions and (II) Setting Deadline for U.S. Bank National Association to Provide Contact Information to Debtors (Re: [128]), (Re: [133]). No Later Than 4:00 p.m. on March 12, 2021, Counsel for U.S. Bank National Association Must Provide the Debtors With the Name of a Single Representative of the Bank). Appeal Filing Fee Due: 3/30/2021.

167   03/16/2021   Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [153] Order (I) Denying Motion For Sanctions and (II) Setting Deadline for U.S. Bank National Association to Provide Contact Information to Debtors (Re: [128]), (Re: [133]). No Later Than 4:00 p.m. on March 12, 2021, Counsel for U.S. Bank National Association Must Provide the Debtors With the Name of a Single Representative of the Bank). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 3/30/2021.

| 1 Attachment ▼ |

166   03/15/2021   Appellant Designation of Contents For Inclusion In Record On Appeal Filed by Joint Debtor Tamiko N Peele, Trustee Robin R Weiner (Re: [154] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues.

| 1 Attachment ▼ |

165   03/15/2021   Signed documents originally filed by email pursuant to AO2020-07 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [142] Certificate of Service filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [149] Response filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, [154] Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

| 2 Attachments ▼ |

164   03/15/2021   Amended Document

163   03/13/2021   BNC Certificate of Mailing - PDF Document (Re: [156] Clerk's Notice of Mailing of (Re: [154] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [151] Order Granting Motion To Withdraw As Attorney of Record for Debtors (Re: [136])).

162   03/13/2021   BNC Certificate of Mailing - PDF Document (Re: [153] Order (I) Denying Motion For Sanctions and (II) Setting Deadline for U.S. Bank National Association to Provide Contact Information to Debtors (Re: [128]), (Re: [133]). No Later Than 4:00 p.m. on March 12, 2021, Counsel for U.S. Bank National Association Must Provide the Debtors With the Name of a Single Representative of the Bank) Notice Date 03/13/2021.

161   03/13/2021   BNC Amended Certificate of Mailing (Re: [155] Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [154] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [151] Order Granting Motion To Withdraw As Attorney of Record for Debtors (Re: [136])).

APP.82



| 160 | 03/13/2021 | BNC Amended Certificate of Mailing (Re: [156] Clerk's Notice of Mailing of (Re: [154] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [151] Order Granting Motion To Withdraw As Attorney of Record for Debtors (Re: [136])). |
| 159 | 03/12/2021 | BNC Certificate of Mailing - PDF Document (Re: [151] Order Granting Motion To Withdraw As Attorney of Record for Debtors (Re: [136])) Notice Date 03/12/2021. |
| 158 | 03/11/2021 | Notice of U.S. District Court Case Assignment. Case Number: 9:21-cv-80537-AMC (Re: [154] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [151]) |
| 157 | 03/11/2021 | Transmittal to US District Court (Re: [154] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [151] Order Granting Motion To Withdraw As Attorney of Record for Debtors (Re: [136])). (Attachments: # 1 Email confirmation) [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 3/25/2021.) |
| 156 | 03/11/2021 | Clerk's Notice of Mailing of (Re: [154] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [151] Order Granting Motion To Withdraw As Attorney of Record for Debtors (Re: [136])). |

‹  1  2  3  4  5  6  7  ›

**Interested in this case?**

Would you like this case removed from DocketBird? **Request removal.**

**Other 2020 Cases in the Southern District of Florida (Bankruptcy):**

- Ricky W Reddings (flsb-9:2020-bk-11406)

- Robert A Young and Shideda S Young (flsb-0:2020-bk-11448)

- Robert A. DeLuca, Sr. (flsb-0:2020-bk-11157)

- Robert Alejandro Brito (flsb-1:2020-bk-11508)

APP.83



Court Cases › Federal Cases › Bankruptcy Cases › Southern District of Florida (Bankruptcy) › 2020 › 2020-bk-11000 through 2020-bk-11499 › Robert L Walker and Tamiko N Peele

## *Robert L Walker and Tamiko N Peele*
## *Bankruptcy Court Docket Sheet*

Southern District of Florida (Bankruptcy)

9:2020-bk-11431 (flsb)

### **Interested in this case?**

## Documents

Last full update: 404 days ago. **Update now**

| # | Date | Description |
|---|------|-------------|
| 155 | 03/11/2021 | Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: [154] Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [151] Order Granting Motion To Withdraw As Attorney of Record for Debtors (Re: [136])). Appeal Filing Fee Due: 3/25/2021. |
| 154 | 03/11/2021 | Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: [151] Order Granting Motion To Withdraw As Attorney of Record for Debtors (Re: [136])). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 3/25/2021. |
| | | 1 Attachment ▽ |
| 153 | 03/11/2021 | Order (I) Denying Motion For Sanctions and (II) Setting Deadline for U.S. Bank National Association to Provide Contact Information to Debtors (Re: # [128]), (Re: # [133]). No Later Than 4:00 p.m. on March 12, 2021, Counsel for U.S. Bank National Association Must Provide the Debtors With the Name of a Single Representative of the Bank |
| 152 | 03/10/2021 | Certificate of Service by Attorney K Drake Ozment (Re: [151] Order on Motion to Withdraw as Attorney). |
| | | 1 Attachment ▽ |
| 151 | 03/10/2021 | Order Granting Motion To Withdraw As Attorney of Record for Debtors (Re: # [136]) |

APP.84

150   03/09/2021        Notice of Appearance and Request for Service by Gavin N Stewart Filed by Interested Party Bonial and Associates, P.C.

149   03/08/2021        Response to (136 Motion to Withdraw as Attorney of Record filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 139 Response filed by Creditor Barry S. Mittelberg) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

⎡ 1 Attachment ▽ ⎤

148   03/04/2021        BNC Certificate of Mailing – PDF Document (Re: 145 Notice of Transmittal of PDF Document to BNC for Noticing (Re: 144 Notice of Return of Document.

147   03/04/2021        Response to (133 Amended Motion (128 Motion for Protective Order) filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele) Filed by Creditor U.S. Bank National Association

⎡ 9 Attachments ▽ ⎤

146   03/03/2021        Acknowledgment of Receipt of Amended Notice of Appeal from USCA. Civil Action Number: 9:20-cv-81366-WPD, USCA Case No: 21-10205-E (Re: 121 Final Order By District Court Judge William P. Dimitrouleas, Re: Appeal on Civil Action Number: 9:20-cv-81366-WPD, Final Order Affirming Bankruptcy Court's Orders (Re: 86 Order on Motion to Allow Claims, 90 Order on Motion For Relief From Stay).)

145   03/02/2021        Notice of Transmittal of PDF Document to BNC for Noticing (Re: 144 Notice of Return of Document.

144   03/02/2021        Notice of Return of Document.

⎡ 2 Attachments ▽ ⎤

143   03/01/2021        Signed documents originally filed by email pursuant to AO2020-07 Filed by (Re: 128 Motion for Protective Order filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 130 Supplemental Document filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 133 Amended Motion (128 Motion for Protective Order) filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). With Exhibits A, B and C added on 3/4/2021

⎡ 5 Attachments ▽ ⎤

142   03/02/2021        Certificate of Service and Non Availability, Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 128 Motion for Protective Order filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 130 Supplemental Document filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 131 Notice of Hearing, 133 Amended Motion (128 Motion for Protective Order) filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 135 Notice of Hearing, 136 Motion to Withdraw as Attorney of Record filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 137 Notice of Hearing by Filer filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

⎡ 1 Attachment ▽ ⎤

141   03/02/2021        Notice of Appearance and Request for Service by Zachary S Foster Filed by Creditor U.S. Bank National Association.

APP. 85

| 140 | 02/24/2021 | BNC Certificate of Mailing - Hearing (Re: 135 Notice of Hearing (Re: 133 Reorganizers Robert L. Walker and Tamiko N. Peele Pending Non-Represented Attorney Amended Joint Motion for Negative Notice, Protective Order with Sanctions and a Hearing for Violation of Court Order Dated October 29, 2020, as to Kenneth Drake Ozment, Ozment Law P.A., Bonial & Associates, P.C., Peter Knapp, Matthew L. Tillma, John J. Rafferty, Sovathary Keley Jacobson, Barry Steven Mittleberg, USBancorp, US Bank N.A., and US Bank Home Mortgage, (DE129, DE126, 120, 117, 110, 36, Claim#4 and Claim#5) (128 Motion) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

| 139 | 02/22/2021 | Response to (133 Amended Motion (128 Motion for Protective Order) filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele) Filed by Creditor Barry S. Mittelberg |

| 138 | 02/22/2021 | Certificate of Service by Attorney K Drake Ozment (Re: 136 Motion to Withdraw as Attorney of Record filed by Debtor Robert L. Walker, Joint Debtor Tamiko N Peele, 137 Notice of Hearing by Filer filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |

[ 1 Attachment ▼ ]

| 137 | 02/22/2021 | Notice of Hearing by Filer (Re: 136 Motion to Withdraw as Attorney of Record Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker). Chapter 13 Hearing scheduled for 03/09/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC. |

| 136 | 02/22/2021 | Motion to Withdraw as Attorney of Record Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

| 135 | 02/22/2021 | Notice of Hearing (Re: 133 Reorganizers Robert L. Walker and Tamiko N. Peele Pending Non-Represented Attorney Amended Joint Motion for Negative Notice, Protective Order with Sanctions and a Hearing for Violation of Court Order October 29, 2020, as to Kenneth Drake Ozment, Ozment Law P.A., Bonial & Associates, P.C., Peter Knapp, Matthew L. Tillma, John J. Rafferty, Sovathary Keley Jacobson, Barry Steven Mittleberg, USBancorp, US Bank N.A., and US Bank Home Mortgage, (DE129, DE126, 120, 117, 110, 36, Claim#4 and Claim#5) (128 Motion) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker Chapter 13 Hearing scheduled for 03/10/2021 at 10:30 AM by Video Conference. |

| 134 | 02/22/2021 | Response to (130 Supplemental Document filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele) Filed by Creditor Barry S. Mittelberg Additional attachment(s) With Correct PDF Image added on 2/22/2021 |

| 133 | 02/22/2021 | Reorganizers Robert L. Walker and Tamiko N. Peele Pending Non-Represented Attorney Amended Joint Motion for Negative Notice, Protective Order with Sanctions and a Hearing for Violation of Court Order Dated October 29, 2020, as to Kenneth Drake Ozment, Ozment Law P.A., Bonial & Associates, P.C., Peter Knapp, Matthew L. Tillma, John J. Rafferty, Sovathary Keley Jacobson, Barry Steven Mittleberg, USBancorp, US Bank N.A., and US Bank Home Mortgage, (DE129, DE126, 120, 117, 110, 36, Claim#4 and Claim#5) (128 Motion) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

[ 7 Attachments ▼ ]

| 132 | 02/21/2021 | BNC Certificate of Mailing - Hearing (Re: 131 Notice of Hearing (Re: 128 Reorganizers Robert L. Walker and Tamiko N. Peele Pending Non-Represented Attorney Joint Motion for Negative Notice, Protective Order with Sanctions and a Hearing for Violation of Court Order Dated October 29, 2020, as to Kenneth Drake Ozment, Ozment Law P.A., Bonial & Associates, P.C., Peter Knapp, Matthew L. Tillma, John J. Rafferty, Sovathary Keley Jacobson, Barry Mittleberg, USBancorp, US Bank N.A., and US Bank Home Mortgage, (DE126, 120, 117, 110, 36, and Claim#4), Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

| 131 | 02/19/2021 | Notice of Hearing (Re: 128 Reorganizers Robert L. Walker and Tamiko N. Peele Pending Non-Represented Attorney Joint Motion for Negative Notice, Protective Order with Sanctions and a Hearing for Violation of Court Order Dated October 29, 2020, as to Kenneth Drake Ozment, Ozment Law P.A., Bonial & Associates, P.C., Peter Knapp, Matthew L. Tillma, John J. Rafferty, Sovathary Keley Jacobson, Barry Mittleberg, USBancorp, US Bank N.A., and US Bank Home Mortgage, (DE126, 120, 117, 110, 36, and Claim#4), Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker Chapter 13 Hearing scheduled for 03/10/2021 at 10:30 AM by Video Conference. |
| 130 | 02/19/2021 | Supplements to Motion; 1. Index to Appendix, 2. Proposed Order, Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 128 Motion for Protective Order filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |

2 Attachments ▽

| 129 | 02/18/2021 | Response to (128 Motion for Protective Order filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele) Filed by Creditor Barry S. Mittelberg |
| 128 | 02/18/2021 | Reorganizers Robert L. Walker and Tamiko N. Peele Pending Non-Represented Attorney Joint Motion for Negative Notice, Protective Order with Sanctions and a Hearing for Violation of Court Order Dated October 29, 2020, as to Kenneth Drake Ozment, Ozment Law P.A., Bonial & Associates, P.C., Peter Knapp, Matthew L. Tillma, John J. Rafferty, Sovathary Keley Jacobson, Barry Mittleberg, USBancorp, US Bank N.A., and US Bank Home Mortgage. (DE126, 120, 117, 110, 36, and Claim#4), Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

5 Attachments ▽

| 127 | 02/12/2021 | Acknowledgment of Receipt of Amended Notice of Appeal from USCA. Civil Action Number: 9:20-cv-81366-WPD, USCA Case No: 21-10205-E (Re: 121 Final Order By District Court Judge William P. Dimitrouleas, Re: Appeal on Civil Action Number: 9:20-cv-81366-WPD, Final Order Affirming Bankruptcy Court's Orders (Re: 86 Order on Motion to Allow Claims, 90 Order on Motion For Relief From Stay).) |
| 126 | 01/27/2021 | Notice of Mortgage Payment Change (Claim # 4) with Certificate of Service Filed by U.S. Bank National Association. (Rafferty) |
| 125 | 01/22/2021 | Acknowledgment of Receipt of Notice of Appeal from USCA. Civil Action Number: 9:20-cv-81366-WPD, USCA Case No: 21-10205-E (Re: 121 Final Order By District Court Judge William P. Dimitrouleas, Re: Appeal on Civil Action Number: 9:20-cv-81366-WPD, Final Order Affirming Bankruptcy Court's Orders (Re: 86 Order on Motion to Allow Claims, 90 Order on Motion For Relief From Stay).) |
| 124 | 01/21/2021 | BNC Certificate of Mailing - PDF Document (Re: 121 Final Order By District Court Judge William P. Dimitrouleas, Re: Appeal on Civil Action Number: 9:20-cv-81366-WPD, Final Order Affirming Bankruptcy Court's Orders (Re: 86 Order on Motion to Allow Claims, 90 Order on Motion For Relief From Stay).) Notice Date 01/21/2021. |
| 123 | 01/19/2021 | Transmittal to US District Court (Re: 122 Notice of Filing USCA Notice of Appeal inadvertently filed in USBC, Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker.) |
| 122 | 01/19/2021 | Notice of Filing USCA Notice of Appeal inadvertently filed in USBC, Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |

APP.87

| 121 | 01/15/2021 | Final Order By District Court Judge William P. Dimitrouleas, Re: Appeal on Civil Action Number: 9:20-cv-81366-WPD, Final Order Affirming Bankruptcy Court's Orders (Re: 86 Order on Motion to Allow Claims, 90 Order on Motion For Relief From Stay). |

| 120 | 01/08/2021 | Notice of Mortgage Payment Change (Claim # 4) with Certificate of Service Filed by U.S. Bank National Association. |

| 119 | 11/03/2020 | Agreed Order Granting Motion for Rehearing of Order Sustaining Objection to Claim No. 2 and Vacating Order (Re: # 83) |

| 118 | 10/30/2020 | Certificate of Service by Attorney K Drake Ozment (Re: 117 Order on Verified Out of Time Motion for Referral to Mortgage Modification). |

> 1 Attachment ▽

| 117 | 10/29/2020 | Order Granting Verified Out of Time Motion for Referral to Mortgage Modification(Re: # 110) |

| 116 | 10/21/2020 | Certificate of No Response Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 110 Ex Parte Attorney Represented Debtor Verified Out of Time Motion for Referral to Mortgage Modification Mediation with Lender US Bank [Negative Notice] filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |

| 115 | 10/01/2020 | Transmittal to US District Court (Re: 111 Transcript of 7/14/2020 Hearing. [Transcript will be restricted for a period of 90 days.] (Re: 39 Motion to Approve PI Settlement Nunc Pro Tunc Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker, 47 Objection to Claim of Educational Credit Management Corp [# 2], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker, 57 Objection to Claim of LVNV [# 5-2], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker). Redaction Request Due by 10/6/2020. Statement of Personal Data Identifier Redaction Request Due by 10/20/2020. Redacted Transcript Due by 10/30/2020. Transcript access will be restricted through 12/28/2020. (Ouellette and Mauldin), 112 Transcript of 8/11/2020 Hearing. [Transcript will be restricted for a period of 90 days.] (Re: 72 Objection to Claim of St. Lucie Medical Center Resurgent Capital Services [# 1], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

> 5 Attachments ▽

| 114 | 10/01/2020 | Transcript of 5/18/2020 Hearing. [(Re: 20 Meeting of Creditors to be Held on 4/21/2020 at 08:30 AM at 1515 N Flagler Dr Room 870, West Palm Beach. Last Day to Oppose Discharge or Dischargeability is 6/22/2020. Proofs of Claim due by 4/24/2020. Confirmation Hearing to be Held on 6/15/2020 at 09:00 AM at Flagler Waterview Building, 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach, FL, 33401. Objection to Confirmation Deadline: 6/1/2020.). Redaction Request Due By 10/8/2020. Statement of Personal Data Identifier Redaction Request Due by 10/22/2020. Redacted Transcript Due by 11/2/2020. Transcript access will be restricted through 12/30/2020. (Ouellette and Mauldin) Modified on 12/30/2020 to Make Available to The Public |

| 113 | 09/29/2020 | Transcript of 8/20/2020 Hearing. [Transcript will be restricted for a period of 90 days.] (Re: 79 Motion for Relief from Stay To Remand Matter to the State Court For a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker [Consent for the 30 day Waiver] [Fee Amount $181] Filed by Creditor Barry S. Mittelberg). Redaction Request Due By 10/6/2020. Statement of Personal Data Identifier Redaction Request Due by 10/20/2020. Redacted Transcript Due by 10/30/2020. Transcript access will be restricted through 12/28/2020. (Ouellette and Mauldin) |

APP.88

| | | |
|---|---|---|
| 112 | 09/29/2020 | Transcript of 8/11/2020 Hearing. [Transcript will be restricted for a period of 90 days.] (Re: 72 Objection to Claim of St. Lucie Medical Center Resurgent Capital Services [# 1], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

1 Attachment ▽

| | | |
|---|---|---|
| 111 | 09/29/2020 | Transcript of 7/14/2020 Hearing. [Transcript will be restricted for a period of 90 days.] (Re: 39 Motion to Approve PI Settlement Nunc Pro Tunc Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker, 47 Objection to Claim of Educational Credit Management Corp [# 2], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker, 57 Objection to Claim of LVNV [# 5-2], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker). Redaction Request Due By 10/6/2020. Statement of Personal Data Identifier Redaction Request Due by 10/20/2020, Redacted Transcript Due by 10/30/2020. Transcript access will be restricted through 12/28/2020. (Ouellette and Mauldin) |

| | | |
|---|---|---|
| 110 | 09/28/2020 | Attorney Represented Debtor Verified Out of Time Motion for Referral to Mortgage Modification Mediation with Lender US Bank [Negative Notice] Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker Title Modified on 9/29/2020 |

1 Attachment ▽

| | | |
|---|---|---|
| 109 | 09/22/2020 | Transmittal to US District Court (Re: 101 Appellant Designation of Contents For Inclusion In Record On Appeal Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 91 Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 9/18/2020., 102 Statement of Issues on Appeal Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker Re: 91 Notice of Appeal.) |

| | | |
|---|---|---|
| 108 | 09/17/2020 | Signed documents originally filed by email pursuant to AO2020-07 Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 101 Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 102 Statement of Issues on Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 105 Certificate of Service filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |

3 Attachments ▽

| | | |
|---|---|---|
| 107 | 09/16/2020 | Notice of Continued Hearing on Educational Credit Management Corporations Motion for Rehearing of Order Sustaining Objection to Claim No. 2 (D.E. 83) Filed by Creditor Educational Credit Management Corporation (Re: 83 Motion to Vacate). Chapter 13 Hearing scheduled for 10/13/2020 at 01:00 PM by TELEPHONE through CourtSolutions LLC. |

| | | |
|---|---|---|
| 106 | 09/09/2020 | Final Report of Loss Mitigation/Mortgage Modification Mediator [Agreement NOT Reached] Filed by Mediator Harry J Ross. |

| | | |
|---|---|---|
| | 09/08/2020 | Receipt of Appeal Filing Fee - $298.00 by LA. Receipt Number 148290. (admin) (Text entry; no document attached.) |

| | | |
|---|---|---|
| 105 | 09/08/2020 | Certificate of Service Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 101 Appellant Designation filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 102 Statement of Issues on Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 103 Transcript Request Form Re: Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |

1 Attachment ▽

APP.89

| 104 | 09/08/2020 | Request for Transcript by Robert Walker Re: 91 Notice of Appeal. Pursuant to FRBP 8009 and 8010, Transcriber acknowledges receipt of request on: 9/4/2020. Completion Date: 10/5/2020. (Re: 91 Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 86 Order Granting Motion To Allow Late-Filed Claim(s) 6. (Re: 74), 90 Order Granting Motion For Relief From Stay to Remand This Matter to The State Court for a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker Re: 79). |

⟨   1   2   3   4   5   6   7   ⟩

**Interested in this case?**

Would you like this case removed from DocketBird? **Request removal.**

**Other 2020 Cases in the Southern District of Florida (Bankruptcy):**

- Ricky W Reddings (flsb-9:2020-bk-11406)

- Robert A Young and Shideda S Young (flsb-0:2020-bk-11448)

- Robert A. DeLuca, Sr. (flsb-0:2020-bk-11157)

- Robert Alejandro Brito (flsb-1:2020-bk-11508)

- Robert Delapenha (flsb-9:2020-bk-11197)

- Roberto Antunez and Marikris Espina (flsb-1:2020-bk-11233)

- Roberto Burgos and Lutgarda H Burgos (flsb-1:2020-bk-11259)

- Roberto Maldonado, III (flsb-1:2020-bk-11522)

- Roddy D Betancourt and Mirtha Betancourt (flsb-1:2020-bk-11475)


APP.90

Court Cases > Federal Cases > Bankruptcy Cases > Southern District of Florida (Bankruptcy) > 2020 > 2020-bk-11000 through 2020-bk-11499 > Robert L Walker and Tamiko N Peele

## Robert L Walker and Tamiko N Peele
## Bankruptcy Court Docket Sheet

### Southern District of Florida (Bankruptcy)
### 9:2020-bk-11431 (flsb)

**Interested in this case?**

## Documents

Last full update: 404 days ago. **Update now**

| # | Date | Description |
|---|---|---|
| 103 | 09/04/2020 | Transcript Request Form Re: Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele. Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 91 Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |
| 102 | 09/04/2020 | Statement of Issues on Appeal Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker Re: 91 Notice of Appeal. |
| 101 | 09/04/2020 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 91 Notice of Appeal filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). Designation of Appellee due within 14 days after the service of Appeal Designation and Statement of Issues. Appellee designation due 9/18/2020. |
| 100 | 09/01/2020 | Certificate of Service by Attorney Barry S. Mittelberg (Re: 90 Order on Motion For Relief From Stay). |
| | | 1 Attachment ▼ |
| 99 | 08/24/2020 | Certificate of Service [Supplemental] Re: Notice of Hearing on Educational Credit Management Corporations Motion for Rehearing of Order Sustaining Objection to Claim No. 2 Filed by Creditor Educational Credit Management Corporation (Re: 84 Notice of Hearing by Filer filed by Creditor Educational Credit Management Corporation). |

APP. 91

98   08/23/2020   BNC Certificate of Mailing - PDF Document (Re: 93 Clerk's Notice of Mailing of (Re: 91 Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 86 Order Granting Motion To Allow Late-Filed Claim(s) 6. (Re: 74), 90 Order Granting Motion For Relief From Stay to Remand This Matter to The State Court for a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker Re: 79). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 9/4/2020.)) Notice Date 08/23/2020.

97   08/23/2020   BNC Certificate of Mailing (Re: 92 Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: 91 Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 86 Order Granting Motion To Allow Late-Filed Claim(s) 6. (Re: 74), 90 Order Granting Motion For Relief From Stay to Remand This Matter to The State Court for a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker Re: 79).

96   08/23/2020   BNC Certificate of Mailing (Re: 93 Clerk's Notice of Mailing of (Re: 91 Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 86 Order Granting Motion To Allow Late-Filed Claim(s) 6. (Re: 74), 90 Order Granting Motion For Relief From Stay to Remand This Matter to The State Court for a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker Re: 79). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 9/4/2020.)) Notice Date 08/23/2020.

95   08/21/2020   Notice of U.S. District Court Case Assignment. Case Number: 9:20-cv-81366-WPD (Re: 91 Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker.

94   08/21/2020   Transmittal to US District Court (Re: 92 Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: 91 Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 86 Order Granting Motion To Allow Late-Filed Claim(s) 6. (Re: 74), 90 Order Granting Motion For Relief From Stay to Remand This Matter to The State Court for a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker Re: 79).

93   08/21/2020   Clerk's Notice of Mailing of (Re: 91 Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 86 Order Granting Motion To Allow Late-Filed Claim(s) 6. (Re: 74), 90 Order Granting Motion For Relief From Stay to Remand This Matter to The State Court for a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker Re: 79). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 9/4/2020.)

92   08/21/2020   Notice of Appeal Deficiency. Appeal Filing Fee of $298.00 not Paid. (Re: 91 Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 86 Order Granting Motion To Allow Late-Filed Claim(s) 6. (Re: 74), 90 Order Granting Motion For Relief From Stay to Remand This Matter to The State Court for a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker Re: 79). Appeal Filing Fee Due: 9/4/2020.

91   08/21/2020   Notice of Appeal and Election to Appeal To District Court Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 86 Order Granting Motion To Allow Late-Filed Claim(s) 6. (Re: 74), 90 Order Granting Motion For Relief From Stay to Remand This Matter to The State Court for a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker Re: 79). [Appeal Fee of 298.00 NOT Paid] Appellant Designation due 9/4/2020.

APP.92

1 Attachment

| 90 | 08/20/2020 | Order Granting Motion For Relief From Stay to Remand This Matter to The State Court for a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker Re: # 79 |

| 89 | 08/18/2020 | Certificate of Service by Attorney K Drake Ozment (Re: 88 Order on Objection to Claims). |

| 88 | 08/18/2020 | Order Sustaining Objection to Claim(s) #1 (Re: # 72) |

| 87 | 08/17/2020 | Certificate of Service by Attorney Barry S. Mittelberg (Re: 86 Order on Motion to Allow Claims). |

| 86 | 08/14/2020 | Order Granting Motion To Allow Late-Filed Claim(s) 6. (Re: 74) |

| 86 | 08/14/2020 | Certificate of Service Re: Notice of Hearing (D.E. 84) with respect to Educational Credit Management Corporations Motion for Rehearing of Order Sustaining Objection to Claim No. 2 Filed by Creditor Educational Credit Management Corporation (Re: 84 Notice of Hearing by Filer filed by Creditor Educational Credit Management Corporation). |

| 84 | 08/13/2020 | Notice of Hearing by Filer (Re: 83 Motion to Vacate (Re: 64 Order on Objection to Claims) and for Rehearing of Order Sustaining Objection to Claim No. 2 Filed by Creditor Educational Credit Management Corporation. Chapter 13 Hearing scheduled for 09/15/2020 at 01:00 PM by TELEPHONE through CourtSolutions LLC. |

| 83 | 08/13/2020 | Motion for Rehearing of (Re: 64 Order Sustaining Objection to Claim No. 2) Filed by Creditor Educational Credit Management Corporation Title Modified on 8/14/2020 |

1 Attachment ▽

| 82 | 07/30/2020 | BNC Certificate of Mailing (Re: 78 Order Confirming (44 Amended Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).) Notice Date 07/30/2020. |

| 81 | 07/30/2020 | Certificate of Service by Attorney Barry S. Mittelberg (Re: 79 Motion for Relief from Stay To Remand Matter to the State Court For a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker [Consent for the 30 day Waiver] filed by Creditor Barry S. Mittelberg, 80 Notice of Hearing). Modified on 7/31/2020 |

| 80 | 07/30/2020 | Notice of Hearing (Re: 79 Motion for Relief from Stay To Remand Matter to the State Court For a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker [Consent for the 30 day Waiver] [Fee Amount $181] Filed by Creditor Barry S. Mittelberg) Chapter 13 Hearing scheduled for 08/20/2020 at 09:30 AM by TELEPHONE through CourtSolutions LLC. |

| | 07/29/2020 | Receipt of Motion for Relief From Stay(20-11431-EPK) [motion,mrlfsty] (181.00) Filing Fee. Receipt number 37158816. Fee amount 181.00. (U.S. Treasury) (Text entry; no document attached.) |

| 79 | 07/29/2020 | Motion for Relief from Stay To Remand Matter to the State Court For a Determination of Outstanding Liens and Attorney's Fees Arising Out of a Personal Injury Settlement to Robert Walker [Consent for the 30 day Waiver] [Fee Amount $181] Filed by Creditor Barry S. Mittelberg |

| 78 | 07/28/2020 | Order Confirming (44 Amended Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |

APP.93

77   07/27/2020   Certificate of Service by Attorney K Drake Ozment (Re: 72 Objection to Claim of St. Lucie Medical Center Resurgent Capital Services [# 1], filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 73 Notice of Hearing by Filer filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

76   07/27/2020   Certificate of Service by Attorney Barry S. Mittelberg (Re: 74 Motion to Allow Late Filed Claim(s) of Barry S. Mittelberg, P.A., (Claim #6) filed by Creditor Barry S. Mittelberg, 75 Notice of Hearing by Filer filed by Creditor Barry S. Mittelberg).

75   07/27/2020   Notice of Hearing by Filer (Re: 74 Motion to Allow Late Filed Claim(s) of Barry S. Mittelberg, P.A., (Claim #6) Filed by Creditor Barry S. Mittelberg). Chapter 13 Hearing scheduled for 08/11/2020 at 01:00 PM by TELEPHONE through CourtSolutions LLC.

74   07/27/2020   Motion to Allow Late Filed Claim(s) of Barry S. Mittelberg, P.A., (Claim #6) Filed by Creditor Barry S. Mittelberg

73   07/27/2020   Notice of Hearing by Filer (Re: 72 Objection to Claim of St. Lucie Medical Center Resurgent Capital Services [# 1], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. Chapter 13 Hearing scheduled for 08/11/2020 at 01:00 PM by TELEPHONE through CourtSolutions LLC.

72   07/27/2020   Objection to Claim of St. Lucie Medical Center Resurgent Capital Services [# 1], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

| 1 Attachment ▽ |

71   07/27/2020   Trustee's Request for Entry of Order Confirming Chapter 13 Third Amended Plan After Confirmation Hearing [Confirmation Hearing Date: 7/14/2020]

70   07/27/2020   Notice of Appearance and Request for Service by Barry S. Mittelberg Filed by Creditor Barry S. Mittelberg.

| 1 Attachment ▽ |

69   07/21/2020   Certificate of Service by Attorney K Drake Ozment (Re: 68 Order on Motion to Approve).

| 1 Attachment ▽ |

68   07/20/2020   Order Granting Motion To Approve Personal Injury Settlement Nunc Pro Tunc (Re: # 39)

67   07/17/2020   Certificate of Service by Attorney K Drake Ozment (Re: 65 Order on Objection to Claims).

66   07/17/2020   Certificate of Service by Attorney K Drake Ozment (Re: 64 Order on Objection to Claims).

65   07/17/2020   Order Sustaining Objection to Claim(s) #5-2 (Re: # 57)

64   07/17/2020   Order Sustaining Objection to Claim(s) #2 (Re: # 47)

63   07/06/2020   Certificate of Service Filed by Trustee Robin R Weiner (Re: 62 Order Authorizing Ch 13 Trustee to Disburse Payments).

62   06/26/2020   Order Authorizing Chapter 13 Trustee to Disburse Pre-Confirmation Payments to Administrative, Secured, and Priority Creditors.

APP.94

| 61 | 06/22/2020 | Notice of Continued Confirmation Hearing Filed by Trustee Robin R Weiner (Re: 44 Amended Chapter 13 Plan). Confirmation Hearing to be Held on 07/14/2020 at 09:00 AM by TELEPHONE. To participate call Court Solutions (917) 746-7476. |
|----|-----------|--------|

| 60 | 06/19/2020 | BNC Certificate of Mailing (Re: 54 Order Determining Debtor's Compliance with Filing Requirements of Section 521(a)(1), Deadline for any creditor or other party in interest to contest the court's finding shall file an objection not later 21 days from the date of entry of this order (admin)) Notice Date 06/19/2020. |

| 59 | 06/18/2020 | Certificate of Service by Attorney K Drake Ozment (Re: 57 Objection to Claim of LVNV [# 5-2], filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 58 Notice of Hearing by Filer filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |

*1 Attachment ▽*

| 58 | 06/17/2020 | Notice of Hearing by Filer (Re: 57 Objection to Claim of LVNV [# 5-2], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker). Chapter 13 Hearing scheduled for 07/14/2020 at 01:00 PM by TELEPHONE. To participate call Court Solutions (917) 746-7476. |

| 57 | 06/17/2020 | Objection to Claim of LVNV [# 5-2], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

| 56 | 06/17/2020 | Notice to Withdraw Document Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 49 Objection to Claim). |

| 55 | 06/17/2020 | Notice of Continued Hearing Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 39 Motion to Approve). Chapter 13 Hearing scheduled for 07/14/2020 at 01:00 PM by TELEPHONE. To participate call Court Solutions (917) 746-7476. |

*1 Attachment ▽*

| 54 | 06/17/2020 | Order Determining Debtor's Compliance with Filing Requirements of Section 521(a)(1). Deadline for any creditor or other party in interest to contest the court's finding shall file an objection not later 21 days from the date of entry of this order (admin) |

| 53 | 06/16/2020 | The information required by 11 U.S.C. Sec. 521(a)(1) as provided by the debtor(s) in this case is complete to the satisfaction of the trustee. No creditor or other party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. Sec. 521(i)(2) and the trustee does not believe that this case is subject to automatic dismissal pursuant to 11 U.S.C. Sec. 521(i). |

| 52 | 06/15/2020 | Certificate of Service by Attorney K Drake Ozment (Re: 49 Objection to Claim of LVNV Funding, LLC [# 5], filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele, 50 Notice of Hearing by Filer filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |

*1 Attachment ▽*

| 51 | 06/15/2020 | Certificate of Service by Attorney K Drake Ozment (Re: 48 Notice of Hearing by Filer filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |

*1 Attachment ▽*

| 50 | 06/15/2020 | Notice of Hearing by Filer (Re: 49 Objection to Claim of LVNV Funding, LLC [# 5], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker). Chapter 13 Hearing scheduled for 07/14/2020 at 01:00 PM by TELEPHONE. To participate call Court Solutions (917) 746-7476. |

APP.95

49   06/15/2020         Objection to Claim of LVNV Funding, LLC [# 5], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

48   06/15/2020         Notice of Hearing by Filer (Re: 47 Objection to Claim of Educational Credit Management Corp [# 2], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker). Chapter 13 Hearing scheduled for 07/14/2020 at 01:00 PM by TELEPHONE. To participate call Court Solutions (917) 746-7476.

47   06/15/2020         Objection to Claim of Educational Credit Management Corp [# 2], Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

46   06/15/2020         Notice of Compliance with Local Rule 2083-1(B) Claims Review Requirement by Attorney K Drake Ozment.

45   06/12/2020         Certificate of Service by Attorney K Drake Ozment (Re: 44 Amended Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

                                                                                              1 Attachment ▽

44   06/12/2020         Third Amended Chapter 13 Plan (Re:35 Amended Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker.

43   06/12/2020         Amended Schedules Filed: [Summary of Your Assets/Liabilities,Schedule A/B,Declaration re Schedules,] Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker.

                                                                                              1 Attachment ▽

42   05/22/2020         Certificate of Service by Attorney K Drake Ozment (Re: 41 Notice of Hearing).

                                                                                              1 Attachment ▽

41   05/22/2020         Notice of Hearing (Re: 39 Motion to Approve PI Settlement Nunc Pro Tunc Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker) Chapter 13 Hearing scheduled for 06/15/2020 at 01:00 PM by TELEPHONE. To participate call Court Solutions (917) 746-7476.

40   05/20/2020         Certificate of Service by Attorney K Drake Ozment (Re: 39 Motion to Approve PI Settlement Nunc Pro Tunc filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

                                                                                              1 Attachment ▽

39   05/19/2020         Motion to Approve PI Settlement Nunc Pro Tunc Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker

38   05/19/2020         Certificate of Service by Attorney K Drake Ozment (Re: 35 Amended Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

                                                                                              1 Attachment ▽

37   05/19/2020         Certificate of Service by Attorney K Drake Ozment (Re: 34 Amended Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele).

                                                                                              1 Attachment ▽

36   05/19/2020         Amended Disclosure of Compensation by Attorney K Drake Ozment.

| 35 | 05/19/2020 | Second Amended Chapter 13 Plan (Re:34 Amended Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |
|---|---|---|
| 34 | 05/18/2020 | First Amended Chapter 13 Plan (Re:12 Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele) Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |
| 33 | 05/11/2020 | Amended Schedules Filed: [Summary of Your Assets/Liabilities,Schedule A/B,Declaration re Schedules,] Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |

1 Attachment ▽

| 32 | 04/08/2020 | Certification of Completion of Instructional Course Concerning Personal Financial Management by Joint Debtor ONLY Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |
|---|---|---|
| 31 | 04/08/2020 | Certification of Completion of Instructional Course Concerning Personal Financial Management by Debtor ONLY Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |
| 30 | 04/05/2020 | BNC Certificate of Mailing (Re: 28 Amended Meeting of Creditors, Meeting of Creditors to be Held on 5/18/2020 at 09:00 AM by TELEPHONE [See Meeting Notice for details]. Last Day to Oppose Discharge or Dischargeability is 7/17/2020. Proofs of Claim due by 6/12/2020.Confirmation Hearing to be Held on 6/15/2020 at 09:00 AM by TELEPHONE [See Notice for details]. Objection to Confirmation Deadline: 6/1/2020.) Notice Date 04/05/2020. |
| 29 | 04/03/2020 | BNC Certificate of Mailing (Re: 27 Notice of Requirement to File Financial Management Course Certificate (admin)) Notice Date 04/03/2020. |
| 28 | 04/03/2020 | Amended Meeting of Creditors. Meeting of Creditors to be Held on 5/18/2020 at 09:00 AM by TELEPHONE [See Meeting Notice for details]. Last Day to Oppose Discharge or Dischargeability is 7/17/2020. Proofs of Claim due by 6/12/2020.Confirmation Hearing to be Held on 6/15/2020 at 09:00 AM by TELEPHONE [See Notice for details]. Objection to Confirmation Deadline: 6/1/2020. |
| 27 | 04/01/2020 | Notice of Requirement to File Financial Management Course Certificate (admin) |
| 26 | 03/03/2020 | Certificate of Service by Attorney K Drake Ozment (Re: 25 Order on Verified Motion for Referral to Mortgage Modification). |

1 Attachment ▽

| 25 | 03/03/2020 | Order Granting Verified Ex Parte Motion for Referral to Mortgage Modification (Re: # 18) |
|---|---|---|
| 24 | 02/27/2020 | Objection to Confirmation of (12 Chapter 13 Plan filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele) Filed by Creditor U.S. Bank National Association. |
| 23 | 02/20/2020 | Notice of Appearance and Request for Service by ReShaundra M Suggs Filed by Creditor U.S. Bank National Association. |

‹   2   3   4   5   6   7   ›

APP.97

Court Cases  ›  Federal Cases  ›  Bankruptcy Cases  ›  Southern District of Florida (Bankruptcy)
›  2020  ›  2020-bk-11000 through 2020-bk-11499  ›  Robert L Walker and Tamiko N Peele

## *Robert L Walker and Tamiko N Peele*
## *Bankruptcy Court Docket Sheet*

Southern District of Florida (Bankruptcy)

9:2020-bk-11431 (flsb)

### Interested in this case?

## Documents

Last full update: 404 days ago. **Update now**

| # | Date | Description |
|---|------|-------------|
| 22 | 02/16/2020 | BNC Certificate of Mailing - PDF Document (Re: 20 Meeting of Creditors to be Held on 4/21/2020 at 08:30 AM at 1515 N Flagler Dr Room 870, West Palm Beach. Last Day to Oppose Discharge or Dischargeability is 6/22/2020. Proofs of Claim due by 4/24/2020. Confirmation Hearing to be Held on 6/15/2020 at 09:00 AM at Flagler Waterview Building, 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach, FL, 33401. Objection to Confirmation Deadline: 6/1/2020.) Notice Date 02/16/2020. |
| 21 | 02/16/2020 | BNC Certificate of Mailing (Re: 20 Meeting of Creditors to be Held on 4/21/2020 at 08:30 AM at 1515 N Flagler Dr Room 870, West Palm Beach. Last Day to Oppose Discharge or Dischargeability is 6/22/2020. Proofs of Claim due by 4/24/2020. Confirmation Hearing to be Held on 6/15/2020 at 09:00 AM at Flagler Waterview Building, 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach, FL, 33401. Objection to Confirmation Deadline: 6/1/2020.) Notice Date 02/16/2020. |
| 20 | 02/14/2020 | Meeting of Creditors to be Held on 4/21/2020 at 08:30 AM at 1515 N Flagler Dr Room 870, West Palm Beach. Last Day to Oppose Discharge or Dischargeability is 6/22/2020. Proofs of Claim due by 4/24/2020. Confirmation Hearing to be Held on 6/15/2020 at 09:00 AM at Flagler Waterview Building, 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach, FL, 33401. Objection to Confirmation Deadline: 6/1/2020. |
| 19 | 02/14/2020 | Certificate of Service by Attorney K Drake Ozment (Re: 18 Ex Parte Verified Motion for Referral to Mortgage Modification Mediation with Lender US Bank filed by Debtor Robert L Walker, Joint Debtor Tamiko N Peele). |

APP.98

1 Attachment

| 18 | 02/13/2020 | Ex Parte Verified Motion for Referral to Mortgage Modification Mediation with Lender US Bank Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

| 17 | 02/13/2020 | Notice to Withdraw Document Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 16 Motion for Referral to Mortgage Modification Mediation [Attorney-Represented Debtor]). |

1 Attachment ▽

| 16 | 02/13/2020 | *Withdrawn per de #17* Verified Motion for Referral to Mortgage Modification Mediation with Lender US Bank Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker Modified on 2/14/2020 |

| 15 | 02/13/2020 | Notice to Withdraw Document Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker (Re: 14 Motion for Referral to Mortgage Modification Mediation [Attorney-Represented Debtor]). |

1 Attachment ▽

| 14 | 02/13/2020 | *Withdrawn per de #15* Ex Parte Verified Motion for Referral to Mortgage Modification Mediation with Lender US Bank Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker Modified on 2/14/2020 |

| 13 | 02/13/2020 | Certification of Compliance and Request for Confirmation of Ch. 13 Plan Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |

| 12 | 02/13/2020 | Chapter 13 Plan Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker |

| 11 | 02/13/2020 | Disclosure of Compensation by Attorney K Drake Ozment. |

| 10 | 02/13/2020 | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years Form 122C-1. Disposable Income Is Not Determined Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |

| 9 | 02/13/2020 | Payment Advices by Debtor and Joint Debtor Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |

| 8 | 02/13/2020 | Initial Schedules Filed: [Summary of Your Assets/Liabilities,Schedules A-J,Statement of Financial Affairs,Declaration re Schedules,] Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |

1 Attachment ▽

| 7 | 02/05/2020 | BNC Certificate of Mailing (Re: 6 Notice of Incomplete Filings Due, Chapter 13 Plan due by 2/14/2020. Summary of Your Assets and Liabilities and Certain Statistical Information due 2/14/2020. Schedules A-J due 2/14/2020.Statement of Financial Affairs Due 2/14/2020.Declaration Concerning Debtors Schedules Due: 2/14/2020.Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due 2/14/2020. Payment Advices due for Debtor 2/14/2020. Payment Advices due for Joint Debtor 2/14/2020. [Incomplete Filings due by 2/14/2020].) Notice Date 02/05/2020. |

| 6 | 02/03/2020 | Notice of Incomplete Filings Due, Chapter 13 Plan due by 2/14/2020. Summary of Your Assets and Liabilities and Certain Statistical Information due 2/14/2020. Schedules A-J due 2/14/2020.Statement of Financial Affairs Due 2/14/2020.Declaration Concerning Debtors Schedules Due: 2/14/2020.Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due 2/14/2020. Payment Advices due for Debtor 2/14/2020. Payment Advices due for Joint Debtor 2/14/2020. [Incomplete Filings due by 2/14/2020]. |

APP.99

| 5 | 02/01/2020 | Request for Notice Filed by Creditor Synchrony Bank. (PRA Receivables Management (VSmith)) |
| | 01/31/2020 | Receipt of Voluntary Petition (Chapter 13)(20-11431) [misc,volp13a] (310.00) Filing Fee. Receipt number 36010224. Fee amount 310.00. (U.S. Treasury) (Text entry; no document attached.) |
| 4 | 01/31/2020 | Certification of Budget and Credit Counseling Course by Joint Debtor ONLY Filed by Joint Debtor Tamiko N Peele. |
| 3 | 01/31/2020 | Certification of Budget and Credit Counseling Course by Debtor Filed by Debtor Robert L Walker. |
| 2 | 01/31/2020 | Statement of Debtor(s) Social Security Number(s) [Document Image Available ONLY to Court Users] Filed by Joint Debtor Tamiko N Peele, Debtor Robert L Walker. |
| 1 | 01/31/2020 | Chapter 13 Voluntary Petition. [Fee Amount $310] |

⟨   3   4   5   6   7

**Interested in this case?**

Would you like this case removed from DocketBird? **Request removal.**

**Other 2020 Cases in the Southern District of Florida (Bankruptcy):**

- Ricky W Reddings (flsb-9:2020-bk-11406)

- Robert A Young and Shideda S Young (flsb-0:2020-bk-11448)

- Robert A. DeLuca, Sr. (flsb-0:2020-bk-11157)

- Robert Alejandro Brito (flsb-1:2020-bk-11508)

- Robert Delapenha (flsb-9:2020-bk-11197)

- Roberto Antunez and Marikris Espina (flsb-1:2020-bk-11233)



APP.100

EXHIBIT C

CLOSED,DLB

# U.S. District Court
## Southern District of Florida (West Palm Beach)
## CIVIL DOCKET FOR CASE #: 9:21-cv-80855-AMC
## Internal Use Only

Peele v. Weiner et al                              Date Filed: 05/11/2021
Assigned to: Judge Aileen M. Cannon                Date Terminated: 02/04/2022
Case in other court: USBC-WPB, 20-11431-BKC-       Jury Demand: None
               EPK                                 Nature of Suit: 422 Bankruptcy
Cause: 28:0158 Bankruptcy Appeal from             Appeal (801)
Judgment/Order                                     Jurisdiction: Federal Question

### Appellant
Tamiko N. Peele                  represented by   Tamiko N. Peele
                                                  4001 SW Melbourne Street
                                                  Port Saint Lucie, FL 34953
                                                  954-709-0102
                                                  PRO SE

### Appellant
Robert L. Walker                 represented by   Robert L. Walker
                                                  4001 SW Melbourne Street
                                                  Port Saint Lucie, FL 34953
                                                  PRO SE

V.

### Appellee
Robin R. Weiner                  represented by   Joanna Pizzarello
*Chapter 13 Trustee*                              Robin R. Weiner, Chapter 13
                                                  Trustee
                                                  Post Office Box 559007
                                                  Fort Lauderdale, FL 33355-9007
                                                  954-382-2001
                                                  Fax: 954-382-2299

APP.101

CM/ECF - Live Database - flsd

https://flsd-ecf.sso.dcn/cgi-bin/DktRpt.pl?122573133541365-L_1_0-1

Email:
joanna.pizzarello@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Robin R. Weiner
Office of the Chapter 13 Trustee
PO Box 559007
Fort Lauderdale, FL 33355-9007
954-382-2001
Fax: 382-2299
*ATTORNEY TO BE NOTICED*

**Appellee**
United States Department of
Education

**Appellee**
Sovathary Keley Jacobson

**Appellee**
Kenneth Drake Ozment

**Appellee**
Barry Steven Mittelberg

**Appellee**
Florida Department of
Education

**Appellee**
Wells Fargo Education
Financial Services Nelnet
Servicing LLC

**Appellee**
Nelnet Total & Permanent
Disability

APP.102

3/4/2022, 10:04 A

**Appellee**

NelNet, Inc.

**Appellee**

ECMC

**Appellee**

ECMC Group

**Appellee**

Education Credit Management
Corporation Group

**Appellee**

Professional Bureau of
Collections of Maryland, Inc

**Appellee**

Experian Information
Solutions, Inc

**Appellee**

Transitional Guaranty Agency

**Appellee**

$31,713.00 FFEL Consolidated
Monetary
*FFEL Account and Contents
therein*

**Appellee**

United States Department of
Treasury Bureau of the Fiscal
Service Acct#05264757386

**Appellee**

United States Social Security
Administration

represented by Raychelle Ann Tasher
Robertson, Anschutz, , Schneid,
P.L.

APP.103

6409 Congress Ave.
Suite 100
Boca Raton, FL 33487
561-241-6901
Email: rtasher@rasflaw.com
*ATTORNEY TO BE NOTICED*

**Appellee**
United States Postal Service

**Appellee**
Inger M Garcia

**Appellee**
Heisman Mgmt LLC

**Appellee**
Keley Jacobson P.A.

**Appellee**
Peter Knapp

**Appellee**
Kone Inc

**Appellee**
Liberty Mutual Holdings Inc

**Appellee**
Liberty Mutual Insurance
Company

**Appellee**
Ozment Law, PA

**Appellee**
John J Raffetry

**Appellee**

APP.104

3/4/2022, 10:04

Joanna P. Tempone

**Appellee**
United Parcel Service Inc

**Appellee**
Calll Law

**Appellee**
US Bank National Association

represented by **Zachary Scott Foster**
Quarles , Brady LLP
101 East Kennedy Blvd.
Suite 3400
Tampa, FL 33602
(813) 387-0300
Fax: (813) 387-1800
Email:
zachary.foster@quarles.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Appellee**
U.S. Bank N.A.

**Appellee**
U.S. Bank Home Mortgage

**Appellee**
USBANCORP

**Appellee**
Matthew L. Tillma

**Appellee**
Bonial & Associates, P.C.

| Date Filed | # | Docket Text |
|---|---|---|

APP.105

| 05/11/2021 | 1 | Notice of APPEAL FROM BANKRUPTCY COURT (received), Bankruptcy Court case number 20-11431-BKC-EPK, filed by Tamiko N. Peele.(mon) (Entered: 05/11/2021) |
|---|---|---|
| 05/11/2021 | 2 | Bankruptcy Transmittal of re 1 Bankruptcy Appeal filed by Tamiko N. Peele (Attachments: # 1 Docket Sheet)(mon) (Entered: 05/11/2021) |
| 05/11/2021 | 3 | Clerks Notice of Judge Assignment to Judge Aileen M. Cannon. Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (jc) (Entered: 05/11/2021) |
| 05/11/2021 | 4 | [DUPLICATE ENTRY] Clerks Notice of Judge Assignment to Judge Aileen M. Cannon. Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (jc) (Entered: 05/11/2021) |
| 05/11/2021 | 5 | New Bankruptcy Appeal Case Filed - Clerk's Notice to Parties Re Administrative Order 2015-9 and Amendments to Federal Bankruptcy Rules and Local Rule 87.4 Re Processing of Bankruptcy Appeals (jc) (Entered: 05/11/2021) |
| 05/19/2021 | 6 | Appendix to DE# 11 Motion for Temporary Injunction and MOTION For Interim Expenditures Fees and Costs to Proceed on Appelate Review by Tamiko N. Peele. (drz) Modified Text on 5/20/2021 (drz). (Entered: 05/20/2021) |
| 05/19/2021 | 7 | Appellant's Tamiko N Peele Notice of Appearance by Tamiko N. Peele (drz) (Entered: 05/20/2021) |
| 05/19/2021 | 8 | Certificate of Interested Parties /Corporate Disclosure Statement - NONE disclosed by Tamiko N. Peele (drz) (Entered: 05/20/2021) |

APP.106

3/4/2022, 10:04

CM/ECF – Live Database – flsd          https://flsd-ecf.sso.dcn/cgi-bin/DktRpt.pl?122573133541365-L_1_0-1

| 05/19/2021 | 9 | Appealant's Tamiko N Peele Notice of Pendency of Other Related Actions by Tamiko N. Peele (drz) Modified Date filed on 5/20/2021 (asl). (Entered: 05/20/2021) |
|---|---|---|
| 05/19/2021 | 11 | Appellant's Tamiko N Peele Joint MOTION for Temporary Injunction For The United States Social Security Administration, The Department of Education, The United States Department of The Treasury, The Chapter 13 Trustee's Office, Ozment Law P.A., Barry Steven Mittelberg, and Kenneth Drake Ozment and Staff to Relinquish Real and Personal Property and MOTION For Interim Expenditures Fees and Costs to Proceed on Appelate Review by Tamiko N. Peele. (drz) Modified on 5/20/2021 (drz). Modified on 5/20/2021 added link(drz). (Entered: 05/20/2021) |
| 05/20/2021 | 10 | Clerks Notice of Docket Correction re 8 Certificate of Other Affiliates/Corporate Disclosure Statement. Correction Other. Clerk failed to add Image. (drz) (Entered: 05/20/2021) |
| 05/20/2021 | 📁 | (Court only) ***Motions terminated: 6 MOTION for Preliminary Injunction MOTION For Interim Expenditures Fees and Costs to Proceed on Appelate Review filed by Tamiko N. Peele. ( Clerk Filed as Motion but it is an appendix to Motion DE# 11 ) (drz) (Entered: 05/20/2021) |
| 06/09/2021 | 12 | Bankruptcy Transmittal of Designated Record to District Court re 1 Bankruptcy Appeal filed by Tamiko N. Peele (Attachments: # 1 Docket Sheet, # 2 Appellant Designation DE 196, # 3 Appellant Amended Designation DE 245, # 4 Appellant Designated Docs, # 5 Appellant Amended Designated Docs)(mon) (Entered: 06/09/2021) |
| 06/09/2021 | 13 | Bankruptcy Notice of Entry pursuant to Rule 8018 and NOTICE TO ATTORNEY - Pursuant to the Southern District of Florida Local Rules, and the Federal Rule of Bankruptcy Procedure, the Appellant has 30 days after the docketing of the Bankruptcy Transmittal of Designated Record to District Court to serve and file a brief. The Appellee shall serve and file a response brief within 30 days after service of Appellant's brief. The Appellant shall serve and file a reply brief within 14 days after service of the Appelle's brief. Appellant Brief due by 7/9/2021. (jo) (Entered: 06/09/2021) |

APP.107

         3/4/2022, 10:04 AM

https://flsd-ecf.sso.dcn/cgi-bin/DktRpt.pl?122573133541365-L_1_0-1

| 06/10/2021 | 14 | MOTION to Certify June 8, 2021 Order for Interlocutory Appeal Pursuant to 28 U.S.C. 1292(b), MOTION for Leave to File Interloctory Appeal, MOTION to Stay Pending Resolution of 1292(b) Proceedings ( Responses due by 6/24/2021) by Tamiko N. Peele. (drz) (Entered: 06/10/2021) |
| 06/10/2021 | 15 | AMENDED NOTICE OF APPEAL against Robin R. Weiner et al, filed by Tamiko N. Peele.(jc) (Entered: 06/10/2021) |
| 06/10/2021 | 16 | AMENDED DESIGNATED RECORDS by Tamiko N. Peele re 15 AMENDED NOTICE OF APPEAL (jc) (Entered: 06/10/2021) |
| 07/09/2021 | 17 | Amended Certificate of Interested Persons and Corporate Disclosure Statement – NONE disclosed by Tamiko N. Peele (pes) (Entered: 07/12/2021) |
| 07/09/2021 | 18 | MOTION for Legal Fees, Costs, and Expenditures by Tamiko N. Peele. Responses due by 7/26/2021 (pes) (Entered: 07/12/2021) |
| 07/09/2021 | 19 | Appellant's BRIEF by Tamiko N. Peele. (pes) (Entered: 07/12/2021) |
| 07/12/2021 | 20 | NOTICE of Designated Records on Appeal by Tamiko N. Peele (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit) (pes) (Entered: 07/13/2021) |
| 07/16/2021 | 21 | APPELLANT'S TAMIKO N PEELE (1) NOTICE CERTIFICATION OF SERVICE OF APPELLATE PROCEEDINGS UNDER APPELLATE REVIEW by Tamiko N. Peele. (drz) (Entered: 07/16/2021) |
| 07/22/2021 | 22 | NOTICE of Filing by Tamiko N. Peele and Robert L. Walker. (apz) (Entered: 07/26/2021) |
| 07/22/2021 | 23 | NOTICE of Filing by Tamiko N. Peele and Robert L. Walker. (apz) (Entered: 07/26/2021) |
| 08/06/2021 | 24 | MOTION to Dismiss 1 Bankruptcy Appeal, 19 Appellant's Brief , MOTION to Dismiss for Lack of Prosecution 1 Bankruptcy Appeal , Motion to Dismiss Case as Frivolous 19 Appellant's Brief , MOTION TO DISMISS 1 Bankruptcy Appeal FOR FAILURE TO STATE A CLAIM by Robin R. Weiner. Attorney Joanna Pizzarello added to party Robin R. |

APP.108    3/4/2022, 10:04 AM

| | | |
|---|---|---|
| | | Weiner(pty:e). Responses due by 8/20/2021 (Pizzarello, Joanna) (Entered: 08/06/2021) |
| 08/18/2021 | 25 | MOTION to Compromise Settlement and Controversy with Barry Steven Mittelber, Inger Garcia, Jorge Calil, Calil Law P.A., The Social Security Administration, United Parcel Service Inc., Liberty Mutual Group., Liberty Mutual Insurance Compnay, Heisman NGMT LLC., Kone Inc. Keenan Development by Tamiko N. Peele. (drz) (Entered: 08/18/2021) |
| 08/18/2021 | 26 | APPENDIX to 25 MOTION MOTION to Compromise Settlement and Controversy with Barry Steven Mittelber, Inger Garcia, Jorge Calil, Calil Law P.A., The Social Security Administration, United Parcel Service Inc., Liberty Mutual Group., Liberty Mutual Insurance Compnay, Hels by Tamiko N. Peele (Attachments: # 1 Exhibit)(drz) (Entered: 08/18/2021) |
| 09/30/2021 | 27 | MOTION to Dismiss for Lack of Jurisdiction 1 Bankruptcy Appeal by United States Social Security Administration. Attorney Raychelle Ann Tasher added to party United States Social Security Administration(pty:e). Responses due by 10/14/2021 (Attachments: # 1 Exhibit 1 - declaration)(Tasher, Raychelle) (Entered: 09/30/2021) |
| 10/22/2021 | 28 | RESPONSE to Motion re 27 MOTION to Dismiss for Lack of Jurisdiction 1 Bankruptcy Appeal , 24 MOTION to Dismiss 1 Bankruptcy Appeal, 19 Appellant's Brief MOTION to Dismiss for Lack of Prosecution 1 Bankruptcy Appeal Motion to Dismiss Case as Frivolous 19 Appellant's Brief MOTION TO DISMISS 1 Bankruptcy Appeal FOR FAILURE TO STATE A CLAIM filed by Tamiko N. Peele. Replies due by 10/29/2021. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(drz) (Entered: 10/22/2021) |
| 10/27/2021 | 29 | NOTICE CERTIFICATION OF SERVICE OF APPELLATE PROCEEDINGS UNDER APPELLATE REVIEW by Tamiko N. Peele (drz) (Entered: 10/28/2021) |
| 02/04/2022 | 🔒 | (Court only) ***Party Inger M Garcia, Heisman Mgmt LLC, Keley Jacobson P.A., Peter Knapp, Kone Inc, Liberty Mutual |

APP.109

|  |  | Holdings Inc, Liberty Mutual Insurance Company, Ozment Law, PA, John J Raffetry and Joanna P. Tempone added. (drz) (Entered: 02/04/2022) |
|---|---|---|
| 02/04/2022 | 30 | ORDER CONSOLIDATING CASES. The Clerk of the Court is instructed to CLOSE Case No. 21-80914-CIV-CANNON for administrative purposes only. All future filings in this case shall be made under Case No. 21-80855-CIV-CANNON only. Signed by Judge Aileen M. Cannon on 2/4/2022. *See attached document for full details.* (drz) (Entered: 02/04/2022) |
| 02/04/2022 | 🔒 | (Court only) ***Party Robert L. Walker, United Parcel Service Inc, Calil Law, US Bank National Association, U.S. Bank N.A., U.S. Bank Home Mortgage, USBANCORP, Matthew L. Tillma and Bonial & Associates, P.C. added. (drz) (Entered: 02/04/2022) |
| 02/04/2022 | 31 | ORDER DISMISSING CONSOLIDATED APPEAL. This consolidated appeal is DISMISSED WITHOUT PREJUDICE. All deadlines are TERMINATED, and all pending motions are DENIED AS MOOT. Closing Case. Motions terminated: 25 MOTION MOTION to Compromise Settlement and Controversy with Barry Steven Mittelber, Inger Garcia, Jorge Calil, Calil Law P.A., The Social Security Administration, United Parcel Service Inc., Liberty Mutual Group., Liberty Mutual Insurance Compnay, Hels filed by Tamiko N. Peele, 24 MOTION to Dismiss 1 Bankruptcy Appeal, 19 Appellant's Brief MOTION to Dismiss for Lack of Prosecution 1 Bankruptcy Appeal Motion to Dismiss Case as Frivolous 19 Appellant's Brief MOTION TO DISMISS 1 Bankruptcy Appeal FOR FAILURE TO STATE A CLAIM filed by Robin R. Weiner, 14 MOTION to Certify June 8, 2021 Order for Interlocutory Appeal Pursuant to 28 U.S.C. 1292(b) MOTION for Leave to File MOTION to Stay filed by Tamiko N. Peele, 18 MOTION for Attorney Fees filed by Tamiko N. Peele, 11 MOTION for Preliminary Injunction MOTION For Interim Expenditures Fees and Costs to Proceed on Appelate Review filed by Tamiko N. Peele, 27 MOTION to Dismiss for Lack of Jurisdiction 1 Bankruptcy Appeal filed by United States Social Security Administration. Signed by Judge Aileen M. Cannon on 2/4/2022. *See* |

APP.110

CM/ECF - Live Database - flsd

https://flsd-ecf.sso.dcn/cgi-bin/DktRpt.pl?122573133541365-L_1_0-1

| | | *attached document for full details.* (drz) (Entered: 02/04/2022) |

APP.111

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80914-CIV-CANNON

ROBERT L. WALKER
and TAMIKO N. PEELE,

     Appellants,

v.

UNITED PARCEL SERVICE, et al.,

     Appellees.

_____/

## ORDER STAYING CASE PENDING APPEAL
## AND ADMINISTRATIVELY CLOSING CASE

Appellants filed an interlocutory appeal to the Eleventh Circuit [ECF No. 30] from the Certification and Order of Transfer to Magistrate Judge [ECF No. 28].[1]  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (citations and internal quotation marks omitted). "The district court has authority to proceed forward with portions of the case not related to the claims on appeal . . . [s]till, a district court might find it best to stay an entire case pending the resolution of a [case dispositive

---

[1] The Order from which Appellants appeal is an Order signed by Magistrate Judge Matthewman assigning Magistrate Judge Reinhart as the paired magistrate judge following transfer to this Court from U.S. District Judge Singhal [ECF No. 28].

APP.112

CASE NO. 21-80914-CIV-CANNON

or jurisdictional issue]." *See May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000) (citing *Monfils v. Taylor*, 165 F.3d 511, 518-19 (7th Cir. 1998)).

After reviewing the record, this Court finds that the most prudent course of action is to stay this case pending Appellants' appeal.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. This matter is STAYED pending resolution of Appellants' interlocutory appeal.

2. The Clerk shall CLOSE this case for administrative purposes only.

3. Any scheduled hearings are CANCELED, any pending motions are DENIED AS MOOT, and all deadlines are TERMINATED.

4. The case may be reopened upon motion by any party upon completion of the interlocutory appeal.

DONE AND ORDERED in Chambers at Fort Pierce, Florida, this 29th day of November 2021.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:     counsel of record

APP.113

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80537-CIV-CANNON

ROBERT L. WALKER
and TAMIKO N. PEELE,

     Appellants,

v.

K. DRAKE OZMENT
and OZMENT LAW, PA,

     Appellees.

_____/

## ORDER STAYING CASE PENDING APPEAL AND ADMINISTRATIVELY CLOSING CASE

Appellants filed an interlocutory appeal to the Eleventh Circuit [ECF No. 21] from this Court's Order Denying Joint Motion for Temporary Injunction [ECF No. 17]. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (citations and internal quotation marks omitted). "The district court has authority to proceed forward with portions of the case not related to the claims on appeal . . . [s]till, a district court might find it best to stay an entire case pending the resolution of a [case dispositive or jurisdictional issue]." *See May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000) (citing *Monfils v. Taylor*, 165 F.3d 511, 518-19 (7th Cir. 1998)).

1

APP.114

CASE NO. 21-80537-CIV-CANNON

After reviewing the record, this Court finds that the most prudent course of action is to stay this case pending Appellants' appeal.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. This matter is STAYED pending resolution of Appellants' interlocutory appeal.

2. The Clerk shall CLOSE this case for administrative purposes only.

3. Any scheduled hearings are CANCELED, any pending motions are DENIED AS MOOT, and all deadlines are TERMINATED.

4. The case may be reopened upon motion by any party upon completion of the interlocutory appeal.

DONE AND ORDERED in Chambers at Fort Pierce, Florida, this 24th day of June 2021.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

APP.115

# EXHIBIT F

Case 20-11431-EPK    Doc 64    Filed 07/17/20    Page 1 of 1



ORDERED in the Southern District of Florida on July 17, 2020.

Erik P. Kimball, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:

ROBERT WALKER &
TAMIKO PEELE

    Debtors

_____/

Case No:   20-11431-EPK

Chapter:   13

### ORDER SUSTAINING OBJECTION TO CLAIM FILED BY EDUCATIONAL CREDIT MANAGEMENT CORP, CLAIM # 2

THIS MATTER came before the Court on the "Consent" Portion of the Calendar, without objection, on July 14, 2020 on Debtors' Objection to Claim Filed by Educational Management Corp, Claim No. 2 (DE# 47; the "Objection"), it is hereby:

**ORDERED AND ADJUDGED**

1.    The Debtors' Objection is **SUSTAINED.**

2.    Educational Credit Management Corp, Claim No. 2, shall be stricken and disallowed.

###

Submitted By: OZMENT LAW, PA
    2001 Palm Beach Lakes Blvd, Suite 500
    West Palm Beach, FL 33409
    561-689-6789
    _ecf@drakeozment.com_

Attorney Drake Ozment is directed to serve copies of this Order on all interested parties and to file a certificate of service.

APP.116

# EXHIBIT  G



ORDERED in the Southern District of Florida on November 2, 2020.

Erik P. Kimball, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

ROBERT WALKER, and                    Case No. 20-11431-EPK
TAMIKO PEELE,
                                       Chapter 13

    Debtors.
_____/

### AGREED ORDER GRANTING EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S MOTION FOR REHEARING OF ORDER SUSTAINING OBJECTION TO CLAIM NO. 2, AND VACATING ORDER

THIS CAUSE came before the Court without hearing on *Educational Credit Management Corporation's Motion for Rehearing of Order Sustaining Objection to Claim No. 2* (the "Motion for Rehearing")(D.E. 83). And the Court, having reviewed the Motion for Rehearing, being advised that ECMC and the Debtors have resolved the

issues in the Motion for Rehearing as set forth in this Agreed Order, good cause appearing, and being otherwise duly advised in the premises, it is

ORDERED as follows:

1.    The Motion for Rehearing is Granted.

2.    The Court's *Order Sustaining Objection to Claim Filed by Educational Credit Management Corporation* (the "Order)(D.E. 64) is Vacated.

3.    ECMC's Claim No. 2-1 is and shall remain an allowed claim in this case in the full amount as filed.    ECMC shall receive *pro rata* distributions with respect to Claim No. 2-1 from the chapter 13 trustee along with all other general unsecured creditors.

#      #      #

Copies furnished to:

John D. Eaton, Esq.
Drake Ozment, Esq.
Robin Weiner, chapter 13 Trustee

4817-4924-5273, v. 1

APP.118

# EXHIBIT H

Page 1

1            UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA
2

3                   Judge Erik P. Kimball

4

5

    In Re:
6
                             Case No. 20-11431-EPK
7                            Chapter 13

8

    ROBERT C. WALKER,
9   TAMIKO N. PEELE,

10          Debtors.

11   ─────────────────────────────────────

12

13       CHAPTER 13 CONFIRMATION AND MOTION CALENDAR

14                   DE 39, 47, 57

15

16

17                   July 14, 2020

18

19

    The above entitled cause came on for hearing before
20  the HONORABLE ERIK P. KIMBALL, one of the Judges in
    the UNITED STATES BANKRUPTCY COURT, in and for the
21  SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler
    Drive, West Palm Beach, Palm Beach County, Florida, on
22  July 14th, 2020, commencing on or about 9:30 a.m. and
    the following proceedings were had:

23

24

25
            Transcribed from a digital recording by:

OUELLETTE & MAULDIN COURT REPORTERS, INC.
(305) 358-8875

Page 2

```
 1          Jacquelyn Ann Jones, Court Reporter

 2

     APPEARANCES:

 3

 4   ROBIN WEINER, CHAPTER 13 TRUSTEE
     By: JOANNA TEMPONE, ESQUIRE

 5   On behalf of Chapter 13 Trustee Robin Weiner

 6

     DRAKE OZMENT, P.A.

 7   By: KELEY JACOBSON, ESQUIRE
     On behalf of the Debtors

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 3

```
 1              MS. TEMPONE:  Page C-14.  Any objections?
 2   None noted.
 3              Robert Walker and Tamiko Peele.
 4              MS. JACOBSON:  Keley Jacobson on behalf of
 5   the debtors.
 6              MS. TEMPONE:  Going forward with the motion
 7   to approve and the objection this afternoon?
 8              MS. JACOBSON:  Yes, I am.
 9              MS. TEMPONE:  4AP and certificate of
10   service?
11              MS. JACOBSON:  I don't have notes that we
12   needed a 4AP.  We're still traveling under the 3AP.
13              MS. TEMPONE:  Oh, if you prevail then you're
14   -- if you prevail in your objection then it should
15   equate to a hundred percent; correct?
16              MS. JACOBSON:  Okay.  Yes.  And then --
17              MS. TEMPONE:  All right.  We'll review the
18   3AP and the orders.
19              And are you sending us information regarding
20   that settlement with --
21              MS. JACOBSON:  Yeah, I am.  It seems he --
22   Mr. Mittelberg's filed a motion to enforce a charging
23   lien.  I'm going to send you a letter by 5 p.m.
24   regarding all of that.
25              And then just to let you know, we do have a
```

Page 4

1    mediation date set for September 9th.

2            MS. TEMPONE:  Thank you.

3            MS. JACOBSON:  Thank you.

4            MS. TEMPONE:  All right.  So confirm 3AP or

5    continue confirmation if necessary.

6            MS. JACOBSON:  Thank you.

7            MS. TEMPONE:  Thank you.

8    (Other matters on the calendar were taken up, after

9    which the following proceedings were had.)

10           MS. TEMPONE:  Robert Walker and Tamiko

11   Peele.  Motion to approve personal injury settlement,

12   and debtors paying a hundred (inaudible) correct?

13           MS. JACOBSON:  Yes.  Keley Jacobson on

14   behalf of the debtors.

15           MS. TEMPONE:  Well, I'm sorry.  Let me go

16   through the objections first, and then we'll --

17           MS. JACOBSON:  Right.

18           MS. TEMPONE:  Docket entry 47, objection to

19   ECMC Claim 2.  Properly served?

20           MS. JACOBSON:  Properly served.  Sustain and

21   strike.  The debtors believe this loan was discharged

22   through the permanent disability provided by the US

23   Department of Education.

24           MS. TEMPONE:  Any objections?  None noted.

25   Please submit.

Page 5

1          And then objection to LVMV Claim 5-2.

2          MS. JACOBSON:  Sustain and strike.  Time

3   barred.

4          MS. TEMPONE:  Objections?  None noted.

5   Please submit the order sustaining.

6          And now a motion to approve.  Any

7   objections?  None noted.  Please submit the order

8   granting.

9          MS. JACOBSON:  Thank you.

10          MS. TEMPONE:  And then the non-exempt

11   portion will be paid to the trustee to disburse to

12   unsecured creditors; correct?

13          MS. JACOBSON:  Yes, ma'am.

14          MS. TEMPONE:  Thank you.

15          (The proceedings were concluded.)

16

17

18

19

20

21

22

23

24

25

Page 6

1
2                    C E R T I F I C A T E
3
4          I, JACQUELYN ANN JONES, Court Reporter and
5   Notary Public in and for the State of Florida at
6   Large, do hereby certify that the foregoing
7   proceedings were transcribed by me from a digital
8   recording held on the date and from the place as
9   stated in the caption hereto on page 1, to the best of
10  my ability.
11
12         In witness whereof I have hereunto set my
13  hand and seal this  11th  day of  September, 2020.
14
15
16                    _____
17                    JACQUELYN ANN JONES
18                    Commission GG062804
19                    Expires Feb. 18, 2021
20
21
22
23
24
25

# EXHIBIT

Page 1

1     UNITED STATES BANKRUPTCY COURT
      SOUTHERN DISTRICT OF FLORIDA

2

3

4 IN RE:      CASE NO. 20-11431-EPK

 ROBERT WALKER AND TAMIKO PEELE,

5

6    Debtors.

 _____/

7     341 MEETING OF CREDITORS

8      May 18, 2020

9    The above-entitled cause came on for a Section

10 341 Meeting of Creditors before MATTHEW GERARDI, Esquire,

11 on behalf of the Chapter 13 Trustee, in the UNITED STATES

12 BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF

13 FLORIDA, at 1515 North Flagler Dr., West Palm Beach, Palm

14 Beach County, Florida on May 18, 2020, commencing at or

15 about 9:00 a.m., and the following proceedings were had.

16

17

18

19

20   Transcribed from a digital recording by:
     Cheryl L. Jenkins, RPR, RMR

21

22

23

24

25

Page 2

1
2
            APPEARANCES VIA TELEPHONE:
3
4
            MATTHEW GERARDI, Esquire
      On behalf of the Chapter 13 Trustee
5
6
            KELLY JACOBSON, Esquire
       On behalf of the Debtors
7
8
           - - - - - - -
9
10
           WITNESS
11   Robert Walker and Tamiko Peele         Page
     Examination by Mr. Gerardi          3
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 3

1           MR. GERARDI:  Next up calling Case 20-11431,
2    Robert Walker and Tamiko Peele.  Is Mr. Ozment on the
3    telephone?
4           MS. JACOBSON:  Kelly Jacobson for Ozment
5    Law.
6           MR. GERARDI:  Good morning, Ms. Jacobson.
7    And do I have the debtors on the phone?
8           MS. PEELE:  Good morning, yes.
9           MR. WALKER:  Robert Walker, yes.
10          MR. GERARDI:  And, ma'am, state --
11          MS. PEELE:  We're both here.
12          MR. GERARDI:  Thank you, and are you the
13   individuals whose name and address appears on the
14   voluntary petition as the debtors in the case I just
15   called?
16          MR. WALKER:  Yes.
17          MS. PEELE:  Yes.
18          MR. GERARDI:  Please verify your dates of
19   birth.
20          MS. PEELE:  Tamiko Peele 10-27-76.
21          MR. WALKER:  Robert Walker 10-22-79.
22          MR. GERARDI:  And, Ms. Jacobson, did anyone
23   in your office personally verify the debtors' identity
24   with the documents and the 341 notice prior to sending
25   that to the trustee?

Page 4

1             MS. JACOBSON:  Yes, sir, they were.

2             MR. GERARDI:  All right, and I have also

3    reviewed copies of the drivers licenses and the Social

4    Security card.  They match that of the names and Social

5    Security numbers on the voluntary petition.  At the

6    conclusion of this meeting all copies of the personal

7    identification will be destroyed.

8             Any creditors appearing?

9             (No verbal response.)

10            MR. GERARDI:  Are you both personally

11   familiar with the information contained in the petition,

12   schedules, and statements filed in this case?

13            MS. PEELE:  Yes.

14            MR. WALKER:  Yes.

15            MR. GERARDI:  Did you review those documents

16   with your attorney before you sent them?

17            MS. PEELE:  Yes.

18            MR. WALKER:  Yes.

19            MR. GERARDI:  Are there any changes or

20   amendments you need to make to your paperwork?

21            MS. PEELE:  Not that we are aware of.

22            MR. WALKER:  Not that we are aware of.

23            MR. GERARDI:  All right.  Have you listed

24   all of your assets, including jewelry and art?

25            MS. PEELE:  Yes.

Page 5

1              MR. WALKER:  Yes.

2              MR. GERARDI:  Have either of you filed, ever

3     filed for bankruptcy before?

4              MR. WALKER:  I never have.

5              MS. PEELE:  Tamiko Peele did.

6              MR. GERARDI:  And when was that?

7              MS. PEELE:  2004.

8              MR. GERARDI:  Did you use the same Social

9     Security number you've shown me today?

10             MS. PEELE:  I'm sorry?

11             MR. GERARDI:  Did you use the same Social

12    Security number that I reviewed today?

13             MS. PEELE:  Yes.

14             MR. GERARDI:  How long have you lived in

15    Florida?  Ma'am, you first.

16             MS. PEELE:  Since birth, 1976.

17             MR. GERARDI:  Sir?

18             MR. WALKER:  The same for me, since '79.

19             MR. GERARDI:  Have either of you owned a

20    business in the last six years?

21             MR. WALKER:  No.

22             MS. PEELE:  No.

23             MR. GERARDI:  And neither of you are working

24    outside the home, correct?

25             MR. WALKER:  No.

Page 6

1              MS. PEELE:  No.

2              MR. GERARDI:  Have you filed all required

3    tax returns for the past four years?

4              MR. WALKER:  Yes.

5              MS. PEELE:  Yes.

6              MR. GERARDI:  And is the tax return you gave

7    your lawyer a true copy of the most recent return you

8    filed?

9              MR. WALKER:  Yes.

10             MS. PEELE:  Yes.

11             MR. GERARDI:  Do either of you have to pay

12   any alimony or child support?

13             MR. WALKER:  No.

14             MS. PEELE:  No.

15             MR. GERARDI:  Real estate?

16             MS. JACOBSON:  Homestead MMM, no

17   investments.

18             MR. GERARDI:  Have you sold, transferred or

19   given away anything of value in the last one year?

20             MS. PEELE:  No.

21             MR. WALKER:  No.

22             MR. GERARDI:  Have you given away or repaid

23   any money that you may have borrowed from friends or

24   family in the last year?

25             MS. PEELE:  I don't know if legal fees would

Page 7

1    consist of that.

2              MR. GERARDI:  How much was it?

3              MS. PEELE:  The balance that was due for the

4    bankruptcy.

5              MR. GERARDI:  And how much is that?

6              MS. PEELE:  I don't remember.  I think it

7    was -- Ms. Jacobson, do you remember the amount?  I don't

8    have that in front of me.

9              MR. GERARDI:  So, a friend or family member

10   paid your attorney's fees for you, and you paid them back?

11             MS. PEELE:  Oh, I'm sorry, no.  I'm sorry,

12   sir, no, I misunderstood.  I'm sorry.

13             MR. GERARDI:  All right.  Have you given

14   away or repaid loans to friends or family in the last

15   year?

16             MS. PEELE:  No.

17             MR. WALKER:  No.

18             MR. GERARDI:  When did you last make a

19   credit card payment?

20             MS. PEELE:  April of 2020.

21             MR. GERARDI:  And how much did you pay?

22             MS. PEELE:  It was, like, $52 or something.

23             MR. GERARDI:  Okay.  Are you using credit

24   cards now?

25             MS. PEELE:  No, they actually closed it.

Page 8

1                    MR. GERARDI:  How many vehicles do you have?

2                    MS. PEELE:  Three.

3                    MR. GERARDI:  All three of them are paid in

4      full?

5                    MS. PEELE:  Yes.

6                    MR. GERARDI:  Why did you have to file

7      bankruptcy?

8                    MS. PEELE:  Due to incompetent legal advice,

9      fraudulent activity that related into a judgment and a

10     foreclosure.

11                   MR. GERARDI:  Are you suing anybody, or does

12     anybody owe you any money?

13                   MS. PEELE:  Yes, we are suing.  The lawsuits

14     are on the petition and, yes, the money is owed as well.

15                   MR. GERARDI:  All right.  There is something

16     on your schedules about you had a $95,000 settlement, a

17     net to you of about 60 grand, but you're not sure it's

18     recoverable.  What is -- what is this for?

19                   MS. PEELE:  It was actually for a workers'

20     comp lawsuit in 2011, that was sustained -- the proceeds

21     are still in Barry Mittelberg's possession.  We're not

22     sure where the money is (inaudible) the money back.  As of

23     now we don't know where the money is at.  We don't know if

24     it's actually included in his bankruptcy, because at the

25     time we wasn't aware he was actually in bankruptcy, but he

Page 9

1    didn't put us as a creditor, and that was for -- the

2    settlement was actually for two settlements, one was for

3    25,000 from Travelers, which is Kennan Development, and

4    there was another settlement for 75 -- I'm sorry, $70,000

5    from -- who was the person?

6                    MR. WALKER:   KONE.

7                    MS. PEELE:   From KONE, Inc.

8                    MR. GERARDI:   All right.   So Mr. Mittelberg

9    represented you in this workers' comp claim?

10                   MS. PEELE:   Yes, there was a retainment,

11   yes.

12                   MR. GERARDI:   And then you settled that

13   claim, and the proceeds were paid to Mr. Mittelberg's

14   trust account?

15                   MS. PEELE:   Yes, but it wasn't -- it was

16   settled, but it wasn't, but he has the fee, yes.

17                   MR. GERARDI:   All right.   Ms. Jacobson,

18   what's going on here?

19                   MS. JACOBSON:   I am -- I'll have to get you

20   more information.

21                   MR. GERARDI:   Right, because if

22   Mr. Mittelberg files bankruptcy, anything in his trust

23   account that's part of a settlement for a client, I mean,

24   that's not a personal asset of his.   That's not something

25   where these debtors should have to file a claim to recover

Page 10

1   that.   That's part of doing his job.

2                   If it's accurate that Mr. Mittelberg

3   recovered funds for the debtor and just did not turn them

4   over, I mean, that's mismanagement of trust, that's

5   something that would absolutely have to be referred to the

6   Florida Bar.

7                   So we need a detailed explanation, including

8   a copy of whatever settlement statement was entered that

9   sort of commensurates this agreement, this settlement

10  showing what's going on.

11                  MS. JACOBSON:   I'll get them to you as soon

12  as possible.

13                  MR. GERARDI:   Have you received any money

14  from a lawsuit or claim in the last year?

15                  MS. PEELE:   Yes, the second lawsuit was from

16  JMG, and that was filed in 2009, and we just recovered

17  money this year.   It was two separate settlements, one was

18  for Robert Walker for 11,500, and the other one was for

19  myself for 11,500.

20                  MR. GERARDI:   All right, and what type of

21  claims were these?

22                  MS. PEELE:   Personal injury pertaining to,

23  they did not want to give back the deposit, the security

24  deposit, and it was also a payment of legal fees to

25  Debbie Lock (phonetic) of $122,000.

Page 11

1              MR. GERARDI:  All right, and when was that

2    -- what was the date of that recovery?

3              MS. PEELE:  On or about, I think it was

4    January -- I want to say on or about January, but they

5    didn't give ours until like February, after this was

6    filed.

7              MR. GERARDI:  What did you do with the

8    money?

9              MS. PEELE:  My proceeds are still in the

10   account.  Robert's proceeds, some was spent on trying to

11   get ready for the pandemic, and then the other was given

12   to pay off legal fees that we owed, outstanding legal fees

13   that we owed --

14             MR. GERARDI:  How much is left?

15             MS. PEELE:  -- for the bankruptcy

16   proceedings.

17             I'm sorry?

18             MR. GERARDI:  How much money do you have

19   left?

20             MS. PEELE:  Eleven thousand -- mine is still

21   in the account, it hasn't been touched.

22             MR. GERARDI:  All right.  Ms. Jacobson, if

23   those proceeds were disbursed after the bankruptcy was

24   filed, you need to get a nunc pro tunc order authorizing

25   that, and that belongs to the trustee if it's a PI claim.

Page 12

1   So, we need that filed ASAP or we will be asking for

2   dismissal at the initial confirmation hearing.

3                   MS. JACOBSON:  Understood.

4                   MR. GERARDI:  Has anybody died and left you

5   any money?

6                   MS. PEELE:  Yes, $10,000 from

7   Ethlean Walker's estate.

8                   MR. GERARDI:  When was that?

9                   MS. PEELE:  We still haven't got the

10  proceed, but when did she pass away?

11                  MR. WALKER:  I think it was like '04.

12                  MS. PEELE:  '04.

13                  MR. WALKER:  Be we still haven't received

14  anything from it.

15                  MR. GERARDI:  All right.  Make sure we have

16  inheritance language in the plan.

17                  MS. JACOBSON:  Understood.

18                  MR. GERARDI:  All right.  That money belongs

19  to your creditors up to a hundred percent of your allowed

20  claims.  So speak with your attorney about what you need

21  to do with your unsecured creditors in this bankruptcy.

22  There may be enough to pay a hundred percent per your

23  Schedule F, we'll see what claims come in.

24                  Any other creditors wish to be heard on the

25  Walker and Peele matter?

Page 13

1                    (No verbal response.)

2                    MR. GERARDI:   Hearing none, that concludes

3     the 341.

4

5

6

7                    (Thereupon, the 341 Meeting of Creditors was

8     concluded.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 14

1

2                              CERTIFICATION

3

4    STATE OF FLORIDA       :

5    COUNTY OF MIAMI-DADE    :

6

7              I, Cheryl L. Jenkins, RPR, RMR, Shorthand

8    Reporter and Notary Public in and for the State of Florida

9    at Large, do hereby certify that the foregoing Section 341

10   Meeting of Creditors was transcribed by me from a digital

11   recording made on the date and at the place as stated in

12   the caption hereto on page 1; that the foregoing

13   computer-aided transcription is a true record to the best

14   of my ability of said proceedings.

15             WITNESS my hand this 18th day of

16   September, 2020.

17

18

19        _____

20        CHERYL L. JENKINS, RPR, RMR

21        Court Reporter and Notary Public
          in and for the State of Florida at Large
22             Commission #GG 138863
               December 27, 2021

23

24

25

# EXHIBIT J

WAIVER OF SERVICE OF PENDING COMPLAINT

From:  Rob Rob (walkerlegalw@yahoo.com)

To:    juan.antonio.gonzalez@usdoj.gov; epkimball@flsb.uscourts.gov; robinweiner@ch13weiner.com;
       joanna@ch13weiner.com; usafls-brdkt@usdoj.gov; ustpregion21.mm.ecf@usdoj.gov; velma.blaine@ssa.gov;
       brian.garber@ssa.gov; shane.weaver@myfloridalegal.com

Cc:    walkerlegalw@yahoo.com

Date:  Monday, June 21, 2021, 03:11 PM EDT

*Good Day,*

*Attorney General Mr. Juan Antonio "Tony" Gonzalez and other Interested Parties,*

*The Mr. Robert L Walker and Mrs. Tamiko N Peele, Recently Filed and additional Correspondence as to the The United States, Their Agencies and Their Employees Regarding The PRE- SUIT LETTER WITH 3 DAY CEASE AND DESIST TO 42 U.S. CODE §1983 DEPRIVATION OF RIGHTS, FEDERAL TORT ACT, BIVENS CLAIMS, FEDERAL QUESTION, CIVIL RIGHTS ACT OF 1968,AMERICANS WITH DISABILITES ACT OF 1990, STATE CLAIMS AND VIOLATION OF THE FAIR HOUSING ACT but not limited to. The Date to Reply has Since Lapsed and or Expired. The Walker and Peele will now proceed with the filing of the Complaint and Request for Depositions along with Discovery as to The Erik P Kimball, Cameron Cardic, Joanna P Tempone, Robin R Reiner, Velma Blaine, and The Other Employees within those agencies but not limited to. If you are willing to waive Service as to the Pre-Suit, The Walker and Peele ask you let them know so they can better make an assessment going forward with the legal litigation as to the Defendants. If there is no reply by Tuesday June 22, 2021, The Walker and Peele will assume there is No Waiver and will Serve each person as noted on the Pre-Suit Letter(See Attached). Thanks For Your Time and Efforts in Advance.*

*Mr. Robert  L Walker*
*Mrs. Tamiko N Peele*



USDC FEDERAL TORT CLAIM JUNE 17 2021.pdf
246.1kB

APP.139

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA FORT PIERCE DIVISION

---------------------------------------------------------------------------------

| | |
|---|---|
| Tamiko N Peele and TAMIKO N PEELE<br>Individually and on behalf of herself,<br>     *plaintiffs*<br>         vs.<br><br>ERIK P KIMBALL, in his official and individual capacity<br>As an employee and government attorney for<br>THE UNITED STATES OF AMERICA.,<br>19570 Trails End Ter<br>Jupiter, Florida 33458 ., &<br><br>THE UNITED STATES TRUSTEE PROGRAM and it's<br>Officials CLIFFORD J WHITE III, NANCY J GARGULA,<br>ROBIN R WEINER, and JOANNA P TEMPONE in their<br>Official and Individual Capacity of Officers<br>THE UNITED STATES TRUSTEE PROGRAM<br>c/o OFFICE OF THE UNITED STATES TRUSTEE<br>51 SW FIRST AVENUE. ROOM 1204<br>Miami, Florida 33130, &<br><br>THE UNITED STATES BANKRUPTCY COURT, and it's<br>Employee ERIK P KIMBALL and CAMERON CRADIC<br>in their individual and official Capacity of<br>THE UNITED STATES BANKRUPTCY COURT<br>c/o UNITED STATES ATTORNEY'S OFFICE<br>99 NE 4TH, 13TH FLOOR<br>MIAMI, FL 33132., &<br><br>ROBIN R. WEINER, P.A., and it's representatives<br>ROBIN R WEINER, JOANNA PIZZARELLO TEMPONE,<br>and MATTHEW GIRARDI in their individual and official<br>Capacity as staff of ROBIN R. WEINER, P.A<br>c/o MITCHELL J NOWACK, ESQ<br>8551 Sunrise Blvd<br>STE 208<br>Plantation, FL 33322., &<br><br>JOANNA PIZZARELLO TEMPONE in her individual and<br>Official Capacity as employee of ROBIN R. WEINER, P.A.,<br>9505 Savannah Estates Dr,<br>Lake Worth, Florida 33467 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No._____-cv-_____-_____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CAUSES OF ACTION<br>)<br>)  (I) FEDERAL TORT ACT<br>)<br>)  (II) BIVENS CLAIMS<br>)<br>) (III) FEDERAL QUESTION<br>)<br>) (IV) 42 U.S. CODE §1983<br>)   DEPRIVATION OF RIGHTS<br>)<br>)  (V) VIOLATION OF THE<br>) AMERICANS W/DISABILITES<br>)     ACT OF 1990<br>)<br>)<br>)Damages up to 560,000 thousand<br>)<br>) |

1

APP.140

THE UNITED STATES DEPARTMENT OF HOUSING   )
AND URBAN DEVELOPMENT and it's SECRETARY   )
In their Individual and official capacity as Secretary   )
Of the UNITED STATES DEPARTMENT OF HOUSING )
AND URBAN DEVELOPMENT   )
c/o UNITED STATES ATTORNEY'S OFFICE   )
99 NE 4TH, 13TH FLOOR   )
MIAMI, FL 33132., &   )
   )
THE UNITED STATES DEPARTMENT OF EDUCTION )
And it's servicer, ECMC GROUP, NELNET, INC., PHEAA)
NELNET TOTAL & PERMANENT DISABILITY   )
NELNET SERVICING LLC., PHEAA and WELLS FARGO)
in their individual and official Capacity as servicers for   )
THE UNITED STATES DEPARTMENT OF EDUCTION.,)
Acct#1274983 and Contents Therein   )
c/o US ATTORNEY'S OFFICE   )
99 NE 4th Street   )
Miami, Florida 33132, &   )
   )
THE UNITED STATES DEPARTMENT OF TREASURY )
BUREAU OF THE FISCAL SERVICE Acct#05264757386)
Tamiko N Peele, Robert L Walker, and The Contents therein)
In the UNITED STATES DEPARTMENT OF EDUCATION,)
FEDERAL OFFSET UNIT ACCOUNT# 05264757386   )
c/o US ATTORNEY'S OFFICE   )
99 NE 4th Street   )
Miami, Florida 33132, &   )
   )
THE UNITED STATES POSTAL SERVICE and it's   )
Employee DAVID C GUINEY, in his official capacity as   )
Postmaster Of the UNITED STATES POSTAL SERVICE )
1900 W Oakland Park Blvd, Ste 100   )
Oakland Park, Florida 33310, &   )
   )
VELMA T BLAINE, in her individual and official capacity )
Social Insurance Administrator of the UNITED STATES   )
SOCIAL SECURITY ADMINISTRATION,   )
4942 NW 66TH AVENUE   )
Lauderhill Florida, 33319, &   )
   )
BRIAN GARBER, in his individual and official capacity as)
Chief of Disability Compensation and Benefits of the   )
STATE OF FLORIDA DEPARTMENT OF HEALTH   )
325 West Gaines St, Suite 1314   )
Tallahassee, Florida 32399-0400, &   )

2

.APP.141

THE UNITED STATES SOCIAL SECURITY       )
ADMINISTRATION and its' Administrators     )
VELMA T BLAINE, JAMES PEAVY, BRIAN GARBER )
ANTONIO MIGUEL QUINONES, GAIL S. ENNIS,,   )
ROSE MARY C BUEHLER, BRIDGETT R. JOHNSON,  )
The Individuals, Corporations, Partnerships, Unincorporated,)
Jane Does, John Does, BNC#20T2111954418-HA and all  )
unknown persons who Claim any interest in the subject  )
matter of this action, in their individual and official Capacity)
as staff, and quasi staff, of                         )
THE UNITED STATES SOCIAL SECURITY       )
ADMINISTRATION OFFICE OF CENTRAL OPERATIONS)
c/o OFFICE OF THE REGIONAL COUNSEL     )
Sam Nunn Atlanta Federal Center,           )
61 Forsyth Street, Suite 20T45             )
Atlanta, Georgia 30303, &               )
                                        )
ROSE MARY C BUEHLER, in her individual and official )
Capacity as Regional Commissioner of the UNITED  )
STATES SOCIAL SECURITY ADMINISTRATION   )
OFFICE OF THE REGIONAL COUNSEL       )
Sam Nunn Atlanta Federal Center,           )
61 Forsyth Street, Suite 20T45             )
Atlanta, Georgia 30303, &               )
                                        )
BRIDGETT R. JOHNSON, in her individual and official )
Capacity as Social Insurance Administrator of the UNITED )
STATES SOCIAL SECURITY ADMINISTRATION,  )
TAMIKO N PEELE AND THE CONTENTS THEREIN )
OFFICE OF THE REGIONAL COUNSEL       )
Sam Nunn Atlanta Federal Center,           )
61 Forsyth Street, Suite 20T45             )
Atlanta, Georgia 30303, &               )
                                        )
ANTONIO MIGUELQUINONES, in his individual and his)
official capacity as Social Insurance Administrator of the )
UNITED STATES SOCIAL SECURITY       )
ADMINISTRATION, ACCOUNT TAMIKO N PEELE )
AND THE CONTENS THEREIN           )
OFFICE OF THE REGIONAL COUNSEL       )
Sam Nunn Atlanta Federal Center,           )
61 Forsyth Street, Suite 20T45             )
Atlanta Georgia 30303, &              )
                                        )

3

JAMES PEAVY, in his individual and official Capacity as )
Contact Representative of the UNITED STATES SOCIAL )
SECURITY ADMINISTRATION, )
OFFICE OF THE REGIONAL COUNSEL )
Sam Nunn Atlanta Federal Center, )
61 Forsyth Street, Suite 20T45 )
Atlanta, Georgia 30303, & )
)
THE STATE OF FLORIDA and it's Judicial Officers )
CAROL-LISA PHILLIPS, JANET CARNEY CROOM, )
ELIZABETH ANN METZGER, MELANE G. MAY )
SPENCER D LEVINE, JEFFREY T KUNTZ, )
JONATHAN D. GERBER, MARTHA C. WARNER )
ALAN O FORST, BARBARA BRONIS, )
MILLY POWELL, LISA S WALSH, ROBERT M. GROSS,)
LONN WEISSBLUM And LYNN COLLETTI in their )
individual and official capacity as Officers of )
THE STATE OF FLORIDA )
c/o Office of the Attorney General )
1515 N. Flagler Drive, Suite 900 )
West Palm Beach, FL 33401. & )
)
THE FLORIDA STATE RISK MANAGEMENT TRUST )
FUND., Claim# of Tamiko N Peele, TAMIKO N PEELE, )
Robert L Walker, ROBERT L WALKER, their heirs and )
the Contents Therein )
c/o Office of the Attorney General )
1515 N. Flagler Drive, Suite 900 )
West Palm Beach, FL 33401. & )
        *Defendant(s)* )
_____/ )

---

## PRE- SUIT LETTER WITH 3 DAY CEASE AND DESIST TO

## 42 U.S. CODE §1983 DEPRIVATION OF RIGHTS, FEDERAL TORT ACT,

## BIVENS CLAIMS, FEDERAL QUESTION, CIVIL RIGHTS ACT OF 1968

## AMERICANS WITH DISABILITES ACT OF 1990, STATE CLAIMS AND

## VIOLATION OF THE FAIR HOUSING ACT

---

4

APP.143

*RE: ABUSE OF PROCESS, FEDERAL TORT, BIVENS ACTIONS*
*42 U.S. CODE §1983 DEPRIVATION OF RIGHTS,*
*CIVIL RIGHTS ACT OF 1968*
*VIOLATION EQUAL PROTECTION CLAUSE*
*VIOLATION OF FAIR HOUSING ACT*
*VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990*
*UNLAWFULLY SEIZURE OF REAL AND PERSONAL PROPERTY*
*RETURN OF REAL AND PERSONAL PROPERTY*

*NON-REPLY: Re: Tamiko N Peele a/k/a Reorganizer, Claimant and heirs, USDC Court under Case Number 20-11431-EPK: ABUSE OF PROCESS, Willful and Malicious Injury That is Continuing In Natures y Freedom from Unwarranted Surveillance Act, Unlawful Surveillance as Voyeurism, triggered CDRs, OIG Special Agent, CDI Unit Team Leader, DDS  SSA programmatic expert, Discrimination, Abuse of  Power, Retaliation, Tortious Interference of Business, Interference with Prospective Contract, Privacy Act and FOIA Florida Statutes 286.011 – Public meetings and records; public inspection; criminal and civil penalties, Public Records Chapter 19 and Health Insurance Portability and Accountability Act, "STATEMENT OF CLAIMANT"ATTACHMENT TO SSA 3288, SSA-561-U2*

1. On or about July 2018 the *Tamiko N Peele a/k/a Reorganizer, Claimant and heirs* received an additional Retaliatory Letter  that did not state a Cause Of Action, However attempting to downgrade Benefits due to but not limited to *Robert L Walker a/k/a Reorganizer, Claimant and heirs*  Suing the UNITED STATES SOCIAL SECURITY ADMINISTRATION. On Appeal from the UNITED STATES BANKRUPTCY COURT for the of Florida, West Palm Beach Southern Division of Florida Case No.20-11431-EPK Hon. Erik P. Kimball U.S. Judge and A Memorandum of Omnibus Orders From of the United States District Court for the Southern District of Florida in an Appellate Matter in pendency relation to Case No. *9:21-cv-80537,* Case No. *9:21-cv-80568* and Cases No. *9:21-cv-80855* Case with Honorable. Aileen M Canon U.S. District Judge, Case No. *9:21-cv-80914* with Hon.. Anuraag Hari Singhal Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases on Appeal. *SEE Walker v UPS, Liberty Mutual Group, Kone Inc, et al CASE NO: 0:18-CV-61155-DIMITROULEAS/SNOW.*  Instead of answering the Complaint the UNITED STATES SOCIAL SECURITY ADMINISTRATION, THE STATE OF FLORIDA and their affiliates with third parties removed the action from state court, refuse to answer and have vehemently continues to harass, stalk, intimidate and abuse the process continuing to cause harm.

APP.144

2. Soon thereafter On or about July 24, 2018 and November 2019, there were Two(2) additional formal letters sent regarding an Alleged Underpayments and alleged Overpayments but not limited to ("In Possession as of July 24, 2019 and November 2019,"). To date there have been no reply as to the information requested. Again, the *Tamiko N Peele a/k/a Reorganizer, Claimant and heirs as when will the underpayments be sent, to whom and if it will consist of interest.*

3. Tamiko N Peele the Claimant, beneficiaries and Heirs again continue to Dispute ANY AND ALL alleged overpayments in which it was sustained by THE UNITED STATES SOCUAL SECURITY ADMINISTRATION through a letter sent regarding the error by the Bridgett R Johnson and the Antonio Miguel Quinios of the UNITED STATES SOCIAL SECURITY ADMINISTRATION error and nothing was owed as to any alleged overpayments and alleged Student loans that have since been discharged

4. On the face of the latest in possession NON- REPLY emails dated August 3, 2020 and August 17, 2020 and through the UNITED STATES POSTAL SERVICE and mailed the correspondences, The UNITED STATES SOCIAL SECURITY ADMINISTRATION, THE STATE OF FLORIDA, US BANCORP, LIBERTY MUTUAL HOLDINSG, KONE HOLDINGS, their affiliates and third parties appears to be attempting to still seize Monetary Benefits that are under the control of the UNITED STATES DISTRICT COURT OF FLORIDA BANKRUPTCY protection,

5. Additionally, The UNITED STATES SOCIAL SECURITY ADMINISTRATION, THE STATE OF FLORIDA, US BANCORP, LIBERTY MUTUAL HOLDINSG, KONE HOLDINGS, their affiliates and third parties appears to be attempting to Untimely *Re Appealing, Re Auditing and or retaliating stating that monies will decrease that took place over Eight(8) years ago.* As of today THE UNITED SATES DEPARTMENT OF SOCIAL SECURITY ADMINISTRATION, THE STATE OF FLORIDA, affiliates and third parties have refuse to give back monies that is owed from the UNDERPAYMENT, that were not paid from 2009-2013.

APP.145

6. The Tamiko N Peele the Claimant, beneficiaries and Heirs payment of $960.00 have again been seized and given to THE STATE OF FLORIDA, THE UNITED STATES DEPARTMENT OF THE TREASURY OFFSET UNIT, ELIZABETH DEVOS, ECMC THE UNITED STATES DEPT OF EDUCATION OFFSET UNIT, FEDERAL FAMILY EDUCATION LOAN PROGRAM, FLORIDA DEPARTMENT OF EDUCATION OFFICE OF STUDENT FINANCIAL ASSISTANCE(OFSA), THE FLORIDA DEPARTMENT OF TREASURY, at the un authorization of ANDREW SAUL, NANCY BERYHILL BRIAN GARBER, VELMA BLAINE, ANTOIO MIGUEL QUINONES, HECTOR QUITIAN, JAMES PEAVY, BRIDGETT JOHNSON, JANE DOE and JOHN DOE

7. Tamiko N Peele the Claimant, beneficiaries and Heirs again demand the payment be send with any penalties and or interest that is Ripe Due and Owed. The Monies owed is $583.00 from Years 2007-2013 totaling $34,980.00

8. Tamiko N Peele the Claimant, beneficiaries and Heirs have again  placed The Erik P Kimball, Cameron, Cardiac, Joanna P Tempone, Robin R Reiner, THE UNITED STATES TRUSTEE PROGRAM and its employees, THE UNITED STATES BANKRUPTCY COURT and it's employees, THE UNITED STATES DEPARTMENT OF EDUCATION and it's employees, The UNITED STATES SOCIAL SECURITY ADMINISTRATION and it's employees On Notice, On or about June 17, 2021 after Placing parties on Notice and Non Response as the Matters in a Retaliatory Tort Constitutional Gross Violation with Non-ADA Accommodations but not limited to have allowed the Claimants to Issue and 3Day Cease and Desist and Thereafter file suit as to the Injuries action to protect the civil liberties, the allocation of wealth and prosperity, interest and possessions but not limited to.

9. Just as the Federal Agencies should not engage and or encourage harassment, so too should they avoid encouraging the Federal, State and Local Governmental Agencies from abusing Federal and Florida law and Floridians by "retroactively reinstating alleged overpayment not owed".

1. Defendant(s) attempt to enjoin themselves from using or attempting to enforce voided inaccurate documents — Alleged overpayment and or Cessation Change APPEALED, RECONSIDERATION, REVIEW, FEDERAL COURT:

    a. Again I do not agree with *ANY AND ALL* alleged overpaid and or do not agree with the monetary amounts allegedly owed for both claimants and or dependents in question.

7

APP.146

b. Again Any Payments to Claimant (s Record, Claimant(s) dependents Record and Heirs Records before July 2005-current were warranted and or also Underpayments. Monies from July 2009-current are Ripe and due.

c. Again  I am requesting that the Underpayment for Claimant(s Record, Claimant(s) dependents Record and Heirs Records from ANY AND ALL alleged dates which you alleged the  alleged overpayment that were not owed as to United States Social Security Administrator Bridgett R Johnson. as of September 10, 2013(Exhibit" B") and September 1, 2018 as to United States Social Security Administrator Antonio Miguel Quinones.

d,  Again I am requesting that the Underpayment from 2005- current be disbursed immediately to the Claimant, and or the United States District Court of the Southern District Bankruptcy Trustee Mrs. Robin Weiner, without further delay as this delay have and continue to cause significance harm along with the seizure of wages that were seized as to the ECMC,. THE STATE OF FLORIDA,THE UNITED STATES DEPARTMENT OF THE TREASURY OFFSET UNIT, ELIZABETH DEVOS, THE UNITED STATES DEPT OF EDUCATION OFFSET UNIT, FEDERAL FAMILY EDUCATION LOAN PROGRAM, FLORIDA DEPARTMENT OF EDUCATION OFFICE OF STUDENT FINANCIAL ASSISTANCE(OFSA), THE FLORIDA DEPARTMENT OF TREASURY. As on July 17, 2020 the USDC Court sustained the objection and struck and disallowed the alleged claims.

e. Again as you are fully aware ANY AND ALL alleged overpayment is without fault and would be against equity and good conscience as the United States Social Security Administrator Bridgett R Johnson. as of September 10, 2013 and September 1, 2018 as to United States Social Security Administrator Antonio Miguel Quinones. (Exhibit"C")

f. Again The claim is for SSDI (Social Security Disability). I am getting SSDI benefits not SSI and stop insisting that and Change the Payment date to the Fourth(4th) Week of every Month, so the United States District Court of the Southern District Bankruptcy Trustee Mrs. Robin Weiner, without further delay as this delay have and continue to cause significance harm.

g. Again *Tamiko N Peele a/h/a Reorganizer, Claimant and heirs*  continue to request "ALL" Benefits that Claimant(s) and Claimant(s) Beneficiaries are entitled to continue while  any and all investigations now Thirty-Third(33rd) and Aggressive Surveillance is going on surrounding Claimant(s) entire SSA benefits and if there are any alleged claims, those claims would have needed to be presented through the *USDC Court under Case Number 20-11431-EPK.*

h. Claimant(s) elect a Benefit Continuation Election Statement and make a request for Form SSA-561-U2 and have this additional correspondence Dated August 20, 2020 and the latest emails on August 3, 2020, August 17, 2020 and the USBANCORP, LIBERTY MUTUAL HOLDINGS, KONE HOLDINGS, THE STATE OF FLORIDA, their affiliates and all unauthorized third parties .correspondences from August 12, 2020 as the formal replies.

APP.147

2. Per Federal Bankruptcy protections and per Florida Statutes 286.011 – Public meetings and records; public inspection; criminal and civil penalties and Health Insurance Portability and Accountability Act, but not limited to I ask that you disclose "ANY" and "ALL" the names and address of any "ENTITY" that have requested for any information including recordings video and audio from the beginning of earth to the end and ongoing. Also disclose the reason for the request and what was given if any. I ask that you disclose and include but not limited to any and all information written oral and of video and or audio recordings from yourself and any and all third parties and entities that triggered this Investigation, Produce information from:

* Name and address of "ALL "alleged Complainer
* Name on file for "ALL" alleged Complainer
* Addresses on file for "ALL" alleged Complainer
* Date these allegations came to view
* Verification that the alleged Fraud and Abuse was assigned to any entity, person and or agency
* Complete accounting of the "ENTIRE" investigation from 2008- current, ongoing.

3. Thirty-Four Thousand, nine hundred eighty dollars and zero cents (34,980.00) approx., as payments, fees costs to Tamiko N Peele the Claimant, beneficiaries and Heirs. The Social Security Administration. has not provided a Full Accurate Statement and or Claim Account that details the disbursement of Payments or returned of monies owed for underpayments. Those accounting as very important as that information needs to be reported to counsel of record and the USDC of Florida Southern Division Trustee as to the Federal Bankruptcy Rules and Regulations as to claims, objections and payments.

10. KENNETH DRAKE OZMENT, OZMENT LAW P.A. it's staff, The Individuals, Corporations, Partnerships, Unincorporated Jane Does, John Does, BNC#20T2111954418-HA, ALLEGED ACCOUNT 6850293180 of US BANK HOME MORTGAGE., INC, USBANORP, US BANK N.A. PROPERTY TRANSFER SERVICES INC., UNDERWRITERS, ITS ASSIGNS, SUCESSORS. The Alleged Principal of $186,691.00, The Alleged Mortgage Security Instrument, The Alleged Allonge To Promissory Note, The Perjury alleged Payment Changes, OLYMPUS INSURANCE COMPANY., Policyt#OL30101489 AND CONTENTS THEREIN and all unknown persons who claim any interest in the subject matter of this action, and the Contents Therein identified in Records of Tamiko N Peele, TAMIKO N PEELE, Robert L Walker, and ROBERT L WALKER but not limited to. After Being Placed on Notice and refusal to Comply with Federal and State Law as to Bankruptcy Protection pursuant to Title XI U.S.C. Section 362(a)-(1)., as of January 31, 2020 has now caused for Federal Intervention as to Federal Tort, Bivens Actions and Gross Abuse of Process to say the Least. You were given ample enough time to return and Cease your unlawfully Acts and Actions to say the Least.

9

APP.148

11.. The Individuals, Corporations, Partnerships, Unincorporated Jane Does, John Does, BNC#20T21119S4418-HA, ACCOUNT 05264757386 TRANSITIONAL GUARANTY AGENCY, ACCOUNT FFEL CONSOLIDATED $31,713.00 AND CONTENTS THEREIN and all unknown persons who claim any interest in the subject matter of this action, and the Contents Therein identified in Records of Tamiko N Peele, TAMIKO N PEELE, Robert L Walker, and ROBERT L WALKER but not limited to. after Being Placed on Notice and refusal to Comply with Federal and State Law as to Bankruptcy Protection pursuant to Title XI U.S.C. Section 362(a)-(1)., as of January 31, 2020 with NON-Response has now caused for Federal Intervention as to Federal Tort, Bivens Actions and Gross Abuse of Process to say the Least. You were given ample enough time to return and Cease you unlawfully Acts and Actions to say the Least. To Date as of June 17, 2021 the Unlawfully Seizure of Property that have been demanded have been continuously stolen and unlawfully seized and not returned property that is not yours, Lastly Due to but not limited to the Inabilities of the Tamiko N Peele a/k/a Reorganizer, Claimant and heirs being HIGH RISK as to the COVID-19 Pandemic ask that any and all correspondences from January 2020-current pending and ongoing be sent via email and via telephone as time is of the essence THEREFORE GOVERN YOURSELVES(Exhibit"A")

12. To Date as of June 17, 2021 the Unlawfully Seizure of Property that have been demanded, the unknowingly filing documents without the knowledge and consent of the Tamiko N Peele, Robert L Walker and heirs Failure to CEASE the Malicious Constitutional Injuries along with the relinquishment of the Equal Protection Clause of The Civil Liberties and the monetary of damages and the continuously stolen and unlawfully seized and not returning property that is not yours, Again as to Non Response All parties have been placed on notice and a Three- Day Cease and Desist as A Lawsuit Will follow as to Matter being represented but not limited to. THEREFORE GOVERN YOURSELVES

Dated: June 17, 2021

Mr. Robert L Walker
s/s Robert L Walker
4001 S.W. Melbourne Street
Port Saint Lucie, Florida 34953
(954)709-0102

Mrs. Tamiko N Peele
s/s Tamiko N Peele
4001 S.W. Melbourne Street
Port Saint Lucie, Florida 34953
(954)709-0102

*Plaintiff-for-Plaintiff(s)*

10

APP. 149

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Mrs. Tamiko N Peele a/k/a TAMIKO N PEELE<br>4001 S.W. MELBOURNE STREET<br>PORT SAINT LUCIE, FLROIDA 34953 | THE UNITED STATES DEPARTMENT OF JUSTICE through it's THE UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials  in connection with the matters |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 10/27/1976 | MARRIED | 2018-Current | Various | See Letters |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See PRE-SUIT The Letter Attached, along with Correspondences and Surveillance on Or About 2009-To Current but not limited to.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

SAME AS CLAIMANT

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

See PRE-S The Letter Attached, along with Correspondences and Surveillance on Or About 2009-To Current but not limited to.

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Pre-SuitThe Letter Attached, along with Correspondences and Surveillance on Or About 2009-To Current but not limited to.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Erik P Kimball, Government Attorney | 19570 Trails End Terrace, Jupiter, Florida 33458 |
| Velma Blaine, Government Administration | 4942 NW 66TH AVENUE, Lauderhill Florida, 33319 |
| JOANNA PIZZARELLO TEMPONE | 9505 Savannah Estates Dr, Lake Worth, Florida 33467 |

**12. (See instructions on reverse).  AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| $560,000 in Claims | $560,000.00 in Each Claim | | $560,000.00 in Each Claim |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 954 709 0102 | 6/17/2021 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

APP.150

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No   |   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

    A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Mrs. Tamiko N Peele a/k/a TAMIKO N PEELE<br>4001 S.W. MELBOURNE STREET<br>PORT SAINT LUCIE, FLROIDA 34953 | THE UNITED STATES OF AMERICA INC., through it's SOCIAL SECURITY ADMINISTRATION PROGRAM., and its officers in connection with the claimant matters |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 10/27/1976 | MARRIED | 2018-Current | Various | See Letters |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See PRE-SUIT The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

SAME AS CLAIMANT

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

See PRE-S The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Pre-SuitThe Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Erik P Kimball, Government Attorney | 19570 Trails End Terrace, Jupiter, Florida 33458 |
| Velma Blaine, Government Administration | 4942 NW 66TH AVENUE, Lauderhill Florida, 33319 |
| JOANNA PIZZARELLO TEMPONE | 9505 Savannah Estates Dr, Lake Worth, Florida 33467 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| $560,000 in Claims | $560,000.00 in Each Claim | | $560,000.00 in Each Claim |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 954 709 0102 | 6/17/2021 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

APP.152

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No    17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

APP.153

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Mrs. Tamiko N Peele a/k/a TAMIKO N PEELE<br>4001 S.W. MELBOURNE STREET<br>PORT SAINT LUCIE, FLROIDA 34953 | THE UNITED STATES OF AMERICA INC., through it's UNITED STATES POSTAL SERVICE INC., and its Postmasters MAIL HANDLERS and MAIL CARRIERS |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 10/27/1976 | MARRIED | 2018-Current | Various | See Letters |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See PRE-SUIT The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

SAME AS CLAIMANT

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

See PRE-S The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Pre-SuitThe Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Erik P Kimball, Government Attorney | 19570 Trails End Terrace, Jupiter, Florida 33458 |
| Velma Blaine, Government Administration | 4942 NW 66TH AVENUE, Lauderhill Florida, 33319 |
| JOANNA PIZZARELLO TEMPONE | 9505 Savannah Estates Dr, Lake Worth, Florida 33467 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (In dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| $560,000 in Claims | $560,000.00 in Each Claim | | $560,000.00 in Each Claim |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
|  | 954 709 0102 | 6/17/2021 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

APP.154

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in Item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

APP.155

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Mrs. Tamiko N Peele a/k/a TAMIKO N PEELE<br>4001 S.W. MELBOURNE STREET<br>PORT SAINT LUCIE, FLROIDA 34953 | ROBIN R. WEINER, P.A., and it's representatives<br>ROBIN R WEINER, JOANNA PIZZARELLO TEMPONE,<br>and MATTHEW GIRARDI in their individual and official Capacity<br>as staff of ROBIN R. WEINER, P.A |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 10/27/1976 | MARRIED | 2018-Current | Various | See Letters |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See PRE-SUIT The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

SAME AS CLAIMANT

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

See PRE-S The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Pre-SuitThe Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Erik P Kimball, Government Attorney | 19570 Trails End Terrace, Jupiter, Florida 33458 |
| Velma Blaine, Government Administration | 4942 NW 66TH AVENUE, Lauderhill Florida, 33319 |
| JOANNA PIZZARELLO TEMPONE | 9505 Savannah Estates Dr, Lake Worth, Florida 33467 |

| 12. (See instructions on reverse side). | | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| $560,000 in Claims | $560,000.00 in Each Claim | | $560,000.00 in Each Claim |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 954 709 0102 | 6/17/2021 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

APP.156

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

   B. Principal Purpose: The information requested is to be used in evaluating claims.
   C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
   D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

APP.157

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Mr. Robert L Walker a/k/a ROBERT L WALKER 4001 S.W. MELBOURNE STREET PORT SAINT LUCIE, FLROIDA 34953 | THE UNITED STATES DEPARTMENT OF JUSTICE through it's THE UNITED STATES TRUSTEE PROGRAM, REGION 21 and it's Officials  in connection with the matters |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 10/22/1979 | MARRIED | 2018-Current | Various | See Letters |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See PRE-SUIT The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 9. | PROPERTY DAMAGE |
|---|---|

**NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT** (Number, Street, City, State, and Zip Code).

SAME AS CLAIMANT

**BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED.** (See instructions on reverse side).

See PRE-S The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

**STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.**

See Pre-SuitThe Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Erik P Kimball, Government Attorney | 19570 Trails End Terrace, Jupiter, Florida 33458 |
| Velma Blaine, Government Administration | 4942 NW 66TH AVENUE, Lauderhill Florida, 33319 |
| JOANNA PIZZARELLO TEMPONE | 9505 Savannah Estates Dr, Lake Worth, Florida 33467 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| $560,000 in Claims | $560,000.00 in Each Claim | | $560,000.00 in Each Claim |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See Instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 954 709 0102 | 6/17/2021 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction Previous Edition is not Usable 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

APP.158

| INSURANCE COVERAGE |
|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No      17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

| INSTRUCTIONS |
|---|

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims presented under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

| PRIVACY ACT NOTICE |
|---|

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
    A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

    B. *Principal Purpose:* The information requested is to be used in evaluating claims.
    C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
    D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

| PAPERWORK REDUCTION ACT NOTICE |
|---|

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/...) ...

APP.159

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Mr. Robert L Walker a/k/a ROBERT L WALKER 4001 S.W. MELBOURNE STREET PORT SAINT LUCIE, FLROIDA 34953 | THE UNITED STATES OF AMERICA INC., through it's SOCIAL SECURITY ADMINISTRATION PROGRAM., and its officers in connection with the claimant matters |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 10/22/1979 | MARRIED | 2018-Current | Various | See Letters |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See PRE-SUIT The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

**9.** **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

SAME AS CLAIMANT

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

See PRE-S The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

**10.** **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Pre-SuitThe Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

**11.** **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Erik P Kimball, Government Attorney | 19570 Trails End Terrace, Jupiter, Florida 33458 |
| Velma Blaine, Government Administration | 4942 NW 66TH AVENUE, Lauderhill Florida, 33319 |
| JOANNA PIZZARELLO TEMPONE | 9505 Savannah Estates Dr, Lake Worth, Florida 33467 |

| 12. (See instructions on reverse). | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| $560,000 in Claims | $560,000.00 in Each Claim | | $560,000.00 in Each Claim |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 954 709 0102 | 6/17/2021 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notice of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACKS

APP.161

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Mr. Robert L Walker a/k/a ROBERT L WALKER<br>4001 S.W. MELBOURNE STREET<br>PORT SAINT LUCIE, FLROIDA 34953 | ROBIN R. WEINER, P.A., and it's representatives<br>ROBIN R. WEINER, JOANNA PIZZARELLO TEMPONE,<br>and MATTHEW GIRARDI in their individual and official Capacity<br>as staff of  ROBIN R. WEINER, P.A |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 10/22/1979 | MARRIED | 2018-Current | Various | See Letters |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See PRE-SUIT The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

SAME AS CLAIMANT

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

See PRE-S The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Pre-SuitThe Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Erik P Kimball, Government Attorney | 19570 Trails End Terrace, Jupiter, Florida 33458 | |
| Velma Blaine, Government Administration | 4942 NW 66TH AVENUE, Lauderhill Florida, 33319 | |
| JOANNA PIZZARELLO TEMPONE | 9505 Savannah Estates Dr, Lake Worth, Florida 33467 | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars). | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| $560,000 in Claims | $560,000.00 in Each Claim | | $560,000.00 in Each Claim |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 954 709 0102 | 6/17/2021 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT.<br>28 CFR 14.2 |
|---|---|---|

APP.162

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV.

APP.163

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Mr. Robert L Walker a/k/a ROBERT L WALKER<br>4001 S.W. MELBOURNE STREET<br>PORT SAINT LUCIE, FLROIDA 34953 | THE UNITED STATES OF AMERICA INC., through it's UNITED STATES POSTAL SERVICE INC., and its Postmasters MAIL HANDLERS and MAIL CARRIERS |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 10/22/1979 | MARRIED | 2018-Current | Various | See Letters |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See PRE-SUIT The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

SAME AS CLAIMANT

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

See PRE-S The Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Pre-SuitThe Letter Attached, along with Correspondences and Surviellance on Or About 2009-To Current but not limited to.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Erik P Kimball, Government Attorney | 19570 Trails End Terrace, Jupiter, Florida 33458 |
| Velma Blaine, Government Administration | 4942 NW 66TH AVENUE, Lauderhill Florida, 33319 |
| JOANNA PIZZARELLO TEMPONE | 9505 Savannah Estates Dr, Lake Worth, Florida 33467 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| $560,000 in Claims | $560,000.00 in Each Claim | | $560,000.00 in Each Claim |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
|  | 954 709 0102 | 6/17/2021 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

APP.164

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No   |   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

#### Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

  B. *Principal Purpose:* The information requested is to be used in evaluating claims.
  C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
  D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# EXHIBIT K

 **SOCIAL SECURITY ADMINISTRATION**

Refer To:

Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Ste 1550 New River Ctr
200 E Las Olas Blvd
Ft Lauderdale, FL 33301

Date: August 27, 2009

Tamlko Nicole Peele
1307 N. Santa Catalina Cir
N Lauderdale, FL 33068

### NOTICE OF DECISION    FULLY FAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

**This Decision is Fully Favorable To You**

Another office will process the decision and send you a letter about your benefits. Your local Social Security office or another may first ask you for more information. If you do not hear anything for 60 days, contact your local office.

**The Appeals Council May Review The Decision On Its Own**

The Appeals Council may decide to review my decision even though you do not ask it to do so. To do that, the Council must mail you a notice about its review within 60 days from the date shown above. Review at the Council's own motion could make the decision less favorable or unfavorable to you.

**If You Disagree With The Decision**

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

**How to File an Appeal**

To file an appeal you or your representative must request that the Appeals Council review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the Appeals Council, Office of Disability Adjudication and Review, 5107 Leesburg Pike, Falls Church, VA 22041-3255. Please put the Social Security number shown above on any appeal you file.

APP.166

See Next Page

Form HA-L76 (03-2007)

Tamiko Nicole Peele                                    Page 2 of 3

## Time to File an Appeal

To file an appeal, you must file your request for review within 60 days from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

## Time to Submit New Evidence

You should submit any new evidence you wish to the Appeals Council to consider with your request for review.

## How an Appeal Works

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 404 (Subpart J).

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It will review your case if one of the reasons for review listed in our regulation exists. Section 404.970 of the regulation lists these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

## If No Appeal and No Appeals Council Review

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

APP.167

Form HA-L76 (03-2007)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF FLORIDA WEST PALM BEACH DIVISION

|  |  |
|---|---|
| In Re: TAMIKO N PEELE,<br>    Reorganizer, Co-Debtor | ) Case No.20-11431-EPK.<br>) Chapter 13<br>)<br>)<br>) |
| Tamiko N Peele and TAMIKO N PEELE<br>Individually and on behalf of herself,<br>    *plaintiff*<br>        vs. | )<br>)<br>)<br>) Adversary No.___:__-ap--__-___<br>) |
| BRIDGETT R. JOHNSON, in her individual and official<br>Capacity as Social Insurance Administrator of the UNITED<br>STATES SOCIAL SECURITY ADMINISTRATION,<br>TAMIKO N PEELE AND THE CONTENTS THEREIN<br>OFFICE OF THE REGIONAL COUNSEL<br>Sam Nunn Atlanta Federal Center,<br>61 Forsyth Street, Suite 20T45<br>Atlanta, Georgia 30303, & | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| VELMA T BLAINE, in her individual and official capacity<br>Social Insurance Administrator of the UNITED STATES<br>SOCIAL SECURITY ADMINISTRATION, ACCOUNT<br>TAMIKO N PEELE AND THE CONTENTS THEREIN<br>3201 W Commercial Blvd, Suite 100<br>Fort Lauderdale Florida, 33309, & | )<br>)<br>)<br>)<br>)<br>) |
| ANTONIO MIGUELQUINONES, in his individual and his<br>official capacity as Social Insurance Administrator of the<br>UNITED STATES SOCIAL SECURITY<br>ADMINISTRATION, ACCOUNT TAMIKO N PEELE<br>AND THE CONTENS THEREIN<br>OFFICE OF THE REGIONAL COUNSEL<br>Sam Nunn Atlanta Federal Center,<br>61 Forsyth Street, Suite 20T45<br>Atlanta Georgia 30303, & | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| BRIAN GARBER, in his individual and official capacity as<br>Chief of Disability Compensation and Benefits of the<br>STATE OF FLORIDA DEPARTMENT OF HEALTH<br>325 West Gaines St, Suite 1314<br>Tallahassee, Florida 32399-0400, & | )<br>)<br>)<br>)<br>) |

## CAUSES OF ACTION

**71-Injunctive Relief-**
**Imposition of Stay**

**11-Recovery of Money/property**
**-§542 turnover of property**

**68-Dischargeability-§523(a)(6)**
**willful and malicious injury**

**21-Validity Property or Extent of**
**Lien or other interest in property**

**02-Other (Actions Bought in**
**State Court if unrelated**
**Bankruptcy Case)**

1

APP.168

JAMES PEAVY, in his individual and official Capacity as )
Contact Representative of the UNITED STATES SOCIAL )
SECURITY ADMINISTRATION,                              )
OFFICE OF THE REGIONAL COUNSEL                        )
Sam Nunn Atlanta Federal Center,                      )
61 Forsyth Street, Suite 20T45                        )
Atlanta, Georgia 30303, &                             )
                                                      )
ROSE MARY C BUEHLER, in her individual and official )
Capacity as Regional Commissioner of the UNITED      )
STATES SOCIAL SECURITY ADMINISTRATION                )
OFFICE OF THE REGIONAL COUNSEL                        )
Sam Nunn Atlanta Federal Center,                      )
61 Forsyth Street, Suite 20T45                        )
Atlanta, Georgia 30303, &                             )
                                                      )
The Individuals, Corporations, Partnerships, Unincorporated)
Jane Does, John Does,BNC#20T2111954418-HA and all    )
unknown persons who claim any interest in the subject )
matter of this action, and the  Contents Therein identified in)
Record of Tamiko N Peele, TAMIKO N PEELE, Robert L )
Walker, ROBERT L WALKER of THE UNITED STATES )
SOCIAL SECURITY ADMINISTRATION OFFICE OF             )
CENTRAL OPERATIONS                                   )
1500 Woodlawn Drive                                  )
Baltimore, Maryland., &                              )
                                                      )
UNITED STATES OF AMERICA                             )
OFFICE OF THE LEGAL COUNSEL                          )
UNITED STATES DEPARTMENT OF JUSTICE                  )
950 Pennsylvania Avenue, NW                           )
Washington, DC 20530-0001., &                         )
                                                      )
UNITED STATES DEPARTMENT OF EDUCATION,              )
FEDERAL OFFSET UNIT ACCOUNT 05264757386             )
AND THE CONTENTS THEREIN                              )
P.O. BOX 5227                                         )
Greenville, Texas 75403, &                            )
                                                      )
UNITED STATES DEPARTMENT OF TREASURY                )
BUREAU OF THE FISCAL SERVICE ACCOUNT                )
TAMIKO N PEELE AND THE CONTENTS THEREIN             )
Liberty Center Building                               )
401 14th St., S.W.,                                  )
Washington, D.C. 20227., &                            )

2

APP.169

UNITED STATES DEPARTMENT OF TREASURY,　)
INTERNAL REVENUE SERVICE　)
US ATTORNEY'S OFFICE　)
99 NE 4th Street　)
Miami, Florida 33132, &　)
　)
ANDREW SAUL, in his individual and official capacity as )
Commissioner of the UNITED STATES SOCIAL　)
SECURITY ADMINISTRATION,　)
Office of the General Counsel　)
6401 Security Boulevard　)
Room 617, Altmeyer Building,　)
Baltimore, MD 21235-6401, &　)
　)
GAIL S. ENNIS, in her official capacity as Inspector　)
General of the SOCIAL SECURITY ADMINISTRATION )
OFFICE OF THE INSPECTOR GENERAL　)
Office of the General Counsel　)
6401 Security Boulevard　)
Room 617, Altmeyer Building,　)
Baltimore, MD 21235-6401, &　)
　)
CENTER FOR MEDICARE AND MEDICAID SERVICES)
OFFICE OF THE ATTORNEY GENERAL　)
7500 Security Boulevard　)
Baltimore, MD 21244　)
　)
THE STATE OF FLORIDA　)
OFFICE OF THE ATTORNEY GENERAL　)
THE Capitol PL-1　)
Tallahassee, FL 32399-0001, &　)
　)
THE FLORIDA STATE RISK MANAGEMENT TRUST )
FUND　)
200 East Gaines Street　)
Tallahassee, Florida 32399-0336., &　)
　)
TANNER COLLINS, in his individual and official　)
Capacity as Director of THE STATE OF FLORIDA　)
DIVISION OF THE TREASURY ACCOUNT TAMIKO N)
PEELE, ROBERT L WALKER and the Contents Therein  )
OFFICE OF THE ATTORNEY GENERAL　)
1515 N FLAGLER DRIVE, SUITE 900　)
West Palm Beach, Florida 33401-3432, &　)

APP.170

THE STATE OF FLORIDA DEPARTMENT OF HEALTH)
DISABILITY DETERMINATIONS                )
OFFICE OF THE GENERAL COUNSEL            )
4502 Bald Cypress Way                    )
Tallahassee, Florida 32399, &            )
                                         )
FLORIDA DEPARTMENT OF REVENUE            )
Acct TAMIKO N PEELE and the Contents Therein )
LOCAL GOVERNMENT UNIT                    )
MAIL STOP 1-4400                         )
5050 West Tennessee Street               )
Tallahassee, Florida 32399-0161, &       )
                                         )
LOU ANNE STANDLEY, in her individual and official )
Capacity as Executive Staff Director of Florida Department )
of Education, Office of Student Financial Assistance )
325 West Gaines St, Suite 1314           )
Tallahassee, Florida 32399-0400, &       )
                                         )
JANICE HINES, in her individual and official capacity )
as Chief Executive Officer and President of )
EDUCATION CREDIT MANAGEMENT              )
CORPORATION, ACCOUNT                     )
AND THE CONTENTS THEREIN                 )
1 Imation Place                          )
Oakdale, MN 55128, &                     )
            *Defendant(s)*              /  )

## PRE-SUIT LETTER WITH 3 DAY CEASE AND DESIST TO ADVERSARY COMPLAINT, FEDERAL QUESTION, BIVENS CLAIMS, FEDERAL TORT ACT, 42 U.S. CODE §1983 DEPRIVATION OF RIGHTS AND STATE CLAIMS

4

APP.171

*RE: UNLAWFULLY SEIZURE OF PROPERTY*
*RETURN OF PROPERTY*
*ABUSE OF PROCESS, FEDERAL TORT, BIVENS ACTIONS*

1. The Individuals, Corporations, Partnerships, Unincorporated Jane Does, John Does, BNC#20T2111954418-HA, ACCOUNT 05264757386 TRANSITIONAL GUARANTY AGENCY, ACCOUNT FFEL CONSOLIDATED $31,713.00 AND CONTENTS THEREIN and all unknown persons who claim any interest in the subject matter of this action, and the Contents Therein identified in Records of Tamiko N Peele, TAMIKO N PEELE, Robert L Walker, and ROBERT L WALKER but not limited to. After Being Placed on Notice and refusal to Comply with Federal and State Law as to Bankruptcy Protection pursuant to Title XI U.S.C. Section 362(a)-(1)., as of January 31, 2020 has now caused for Federal Intervention as to Federal Tort, Bivens Actions and Gross Abuse of Process to say the Least. You were given ample enough time to return and Cease you unlawfully Acts and Actions to say the Least. To Date as of February 1, 2021 the Unlawfully Seizure of Property that have been demanded have been continuously stolen and unlawfully seized and not returned property that is not yours, THEREFORE GOVERN YOURSELVES (Exhibit "A")

February 1, 2021

> Mrs. Tamiko N. Peele
> s/s Tamiko N Peele
> P.O. Box 8106
> Fort Lauderdale, Florida 33310
> (954) 709-0102
> *Plaintiff- for- Plaintiff*

APP.172

5

Re: ABUSE OF PROCESS Follow up as to NON REPLY July 31, 2020 STATE OF FLORIDA CLAIMS, UNDERPAYMENTS AND REQUESTS MADE

From: Rob Rob (walkerlegalw@yahoo.com)

To: james.peavy@ssa.gov; antonio.quinones@ssa.gov; bridgett.johnson@ssa.gov; velma.blaine@ssa.gov; andrew.saul@ssa.gov; rose.buehler@ssa.gov; brian.garber@ssa.gov; tanner.collins@myfloridacfo.com; timothy.newhall@myfloridalegal.com; joscelyn.funnie@ssa.gov; josephgangloff@gmail.com; nancy.berryhill@ssa.gov; kirk.jockell@ssa.gov

Cc: walkerlegalw@yahoo.com

Date: Thursday, August 20, 2020, 10:32 PM EDT

<u>LETTER: FINAL CORRESPONDENCE</u>

TAMIKO N PEELE

Reorganizer, Claimant and heirs,

| | CASE NO: CEASE AND DESIST; PRESUIT LETTER, HEARING, RECONSIDERATION; REVIEW |
| --- | --- |

FEDERAL COURT, AUGIST 2020

vs

THE UNITED STATES SOCIAL SECURITY ADMINISTRATION, THE STATE OF FLORIDA,

THE UNITED STATES DEPARTMENT OF THE TREASURY OFFSET UNIT, ELIZABETH DEVOS, THE UNITED STATES DEPT OF EDUCATION OFFSET UNIT, FEDERAL FAMILY EDUCATION LOAN PROGRAM, FLORIDA DEPARTMENT OF EDUCATION OFFICE OF STUDENT FINANCIAL ASSISTANCE(OFSA), THE FLORIDA DEPARTMENT OF TREASURY, ANDREW SAUL,NANCY BERYHILL BRIAN GARBER, VELMA BLAINE, ANTOIO MIGUEL QUINONES, HECTOR QUITIAN, JAMES PEAVY, BRIDGETT JOHNSON, JANE DOE, JOHN DOE

Defendant(s),

APP.173

|

*Re: Tamiko N Peele a/k/a Reorganizer, Claimant and heirs*

*USDC Court under Case Number 20-11431-EPK*

*RECONSIDERATION,REVIEW APPEAL PROCESS: FOIA UNMASKED ANY AND ALL INTELLIGENCE REPORTS OR PRODUCTSABUSE OF PROCESS, Freedom from Unwarranted Surveillance Act, Unlawful  Surveillance as Voyeurism, triggered CDRs, OIG Special Agent, CDI Unit Team Leader, DDS  SSA programmatic expert, Discrimination, Abuse of  Power, Retaliation, Tortious Interference of Business, Interference with Prospective Contract, Privacy Act and FOIA Florida Statutes 286.011 – Public meetings and records; public inspection; criminal and civil penalties, Public Records Chapter 19 and Health Insurance Portability and Accountability Act, "STATEMENT OF CLAIMANT"ATTACHMENT TO SSA 3288, SSA-561-U2*

1.On or about July 2018 the *Tamiko N Peele a/k/a Reorganizer, Claimant and heirs* received an additional Retaliatory Letter(Exhibit "A")  that did not state a Cause Of Action, However attempting to downgrade Benefits due to but not limited to *Robert L Walker a/k/a Reorganizer, Claimant and heirs* Suing the UNITED STATES SOCIAL SECURITY ADMINISTRATION. *SEE Walker v UPS, Liberty Mutual Group, Kone Inc, et al CASE NO: 0:18-CV-61155-DIMITROULEAS/SNOW.* Instead of answering the Complaint the UNITED STATES SOCIAL SECURITY ADMINISTRATION, THE STATE OF FLORIDA and their affiliates with third parties removed the action from state court, refuse to answer and have vehemently continues to harass, stalk, intimidate and abuse the process continuing to cause harm.

2. Soon thereafter On or about July 24, 2018 and November 2019, there were Two(2) additional formal letters sent regarding an Alleged  Underpayments and alleged Overpayments but not limited to ("In Possession as of July 24, 2019 and November 2019,"). To date there have been no reply as to the information requested, Again, the *Tamiko N Peele a/k/a Reorganizer, Claimant and heirs as when will the underpayments be sent, to whom and if it will consist of interest.*

3. Tamiko N Peele the Claimant, beneficiaries and Heirs again continue to Dispute ANY AND ALL alleged overpayments in which it was sustained by THE UNITED STATES SOCUAL SECURITY ADMINISTRATION through a letter sent regarding the error by the Bridgett R Johnson and the Antonio Miguel Quinios of  the UNITED STATES SOCIAL SECURITY ADMINISTRATION error and nothing was owed as to any alleged overpayments and alleged Student loans that have since been discharged (Exhibit"B-C")

4. On the face of the latest in possession NON- REPLY emails dated August 3, 2020 and August 17, 2020 and through the UNITED STATES POSTAL SERVICE  and mailed the correspondences, The UNITED STATES SOCIAL SECURITY ADMINISTRATION, THE STATE OF FLORIDA, US BANCORP, LIBERTY MUTUAL HOLDINSG, KONE HOLDINGS, their affiliates and third parties appears to be  attempting to still seize Monetary Benefits that are under the control of the UNITED STATES DISTRICT COURT OF FLORIDA BANKRUPTCY protection, (Exhibit"D")

APP.174

5.Additionally, The UNITED STATES SOCIAL SECURITY ADMINISTRATION, THE STATE OF FLORIDA, US BANCORP, LIBERTY MUTUAL HOLDINSG, KONE HOLDINGS, their affiliates and third parties appears to be attempting to Untimely *__Re Appealing, Re Auditing and or retaliating stating that monies will decrease that took place over Eight(8) years ago__*. As of today THE UNITED SATES DEPARTMENT OF SOCIAL SECURITY ADMINISTRATION, THE STATE OF FLORIDA, affiliates and third parties have refuse to give back monies that is owed from the UNDERPAYMENT, that were not paid from 2009-2013.(Exhibit"B-C")

6. The Tamiko N Peele the Claimant, beneficiaries and Heirs payment of $960.00 have again been seized and given to THE STATE OF FLORIDA,THE UNITED STATES DEPARTMENT OF THE TREASURY OFFSET UNIT, ELIZABETH DEVOS, ECMC THE UNITED STATES DEPT OF EDUCATION OFFSET UNIT, FEDERAL FAMILY EDUCATION LOAN PROGRAM, FLORIDA DEPARTMENT OF EDUCATION OFFICE OF STUDENT FINANCIAL ASSISTANCE(OFSA), THE FLORIDA DEPARTMENT OF TREASURY, at the un authorization of ANDREW SAUL,NANCY BERYHILL BRIAN GARBER, VELMA BLAINE, ANTOIO MIGUEL QUINONES, HECTOR QUITIAN, JAMES PEAVY, BRIDGETT JOHNSON, JANE DOE and JOHN DOE

7. Tamiko N Peele the Claimant, beneficiaries and Heirs again demand the payment be send with any penalties and or interest that is Ripe Due and Owed. The Monies owed is $583.00 from Years 2007-2013 totaling $34,980.00

8. Tamiko N Peele the Claimant, beneficiaries and Heirs have again placed The SOCIAL SECURITY ADMINISTRATION On Notice (Exibit :E") If there is any adverse action that take place Plaintiff will be forced to take action to protect the interest and possessions.

9. Just as the Federal Agencies should not engage and or encourage harassment, so too should they avoid encouraging the Federal, State and Local Governmental Agencies from abusing Federal and Florida law and Floridians by "retroactively reinstating alleged overpayment not owed".

1.Defendant(s) attempt to enjoin themselves from using or attempting to enforce voided inaccurate documents — Alleged overpayment and or Cessation Change APPEALED, RECONSIDERATION, REVIEW, FEDERAL COURT:

a. Again I do not agree with *__ANY AND ALL__* alleged overpaid and or do not agree with the monetary amounts allegedly owed for both claimants and or dependents in question.

b. Again Any Payments to Claimant (s Record, Claimant(s) dependents Record and Heirs Records before July 2005-current were warranted and or also Underpayments. Monies from July 2009-current are Ripe and due.

c. Again I am requesting that the Underpayment for Claimant(s Record, Claimant(s) dependents Record and Heirs Records from ANY AND ALL alleged dates which you alleged the alleged overpayment that were not owed as to United States Social Security Administrator Bridgett R Johnson. as of September 10, 2013(Exhibit" B") and September 1, 2013 as to United States Social Security Administrator Antonio Miguel Quinones.(Exhibit"C")

APP. 175

d. Again I am requesting that the Underpayment from 2005- current be disbursed immediately to the Claimant, and or the United States District Court of the Southern District Bankruptcy Trustee Mrs. Robin Weiner, without further delay as this delay have and continue to cause significance harm along with the seizure of wages that were seized as to the ECMC,. THE STATE OF FLORIDA,THE UNITED STATES DEPARTMENT OF THE TREASURY OFFSET UNIT, ELIZABETH DEVOS, THE UNITED STATES DEPT OF EDUCATION OFFSET UNIT, FEDERAL FAMILY EDUCATION LOAN PROGRAM, FLORIDA DEPARTMENT OF EDUCATION OFFICE OF STUDENT FINANCIAL ASSISTANCE(OFSA), THE FLORIDA DEPARTMENT OF TREASURY. As on July 17, 2020 the USDC Court sustained the objection and struck and disallowed the alleged claims. (Exhibit"E")

e. Again as you are fully aware ANY AND ALL alleged overpayment is without fault and would be against equity and good conscience as the United States Social Security Administrator Bridgett R Johnson. as of September 10. 2013(Exhibit" B") and September 1, 2018 as to United States Social Security Administrator Antonio Miguel Quinones. (Exhibit"C")

f. Again The claim is for SSDI (Social Security Disability). I am getting SSDI benefits not SSI and stop insisting that and Change the Payment date to the Fourth(4th) Week of every Month, so the United States District Court of the Southern District Bankruptcy Trustee Mrs. Robin Weiner, without further delay as this delay have and continue to cause significance harm.

g. Again *Tamiko N Peele a/k/a Reorganizer, Claimant and heirs* continue to request "ALL" Benefits that Claimant(s) and Claimant(s) Beneficiaries are entitled to continue while  any and all investigations now Thirty-Third(33rd) and Aggressive Surveillance is going on surrounding Claimant(s) entire SSA benefits and if there are any alleged claims, those claims would have needed to be presented through the *USDC Court under Case Number 20-11431-EPK.*

h. Claimant(s) elect a Benefit Continuation Election Statement and make a request for Form SSA-561-U2 and have this additional correspondence Dated August 20, 2020 and the latest emails on August 3, 2020. August 17, 2020 and the USBANCORP, LIBERTY MUTUAL HOLDINGS, KONE HOLDINGS, THE STATE OF FLORIDA, their affiliates and all unauthorized third parties .correspondences from August 12, 2020 as the formal replies.

2. Per Federal Bankruptcy protections and per Florida Statutes 286.011 – Public meetings and records: public inspection; criminal and civil penalties and Health Insurance Portability and Accountability Act, but not limited to I ask that you disclose "ANY" and "ALL" the names and address of any "ENTITY" that have requested for any information including recordings video and audio from the beginning of earth to the end and ongoing. Also disclose the reason for the request and what was given if any. I ask that you disclose and include but not limited to any and all information written oral and of video and or audio recordings from yourself and any and all third parties and entities that triggered this Investigation, Produce information from:

* Name and address of "ALL "alleged Complainer
* Name on file for "ALL" alleged Complainer
* Addresses on file for "ALL" alleged Complainer
* Date these allegations came to view
* Verification that the alleged Fraud and Abuse was assigned to any entity, person and or agency
* Complete accounting of the "ENTIRE" investigation from 2008- current, ongoing.

3. Thirty-Four Thousand, nine hundred eighty dollars and zero cents (34,980.00) approx., as payments, fees costs to Tamiko N Peele the Claimant, beneficiaries and Heirs. The Social Security Administration. has not provided a Full Accurate Statement and or Claim Account that details the disbursement of Payments or returned of monies owed for underpayments. Those accounting as very important as that

information needs to be reported to counsel of record and the USDC of Florida Southern Division Trustee as to the Federal Bankruptcy Rules and Regulations as to claims, objections and payments.

4. Lastly Due to but not limited to the Inabilities of the *Tamiko N Peele a/k/a Reorganizer, Claimant and heirs being HIGH RISK as to the COVID-19 Planedemic ask that any and all correspondences from January 2020-current pending and ongoing be sent via email and via telephone as time is of the essence.*

5. Again All parties have been placed on notice.

Dated August 20, 2020

Respectfully,

Mrs. Tamiko N Peele

P.O. Box 8106

Fort Lauderdale, FL 33310

walkerlegalw@yahoo.com

954-709-0102
*Tamiko N Peele a/k/a Reorganizer, Claimant and heirs*

On Monday, August 17, 2020, 08:04:30 AM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

Rose Mary Buehler, Brian Garber, The State of Florida,
The State of Florida Treasury, Field General Managers,
Velma T Blaine, Antonio Miguel Quinones, John Doe James.
John Doe, Jane Doe and all others acting under the color of law.
*Re: Tamiko N Peele, a real person a/k/a Mrs. Tamiko N Peele, Mr. Robert Walker, a real person a/k/a Mr. ROBERT WALKER and heirs*

*FOLLOWUP*: USDC Bankruptcy Case 20-11431-EPK, *FOIA UNMASKED ANY AND ALL INTELLIGENCE REPORTS OR PRODUCTS, Freedom from Unwarranted Surveillance Act, Unlawful Surveillance as Voyeurism, Triggered CDRs, OIG Special Agent CDI Unit Team Leader, DDS SSA programmatic expert, Discrimination, Abuse of Power, Retaliation, Tortious Interference of Business, Interference with Prospective Contract, Privacy Act and FOIA Florida Statutes 286.011 – Public meetings and records; public inspection; criminal and civil penalties, Public Records Chapter 19 and Health Insurance Portability and Accountability Act,* Family Education Loan Program *(FFELP) "STATEMENT OF CLAIMANT"ATTACHMENT TO SSA 3288*

On  or about but not limited to August 5, 2020 and August 12, 2020 there was a follow up placed to the parties listed and their affiliates(U.S. BANCORP, The State of Florida Banking and Regulations, affiliates etc) as to Correspondences, Requests including the  November 25, 2019 Cease and Desist. As you are fully

APP. 177

aware and have been placed on Notice as to the Bankruptcy Protection on or about Janruary 31, 2020 with legal representation and those protection have been confirmed as of *July 14, 2020* in reference to the Robert Walker, Tamiko N Peele The Estate and his heirs Ceasing all Collections and or attempts. SEE *USDC Bankruptcy Case 20-11431-EPK*. To date The United States Social Security Administration, has complied with the changing of the Tamiko N Peele status of the Payment Date as to $960.00 and payment due the 4th Wednesday of each month, which is on or about August the 19, 2020 however have not disclosed as to what the under payment will consist of and will the underpayments be made to the Tamiko N Peele, The Estate and or the trustee. This information is important and time is of the Essence as per Bankruptcy Confirmed Plan protection all additional claims, Florida Department of Education, ECMC, US Department of Education unlawful seizure payments, Income Payments and Payment information needs to be reported to the Trustee immediately as part of the Bankruptcy Regulation. As to any and all matters of the Robert Walker, Tamiko N Peele, The Estate and his heirs are now under the trustee jurisdiction. Again please disclose the information requested and any correspondences that have been sent since Jan 31, 2020 and the Meeting of the Creditors on or about May 2020 and there never being a claim presented and or any objections to the Plan. Time is of the Essence.

The Tamiko N Peele, Robert Walker, the Estate and Heirs is Requesting that the Proposed changes being proposed if any CEASE as to Bankruptcy Protection as of *Jan 31, 2020 and Confirmed as of July 14, 2020*, as it is Abuse of the Process, Retaliatory, Discriminatory and Violates the ADA to say the Least. *While the Tamiko N Peele Robert Walker, Heirs and Beneficiaries continue to DISPUTE this over zealous Fifteen(15) Year prosecutor investigation that the Entitled Benefits for the Claimant, Creditor, Heirs and Beneficiaries continue GOVERN YOURSELVES*

Mrs. Tamiko N Peele
Mr. Robert L Walker
Plaintiff, Creditor, Reorganizer, Claimant
On Monday, August 3, 2020, 08:50:13 AM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

Rose Mary Buehler, Brian Garber, The State of Florida,
The State of Florida Treasury, Field General Managers,
Velma T Blaine, John Doe Quintos, John Doe James.
John Doe, Jane Doe and all others acting under the color of law.
*Re: Tamiko N Peele, a real person a/k/a Mrs. Tamiko N Peele,  Mr. Robert Walker, a real person a/k/a Mr. ROBERT WALKER and heirs*

*FOLLOWUP: FOIA UNMASKED ANY AND ALL INTELLIGENCE REPORTS OR PRODUCTS, Freedom from Unwarranted Surveillance Act, Unlawful Surveillance as Voyeurism, Triggered CDRs, OIG Special Agent CDI Unit Team Leader, DDS  SSA programmatic expert, Discrimination, Abuse of  Power, Retaliation, Tortious Interference of Business, Interference with Prospective Contract, Privacy Act and FOIA Florida Statutes 286.011 — Public meetings and records; public inspection; criminal and civil penalties, Public Records Chapter 19 and Health Insurance Portability and Accountability Act, Family Education Loan Program (FFELP) "STATEMENT OF CLAIMANT"ATTACHMENT TO SSA 3288*

On  or about November 25, 2019 there was a was an additional letter sent to your organization in reference to the Robert Walker, Tamiko N Peele The Estate and his heirs. To date The United States Social Security Administration, The State of Florida, their employees, affiliates but not limited to have NOT replied to the continued Requested information, however have  the continued over zealous abuse of process investigation into the Robert Walker, Tamiko N Peele, The Estate and Heirs since 2011-current and continuing. To Date those entrapment documents and unlawful surveillance in question have been previous disputed, Disputed , Standing Objections, Confirmed and Agreed as to Robert Walker, Tamiko N Peele, The Estate and his heirs correspondences from year 2011-Current but not limited to. ( See Attachments in possession since

2005) It seem that you are attempting to Reexamine and or Reinstate an Stale Investigation without providing the State Of Florida Damages Claims Ripe Due and Owing, Underpayments and under benefits but not limited to that has been apart of previous Litigation. Again as this being the over the *Twenty Second(22nd)* Follow up but not limited to, to the same investigation and same matter of issues. The Tamiko N Peele, Robert Walker, The Estate of and Heirs previously and continue to Dispute with standing objections as to the Timothy L Newhall, State of Florida agent and the Latest Telephonic Message on July 31, 2020 as to the James and Field Manager Quinios but not limited to. There will be an additional given One (1)Day to allow the adverse actions and inactions to be corrected before an additional lawsuit will be filed against all Harassing Factors that Continue and Violate the policies and procedures of the U.S. Employees and the U.S Constitution to say the least as Time is of the Essence.

The Tamiko N Peele, Robert Walker, the Estate and Heirs is Requesting that the Proposed changes being proposed if any CEASE, as it is Abuse of the Process, Retaliatory, Discriminatory and Violates the ADA to say the Least. *While the Tamiko N Peele Robert Walker, Heirs and Beneficiaries continue to DISPUTE this over zealous Fifteen(15) Year prosecutor investigation that the Entitled Benefits for the Claimant, Creditor, Heirs and Beneficiaries continue GOVERN YOURSELVES*

Respectfully;
Tamiko N Peele, Robert Walker, a real person, The Estate and Heirs
Claimant. Claimant for Heirs and Beneficiaries, Creditors and for Plaintiffs and Appellant
On Friday, August 31, 2018, 11:28:31 AM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

*Re: Mrs. Tamiko Walker a/k/a Mrs. Tamiko Peele and heirs*
*FOLLOWUP: FOIA UNMASKED ANY AND ALL INTELLIGENCE REPORTS OR*
*PRODUCTS, Freedom from Unwarranted Surveillance Act, Unlawful*
*Surveillance as Voyeurism, Triggered CDRs, OIG Special Agent,*
*CDI Unit Team Leader, DDS SSA programmatic expert, Discrimination,*
*Abuse of Power, Retaliation, Tortious Interference of Business,*
*Interference with Prospective Contract, Privacy Act and FOIA Florida Statutes*
*286.011 -- Public meetings and records; public inspection; criminal and civil*
*penalties, Public Records Chapter 19 and Health Insurance Portability and*
*Accountability Act,* Family Education Loan Program (FFELP)

Per the Telephone Conversation that took place today. Plaintiff did not authorize any taping of the conversation and any thing of the sort will be a Violation of Federal and State laws. You stated that you will not be accepting service for the OIG members in question and that I needed a lawyer to serve them but not limited to. Plaintiff's ask that you look at all Correspondences(attachment) and current Case(s) for Clarity and current Appeal Matters as well along with additional litigations pending. Violation as to Federal and State Law. On Or about in the Year of 2013, There was Litigations but not limited to in regarding to Mrs.Tamiko Walker a/k/a Mrs.Tamiko Peele and heirs. After a NOA on July 9, 2018 there was additional adverse Retaliatory Actions but not limited to. As those countless Litigations created but not limited to *TORT INTERFERENCE. Unlawful Surveillance, Discrimination, Retaliation and Racism,* to say the least. Parties continue to tampered with Financial Records. Theft By Conversion and has and continue to Conspire with the Federal and State Agencies to Do So. The Person, Entities and or Agencies have been placed on Notice. You will be served shortly and Plaintiff's ask that you do not refuse service as previously done before. Govern Yourselves.

Mrs. Tamiko Walker a/k/a Mrs. Tamiko Peele

Plaintiff for Plaintiff's

APP.179



## SOCIAL SECURITY

August 28, 2020

Robert Walker
PO BOX 8106
Ft. Lauderdale, FL 33310-8106

RE:      August 3, 2020, email "Re: ABUSE OF PROCESS Follow up as to NON
         REPLY July 31, 2020 STATE OF FLORIDA CLAIMS, UNDERPAYMENTS
         AND REQUESTS MADE"

Mrs. Peele:

Social Security Administration (SSA) has received the above-referenced email. I work
within SSA's South Florida Area Director's Office, which oversees your servicing field
office, and have been asked to provide you with a response.

In your email, you reference SSA conducting investigations and unlawful surveillance of
you, your family, and your acquaintances regarding underpayments and benefits.
Based on a review of SSA's records, it appears your concerns relate to SSA's reviews
of eligibility for benefits.

I want to assure you that such reviews are both lawful and required. Section 202(i) of
the Social Security Act (Act)[1] provides that SSA must periodically review a beneficiary's
eligibility for disability insurance benefits at certain times. SSA refers to these reviews
as "continuing disability reviews," as explained in SSA's regulation 20 C.F.R.
§ 404.1589.[2] Depending on the nature of a beneficiary's disability, SSA will
automatically conduct these reviews somewhere between every 6 months and 7 years,
as explained in SSA's regulation 20 C.F.R. § 404.1590(d).[3] Certain other events may
immediately start a continuing disability review, such as substantial earnings being
reported to the worker's wage record, as explained in SSA's regulation 20 C.F.R.
§ 404.1590(b).

While this letter does not discuss all types of continuing disability reviews, we hope it
provides sufficient information to assure you that Congress requires such reviews and
that SSA conducts them in accordance with policies that apply to all beneficiaries who
meet the continuing disability review criteria. SSA's policies do not target particular
individuals, including you, your family, or your acquaintances. If you have additional
questions about this matter, or if we have misunderstood the nature of your inquiry, you
may contact Richard Cruz in my office at Richard.Cruz@ssa.gov. If you have specific

---

[1] Available at: https://www.ssa.gov/OP_Home/ssact/title02/0202.htm.
[2] Available at: https://www.ssa.gov/OP_Home/cfr20/404/404-1589.htm.
[3] Available at: https://www.ssa.gov/OP_Home/cfr20/404/404-1590.htm.

APP. 180

Page 2 -- Mrs. Peele

questions about your benefits or other services SSA provides, you may continue to work with your servicing field office.

In your email, you also referred to FOIA and continued requests for information.  To the extent you intend to file a request under the Freedom of Information Act, please review SSA's public website with more information about making such requests: https://www.ssa.gov/foia/.

Joe Gonzalez
South Florida Area Director
Social Security Administration

APP.181

Form SSA-632-BK (04-2019) UF
Discontinue Prior Editions
Social Security Administration

Page 1 of 14
OMB No. 0960-0037

# Request for Waiver of Overpayment Recovery

## When To Complete This Form

Complete this form if any of the following applies:

- You think that you are not at fault for the overpayment and you cannot afford to pay the money back.

- You think that you are not at fault and you think the overpayment is unfair for some other reason.

We will use your answers to decide if you have to pay the money back. If we decide you do not have to pay the money back, we call it a waiver. If you also think we made a mistake when we decided that you were overpaid, or if you disagree with the amount of your overpayment, please also complete the SSA-561, Request for Reconsideration. We call this action an appeal.

## When Not To Complete This Form

- If you do not wish to request a waiver, but you think we made a mistake when we decided that you were overpaid, or if you disagree with the amount of your overpayment. Instead, please complete the SSA-561, Request for Reconsideration.

- You are requesting a hearing before an Administrative Law Judge. Instead, please complete the HA-501-U5, Request for Hearing by Administrative Law Judge.

- You only want to change the amount of money you must pay us back each month. Instead, please complete the SSA-634, Request for Change in Overpayment Recovery Rate.

- You have been convicted of fraud relating to this overpayment.

## SECTION 1 - IDENTIFYING QUESTIONS

IMPORTANT: Please answer the following questions as completely as you can and submit any supporting documents with your waiver request. If you need more space for answers, use the "REMARKS" section on page 11.

1.  A. What is the name, Social Security Number, and claim number (if any) of the overpaid person?
    Name: Tamika N Peele
    SSN: m f le    Claim Number: U/A

    B. Are you the overpaid person?   ☐ Yes (go to 4)   ☒ No (go to 1.C)

    C. If you are filling out the waiver request for the overpaid person, what is your relationship to the overpaid person? (check all that apply)
    ☐ I am the overpaid person's parent.
    ☐ I am the overpaid person's spouse.
    ☒ Other, please explain:
    ☐ I am the overpaid person's representative payee.
    ☐ I am the overpaid person's legal guardian.

SEE CORRESPONDENCES SENT, ALLEGED OVERPAYMENT NOT OWED
UNDERPAYMENTS DUE, STANDING OBJECTIONS, GROSS ABUSE OF PROCESS
BANKRUPTCY ACT VIOLATION CASE:20-11431-EPK Southern District of Florida

APP.182

on next page)

1. | D. If you are not the overpaid person, what is your name or the name of the organization you represent?

   Name: _M|A_

   E. If you are the overpaid person's representative payee, were you the representative payee when the overpayment occurred?  ☐ Yes   ☐ No      _M|A_

## SECTION 2 - QUESTIONS FOR REPRESENTATIVE PAYEE

**IMPORTANT:** If you were the representative payee for the overpaid person when the overpayment occurred, complete Section 2 as it applies to you as the representative payee. Otherwise, go to Section 4.

2. | A. Was the overpaid person living with you when he or she was overpaid? ☐ Yes   ☐ No  _M|A_

   B. Does the overpaid person currently live with you? ☐ Yes   ☐ No    _M|A_

   C. Are you requesting a waiver for a minor child? ☐ Yes   ☐ No    _M|A_

   D. Did you tell us about the change or event that caused the overpayment? ☐ Yes   ☐ No

   E. Do you still have any of the overpaid money?
   ☐ Yes (go to 2.F)   ☐ No (go to 2.G)   _M|A_

   F. How much of the overpaid money do you still have?  $ _M|A_

   G. Did you use the overpaid money for the beneficiary? ☐ Yes   ☐ No (go to 2.H)

   H. Explain how you used the overpaid money:

   SEE CORRESPONDENCES SENT, ALLEGED OVERPAYMENT NOT OWED UNDERPAYMENTS DUE, STANDING OBJECTIONS, GROSS ABUSE OF PROCESS BANKRUPTCY ACT VIOLATION CASE:20-11431-EPK Southern District of Florida

## SECTION 3 - IF YOU ARE RESPONSIBLE FOR A FAMILY MEMBER'S OR ANOTHER INDIVIDUAL'S OVERPAYMENT

**IMPORTANT:** If we told you in the overpayment notice that you are responsible for another individual's overpayment, complete Section 3. Otherwise, go to Section 4.

3. | A. Did we tell you in the overpayment notice that you are responsible for paying back another individual's overpayment? ☐ Yes (go to 3.B)   ☐ No (go to 4)   _M|A_

   B. Was the overpaid person living with you when he or she was overpaid? ☐ Yes   ☐ No

   C. Did you receive any of the overpaid money? ☐ Yes   ☐ No    _M|A_

## SECTION 4 - INFORMATION ABOUT RECEIVING THE OVERPAYMENT

**IMPORTANT:** Please complete questions 4 through 26 as completely as you can. If you are answering the questions for someone else or if you are helping someone fill out the form, check the boxes and answer each question as it applies to the overpaid person.

4. | What was your situation when the overpayment occurred? (Check all that apply)                APP.183
   ☐ I was a child when the overpayment occurred.
   ☐ I was an adult when the overpayment occurred.     _M|A_
   ☐ I was receiving disability benefits from Social Security.     (Options continue on next page)

Form SSA-632-BK (04-2019) UF                                          Page 3 of 14

| 4. | ☐ I was receiving retirement benefits from Social Security. |
|---|---|
|  | ☐ I was receiving Social Security benefits from a parent's record. |
|  | ☐ I was receiving Social Security benefits as a widow/widower. |
|  | ☐ I was receiving Social Security benefits as a spouse. |
|  | ☐ I was receiving Supplemental Security Income (SSI) payments. |
|  | ☑ None of the above, please explain: _____ |

| 5. | What is your reason for requesting a waiver? (Check all that apply) |
|---|---|
|  | A. ☐ The overpayment was not my fault. |
|  | B. ☐ I cannot afford to pay the money back. |
|  | C. ☐ The overpayment is unfair for other reasons. |
|  | Please explain: _____ |
|  | D. ☐ I thought I still had a disability that would make me el~~ ~~efits. I filed an appeal and I fully cooperated with Social Security. |
|  | E. ☐ I was age 18 and receiving SSI when the overp~~ ~~red. |
|  | F. ☑ None of the above, please explain: _____ |

| 6. | Are you requesting a waiver for your entire ov~~ ~~.nount? ☑ Yes   ☐ No |
|---|---|
| 7. | Have you previously filed a waiver reques~~ ~~ payment?  ☐ Yes   ☐ No   M/A |
| 8. | Do you have the notice for this overpayment? ☐ ~~es~~   ☐ No (go to 11) |
|  | If you have the notice for this overpayment, please provide the date on that notice. _____ (MM/DD/YYYY) |
| 9. | If you have the notice for this overpayment, please provide the following information: |
|  | First month you were overpaid _____ |
|  | Last month you were overpaid _____   M/A |
|  | If you were overpaid only one month, please provide the month _____ |
| 10. | If you have the notice for this overpayment, please provide the amount of the overpayment. $ _____ |
| 11. | What was the cause of the overpayment? (Check all that apply) |
|  | A. ☐ I received too much income. |
|  | B. ☐ My household received too much income. |
|  | C. ☐ My resources were over the amount for SSI. |
|  | D. ☐ I received help for food and shelter. |
|  | E. ☐ I received more than one benefit payment for the same month. |
|  | F. ☐ The Social Security Administration determined that I was no longer disabled. |
|  | G. ☐ My marital status changed. |
|  | H. ☐ I received workers' compensation. |
|  | I. ☐ I was in a nursing home. |
|  | J. ☐ I was in jail or prison. |

APP.184

(Options continue on next page)

*SEE CORRESPONDENCES SENT, ALLEGED OVERPAYMENT NOT OWED, UNDERPAYMENTS DUE, STANDING OBJECTIONS, GROSS ABUSE OF PROCESS, BANKRUPTCY ACT VIOLATION CASE:20-11431-EPK Southern District of Florida*

Form SSA-632-BK (04-2019) UF

11. K. ☐ I lived outside the U.S. for 30 consecutive days.

L. ☐ My immigration status changed.

M.☐ Another person became entitled on the same record.

N. ☐ My attorney fee was not withheld from my benefits.

O. ☐ I was no longer a student.

P. ☐ I no longer had a child under age 16 or a disabled child i̶

Q. ☐ I was overpaid because:_____

_underpaid_ _____

R. ☐ I do not know why I was overpaid.

12. A. Do you understand that you are s̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶nanges to us, for example:
- working
- marriage
- divorce
- moving
- a ch̶ ̶ ̶ ̶ ̶
- ̶ ̶ ̶ ̶ ̶
- ̶ ̶ ̶ ̶ ̶ool attendance
- ̶ ̶ ̶ ̶nanges that may affect your benefits

☐ Yes

☐ No, explain:          M I A

_____

B. Is there anything that prevents you from reporting your changes to us?

☐ Yes, please explain:    ☐ No    M I A

_____

C. Did you tell us about the change or event that led to the overpayment?

☐ Yes, please check one or more reasons below   ☐ No, please explain:

☐ I called in

☐ I sent a fax or letter

☐ I visited a local field office    M I A

☐ I used electronic wage reporting

☐ Other, please explain:

_____

Date(s) you told us about the change or event that led to the overpayment:

Do you have any documentation indicating that you told us about the change or event that led to the overpayment?

☐ Yes, please send it with your waiver request    M I A

☐ No, please explain:

_____

D. Have you ever been overpaid before?

☐ Yes (go to 12.E)   ☐ No (go to 12.F)

APP.185

SEE CORRESPONDENCES SENT. ALLEGED OVERPAYMENT NOT OWED. UNDERPAYMENTS DUE. STANDING OBJECTIONS. GROSS ABUSE OF PROCESS. BANKRUPTCY ACT VIOLATION CASE:20-11431-EPK Southern District of Florida

Form SSA-632-BK (04-2019) UF

| 12. | E. If you were overpaid before, is this overpayment for the same reason? |
|---|---|

☑ Yes       ☐ No       ☐ I do not know

F. Are you currently receiving any of the following? (Check all that apply)

☐ I am receiving Supplemental Security Income (SSI) payments.

☐ I am receiving Temporary Assistance for Needy Families (TANF).   *M IA*

My claim number is: _____

☐ I am receiving a pension based on need from the Department of Veterans Affairs (VA)

My claim number is: _____

**IMPORTANT:** If you checked any boxes in question 12.F, go to page 13. Please sign, date, provide your address and phone number(s), and proof that you receive TANF or VA pension, if applicable. If this statement does not apply, go to question 13.A.

## SECTION 5 - YOUR FINANCIAL STATEMENT

### Documents to Support Your Statements

*Collusion with Creditor U.S Bank, State of FL, Trustee, etc.*

**IMPORTANT:** To complete Sections 5 through 8 of this form, you should refer to certain documents to support your statements. Please answer all questions and submit any supporting documents with your request. Your supporting documents should be no older than 3 months from the date you are requesting a waiver. Submit similar documents for your spouse and your dependents. A dependent is a person who depends on you for support and whom you can claim on your tax return.
Examples of supporting documents are:

- Current Rent or Mortgage Information
- 2 or 3 Recent Utility, Medical, Charge Card, and Insurance Bills
- Canceled Checks
- Recent Bank Statements (checking or savings account)
- Current Pay Stubs   *M IA*
- Your Most Recent Income Tax Return

Please write only whole dollar amounts. Round any cents to the nearest dollar.

| 13. | A. Did you still have any of the overpaid money at the time you received the overpayment notice? |
|---|---|

☐ Yes   Amount $ _____ (go to 13.B)       ☐ No (go to 14)

B. Do you still have any of the overpaid money?

☐ Yes   Amount $ _____       ☐ No   *M IA*

(If yes, return the money to SSA following the instructions in the overpayment notice or contact SSA at 1-800-772-1213.)

| 14. | Did you receive any real estate after you received the overpayment notice? |
|---|---|

☐ Yes (provide the value)       ☐ No   *N IA*

Value: $ _____

| 15. | A. Did you give away any real estate after you received your overpayment notice? |
|---|---|

☐ Yes (provide the value)       ☐ No

Value: $ _____       *M IA*

B. Did you sell any real estate after you received your overpayment notice?

☐ Yes (provide the amount)       ☐ No   *N IA*

Amount you received after selling: $ _____

APP. 186

Form SSA-632-BK (04-2019) UF

Page 6 of 14

| 16. | A. Did you give away any money after you received the overpayment notice? |
|---|---|

☐ Yes (provide the amount)  Amount: $ _____  ☐ No   *N/A*

B. Did anyone give you money after you received your overpayment notice?

☐ Yes (provide the amount)  Amount: $ _____  ☐ No   *N/A*

## SECTION 6 - MEMBERS OF HOUSEHOLD

**17.** **A.** If you are an adult requesting a waiver, list your spouse and dependents below. A dependent is a person who depends on you for support and whom you can claim on your income tax return.

If you are completing the waiver request for a minor child, only provide the child's name in Section 6 and the child's information is Sections 7, 8, and 9. If the child's income and assets help with food and household expenses, complete Sections 6, 7, 8, and 9 with the parents' and their dependents' information.

| Name | Age | P...........ip To You |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**B.** Does anyone live with you who you cannot c........................e tax return?

☐ Yes    ☐ No (go to 18.A)

If yes, does this person or persons c.........................y to live with you or pay any of the household bills or expenses?

☐ Yes, total amount you rec..................    ☐ No

## SECTION 7 - ASSETS - THIN...................... AND OWN

**18.** **A.** How much cash do ........................d your dependents have in your possession?  $ _____

**B.** List all financi.......... ..........., your spouse, and your dependents. Examples of accounts you should list i..............nline (e.g., PayPal), Savings, Certificate of Deposit (CD), Individual Retireme...........), Money or Mutual Funds, Stocks, Bonds, Trust Funds, Prepaid Debit Cards, o..................unts.

| Type of Account | Na.... . Address of ..stitution | Name on Account | Balance or Value | Income Per Month (Interest or dividends) | Account Number |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  | TOTALS |  |  |  |

*SEE CORRESPONDENCES SENT, ALLEGED OVERPAYMENT NOT OWED, UNDERPAYMENTS DUE, STANDING OBJECTIONS, GROSS ABUSE OF PROCESS, BANKRUPTCY ACT VIOLATION CASE:20-11431-EPK Southern District of Florida*

APP.187

Form SSA-632-BK (04-2019) UF

**19. A.** Do you, your spouse, or your dependents own more than one family vehicle, including a car, sport utility vehicle (SUV), truck, van, camper, motorcycle, boat, or any other vehicle?

☐ Yes (list all of the vehicles below)   ☐ No (go to 19.B)

| Owner | Year, Make/Model | Present Value | Loan Balance (if any) | Main Purpose for Use |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | **TOTAL COUNTABLE VALUE** $ | 0.00 | | |

**B.** Do you, your spouse, or your dependents own any real estate other than where you live?

☐ Yes (list below)   ☐ No (go to 19.C)

| Owner | Description | Market Value | Loan Balance (if any) | Income Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | **TOTALS** $ | 0.00 | | |

**C.** Do you, your spouse, or your dependents own or have an interest in any business, property, or valuables?

☐ Yes (list below)   ☐ No (go to 20)

| Owner | Description | Market Value | Loan Balance (if any) | Income Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | **TOTALS** $ | 0.00 | | |

## SECTION 8 - MONTHLY HOUSEHOLD INCOME

The next set of questions are about monthly take home pay. Enter your, your spouse, and your dependents' take home pay and check the box to show whether payment is received weekly, every 2 weeks, twice a month, or monthly. Add the monthly amount on line 22.A. If you need more space for answers, use the "REMARKS" section on page 11.

**20. A.** Are you employed?   ☐ Yes (provide information below)   ☐ No (go to 20.B)

| Employer(s) Name, Address, and Phone: (Write "self" if self-employed) | Take home pay or earnings if self-employed (Net) Choose one: | $ |
|---|---|---|
| | ☐ Weekly   ☐ Every 2 Weeks ☐ Monthly   ☐ Twice a Month | |

**B.** Is your spouse employed?   ☐ Yes (provide information below)   ☐ No (go to 20.C)

| Employer(s) Name, Address, and Phone: (Write "self" if self-employed) | Take home pay or earnings if self-employed (Net) Choose one: | $ |
|---|---|---|
| SSA is aware Violating Bankrupt Violation of stay | ☐ Weekly   ☐ Every 2 Weeks ☐ Monthly   ☐ Twice a Month | |

(Options

APP. 188

Form SSA-632-BK (04-2019) UF                                      Page 8 of 14

| 20. | C. Are any of your dependents employed, including self-employment? |
|---|---|

☐ Yes (provide information below)  ☐ No (go to 21)    N/A

Name(s) of dependents: _____

Provide total monthly take home pay for dependent(s):

$ _____

| 21. | A. Do you, your spouse, or your dependents receive support or contributions from any person, agency, or organization? ☐ Yes (go to 21.B)  ☐ No (go to 22) |
|---|---|

B. Is the support received under a loan agreement? ☐ Yes (go to 22)  ☐ No (go to 21.C)

C. How much money do you, your spouse, or your dependents receive each month?
(Show this amount on line I of question 22)    N/A

| $ | Source |
|---|---|

22.

| Income (Be sure to show monthly amounts below) | Overpaid person's income | SSA Use Only | Spouse of Overpaid Person | SSA Use Only | Dependent(s) of Overpaid Person (Total) | SSA Use Only |
|---|---|---|---|---|---|---|
| A. Take Home Pay (Net) (from questions 20.A, 20.B, and 20.C) | | | | | | |
| B. Social Security Benefits (retirement, disability, widows, students, etc.) | | | | | | |
| C. Supplemental Security Income (SSI) | | | | | | |
| D. Pension(s) (VA, Military, Civil Service, Railroad, etc.) TYPE / TYPE | | | N/A | | | |
| E. Supplemental Nutrition Assistance Program (SNAP) Benefits | | | | | | |
| F. Income from Real Estate, Business, etc. (from questions 19.B and 19.C) | | | | | | |
| G. Room and/or Board Payments from a Person who is not a Dependent (from question 17.B). Put the amount in the overpaid person's column. | | | | | | |
| H. Child Support/Alimony | | | | | | |
| I. Other Support (from question 21.C) | | | | | | |
| J. Income from Assets (from question 18.B) | | | | | | |
| K. Other (from any source, explain in REMARKS on next page) | | | | | | |
| TOTALS: | | | | | | |

| Grand Total $ (Add all TOTAL blocks above) | (Options continue on next page) |
|---|---|

. APP 189

Form SSA-632-BK (04-2019) UF

Page 9 of 14

**22.** REMARKS:

## SECTION 9 - MONTHLY HOUSEHOLD EXPENSES

Do not list an expense that is withheld from your paycheck (such as m ...rance, child support,
alimony, wage garnishments, etc.) (Be sure to show monthly amou... ..23) Please write only
whole dollar amounts and round any cents to the nearest dollar.

| | Type of Expense | $ Per Month | SSA Use Only |
|---|---|---|---|
| **23.** | A. Rent or Mortgage (if mortgage payment includes prop... ...t taxes, insurance, etc., DO NOT list it again below) | | |
| | B. Food (groceries, including food purchased with work, etc.) ...and food at restaurants, | | |
| | C. Utilities (gas, electric, telephone (cell or ...et, trash collection, water, and sewer) | | |
| | D. Other Heating/Cooking Fuel (o... ...wood, etc.) | | |
| | E. Clothing | | |
| | F. Household Items ... ...items, etc.) | | |
| | G. Property Ta... ...| | |
| | H. Insuran... poli... ...re, homeowner, renter, car, and any other casualty or liability | | |
| | I. Medical... ...prescriptions and medical equipment, if not paid by insurance) | | |
| | J. Loan/Lease Payment for Family Vehicle | | |
| | K. Expenses (gas and repairs) for Family Vehicle | | |
| | L. Other Transportation (bus, taxi, etc., used for medical appointments, work, or other necessary travel) | | |
| | M. Tuition and School Expenses | | |
| | N. Court Ordered Payments Paid Directly to the Court | | |
| | O. Credit Card Payments (show minimum monthly payment). DO NOT include any expenses already listed above | | M/A |
| | P. Any expenses not shown above | | |
| | (Options continue on next page) | **TOTAL** | |

SEE CORRESPONDENCES SENT, ALLEGED OVERPAYMENT NOT OWED
UNDERPAYMENTS DUE, STANDING OBJECTIONS, GROSS ABUSE OF PROCESS
BANKRUPTCY ACT VIOLATION CASE;20-11431-EPK Southern District of Florida

APP.190

Form SSA-632-BK (04-2019) UF

23. | EXPENSE REMARKS (Please provide any additional information not captured in Section 9)

_____
_____
_____
_____
_____
_____
_____
_____
_____

## SECTION 10 - INCOME AND EXPENSES COMPARISON

| 24. | | |
|---|---|---|
| | A. Monthly Income<br>Write the amount here from the **Grand Total** from num~~ | $ |
| | B. Monthly Expenses<br>Write the amount here from the **Total** from numbe~ | $ |
| | C. Add this amount to your expenses. | + $25 |
| | D. Adjusted Monthly Expenses (Add B and ~ | $   25.00 |
| | E. **TOTAL** (Subtract D from A) | $   (25.00) |

25. | If your expenses in 24.D are mor~ ~~~me in 24.A, explain how you are paying your bills.
If you are not paying your bills ~~~~~ bills have unpaid balances.

_____

M/A

_____

*(watermark diagonal text:)* SEE CORRESPONDENCES SENT, ALLEGED OVERPAYMENT NOT OWED UNDERPAYMENTS DUE, STANDING OBJECTIONS, GROSS ABUSE OF PROCESS BANKRUPTCY ACT VIOLATION CASE:20-11431-EPK Southern District of Florida

## SECTION 11 - FIN~ ~CIAL EXPECTATION AND FUNDS AVAILABILITY

26. | A. Do you expect to receive an inheritance within the next 6 months?

☐ Yes, explain          ☐ No (go to 26.B)

_____

N/A

_____

B. Please provide the total of you, your spouse, and your dependents' assets from questions, 18.A, 18.B, 19.A, 19.B, and 19.C.

Total $: _____

(Option

APP. 191

| 26. | C. Is there any reason you cannot convert or sell the "Balance or Value" of any financial assets shown in items 18.B, 19.A, 19.B or 19.C to cash? *SSA in possesia of financial medical* ☐ No |
|-----|---|

☐ Yes, explain *reflords from 2010 - current*

*N/A — without Consent given*

*GROSS ABUSE OF Poess*

**REMARKS SECTION -** If you are continuing an answer to a question, please write the number (and letter, if any) of the question first.

SEE CORRESPONDENCES SENT, ALLEGED OVERPAYMENT NOT OWED UNDERPAYMENTS DUE, STANDING OBJECTIONS, GROSS ABUSE OF PROCESS BANKRUPTCY ACT VIOLATION CASE:20-11431-EPK Southern District of Florida

**IMPORTANT:** Please provide your documents to support the information you provided. Complete and sign the following statements.

APP.192

Form SSA-632-BK (04-2019) UF

Page 12 of 14

Below is an authorization for the Social Security Administration to obtain your financial account information. We may need to access your financial records in order to determine if we can waive your overpayment.

**IMPORTANT:** If the overpaid individual is a minor child, a parent or legal guardian must complete and sign the form on the child's behalf. If a court has assigned a legal guardian to an adult individual, the legal guardian must complete and sign the form. Adults who do not have a court appointed legal guardian must complete and sign the form, even if they have a representative payee.

## AUTHORIZATION FOR THE SOCIAL SECURITY ADMINISTRATION TO OBTAIN ACCOUNT RECORDS FROM A FINANCIAL INSTITUTION AND REQUEST FOR RECORDS

Please review the following, make selection, and sign below:

I understand:

- I have the right to revoke this authorization at any time before any records are disclosed;
- The Social Security Administration may request all records about me from any financial institution;
- Any information obtained will be kept confidential;
- I have the right to obtain a copy of the record which the financial institution keeps concerning the instances when it has disclosed records to a government authority unless the records were disclosed because of a court order;
- This authorization is not required as a condition of doing business with any financial institution.
- The Social Security Administration will request records to determine the ability to repay an overpayment in conjunction with a waiver determination;
- Failing to provide or revoking my authorization may result in the Social Security Administration determining, on that basis, that adjustment or recovery of the overpayment will not deprive me of funds to pay my bills for food, clothing, housing, medical care, or other necessary expenses;
- This authorization is in effect until the earliest of: 1) a final decision on whether adjustment or recovery of my overpayment would deprive me of funds to pay my bills for food, clothing, housing, medical care, or other necessary expenses; or 2) my revocation of this authorization in written notification to the Social Security Administration.

☐ I authorize any custodian of records at any financial institution to disclose to the Social Security Administration any records about my financial business or that of the person named above whom I legally represent or whose benefits I manage.

☑ I do not authorize any custodian of records at any financial institution to disclose to the Social Security Administration any records about my financial business or that of the person named above whom I legally represent or whose benefits I manage. I understand that if I do not give permission to obtain financial records or if I cancel my permission, SSA may not approve my waiver request.

| Customer's Signature/Authorization | Mailing Address | Date |
|---|---|---|
| Legal Representative's Signature/Authorization | Legal Representative's Mailing Address | Date |
| Federal Tort Abuse Tyrany NEVER | | APP.193 |

Form SSA-632-BK (04-2019) UF                                                      Page 13 of 14

## PENALTY CLAUSE, CERTIFICATION, AND PRIVACY ACT STATEMENT

I declare under penalty of perjury that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly gives a false statement about a material fact in this information, or causes someone else to do so, commits a crime and may be subject to a fine or imprisonment.

### SIGNATURE OF OVERPAID PERSON OR REPRESENTATIVE PAYEE

| Signature (First name, middle initial, last name) (Write in ink) | Date (MM/DD/YYYY) |
|---|---|
| *For attendance purpose only* | *on file* |

| Home Telephone Number (include area code) | Work Telephone Number If We May Call You At Work (include area code) |
|---|---|
| *on file* | |

Mailing Address (Number and street, Apt. No., PO Box, or Rural Route)

| City | State | ZIP Code |
|---|---|---|
| | | |

Witnesses are required ONLY if this statement has been signed by mark (X) above. If signed by mark (X), two witnesses to the signing who know the individual must sign below, giving their full addresses.

| 1. Signature of Witness (Write in ink) | 2. Signature of Witness (Write in ink) |
|---|---|
| | |
| Address (Number and street, City, State, and ZIP Code) | Address (Number and street, City, State, and ZIP Code) |

APP.194

### Privacy Act Statement
### Collection and Use of Personal Information

Sections 204, 1631, and 1879 of the Social Security Act, as amended, allow us to collect this information. Furnishing us this information is voluntary. However, failing to provide all or part of the information may prevent an accurate and timely decision on your overpayment waiver request.

We will use the information to make a waiver determination and to obtain your financial account information. We may also share your information for the following purposes: called routine uses:

- To student volunteers and other worker, who technically do not have the status of Federal employees, when they are performing work for Social Security Administration (SSA) as authorized by law, and they need access to personally identifiable information in SSA records in order to perform their assigned agency functions; and

- To third party contacts such as private collection agencies and credit reporting agencies under contract with SSA and other agencies, including the Veterans Administration, the Armed Forces, the Department of the Treasury, and State motor vehicle agencies, for the purposes of their assisting SSA in recovering program debt.

In addition, we may share this information in accordance with the Privacy Act and other Federal laws. For example, where authorized, we may use and disclose this information in computer matching programs, in which our records are compared with other records to establish or verify a person's eligibility for Federal benefit programs and for repayment of incorrect or delinquent debts under these programs.

A list of additional routine uses is available in our Privacy Act System of Records Notices (SORN) 60-0094, entitled Recovery of Overpayments, Accounting and Reporting/Debt Management System, as published in the Federal Register (FR) on August 23, 2005, at 70 FR 49354; 60-0231, entitled Financial Transactions of SSA Accounting and Finance Offices, as published in the FR on January 11, 2006, at 71 FR 1849; and 60-0320, entitled Electronic Disability Claims File, as published in the FR on July 25, 2006, at 71 FR 42159. Additional information, and a full listing of all of our SORNs, is available on our website at www.ssa.gov/privacy.

**Paperwork Reduction Act Statement** - This information collection meets the clearance requirements of 44 U.S.C. §3507, as amended by Section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 120 minutes to read the instructions, gather the facts, and answer the questions. **SEND THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are also listed under U.S. Government agencies in your telephone directory or you may call Social Security at 1-800-772-1213.** *You may send comments on our time estimate above to: SSA, 1338 Annex Building, Baltimore, MD 21235-0001. Send only comments relating to our time estimate to this address, not the completed form.*

*APP.195*

# EXHIBIT L

January 08, 2015





**U.S. Department of Education**
Information about your federal student loan

Total and Permanent Disability Servicing Unit

TAMIKO PEELE
PO BOX 8106
FORT LAUDERDALE, FL 33310

Account Number: 1274983

Dear TAMIKO PEELE:

The U.S. Department of Education (the Department) has completed its review of your Total and Permanent Disability (TPD) discharge application requesting discharge of your William D. Ford Federal Direct Loan (Direct Loan) Program loan, Federal Family Education Loan (FFEL) Program loan, Federal Perkins Loan (Perkins Loan) Program loan, and/or your Teacher Education Assistance for College and Higher Education (TEACH) Grant Program service obligation. Throughout this letter, we use the term "loan" to refer to one or more loans. In addition, we use the terms "you" and "your" to refer to the disabled individual who applied for discharge, TAMIKA PEELE.

Nelnet assists the Department in administering the TPD discharge process, and we will communicate with you on behalf of the Department concerning your discharge request.

Effective 01/08/2015, the Department has approved your application for discharge of the federal student loan or TEACH Grant service obligation identified below on the basis of your total and permanent disability. This letter contains important information regarding the TPD discharge.

Your holder(s) will now transfer your loan and/or your TEACH Grant service obligation to us for discharge and a 3-year post-discharge monitoring period, as described below. We will notify you again when we have discharged your loan and/or TEACH Grant service obligation.

We have instructed your loan holder(s) to return any loan payments that were received after your disability date to the person who made the payments. For this purpose, your "disability date" is the date we received the documentation of your Social Security Administration (SSA) notice of award for Social Security Disability Insurance (SSDI) or Supplemental Security Income (SSI) benefits, or the date the physician certified your discharge application, depending on the type of documentation you provided to show that you are totally and permanently disabled.

**WHAT YOU NEED TO DO:**

- Information about your loan and/or TEACH Grant service obligation that will be discharged is shown below. Carefully review this information and notify us immediately if you do not see one of your loan holders or TEACH Grant service obligation holders included in the list. Also let us know if you do not see one of your loans or TEACH Grant service obligations included in the list, or if you continue to receive bills from your loan holder(s).

- Review the requirements for the 3-year post-discharge monitoring period and the conditions under which your obligation to repay your loan or complete your TEACH Grant service obligation may be reinstated

| Holder Name | Holder Phone | Type | Date | Amount | School ID |
|---|---|---|---|---|---|
| ACS EDUCATION SERVICES | (800)-835-6511 | FFEL Consolidated | 11/03/2005 | $30,179 | N/A |

**WHAT YOU NEED TO KNOW:**

**Three-Year Post-Discharge Monitoring Period and Conditions for Reinstatement:**

T03

APP. 196

- You sign a statement acknowledging that the new loan or TEACH Grant service obligation cannot be discharged in the future on the basis of any injury or illness present at the time the new loan or TEACH Grant is made, unless your condition substantially deteriorates so that you are again totally and permanently disabled

In addition, if you request a new Direct Loan, Perkins Loan, or TEACH Grant at any time during the 3-year post-discharge monitoring period described above, you must resume payment on the previously discharged loan or acknowledge that you are once again subject to the terms of your TEACH Grant service obligation before you can receive the new loan or TEACH Grant.

### Tax Implications after Approval and Discharge of Your Loan Balances:

The Department reports the discharge of any loan debt totaling $600.00 or more to the Internal Revenue Service (IRS) for the year that the loan was discharged. If your loans are discharged, we will send you an IRS Form 1099-C that will identify the total amount of your discharged debt. The amount of the discharged debt will be considered income for federal tax purposes and possibly for state tax purposes. You may want to consult with a tax professional to determine how this may affect your personal taxes.

### HOW TO CONTACT US:

Written correspondence can be sent to:

U.S. Department of Education
P.O. Box 87130
Lincoln, NE 68501-7130

In addition, you can visit www.disabilitydischarge.com to check the status of your discharge application, upload any supporting documentation that we may request from you, and/or update your personal information.

If you have questions, you can call us seven days a week at 888.303.7818 from 8:00 a.m. to 8:00 p.m. (Eastern), or you can email us at disabilityinformation@nelnet.net. If you are hearing impaired, you may web chat with a representative by visiting www.disabilitydischarge.com and clicking Chat Now.

Sincerely,

Nelnet Total and Permanent Disability Servicer

T03

APP.197

January 08, 2015






>00993 4895221 001 008187

TAMIKA PEELE
PO BOX 8106
FORT LAUDERDALE, FL 33310

*wrong name*
*inaccurate name, account number*
*effective date of discharge*
*pts office ...*

Account Number: 1274983

Dear TAMIKA PEELE:

The U.S Department of Education (the Department) has completed its review of your Total and Permanent Disability (TPD) discharge application requesting discharge of your William D. Ford Federal Direct Loan (Direct Loan) Program loan, Federal Family Education Loan (FFEL) Program loan, Federal Perkins Loan (Perkins Loan) Program loan, and/or your Teacher Education Assistance for College and Higher Education (TEACH) Grant Program service obligation. Throughout this letter, we use the term "loan" to refer to one or more loans. In addition, we use the terms "you" and "your" to refer to the disabled individual who applied for discharge, TAMIKA PEELE.

Nelnet assists the Department in administering the TPD discharge process, and we will communicate with you on behalf of the Department concerning your discharge request.

Effective 01/08/2015, the Department has approved your application for discharge of the federal student loan or TEACH Grant service obligation identified below on the basis of your total and permanent disability. This letter contains important information regarding the TPD discharge.

Your holder(s) will now transfer your loan and/or your TEACH Grant service obligation to us for discharge and a 3-year post-discharge monitoring period, as described below. We will notify you again when we have discharged your loan and/or TEACH Grant service obligation.

We have instructed your loan holder(s) to return any loan payments that were received after your disability date to the person who made the payments. For this purpose, your "disability date" is the date we received the documentation of your Social Security Administration (SSA) notice of award for Social Security Disability Insurance (SSDI) or Supplemental Security Income (SSI) benefits, or the date the physician certified your discharge application, depending on the type of documentation you provided to show that you are totally and permanently disabled.

## WHAT YOU NEED TO DO:

- Information about your loan and/or TEACH Grant service obligation that will be discharged is shown below. Carefully review this information and notify us immediately if you do not see one of your loan holders or TEACH Grant service obligation holders included in the list. Also let us know if you do not see one of your loans or TEACH Grant service obligations included in the list, or if you continue to receive bills from your loan holders.

- Review the requirements for the 3-year post-discharge monitoring period and the conditions under which your obligation to repay your loan or complete your TEACH Grant service obligation may be reinstated

| Holder Name | Holder Phone | Type | Date | Amount | School ID |
|---|---|---|---|---|---|
| ACS EDUCATION SERVICES | (800)-835-6511 | FFEL Consolidated | 11/03/2005 | $30,179 | N/A |

## WHAT YOU NEED TO KNOW:

### Three-Year Post-Discharge Monitoring Period and Conditions for Reinstatement:

APP. 198

- You sign a statement acknowledging that the new loan or TEACH Grant service obligation cannot be discharged in the future on the basis of any injury or illness present at the time the new loan or TEACH Grant is made unless your condition substantially deteriorates so that you are again totally and permanently disabled

In addition, if you request a new Direct Loan, Perkins Loan, or TEACH Grant at any time during the 3-year post-discharge monitoring period described above, you must resume payment on the previously discharged loan or acknowledge that you are once again subject to the terms of your TEACH Grant service obligation before you can receive the new loan or TEACH Grant.

**Tax Implications after Approval and Discharge of Your Loan Balances:**

The Department reports the discharge of any loan debt totaling $600.00 or more to the Internal Revenue Service (IRS) for the year that the loan was discharged. If your loans are discharged we will send you an IRS Form 1099-C that will identify the total amount of your discharged debt. The amount of the discharged debt will be considered income for federal tax purposes and possibly for state tax purposes. You may want to consult with a tax professional to determine how this may affect your personal taxes.

**HOW TO CONTACT US:**

Written correspondence can be sent to:

U.S. Department of Education
P.O. Box 87130
Lincoln, NE 68501-7130

In addition, you can visit www.disabilitydischarge.com to check the status of your discharge application, upload any supporting documentation that we may request from you, and/or update your personal information.

If you have questions, you can call us seven days a week at 888.303.7818 from 8:00 a.m. to 8:00 p.m. (Eastern), or you can email us at disabilityinformation@nelnet.net. If you are hearing impaired, you may web chat with a representative by visiting www.disabilitydischarge.com and clicking Chat Now.

Sincerely,

Nelnet Total and Permanent Disability Servicer



RETURN SERVICE REQUESTED

nelnet.

*Your Student Loan Servicer*

Fed and Perkins Ancillary Servicing Unit | P.O. Box 82730 | Lincoln, Nebraska 68501-7130

U.S. Department of Education
Information about your Federal Student Loans

577 LINCP4P1  33810

PRSRTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
USA

February 05, 2015



**U.S. Department of Education**
Information about your federal student loan

Total and Permanent Disability Servicing Unit

>13251 4986266 001 008187

TAMIKA PEELE
PO BOX 8106
FORT LAUDERDALE, FL 33310



Account Number: ⬛⬛⬛⬛⬛⬛

Dear TAMIKA PEELE:

As we notified you in a previous letter, the U.S. Department of Education (the Department) approved your Total and Permanent Disability (TPD) discharge application requesting discharge of your William D. Ford Federal Direct Loan (Direct Loan) Program loan, Federal Family Education Loan (FFEL) Program loan, Federal Perkins Loan (Perkins Loan) Program loan, and/or your Teacher Education Assistance for College and Higher Education (TEACH) Grant Program service obligation, and you entered into a three-year post-discharge monitoring period. Throughout this letter, we will use the terms "you" and "your" to refer to the disabled individual who applied for discharge, TAMIKA PEELE.

Nelnet assists the Department in administering the TPD discharge process, and we will communicate with you on behalf of the Department concerning your discharge request.

<u>WHAT YOU NEED TO KNOW:</u>

This is for your information only and no further action is needed on your part.

On a yearly basis, U.S. Department of Health and Human Services updates the Poverty Guidelines. During your three-year post-discharge monitoring period we notify you when the Poverty Guidelines have changed. This letter is only to notify you of the change in the Poverty Guidelines. There is no change in the status of your TPD discharge. For information on how the Poverty Guidelines are used during the three-year post-discharge monitoring period, refer to the previous letter that we sent.

<u>NEW POVERTY GUIDELINE AMOUNT</u>

The Poverty Guideline amount for a family of two in FL for 2015 is $15,930.00.

<u>ADDITIONAL INFORMATION:</u>

Additional information regarding the poverty guidelines and the three-year monitoring period can be found by visiting www.disabilitydischarge.com or calling 888-303-7818.

Sincerely,

Nelnet Total and Permanent Disability Servicer

APP.201   T17

13251 4986266 013252 013252 00001/00001

February 15, 2016







>17117 6143258 001 008187

TAMIKO PEELE
PO BOX 8106
FORT LAUDERDALE, FL 33310

Account Number: 1274983

Dear TAMIKO PEELE:

As we notified you in a previous letter, the U.S. Department of Education (the Department) approved your Total and Permanent Disability (TPD) discharge application requesting discharge of your William D. Ford Federal Direct Loan (Direct Loan) Program loan, Federal Family Education Loan (FFEL) Program loan, Federal Perkins Loan (Perkins Loan) Program loan, and/or your Teacher Education Assistance for College and Higher Education (TEACH) Grant Program service obligation, and you entered into a three-year post-discharge monitoring period. Throughout this letter, we will use the terms "you" and "your" to refer to the disabled individual who applied for discharge, TAMIKO PEELE.

Nelnet assists the Department in administering the TPD discharge process, and we will communicate with you on behalf of the Department concerning your discharge request.

WHAT YOU NEED TO KNOW:

This is for your information only and no further action is needed on your part.

On a yearly basis, U.S. Department of Health and Human Services updates the Poverty Guidelines. During your three-year post-discharge monitoring period we notify you when the Poverty Guidelines have changed. This letter is only to notify you of the change in the Poverty Guidelines. There is no change in the status of your TPD discharge. For information on how the Poverty Guidelines are used during the three-year post-discharge monitoring period, refer to the previous letter that we sent.

NEW POVERTY GUIDELINE AMOUNT

The Poverty Guideline amount for a family of two in FL for 2016 is $16,020.00.

ADDITIONAL INFORMATION:

Additional information regarding the poverty guidelines and the three-year monitoring period can be found by visiting **www.disabilitydischarge.com** or calling 888-303-7818.

Sincerely,

Nelnet Total and Permanent Disability Servicer

APP.202   T17

**SECTION 6: IMPORTANT NOTICES**

Privacy Act Notice. The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authorities for collecting the requested information from and about you are §421 et seq., §451 et seq.,§461 et seq., and §420L et seq. of the Higher Education Act of 1965, as amended (the HEA) (20 U.S.C. 1071 et seq., 20 U.S.C. 1087a et seq., 20 U.S.C. 1087aa et seq., and 20 U.S.C. 1070g et seq.) and the authorities for collecting and using your Social Security Number (SSN) are §§428B(f) and 484(a)(4) of the HEA (20 U.S.C. 1078-2(f) and 1091(a)(4)) and §31001(i)(1) of the Debt Collection Improvement Act of 1996 (31 U.S.C. 7701(c)). Participating in the Federal Family Education Loan (FFEL) Program, the William D. Ford Federal Direct Loan (Direct Loan) Program, the Federal Perkins Loan (Perkins Loan) Program, and/or the Teacher Education Assistance for College and Higher Education (TEACH) Grant Program and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a FFEL, Direct Loan, and/or Perkins Loan program loan or a TEACH Grant, to receive a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) or a discharge of a TEACH Grant service obligation, to permit the servicing of your loan(s) or TEACH Grant(s), and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) become delinquent or in default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case-by-case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices.

For a loan or for a TEACH Grant that has not been converted to a Direct Unsubsidized Loan, the routine uses of the information that we collect about you include, but are not limited to, its disclosure to federal, state, or local agencies, to institutions of higher education, and to third party servicers to determine your eligibility to receive a loan or a TEACH Grant, to investigate possible fraud, and to verify compliance with federal student financial aid program regulations.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to qualified researchers under Privacy Act safeguards. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

For a loan, including a TEACH Grant that has been converted to a Direct Unsubsidized Loan, the routine uses of this information also include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to creditors, to financial and educational institutions, and to guaranty agencies to verify your identity, to determine your program eligibility and benefits, to permit making, servicing, assigning, collecting, adjusting, or discharging your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, to locate you if you become delinquent in your loan payments or if you default, or to verify whether your debt qualifies for discharge or cancellation. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state or local agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment status, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

Paperwork Reduction Notice. According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average 0.5 hours (30 minutes) per response, including the time for reviewing instructions, searching existing data resources, gathering and maintaining the data needed, and completing and reviewing the information collection. Individuals are obligated to respond to this collection to obtain a benefit in accordance with 34 CFR 674.61(b) or (c), 34 CFR 682.402(c)(2) or (c)(9), 34 CFR 685.213(b) or (c), and 34 CFR 685.42(b). Send comments regarding the burden estimate(s) or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Education, 400 Maryland Avenue, SW, Washington, DC 20210-4537, or e-mail ICDocketMgr@ed.gov and reference OMB Control Number 1845-0065. IMPORTANT: Do NOT return the completed Post-Discharge Monitoring form to this address. If you return the completed form to this address, it will delay the processing of your request.

If you have comments or concerns regarding the status of your individual submission of this form, contact the U.S. Department of Education at 1-888-303-7818.

APP.203

February 07, 2016



EDUCATION PLANNING & FINANCING



U.S. Department of Education
Information about your federal student loan



Total and Permanent Disability Servicing Unit

>01528 6119588 001 008187

TAMIKO PEELE
PO BOX 8106
FORT LAUDERDALE, FL 33310



Account Number: 1274983

BM2



OMB No. 1845-0065
Form Approved
Exp. Date 6/30/2016

**Total and Permanent Disability Discharge: Post-Discharge Monitoring**

William D. Ford Federal Direct Loan (Direct Loan) Program / Federal Family Education Loan (FFEL) Program/ Federal Perkins Loan (Perkins) Program / Teacher Education Assistance for College and Higher Education (TEACH) Grant Program

Use this form to provide documentation of your annual earnings from employment during the post-discharge monitoring period.
**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form or on any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

TPD PDM

**SECTION 1: APPLICANT IDENTIFICATION**

Please enter or correct the following information.
☐ Check this box if any of your information has changed.

TAMIKO PEELE
PO BOX 8106
Fort Lauderdale, FL  33310

Account Number: 1274983

SSN
Name
Address
City, State, Zip Code
Telephone (   )
E-mail Address (Optional)

**SECTION 2: DOCUMENTATION OF EARNED INCOME**

Type or print using dark ink. Enter dates as month-day-year (mm-dd-yyyy). Use only numbers. Example: January 31, 2013 = 01-31-2013. Include your name and Social Security Number on any documentation that you submit with this form. If you need help completing this form, contact the U.S. Department of Education at: 888-303-7818. Throughout this form, the words "we" and "us" refer to the U.S. Department of Education. To submit this form, send it to:

U.S. Department of Education, TPD Servicing, P.O. Box 87130, Lincoln, NE 68501-7130.

Your obligation to repay a discharged loan or complete a discharged TEACH Grant service obligation will be reinstated if you receive annual earnings from employment above the poverty guideline for a family size of two, regardless of your actual family size, for any of the three years following the date on which your loans and/or TEACH Grant service obligations were discharged. The poverty guidelines are established annually by the U.S. Department of Health and Human Services, and are available online at: aspe.hhs.gov/poverty. For 2016, the poverty guidelines for a family size of two are as follows:

*family size is —7*   *Discharge date incorrect shaded be 11-12-13*

| Family Size | 48 States & DC | Alaska | Hawaii |
|---|---|---|---|
| | $15,930.00 | $19,920.00 | $18,330.00 |

Note: If you do not reside in a U.S. state or DC, we will use the poverty guideline for the contiguous 48 states and DC.

Your post-discharge monitoring period begins the day after we grant a discharge of your loans or TEACH Grant service obligation, and ends three years from that date. Each year, for three years, we will ask for information about your annual earnings from employment for a 12-month period that is based on the date that your post-discharge monitoring period began.

1. Complete item 2, based on the following period: | 0 | 1 | - | 0 | 8 | - | 2 | 0 | 1 | 5 | through | 0 | 1 | - | 0 | 7 | - | 2 | 0 | 1 | 6 |

2. Did you have income *earned from employment* during the period described in Item 1? Income from employment includes (1) wages, tips, or other taxable employee pay, or (2) earnings from self-employment. Do not include untaxed income such as Supplemental Security Income, child support, or federal or state public assistance or other unearned income such as income from interest or dividends.

☐ Yes—You must provide documentation of all income you receive from employment or self-employment. See Acceptable Documentation below.
☑ No—By signing this form, you are certifying that you had no earned income from employment for the period described in Item 1. Continue to Section 3.

**Acceptable Documentation**

Do not provide documentation of unearned income, such as income from interest or dividends. Do not report untaxed income, such as Supplemental Security Income, child support, or federal or state public assistance.

▪ You must provide one piece of supporting documentation for each source of income earned from employment. For example, documentation includes a federal or state income tax return, a W-2, a federal income tax return transcript, an earnings statement from the Social Security Administration, an earnings statement from a state or local agency, or a pay stub from any employment.
▪ Unless the frequency is clearly indicated on the documentation that you provide, write on your documentation how often you receive the income, for example, "twice per month" or "every other week".
▪ If you are submitting documentation of income that you receive on a calendar-year basis, but a portion of the income in the documentation is outside of the period described in Item 1, write on your documentation the amount of the income that you received during the period described in Item 1.
▪ Copies of original documentation are acceptable.
▪ If no documentation of your earned income is available, submit a signed statement explaining the amount and source of your source of earned income.

**SECTION 3: APPLICANT UNDERSTANDINGS AND CERTIFICATION**

▪ I understand that: I may be required to repay my discharged loans and/or complete my discharged TEACH Grant service obligation if, during the three-year post-discharge monitoring period, which begins on the date that I receive a discharge, (1) I receive annual earnings from employment that exceed the poverty guideline amount for a family of two in my state, regardless of my actual family size; (2) I receive a new loan under the Direct Loan or Perkins Loan Program or a new TEACH Grant; (3) I receive a disbursement of a Direct Loan, Perkins Loan, or TEACH Grant that was initially disbursed prior to my discharge date and I fail to ensure that the disbursement is returned to the loan holder or (for a TEACH Grant) to the U.S. Department of Education within 120 days of the disbursement date; or (4) the Social Security Administration determines that I am no longer disabled or changes my continuing disability review period to a period that is shorter than 5½ years or more, after I had been previously determined to be disabled by the Social Security Administration and was receiving SSDI or SSI benefits with a continuing disability review period of 5–7 years or more.
▪ I certify that all of the information I have provided on this form and in any accompanying documentation is true, complete, and correct to the best of my knowledge and belief. *My loans have discharge date of 11-12-13. Review period ends 11-12-16*

Applicant's or Representative's Signature          *9-21-16* Date          Printed Name of Representative (if applicable)

APP.205

**SECTION 4: DEFINITIONS**

- A discharge of a loan due to a total and permanent disability cancels your obligation (and, if applicable, an endorser's obligation) to repay the remaining balance on your FFEL, Perkins Loan, and/or Direct Loan program loans.

- The post-discharge monitoring period begins on the date the U.S. Department of Education grants a discharge of your loan or TEACH Grant service obligation and lasts for three years. If you fail to meet certain conditions at any time during or at the end of the post-discharge monitoring period, the U.S. Department of Education will reinstate your obligation to repay your loan or complete your TEACH Grant service. See Section 5 for more information.

- The William D. Ford Federal Direct Loan (Direct Loan) Program includes Direct Subsidized Loans, Direct Unsubsidized Loans, Direct PLUS Loans, and Direct Consolidation Loans.

- The Federal Perkins (Perkins) Loan Program includes Federal Perkins Loans, National Direct Student Loans (NDSL), and National Defense Student Loans (Defense Loan).

- The Teacher Education Assistance for College (TEACH) Grant provides grants to students who agree to teach full time for at least four years in high-need fields in low-income elementary or secondary schools as a condition for receiving the grant funds. If a TEACH Grant recipient does not complete the required teaching service within eight years after completing the program of study for which the TEACH Grant was received, the TEACH Grant funds are converted to a Direct Unsubsidized Loan that the grant recipient must repay in full, with interest, to the U.S. Department of Education.

- A representative is a member of your family, your attorney, a law firm or legal aid society, or another individual or organization authorized to act on your behalf in connection with your total and permanent disability discharge application.

**SECTION 5: IMPORTANT INFORMATION ABOUT THE POST-DISCHARGE MONITORING PERIOD AND REINSTATEMENT**

POST-DISCHARGE MONITORING PERIOD

If you were granted a discharge, we will monitor your status during the 3-year post-discharge monitoring period that begins on the date the discharge is granted. We will reinstate your obligation to repay your loan(s) and/or to complete your TEACH Grant service if, at any time during the post-discharge monitoring period, you:

- Receive annual earnings from employment that exceed the poverty guideline amount for a family of two in your state, regardless of your actual family size;
- Receive a new loan under the Direct Loan Program or Perkins Loan Program, or a new TEACH Grant;
- Receive a disbursement of a Direct Loan, Perkins Loan, or TEACH Grant that was initially disbursed prior to your discharge date and fail to ensure that the disbursement is returned to the loan holder or (for a TEACH Grant) to us within 120 days of the disbursement date; or
- Receive a notice from the Social Security Administration (SSA) indicating that you are no longer disabled or that your continuing disability review will no longer be 5 to 7 years or more from the date of your last SSA disability determination (after you had been previously determined to be disabled by the SSA, were receiving SSDI or SSI benefits, and had a continuing disability review period of 5-7 years or more from the date of your last SSA disability determination).

During the 3-year post-discharge monitoring period, we will monitor the National Student Loan Data System (NSLDS) to determine whether you have received a new loan under the Direct Loan Program or the Perkins Loan Program or a TEACH Grant, or whether you have failed to ensure that a loan or TEACH Grant disbursement was returned to the loan holder or (for a TEACH Grant) to us within 120 days of the disbursement date.

During the 3-year post-discharge monitoring period, you (or your representative) must:

- Promptly notify us if your annual earnings from employment exceed the poverty guideline amount for a family of two in your state, regardless of your actual family size;
- Promptly notify us of any changes in your address or telephone number;
- Provide us with documentation of your annual earnings from employment, on a form that we will provide; and
- Promptly notify us if you had been previously determined to be disabled by the SSA, were receiving SSDI or SSI benefits, and had a continuing disability review period of 5 to 7 years or more from the date of your last SSA disability determination, but the SSA determines that you are no longer disabled or changes your continuing disability review period to a period that is shorter than 5 to 7 years.

REINSTATEMENT OF OBLIGATION TO REPAY A LOAN OR COMPLETE TEACH GRANT SERVICE

If you do not meet the requirements outlined above at any time during or at the end of the post-discharge monitoring period, we will reinstate your obligation to repay your loans and/or to complete your TEACH Grant service. If your loan is reinstated, you will be responsible for repaying your loans to us in accordance with the terms of your promissory note(s). Your loans will be returned to the status that would have existed if we had not received your total and permanent disability discharge application. However, you will not be required to pay interest on your loans for the period from the date of the discharge until the date your repayment obligation was reinstated. We will be your loan holder. If your TEACH Grant service obligation is reinstated, you will again be subject to the requirements of your TEACH Grant Agreement to Serve. If you do not meet the terms of that agreement and the TEACH Grant funds you received are converted to a Direct Unsubsidized Loan, you must repay that loan in full, and interest will be charged from the date(s) that the TEACH Grant funds were disbursed. If your obligation to repay your loans or complete your TEACH Grant service obligation is reinstated, we will notify you of the reinstatement. This notification will include:

- The reason or reasons for the reinstatement;
- For loans, an explanation that the first payment due date on the loan following the reinstatement will be no earlier than 60 days following the date of the notification of reinstatement; and
- Information on how you may contact us if you have questions about the reinstatement, or if you believe that your obligation to repay a loan or complete TEACH Grant service was reinstated based on incorrect information.

APP.206

March 08, 2016



**EDUCATION PLANNING & FINANCING**



**U.S. Department of Education**
Information about your federal student loan



>03120  6208330  001  008187

TAMIKO PEELE
PO BOX 8106
FORT LAUDERDALE, FL 33310

Account Number: 1274983

See attached

APP.207     BM3

OMB No. 1845-0065
Form Approved
Exp. Date 6/30/2016



TPD PDM

**Total and Permanent Disability Discharge: Post-Discharge Monitoring**

William D. Ford Federal Direct Loan (Direct Loan) Program / Federal Family Education Loan (FFEL) Program / Federal Perkins Loan (Perkins) Program / Teacher Education Assistance for College and Higher Education (TEACH) Grant Program

Use this form to provide documentation of your annual earnings from employment during the post-discharge monitoring period.

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form or on any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

**SECTION 1: APPLICANT IDENTIFICATION**

Please enter or correct the following information.
☐ Check this box if any of your information has changed.

TAMIKO PEELE
PO BOX 8106
Fort Lauderdale, FL 33310

Account Number: 1274983

SSN
Name
Address
City, State, Zip Code
Telephone (    )
E-mail Address (Optional)

*(handwritten notations across form)*

**SECTION 2: DOCUMENTATION OF EARNED INCOME**

Type or print using dark ink. Enter dates as month-day-year (mm-dd-yyyy). Use only numbers. Example: January 31, 2013 = 01-31-2013. Include your name and Social Security Number on any documentation that you submit with this form. If you need help completing this form, contact the U.S. Department of Education at: 888-303-7818. Throughout this form, the words "we" and "us" refer to the U.S. Department of Education. To submit this form, send it to:

U.S. Department of Education, TPD Servicing, P.O. Box 87130, Lincoln, NE 68501-7130.

Your obligation to repay a discharged loan or complete a discharged TEACH Grant service obligation will be reinstated if you receive annual earnings from employment above the poverty guideline for a family size of two, regardless of your actual family size, for any of the three years following the date on which your loans and/or TEACH Grant service obligations were discharged. The poverty guidelines are established annually by the U.S. Department of Health and Human Services, and are available online at: aspe.hhs.gov/poverty. For 2016, the poverty guidelines for a family size of two are as follows:

| Family Size | 48 States & DC | Alaska | Hawaii |
|---|---|---|---|
| 2 | $15,930.00 | $19,920.00 | $18,330.00 |

Note: If you do not reside in a U.S. state or DC, we will use the poverty guideline for the contiguous 48 states and DC.

Your post-discharge monitoring period begins the day after we grant a discharge of your loans or TEACH Grant service obligation, and ends three years from that date. Each year, for three years, we will ask for information about your annual earnings from employment for a 12-month period that is based on the date that your post-discharge monitoring period began.

1. Complete Item 2, based on the following period: 0 1 - 0 8 - 2 0 1 5 through 0 1 - 0 7 - 2 0 1 6

2. Did you have income *earned from employment* during the period described in Item 1? Income from employment includes (1) wages, tips, or other taxable employee pay, or (2) earnings from self-employment. Do not include untaxed income such as Supplemental Security Income, child support, or federal or state public assistance or other unearned income such as income from interest or dividends.
   ☐ Yes—You must provide documentation of all income you receive from employment or self-employment. See Acceptable Documentation below.
   ☐ No—By signing this form, you are certifying that you had no earned income from employment for the period described in Item 1. Continue to Section 3.

**Acceptable Documentation**

Do not provide documentation of unearned income, such as income from interest or dividends. Do not report untaxed income, such as Supplemental Security Income, child support, or federal or state public assistance.

▫ You must provide one piece of supporting documentation for each source of income earned from employment. For example, documentation includes a federal or state income tax return, a W-2, a federal income tax return transcript, an earnings statement from the Social Security Administration, an earnings statement from a state or local agency, or a pay stub from any employment.

▫ Unless the frequency is clearly indicated on the documentation that you provide, write on your documentation how often you receive the income, for example, "twice per month" or "every other week".

▫ If you are submitting documentation of income that you receive on a calendar-year basis, but a portion of the income in the documentation is outside of the period described in Item 1, write on your documentation the amount of the income that you received during the period described in Item 1.

▫ Copies of original documentation are acceptable.

▫ If no documentation of your earned income is available, submit a signed statement explaining the amount and source of your source of earned income.

**SECTION 3: APPLICANT UNDERSTANDINGS AND CERTIFICATION**

▫ I understand that: I may be required to repay my discharged loans and/or complete my discharged TEACH Grant service obligation if, during the three-year post-discharge monitoring period, which begins on the date that I receive a discharge, (1) I receive annual earnings from employment that exceed the poverty guideline amount for a family of two in my state, regardless of my actual family size; (2) I receive a new loan under the Direct Loan or Perkins Loan Program or a new TEACH Grant; (3) I receive a disbursement of a Direct Loan, Perkins Loan, or TEACH Grant that was initially disbursed prior to my discharge date and I fail to ensure that the disbursement is returned to the loan holder or (for a TEACH Grant) to the U.S. Department of Education within 120 days of the disbursement date; or (4) the Social Security Administration determines that I am no longer disabled or changes my continuing disability review period to a period that is shorter than 5-7 years or more, after I had been previously determined to be disabled by the Social Security Administration and was receiving SSDI or SSI benefits with a continuing disability review period of 5-7 years or more.

▫ I certify that all of the information I have provided on this form and in any accompanying documentation is true, complete, and correct to the best of my knowledge and belief. *(handwritten notations)*

_____ Date _____ Printed Name of Representative

Applicant's or Representative's Signature

APP. 208

OMB No. 1845-0065
Form Approved
Exp. Date 6/30/2016



**Total and Permanent Disability Discharge: Post-Discharge Monitoring**

William D. Ford Federal Direct Loan (Direct Loan) Program / Federal Family Education Loan (FFEL) Program/ Federal Perkins Loan (Perkins) Program / Teacher Education Assistance for College and Higher Education (TEACH) Grant Program

Use this form to provide documentation of your annual earnings from employment during the post-discharge monitoring period.

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form or on any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

TPD PDM

**SECTION 1: APPLICANT IDENTIFICATION**

Please enter or correct the following information.
☐ Check this box if any of your information has changed.

TAMIKO PEELE
PO BOX 8106
Fort Lauderdale, FL 33310

Account Number:1274983

| | |
|---|---|
| SSN | |
| Name | |
| Address | *See below* |
| City, State, Zip Code | |
| Telephone | ( ) |
| E-mail Address (Optional) | |

**SECTION 2: DOCUMENTATION OF EARNED INCOME**

Type or print using dark ink. Enter dates as month-day-year (mm-dd-yyyy). Use only numbers. Example: January 31, 2013 = 01-31-2013. Include your name and Social Security Number on any documentation that you submit with this form. If you need help completing this form, contact the U.S. Department of Education at: 888-303-7818. Throughout this form, the words "we" and "us" refer to the U.S. Department of Education. To submit this form, send it to:

**U.S. Department of Education, TPD Servicing, P.O. Box 87130, Lincoln, NE 68501-7130.**

Your obligation to repay a discharged loan or complete a discharged TEACH Grant service obligation will be reinstated if you receive annual earnings from employment above the poverty guideline for a family size of two, regardless of your actual family size, for any of the three years following the date on which your loans and/or TEACH Grant service obligations were discharged. The poverty guidelines are established annually by the U.S. Department of Health and Human Services, and are available online at: aspe.hhs.gov/poverty. For 2016, the poverty guidelines for a family size of two are as follows:

*Inaccurate Still*

| Family Size | 48 States & DC | Alaska | Hawaii |
|---|---|---|---|
| 2 | $16,020.00 | $20,020.00 | $18,430.00 |

Note: If you do not reside in a U.S. state or DC, we will use the poverty guideline for the contiguous 48 states and DC.

Your post-discharge monitoring period begins the day after we grant a discharge of your loans or TEACH Grant service obligation, and ends three years from that date. Each year, for three years, we will ask for information about your annual earnings from employment for a 12-month period that is based on the date that your post-discharge monitoring period began.

1. Complete Item 2, based on the following period: `0 1 - 0 8 - 2 0 1 5` through `0 1 - 0 7 - 2 0 1 6`

2. Did you have income *earned from employment* during the period described in Item 1? Income from employment includes (1) wages, tips, or other taxable employee pay, or (2) earnings from self-employment. Do not include untaxed income such as Supplemental Security Income, child support, or federal or state public assistance or other unearned income such as income from interest or dividends.
   ☐ Yes—You must provide documentation of all income you receive from employment or self-employment. See Acceptable Documentation below.
   ☐ No—By signing this form, you are certifying that you had no earned income from employment for the period described in Item 1. Continue to Section 3.

**Acceptable Documentation**

Do not provide documentation of unearned income, such as income from interest or dividends. Do not report untaxed income, such as Supplemental Security Income, child support, or federal or state public assistance.

- You must provide one piece of supporting documentation for each source of income earned from employment. For example, documentation includes a federal or state income tax return, a W-2, a federal income tax return transcript, an earnings statement from the Social Security Administration, an earnings statement from a state or local agency, or a pay stub from any employment.
- Unless the frequency is clearly indicated on the documentation that you provide, write on your documentation how often you receive the income, for example, "twice per month" or "every other week".
- If you are submitting documentation of income that you receive on a calendar-year basis, but a portion of the income in the documentation is outside of the period described in Item 1, write on your documentation the amount of income that you received during the period described in Item 1.
- Copies of original documentation are acceptable.
- If no documentation of your earned income is available, submit a signed statement explaining the amount and source of your source of earned income.

**SECTION 3: APPLICANT UNDERSTANDINGS AND CERTIFICATION**

- I understand that: I may be required to repay my discharged loans and/or complete my discharged TEACH Grant service obligation if, during the three-year post-discharge monitoring period, which begins on the date that I receive a discharge, (1) I receive annual earnings from employment that exceed the poverty guideline amount for a family of two in my state, regardless of my actual family size; (2) I obtain a new loan under the Direct Loan or Perkins Loan Program or a new TEACH Grant; (3) I receive a disbursement of a Direct Loan, Perkins Loan, or TEACH Grant that was initially disbursed prior to my discharge date and I fail to ensure that the disbursement is returned to the loan holder or (for a TEACH Grant) to the U.S. Department of Education within 120 days of the disbursement date; or (4) the Social Security Administration determines that I am no longer disabled or changes my continuing disability review period to a period that is shorter than 5-7 years or more, after I had been previously determined to be disabled by the Social Security Administration and was receiving SSDI or SSI benefits with a continuing disability review period of 5-7 years or more.
- I certify that all of the information I have provided on this form and in any accompanying documentation is true, complete, and correct to the best of my knowledge and belief.

*This was done: Sent via US mail on 2-21-16*

| | | |
|---|---|---|
| Applicant's or Representative's Signature *(signed)* | Date *3-18-16* | Printed Name of Representative (if applicable) *See original* |

APP. 209

Page 1 of 3

- A discharge of a loan due to a total and permanent disability cancels your obligation (and, if applicable, an endorser's obligation) to repay the remaining balance on your FFEL, Perkins Loan, and/or Direct Loan program loans.

- The post-discharge monitoring period begins on the date the U.S. Department of Education grants a discharge of your loan or TEACH Grant service obligation and lasts for three years. If you fail to meet certain conditions at any time during or at the end of the post-discharge monitoring period, the U.S. Department of Education will reinstate your obligation to repay your loan or complete your TEACH Grant service. See Section 5 for more information.

- The William D. Ford Federal Direct Loan (Direct Loan) Program includes Direct Subsidized Loans, Direct Unsubsidized Loans, Direct PLUS Loans, and Direct Consolidation Loans.

- The Federal Perkins (Perkins) Loan Program includes Federal Perkins Loans, National Direct Student Loans (NDSL), and National Defense Student Loans (Defense Loan).

- The Teacher Education Assistance for College (TEACH) Grant provides grants to students who agree to teach full time for at least four years in high-need fields in low-income elementary or secondary schools as a condition for receiving the grant funds. If a TEACH Grant recipient does not complete the required teaching service within eight years after completing the program of study for which the TEACH Grant was received, the TEACH Grant funds are converted to a Direct Unsubsidized Loan that the grant recipient must repay in full, with interest, to the U.S. Department of Education.

- A representative is a member of your family, your attorney, a law firm or legal aid society, or another individual or organization authorized to act on your behalf in connection with your total and permanent disability discharge application.

POST-DISCHARGE MONITORING PERIOD

If you were granted a discharge, we will monitor your status during the 3-year post-discharge monitoring period that begins on the date the discharge is granted. We will reinstate your obligation to repay your loan(s) and/or to complete your TEACH Grant service if, at any time during the post-discharge monitoring period, you:

- Receive annual earnings from employment that exceed the poverty guideline amount for a family of two in your state, regardless of your actual family size;
- Receive a new loan under the Direct Loan Program or Perkins Loan Program, or a new TEACH Grant;
- Receive a disbursement of a Direct Loan, Perkins Loan, or TEACH Grant that was initially disbursed prior to your discharge date and fail to ensure that the disbursement is returned to the loan holder or (for a TEACH Grant) to us within 120 days of the disbursement date; or
- Receive a notice from the Social Security Administration (SSA) indicating that you are no longer disabled or that your continuing disability review will no longer be 5 to 7 years or more from the date of your last SSA disability determination (after you had been previously determined to be disabled by the SSA, were receiving SSDI or SSI benefits, and had a continuing disability review period of 5-7 years or more from the date of your last SSA disability determination).

During the 3-year post-discharge monitoring period, we will monitor the National Student Loan Data System (NSLDS) to determine whether you have received a new loan under the Direct Loan Program or the Perkins Loan Program or a TEACH Grant, or whether you have failed to ensure that a loan or TEACH Grant disbursement was returned to the loan holder or (for a TEACH Grant) to us within 120 days of the disbursement date.

During the 3-year post-discharge monitoring period, you (or your representative) must:

- Promptly notify us if your annual earnings from employment exceed the poverty guideline amount for a family of two in your state, regardless of your actual family size;
- Promptly notify us of any changes in your address or telephone number;
- Provide us with documentation of your annual earnings from employment, on a form that we will provide; and
- Promptly notify us if you had been previously determined to be disabled by the SSA, were receiving SSDI or SSI benefits, and had a continuing disability review period of 5 to 7 years or more from the date of your last SSA disability determination, but the SSA determines that you are no longer disabled or changes your continuing disability review period to a period that is shorter than 5 to 7 years.

REINSTATEMENT OF OBLIGATION TO REPAY A LOAN OR COMPLETE TEACH GRANT SERVICE

If you do not meet the requirements outlined above at any time during or at the end of the post-discharge monitoring period, we will reinstate your obligation to repay your loans and/or to complete your TEACH Grant service. If your loan is reinstated, you will be responsible for repaying your loans to us in accordance with the terms of your promissory note(s). Your loans will be returned to the status that would have existed if we had not received your total and permanent disability discharge application. However, you will not be required to pay interest on your loans for the period from the date of the discharge until the date your repayment obligation was reinstated. We will be your loan holder. If your TEACH Grant service obligation is reinstated, you will again be subject to the requirements of your TEACH Grant Agreement to Serve. If you do not meet the terms of that agreement and the TEACH Grant funds you received are converted to a Direct Unsubsidized Loan, you must repay that loan in full, and interest will be charged from the date(s) that the TEACH Grant funds were disbursed. If your obligation to repay your loans or complete your TEACH Grant service obligation is reinstated, we will notify you of the reinstatement. This notification will include:

- The reason or reasons for the reinstatement;
- For loans, an explanation that the first payment due date on the loan following the reinstatement will be no earlier than 60 days following the date of the notification of reinstatement; and
- Information on how you may contact us if you have questions about the reinstatement, or if you believe that your obligation to repay a loan or complete TEACH Grant service was reinstated based on incorrect information.

**SECTION 6: IMPORTANT NOTICES**

**Privacy Act Notice.** The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authorities for collecting the requested information from and about you are §421 *et seq.*, §451 *et seq.*, §461 *et seq.*, and §420L *et seq.* of the Higher Education Act of 1965, as amended (the HEA) (20 U.S.C. 1071 *et seq.*, 20 U.S.C. 1087a *et seq.*, 20 U.S.C. 1087aa *et seq.*, and 20 U.S.C. 1070g *et seq.*) and the authorities for collecting and using your Social Security Number (SSN) are §§428B(f) and 484(a)(4) of the HEA (20 U.S.C. 1078-2(f) and 1091(a)(4)) of the Debt Collection Improvement Act of 1996 (31 U.S.C. 7701(c)). Participating in the Federal Family Education Loan (FFEL) Program, the William D. Ford Federal Direct Loan (Direct Loan) Program, the Federal Perkins Loan (Perkins Loan) Program, and/or the Teacher Education Assistance for College and Higher Education (TEACH) Grant Program and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a FFEL, Direct Loan, and/or Perkins Loan program loan or a TEACH Grant, to receive a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) or a discharge of a TEACH Grant service obligation, to permit the servicing of your loan(s) or TEACH Grant(s); and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) become delinquent or in default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case-by-case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices.

For a loan or for a TEACH Grant that has not been converted to a Direct Unsubsidized Loan, the routine uses of the information that we collect about you include, but are not limited to, its disclosure to federal, state, or local agencies, to institutions of higher education, and to third party servicers to determine your eligibility to receive a loan or a TEACH Grant, to investigate possible fraud, and to verify compliance with federal student financial aid program regulations.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

For a loan, including a TEACH Grant that has been converted to a Direct Unsubsidized Loan, the routine uses of this information also include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to creditors, to financial and educational institutions, and to guaranty agencies to verify your identity, to determine your program eligibility and benefits, to permit making, servicing, assigning, collecting, adjusting, or discharging your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, to locate you if you become delinquent in your loan payments or if you default, or to verify whether your debt qualifies for discharge or cancellation. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state or local agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment status, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

**Paperwork Reduction Notice.** According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average 0.5 hours (30 minutes) per response, including the time for reviewing instructions, searching existing data resources, gathering and maintaining the data needed, and completing and reviewing the information collection. Individuals are obligated to respond to this collection to obtain a benefit in accordance with 34 CFR 674.61(b) or (c), 34 CFR 682.402(c)(2) or (c)(9), 34 CFR 685.213(b) or (c), and 34 CFR 686.42(b). Send comments regarding the burden estimate(s) or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Education, 400 Maryland Avenue, SW, Washington, DC 20210-4537, or e-mail ICDocketMgr@ed.gov and reference OMB Control Number 1845-0065. **IMPORTANT: Do NOT return the completed Post-Discharge Monitoring form to this address. If you return the completed form to this address, it will delay the processing of your request.**

If you have comments or concerns regarding the status of *your individual submission* of this form, contact the U.S. Department of Education at 1-888-303-7818.

APP.211

OMB No. 1845-0065
Form Approved
Exp. Date 6/30/2016



**Total and Permanent Disability Discharge: Post-Discharge Monitoring**

William D. Ford Federal Direct Loan (Direct Loan) Program / Federal Family Education Loan (FFEL) Program/ Federal Perkins Loan (Perkins) Program / Teacher Education Assistance for College and Higher Education (TEACH) Grant Program

Use this form to provide documentation of your annual earnings from employment during the post-discharge monitoring period.

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form or on any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

TPD PDM

**SECTION 1: APPLICANT IDENTIFICATION**

*[handwritten:] # cease + desist there have been 4 firms cent dence feb 21, 2016 ; march 18, 2016 feb 21, 2017 ; today feb 21, 2018 but not limited to loans have been discharged as ___ TPD no ___ fraud unrecla*

Please enter or correct the following information.
☐ Check this box if any of your information has changed.

TAMIKO PEELE
PO BOX 8106
Fort Lauderdale, FL 33310

Account Number:1274983

SSN ☐☐☐ - ☐☐ - ☐☐☐☐
Name *[handwritten] Sex Offender*
Address
City, State, Zip Code
Telephone (   )
E-mail Address (Optional)

**SECTION 2: DOCUMENTATION OF EARNED INCOME**

Type or print using dark ink. Enter dates as month-day-year (mm-dd-yyyy). Use only numbers. Example: January 31, 2013 = 01-31-2013. Include your name and Social Security Number on any documentation that you submit with this form. If you need help completing this form, contact the U.S. Department of Education at: 888-303-7818. Throughout this form, the words "we" and "us" refer to the U.S. Department of Education. To submit this form, send it to:

U.S. Department of Education, TPD Servicing, P.O. Box 87130, Lincoln, NE 68501-7130.

Your obligation to repay a discharged loan or complete a discharged TEACH Grant service obligation will be reinstated if you receive annual earnings from employment above the poverty guideline for a family size of two, regardless of your actual family size, for any of the three years following the date on which your loans and/or TEACH Grant service obligations were discharged. The poverty guidelines are established annually by the U.S. Department of Health and Human Services, and are available online at: aspe.hhs.gov/poverty. For 2016, the poverty guidelines for a family of two are as follows:

*[handwritten:] inaccurate*

| Family Size | 48 States & DC | Alaska | Hawaii |
|---|---|---|---|
| 2 | $16,020.00 | $20,020.00 | $18,430.00 |

*[handwritten:] Discharged*

*Note: If you do not reside in a U.S. state or DC, we will use the poverty guideline for the contiguous 48 states and DC.

Your post-discharge monitoring period begins the day after we grant a discharge of your loans or TEACH Grant service obligation, and ends three years from that date. Each year, for three years, we will ask for information about your annual earnings from employment for a 12-month period that is based on the date that your post-discharge monitoring period began.

1. Complete item 2, based on the following period: [0][1] - [0][8] - [2][0][1][5] through [0][1] - [0][7] - [2][0][1][6]

2. Did you have income *earned from employment* during the period described in item 1? Income from employment includes (1) wages, tips, or other taxable employee pay, or (2) earnings from self-employment. Do not include untaxed income such as Supplemental Security income, child support, or federal or state public assistance or other unearned income such as income from interest or dividends.
☐ Yes—You must provide documentation of all income you receive from employment or self-employment. See Acceptable Documentation below.
☐ No—By signing this form, you are certifying that you had no earned income from employment for the period described in item 1. Continue to Section 3.

**Acceptable Documentation**

Do not provide documentation of unearned income, such as income from interest or dividends. Do not report untaxed income, such as Supplemental Security income, child support, or federal or state public assistance.

▫ You must provide one piece of supporting documentation for each source of income earned from employment. For example, documentation includes a federal or state income tax return, a W-2, a federal income tax return transcript, an earnings statement from the Social Security Administration, an earnings statement from a state or local agency, or a pay stub from any employment.

▫ Unless the frequency is clearly indicated on the documentation that you provide, write on your documentation how often you receive the income, for example, "twice per month" or "every other week".

▫ If you are submitting documentation of income that you receive on a calendar-year basis, but a portion of the income in the documentation is outside of the period described in item 1, write on your documentation the amount of the income that you received during the period described in item 1.

▫ Copies of original documentation are acceptable.

▫ If no documentation of your earned income is available, submit a signed statement explaining the amount and source of your source of earned income.

**SECTION 3: APPLICANT UNDERSTANDINGS AND CERTIFICATION**

▫ I understand that: I may be required to repay my discharged loans and/or complete my discharged TEACH Grant service obligation if, during the three-year post-discharge monitoring period, which begins on the date that I receive a discharge, (1) I receive annual earnings from employment that exceed the poverty guideline amount for a family of two in my state, regardless of my actual family size; (2) I receive a new loan under the Direct Loan or Perkins Loan Program or a new TEACH Grant; (3) I receive a disbursement of a Direct Loan, Perkins Loan, or TEACH Grant that was initially disbursed prior to my discharge date and I fail to ensure that the disbursement is returned to the loan holder or (for a TEACH Grant) to the U.S. Department of Education within 120 days of the disbursement date; or (4) the Social Security Administration determines that I am no longer disabled or changes my continuing disability review period to a period that is shorter than 5-7 years or more, after I had been previously determined to be disabled by the Social Security Administration and was receiving SSDI or SSI benefits with a continuing disability review period of 5-7 years or more.

▫ I certify that all of the information I have provided on this form and in any accompanying documentation is true, complete, and correct to the best of my knowledge and belief. *[handwritten:] This was done : Sent via US mail on 2-21-16-40*

Applicant's or Representative's Signature   *[handwritten signature]*   Date *[handwritten:] 3-18-16*   *[handwritten:] see original*   Printed Name of Representative (if applicable)

APP.212

Page 1 of 2.

**SENDER: COMPLETE THIS SECTION**

☑ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
☑ Print your name and address on the reverse so that we can return the card to you.
☑ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Independent Courier Agent for ACS   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Makena Lymen

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

acs
P.O. Box 7051
Utica NY 13504-7051

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7013 0600 0000 5205 3044

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

☑ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
☑ Print your name and address on the reverse so that we can return the card to you.
☑ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
BNY MELLON
CORPORATE MAIL CTR

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

DEC 31 2013

412-234-4820

1. Article Addressed to:

acs
P.O. Box 371834
Pittsburgh PA 15250

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7013 1090 0001 2562 2357

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

APP.213

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nelnet Inc
att. Michael Dunlap
121 South 13th Street
Lincoln NE 68508

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Weventes    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Anderson    6|9|14

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail  ☐ Priority Mail Express™
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)  7013 2070 0001 2562 2500

PS Form 3811, July 2013    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

US Dept of Education
P.O. Box 7130
Lincoln, NE 68501-7130

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail  ☐ Priority Mail Express™
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)  7013 1090 0001 2562 4726

PS Form 3811, July 2013    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

US Dept of Education
att. Miki Johnson
FSA Ombudsman Group
830 First Street, N.E.
mail stop 5144
Washington DC 20002 - 5144

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Smithman    4|08|14

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail  ☐ Priority Mail Express™
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)  7013 1090 0001 2562 4764

PS Form 3811, July 2013    Domestic Return Receipt

APP.214

**SENDER: COMPLETE THIS SECTION**

- ☑ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☑ Print your name and address on the reverse so that we can return the card to you.
- ☑ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Wells Fargo Corp Office
Attn: Timothy Stumpf
420 Montgomery Street
San Francisco CA 94163

3. Service Type
☐ Certified Mail   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)   7014 0510 0001 7898 2690

PS Form 3811, July 2013    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- ☑ Complete items 1, 2, and 3.
- ☑ Print your name and address on the reverse so that we can return the card to you.
- ☑ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Gary Delie ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Gary Delie

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:    DOE
Nelnet d/b/a TPD Services
Attn: Michael Dunlap
121 South 13th Street #201
Lincoln, NE 68508

3. Service Type
☐ Adult Signature ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail® ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Return Receipt for Merchandise
☐ Collect on Delivery ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

9590 9402 1782 6074 4592 10

2. Article Number (Transfer from service label)
7014 2870 0001 6403 6973

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nelnet, Inc(via mail)
Jeff Noordhoek
121 South 13th Street
Suite 201
Lincoln, NE 68508

9590 9403 0103 5077 7732 16

2. Article Number (Transfer from service label)

7015 1660 0001 0023 2084

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
3-20-17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ACS a Xerox Company
attn: Lynn Blodgett
2828 North Haskell Ave
Dallas TX 75204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
5-12

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
- ☐ Certified Mail®
- ☐ Registered
- ☐ Insured Mail
- ☐ Priority Mail Express™
- ☐ Return Receipt for Merchandise
- ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7013 1090 0001 2562 2494

PS Form 3811, July 2013   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ACS
Lynn Blodgett
P.O. Box 371834
Pittsburgh PA 15250-7834

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
BNY MELLON

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
- ☒ Certified Mail®
- ☐ Registered
- ☐ Insured Mail
- ☐ Priority Mail Express™
- ☐ Return Receipt for Merchandise
- ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7013 1090 0001 2562 2401

PS Form 3811, July 2013   Domestic Return Receipt

APP.216



**TPD-APP**

# DISCHARGE APPLICATION: TOTAL AND PERMANENT DISABILITY

William D. Ford Federal Direct Loan (Direct Loan) Program / Federal Family Education Loan (FFEL) Program / Federal Perkins Loan (Perkins Loan) Program / TEACH Grant Program

OMB No. 1845-0065
Form Approved
Exp. Date 09/30/2019

This is an application for a total and permanent disability discharge of your Direct Loan, FFEL, and/or Perkins Loan program loan(s), and/or your Teacher Education Assistance for College and Higher Education (TEACH) Grant Program service obligation.

Throughout this application, the words "we," "us," and "our" refer to the U.S. Department of Education.

Make sure that Section 2, Section 3, and (if required) Section 4 include all requested information. Incomplete or inaccurate information may cause your application to be delayed or rejected.

To qualify for this discharge, you must submit documentation from one of the following sources:

1. The U.S. Department of Veterans Affairs (VA) OR
2. The Social Security Administration (SSA) OR
3. A physician's certification in Section 4 of this form

Except for VA or SSA determinations described below, a disability determination by another federal or state agency does not qualify you for this discharge.

### U.S. Department of Veterans Affairs Documentation

If you are a veteran who has been determined by the VA to be unemployable due to a service-connected disability, you may qualify for discharge by providing documentation from the VA showing that you have received one of the following two types of VA disability determinations:

1. A determination that you have a service-connected disability (or disabilities) that is 100% disabling.
2. A determination that you are totally disabled based on an individual unemployability rating.

You do not qualify for discharge based on a VA disability determination if your disability is not service-connected.

### Social Security Administration Documentation

If you are eligible for Social Security Disability Insurance (SSDI) or Supplemental Security Income (SSI), you may qualify for discharge by providing a copy of your notice of award or Benefits Planning Query (BPQY) from the SSA. You only qualify for a discharge based on this documentation if it shows that your next scheduled disability review will be 5 to 7 years or more from the date of your last SSA disability determination.

If you want to submit a BPQY but do not have one, contact the SSA office that issued your award and request form SSA-2459. You may also request a BPQY by calling 1-800-772-1213 or by visiting www.ssa.gov.

If you are granted a discharge based on SSA documentation, we will monitor your status during a 3-year monitoring period. Your discharged loans or TEACH Grant service obligation may be reinstated if you do not meet certain requirements, as explained in Section 6 of this form.

### Physician Certification

You may qualify for discharge by having a physician complete Section 4 of this application. The physician must certify that you are unable to engage in any substantial gainful activity (see definition in Section 5) by reason of a medically determinable physical or mental impairment that:

1. Can be expected to result in death;
2. Has lasted for a continuous period of at least 60 months; or
3. Can be expected to last for a continuous period of at least 60 months.

If you are granted a discharge based on a physician's certification, we will monitor your status during a 3-year monitoring period. Your discharged loans or TEACH Grant service obligation may be reinstated if you do not meet certain requirements, as explained in Section 6 of this form.

### Important Tax Information

Loan amounts discharged due to total and permanent disability may be considered taxable income by the Internal Revenue Service (IRS). Contact the IRS for more information.

### How to Designate Someone to Represent You

If you wish to designate an individual or organization to represent you in matters related to your total and permanent disability discharge request, you must complete the Applicant Representative Designation: Total and Permanent Disability form. You may obtain this form from our Total and Permanent Disability Discharge Servicer (see below for contact information).

### WHERE TO SEND YOUR COMPLETED APPLICATION AND DOCUMENTATION

U.S. Department of Education - TPD Servicing
P.O. Box 87130
Lincoln, NE 68501-7130
Fax: 303-696-5250

### IF YOU NEED HELP COMPLETING THE APPLICATION

Phone: 1-888-303-7818 (TTY: dial 711, then phone no.)
Email: disabilityinformation@nelnet.com
Website: www.disabilitydischarge.com

APP.217



**TPD-APP**

# DISCHARGE APPLICATION: TOTAL AND PERMANENT DISABILITY

William D. Ford Federal Direct Loan (Direct Loan) Program / Federal Family Education Loan (FFEL) Program / Federal Perkins Loan (Perkins Loan) Program / TEACH Grant Program

OMB No. 1845-0065
Form Approved
Exp. Date 09/30/2019

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form or on any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

## SECTION 1: APPLICANT INFORMATION

Please enter or correct the following information.

☐ Check this box if any of your information has changed.

| | |
|---|---|
| SSN | |
| Date of Birth | 10/27/1976 |
| Name | Tamiko N Peele |
| Address | P.O. Box 8106 |
| City | Fort Lauderdale   State FL   Zip Code 33310 |
| Telephone - Primary | 954-709-0102 |
| Telephone - Alternate | same as above |
| Email (Optional) | N/A |

## SECTION 2: TOTAL AND PERMANENT DISABILITY INFORMATION

Carefully read the entire application. Type or print in dark ink. Sign and date the application in Section 3.

1. Are you a veteran who has received a determination from the U.S. Department of Veterans Affairs (VA) that you are unemployable due to a service-connected disability?

   ☐ Yes - Attach documentation of the VA determination and complete Section 3. You do not need to have a physician complete Section 4.

   ☒ No - Continue to Item 2.

2. Are you currently receiving SSDI or SSI benefits, and does your most recent notice of award of Benefits Planning Query (BPQY) from the SSA state that your next scheduled disability review will be 5 to 7 years or more from the date of your last SSA disability determination?

   ☒ Yes - Attach a copy of your most recent SSA notice of award or BPQY and complete Section 3. You do not need to have a physician complete Section 4.

   ☐ No - Complete Section 3 and have a physician complete and sign Section 4.

## SECTION 3: APPLICANT'S REQUEST, AUTHORIZATION, UNDERSTANDINGS, AND CERTIFICATIONS

I request that the U.S. Department of Education discharge my Direct Loan, FFEL, and/or Perkins Loan program loan(s), and/or my TEACH Grant service obligation.

I authorize any physician, hospital, or other institution having records about the disability that is the basis for my request for a discharge to make information from those records available to the U.S. Department of Education.

I understand that:

1. If I am applying for a discharge based on a physician's certification in Section 4, I must submit this application to the U.S. Department of Education within 90 days of the date of my physician's signature in Section 4.

2. If I am a veteran who answered No to Item 1 in Section 2, and I obtained a certification from a physician in Section 4, that certification is only for purposes of determining my eligibility for a discharge of my loan(s) or TEACH Grant service obligation, and is not for purposes of determining my eligibility for, or the extent of my eligibility for, VA benefits.

I certify that: (1) I have a total and permanent disability, as defined in Section 5; and (2) I have read and understand the information in Sections 6 and 7.

APP.218

| | | |
|---|---|---|
| _(signature)_ | 08/25/2020   _Peele_ | |
| Applicant's or Representative's Signature | Date | Representative Name (if applicable) |

**NOTE:** You may designate someone to represent you in matters related to your application. If you wish to designate a representative, you must complete the Applicant Representative Designation: Total and Permanent Disability form.

Page 2 of 8

## SECTION 8: WHERE TO SEND THE COMPLETED DISCHARGE APPLICATION

Return the completed form and any documentation to:

U.S. Department of Education - TPD Servicing
P.O. Box 87130
Lincoln, NE 68501-7130
Fax to: 303-696-5250
Email to: disabilityinformation@nelnet.com

If you need help completing this form, contact us:

Phone: 1-888-303-7818 (TTY: dial 771, then phone no.)
Email: disabilityinformation@nelnet.com
Website: www.disabilitydischarge.com

## SECTION 9: IMPORTANT NOTICES

**Privacy Act Notice.** The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authorities for collecting the requested information from and about you are §421 et seq., §451 et seq., §461, or §420L of the Higher Education Act of 1965, as amended (20 U.S.C. 1071 et seq., 20 U.S.C. 1087a et seq., 20 U.S.C. 1087aa et seq., or 20 U.S.C. 1070g et seq.) and the authorities for collecting and using your Social Security Number (SSN) are §§428B(f) and 484(a)(4) of the HEA (20 U.S.C. 1078-2(f) and 1091(a)(4)) and 31 U.S.C. 7701(b). Participating in the Direct Loan, FFEL, Perkins Loan, or TEACH Grant program and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the Direct Loan, FFEL, Federal Perkins Loan or TEACH Grant Programs, to permit the servicing of your loans, and, if it becomes necessary, to locate you and to contact and report on your loans if your loans become delinquent or default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case-by-case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loans, to enforce the terms of the loans, to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions.

To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment statuses, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

**Paperwork Reduction Notice.** According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless such collection displays a valid OMB control number. The valid OMB control number for this information collection is 1845-0065. Public reporting burden for this collection of information is estimated to average 30 minutes per response, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The obligation to respond to this collection is required to obtain a benefit in accordance with 34 CFR 674.61(b) or (c), 34 CFR 682.402(c)(2) or (c)(9), 34 CFR 685.213(b) or (c), and 34 CFR 686.42(b). If you have comments or concerns regarding the status of your individual submission of this form, please contact the U.S. Department of Education directly (see Section 6)

## SECTION 6: DISCHARGE PROCESS / ELIGIBILITY REQUIREMENTS / TERMS AND CONDITIONS FOR DISCHARGE (CTD.)

**Discharge process for all other applicants (continued):**

**Reinstatement of obligation to repay discharged loans or complete discharged TEACH Grant service obligation.** If you do not meet the requirements described above at any time during or at the end of the post-discharge monitoring period, we will reinstate your obligation to repay your loans and/or to complete your TEACH Grant service. If your loans are reinstated, you will be responsible for repaying your loans to us in accordance with the terms of your promissory note(s). Your loans will be returned to the status that would have existed if we had not received your total and permanent disability discharge application. However, you will not be required to pay interest on your loans for the period from the date of the discharge until the date your repayment obligation was reinstated. We will be your loan holder. If your TEACH Grant service obligation is reinstated, you will again be subject to the requirements of your TEACH Grant Agreement to Serve. If you do not meet the terms of that agreement and the TEACH Grant funds you received are converted to a Direct Unsubsidized Loan, you must repay that loan in full, and interest will be charged from the date(s) that the TEACH Grant funds were disbursed.

If your obligation to repay your loans or to complete your TEACH Grant service is reinstated, we will notify you of the reinstatement. This notification will include:

- The reason or reasons for the reinstatement;
- For loans, an explanation that the first payment due date on the loan following the reinstatement will be no earlier than 60 days following the date of the notification of reinstatement; and
- Information on how you may contact us if you have questions about the reinstatement, or if you believe that your obligation to repay a loan or complete TEACH Grant service was reinstated based on incorrect information.

## SECTION 7: ELIGIBILITY REQUIREMENTS TO RECEIVE FUTURE LOANS OR TEACH GRANTS

**For veterans who receive a total and permanent disability discharge based on a determination by the VA that they are unemployable due to a service-connected disability:**

If you are a veteran who is granted a discharge based on a determination that you are totally and permanently disabled as described in item (2) of the definition of "total and permanent disability" in Section 5 of this application, you are not eligible to receive future loans under the Direct Loan Program or the Perkins Loan Program, or future TEACH Grants, unless:

- You obtain a certification from a physician that you are able to engage in substantial gainful activity; and
- You sign a statement acknowledging that the new loan or TEACH Grant service obligation cannot be discharged in the future on the basis of any injury or illness present at the time the new loan or TEACH Grant is made, unless your condition substantially deteriorates so that you are again totally and permanently disabled.

**For all other individuals who receive a total and permanent disability discharge:**

If you are granted a discharge based on a determination that you are totally and permanently disabled in accordance with item (1) of the definition of "total and permanent disability" in Section 5 of this application, you are not eligible to receive future loans under the Direct Loan Program or the Perkins Loan Program, or future TEACH Grants, unless:

- You obtain a certification from a physician that you are able to engage in substantial gainful activity;
- You sign a statement acknowledging that the new loan or TEACH Grant service obligation cannot be discharged in the future on the basis of any injury or illness present at the time the new loan or TEACH Grant is made, unless your condition substantially deteriorates so that you are again totally and permanently disabled; and
- If you request a Direct Loan Program or Perkins Loan Program loan, or a new TEACH Grant, within three years of the date that a previous loan or TEACH Grant was discharged, you resume payment on the previously discharged loan or acknowledge that you are once again subject to the terms of the TEACH Grant Agreement to Serve before receiving the new loan.

APP.220

**SECTION 6: DISCHARGE PROCESS / ELIGIBILITY REQUIREMENTS / TERMS AND CONDITIONS FOR DISCHARGE (CTD.)**

**Discharge process for all other applicants (continued):**

**Determination of eligibility or ineligibility for discharge (continued).**

If we determine that you are not totally and permanently disabled, you will be notified of that determination. The notification will include:

- The reason or reasons for the denial of your discharge application;

- An explanation that your loans are due and payable to the loan holder under the terms of the promissory note that you signed and that your loans will return to the status that would have existed if your total and permanent disability discharge application had not been received;

- An explanation that your loan holder will notify you of the date you must resume making payments on your loans;

- An explanation that if you applied for a discharge of a TEACH Grant service obligation, you must comply with all terms and conditions of your TEACH Grant Agreement to Serve;

- An explanation that you are not required to submit a new total and permanent disability discharge application if, within 12 months of the date of our notification to you that you are ineligible for discharge, you provide additional information regarding your disabling condition that supports your eligibility for discharge, and you request that we re-evaluate your discharge application; and

- An explanation that if you do not request re-evaluation of your prior discharge application within 12 months of the date of our notification of ineligibility for discharge, and you still wish to have us re-evaluate your eligibility for a total and permanent disability discharge, you must submit a new total and permanent disability discharge application to us.

- If you request a re-evaluation of your total and permanent disability discharge application or submit a new total and permanent disability discharge application, as described above, your request must include new information regarding your disabling condition that was not provided to us in connection with your prior application for discharge.

**Post-discharge monitoring period.** If you are granted a discharge, we will monitor your status during the 3-year post-discharge monitoring period that begins on the date the discharge is granted.

We will reinstate the requirement for you to repay your loans and/or complete your TEACH Grant service if, at any time during or at the end of the post-discharge monitoring period, you:

- Receive annual earnings from employment that exceed the poverty guideline amount (see Note below) for a family of two in your state, regardless of your actual family size;

- Receive a new loan under the Direct Loan Program or the Perkins Loan Program, or a new TEACH Grant;

- Receive a disbursement of a Direct Loan Program or Perkins Loan Program loan or a TEACH Grant that was initially disbursed prior to your discharge date and you fail to ensure that the disbursement is returned to the loan holder or (for a TEACH Grant) to us within 120 days of the disbursement date; or

- Receive a notice from the SSA indicating that you are no longer disabled or that your continuing disability review will no longer be the 5- to 7-year period indicated in the SSA notice of award or BPQY.

During the 3-year post-discharge monitoring period, you (or your representative) must:

- Promptly notify us of any changes in your address or telephone number;

- Promptly notify us if your annual earnings from employment exceed the poverty guideline amount for a family of two in your state (see Note below), regardless of your actual family size;

- Upon request, provide us with documentation of your annual earnings from employment, on a form that we will provide; and

- Promptly notify us if you receive a notice from the SSA indicating that you are no longer disabled or that your continuing disability review will no longer be the 5- to 7-year period indicated in the SSA notice of award or BPQY (after you had been previously determined to be disabled by the SSA, were receiving SSDI or SSI benefits, and had a continuing disability review period of 5 to 7 years or more from the date of your last SSA disability determination).

Note: The poverty guideline amounts are updated annually and may be obtained at http://aspe.hhs.gov/poverty. We will notify you of the current poverty guideline amounts during each year of the post-discharge monitoring period.

APP.221

## SECTION 6: DISCHARGE PROCESS / ELIGIBILITY REQUIREMENTS / TERMS AND CONDITIONS FOR DISCHARGE (CTD.)

*Discharge process for veterans who have been determined by the VA to be unemployable due to a service-connected disability:*

**Our review of your discharge application.** We will review the documentation from the VA to determine if you are totally and permanently disabled as described in item (2) of the definition of "total and permanent disability" in Section 5 of this application.

**Determination of eligibility or ineligibility for discharge.** If we determine that you are totally and permanently disabled, you will be notified that your loans and/or TEACH Grant service obligation has been discharged. The discharge will be reported to nationwide consumer reporting agencies, and any loan payments received on your loan on or after the effective date of the determination by the VA that you are unemployable due to a service-connected disability will be refunded to the person who made the payments.

If we determine that you are not totally and permanently disabled, you will be notified of that determination. The notification will include:

- The reason or reasons for the denial of your discharge application;
- An explanation that your loans are due and payable to the loan holder under the terms of the promissory note that you signed and that your loans will return to the status they were in at the time you applied for a total and permanent disability discharge;
- An explanation that your loan holder will notify you of the date you must resume making payments on your loans; and
- An explanation that if you applied for a discharge of a TEACH Grant service obligation, you must comply with all terms and conditions of your TEACH Grant Agreement to Serve.

The notification will also explain your ability to request reconsideration of this determination or to submit a new discharge application:

- You may request that we re-evaluate your discharge application by providing additional documentation from the VA that supports your eligibility for discharge. If you provide this documentation within 12 months of the date of our notification that you are ineligible for discharge, you do not have to submit a new application. After 12 months, a new application is required.
- If the documentation from the VA does not indicate that you are unemployable due to a service-connected disability, you may reapply for discharge under the "Discharge Process For All Other Applicants". You must submit a new application with the required documentation from the SSA or a physician's certification in Section 4.

*Discharge process for all other applicants:*

**Our review of your discharge application.** If you submit a discharge application supported by an award of benefits notice from the SSA or an SSA Benefits Planning Query (BPQY), we will review that documentation to determine if it meets the requirements described in Section 2, Item 2 of this form.

If you submit a discharge application supported by a physician's certification in Section 4 of this application, we will review the physician's certification and any accompanying documentation to determine if you are totally and permanently disabled as described in item (1) of the definition of "total and permanent disability" in Section 5 of this application. We may also contact your physician for additional information, or may arrange for an additional review of your condition by an independent physician at our expense. Based on the results of this review, we will determine your eligibility for discharge.

If we determine during our review of your application that you received a Direct Loan or Perkins Loan program loan, or a TEACH Grant before the date we received the SSA notice of award (or BPQY) or before the date the physician certified your application in Section 4, and a disbursement of that loan or grant is made after that date, but before we have granted a discharge, we will suspend processing of your discharge request until you ensure that the full amount of the disbursement is returned to the loan holder or (for a TEACH Grant) to us.

If you apply for a total and permanent disability discharge and we determine as part of our review that a new Direct Loan or Perkins Loan program loan or a new TEACH Grant was made to you on or after the date we received the SSA notice of award (or BPQY) or the date the physician certified your application in Section 4, and before the date we grant a discharge, we will deny your discharge request. Collection will resume on your loans and you will again be responsible for complying with the terms and conditions of your TEACH Grant Agreement to Serve.

**Determination of eligibility or ineligibility for discharge.** If we determine that you are totally and permanently disabled, we will notify you that a discharge has been approved, and that you will be subject to a post-discharge monitoring period for three years beginning on the discharge date. The notification of discharge will explain the terms and conditions under which we will reinstate your obligation to repay your loan or to complete your TEACH service. The discharge will be reported to nationwide consumer reporting agencies, and any loan payments that were received after the date we received the SSA notice of award (or BPQY) or after the date the physician certified your discharge application will be returned to the person who made the payments.

APP.222

Page 5 of 8

## SECTION 5: DEFINITIONS

If you have a **total and permanent disability**, this means that: **(1)** you are unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that can be expected to result in death, or that has lasted for a continuous period of not less than 60 months, or that can be expected to last for a continuous period of not less than 60 months; **OR (2)** you are a veteran who has been determined by the VA to be unemployable due to a service-connected disability. Except for certain individuals who have received SSA notices of award for SSDI or SSI benefits, or for certain veterans, a disability determination by another federal or state agency does not establish your eligibility for a discharge of your loan(s) and/or TEACH Grant service obligation due to a total and permanent disability.

**Substantial gainful activity** means a level of work performed for pay or profit that involves doing significant physical or mental activities, or a combination of both.

A **discharge of a loan** due to a total and permanent disability cancels your obligation (and, if applicable, an endorser's obligation) to repay the remaining balance on your Direct Loan, FFEL, and/or Perkins Loan program loans. A **discharge of a TEACH Grant service obligation** cancels your obligation to complete the teaching service that you agreed to perform as a condition for receiving a TEACH Grant.

The **post-discharge monitoring period** begins on the date we grant a discharge of your loan(s) or TEACH Grant service obligation and lasts for three years. If you fail to meet certain conditions at any time during or at the end of the post-discharge monitoring period, we will reinstate your obligation to repay your loan(s) or complete your TEACH Grant service. See Section 6 for more information. **Note to Veterans:** The post-discharge monitoring period does not apply if you are a veteran who receives a discharge based on a determination from the VA that you are unemployable due to a service-connected disability.

The **William D. Ford Federal Direct Loan (Direct Loan) Program** includes Federal Direct Stafford/Ford Loans (Direct Subsidized Loans), Federal Direct Unsubsidized Stafford/Ford Loans (Direct Unsubsidized Loans), Federal Direct PLUS Loans (Direct PLUS Loans), and Federal Direct Consolidation Loans (Direct Consolidation Loans).

The **Federal Family Education Loan (FFEL) Program** includes Federal Stafford Loans (both subsidized and unsubsidized), Federal Supplemental Loans for Students (SLS), Federal PLUS Loans, and Federal Consolidation Loans.

The **Federal Perkins Loan (Perkins Loan) Program** includes Federal Perkins Loans, National Direct Student Loans (NDSL), and National Defense Student Loans (Defense Loans).

The **Teacher Education Assistance for College and Higher Education (TEACH) Grant Program** requires individuals to complete a teaching service obligation as a condition for receiving a TEACH Grant.

The **holder** of your FFEL Program loan(s) may be a lender, a guaranty agency, or the U.S. Department of Education. The holder of your Perkins Loan Program loan(s) may be a school you attended or the U.S. Department of Education. The holder of your Direct Loan Program loan(s) and/or your TEACH Grant Agreement to Serve (if you received a TEACH Grant) is the U.S. Department of Education. Your loan holder may use a servicer to handle billing and other matters related to your loan. The term "holder" as used on this application means either your loan holder or, if applicable, your loan servicer.

The term **"state"** for purposes of the physician's certification in Section 4 (the physician must be licensed to practice in a state) includes the 50 United States, the District of Columbia, American Samoa, the Commonwealth of Puerto Rico, Guam, the U.S. Virgin Islands, the Commonwealth of the Northern Mariana Islands, the Republic of the Marshall Islands, the Federated States of Micronesia, and the Republic of Palau.

A **representative** is a member of your family, your attorney, a law firm or legal aid society, or another individual or organization authorized to act on your behalf in connection with your total and permanent disability discharge application.

## SECTION 6: DISCHARGE PROCESS / ELIGIBILITY REQUIREMENTS / TERMS AND CONDITIONS FOR DISCHARGE

*Applying for discharge (all applicants):*

**Submission of discharge application.** After you submit your completed application and documentation to us, we will send you a notice that will:

- Acknowledge receipt of your application;
- Explain the process for our review of your application; and
- Inform you that you are not required to make any payments on your loans while we review your application for discharge.

**Consequences of failure to submit an application.** If you do not submit an application to us within 120 days of notifying us that you intend to submit an application, collection activity will resume on your loans, and your loan holder may capitalize any unpaid interest. This means that the unpaid interest will be added to the principal balance of your loans, and interest will then be charged on the increased loan principal amount. However, if you have a FFEL Program loan and the loan holder is a guaranty agency, or if you have a Federal Perkins Loan, unpaid interest will not be capitalized.

APP.223

**Applicant Name**   Tamiko N Peele                        **Applicant SSN** _____

## SECTION 4: PHYSICIAN'S CERTIFICATION

Print legibly and initial any changes. Return the form to the applicant or representative.

**Applicant Identification**

1. Provide the below information regarding the individual for whom you are completing this Section:

    Name _____

    Date of Birth _____

**Medically Determinable Physical or Mental Impairment**

2. Does the applicant have a medically determinable physical or mental impairment that prevents the applicant from engaging in any substantial gainful activity?

    **Substantial gainful activity** means a level of work performed for pay or profit that involves doing significant physical or mental activities or a combination of both. If the applicant is able to engage in any substantial gainful activity in any field of work, you must answer "No".

    ☐ Yes - Continue to Item 3.

    ☐ No - Do not complete this application.

**Severity/Duration of Physical or Mental Impairment**

3. Is the applicant's impairment expected to result in death?

    ☐ Yes - Skip to Item 5.

    ☐ No - Continue to Item 4.

4. Has the applicant's impairment lasted or is it expected to last for a continuous period of at least 60 months?

    ☐ Yes - Continue to Item 5.

    ☐ No - Do not complete this application.

**Disabling Condition**

Do not use insurance codes or abbreviations.

5. Provide your diagnosis of the applicant's impairment:

    ON FILE AS OF NOVEMBER 12, 2013, WHEN APPLICAITON WAS APPROVED AND DISCHARGE AND REFILED ON AUGUST 25, 2020 SEE EXHIBIT A-C

6. Describe the severity of the applicant's impairment, including, if applicable, the phase of the impairment:

    ON FILE AS OF NOVEMBER 12, 2013, WHEN APPLICAITON WAS APPROVED AND DISCHARGE AND REFILED ON AUGUST 25, 2020 SEE EXHIBIT A-C

**Limitations**

Explain how the condition prevents the applicant from engaging in any substantial gainful activity in any field of work. Attach additional pages if needed. Enter "N/A" if not applicable. You may include additional information you believe is helpful in understanding the applicant's condition, such as medications or procedures used to treat the condition.

7. Limitations on sitting, standing, walking, or lifting:

8. Limitations on activities of daily living:

    ON FILE AS OF NOVEMBER 12, 2013, WHEN APPLICAITON WAS APPROVED AND DISCHARGE. SEE EXHIBIT A-C

9. Residual functionality:

    ON FILE AS OF NOVEMBER 12, 2013, WHEN APPLICAITON WAS APPROVED AND DISCHARGE. SEE EXHIBIT A-C

10. Social/behavioral limitations (if any):

    ON FILE AS OF NOVEMBER 12, 2013, WHEN APPLICAITON WAS APPROVED AND DISCHARGE. SEE EXHIBIT A-C

11. Global Assessment Function Score (for psychiatric conditions):

    ON FILE AS OF NOVEMBER 12, 2013, WHEN APPLICAITON WAS APPROVED AND DISCHARGE. SEE EXHIBIT A-C

**Physician's Certification**

I certify that, in my best professional judgment, the applicant identified in Item 1 has a medically determinable physical or mental impairment consistent with my responses in Items 2 through 8.

I understand that an applicant who is currently able to engage in any substantial gainful activity in any field of work does not have a total and permanent disability as defined on this form.

I am a doctor of:   ☐ medicine   ☐ osteopathy/osteopathic medicine

_____          _____
State Where Legally Authorized to Practice*          Professional License Number (subject to verification; stamp is acceptable)

*If you are licensed to practice in American Samoa, Puerto Rico, the U.S. Virgin Islands, the Northern Mariana Islands, the Marshall Islands, Micronesia, or Palau, attach a copy of your professional license that clearly shows the expiration date.

_____      _____      _____
Physician's Signature (a stamp is not acceptable)          Date (mm-dd-yyyy)          Physician Name (First, Middle, Last)

_____      _____
Email          Telephone

_____          _____
Address (a stamp is acceptable)          Fax

APP.224

# Benefits Planning Query (BPQY)

## Confidential Social Security Data

**NAME:** TAMIKO N PEELE                    **SSN:** XXX-XX-.

| RECORD | Social Security Disability Insurance (SSDI) | Supplemental Security Income (SSI) |
|---|---|---|
| | See Below | See Below |
| **CASH** | | |
| Type of Benefit | Disabled Worker | Disabled Individual |
| Current Status | Current Pay | Terminated |
| Statutory Blindness | No | |
| Date of Disability Onset | 10/29/2006 | |
| Date of Entitlement | 11/2006 | |
| Full Amount | $883.60 | $0.00 |
| Net Amount | $883.00 | $0.00 |
| Others Paid On This Record | No | No |
| Total Family Cash Benefit | $883.60 | Not Applicable |
| Overpayment Balance | $0.00 | None |
| Monthly Amount Withheld | $0.00 | |
| **MEDICAL REVIEWS** | | |
| Next Medical Review | 09/12 | |
| Medical Re-exam Cycle | 3+ years | |
| **REPRESENTATION** | | |
| Representative Payee | No | |
| Authorized Representative | Yes | |

| NAME:  TAMIKO N PEELE | | | SSN:  XXX-XX- |
|---|---|---|---|

| HEALTH INSURANCE | | MEDICARE | MEDICAID |
|---|---|---|---|
| Type | PART A | PART B | Referred to State for determination (1634 States) |
| Start | 12/2007 | 12/2007 | |
| Stop | | | |
| Buy-In | No | No | |

## SSI WORK EXCLUSIONS

Blind Work Expenses

Impairment Related Work Expenses

Student Earned Income Exclusions

PASS Exclusion

## SSDI WORK ACTIVITY

| Trial Work Months | Start: | End: | Used: 0 Months |
|---|---|---|---|
| Month of Cessation | N/A | | |
| Current SGA Level | $1,070.00 | | |
| Last Work Review Action | | | |

## DEMONSTRATION PROJECT INFORMATION

None

## IRS Recorded Earnings (Yearly)          SSI Recorded Earnings (Monthly)

| YEAR | EARNINGS | YEAR | EARNINGS | MONTHS | EARNINGS | MONTHS | EARNINGS |
|---|---|---|---|---|---|---|---|
| 1993 | $1,802.60 | 1994 | $6,562.07 | 01/06 - 01/06 | $57.00 (V) | | |
| 1995 | $2,634.05 | 1996 | $4,916.29 | | | | |
| 1997 | $1,771.13 | 1998 | $6,795.84 | | | | |
| 1999 | $11,624.97 | 2000 | $3,108.61 | | | | |
| 2001 | $3,766.01 | 2002 | $7,168.88 | | | | |
| 2003 | $15,144.63 | 2004 | $22,444.13 | | | | |
| 2005 | $8,274.79 | 2006 | $57.92 | | | | |

Date Produced:  3/21/2014
version 5.2  08/01/2012

APP.226

NAME:  TAMIKO N PEELE                          SSN:    XXX-XX-

## Posted SSDI Monthly Earnings (Last Five Years)



**Education Financial Services**
P.O. Box 5185
Sioux Falls, SD  57117-5185
Tel 1-800-658-3567
Fax 1-800-456-0561

May 29, 2014

TAMIKO PEELE
PO BOX 8106
FORT LAUDERDALE FL 33310

Account number: P-0163-573-1

Dear Tamiko Peele:

We received your recent letter about the student loan account above ("Account").

**What you need to know**
We find the statements made in your letter completely without merit and Wells Fargo does not agree with any of the assertions set forth therein. Wells Fargo opened your account in good faith and permitted you to use the account to obtain goods and services. Your duty, under the Loan Request/Consumer Credit Agreement and/or Application & Promissory Note (the "Agreement"), is to repay the amounts loaned in a timely manner. We have requested a complete transaction history report to be sent to you.

If your letter requested a "Validation Notice" in accordance with 15 U.S.C. 1692g, please be advised that Wells Fargo is not a "debt collector" as defined in section 1692a(6) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq., and, therefore, is not subject to the provisions of the FDCPA. Even though Wells Fargo is not subject to the FDCPA, Wells Fargo may elect to respond to your letter by enclosing a copy of the appropriate Account documents you may have requested.

With regard to the Federal Family Education Loan Program Loans (FFELP, such as your student loan account , Wells Fargo Education Financial Services is required by federal law to engage in the collection activity outlined in 34 CFR Section 682.411, which includes continuing collection calls and letters.

Please be aware that if you are currently delinquent or in the future fail to make a payment on your Account, your Account will be in default, and we may pursue all rights and remedies under the law, including acceleration of the full balance, to collect the outstanding principal balance, accrued interest, and all other amounts payable under the terms of your Agreement.

If your letter purports to be a(n) "Private Notice of Fault with Opportunity to Cure," "Verified Notice of Default and Demand for Discharge," "Administrative Notice of Acceptance Upon Proof of Claim," "Abatement," "Notice of Final Payment and Consent to Judgment," "Notice of Demand for Adequate Assurance of Due Performance," or similar language, these documents do not affect in any way your legal obligation to repay the balance on your Account. This is true even if you notarize your document or sign it with your fingerprint, and even if you state that "Silence is Acquiescence" or "Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal."

If you are demanding that Wells Fargo provide you with "adequate assurance of due performance," such demand, or Wells Fargo's refusal to respond to such demand, has absolutely no effect whatsoever on your obligations under your Agreement, including without limitation, your duty to repay the balance on your Account. Wells Fargo has not breached its Agreement with you. There is no legal basis which would entitle you to make such a demand, and it is Wells Fargo's position that your demand is not being made in good faith or pursuant to a bona fide dispute.

APP.228

If you are attempting to reject the arbitration provisions, if any, of your Agreement, your purported rejection is of no consequence. Wells Fargo does not agree with, or consent to, your unilateral attempt to modify your Agreement, and your letter has not changed the terms of such Agreement, nor your obligations thereunder.

If you have made a partial payment with a restrictive endorsement and are asserting that such payment has satisfied your Account in full, or that such payment constitutes an "accord and satisfaction" or a "novation," your assertion does not affect in any way your liability for the remaining unpaid balance on your Account, nor does it limit Wells Fargo's right to seek collection of that balance from you. An accord and satisfaction must be predicated upon a bona fide dispute — a real dispute. It is Wells Fargo's position that the balance on the Account is liquidated and that there is no bona fide dispute to allow for an accord and satisfaction. Accordingly, your letter alleging that your Account has been settled in full is of no legal effect, and you are still obligated to pay your outstanding balance in full. Wells Fargo will not accept any payment for less than the full balance as settlement in full. Any payments received will be applied to the balance on the Account. If you have made a partial payment during the period between the date of your letter and the date this letter is received that you intended to be full satisfaction, Wells Fargo will repay such amount to you if you call    1-800-658-3567 within ten days of the date of this letter. Otherwise, Wells Fargo will consider it a regular payment and apply it to the balance owed on the Account. Should you desire to modify your payment plan, you may call us at 1-800-658-3567 to discuss alternative payment options.

If you are claiming that the amount of credit extended on your Account should be reflected as credits, or that such credit represents a "deposit" you made to Wells Fargo, we find such claims to be made in bad faith, an abuse of the rights afforded you under federal law, and completely without merit. We have no record of any "deposit" made by you with respect to your Account. Your Account represents credit extended and liabilities which you have agreed to repay pursuant to your Agreement.

**What you need to do**
If you are requesting an explanation of how we calculate finance charges, please review your Agreement (enclosed), which carefully explains and discloses how finance charges are calculated and charged in accordance with the disclosures.

**What you need to do**
In researching your account, we have verified that your previous Total & Permanent Disability applications were denied due to the fact that they were incomplete. At this time you would need to contact Nelnet for any Total & Permanent Disability Claims.

We encourage you to discontinue sending letters expressing legally baseless claims. Any further correspondence received which is similar to that which you recently sent will be met with no response and Wells Fargo will continue to show the Account as outstanding.

If you have questions, you can:
   o   Call us at 1-800-658-3567, Monday through Friday, 8:00 a.m. – 8:00 p.m., Central Time, or
   o   Send an email through *Wells Fargo Online*® Banking at wellsfargo.com.

Thank you.

Wells Fargo Education Financial Services

Enclosure
SSU/SS

APP.229

 P.O. Box 64909
St. Paul, MN 55164-0909

Date 3/11/2020



TAMIKO N PEELE
4001 SW MELBOURNE ST
PORT SAINT LUCIE FL 34953-5955

Re: Your Student Loan Account
Bank. Case #: 2011431

Dear TAMIKO N PEELE:

This letter is to inform you that the Educational Credit Management Corporation (ECMC) has accepted assignment of all right, title and interest in the above-referenced student loan(s).

Because you filed bankruptcy, the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, prohibits collection activity on your account during the bankruptcy. This letter is not an attempt to collect the debt at this time. However, because it is for a student loan, this debt is presumptively nondischargeable pursuant to 11 U.S.C. § 523(a)(8). Therefore, you will be responsible for repayment of this debt, including the post-petition interest that has accrued, at the conclusion of your bankruptcy case.

If we have not already done so, we may provide information to credit bureaus about insolvency, delinquency, late payment, or default on your account, as applicable, to include in your credit report.

Once your bankruptcy case is concluded, if your student loan(s) were in default prior to your bankruptcy case filing, you will be contacted by our Collection Department to make payment arrangements. If your loans were not in default at the time you filed bankruptcy, pursuant to federal regulations, a lender or servicer will repurchase your student loan(s), and they will contact you for payment arrangements.

If you have any questions, contact the ECMC Bankruptcy Department at 888.363.4562 or you may visit us online at www.ecmc.org.

ECMC Bankruptcy Department

Please refer to ECMC's Notice of Privacy Practices for more information about how ECMC collects, shares and protects your personal information. ECMC's Notice of Privacy Practices is available at www.ecmc.org/borrowers/notice-privacy-practices.html.

 P.O. Box 64909
St. Paul, MN 55164-0909



TAMIKO N PEELE
4001 SW MELBOURNE ST
PORT SAINT LUCIE FL 34953-5955

## NOTICE OF PRIVACY POLICY
### EDUCATIONAL CREDIT MANAGEMENT CORPORATION

Protecting the privacy of your personal information is important to Educational Credit Management Corporation (ECMC). We respect your right to privacy and recognize our obligation to keep information about you secure and confidential. Federal law gives consumers the right to limit some, but not all, sharing. Federal law also requires us to tell you how we collect, share and protect your personal information. Please read this notice carefully to understand what we do.

**Types of information we collect**
The types of nonpublic personal information we collect can include:
- Full name
- Date of birth
- Social Security number
- Loan, account and payment history
- Income and employment information

We collect nonpublic personal information about you from the following sources:
- Information from you in communications, correspondence and other forms
- Information from your lender(s) on loan applications, promissory notes, correspondence and other forms
- Information about your transactions with us or others (e.g., third party debt collection agencies) with respect to your student loan(s)
- Information from the school(s) you attend or formerly attended, or to which you have applied for admission
- Information from consumer reporting agencies (credit bureaus)

**How we share your nonpublic personal information**
All financial companies need to share consumers' personal information to run their everyday business. We do not disclose any nonpublic personal information about you or our other current or former consumers to anyone, except as permitted or required by law or as needed to administer your loan(s). For example, we share information with consumer reporting agencies, our third party debt collection agencies, your lender(s) and potential lender(s), if you consolidate or rehabilitate your loan(s).

**How we protect your information**
To protect your nonpublic personal information from unauthorized access and use, we maintain physical, electronic, procedural and administrative security measures in compliance with federal law. These measures include computer safeguards and secured files and buildings. We restrict access to nonpublic personal information about you to those who need it to provide service to you—our employees, contractors and agents.

You do not need to call or do anything as a result of this notice. It is meant to inform you of how ECMC collects and safeguards your nonpublic personal financial information. This notice is not an attempt to collect a debt.



APP.231

**ECMC**

P.O. Box 64909, St. Paul, MN 55164-0909   P 651-221-0566   www.ecmc.org

June 15, 2020

Tamiko N. Peele
4001 Southwest Nelbourne Street
Port Saint Lucie, FL 34953

RE:                              Student Loan
ACCOUNT/LOAN:        22395475 / 01

Dear Tamiko N. Peele:

Educational Credit Management Corporation (ECMC) received notification from the national consumer reporting agencies (aka credit bureaus) that you are claiming identity theft and have referenced the ECMC reporting information.

Please contact ECMC's Customer Service department at 866-722-3833 or via email at www.ecmc.org / Contact Us specifically stating you are a victim of identity theft, and we can provide further guidance regarding submitting your required supporting documentation.

Educational Credit Management Corporation

APP.232

September 14, 2020

TAMIKO N PEELE
4001 SW MELBOURNE ST
PORT SAINT LUCIE, FL 34953

RE: Request for Discharge of Loan Due to Permanent and Total Disability
Personal Identification Number: 22395475

Dear TAMIKO N PEELE

You previously submitted a Total and Permanent Disability (TPD) Discharge application for
your federal student loan(s) guaranteed by Educational Credit Management Corporation
(ECMC).

Nelnet has advised us your TPD Discharge application has been rejected. Your loan(s) was not
discharged.

If you have questions about the rejection of your application, please contact Nelnet toll-free
at 888-303-7818. If you have any other questions, please contact ECMC's Customer Service
department at 866-722-3833 or by email at customerservice@ecmc.org.

Educational Credit Management Corporation

ECMC is a nonprofit corporation and a Federal Family Education Loan Program (FFELP) guarantor of federal student loans. ECMC
also offers services on behalf of other FFELP guarantors. For more information about ECMC and the services we offer for
student loan borrowers, visit our website at www.ecmc.org.

APP.233

EXHIBIT M

U.S. Department of the Treasury
Bureau of the Fiscal Service
P.O. Box 1686
Birmingham, AL 35201-1686



09/03/19

### Funds May Be Withheld From Your Social Security Benefit Payment



TAMIKO N PEELE
10100 W SAMPLE RD STE 407
CORAL SPRINGS, FL  33065

A debt you owe has been referred to the U.S. Department of the Treasury (Treasury), Bureau of the Fiscal Service, for collection action. The agency you owe is listed below:

### U.S. Department of Education

Federal law requires Treasury to withhold up to 15 percent of your monthly Social Security benefit payment because you failed to pay or otherwise resolve this debt.

### How Can I Stop This?

Treasury will withhold up to 15 percent of your monthly Social Security benefit payment beginning no sooner than 10/2019, so you still have time to act. To prevent this collection action, you must contact the agency listed below and meet its requirements:

U.S. Department of Education                        800-621-3115
FEDERAL OFFSET UNIT                               8006213115
P.O. BOX 5227
GREENVILLE          TX  75403                      Acct Num: (

### What Else do I Need To Know?

☒ Only the agency listed under the "How Can I Stop This?" section can assist you in resolving this debt.

☒ Treasury may withhold funds from your Social Security benefit payment to collect more than one debt. If you owe more than one debt, Treasury will apply the amount withheld from your payment to each debt in the priority established by federal law.

☒ Funds will be withheld until the debt is resolved.

☒ Funds may be withheld from your other federal payments without additional notice.

☒ Treasury will not withhold funds from your Social Security benefits so that you receive less than $750.00 each month.

☒ Student Loan Borrowers with Disabilities: You can stop this offset if you apply for and receive a Total and Permanent Disability Discharge. Call 1-888-303-7818 to apply. Only if and when the application is approved will this offset stop.

This collection action is administered through the Treasury Offset Program (TOP). If you have questions about this program, please call 1-800-304-3107 or visit our website at www.fiscal.treasury.gov/TOP.

FOR OFFICIAL USE ONLY: EW010918

0000001999 0000000005786264370000000009003AIWRN-SSATAMI001999



APP.234

# EXHIBIT N

MAIL AT YOUR BUSINES

Rob Rob (walkerlegalw@yahoo.com)

barry@mittelberglaw.com

walkerlegalw@yahoo.com; miko469@yahoo.com

Friday, October 5, 2018, 06:52 PM PDT

Mr. Mittelberg,
My Document(s) show that the State and other disgruntle parties have changes my address to your location and been sending personal confidential to your location. See PDF.Can you please advise.

Mrs. Tamiko Walker
Plaintiff for Plainitff
walkerlegalw@yahoo.com

CEASE DESIST RICK SCOTT NELNET 10 5 18.pdf

APP.235

# EXHIBIT O

Fw: 1 of 2 ELIZABETH DEVSOE, BARRY MITTELBERG, US DEPT OF EDUCATION, PHEAA, ACS, WELLS FARGO. ETC

Rob Rob (walkerlegalw@yahoo.com)

keley@drakeozment.com; deanna@drakeozment.com; jeanice@drakeozment.com

walkerlegalw@yahoo.com

Friday, June 12, 2020, 07:53 AM PDT

—— Forwarded Message ——
From: Rob Rob <walkerlegalw@yahoo.com>
To: Deanna Simmons <deanna@drakeozment.com>
Cc: Walk Walk <walkerlegalw@yahoo.com>
Sent: Thursday, June 11, 2020, 10:54:01 AM EDT
Subject: 1 of 2 ELIZABETH DEVSOE, BARRY MITTELBERG, US DEPT OF EDUCATION, PHEAA, ACS, WELLS FARGO. ETC

Good Morning, Deanna Simmons Paralegal. Pray all is well.
Please find attached the information requested as to BTSY DEVSOE, BARRY MITTELBERG, US DEPT OF EDUCATION, PHEAA, ACS, WELLS FARGO. ETC and the opposition as to their Fraudllent Claims but not limited to:
1. *Important* the alleged Treasury Letter just showed up in my P.O. Box on or about Feb 2020. Keep in mind I never received as the State of Florida and the Credit Agencies, etc to say the least intentionally changed my

address to Barry Mittelberg address???? even though the PEELE was in yearly communicating with all parties via email, usmail and litigation as the RW, TW and RW JR, was requesting for the parties to be bought
into the litigation, it was granted through the Eleventh Circuit, However Stephanie Langer, Lawyer at the time,
never filed the Brief, never abiding by Judges order and case was dismissed not as to Merits, See DOAH cases

2. The Complaint filed in Federal Court on or about 2014; soon thereafter the disability application was processed
and discharged with Date of 11/12/2013, then changed and was disputed from then to current.

3. The Credit Reports showing the positive standing and the Fraudlent intent to Unlawful access files and records and committed identity theft to day the least. Intentionally sending correspondences to a address that the PEELE NEVER stayed at and in fact after 2 years after discharge and ignoring, denying and delaying certified,air mail, emails and via USPostal Mail, the Debtors below have denied the PEELE the the Right to Due Process and if fact the alleged Loans in Question have been discharged as of 2013-2015.

4. Once a Discrimination/Racially charged lawsuit was filed against the State and the Federal agencies is when the harassment came on the entire family and without knowledge until recently the PEELE and minor child(That was Sued) alleged loan were reinstated, and not known until on or about October 2019. The agencies aided with unlawful intent and changed all addresses  to Barry Mittelberg address and the Treasury. Dept of Education started illegally taking monies out of the PEELE ss check. which is uncollectable, as the alleged Loan was and still is Discharged. See Exhibits

5. Proof of Mailings, Emails and Certification of documents to Opposition the alleged $42,000
6. Please amend the Petition Filed to Include the additional debtors as to the Walker and Peele
along with the Case Numbers that are not on the Petitions. as to Numbers 22, 23, 24
   A. US Department of the Treasury OffSet Unit
   B. US Department of Education(Unlawfully, Sold the alleged loan to ECMC that was discharged 2013-15)
   C. Elizabeth Devsoe, in her individual and official capacity
   D. US Department of Education Ombusment Office
   E. ECMC( Unlawfully collecting on a alleged Loan that has been discharged as of 2013-15)

APP.236

F. The State of Florida
G. Liberty Mutual Holdings(Risk Insurer of Defendants in All Litigations creating the Extric and Instric Fraud)
H. Stephanie Langer
I.  PHEAA
J. ACS
K. Wells Fargo
L. Barry Mittelberg
M. Social Security Administration/CMS
N. The State of Florida Office of Student Financial Aid
O. The Florida Board of Education
P. All Investors, assigns. Known and Not Known with any alleged interest, stakes and or Liens outstanding
   as to cases:
   1. Florida Southern District Court Case(2:14-cv-14286-KAM) Sued and then Discharged Student Loans
   2. Florida Southern District Court Case(2:15-cv-14300-KAM) Family and Minor Child Sued with fees
   3. Florida Southern District Court Case(2:18-cv-14405-KAM) Family and Minor Child Sued with fees

18-002913E
**
vs.
RENAISSANCE CHARTER SCHOOL, INC.; RENAISSANCE CHARTER SCHOOL AT TRADITIONS; CHARTER SCHOOLS USA: AND ST. LUCIE
COUNTY SCHOOL BOARD

15-01223E

**
vs.
RENAISSANCE CHARTER SCHOOL, INC.; RENAISSANCE CHARTER SCHOOL AT TRADITION; CHARTER SCHOOL USA; AND ST. LUCIE
COUNTY SCHOOL BOARD
Status: Closed
Summary: Petitioner failed to establish denial of FAPE within meaning of IDEA and failed to establish violation of Section 504 of the Rehabilitation
Act of 1

14-004128E
**
vs.
ST. LUCIE COUNTY SCHOOL BOARD AND RENAISSANCE CHARTER SCHOOL AT TRADITION
Status: Closed
Summary: Respondents committed a material implementation failure with respect to the April 2014 IEP, in violation of the IDEA. No remedy ordered
due to lack of evidence concerning the amount of compensatory services owed to child. All other claims dismissed.

## THANKS AGAIN FOR YOUR TIME AND EFFORTS IN ADVANCE

.  US DEPT Elizabeth Devos ECMC FRAUD 3 11 2020.pdf

.  US DEPT Elizabeth Devos Discharged Loans 2015.pdf

   Nelnet DOE Correspondence 6 1 16.pdf

.  PHEAA Rply 3 2 15.pdf

.  RICK SCOTT RW TW 11TH DISMISALL 6 9 20.pdf

.  US TREASURY OFFSET LETTER JAN 2020.pdf

APP.237

Re: Student Loans

Rob Rob (walkerlegalw@yahoo.com)

keley@drakeozment.com; deanna@drakeozment.com; jeanice@drakeozment.com

walkerlegalw@yahoo.com

Friday, July 10, 2020, 07:39 AM PDT

Good Morning, information and the loan were discharged and never reinstaed as I never received any information to such. Am I to file an adverserrary proceeding as of Today and file by July 15, 2019 as this matter was resolved on or about 2013 nad complete within 2015 and discharged with the 3 year period. I am requesting for the opposition to continue and or do I file a Adversary Proceeding by the July 14, 2015 hearing. Please advise.

On Thursday, July 9, 2020, 01:20:05 PM EDT, Keley Jacobson <keley@drakeozment.com> wrote:

Mr. Walker,

After review of your documents, I do not see any document that discharges Ms. Peele's student loan debt. While her application was approved via the January 8, 2015 letter, there is a 3 year post discharge monitoring period. As per the February 7, 2016, Ms. Peele was to provide documentation regarding her income. While your family size is 4, it is clear that the Teach Grant Program states the loan will be reinstated if the income is higher than the poverty guideline for a family size of *two*. The March 8, 2016, letter is the same as the February 7 letter and it does not appear that these documents were properly filled out and returned.

As a result, the student loans seem to have reinstated. I would encourage you to reapply for the loan forgiveness again should you believe they should be discharged due to Ms. Peele's disability.

Keley Jacobson, Esq.

Ozment Law, P.A.

**WPB Location:**
2001 Palm Beach Lakes Blvd.
Suite 500
West Palm Beach, FL 33409
Ph: (561)689-6789    Fax: (561)689-6767

**PSL Location:**
201 SW Port St. Lucie Blvd.
Suite 2
Port St. Lucie, FL 34984
Ph: (772)344-9090
www.drakeozment.com
www.oztitle.com

APP.238

IRS CIRCULAR 230 DISCLOSURE.

To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this communication, including any attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party, any transaction or matter.

ATTORNEY-CLIENT PRIVILEGED INFORMATION DISCLOSURE

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE AND PERMANENTLY DELETE THE ORIGINAL AND ANY COPY OF THIS E-MAIL AND DESTROY ANY PRINTOUT THEREOF.

Nelnet DOE Correspondence 6 1 16.pdf

PHEAA Rply 3 2 15.pdf

US DEPT Elizabeth Devos Discharged Loans 2015.pdf

US DEPT Elizabeth Devos ECMC FRAUD 3 11 2020.pdf

US TREASURY OFFSET LETTER JAN 2020.pdf

APP.239

## New Student Loan Discharge App

Drake Ozment (wizard@drakeozment.com)

walkerlegalw@yahoo.com

Tuesday, August 25, 2020, 08:50 AM PDT

From John Eaton, counsel for ECMC

it has Sept. 2019 date; but it is still the one that is being used.   Please note the verification of the proof of the disability that is required, i.e. either the doctor certification (MD or DO), or the other form including the particular SS documentation verification form / letter that meets the identified requirements.

Sincerely,

Drake Ozment

Ozment Law, PA

2001 Palm Beach Lakes Blvd, Suite 500

West Palm Beach, FL 33409

Tel (561) 689-6789

Fax (561) 689-6767

www.drakeozment.com

www.oztitle.com

www.ozmentrealty.com

IRS CIRCULAR 230 DISCLOSURE:

To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding any penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction matter.

ATTORNEY-CLIENT PRIVILEGED INFORMATION DISCLOSURE:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND-OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE AND PERMANENTLY DELETE THE ORIGINAL AND ANY COPY OF THIS E-MAIL AND DESTROY ANY PRINTOUT THEREOF.

ECMC - TPD_Application (Exp. Date 9-30-2019).pdf

APP.240

1/17/2021                                    (945 unread) - walkerlegalw@yahoo.com - Yahoo Mail

Denial Letter

Deanna Simmons (deanna@drakeozment.com)

walkerlegalw@yahoo.com

Monday, September 21, 2020, 08:03 AM PDT

Good Morning,

The denial letter is supposed to go directly to the address on your last application per Mr. Eaton. The Department of Education does the review, not ECMC and Nelnet is no longer the owner of the loan. Mr. Ozment will respond to the rest of your email later today.

Deanna Simmons, Paralegal

Ozment Law, PA

2001 Palm Beach Lakes Blvd, Suite 500

West Palm Beach, FL 33409

Tel (561) 689-6789

Fax (561) 689-6767

www.drakeozment.com

www.oztitle.com

www.ozmentrealty.com

**From:** Rob Rob [mailto:walkerlegalw@yahoo.com]
**Sent:** Sunday, September 20, 2020 9:37 AM
**To:** Drake Ozment <wizard@drakeozment.com>
**Cc:** Walk Walk <walkerlegalw@yahoo.com>
**Subject:** Re: Denial Letter

Mr. Ozment,                                                    .APP.241.

Good morning. Again thanks for assisting in the matter at hand, As of today there has still been not correspondence from Nelnet not ECMC as to any Denial and if sent will be sent to Barry

Mittelberg as his address is still on File in creating Identity Theft and Bad Faith to say the least warranting Estoppel Equitable Arguments, Abuse of Process, False Claims and Restitution to say the Least. As previously stated. Nelnet, US Department of Education, etc changed my address to Barry Mittelberg(*In which he never disclosed and never sent the mail back*) after the 3 year monitoring period. While in the 3 year period correspondences were sent via UsMail and or Certificated in which he never told. within the 4th year of monitoring and without knowledge and cause the Nelnet, Us Department of Education, FL Treasury, Fl Department of Education, US Treasury Offset, etc by way of Social Security and the Monthly payments Payments were seized on or about November 2019, before any action could be taken, a bankruptcy was filed. As of today the seizure still is happening and the *Lawyer Eaton* along with his clients lured a New application to create a *Argument to his Rehearing and Vacate. This is Unethical and Bad Faith to Say the Least again warranting Estoppel Equitable Arguments, Abuse of Process, False Claims and Restitution to say the Least. His Client Bought a Alleged Debt that is uncollectable as to Dischargeable under Federal Rules that are now Estoppel Equitable and impossible to perform and Restitution and Injunction will be sought and long with back monies that was seized and ripe due and owing. This behavior will not be tolerated* as the loans were discharged then, still is and will be fought along through the bankruptcy process as it is comingled with the disability check that is being seized. I know your earlier sated that you could not do an Adversery Pleading with this situation. Time is of the Essence as to the Actions of Nelnet, Us Department of Education, FL Treasury, FL OSFSA, FL Department of Education, ECMC Board of Directors, etc is *vehemently* violating the automic stay by still seizing monies and abusing of Process and using the Resubmittle of the Appication to gain addition evidence to have a sucessful argumentt as to the Claim being Striken and Substained the objection. Please Advise.


Mrs. Tamiko Peele


On Thursday, September 10, 2020, 11:38:09 AM EDT, Drake Ozment <wizard@drakeozment.com> wrote:




Pls send me the denial letter on receipt regarding the student loan discharge application. I confirmed one will be mailed to you shortly. I will review the application, your documents you attached, the emails from attorney John Eaton as well as the denial to formulate best course of action going forward, ie requesting reconsideration or new application!
Stay in touch.

Sincerely,

Drake Ozment

Ozment Law, PA
2001 Palm Beach Lakes Blvd. Suite 500
West Palm Beach, FL 33409
Tel (561) 689-6789
Fax (561) 689-6767
www.drakeozment.com
www.oztitle.com
www.ozmentrealty.com

APP.242

IRS CIRCULAR 230 DISCLOSURE:

To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding any penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction matter.

ATTORNEY-CLIENT PRIVILEGED INFORMATION DISCLOSURE.
THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE AND PERMANENTLY DELETE THE ORIGINAL AND ANY COPY OF THIS E-MAIL AND DESTROY ANY PRINTOUT THEREOF.

APP.243

Student Loans and MMM

Drake Ozment (wizard@drakeozment.com)

walkerlegalw@yahoo.com

keley@drakeozment.com; jeanice@drakeozment.com

Friday, January 15, 2021, 06:58 AM PST

Good morning

I received the following email from the US Attorney's Office, Dept of Justice, regarding your wife's social security garnishment/seizure.

"I received a response from my contact at Education regarding the Walker/Peele case. Please see below:

Education was offsetting the debtor once a month from October 2019 thru February 2020. The February 2020 offset of $144.00 was after the Bankruptcy filing so was therefore refunded on 02/19/2020. The account was transferred from our Default servicer to ECMC once we were notified of the BK and they filed the POC.

**The Auto-Stay is in effect. No additional offsets have been taken and no future offsets are certified to take place. ECMC has confirmed this with me."**

I have inquired about any other reason for the interruption of your wife's social security check but have not heard back yet.  You guys should absolutely be on the phone with the social security office to find out whats going on because it not ECMC or the Dept of Ed.

Secondly, the MMM was denied by the lender.  I have attached the denial letter. Please review and we can set up a telephone conference to discuss this.  We will talk soon.

Have a good day.

Sincerely.

Drake Ozment

Ozment Law. PA

2001 Palm Beach Lakes Blvd, Suite 500

West Palm Beach, FL 33409

APP.244

Tel (561) 689-6789

Fax (561) 689-6767

www.drakeozment.com

www.oztitle.com

www.ozmentrealty.com

IRS CIRCULAR 230 DISCLOSURE:

To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments), was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding any penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction matter.

ATTORNEY-CLIENT PRIVILEGED INFORMATION DISCLOSURE:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE AND PERMANENTLY DELETE THE ORIGINAL AND ANY COPY OF THIS E-MAIL AND DESTROY ANY PRINTOUT THEREOF.

APP.245

# EXHIBIT P

# UNITED STATES COURT OF APPEALS
### ELEVENTH JUDICIAL CIRCUIT

JAMES P. GERSTENLAUER
CIRCUIT EXECUTIVE

TEL. 404/335-6535
56 FORSYTH STREET, NW
ATLANTA, GEORGIA 30303

22 February 2022

Mr. Robert L. Walker and Mrs. Tamiko N. Peele
4001 S.W. Melbourne Street
Port Saint Lucie, Florida 34953

Re:   Reappointment of Bankruptcy Judge Erik P. Kimball

Dear Mr. Walker and Mrs. Peele:

Your comments in opposition to the reappointment of Judge Erik P. Kimball, consisting of 264 pages, were received in the Circuit Executive's Office on 17 December 2021. Addendum Six, § B.7(a) to this Court's rules allows members of the public making comments concerning the qualifications of an incumbent bankruptcy judge to request that their identity be kept confidential. It is not clear from your comments, however, whether you request that your identities be kept confidential.

The selection committee has determined, pursuant to § B.7(b) of Addendum Six, that if your comments are to be considered in the reappointment process, then your identities and a full copy of your comments should be disclosed to the incumbent in order to afford him a fair opportunity to respond. According to the terms of § B.7(b), you now have the opportunity to withdraw your comments before your identities are disclosed to Judge Kimball. If you withdraw your comments, your identities will remain confidential, but your comments will not be considered by the committee or the Court of Appeals in determining whether to reappoint Judge Kimball. If you waive confidentiality, then your comments and your identities will be provided to Judge Kimball.

We have attempted to contact you by phone, but the number provided on your letter (954-709-0102) is not in service. Please contact attorney Kate Adams in my office by letter or phone with your response. Your response must be received in my office by 21 March 2022. Ms. Adams can be reached at 404-335-6538 or at the mailing address above. Please also note that, because the comments were submitted jointly, both individuals must agree to waive confidentiality.

Sincerely,

*James P. Gerstenlauer*

Circuit Executive

APP.246

c:   Hon. William H. Pryor Jr.
     Hon. Charles R. Wilson

Mr. Robert L Walker and Mrs. Tamiko N Peele

4001 S.W. Melbourne Street
Port Saint Lucie, Florida 34953
Phone: 772-400-7544

Mr. James P Gerstenlauer d/b/a
CIRCUIT EXECUTIVE of the,
UNITED STATES COURT OF APPEALS
ELEVENTH JUDICIAL CIRCUIT
56 FORSYTH STREET, NW
ATLANTA, GEORGIA 30303

RE:   Reappointment and the Exercise The Jurisdiction under United States Code title 28, United States Code Title 11 and the Bankruptcy Amendment and Federal Judgeship Act of 1984 Pub. L No.98-353§§ 101-122, 98 Stat. 333-346 as to The Erik P Kimball, United States Bankruptcy Judge in the UNITED STATES BANKRUPTCY COURT for the of Florida, West Palm Beach and Fort Pierce Southern Division of Florida Case No.20-11431-EPK, Erik P.Kimball U.S. Judge and Memorandum of Omnibus Orders From of the United States District Court for the Southern District of Florida in Appellate Matters: Case No. *9:21-cv-80914*, with Hon. Anuraag H Singhal, U.S. District Judge Case No.*9:21-cv-80537*, Case No.*9:21-cv-80568*,Case No. *9:21-cv-80855*, Case No. *9:21-cv-81248*, Case No.*9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No.*9:21-cv-81132*, Case with Hon. Aileen M Canon U.S. District Judge Case No. *2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases Currently Appealing under Eleventh Circuit Court of Appeals Case No. 21-13937-C, Eleventh Circuit Court of Appeals Case No.21-13210-C, Eleventh Circuit Court of Appeals Case No. 21-12452-HH, Eleventh Circuit Court of Appeals Case No. 21-12114-HH, Eleventh Circuit Court of Appeals No. 21-10205-E and Eleventh Circuit Court of Appeals Case No. 21-10207-E

24. *"We must not hate people, who have done wrong to us. For as soon as we begin to hate them, we become just like them, pathetic, bitter, and untrue." William Shakespeare.* On March 3, 2022, The Mr. Robert L Walker and Mrs. Tamiko N Peele was in receipt of a Correspondence Dated the 22nd of February 2022, as to The United States Court of Appeals 11th Circuit request for their identity to be made public. The Walker and Peele Made a Formal Request, for the identity of any person and or entity in connection with the respondent to this solicitation to be divulged with prior consent on December 13, 2021. However, the Walker and Peele are aware that the incumbent and affiliates has been and will be provided with a general description of the source and nature of these statements covered under Freedom of Expression/Freedom of Speech and there is a possibility of continued prejudice, therefore Prior Consent is Requested.

25. *"I never intend to adjust myself to economic conditions that will take necessities from the many to give luxuries to the few" Revered Dr, Martin Luther King , Constitutional Activist.* The ideology, philosophy and beliefs cannot dictate The Equal Protection Clause as to the Rule of Law and which Class,

1

APP.247

demographic, sector and status quo deserves the right to civil liberties through the United States Constitution, Bill of Rights, It's Amendments, State and Local Rules of Law. The Appellant's are... *"for truth, no matter who tells it. ...for justice, no matter who it's for or against." Malcolm X , Constitutional Activist* Therefore, the Walker and Peele gives the *"Consent"* to disclose the information presented as to the December 13, 2021, Reappointment of Hon. Erik P Kimball and the Request as to the panel should bring up a Full Impartial Review with Full Transparency, Caution, Restrictions and possible Probation for the Following reasons:

    a. Hon. Erik P Kimball, The Chapter 13 Trustee and her Office, along with the Judicial Officers of the Court as it relates to the "Due Process" handling of the Walker's and Peele's Civil Liberties being grossly violated when invoking their right to Redress Their Grievances through *The Uniform Code of Commerce, The United States Constitution and it's Bill Of Rights, Judicial Estoppel, The Unclean Hands Doctrine and the Four Corner's Rule Doctrine.*

    b. Financial Conflicts of Interest as to Working and Business Relations with *Liberty Mutual Group, Liberty Financial, Colonial Group Merger and their stockholders at Colonial Management Associates, Inc.*, the Boston-based mutual fund advisor: The Malicious Parties apart of the Walker and Peele Proceedings since 2000 up to and including current. *"Profits over People Civil Liberties"*

    c. Financial Conflicts of Interest as to the Financial and Business Relations with Banker Wells Fargo as to the Student Loan Program the Malicious Party apart of the Peele Proceedings since 2004 up to and including current.

### *EVIDENCE INCLUDED AS TO THE REVIEW OF THE REAPPOINTMENT*

Included: (I)The Four(4) Tolling Initial Briefs On The Merits, (II)The Appendix Index as to the Brief, (III)The Erik P Kimball, Financial Conflict of Interest With Banker Wells Fargo as to the Student Loan Program and Financial Conflict of Interest with Liberty Mutual Group as to UPS, Barry Steven Mittelberg, (IV) The Hon. William P. Dimitrouleas Omnibus Order as to State Complaint, (V) Florida Bar Investigation and (VI) Disbarments and (VII)Transcripts as to the Matters at Hand. Thank you for your Time and efforts in Advance.

Dated: March 8, 2022

Respectfully,

Mr. Robert Walker
*s/s Robert L Walker*
4001 SW Melbourne Street
Port Saint Lucie, FL 34953
772-400-7544

Mrs. Tamiko N Peele
*s/s Tamiko N Peele*
4001 SW Melbourne Street
Port Saint Lucie, FL 34953
772-400-7544

*Judicial-Advocates(s) for Judicial Reform*

APP.248

Mr. Robert L Walker and Mrs. Tamiko N Peele

4001 S.W. Melbourne Street
Port Saint Lucie, Florida 34953
Phone: 954-709-0102

Mr. James P Gerstenlauer d/b/a
CIRCUIT EXECUTIVE of the,
UNITED STATES COURT OF APPEALS
ELEVENTH JUDICIAL CIRCUIT
56 FORSYTH STREET, NW
ATLANTA, GEORGIA 30303

RE: Reappointment and the Exercise The Jurisdiction under United States Code title 28, United States Code Title 11 and the Bankruptcy Amendment and Federal Judgeship Act of 1984 Pub. L No.98-353§§ *101-122, 98 Stat. 333-346 as to The* Erik P Kimball, United States Bankruptcy Judge in the UNITED STATES BANKRUPTCY COURT for the of Florida, West Palm Beach and Fort Pierce Southern Division of Florida Case No.20-11431-EPK, Erik P.Kimball U.S. Judge and Memorandum of Omnibus Orders From of the United States District Court for the Southern District of Florida in Appellate Matters: Case No. *9:21-cv-80914,* with Hon. Anuraag H Singhal, U.S. District Judge Case No.*9:21-cv-80537,* Case No.*9:21-cv-80568,*Case No. *9:21-cv-80855,* Case No. *9:21-cv-81248,* Case No.*9:21-cv-81108* Case No. *9:21-cv-81110* and Cases No.*9:21-cv-81132,* Case with Hon. Aileen M Canon U.S. District Judge Case No.*2:20-cv-81366* with Hon. William P. Dimitrouleas U.S. District Judge, as to the Cases Currently Appealing under Eleventh Circuit Court of Appeals Case No. 21-13937-C, Eleventh Circuit Court of Appeals Case No.21-13210-C, Eleventh Circuit Court of Appeals Case No. 21-12452-HH, Eleventh Circuit Court of Appeals Case No. 21-12114-HH, Eleventh Circuit Court of Appeals No. 21-10205-E and Eleventh Circuit Court of Appeals Case No. 21-10207-E

1.  The Reappointment of Hon. Erik P Kimball panel should bring up an Full Impartial Review

with Full Transparency, Caution, Restrictions and possible Probation for the Following reasons:

The Matters Comes Before The Review Panel In Relations to Three(3) Separate Matters which Included

an Employment(ERISA), Fair Housing Act(TILA) and Discharged Federal Student Loans. The Robert L

Walker ("Walker") and Tamiko N Peele ("Peele") believes that This Information  is appropriate because

this matters presents issues of broad importance regarding the scope of  a Catastrophic Workman's

Compensation through the Scope of Employment Injuries That Becomes Malicious Injuries in Relations

to  Employers, Insurance Risk Carriers Companies Bad Faith State Matters that are allowed to be fully

adjudicated  through the State arena, then Removed to Federal Jurisdiction making all previously matters

Moot while allowing the avoidance of Damages that creates an infinite Litigation threshold that pushes

and Injured Workers to Seek ERISA Benefits, Federal Welfare, Petitions for Bankruptcy Protection while

1

APP.249

then the Governmental agencies are allowed to seize the allocation of Wealth and Assets, while denying redress through due process and rewarding the protecting of the same parties that are the Authors of the Damages that are continuing in Nature. *In which Employer, The United Parcel Service Inc and their Insurance Carrier Liberty Mutual Insurance Company, Liberty Mutual Group and Liberty Mutual Holdings Along With Third(3rd) Party Corporation, Kone Elevator, Kone Inc., Kone Holdings Inc., and their Insurance Risk Carrier Liberty Mutual Insurance Company, Liberty Mutual Group and Liberty Mutual Holdings are almost always allowed a Lack Of Jurisdiction and or Dismissal to avoid Redress, the Rule of Law as Justice becomes an myth.* The Walker and Peele Request for an Reappointment Review as to the Hon. Erik P Kimball Remarks as to the Ineffective use of Counsel, Gross Abuse of Attorney Client Breaches, The Continuous Atmosphere in which the Court of Law that leads to Disparaging, Discriminatory Act and Actions to the Countless Employees and or Injured Parties of these Companies and their Risk Carriers and Seek Relief as to their continued Unlawful Malicious Behavior. *See: Keitel etal v Erik P Kimball etal 9:18-cv-80242 Florida Southern Division, Ingham v. Erik P Kimball etal 9:16-cv-81939, Walker, etal v Barry S Mittelberg etal, (11th Circuit Court of Appeals,21-10205-E and 21-10207-E),Walker v Kennth Drake Ozment eta, (11th Circuit Court of Appeals, 21-12114-H), Walker, etal v Barry S Mittelberg etal, (11th Circuit Court of Appeals,21-12452-HH), Walker v. United Parcel Service (9:21-cv-80914)(S.D. Fla 2021), Walker v. United Parcel Service (0:18-cv-61155) (S.D. Fla 2018), Roig v. United Parcel Service (1:21-cv-21628),Rivas v. United Parcel Service (0:20-cv-61376) (S.D.Fla.2020), Roig v. United Parcel Service :(2:20-cv-60811) (S.D.Fla.2020), Roig v. United Parcel Service:(1:20-cv-21628)(S.D.Fla.2020), Roig v. United Parcel Service (0:18-cv-61303)(S.D.Fla. 2018)*

    2. Erik P Kimball with conflict of Interest allowed Those Same Parties to continuously alter, amend and or bypass The Rule of Law That Creates ping-pong Litigations and The Invoking of The Doctrine of The Supremacy of the Supreme Court, Claim Preclusion and Issue Preclusion becomes

2

APP.250

absolute when these matters are allowed to continue in nature as to Alleged Debts and Liens, Assets, tangible and intangible that are primary Monetary in nature that is ultimately seized and overseen through the Chapter 13 Trustee Office Robin R Weiner that has Special Conflict of Interest which allows for the refusal to *investigate, pursue and prosecute the Barry Steven Mittelberg, Kenneth Drake Ozment and Keley Jacobson for The Criminal Acts as to Bankruptcy Act. The Walker and Peele has since* Requested for a Stay Pending the Appellate Review and was *"Granted"* on June 24, 2021 and the 29th of November 2021, that allows for the United States Court of Appeals, Eleventh Circuit to Have Jurisdiction over the Live Controversies. *(See Appendix Docketed with Related Cases:Exhibit"Ac, App.443-444)*

3. In Additional, as to the shockingly gross abuse of Attorney Client Trust and Breach of Fiduciary Duty to say the Least, the Mr. Matthew Girardi, a Staff Attorney With the Chapter 13 Trustee Robin R Weiner P.A., and Appellants Former Counsel *Kenneth Drake Ozment,  Kenneth Drake Ozment P.A., K Drake Ozment P.A., and Ozment Law P.A.,*, had a Business and Working relationship for over Two(2) Years which caused for the Appellants Instructions and Wishes to protect and object towards Counsel Not Appearing at Hearing,  Non Objecting to Claims#2, Claim#4 and Claim#6,  Giving Direct Payments to alleged Creditors that never presented Claims and the Non investigation of the *.,Barry Steven Mittelberg., Barry Steven Mittelberg P.A. as to the Misuse of Trust, Bankruptcy Fraud and the embezzling of the Reorganizers* monetary assets from 2017 to current to say the least and allowed to be free from any prosecution and or sanctions. *(See Appendix Docketed with Related Cases Exhibit"Ag", App.451-455 and (See Appendix Docketed with Related Cases Exhibit"By", App.940-1082). In Gross Violation of the of* Bankruptcy Act Procedures and policies causing for the Confirmed Plan to be abolished, dismissed a non-discharge issued, therefore creating Financial Genocide. ROBIN R. WEINER, P.A.,, ROBIN R WEINER ,JOANNA PIZZARELLO TEMPONE, and MATTHEW GIRARDI staff of the Chapter 13 Trustees offices conflict of Interests as Former Bankruptcy Counsel *Kenneth Drake Ozment,  Kenneth Drake Ozment P.A., K Drake Ozment P.A., Ozment Law P.A.,* United Parcel Service of America, Inc., the

3

APP.251

Administrative Committee of the UPS/IBT FULL-TIME EMPLOYEE PENSION PLAN, , and the Board of Trustees of the UPS Pension Plan, and it's Insurance Carriers, LIBERTY MUTUAL INSURANCE, HELSMANMGMT LLC, LIBERTY MUTUAL GROUP, its adjuster Amy Stalnaker, Senior Recovery Specialist Diondra Carrington., Vice President and Regional General Attorney Maria C Dantes Sanchez. KONE HOLDINGS, and it's Insurance Carriers, OLD REPUBLIC INSURANCE COMPANY., and OLD REPUBLIC RISK MANAGEMENT, INC., its adjusters, ANTHONY JAMES ROLFES, Policy# MWZY 57732, KEENAN DEVELOPMENT GROUP and its Insurance Carriers, TRAVELERS IDEMNITY COMPANY OF AMERICA and TRAVELERS CASUALTY AND SURETY COMPANY,OF AMERICA., its adjusters, Attorney MITCHELL KATLER JACK ROY REITNER, Claim# E0Z0564, Claim#891A 84209722, Claim#EPF3042011, Policy PE630-9026R129, The Individuals, Corporations, Unincorporated, Partnerships, Claim#6, INGER M GARCIA , VALERIA ANGELUCCI , JORGE ALBERTO CALIL, JASON BRIAN PHILLIPS, MATTHEW DAVID KOBREN, SANDRA ACKERMAN, Jane Does, John Does State Claim#4256576,, Claim#WC555-A07753,Account WA7-C20-004335-051-04, and all unknown persons who claim any interest in the subject matter of this action, and the Contents Therein identified on the closing statement of *Barry Steven Mittelberg P.A. Barry Steven Mittelberg as to the Misuse of Trust, Bankruptcy Fraud and the embezzling of the Appell*ants monetary assets to the Appellees disguised as Creditors in which, are Debtors still liable for the malicious Injuries. *(See Appendix Docketed with Related Cases Exhibit "Z", App.340-440)*

 4. The Appellees/Defendants are allowed to falsely disguising themselves as Creditors and relying on the representation of *The Chapter 13 Trustee, Joanna P Tempone, Robin R Weiner, Barry Steven Mittelberg P.A. and Barry Steven Mittelberg* to gain a Favorable Ruling that allows once again the Malicious Injuries that are continuing in Nature to be avoided as to *The Exclusive Subject-Matter, Concurrent and Appellate Jurisdiction* to say the least. In fact the alleged *Two(2) Settlements totaling One Hundred ninety Dollars($190,000) that consisted of Thirty Thousand Dollars($30,000) Each to be*

APP.252

*paid from Keenan Development, KEENAN DEVELOPMENT GROUP and its Insurance Carriers, TRAVELERS IDEMNITY COMPANY OF AMERICA and TRAVELERS CASUALTY AND SURETY COMPANY,OF AMERICA., its adjusters, Attorney MITCHELL KATLER, JACK ROY REITNER, Claim# E0Z0564, Claim#891A 84209722, Claim# EPF3042011, Policy PE630-9026R129,* to Tamiko N Peele and Robert L Walker and *Sixty Five Dollars($65,000) Each to be paid from Kone Inc, Kone Elevator, Kone Holdings,* OLD REPUBLIC INSURANCE COMPANY.,  OLD REPUBLIC RISK MANAGEMENT, INC., its adjusters, and counsel ANTHONY JAMES ROLFES, with Policy# MWZY 57732 *to Tamiko N Peele and Robert L Walker of* were agreed upon based on estoppel. Soon thereafter on or about April 2017 *Barry Steven Mittelberg P.A. and Barry Steven Mittelberg never fulfilling the agreement was instructed to return the proceeds and rescind the agreement (See Appendix Docketed with Related Cases Exhibit"Bs", App.649.692, Tap.16) That was never done in which the Barry Steven Mittelberg P.A. and Barry Steven Mittelberg being in Bankruptcy protections himself used the proceeds to settle his hardships as Sexual harassment lawsuits, Foreign Judgments In which he never mentioned the Appellants in his 341 Meeting of the Creditors nor stated the Appellants as an assets or liability, therefore The Unclean Doctrine, The alleged Claim#6 that is fraudulent claimed and being misrepresented in this court and the Lower District Court as to his Bankruptcy filed on or about 2016 before he took on litigation as to the Appellants matter causing Bankruptcy Fraud and Perjury Lack of Candor, Unclean Hands, Violations of the Florida Bar Rules Regulations with Embezzlement but not limited to. (See Appendix Docketed with Related Cases Exhibit"By", App.940-1082)*

    5. The Exclusive Subject-Matter Concurrent and Appellate Jurisdiction then becomes the jurisdiction of the United States District Courts through Federal Jurisdiction Intervention (including an issue of first impression in this Circuit), which the court Orders characterizes the involving "conflicting legal currents. *(See Appendix Docketed with Related Cases Exhibit"A-Bn", App.1-577)* Also, given that the United Parcel Service Inc, Liberty Mutual Holdings, The United States District Courts of the Southern District, The State of Florida, The Florida's Fourth District Court of Appeals Its Judicial Officers, the

officers of the court and the Trustee's Office as to the Monetary that is unseizable as to Bankruptcy Act Protections with standing Objections since 2017. It is unknown if the Court will have the arguments against the matters that are applicability set forth by the District Court and the arguments in favor of the matter of applicability set out in this brief. However, at this juncture, it is known that the Appellees is aware that the matters will be not in the Favor of the Appellant's and or dismissed as like in previous litigations the Appellees are allowed to Continuously Malicious Injury a party and avoid responsibility by having the Rule of Law altered, amended and ceased, while never presenting nor filing a brief.

      6. Whether Appellant's files their Initial Briefs, a reply brief will depend on this Courts inherited power to allow Due Process and not continue the allowance of muzzling through silent; therefore, it seems all the more important that the Court entertain oral argument and or Argument through the Initial Brief so that any questions it has may be addressed, whether or not covered by this brief or the Three(3)District Court's decisions From the matters that were adjudicated, Removed and still Pending, now causing for Federal Protections as to jurisdiction over all matters not *the Lower State Judge Carol Lisa Phillips and Elizabeth Ann Metzger but not limited to, not* having Federal Intervention as not a Federal Justice. Moreover, The Reorganizer(s) submits that none of the factors in FRAP 34(a)(2) indicate that oral argument in this appeal is unnecessary through Verbal and or Briefing. (*See Appendix Docketed with Related Cases: Exhibit"Bs-Bt, App. 649-717*)

        *a. The Hon. Erik P Kimball and the Bankruptcy Clerk Cameron Cardic with Gross Judicial Overreach and in Violation of United States Constitution Obstructed Justice with Tortuous Interference of the Appellants Due Process Privileges by Altering and Amending Appeals, To Ensure Confusing on the Court while disbursing Full Payments under Duplicate Invalid Cases causing Malicious Injuries that Continue in Nature. In:keitel et al v. United States of America etal 9:18-cv-80242*
        7. When The Appellant's Filed their Notices of Appeals created an event of jurisdictional significance that confers jurisdiction on the appellate court and divests the trial court of its control over the aspects of the case involved in the appeals. See *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). An Appeal from an order does not deprive bankruptcy court of jurisdiction over all aspects of the case. *In re Strawberry Square Assocs.*, 152 B.R. 699 (Bankr. E.D.N.Y. 1993). However, The Hon. Erik P Kimball grossly overreached as he "only" retained jurisdiction when (1) the matters were

6

APP.254

"**_not_**" related to the issues involved in the appeal; (2) the order appealed was "*not appealable*" or

frivolous; and (3) the court's action would "*aid*" in the appeal.

8. The Hon. Erik P Kimball aiding in the violation of Due Process and Judicial Overreach assisted

United Parcel Service Inc and Kone Elevator with their Insurance Carrier Liberty Mutual along with

U.S.Bank Home Mortgage, d/b/a U.S. Bank N.A. and their Carrier Liberty Mutual Insurance Group along

with Banker Wells Fargo, Erik P Kimball Mortgage Company and other Business affairs in relations to

the Student Loan Matters that was discharged before Bankruptcy Protections. See *Bryant v. Smith (In re

Bryant)*, 175 B.R. 9 11-12 (W.D. Va. 1994). Even if the filing of an appeal divests the lower court of its

control over matters on appeal, Kimball, only retained jurisdiction to implement or enforce the order or

judgment but not to expand upon or alter it. See *DeCola v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n (In

re Prudential Lines, Inc.)*, 170 B.R. 222, 243-44 (S.D.N.Y. 1994), *appeal dismissed*, 59 F.3d 327 (2d Cir.

1995); *accord NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585 (6th Cir. 1987) (bankruptcy court may

enforce or implement (as opposed to alter) a judgment despite filing of appeal); *NBD Bank v. Fletcher (In

re Fletcher)*, 176 B.R. 445, 446 n.1 (Bankr. W.D. Mich. 1995) (rendering a written opinion after a party

filed a notice of appeal is permissible as an aid does not hinder the appellate court's review).

9. Once the Walker and Peele Filed a notice of appeal, that deprives the bankruptcy court and

Hon. Erik P Kimball of jurisdiction to enter orders that would affect or modify any issue or matter on

appeal and allow Barry Steven Mittelberg to continue the theft by conversion and embezzle personal and

real property from the Walker and Peele. *Bialac v. Harsh Inv. Co. (In re Bialac)*, 694 F.2d 625 (9th Cir.

1982); *Hyman v. Iowa State Bank (In re Health Care Prods.)*, 169 B.R. 753, 755 (M.D. Fla. 1994) (filing

notice of appeal from appealable order divests lower court of jurisdiction over issues related to the appeal;

bankruptcy court lacked jurisdiction to strike affidavit following grant of summary judgment on turnover

complaint and opponent's filing of notice of appeal); *In re Neuman*, 67 B.R. 99 (S.D.N.Y. 1986) (no

jurisdiction to modify appealed order); *In re Maurice*, 179 B.R. 881 (Bankr. N.D. Ill.) (bankruptcy court

7

APP.255

lacks authority to provide guidance or modify order pending appeal), *aff'd* 69 F.3d 830 (7th Cir. 1995); *In re Commodore Corp.*, 87 B.R. 62 (Bankr. N.D. Ind. 1987) (no jurisdiction to "do anything that impacts on any issues or matters on appeal"). Hon. Erik P Kimball has a History of Judicial Overreach and or Abuse, therefore a Full Review is Being Requested as to the Reappointment of the Erik P Kimball.

*b. Erik P Kimball Gross Constitutional Violations have caused the Walker and Peele substantial Fees and Costs as to Appellate Payment Receipt#148290 as to D.E. September 8, 2020, In: b. Appellate Payment Receipt#148482 as to D.E. March 25, 2021, In: c. Appellant payment Receipt#148482 as to D.E. March 25, 2021, In: d. Appellant payment Receipt#148259 as to D.E. May 27, 2021, In: e. Appellant payment Receipt# 148530 as to D.E. May 27, 2021, In: f. Appellant payment Receipt#148567 as to D.E. July 2, 2021, In: g Appellant payment Receipt#148585 as to D.E. July 23, 2021*

10. On July 14, 2021 and July 8, 2021 after The Honorable Aileen M Cannon, Stayed the Matters on June 24, 2021 and The United States Court of Appeals Eleventh Circuit of Appeals June 16, 2021 Order as to the USDC Clerk in conjunction with the Court Issued a Correspondence as to the Questions of Jurisdiction and instructed the Parties Apart of this Appellate Review to Reply within Fourteen Days of Receipt of the Order, The Bankruptcy Court as to the Honorable Erik P Kimball Orders not Amend the Appellant's Appeal that was tolling as to Florida Southern  USDC No. 9:21-cv-81108-AMC and Decided to File Two(2) Duplicate Appeals: **Florida Southern  USDC No. 9:21-cv-81110-AMC(Duplicate) and Florida Southern USDC No. 9:21-cv-81132-AMC(Duplicate)**, to Confuse the Court and Dismiss the Appellant Appeal After *In: Appellate Payment Receipt#148290 as to D.E. September 8, 2020, In: Appellate Payment Receipt#148482 as to D.E. March 25, 2021, In: Appellant payment Receipt#148482 as to D.E. March 25, 2021, In: Appellant payment Receipt#148259 as to D.E. May 27, 2021, In: Appellant payment Receipt# 148530 as to D.E. May 27, 2021, In:Appellant payment Receipt#148567 as to D.E. July 2, 2021, In:Appellant payment Receipt#148585 as to D.E. July 23, 2021*while Denying The Reorganizers a Rehearing as to the Justice of Justice Aileen M Canon order Staying The Matters until Full Disposition. The Appellants Have Since Filed an Appeal on "All" of Those Matters as of October 31, 2021 along with Their Initial Brief as to the Merits and Omnibus Motions tolling with this Court and the United States District Court of Florida, Fort Pierce, Division under the dual

8

APP.256

Jurisdiction of Justice Aileen M Cannon For the January 31, 2021 up to an including , 29th of November, 2021 as to the Certification of "All" Hon. Erik P Kimball Court's Orders. *(See Appendix Docketed with Related Cases Exhibit "Ca". App.1111-1112).*

*11.* The Hon Erik P Kimball statements *In:Keitel et al v. United States of America et al 9:18-cv-80242 from a Bankruptcy Matter stating "Order to Show Cause Why Fredrick J Kietel III Should Not Be Incarcerated Until Such Time As he Obtains Dismissal Of The Trustee And Trustee's Professionals Form A Pending Florida State Court Action."* Further More Shows that *"Any"* Challenge in His Court room will be dealt with unlawful, unofficial rulings that grossly violate Due Process and the Equal Protection Clause that allows The Unclean Hands Doctrine to be cleaned through his *ideologies, philosophies and beliefs* not the United States Constitution Article III, Section 2, Article VII, Amendments: 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th, etal, therefore a Full Review is Being Requested as to the Reappointment of the Erik P Kimball.

## PRAYER FOR EQUAL PROTECTION, REVIEW OF APPOINTMENT AND CONCLUSION

12. The Hon. *Erik P Kimball and Justice William P Dimistreous* who has the controlling Jurisdiction  allowed and relinquish jurisdiction to, The United States Social Security Administration, The United States Department of Treasury Offset Unit, The Chapter 13 Trustee Robin R Weiner, The United States Department of Education Offset Unit, The State Of Florida Department of Revenue Offset Unit, The State of Florida, The Florida Fourth District Court of Appeals, Lower State Judicial Officers Carol Lisa Phillips and, Lower State Judicial Officers Elizabeth Ann Metzger, The Individuals, Corporations, Partnerships, Unincorporated Claim#4, Claim#6 , Jane Does, John Does and all unknown persons who claim any interest in the subject matter of these actions, and the Contents Therein identified on the closing statement of BARRY S MITTELBERG P.A., Barry Steven Mittelberg while under Bankruptcy Act Protection, Post Confirmation and Relief Measures to ensure that the Criminal and Discriminatory act and

APP.257

action would " Never" be investigated and or The Parties would be back at Status Quo, therefore a Full Review is Being Requested as to the Reappointment of the Erik P Kimball.

13. The Honorable *Erik P Kimball, Chapter 13 Trustee Robin R Reiner, Attorney Joanna P Tempone, Clerk Cameron Cradic, and Clerk Martha Ortman With Gross Conflict of Interest was allowed to Alter, Amend and Dismiss The Appeal after Payment was Made in essence stripping One Power to Appellate Due Process with Constitutional Abuse as to their discretion as to "Harsh Treatment" and use Ideologies, Philosophies and Beliefs, while Tort Interference with the Rule of Law, while Judicially overreaching, erroring in denying the Reorganizers Reasonable Accommodations under the ADA, The Right To File and Docket Pleadings, The Right To Participate In the Trustee Program and Refinance The U.S. Bank Home Mortgage d/b/a U.S. Bank N.A. while paying the Chapter 13 Plan in It's Entirety Before Dismissal and the Denial of the "All" meaningful Relief Sought while* NOT" have the controlling Jurisdiction is allowed to make appellate matters "MOOT", while relinquishing jurisdiction to, The United States Social Security Administration, The United States Department of Treasury Offset Unit, The Chapter 13 Trustee Robin R Weiner, The United States Department of Education Offset Unit, The State Of Florida Department of Revenue Offset Unit, The State of Florida, The Florida Fourth District Court of Appeals, Lower State Judicial Officers Carol Lisa Phillips and, Lower State Judicial Officers Elizabeth Ann Metzger, The Individuals, Corporations, Partnerships, Unincorporated Claim#1, Claim#2, Claim#3,Claim#4, Claim #5, Claim#6 , Jane Does, John Does and all unknown persons who claim any interest in the subject matter of these actions, and the Contents Therein identified on the closing statement of  BARRY S MITTELBERG P.A., Barry Steven Mittelberg, Kenneth Drake Ozment and Ozment Law P.A., while under Bankruptcy Act Protection, Post Confirmation and Relief Measures and Dismissed the Confirmed Plan while matters are under Appellate Review, therefore a Full Review is Being Requested as to the Reappointment of the Erik P Kimball.

10

14. The Honorable *Erik P Kimball, Chapter 13 Trustee Robin R Reiner, Attorney Joanna P Tempone, Clerk Cameron Cradic, and Clerk Martha Ortman With Gross Conflict of Interest Can not with Criminally intent Abuse their discretion as to "Harsh Treatment" and use Ideologies, Philosophies and Beliefs,* while Tort Interference with the Rule of Law, while Judicially overreaching, erroring in denying the Reorganizers Reasonable Accommodations under the ADA, The Right To File and Docket Pleadings, The Right To Participate In the Trustee Program and Refinance The U.S. Bank Home Mortgage d/b/a U.S. Bank N.A. while paying the Chapter 13 Plan in It's Entirety Before Dismissal and the Denial of the *"All"* meaningful Relief Sought while NOT" have the controlling Jurisdiction is allowed to making appellate matters "MOOT", while relinquishing jurisdiction to, The United States Social Security Administration, The United States Department of Treasury Offset Unit, The Chapter 13 Trustee Robin R Weiner, The United States Department of Education Offset Unit, The State Of Florida Department of Revenue Offset Unit, The State of Florida, The Florida Fourth District Court of Appeals, Lower State Judicial Officers Carol Lisa Phillips and, Lower State Judicial Officers Elizabeth Ann Metzger, The Individuals, Corporations, Partnerships, Unincorporated Claim#1, Claim#2, Claim#3,Claim#4, Claim #5, Claim#6 , Jane Does, John Does and all unknown persons who claim any interest in the subject matter of these actions, and the Contents Therein identified on the closing statement of BARRY S MITTELBERG P.A., Barry Steven Mittelberg, Kenneth Drake Ozment and Ozment Law P.A., while under Bankruptcy Act Protection, Post Confirmation and Relief Measures and Dismissed the Confirmed Plan while matters are under Appellate Review, therefore a Full Review is Being Requested as to the Reappointment of the Erik P Kimball.

15. *"I never intend to adjust myself to economic conditions that will take necessities from the many to give luxuries to the few" Revered Dr, Martin Luther King, Constitutional Activist.* The ideology, philosophy and beliefs cannot dictate The Equal Protection Clause as to the Rule of Law and which Class, demographic, sector and status quo deserves the right to civil liberties through the United States

11

Constitution, Bill of Rights, It's Amendments, State and Local Rules of Law. The Plaintiff(s) did not ask for this David and Goliath Battle, however the Appellant's are... *"for truth, no matter who tells it. ...for justice, no matter who it's for or against." Malcolm X , Constitutional Activist.* Even if the Appellee(s) are entitled to Any of the Appellant(s) Alleged Settlement Proceeds, Erik P Kimball was in Gross Violation as those matters will need to be an argument of the Federal Arena Justices and not the State Judges as to Liens, Secured Claims, Unsecured Claims and the Amount of those Claims and as to the dischargeable. Appellant's respectfully request that the Panel Review The Proceeding orders and the Handling as which The Hon. Erik P Kimball interfered with  Bankruptcy Act and appellate Procedures with "*Judicial Over Reach and or Abuse*" as "All" the Orders involves a controlling question of law regarding the Court's subject-matter jurisdiction as to which there is substantial ground for difference of opinion *with Hon. Aileen M Canon and  Hon. Anuragg H Singhal* presiding over the "Entire" Matters and that while an immediate Stay and or Continuance of the pending appeals from the order may materially advance the ultimate termination of the litigation for further proceedings consistent with this decision, Erik P Kimball *"did not"* allow immediate access to Redress their Grievances throughout the Appellate Process . See Specific Relief Act 1877 Section 51, Specific Relief Act, 1877. Section 54, and Specific Relief Act 1877 Section 55.

16.  Erik P Kimball was aware that the Walker and Peele both Fully adjucated as to the ADA was not required to File Tax Returns, however Filed Tax Returns were filed after the United Social Security Administration submitted the required Documentation needed before while the Peele and Walker had Counsel. The Hon. Erik P Kimball given legal advise that assisted Ozment Law P.A. and the Chapter 13 Trustee as the Court was aware that the those Documents were submitted through the MMM Secure Filing System and that there was never any Mediation in which, previous counsel and colleague Kenneth Drake Ozment, Sovathary Keley Jacobson, Ozment Law have Collectively Breach Attorney Client Privileges and trust  with willful intent and disclosed without the Appellants Consent, Knowledge and

12

authorization with The United States Government through the United States Social Security Administration with their policies and procedures assisted Creditors, Debtors, Representatives, The State of Florida, Judicial Officers, Officers of the Court, Insurance Carriers, Bankers by way of Florida Bar members Barry Steven Mittelberg, Kenneth Drake Ozment, Keley Jacobson P.A., Ozment Law, and John D Eaton but not limited, to Grossly Violate the Automatic Stay, to ensure a Dismissal and Non-Discharge while forfeiting the allocation of wealth and assets.

17. There should be no Question as to the Malicious Injuries that has caused the Walker and Peele to seek Federal Intervention in all aspects in which Hon. Erik P Kimball act and actions needs to be taken into account as to His Reappointment and if that should take place. Hon. Erik P Kimball, The Retained Lawyers that showed in good standing and were Referrals show that the Fl Bar Good Standing is Not accurate as to the Countless Malpractice, Breach of Contract, ADA Violations, Lack of Candor and the Breaching of the Attorney Client privileges that are allowed to a Certain Sector of Class. The continued Interference as to the Judicial Leg of Justice and Legal Representation will almost always Not allow a client that is seeking duress through due process will become obsolete as to the Gross negligence of the "Legal Gate Keepers" that initiate Litigations for personal gain just to Unjustly enrich themselves, while leaving the client in Financial Genocide. Therefore, the Walker and Peele Seek an Impartial Review as to the Erik P Kimball before any Reappointment as to the Possible Conflict of Interest with Attorney Client Privileges being Breached through Fiduciary and Retainment being embezzled through the Fl Bar Policies and Procedures without Recourse. In addition, the Walker and Peele ask the Review Panel to See the Hon. Erik P Kimball Fl Bar Complaints, The Bad Act and The Legal Malpractice Lawsuits that the Lawyers in Questions have been a part of in the Two (2) Decades. *See: Keltel etal v Erik P Kimball etal 9:18-cv-80242 Florida Southern Division, Ingham v. Erik P Kimball etal 9;16-cv-81939, Thomas v.Robin R. Weiner, P.A.(0:13-cv-61449) (S.D.Fla.2013).* Mittelberg v. Nancy Aguirre Frankl etal, 17th Circuit, Florida Case No.CACE-16-012679(25)(2016), Heyn vs. Garcia, 17th Circuit, Florida Case No.COCE-19-

0002101 (2019), MILEMARK MEDIA, LLC vs. Mittelberg, 17th Circuit, Florida Case No.COCE-2O-038663(2020, The Florida Bar v. Garcia SC10-2261 (Fla.2010) File Nos 2009-50,543(17B), 2009-51,272(17B), 2009-51,301(17B), 20010-50,467(17B), The Florida Bar v. Mittelberg SC96232,SC00-549,SC05-548 (Fla.2001, 2006), The lawyers Group Advertising, Inc vs. Mittelberg, 17th Circuit, Florida Foreign Judgment Instrument#114197613(2017),Wollowick vs. Garcia, 17th Circuit, Florida Case No.CACE-21-004605 (2021*) (See Appendix Docketed with Related Cases Exhibit"By", App.940-1082)*

18. In Fact Trustee Mr. GIRARDI stated"...*Right, because if Mr. Mittelberg files bankruptcy, anything in his trust account that's part of a settlement for a client, I mean, that's not a personal asset of his. That's not something where these debtors should have to file a claim to recover that. That's part of doing his job. If it's accurate the Mr. Mittelberg recovered funds for the debtor and just did not turn them over, I mean, that's mismanagement of trust, that's something that would absolutely have to be referred to the Florida Bar.*" Chapter 13 Trustee Office, 341 Creditors Meeting. (2020) *(See Appendix Docketed with Related Cases Exhibit"S", App.304-309, Tab 14)*

19. *In:* Barry Steven Mittelberg P.A. Bankruptcy Case No. 16-22322., (2016), and The Florida Bar v. Mittelberg, SC96232, SC00-549,SC05-548 (Fla.2001, 2006) has caused for but not limited to the Appellant's in filing For Chapter 13, the Barry Steven Mittelberg has outstanding Judgment Lien acquiring Interest and penalties as to Barry Steven Mittelberg Not abiding By Court Order, That is Ripe and Due and to Payment From Barry Steven Mittelberg to pay for the Expert Witness $7869.30. *(See Appendix Docketed with Related Cases Exhibit"Bt",App.693-717, Tab. 15)*

20. In addition, he has embezzled over One Hundred and Eight Thousand Dollars ($180,000) From the Appellant's as to Two(2) Separate Settlements to say the least and had the proceeds since 2017. He advanced $10,000 dollars to Robert L Walker from the Proceeds of Keenen Development and was immediately given $4,000 for Retainment and over the course of the U.S. BANK N.A. litigation through cost and fees was given the additional $6000.00 while he was in Bankruptcy protection Violating Fl Bar

14

Regulations. See The Florida Bar v. Roberto, 59 So. 3d 1101 (Fla. March 3, 2011), The Florida Bar v. Rue, 643 So. 2d 1080, 1082-83 (Fla. 1994),The Florida Bar v. Suprina, 468 So. 2d 988, 989(1985), The Florida Bar v. Wooten, 452 So. 2d 547, 548 (Fla. 1984), The Florida Bar v. Rogowski, 399 So. 2d 1390, 1391 (Fla. 1981), The Florida Bar v. Dawson, 318 So. 2d 385 (Fla. 1975), State of Florida ex rel. The Florida Bar v. Rhubottom, 132 So. 2d 395(Fla. 1961).

21.  Kenneth Drake Ozment, Sovathary Keley Jacobson, Ozment Law P.A., have Colluded with willful intent with The United States Social Security Administration through their policies and procedures assisted Creditors, Debtors, Representatives, The State of Florida, Judicial Officers, Officers of the Court, Insurance Carriers, Bankers by way of Florida Bar members Kenneth Drake Ozment, Sovathary Keley Jacobson, Ozment Law, Barry Steven Mittelberg, have Grossly Violate the Automatic Stay, to ensure a Dismissal and Non-Discharge, *(See Appendix Docketed with Related Cases Exhibit "Bz", App.1083-1110, Tab 17)* while forfeiting that allocation of wealth and assets. *See Brown v. Merrill etal., 9:16-cv-81916.* In Fact, on or about 2014 Kenneth Drake Ozment and Partner was sued and just recently settled a Legal Malpractice for the similar acts and actions that the Kenneth Drake Ozment and his firm have taken in the reorganizers Pleadings. In fact, the Mortgage Modification Mediation Program was nothing but a deploy to Milk the reorganizers for an estimated amount of in excess of $15,000 outside of the plan, gain financial records while seizing the allocating of wealth and assets through a "AUCTION" Ponzi scheme with no Recourse or duress. What was shocking was the statements of The Former *USDC Chief Judge Paul G. Hyman, Jr.* ,stated. ..."*You're committing malpractice with your clients. If one of them come in here, I'm going to tell them to sue you. And I will put on the record, you are committing malpractice with your clients" USDC Judge Paul G. Hyman, Jr.,.*

22. Former Retained Lawyers Gladly Breached Attorney Client Privilege, used the Appellants Proceeds to Enrich themselves, refused to return Settlement Proceeds that were not equitable, while placing additional liens and debts without consent, gaining those proceeds to get out of financial hardship

15

APP.263

while having the Appellant's to seek Bankruptcy Act protections, *(See Appendix Docketed with Related Cases Exhibit" U",App.312-327)*. WHEREFORE, The Appellant's Robert L Walker and Tamiko N Peele Collectively Request For a Review as to the Reappointment of the Erik P Kimball as to the foregoing reasons presented, The Walker and Peele respectfully request an Full Impartial Review as to the Statements Presented in Reference to the Erik P Kimball as use the Pending Walker and Peele Briefs, Previous Lawsuits and Complaints to render a Decision as to the Pending Reappointment of the Erik P Kimball. Thank you for your immediate Time and Efforts in the Matters at hand, your Judicial hand of Justice is warranted.

23. The Walker and Peele Make a Formal Request, for the identity of any person and or entity in connection with the respondent to this solicitation to be divulged with prior consent. However, the Walker and Peele are aware that the incumbent and affiliates has been and will be provided with a general description of the source and nature of these statements covered under Freedom of Expression/Freedom of Speech and there is a possibility of continued prejudice, therefore Prior Consent is Requested.

## *EVIDENCE INCLUDED AS TO THE REVIEW OF THE REAPPOINTMENT*

Included: (I)The Three(3) Tolling Initial Briefs On The Merits, (II)The Appendix Index as to the Brief, (III)The Erik P Kimball, Financial Conflict of Interest With Banker Wells Fargo as to the Student Loan Program, (IV) The Hon. William P. Dimitrouleas Omnibus Order as to State Complaint, (V) Florida Bar Investigation and (VI) Disbarments and (VII)Transcripts and as to the Matters at Hand.

Dated: December 13, 2021

Respectfully,

Mr. Robert Walker
*s/s Robert L Walker*
4001 SW Melbourne Street
Port Saint Lucie, FL 34953
954-709-0102

Mrs. Tamiko N Peele
*s/s Tamiko N Peele*
4001 SW Melbourne Street
Port Saint Lucie, FL 34953
954-709-0102

*Judicial-Advocates(s) for Judicial Reform*

16

APP.264

# EXHIBIT Q

PO Box 9701
Allen, TX 75013

**:experian.**™

TAMIKO N PEELE
4001 SW MELBOURNE STREET
PORT SAINT LUCIE FL  34953

# Your Credit Report

Report # 2763-1920-48 for **Jun 27, 2022**



# Hi, Tamiko N. Welcome to your Credit Report.

The summary below shows only the most important activity that affects your credit history.  For more details, see the full credit report following the summary or view it online: experian.com/freescore

## What makes up your FICO® Score?*



### Payment History
*76% of your accounts always paid as agreed*

Payment history makes up to **35%** of your score. This is the most important factor in your credit score.

*Even one missed or late payment can negatively impact your credit score.*

### Amount of Debt
*No revolving credit utilization*

Amount of Debt makes up **30%** of your score. Total balance owed, how many accounts have balances and how much of your available credit you're using is considered.

*The lower the percentage, the better.*

### Credit History Length
*Your average account age is 8.5 years*

Credit History Length makes up **15%** of your score and considers the age of your oldest account, the age of your newest account and the average age of all your accounts.

*A longer active credit history is better for your score.*

### Amount of New Credit
*You have initiated 1 credit application(s) in the past year*

Amount of New Credit makes up to **10%** of your score. Each credit or loan application counts as a hard inquiry on your report.

*Too many in too short a time can lower your credit score.*

### Credit Mix
*Different Types of accounts*

Credit Mix makes up **10%** of your score. For example, it helps to have a reasonable debt spread among credit cards, mortgage, and car loans if you pay them on time.

*Repaying a variety of debt products indicates the borrower can handle all sorts of credit.*

APP.26

*Credit score calculated based on the FICO® Score 8 model. Your lender or insurer may use a different FICO® Score than FICO® Score 8, or another type of credit score altogether. Learn More at Experian.com.

# Credit Report Insights (4) Accounts total

This report summary was created just for you. This is used to show what may help and hurt your report.

## What May Be Helping...

**3**
ACCOUNTS PAID AS AGREED

**75%**
OF ACCOUNTS PAID AS AGREED



**567**
FICO SCORE
Experian data June 27, 2022

Poor 300-579
Fair
Good
Very Good
Exceptional
300
850

Get more out of your score and report with a free online account. visit experian.com/view.

## What May Be Hurting...

**1**
POTENTIALLY NEGATIVE ACCOUNTS

**25%**
OF POTENTIALLY NEGATIVE ACCOUNTS

**0**
COLLECTIONS ACCOUNTS

**1**
BANKRUPTCIES

## Did you know you may instantly raise your FICO® Score



experian. | Boost.

See if your FICO® Score will get an instant boost by adding your utility and phone payment history to your Experian credit file.

Create your free account at experian.com/scoreboost
Results may vary, See Experian.com for details.

## Your Financial Profile...

Let's talk about how banks and lenders may see you, so that you can take control of your financial story.

*Nice job making some payments on time. Make sure to pay all your accounts on time because late payments can stay on your credit report for 7 years.*

*Bankruptcies can stay on your credit report for up to 10 years after the filing date.*

*Did you know that Experian Boost is a tool we offer that when you connect your utility and mobile bills you are already paying, can instantly boost your score.*

APP.266

FICO is a registered trademark of Fair Isaac Corporation in the U.S. and other countries
The FICO credit characteristic values provided in the boxes above may include special treatment logic that results in certain credit bureau report information being excluded from the calculation.

# What's In Your Credit Report?

Your Potentially Negative Account Activity (Accounts and Bankruptcies) . . . . . . . . . . . . . 3

Your Positive Account Activity. . . . . . . . . . . . . . . . . . . . . . . . 4

Who Has Viewed Your Credit Information. . . . . . . . . . . . . . . . . . . . . 5

Your Personal Information. . . . . . . . . . . . . . . . . . . . . . . . . . 6

How to Contact Experian. . . . . . . . . . . . . . . . . . . . . . . . . . 6

Your Rights as a Consumer. . . . . . . . . . . . . . . . . . . . . . . . . . 6

# Payment History Legend

| | | |
|---|---|---|
| (OK) Current / Terms met | (150) Past due 150 Days | (VS) Voluntarily surrendered | (D) Defaulted on contract |
| (30) Past due 30 Days | (180) Past due 180 Days | (RP) Repossession | (CD) Collection |
| (60) Past due 60 Days | (CRD) Creditor received deed | (PBC) Paid by creditor | (CO) Charge off |
| (90) Past due 90 Days | (FS) Foreclosure proceedings started | (IC) Insurance claim | (CLS) Closed |
| (120) Past due 120 Days | (F) Foreclosure | (CG) Claim filed with government | (ND) No data for this period |

# ⚠ Your Potentially Negative Account Activity

The most common items in this section are late payments, accounts that have been charged off or sent to collection, accounts settled for less than full value, and items that may need closer attention, such as transferred accounts.

---

**ECMC** Partial Acct # 22395475....
111 WASHINGTON AVE S STE 1400 MINNEAPOLIS MN 55401; (888) 221-3262

**Status (Jun 2020)** Collection account.
$42,518 past due as of Jun 2022.

| | | | |
|---|---|---|---|
| **Date opened** Apr 2019 | **Terms** 1 Months | **Recent balance** $42,518 as of Jun 2022 | **Payment history:** Jun 2020 - Jun 2022 |
| **Address ID #** 0248743772 | **Monthly payment** Not reported | This account is scheduled to continue on record until Apr 2025. | |
| **Original creditor** WELLS FARGO BANK N.A. | **Credit limit or original amount** $31,713 | **Comment:** Affected by natural or declared disaster. | |
| **Type** Education | **High balance** Not reported | | |
| **Responsibility** Individual | | | |

Payment history:

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | CO | CO | CO | CO | CO | CO | | | | | | |
| 2021 | CO | CO | ND | CO | CO | CO | CO | ND | ND | CO | CO | CO |
| 2020 | | | | | | | | | | | | |

**Comment History**
Affected by natural or declared disaster.| May 2022 - Apr 2021

| | May22 | Apr22 | Mar22 | Feb22 | Jan22 | Dec21 | Nov21 | Oct21 | Sep21 | Aug21 | Jul21 | Jun21 | May21 | Apr21 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Balance | $42,518 | $42,518 | $42,518 | $42,518 | $42,518 | $42,518 | $42,553 | $44,402 | $44,320 | $44,218 | $44,136 | $44,054 | $45,186 | $45,138 |
| Date Payment Received | 05.18.21 | 05.18.21 | 05.18.21 | 05.18.21 | 05.18.21 | 05.18.21 | 05.18.21 | 05.18.21 | 05.18.21 | 05.18.21 | 05.18.21 | 05.18.21 | No Data | No Data |
| Scheduled Payment Amount | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | $1,236 | No Data | No Data |

| | Mar21 | Feb21 | Jan21 | Dec20 | Nov20 | Oct20 | Jul20 | Jun20 |
|---|---|---|---|---|---|---|---|---|
| Account Balance | $45,024 | $44,942 | $44,610 | $44,508 | $44,405 | $44,323 | $44,057 | $43,990 |
| Date Payment Received | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Scheduled Payment Amount | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data | $0 |

*The original amount of this account was $31,713*

# BANKRUPTCIES

APP.267

**Your Potentially Negative Account Activity (Continued)**

This section only includes bankruptcies. Chapters 7, 11, and 12 bankruptcies may remain on the credit report for up to 10 years.

This section includes public record items from courts that Experian may have obtained through a third party vendor, LexisNexis Risk Data Management Inc. You may contact them at LexisNexis Consumer Center, PO Box 105615, Atlanta, GA 30348-5108, or visit https://experianconsumers.lexisnexis.com/

⚠ Bankruptcies on your credit report may have a negative impact on your credit score.

**US BKPT CT FL PALM BEACH** 701 CLEMATIS ST RM 302 WEST PALM BEACH FL 33401 (561) 514 4100

| Identification number | Address ID# | Date resolved | Date filed | Responsibility | Status |
|---|---|---|---|---|---|
| 2011431EPK | 0526462823 | Jun 2021 | Jan 2020 | Joint | Chapter 13 bankruptcy dismissed. This item is scheduled to continue on record until Jan 2027. |

 # Your Positive Account Activity

These accounts may stay on your credit report for as long as they are open. Closed or paid-off accounts may continue to appear on your report for up to 10 years. Each of the items in this section has a positive payment history, meaning that no delinquencies or derogatory statuses are reported in the displayable payment history.

Great job paying these accounts on time! Payment history is the biggest factor of your credit score.

**DEPT OF ED/582/NELNET** Partial Acct # 90000048849.... Status (Sep 2019) Transferred, closed.
PO BOX 82561 LINCOLN NE 68501; (888) 303 7818

| Type | Date opened | Address ID # | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|---|
| Education | Nov 2005 | 0071870697 | $27,717 | Not reported | Individual |
| **Terms** | **Monthly payment** | **High balance** | | **Comment:** | This account is scheduled to continue on record until Sep 2029. |
| 240 Months | Not reported | Not reported | | Account closed due to transfer. | This item was updated from our processing of your dispute in Sep 2019. |

**OPENSKY CBNK** Partial Acct # 462192200137.... Status (May 2022) Paid, Closed/Never late.
101 CROSSWAYS PARK DR W WOODBURY NY 11797; (800) 859 6412

| Type | Date opened | Address ID # | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|---|
| Credit card | Jan 2021 | 0248743772 | $400 | Not reported | Individual |
| **Terms** | **Monthly payment** | **High balance** | | **Comment** | This item was updated from our processing of your dispute in May 2022. |
| Not reported | Not reported | $109 | | Account closed at consumer's request. | |

| | Mar22 | Feb22 | Jan22 | Dec21 | Nov21 | Oct21 | Sep21 | Aug21 | Jul21 | Jun21 | May21 | Apr21 | Mar21 | Feb21 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Balance | $68 | $38 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $35 |
| Date Payment Received | 03.15.21 | 03.15.21 | 03.15.21 | 03.15.21 | 03.15.21 | 03.15.21 | 03.15.21 | 03.15.21 | 03.15.21 | 03.15.21 | 03.15.21 | 03.15.21 | 03.18.21 | No Data |
| Scheduled Payment Amount | $30 | $38 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $35 | No Data |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | $35 | No Data |

*Between Feb 2021 and Mar 2022, your credit limit/high balance was $400*

APP.20

**Your Positive Account Activity (Continued)**

| SYNCB/LOWES Partial Acct # 798192410674....<br>PO BOX 965005 ORLANDO FL 32896; (800) 444 1408 | | | | Status (Dec 2018) Paid, Closed/Never late, |
|---|---|---|---|---|
| **Type**<br>Charge Card | **Date opened**<br>Jul 2009 | **High balance**<br>$2,079 | **Credit limit or original amount**<br>$100 | **Recent balance**<br>Not reported | **Responsibility**<br>Individual<br>This account is scheduled to continue on record until Dec 2028. |
| **Terms**<br>Not reported | **Monthly payment**<br>Not reported | | | **Comment:**<br>Account closed at credit grantor's request. | This item was updated from our processing of your dispute in Mar 2012. |

# Who Has Viewed Your Consumer Information

## CREDIT APPLICATIONS / HARD INQUIRIES

*Hard inquiries* are requests for your consumer information based on an action or process initiated by you, generally related to a credit or other monetary obligation, such as when you apply for credit, rental property, or utility service, or default on a loan causing it to be sent to a collection agency.

 Hard inquiries may stay on your report up to two years.

**FACTUAL DATA** PO BOX 530090 ATLANTA GA 30353 No phone # available | Aug 10, 2021

**REASON:** Real Estate on behalf of VALLEY NATIONAL BANK.
**DURATION:** This inquiry is scheduled to continue on record until Sep 2023.

**FACTUAL DATA** No phone # available | Aug 09, 2021

**REASON:** Real Estate on behalf of VALLEY NATIONAL BANK.
**DURATION:** This inquiry is scheduled to continue on record until Sep 2023.

**CIC CREDIT** 327 CALDWELL DR STE 100 GOODLETTSVILLE TN 37072 No phone # available | May 27, 2021

**REASON:** Real Estate on behalf of RAMBER CORP.
**DURATION:** This inquiry is scheduled to continue on record until Jun 2023.

## CONSUMER REPORT VIEWS / SOFT INQUIRIES

*Soft inquiries* are usually initiated by others, like companies making promotional offers of credit or your lender conducting periodic reviews of your existing credit accounts.

 Soft inquiries DO NOT impact your credit score.

**CREDIT KARMA** 760 MARKET ST FL 2 SAN FRANCISCO CA 94102 No phone # available **INQUIRY DATES:** 06.18.22 | 06.15.22 | 06.11.22 | 06.08.22 | 06.04.22 | 06.01.22 | 05.28.22 | 05.25.22 | 05.21.22 | 05.16.22 | 05.14.22 | 05.11.22 | 05.07.22 | 05.04.22 | 04.30.22 | 04.27.22 | 04.23.22 | 04.20.22 | 04.16.22 | 04.13.22 | 04.09.22 | 04.06.22 | 04.02.22 | 03.30.22 | 03.26.22 | 03.19.22 | 03.12.22 | 03.09.22 | 03.05.22 | 03.02.22 | 02.26.22 | 02.23.22 | 02.19.22 | 02.16.22 | 02.12.22 | 02.09.22 | 02.05.22 | 02.02.22 | 01.29.22 | 01.26.22 | 01.22.22 | 01.15.22 | 01.12.22 | 01.08.22 | 01.05.22 | 01.01.22 | 12.25.21 | 12.18.21 | 12.15.21 | 12.11.21 | 12.08.21 | 12.04.21 | 12.01.21 | 11.27.21 | 11.24.21 | 11.20.21 | 11.17.21 | 11.13.21 | 11.10.21 | 11.06.21 | 11.04.21 | 10.30.21 | 10.27.21 | 10.23.21 | 10.20.21 | 10.16.21 | 10.13.21 | 10.09.21 | 10.06.21 | 10.02.21 | 09.29.21 | 09.25.21 | 09.22.21 | 09.18.21 | 09.15.21 | 09.11.21 | 09.08.21 | 09.04.21 | 09.01.21 | 08.28.21 | 08.25.21 | 08.21.21 | 08.18.21 | 08.14.21 | 08.11.21 | 08.07.21 | 08.04.21 | 07.31.21 | 07.28.21 | 07.24.21 | 07.17.21 | 07.14.21 | 07.10.21 | 07.07.21 | 07.03.21 | 06.30.21 |

**EXPERIAN** 475 ANTON BLVD COSTA MESA CA 92626 (866) 431 3471 **INQUIRY DATES:** 06.11.22 | 05.28.22 | 05.14.22 | 04.30.22 | 04.16.22 | 04.02.22 | 03.05.22 | 02.19.22 | 02.05.22 | 12.25.21 | 12.11.21 | 11.27.21 | 11.13.21 | 10.30.21 |

**EXPERIAN** 701 EXPERIAN PKWY ALLEN TX 75013 (972) 390 3000 **INQUIRY DATES:** 06.09.22 |

**EXPERIAN** 475 ANTON BLVD COSTA MESA CA 92626 No phone # available **INQUIRY DATES:** 04.20.22 |

**EXPERIAN** 475 ANTON BLVD COSTA MESA CA 92626 No phone # available **INQUIRY DATES:** 04.18.22 | 02.19.22 | 08.10.21 | 08.09.21 |

**CAPITAL ONE** PO BOX 30281 SALT LAKE CITY UT 84130 (804) 967 1000 **INQUIRY DATES:** 04.09.22 | 03.08.22 | 02.05.22 | 01.08.22 | 12.04.21 | 10.23.21 | 10.12.21 | 09.18.21 | 09.11.21 | 09.07.21 | 08.21.21 | 08.07.21 |

**CAPITAL BANK** 2275 RESEARCH BLVD STE 600 ROCKVILLE MD 20850 (800) 859 6412 **INQUIRY DATES:** 04.01.22 |

APP.269

## A Summary of Your Rights Under the Fair Credit Reporting Act (Continued)

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA.

**For more information, including information about additional rights, go to:** *www.consumerfinance.gov/learnmore* or write to:

Consumer Financial Protection Bureau
1700 G Street N.W., Washington, D.C. 20552

---

**YOU MUST BE TOLD IF INFORMATION IN YOUR FILE HAS BEEN USED AGAINST YOU.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.

**YOU HAVE THE RIGHT TO KNOW WHAT IS IN YOUR FILE.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if: A person has taken adverse action against you because of information in your credit report, you are the victim of identity theft and place a fraud alert in your file, your file contains inaccurate information as a result of fraud, you are on public assistance, or you are unemployed but expect to apply for employment within 60 days. In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See *www.consumerfinance.gov/learnmore* for additional information.

**YOU HAVE THE RIGHT TO ASK FOR A CREDIT SCORE.** Credit scores are numerical summaries of your creditworthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

**YOU HAVE THE RIGHT TO DISPUTE INCOMPLETE OR INACCURATE INFORMATION.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

**CONSUMER REPORTING AGENCIES MUST CORRECT OR DELETE INACCURATE, INCOMPLETE, OR UNVERIFIABLE INFORMATION.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

**CONSUMER REPORTING AGENCIES MAY NOT REPORT OUTDATED NEGATIVE INFORMATION.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

**ACCESS TO YOUR FILE IS LIMITED.** A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

**YOU MUST GIVE YOUR CONSENT FOR REPORTS TO BE PROVIDED TO EMPLOYERS.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

**YOU MAY LIMIT "PRESCREENED" OFFERS OF CREDIT AND INSURANCE YOU GET BASED ON INFORMATION IN YOUR CREDIT REPORT.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1 888 5OPTOUT (1 888 567 8688).

**CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE.** You have a right to place a 'security freeze' on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization. The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit. As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years. A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

**YOU MAY SEEK DAMAGES FROM VIOLATORS.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

**IDENTITY THEFT VICTIMS AND ACTIVE DUTY MILITARY PERSONNEL HAVE ADDITIONAL RIGHTS.** For more information, visit *www.consumerfinance.gov/learnmore*.

**STATE RIGHTS INFORMATION.** States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General.

**FEDERAL RIGHTS INFORMATION.** For more information about your federal rights, you can contact federal agencies listed at the bottom of the page linked here:https://www.experian.com/FCRA.

Medical Information
By law, we cannot disclose medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

A credit score is a number that reflects your credit risk level, typically a higher number indicates lower risk. Using information from your personal credit report, a score is generated through a statistical model that uses your past credit behavior and current credit relationships to predict likely future behavior. Your credit score changes as the elements in your personal credit report change over time. For example, payment updates, opening a new account or closing an account could cause your score to fluctuate. The financial services industry uses many different scores so your FICO® Score may be different from the score used by a lender, depending on the scoring model that was used. FICO® Score is a registered trademark of Fair Isaac Corporation.

About your FICO® Score 8
Your FICO® Score 8 powered by Experian® Data is formulated using the information in your credit file at the time it is requested. Your FICO® Score 8 can range between 300 and 850, with a higher score indicating a lower risk. There are many scoring models used in the marketplace. The type of score used, and its associated risk levels, may vary from lender to lender. But regardless of what scoring model is used, they all have one purpose: to summarize your creditworthiness. Keep in mind that your score is just one factor used in the application process. Other factors, such as your annual salary and length of employment, may also be considered by lenders when you apply for a loan.

What this means to you:
Credit scoring can help you understand your overall credit rating and help companies better understand how to serve you. Overall benefits of credit scoring have included faster credit approvals, reduction in human error and bias, consistency, and better terms and rates for American consumers through reduced costs and losses for lenders. The Credit Score we provide is FICO® Score 8. Your lender or insurer may use a different FICO® Score than FICO® Score 8, or different scoring models to determine how you score.

**APP.270**

## Who Has Viewed Your Consumer Information (Continued)

**CREDIT KARMA INC** 760 MARKET ST FL 2 SAN FRANCISCO CA 94102 No phone # available INQUIRY DATES: 03.31.22 | 01.26.22 | 08.10.21 | 08.09.21 |

**LEXISNEXIS** 2885 BRECKENRIDGE BLVD #55D DULUTH GA 30096 (770) 752 6000 INQUIRY DATES: 03.31.22 | 01.26.22 |

**ASPIRE/ATLANTICUS/TBOM** 5 CONCOURSE PKWY STE 400 ATLANTA GA 30328 No phone # available INQUIRY DATES: 01.11.22 | 11.03.21 |

**EXPERIAN** 475 ANTON BLVD COSTA MESA CA 92626 (866) 252 8809 INQUIRY DATES: 10.30.21 | 10.16.21 | 10.02.21 | 09.04.21 | 08.21.21 | 08.07.21 | 07.10.21 |

**CAPITAL ONE FINANCIAL** PO BOX 26625 RICHMOND VA 23261 (804) 965 8671 INQUIRY DATES: 09.16.21 | 08.24.21 |

**CAPITAL ONE FINANCIAL** No phone # available INQUIRY DATES: 08.24.21 |

**MERRICK BANK** PO BOX 9201 OLD BETHPAGE NY 11804 (800) 253 2322 INQUIRY DATES: 08.11.21 |

# Your Personal Information

The following information is reported by you, your creditors, or other sources — each of which may report your personal information differently. This is why there may be variations of your name, address, Social Security Number, etc.

 Personal information DOES NOT impact your credit score at all.

| NAMES | Name ID #: 1 |
|---|---|
| TAMIKO N PEELE | Name ID #: 15916 |
| TAMIKO PEELE | |

**ADDRESSES**

POST OFFICE BOX 8106 LAKE POINTE
FORT LAUDERDALE FL 33310-8106
Geo Code: 0-5080010-11-2680
Address ID #: 0248743772 Address Type: Post office box

4001 SW MELBOURNE ST
PORT SAINT LUCIE FL 34953-5955
Geo Code: 0-210410-111-2710
Address ID #: 0526462823 Address Type: Single family

10100 W SAMPLE RD STE407
CORAL SPRINGS FL 33065-3975
Geo Code: 0-2031410-11-2680
Address ID #: 0254439264 Address Type: Multifamily

**SOCIAL SECURITY NUMBER VARIATIONS**

None

| TELEPHONE NUMBERS | Cellular |
|---|---|
| 229 344-0733 | Residential |
| 770 419-4184 | Cellular |
| 954 709-1092 | |

**SPOUSE OR CO-APPLICANT**

ROBERT

## How to Contact Experian

If you see information that is incorrect, contact us through one of the methods below.

**CALL US**
**(800) 509 8495**
M - F 7:30 a.m. - 5 p.m., Central Time.

**WRITE TO US**
Experian, Attn: CASS
P.O. Box 1240
Allen, TX 75013

**GO ONLINE (for fastest results)**
Visit experian.com/disputes



Dispute Online for faster results

Check Status Online

# A Summary of Your Rights Under the Fair Credit Reporting Act

Para informacion en espanol, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.

APP

page 6 of



| | |
|---|---|
| **File Number:** | 310406769 |
| **Date Issued:** | 06/27/2022 |

Page: 1 of 4

# Exhibit A

## Personal Information

You have been on our files since  11/01/1995

Date of Birth: 10/27/1976

SSN: XXX-XX-7386

**Names Reported:** TAMIKO PEELE

## Addresses Reported:

**Address**
PO BOX 8106, FORT LAUDERDALE, FL 33310-8106

**Date Reported**
07/23/2009

## Public Records

This section includes public record items from local, state and federal courts and other public record sources that TransUnion may have obtained itself or through a third party vendor. In order to learn the identity of the third-party vendor (if any) that collected the public record item(s) in this section, please visit https://www.transunion.com/legal/public-records.

**USBK COURT SOUTHERN FLORIDA** Docket #: 2011431 ( 1515 F FLAGLER DR, #801, WEST PALM BEACH, FL 33401, (561) 514-4100 )

| | | | | | |
|---|---|---|---|---|---|
| **Date Filed:** | 01/31/2020 | **Type:** | CH 13 BANKRUPTCY DISMISSED/CLOSED | **Court Type:** | US Bankruptcy Court |
| **Date Paid:** | 06/18/2021 | **Responsibility:** | Contractually Liable Debt | **Plaintiff Attorney:** | K DRAKE OZMENT |
| **Date Updated:** | 06/21/2021 | | | | |

**Estimated month and year that this item will be removed:** 12/2026

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported. Pay Status represents the current status of accounts and indicates how you are currently paying. For accounts that have been paid and closed, sold, or transferred, Pay Status represents the last reported status of the account.

**Rating Key**

Some creditors report the timeliness of your payments each month in relation to your agreement with them.  The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse.  Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

## Accounts with Adverse Information

**DEPT OF ED / NELNET** #90000054269**** ( PO BOX 82561, LINCOLN, NE 68501, (888) 486-4722 )

| | | | |
|---|---|---|---|
| **Date Opened:** | 11/03/2005 | **Balance:** | $0 |
| **Responsibility:** | Individual Account | **Date Updated:** | 04/06/2019 |
| **Account Type:** | Installment Account | **Payment Received:** | $0 |
| **Loan Type:** | STUDENT LOAN | **High Balance:** | $27,717 |

**Pay Status:** ›Transferred; was 120 days past due date‹

**Terms:** $0 per month, paid Monthly for 24 months

**Date Closed:** 04/06/2019

›Maximum Delinquency of 120 days in 08/2018 and  in 04/2019‹

**Remarks:** ACCT CLOSED DUE TO TRANSFER

**Estimated month and year that this item will be removed:** 04/2025

| | 03/2019 | 02/2019 | 01/2019 | 12/2018 | 11/2018 | 10/2018 | 09/2018 | 08/2018 | 07/2018 | 06/2018 | 05/2018 | 04/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | OK | OK | OK |

| | 03/2018 | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 | 06/2017 | 05/2017 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | X | OK | OK | X | X | X | |

APP.

Page: 2 of 4     File Number: 310406769   Date Issued: 06/27/2022

Consumer Credit Report for TAMIKO PEELE

## Satisfactory Accounts

**ACS/WACHOVIA EDUCATION F** #P01635**** ( 501 BLEEKER STREET, UTICA, NY 13501, (800) 835-4611 )
Date Opened: 11/03/2005
Responsibility: Individual Account
Account Type: Installment Account
Loan Type: STUDENT LOAN

Balance: $0
Date Updated: 05/18/2015
Payment Received: $0
Last Payment Made: 03/07/2014
High Balance: $27,717

Pay Status: Transferred; was Paying as agreed
Terms: $0 per month, paid Monthly for 240 months
Date Closed: 05/18/2015

Remarks: DISP INVG COMP-CONSUM DISAGRS; TRANSFERRED TO ANOTHER OFFICE

| | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X | X | X |

| | 05/2013 | 06/2013 | 07/2013 | 08/2013 | 09/2013 | 10/2013 | 11/2013 | 12/2013 | 01/2014 | 02/2014 | 03/2014 | 04/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X | X | X |

| | 04/2013 |
|---|---|
| Rating | X |

**DEPARTMENT OF EDUCATION/582/NELNET** #90000048849**** ( PO BOX 82561, LINCOLN, NE 68501, (888) 486-4722 )
Date Opened: 11/03/2005
Responsibility: Individual Account
Account Type: Installment Account
Loan Type: STUDENT LOAN
Remarks: ACCT CLOSED DUE TO TRANSFER

Balance: $0
Date Updated: 05/15/2015
Payment Received: $0
High Balance: $27,717

Pay Status: Transferred; was Paying as agreed
Terms: $0 per month, paid Monthly for 240 months
Date Closed: 05/15/2015

**OPENSKY CAPITAL BANK NA** #462192200137**** ( PO BOX 8130, RESTON, VA 20195, (800) 859-6412 )
Date Opened: 01/22/2021
Responsibility: Individual Account
Account Type: Revolving Account
Loan Type: CREDIT CARD

Balance: $0
Date Updated: 06/17/2022
Payment Received: $100
Last Payment Made: 04/25/2022
High Balance: $109
Credit Limit: $400

Pay Status: Paid, Closed; was Paid as agreed
Terms: Paid Monthly
Date Closed: 04/26/2022
Date Paid: 04/25/2022

Remarks: ACCOUNT CLOSED BY CONSUMER; CLOSED

| | 06/2021 | 07/2021 | 08/2021 | 09/2021 | 10/2021 | 11/2021 | 12/2021 | 01/2022 | 02/2022 | 03/2022 | 04/2022 | 05/2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 02/2021 | 03/2021 | 04/2021 | 05/2021 |
|---|---|---|---|---|
| Rating | OK | OK | OK | OK |

**SYNCB/LOWES** #798192410674**** ( PO BOX 965005, ORLANDO, FL 32896, (800) 444-1408 )
Date Opened: 07/17/2009
Responsibility: Individual Account
Account Type: Revolving Account
Loan Type: CHARGE ACCOUNT

Balance: $0
Date Updated: 11/21/2019
Payment Received: $0
Last Payment Made: 09/08/2017
High Balance: $2,079
Credit Limit: $100

Pay Status: Paid, Closed; was Paid as agreed
Terms: Paid Monthly
Date Closed: 12/21/2018
Date Paid: 09/08/2017

Remarks: CLOSED BY CREDIT GRANTOR; CLOSED

| | 11/20 | 12/2018 | 01/2019 | 02/2019 | 03/2019 | 04/2019 | 05/2019 | 06/2019 | 07/2019 | 08/2019 | 09/2019 | 10/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 11/20 | 12/2017 | 01/2018 | 02/2018 | 03/2018 | 04/2018 | 05/2018 | 06/2018 | 07/2018 | 08/2018 | 09/2018 | 10/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 11/20 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | 06/2017 | 07/2017 | 08/2017 | 09/2017 | 10/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 07/ | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | 06/2015 |
|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK |

## Regular Inquiries

**VALLEY NATIONAL BANK via FACTUAL DATA** ( 875 GREENTREE ROAD, PITTSBURGH, PA 15220, (877) 237-8317 )
Permissible Purpose: CREDIT TRANSACTION
Requested On: 08/10/2021, 08/09/2021

Inquiry Type: Individua

**RAMBER CORP via CIC CREDIT** ( 327 CALDWELL DRIVE 100, GOODLETTSVILLE, TN 37072, (615) 386-2282 )
Permissible Purpose: CREDIT TRANSACTION
Requested On: 05/27/2021

Inquiry Type: Individua

APP

To dispute online go to: http://transunion.com/disputeonline

Page: 3 of 4

File Number: 310406769  Date Issued: 06/27/2022

Consumer Credit Report for TAMIKO PEELE

## Promotional Inquiries

**TRANSUNION CONSUMER INTE** ( 100 CROSS STREET, SAN LUIS OBISP, CA 93401, (805) 782-8282 )
Requested On: 06/22/2022, 05/06/2022, 04/23/2022, 02/02/2022

**CAPITAL ONE** ( P O Box 31293, Salt Lake City, UT 84131, (800) 955-7070 )
Requested On: 04/06/2022, 02/01/2022, 01/04/2022, 12/06/2021, 11/01/2021, 09/08/2021, 08/04/2021, 07/07/2021

**CAPITAL ONE** ( P O Box 31293, Salt Lake City, UT 84131, (800) 955-7070 )
Requested On: 08/04/2021, 07/07/2021

## Account Review Inquiries

**TRANSUNION CONSUMER INTE** ( 760 MARKET STREET 10TH FLOOR, SAN FRANCISCO, CA 94102, (844) 580-6816 )
Permissible Purpose: CREDIT MONITORING
Requested On: 06/22/2022

**630327550 via TRANSUNION INTERACTIVE** ( 100 CROSS STREET 202, SAN LUIS OBISPO, CA 93401, (844) 580-6816 )
Permissible Purpose: CREDIT MONITORING
Requested On: 06/21/2022

**TAMIKO PEELE via TRANSUNION INTERACTIVE IN** ( 100 CROSS ST, STE 202, SAN LUIS OBISPO, CA 93401, (855) 681-3196 )
Permissible Purpose: CONSUMER REQUEST
Requested On: 04/20/2022

**ECMC INTERNAL COLLECTIONS** ( 111 WASHINGTON AVE S, MINNEAPOLIS, MN 55401, (800) 780-7997 )
Permissible Purpose: COLLECTION
Requested On: 01/02/2022, 07/04/2021

**TAMIKO PEELE via KARMATRANSUNION INTERACT** ( 100 CROSS STREET, SAN LUIS OBISPO, CA 93401, (844) 580-6816 )
Permissible Purpose: CONSUMER REQUEST
Requested On: 08/12/2021

**CARRINGTON MORTGAGE via CIC CREDIT** ( 327 CALDWELL DRIVE 100, GOODLETTSVILLE, TN 37072, (615) 386-2282 )
Permissible Purpose: CREDIT TRANSACTION
Requested On: 05/27/2021

**RAMBER CORP via CIC CREDITRAMBER CORP** ( 2101 VISTA PKWY, STE 115, WEST PALM BEACH, FL 33411, (561) 471-9622 )
Permissible Purpose: CONSUMER INITIATED TRANSACTION
Requested On: 05/26/2021

## Consumer Statement

I AM CURRENTLY SUING ACS/WELLS FARGO. DEFENDANTS FILE MOTION TO GET CASE DISMISSED JUDGE DENIED THEIR MOTION AS MOOT. I AM REQUESTING FOR A JURY TRIAL BASED ON VIOLATIONS AND PUNATIVE DAMAGES. I AM NOT LATE AND NEVER WAS.PEELE V. AFFILIATED COMPUTER SERVICES, INC. ET AL FILED: JULY 22, 2014 AS 2:2014CV14289 PLAINTIFF: TAMIKO PEELE  DEFENDANT: WELL FARGO EDUCATION FINANICAL SERVICES, INC, AFFILIATED COMPUTER SERVICES, INC. CAUSE ACTION: FAIR CREDIT REPORTING ACTCOURT: ELEVENTH CIRCUIT FLORIDA  FLORIDA SOUTHERN DISTRICT COURT TYPE OTHER STATUTES  CONSUMER CREDITI AM CURRENTLY SUING ACS/WELLS FARGO. DEFENDANTS FILE MOTION TO GET CASE DISMISSED JUDGE DENIED THEIR MOTION AS MOOT. I AM REQUESTING FOR A JURY TRIAL BASED ON VIOLATIONS AND PUNATIVE DAMAGES. I AM NOT LATE AND NEVER WAS.PEELE V. AFFILIATED COMPUTER SERVICES, INC, ET AL FILED: JULY 22, 2014 AS 2:2014CV14289 PLAINTIFF: TAMIKO PEELE DEFENDANT: WELL FARGO EDUCATION FINANICAL SERVICES, INC, AFFILIATED COMPUTER SERVICES, INC. CAUSE OF ACTION: FAIR CREDIT REPORTING ACTCOURT: ELEVENTH CIRCUIT FLORIDA FLORIDA SOUTHERN DISTRICT COURT TYPE OTHER STATUTES CONSUMER CREDIT. MAY 5, 2015 CASE WAS DISMISSED AS MOOT. I WILL BE APPEALING THE CASE AND CONTINUING WITH OTHER LEGAL BUT NOT LIMITED TO AGAINST ACS,WELLSFARGO,NELNET,PHEAA,DOE AND TRANSUNION.  THE UNITED STATED DEPARTMENT OF EDUCATION NELNET INC & ECM BUT NOT LIMITED TO 15 CURRENTL LITIGATION SOUTHERN DISTRICT OF FLORIDA CASE NUMBER 9-21-CV-80914, 9:21-CV-80855 & IN ADDITION LITIGATION AT THE 11TH CIRCUIT COURT OF APPEALS CA NUMBER 21-12452-H.
(Note: This statement has no expiration date.)

## Credit Report Messages

SECURITY FREEZE: This file has been frozen or locked at the consumer's request.
(Note: This statement has no expiration date.)

APP.

Page: 4 of 4

File Number: 310406769   Date Issued: 06/27/2022

Consumer Credit Report for TAMIKO PEELE

## Should you wish to contact TransUnion, you may do so,

**Online:**
To dispute information contained in your credit report, please visit: www.transunion.com/disputeonline
For answers to general questions, please visit: www.transunion.com

**By Mail:**
Fraud Victim Assistance Department
P.O. Box 2000
Chester, PA 19016-2000

**By Phone:**
(800) 916-8800
You may contact us between the hours of 8:00 a.m. and 11:00 p.m. Eastern Time, Monday through Friday, except major holidays.

For all correspondence, please have your TransUnion file number available (located at the top of this report).

APP.

THIS PAGE INTENTIONALLY LEFT BLANK

APP.276

0255413136

TAMIKO N PEELE  Report # 2763-1920-48 for 06/27/22

**\*\*** 310406769-141 \*\*\*
TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

06/25/2020


Information for Good.

PCCMMC00202246·I028297·071629192

TAMIKO PEELE
PO BOX 8106
FORT LAUDERDALE, FL 33310-8106

Dear TAMIKO PEELE,

We understand that recently something on your credit report did not seem right to you. We take this matter seriously, and we want to make sure your TransUnion credit report is accurate. It's our commitment to you.

Our investigation of the dispute you submitted is now complete.  After a review of your dispute and any provided documentation, we took one or more of the following action(s):

1.  Updated your credit report based on the information you provided; OR
2.  Determined that the information you disputed either does not appear on your credit file or already shows the requested status;  OR
3.  Determined that the data furnisher had previously verified the reported information.  If any of the items you disputed were previously verified, a separate communication was sent to you listing those items along with the data furnisher's contact information; OR
4.  Asked the data furnisher reporting the information you disputed to do all of the following:
    o  Review relevant information we sent them, including any provided documents
    o  Investigate your dispute and verify whether the information they report is accurate
    o  Provide us a response to your dispute and update any other information
    o  Update their records and systems, if necessary;

Your dispute is important. In the pages that follow, you will see your detailed investigation results, including the name and contact details of the source of the information. Please review the results carefully.  To view a full copy of your credit report and for more information about how to read your credit report, please visit www.transunion.com/fullreport.

## How to Read Your Investigation Results

You will see that, for each disputed item, a summary explanation appears in the gray box, followed by a brief paragraph describing the results of our investigation, followed by a view of how the item appears in your updated credit report. Please note any changes we made to personal information (name, address, employment, SSN, date of birth) will appear at the end of Your Investigation Results.

App. 277

File Number:    310406769
Date Issued:    06/25/2020

## Your Investigation Results

**INVESTIGATION RESULTS - DELETED:** The disputed item(s) was removed from your credit report.

**ECMC #22395475****** ( 111 SOUTH WASHINGTON AVE, SUITE 1400, MINNEAPOLIS, MN 55401, (888) 221-3262 )
In response to your dispute, this item was **DELETED** from your credit report.

**US DEPT OF EDUCATION #4766****** ( 3130 Fairview Park Drive, Suite 800, Falls Church, VA 23323, (800) 621-3115 )
In response to your dispute, this item was **DELETED** from your credit report.

APP.278

File Number:     310406769            Page 5 of 6
Date Issued:     06/26/2020

**INVESTIGATION RESULTS - VERIFIED AS ACCURATE AND UPDATED:** The disputed item(s) was verified as accurate; however, other information has also changed.

**DEPT OF ED / NELNET #90000054269****** ( PO BOX 82561, LINCOLN, NE 68501. (888) 486-4722 )
We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE**; however, we updated: **Past Due; Terms; Payment Received.** Here is how this account appears on your credit report following our investigation.

| | | | |
|---|---|---|---|
| Date Opened: | 11/03/2005 | Balance: | $0 |
| Responsibility: | Individual Account | Date Updated: | 04/08/2019 |
| Account Type: | Installment Account | Payment Received: | ($0) |
| Loan Type: | STUDENT LOAN | High Balance: | $27,717 |

| | |
|---|---|
| Pay Status: | >Account 120 Days Past Due Date< |
| Terms: | $0 per month, paid Monthly for 240 months |
| Date Closed: | 04/08/2019 |
| | >Maximum Delinquency of 120 days in 08.2018 and in 04.2019< |

Remarks: ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 04/2025

| | 10/2018 | 09/2018 | 08/2018 | 07/2018 | 06/2018 | 05/2018 | 04/2018 |
|---|---|---|---|---|---|---|---|
| | | | | | | | OK |

| | 03/2019 | 02/2019 | 01/2019 | 12/2018 | 11/2018 | 10/2018 | 09/2018 | 08/2018 | 07/2018 | 06/2018 | 05/2018 | 04/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | OK | OK | OK |

| | 03/2018 | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 | 06/2017 | 05/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | X | OK | OK | X | X | X |

ck
Overview


Recommendations

Cards


Loans

View report from

Aug 12, 2021                                                                                         ⌄

TAMIKO PEELE                                                              Print report
655
Calculated using VantageScore 3.0
Provided by TransUnion

## Personal Information

**NAMES REPORTED**

TAMIKO PEELE

**EMPLOYMENT INFO**

*You have no employment information on your credit report.*

**ADDRESSES REPORTED**

⊙   8106 PO BOX 8106
     FORT LAUDERDALE, FL
     33310

## Accounts

Here's every account on your TransUnion report. Click on the account name for more details.

**See an error?**

You can submit a dispute without leaving Credit Karma. Look for Direct Dispute™ in the details of the account.

**CREDIT CARDS**

CAPITAL BANK                                                          $0.00

APP.280

ck
Overview


Recommendations

Cards


Loans

Show closed (1)

STUDENT LOANS

**DEPT OF ED / NELNET**

Reported: Apr. 06, 2019

$0.00
Closed

### Overview

You have **0%** left to pay on this student loan.

Highest Balance
$27717

Balance
$0

$0

Monthly payment

Nov. 03, 2005 (15 yrs, 9 mos)

Opened

240 months

Term

### Payment History

You've made **55%** of payments for this account on time.

|      | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2019 | ✖ | ✖ | ✖ |   |   |   | ✖ | ✖ | ✖ | ✖ | ✖ | ✖ |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✖ | ✖ | ✓ | ✓ | ⊕ | ✓ | ✓ |
| 2017 |   |   |   |   |   |   |   | ✓ | ✓ | ⊕ | ✓ | ✓ |

✓ Current    ✖ Late    ⊕ Unknown

No Info

Last payment

120-149 Days Late

Current Payment Status

120-149 Days Late

Worst Payment Status

ck
Overview

Recommendations

Cards

Loans
**Transferred**

Account status

Type                                                        **Educational**

Responsibility                                              **Individual**

Remarks                              **Account closed due to transfer**

Times 30/60/90 days late                                          **0/0/9**

Closed                                                     **Apr. 06, 2019**

**See an error?**

**DIRECT DISPUTE™**

If there's an error on your report, you can submit a dispute without leaving Credit Karma.

**Creditor Information**

DEPT OF ED / NELNET
PO BOX 82561
LINCOLN, NE 68501

(888) 486-4722

**ACS/WACHOVIA EDUCATION F**                         **$0.00**
Reported: May 18, 2015                               **Closed**

**Overview**
You have 0% left to pay on this student loan.

APP.282

ck
Overview

Recommendations

Cards

Loans

$27717

$0

$0

Monthly payment

Opened                                               Nov. 03, 2005 (15 yrs, 9 mos)

Term                                                                  240 months

## Payment History

Last payment                                              Mar. 07, 2014

Current Payment Status                                        Current

Worst Payment Status                                          No Info

## Account Details

Account status                                               Closed

Type                                                      Educational

Responsibility                                            Individual

Remarks                                    Dispute resolved; customer disagrees

Times 30/60/90 days late                                     0/0/0

Closed                                                    May 18, 2015

## See an error?

## DIRECT DISPUTE™

If there's an error on your report, you can submit a dispute without leaving Credit Karma.

APP.2


ck
Overview


Recommendations


Cards


Loans

## Creditor Information

ACS/WACHOVIA EDUCATION F
C/O ACS 501 BLEEKER STREET
UTICA, NY 13501

(800) 835-4611

**DEPARTMENT OF EDUCATION/**                                        $0.00
Reported: May 15, 2015                                              Closed

## Overview

You have 0% left to pay on this student loan.

Balance                                          Highest Balance
$0                                               $27717

Monthly payment                                  $0

Opened                                           Nov. 03, 2005 (15 yrs, 9 mos)

Term                                             240 months

## Payment History

Last payment                                     No Info

Current Payment Status                           Current

Worst Payment Status                             No Info

APP.284

ck



Overview



Recommendations

Cards

Loans

Account status                                                          Transferred

Type                                                                    Educational

Responsibility                                                           Individual

Remarks                                                    Account closed due to transfer

Times 30/60/90 days late                                                    0/0/0

Closed                                                                May 15, 2015

**See an error?**

**DIRECT DISPUTE™**

If there's an error on your report, you can submit a dispute without leaving Credit Karma.

**Creditor Information**

DEPARTMENT OF EDUCATION/
PO BOX 82561
LINCOLN, NE 68501

(888) 486-4722

## Hard Inquiries

When you apply for a new credit account, a hard inquiry will usually get added to your report, which can make a small dent in your score. Here are the inquiries on your TransUnion report.

FACTUAL DATA                                                     Credit Union

ck
Overview

®
Recommendations

Cards

Loans

**FACTUAL DATA**
Inquiry: Aug. 10, 2021

Credit Union
**(877) 237-8317**   +

**FACTUAL DATA**
Inquiry: Aug. 09, 2021

Credit Union
**(877) 237-8317**   +

**CIC CREDIT**
Inquiry: May 27, 2021

Miscellaneous
**(615) 386-2282**   +

## Collections

If you've fallen behind on payments, your account could be sent to a collections agency. This can have a big impact on your credit score.

*Clean slate! As of Aug. 12, 2021, you have no collection accounts on your credit report.*

## Public Records

Things like bankruptcies and legal judgments against you can show up on your credit report and do some damage to your score.

**Chapter 13 Bankruptcy: Bankruptcy**
Jan. 31, 2020

**$0.00**
**Dismissed**   –

**Overview**

Reference Number                          2011431

Date Filed                          Jan. 31, 2020

Classification                          Bankruptcy

Type                          Chapter 13 Bankruptcy

Responsibility                          Joint

APP.286




Have questions? Contact us (https://www.annualcreditreport.com/contactUs.action)




**experian.**

Get your next report or finish

Prepared for

# TAMIKO PEELE

**Personal & Confidential**

Report Number ████████2
Date Generated Oct 5, 2018

 **Potentially Negative**

This includes loan defaults, late payments, delinquencies, charge-offs, collections, and bankruptcies. It may also include other items that a potential creditor may want to review, such as an account that has been settled or transferred. Note that this section heading is for your reference only and does not appear on credit reports issued to third parties.

| Name | Details |
| --- | --- |
| DEPT OF EDUCATION/NELNET | |

# Personal Information

## Names

TAMIKO N PEELE

APP. 287







**experian.**

TAMIKO PEELE
Name ID #15916

Do you see information you believe to be inaccurate?   **Start a Dispute**

## Addresses

10100 W SAMPLE RD STE407
CORAL SPRINGS, FL 33065-3975
Address ID #0254439264
Multifamily

POST OFFICE BOX 8106 LAKE POINTE
FORT LAUDERDALE, FL 33310-8106
Address ID #0248743772
Post office box

4001 SW MELBOURNE ST
PORT SAINT LUCIE, FL 34953-5955
Address ID #0526462823
Single family

Do you see information you believe to be inaccurate?   **Start a Dispute**

## Phone Numbers

(229) 344-0733



APP. 288

*** 310406769-141 ***
TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

06/25/2020


Information for Good.

PCCMMC00202246-I028297-071629192

TAMIKO PEELE
PO BOX 8106
FORT LAUDERDALE, FL 33310-8106

Dear TAMIKO PEELE,

We understand that recently something on your credit report did not seem right to you. We take this matter seriously, and we want to make sure your TransUnion credit report is accurate. It's our commitment to you.

Our investigation of the dispute you submitted is now complete. After a review of your dispute and any provided documentation, we took one or more of the following action(s):

1. Updated your credit report based on the information you provided; OR
2. Determined that the information you disputed either does not appear on your credit file or already shows the requested status; OR
3. Determined that the data furnisher had previously verified the reported information. If any of the items you disputed were previously verified, a separate communication was sent to you listing those items along with the data furnisher's contact information; OR
4. Asked the data furnisher reporting the information you disputed to do all of the following:
   o Review relevant information we sent them, including any provided documents
   o Investigate your dispute and verify whether the information they report is accurate
   o Provide us a response to your dispute and update any other information
   o Update their records and systems, if necessary;

Your dispute is important. In the pages that follow, you will see your detailed investigation results, including the name and contact details of the source of the information. Please review the results carefully. To view full copy of your credit report and for more information about how to read your credit report, please vis www.transunion.com/fullreport.

## How to Read Your Investigation Results

You will see that, for each disputed item, a summary explanation appears in the gray box, followed by a br paragraph describing the results of our investigation, followed by a view of how the item appears in yo updated credit report. Please note any changes we made to personal information (name, addres employment, SSN, date of birth) will appear at the end of **Your Investigation Results**.

APP. 289

File Number: 310406769
Date Issued: 06/25/2020

Page 4 of 6

## Your Investigation Results

**INVESTIGATION RESULTS - DELETED:** The disputed item(s) was removed from your credit report.

ECMC #22395475**** ( 111 SOUTH WASHINGTON AVE, SUITE 1400, MINNEAPOLIS, MN 55401, (888) 221-3262 )
In response to your dispute, this item was **DELETED** from your credit report.

US DEPT OF EDUCATION #4766**** ( 3130 Fairview Park Drive, Suite 800, Falls Church, VA 23323, (800) 621-3115 )
In response to your dispute, this item was **DELETED** from your credit report.

APP.290

EXHIBIT R

Re: CERTIFICATION OF SERVICE USDC CASE NO. 21-CV-81248 AND USDC CASE NO 21-CV-81108 AND 21-CV-80537 JULY 16 2021

From: Rob Rob (walkerlegalw@yahoo.com)

To: robinweiner@ch13weiner.com; joanna@ch13weiner.com; barry@mittelberglaw.com; wizard@drakeozment.com; keley@drakeozment.com; attorney@floridapotlawfirm.com; attorney@ingergarcia.com; nora.hinton@usbank.com; velma.blaine@ssa.gov; jrolfes@dglawyers.com; mkatler@travelers.com; maria.dantes-sanchez@libertymutual.com; jorge@jcalillaw.com; ajrolfes@dglawyers.com; matt@glotzerlaw.com; hartley@mellisheconomist.com; pocinquiries@bonialpc.com; matthew.tilmma@bonialpc.com; john.rafferty@bonialpc.com; louanne.standley@fldoe.org; ombudsman@ecmc.org; jeaton@shawde-eaton.com; jhines@ecmc.org; jorge@jcalilaw.com; randy.pflum@quarles.com; tanner.collins@myfloridacfo.com; benman.szeto@fldoe.org; fsaombudsmanoffice@ed.gov; vangelucci@anmpa.com; reshaundra.suggs@clegalgroup.com; disabilityinformation@nelnet.net; brian.garber@ssa.gov; michael.dunlap@nelnet.net; tanner.holloman@myfloridacfo.com; default_attorney@fanniemae.com; cenrich@travelers.com; twiener@travelers.com; drake@drakeozment.com; keley.jacobson@frls.org; jason@jbrianphillipsesq.com; sandi@mittelberglaw.com; map@usbank.com; hilary.bonial@bonialpc.com; raychelle.tasher@usdoj.gov; henri.ventura@usbank.com; zachary.foster@quarles.com; ngryglewicz@albertellilaw.com; ecf@ch13weiner.com; ustpregion21.mm.ecf@usdoj.gov; wpbrec@drakeozment.com; jason.scott@experian.com; osfastudentloans@fldoe.org; bk@stewartlegalgroup.com; mukta.suri@bonialpc.com; hross@hjrlaw.com; lfinney@sfwlegalteam.com; map@notifications.usbank.com; sovathary.jacobson@cei.com

Cc: walkerlegalw@yahoo.com

Date: Thursday, June 30, 2022 at 11:04 AM EDT

GOOD DAY,

RE: Eleventh Circuit Court of Appeals Case No. *No. 22-10716-JJ*
Eleventh Circuit Court of Appeals Case No. 21-10205-DD
Eleventh Circuit Court of Appeals No. 21-10207-DD(Cross-Appeal)

*To Appellees and or whom it may concern, On Thursday the 27th of June, 2022, the Appellant's Filed Six(6) Separate Filings that has since been docketed as of Today, the 30th of June2022 as to the 11th Appellate Procedures. All Appellees should be in receipt of "ALL" Proceedings as Today. If there an in Appellee not in receipt the Appellant's request that you reply, as you would not be prejudiced. AS the Appellees are "Full" aware that the Matters are under numerous Appellate Reviews and Stayed. By now you should be in receipt of the additional Motions as follows:*

1) CASE No. 21-10205-DD  AND  CASENo. 21-10207-DD(Cross-Appeal)*OINT (I) RESPONSE IN OPPOSITION,(II) RESPONSE TO NON- REPONSE, (III) NON-OPPOSITION AND (IV)MOTION FOR EXCESS PAGES AND NUMBERS AND (V) MOTION FOR FEES AND COSTS;*

2) Case :*No. 22-10716-JJ JOINT (I) RCERTIFICATION*

APP.291

3)Case: *21-12114HH* *JOINT (I) CERTIFICATION*

4)Case: *21-13937-CC* *JOINT (I) CERTIFICATION*

*As a Courtesy the Appellants have attached their latest Motions that are* Currently under Appellate Review. As Time is of the Essence, To all Have a Safe Weekend.

RESPECTFULLY,
Robert Walker
Tamiko N Peele
Appellants

On Saturday, June 18, 2022 at 09:15:12 AM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

GOOD DAY,

RE: RECONSIDERATION WITH MODIFICATION, CLARIFICATION, EXCESS PAGES NUMBERS, JUDICIAL NOTICE TO SUPPLMENT THE RECORD

*To Appellees and or whom it may concern, On Thursday the 9th of June, 2022, the Appellant's Filed Seven(7) Separate Filings that has since been docketed as of Today, the 18th of June2022 as to the 11th Appellate Procedures. All Appellees should be in receipt of "ALL" Proceedings as Today. If there are in Appellee not in receipt the Appellant's request that you reply, as you would t be prejudiced. AS the Appellees are "Full" aware that the Matters are under numerous Appellate Review and Stayed. By now you should be in receipt of the additional Motions as follows:*

1} Case : *No. 22-10716-JJ* *JOINT (I) RESPONSE IN OPPOSITION,(II) RESPONSE TO NON- REPONSE, (III) NON- OPPOSITION AND (IV)MOTION FOR EXCESS PAGES AND NUMBERS AND (V) MOTION FOR FEES AND COSTS;*

2)Case: *21-12114HH* *JOINT (I) RESPONSE IN OPPOSITION,(II) RESPONSE TO NON- REPONSE, (III) NON- OPPOSITION AND (IV)MOTION FOR EXCESS PAGES AND NUMBERS AND (V) MOTION FOR FEES AND COSTS;*

3)Case: *21-13937-CC* *JOINT (I) RESPONSE IN OPPOSITION,(II) RESPONSE TO NON- REPONSE, (III) NON- OPPOSITION AND (IV)MOTION FOR EXCESS PAGES AND NUMBERS AND (V) MOTION FOR FEES AND COSTS;*

APP.29

*As a Courtesy the Appellants have attached their latest Motions that are* Currently under Appellate Review. As Time is of the Essence, For those who are Father's celebratory and to all Have a Safe Weekend.

RESPECTFULLY,
Robert Walker
Tamiko N Peele
Appellants

On Wednesday, June 1, 2022, 05:03:56 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

GOOD DAY,

RE: RECONSIDERATION WITH MODIFICATION, CLARIFICATION, EXCESS PAGES NUMBERS, JUDICIAL NOTICE TO SUPPLMENT THE RECORD

*To Appellees and or whom it may concern, On Tuesday May 31, 2022, the Appellant's Filed Three(3) Separate Motions that has since been docketed as of Today June 1, 2022 as to the Court's 11th of April 2022 Order. All Appellees should be in receipt of "ALL" Proceedings as to Date June 1, 2022, If there are in Appellee not in receipt the Appellant's request that you reply, as you would t be prejudiced. AS the Appellees are "Full" aware that the Matters are under numerous Appellate Review and Stayed. By now you should be in receipt of the additional Motions as follows:*

*1) Case :No. 21-10205-DD and No. 21-10207-DD JOINT MOTION FOR EXCESS PAGES AND NUMBERS (II) MOTION FOR RECONSIDERATION AND MODIFY (III) MOTION FOR CLARIFICATION AND OR IN THE ALTERNATIVE (IV) MOTION FOR RELIEF AND NOTICE AND (V) MOTION FOR JUDICIAL NOTICE TO SUPPLMENT THE RECORD*

*2) Case:21-12114HH JOINT MOTION FOR EXCESS PAGES AND NUMBERS (II) MOTION FOR RECONSIDERATION AND MODIFY (III) MOTION FOR CLARIFICATION AND OR IN THE ALTERNATIVE (IV) MOTION FOR RELIEF AND NOTICE AND (V) MOTION FOR JUDICIAL NOTICE TO SUPPLMENT THE RECORD*

*3) Case:21-13937-CC JOINT MOTION FOR EXCESS PAGES AND NUMBERS (II) MOTION FOR RECONSIDERATION AND MODIFY (III) MOTION FOR CLARIFICATION AND OR IN THE ALTERNATIVE (IV) MOTION FOR RELIEF*

*AND NOTICE AND (V) MOTION FOR JUDICIAL NOTICE TO SUPPLMENT THE RECORD*

*As a Courtesy the Appellants have  attached their latest Motions that are  Currently under Appellate Review. As Time is of the Essence, Have a Safe Week*

RESPECTFULLY,
Robert Walker
Tamiko N Peele
Appellants

On Tuesday, November 16, 2021, 06:39:40 AM EST, Rob Rob <walkerlegalw@yahoo.com> wrote:

GOOD DAY,

RE: Certify Of Service November 16, 2021,

The Reorganizers traveling PRO-SE Certification of Service of Documents  Filed and Docketed as of Today November 16, 2021.

1. Amended Notice of Appeal Case: 21-cv-80568
2.Transcript Ordering Form for Notice of Appeal Case: 21-cv-80568

By Now you should have made a Notice of Appearance and be on the Servicing List in Each Appellate Matter. As a Courtesy the Appellant's are Emailing as to the Federal Servicing System and the Mailing via US Mail of the Pleadings to ensure full participation as to 11th Circuit and the USDC Appellate Due Process. If there are any persons and or entity that is not in possession of any one or several pleading,  please plead so that you are not prejudice in any way. Again if there are  Any other questions feel free to contact regarding the Matter at Hand. Have a Great and Safe Week.

Mr. Robert Walker
Mrs. Tamiko N Peele
Appellants

On Wednesday, November 10, 2021, 07:11:38 AM EST, Rob Rob <walkerlegalw@yahoo.com> wrote:

GOOD DAY,

RE: Certify OF Service November 9, 2021,

The Reorganizers traveling PRO-SE Certification of Service of Documents  Filed and Docketed as of Today November 10, 2021.

1. Motion For Reconsideration and Stay Pending Appeals Case: 21-cv-80568

2. Notice of Appeal Case: 21-cv-80568

APP.2

3.Transcript Ordering Form for Notice of Appeal Case: 21-cv-80568

By Now you should have made a Notice of Appearance and be on the Servicing List in Each Appellate Matter. As a Courtesy the Appellant's are Emailing as to the Federal Servicing System and the Mailing via US Mail of the Pleadings to ensure full participation as to 11th Circuit and the USDC Appellate Due Process. If there are any persons and or entity that is not in possession of any one or several pleading,  please plead so that you are not prejudice in any way. Again if there are  Any other questions feel free to contact regarding the Matter at Hand. Have a Great and Safe Week.

Mr. Robert Walker
Mrs. Tamiko N Peele
Appellants

On Saturday, October 23, 2021, 11:36:13 AM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

GOOD DAY,

RE: Certify OF Service October 22, 2021,

The Reorganizers traveling PRO-SE Certification of Service of Documents  Filed and Docketed as of Today October 23, 2021.
1.Response and Ominbus Motions Case: 21-cv-81248
2. Appendix Index and Exhibits: Response and Ominbus Motions
3.Response and Ominbus Motions Case: 21-cv-80914
4. Appendix Index and Exhibits: Response and Ominbus Motions
5.Response and Ominbus Motions Case:21-cv-81132
6. Appendix Index and Exhibits: Response and Ominbus Motions
7.Response and Ominbus Motions Case:21-cv- 80855
8. Appendix Index and Exhibits: Response and Ominbus Motions
9.Response and Ominbus Motions Case:21-cv- 81108
10. Appendix Index and Exhibits: Response and Ominbus Motions

By Now you should have made a Notice of Appearance and be on the Servicing List in Each Appellate Matter. As a Courtesy the Appellant's are Emailing as to the Mailing via US Mail of the Pleadings to ensure full participation as to 11th Circuit and the USDC Appellate Due Process. If there are any persons and or entity that is not in possession of any one or several pleading,  please plead so that you are not prejudice in any way. Again if there are  Any other questions feel free to contact regarding the Matter at Hand. Have a Great and Safe Weekend.

Mr. Robert Walker
Mrs. Tamiko N Peele
Appellants

On Monday, September 20, 2021, 01:08:00 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

APP.2

GOOD DAY,

RE: Certify OF Service September 20, 2021,

The Reorganizers traveling PRO-SE Certification of Service of Documents  Filed and Docketed as of Today September 20, 2021.

1. Notice of Appeal and Transcript Ordering Form
2. Motion To Compromise Settlement and Controversy
3. Motion For Consolidation
4. Motion For Leave To File Excess Pages and Words
5. Initial Brief
6. Appendix To Motion Filed
7. Appendix Exhibits To Motion Filed

As a Courtesy the Appellant's are Re: Emailing the Mailing via US Mail of  the Pleadings that you should be in receipt of to ensure full participation as to USDC Federal Southern Florida, Fort Pierce Division, The 11th Circuit and the USDC Appellate Due Process under Appellate Review.  Again If there are any persons and or entity that is not in possession of any one or several pleading From December 2020 To Current, September  20, 2021  please plead so that you are not prejudice in any way. Again if there are  Any other questions feel free to contact regarding the Matter at Hand. Have a Great and Safe Week.

Mr. Robert Walker
Mrs. Tamiko N Peele
Appellants


On Thursday, August 19, 2021, 04:18:21 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:


GOOD DAY,

RE: Certify OF Service August 19, 2021,

The Reorganizers traveling PRO-SE Certification of Service of Documents  Filed and Docketed as of Today August 19, 2021.

1. Motion To Compromise Settlement and Controversy
2. Motion For Consolidation
3. Motion For Clarification
4. Motion For Extension Fourteen Days or September 2; Shorter of Order

5. Notice of Matters Under Appellate Review
6. 17th Circuit Notice of Appeal, Stay renewed Sanctions, Strike
7. Appendix To Motion Filed
8. Appendix Exhibits To Motion Filed

As a Courtesy the Appellant's are Emailing and Mailing via US Mail the Pleadings to ensure full participation as to USDC Federal Southern Florida, Fort Pierce Division 11th Circuit and the USDC Appellate Due Process.  Again If there are any persons and or entity that is not in possession of any one or several pleading From December 2020 To Current, August 19, 2021 please plead so that you are not prejudice in any way. Again if there are  Any other questions feel free to contact regarding the Matter at Hand. Have a Great and Safe Week.

APP.2

Mr. Robert Walker
Mrs. Tamiko N Peele
Appellants

On Tuesday, August 17, 2021, 05:42:31 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

*MEET AND CONFER AND CONFERENCE*

4TH  RE: Receipt of Certify OF Service Of Reply To Brief and the Pleadings in Reference to,

The Reorganizers traveling PRO-SE are Certification Their Notice of Appeal as to The Lower State Matters in Violation of Federal Order June 24, 2021 as Matters are under Appellate Review as to the "ALL" Claims. Appellants  Receipt of the Certification of Service of Documents  Filed and Docketed and or examined and accepted as on August 17, 2021

1.NOTICE OF APPEAL

If there are  Any other questions feel free to contact regarding the Matter at Hand. Have a Great and Safe Week.

Mr. Robert Walker
Mrs. Tamiko N Peele
Appellants

On Thursday, August 12, 2021, 03:01:43 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

*MEET AND CONFER AND CONFERENCE*

3RD  RE: NON- Receipt of Certify OF Service Of Reply To Brief and the Pleadings in Reference to,

The Reorganizers traveling PRO-SE are in NON receipt of the Certification of Service of Documents  Filed and Docketed and or examined and accepted as on August 12, 2021 .
                              1.CIP
                              2. Initial Brief with attachments if any
                              3. All 11th Circuit Filings
                              4. The USDC Florida Appellate Pleadings and Filings

As a Courtesy the Appellant's have been Emailing and Mailing via US Mail the Pleadings to ensure full participation as to 11th Circuit and the USDC Appellate Due Process. in addition the Appellant's stated that  If there are any persons and or entity that is not in possession of any one or several pleading,  please plead so that you are not prejudice in any way.  To Date The pleadings have been asked to be sent via Email and USMAIL, as the Appellants are not allowed to File within the system without the assistance of the Court of Clerk and the Information relayed by the Clerks as well. There appears that the Appelles have been filing

APP. 297

pleadings with the court untimely and certifiying the date in which is incorrect as the Appellants have not records of any emails as to Certification and or Mailings as such. However, Joanna P Tempone through The trustee office had a FEDEX Delivered at the door on August 9, 2021 and was received on The Cut off of August 9, 2021, However other parties have not ask for permission to file documents untimely and have not sent the pleading to the Appellants. Again the Appellants again request that the same courtesy that is given be reciprocated. The Appellants will Motion the Court as to the Contiued Lack Of Candor, The Non Reply to the letter as to Florida Statute 57.105 and will Motion The Courts as to the Matters as to Such Pleadings that are untimely and without agreement. The Appellants are not in Receipt of any other  Filing other than the Joanna P Tempone FL USDC Appellate Case: 21-cv-80855 and Case 21-cv-81248 that have been filed and  Again  Request that the pleadings be sent via email and via USMAIL as we are being greatly prejudiced as to the Non-receipt of the Filings. if there are Any other questions feel free to contact regarding the Matter at Hand. Have a Great and Safe Week.

Mr. Robert Walker
Mrs. Tamiko N Peele
Appellants

On Sunday, August 8, 2021, 03:58:47 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

2ND  RE: NON- Receipt of Certify OF Service August 6, 2021,

The Reorganizers traveling PRO-SE are in NON receipt of the Certification of Service of Documents  Filed and Docketed and or examined and accepted as on August 6, 2021 .
        1.CIP
        2. Initial Brief with attachments
        3. All 11th Circuit Filings

As a Courtesy the Appellant's have been Emailing and Mailing via US Mail the Pleadings to ensure full participation as to 11th Circuit and the USDC Appellate Due Process. in addition the Appellant's stated that  If there are any persons and or entity that is not in possession of any one or several pleading,  please plead so that you are not prejudice in any way. The Appellants are not in Receipt of any Filing that have been filed and  Again  request that the pleadings be sent via email and via USMAIL as we are being greatly prejudiced as to the Non-receipt of the Filings. if there are  Any other questions feel free to contact regarding the Matter at Hand. Have a Great and Safe Week.

Mr. Robert Walker
Mrs. Tamiko N Peele
Appellants

On Saturday, August 7, 2021, 03:49:55 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

RE: NON- Receipt of Certify OF Service August 6, 2021,

The Reorganizers traveling PRO-SE are in NON receipt of the Certification of Service of Documents  Filed and Docketed and or examined and accepted as on August 6, 2021 .

APP.29

1. CIP
2. Initial Brief with attachments
3. All 11th Circuit Filings

As a Courtesy the Appellant's have been Emailing and Mailing via US Mail the Pleadings to ensure full participation as to 11th Circuit and the USDC Appellate Due Process. in addition the Appellant's stated that If there are any persons and or entity that is not in possession of any one or several pleading, please plead so that you are not prejudice in any way. The Appellants are not in Receipt of any Filing that have been filed and Again request that the pleadings be sent via email and via USMAIL as we are being greatly prejudiced as to the Non-receipt of the Filings. if there are Any other questions feel free to contact regarding the Matter at Hand. Have a Great and Safe Week.

Mr. Robert Walker
Mrs. Tamiko N Peele
Appellants

On Tuesday, July 27, 2021, 04:33:57 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

GOOD DAY,

RE: Certify OF Service July 16, 2021,

The Reorganizers traveling PRO-SE Certification of Service of Documents Filed and Docketed as of Today July 27, 2021 and or when examined and accepted.
1. CIP
   a. Refile 21-cv-12114
   b. File 21-cv-12452
2. Statement of Issues on Appeal
   a. Refile 21-cv-12114
   b. File 21-cv-12452
3. Email May 20, 2021 Certification and Representation

As a Courtesy the Appellant's are Emailing and Mailing via US Mail the Pleadings to ensure full participation as to 11th Circuit and the USDC Appellate Due Process. If there are any persons and or entity that is not in possession of any one or several pleading, please plead so that you are not prejudice in any way. Again if there are Any other questions feel free to contact regarding the Matter at Hand. Have a Great and Safe Week.

Mr. Robert Walker
Mrs. Tamiko N Peele
Appellants

On Friday, July 16, 2021, 06:21:06 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

GOOD DAY,

APP.29

RE: Certify OF Service July 16, 2021,

The Reorganizers traveling PRO-SE Certification of Service of Documents  Filed and Docketed as of Today July 16, 2021.

                  1.Certification of Service

                  2. Certification of Service and Notice of Initial Brief US Bank Home Mortgage

                  3. Amended Notice of Designated Record and Statement Issues on Appeal

                  4. Joint Notice of Appearance

                  5. Joint Notice of CIP

                  6. Joint Notice of  Filing Transcripts Designated of Record

                  7. Joint Notice of  Filing Transcripts Designated of Record

8.  *An AMENDED Notice of Appeal* as to the The Appeal Filed on July 15, 2021

9. An *AMENDED Notice of the Record* as to The  Appeal of Designated Records filed  July 15, 2021

10. The Transcript Ordering Form.

As a Courtesy the Appellant's are Emailing and Mailing via US Mail the Pleadings to ensure full participation as to 11th Circuit and the USDC Appellate Due Process. If there are any persons and or entity that is not in possession of any one or several pleading,  please plead so that you are not prejudice in any way. Again if there are  Any other questions feel free to contact regarding the Matter at Hand. Have a Great and Safe Weekend.

Mr. Robert Walker
Mrs. Tamiko N Peele
Appellants

 11TH RESPONSE BRIEF BARRY UPS ALL No. 21-10205-DD and No. 21-10207-DD JUNE 27 2022.pdf
599.3kB

 11TH APPENDIX VOLUME 6 CASE NO. 10205 AND CASE NO.10207 JUNE 24 2022.pdf
266.7kB

 Volume 6 Cd-Cf.pdf
1.1MB

 11TH CERTIFICATION OF SERVICE CASE No. 21-10205-DD AND No. 21-10207-DD.pdf
302.6kB

 11TH CERTIFICATION EMAIL JUNE 18 2022.pdf
130.2kB

APP.300

# EXHIBIT  S

SOUTHERN DISTRICT OF FLORIDA

Judge Paul G. Hyman, Jr.

In Re:

Case No. 14-12111-BKC-PGH

~~███ ████ ██████~~

Debtor.

_____

ECF #95

April 14, 2015

The above entitled cause came on for hearing before the HONORABLE PAUL G. HYMAN, JR., the Chief Judge in the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler Drive, West Palm Beach, Palm Beach County, Florida, on April 14, 2015, commencing on or about 9:30 a.m., and the following proceedings were had:

Transcribed from a digital recording by:
Jacquelyn Ann Jones, Court Reporter

OUELLETTE & MAULDIN COURT REPORTERS, INC.
(305) 358-8875

APP. 301

2  continuously.  Not submitting orders is inappropriate.

3  There are numerous times -- you are the worst offender

4  now.  It will not happen one time again, or you're

5  going to no longer have a practice.  Do you understand

6  that?

7          I don't care about this whatever e-mail

8  system you have, or calendaring system, or staffing

9  problems you have.  It's done.  I'm tired of it.  You

10  have no business practicing here the way you're

11  practicing.

12          MR. MERRILL:  We are cleaning it up

13  immediately, Your Honor.  I'm -- we hear you, and we

14  understand.  We've been working all weekend trying to

15  figure out what occurred.

16          THE COURT:  You're committing malpractice

17  with your clients.  If one of them come in here, I'm

18  going to tell them to sue you.  And I will put on the

19  record, you are committing malpractice with your

20  clients.

21          MR. MERRILL:  We believe we'll have it

22  cleared up immediately, Your Honor.

23          THE COURT:  Thank you.

24          (The proceedings were concluded.)

25

2   continuously.  Not submitting orders is inappropriate.

3   There are numerous times -- you are the worst offender

4   now.  It will not happen one time again, or you're

5   going to no longer have a practice.  Do you understand

6   that?

7            I don't care about this whatever e-mail

8   system you have, or calendaring system, or staffing

9   problems you have.  It's done.  I'm tired of it.  You

10  have no business practicing here the way you're

11  practicing.

12           MR. MERRILL:  We are cleaning it up

13  immediately, Your Honor.  I'm -- we hear you, and we

14  understand.  We've been working all weekend trying to

15  figure out what occurred.

16           THE COURT:  You're committing malpractice

17  with your clients.  If one of them come in here, I'm

18  going to tell them to sue you.  And I will put on the

19  record, you are committing malpractice with your

20  clients.

21           MR. MERRILL:  We believe we'll have it

22  cleared up immediately, Your Honor.

23           THE COURT:  Thank you.

24           (The proceedings were concluded.)

25

EXHIBIT T

# EXHIBIT T

Re: SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS

From:  Rob Rob (walkerlegalw@yahoo.com)

To:    matt@ch13weiner.com

Cc:    walkerlegalw@yahoo.com

Date.  Wednesday, March 24, 2021, 11:58 AM EDT

Mr. Matthew Girardi,

Good Day. The reorganizers Failed to Include you within the Concerns related to the Matters at hand.  Please See the Email Stream and if there are any other Questions and or Concerns Please Feel Free To Contact the Reorganizers. Have A Great day.

Respectfully,
Mrs. Tamiko N Peele
Mr. Robert L Walker

On Wednesday, March 24, 2021, 11:26:54 AM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

Good Day

Thanks For the Correspondence. The Reorganizers will Note your Statements "As Allegations" and Proceed  as to the Continued Unlawful Behavior that is Continuing in Nature As the awareness of the the Alleged Stipulation that was NEVER an Agreement and that the Robin Weiner P.A. Law Firm and the trustee's Office made the Agreement along with former Counsel to the Stipulation is a Violation of the Policies and Procedures and without the Consent and Knowledge as to the Reorganizers that has Caused a Malicious Injury to say the Least.  Again Thanks for Confirming  the Robin Weiner P.A. Law Firm, Trustee's Office and Ozment Law P.A. participation as to the Matters Presented on Appeal. Have A Great day

Respectfully,
Mrs. Tamiko N Peele
Mr. Robert L Walker

On Wednesday, March 24, 2021, 10:10:28 AM EDT, <joanna@ch13weiner.com> wrote:

Dear Mr. Walker and Mrs. Peele,

The Trustee's office has no independent knowledge of Allegation No. 1 as to Governmental agencies seizing the allocation of Wealth through seizure of tax proceeds, governmental stimulus proceeds and social security proceeds.  As to Allegation No. 2, we have no independent knowledge of any unlawful behavior as to a bankruptcy act.

APP. 303

Re: SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS

From:  Rob Rob (walkerlegalw@yahoo.com)

To:  matt@ch13weiner.com

Cc:  walkerlegalw@yahoo.com

Date.  Wednesday, March 24, 2021, 11:58 AM EDT

Mr. Matthew Girardi,

Good Day. The reorganizers Failed to Include you within the Concerns related to the Matters at hand.  Please See the Email Stream and If there are any other Questions and or Concerns Please Feel Free To Contact the Reorganizers. Have A Great day.

Respectfully,
Mrs. Tamiko N Peele
Mr. Robert L Walker

On Wednesday, March 24, 2021, 11:26:54 AM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

Good Day

Thanks For the Correspondence. The Reorganizers will Note your Statements "As Allegations" and Proceed  as to the Continued Unlawful Behavior that is Continuing in Nature As the awareness of the the Alleged Stipulation that was NEVER an Agreement and that the Robin Weiner P.A. Law Firm and the trustee's Office made the Agreement along with former Counsel to the Stipulation is a Violation of the Policies and Procedures and without the Consent and Knowledge as to the Reorganizers that has Caused a Malicious Injury to say the Least.  Again Thanks for Confirming  the Robin Weiner P.A. Law Firm, Trustee's Office and Ozment Law P.A. participation as to the Matters Presented on Appeal. Have A Great day

Respectfully,
Mrs. Tamiko N Peele
Mr. Robert L Walker

On Wednesday, March 24, 2021, 10:10:28 AM EDT, <joanna@ch13weiner.com> wrote:

Dear Mr. Walker and Mrs. Peele,

The Trustee's office has no independent knowledge of Allegation No. 1 as to Governmental agencies seizing the allocation of Wealth through seizure of tax proceeds, governmental stimulus proceeds and social security proceeds.  As to Allegation No. 2, we have no independent knowledge of any unlawful behavior as to a bankruptcy act.

APP. 303

RESPECTFULLY,
Mr. Robert Walker
Plaintiff and Creditor

On Wednesday, June 17, 2020, 09:24:19 AM EDT, <noreply@17th.flcourts.org> wrote:

This is a system generated email. Please do not reply to this message.

Sequence Number: N/A
Category: Special Sets
Schedule Date and Time:07-29-2020 10:00 AM – 07-29-2020 10:15 AM
Division: Phillips, Carol-Lisa (25)
Case Number: CACE13025006
Style:Robert Walker Plaintiff vs.KONE, INC., et al Defendant
Motion: Barry S. Mittelberg's Motion to Enforce Charging Lien
Scheduler:Mittelberg, Barry Steven
Phone Number: 9547521213
Created Date:06-17-2020 9:24 AM
Status: Ready

The 17th Judicial Circuit serves the citizens of Broward County Florida. It is the second largest jurisdiction in the
State of Florida. The information transmitted is intended only for the person or entity to which it is addressed and may
contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of
any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If
you received this in error, please contact the sender and delete the material from any computer.

 BANKRUPTCY CASE 20 11431 EPK USDC No. 920cv81366-WPD RECORD ON APPEAL SEPT 4 2020.pdf
109.3kB

BANKRUPTCY CASE 20 11431 EPK USDC No. 920cv81366-WPD STATEMENT OF ISSUES ON APPEAL SEPT 4 2020.pdf
167.2kB

BANKRUPTCY CASE 20 11431 EPK TRANSCRIPT ORDER FORM SEP 1 2020.pdf
930.2kB

RESPECTFULLY,
Mr. Robert Walker
Plaintiff and Creditor

On Wednesday, June 17, 2020, 09:24:19 AM EDT, <noreply@17th.flcourts.org> wrote:

This is a system generated email. Please do not reply to this message.

Sequence Number: N/A
Category: Special Sets
Schedule Date and Time:07-29-2020 10:00 AM – 07-29-2020 10:16 AM
Division: Phillips, Carol-Lisa (25)
Case Number: CACE13025006
Style:Robert Walker Plaintiff vs.KONE, INC., et al Defendant
Motion: Barry S. Mittelberg's Motion to Enforce Charging Lien
Scheduler:Mittelberg, Barry Steven
Phone Number: 9547521213
Created Date:06-17-2020 9:24 AM
Status: Ready

The 17th Judicial Circuit serves the citizens of Broward County Florida. It is the second largest jurisdiction in the State of Florida. The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer.

 BANKRUPTCY CASE 20 11431 EPK USDC No. 920cv81366-WPD RECORD ON APPEAL SEPT 4 2020.pdf
109.3kB

BANKRUPTCY CASE 20 11431 EPK USDC No. 920cv81366-WPD STATEMENT OF ISSUES ON APPEAL SEPT 4 2020.pdf
167.2kB

BANKRUPTCY CASE 20 11431 EPK TRANSCRIPT ORDER FORM SEP 1 2020.pdf
950.2kB

APP.304

Re: SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS

From: Rob Rob (walkerlegalw@yahoo.com)

To: joanna@ch13weiner.com; robinweiner@ch13weiner.com

Cc: walkerlegalw@yahoo.com

Date: Wednesday, March 24, 2021, 11:26 AM EDT

Good Day

Thanks For the Correspondence. The Reorganizers will Note your Statements "As Allegations" and Proceed  as to the Continued Unlawful Behavior that is Continuing in Nature As the awareness of the the Alleged Stipulation that was NEVER an Agreement and that the Robin Weiner P.A. Law Firm and the trustee's Office made the Agreement along with former Counsel to the Stipulation is a Violation of the Policies and Procedures and without the Consent and Knowledge as to the Reorganizers that has Caused a Malicious Injury to say the Least.  Again Thanks for Confirming  the Robin Weiner P.A. Law Firm, Trustee's Office and Ozment Law P.A. participation as to the Matters Presented on Appeal. Have A Great day

Respectfully,
Mrs. Tamiko N Peele
Mr. Robert L Walker

On Wednesday, March 24, 2021, 10:10:28 AM EDT, <joanna@ch13weiner.com> wrote:

Dear Mr. Walker and Mrs. Peele,

The Trustee's office has no independent knowledge of Allegation No. 1 as to Governmental agencies seizing the allocation of Wealth through seizure of tax proceeds, governmental stimulus proceeds and social security proceeds.  As to Allegation No. 2, we have no independent knowledge of any unlawful behavior as to a bankruptcy act.

As to Allegation No. 3, the Trustee has no independent knowledge of a nonagreement with ECMC, but is aware that an Agreed Order Granting ECMC's Motion for Rehearing of Order Sustaining Objection to Claim No. 2 and Vacating Order entered by the Court on 11/3.2020 [ECF#119].

As to Allegation No. 4, the Trustee is not in possession or aware of any governmental stimulus proceeds or social security proceeds.  Our office has only received the monthly Chapter 13 payments directly from the debtors.

Respectfully,

Joanna P. Tempone
Staff Attorney to Robin Weiner
Standing Chapter 13 Trustee
Southern District of Florida
(954) 382- 2001
joanna@ch13weiner.com

APP.305

Re: SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS

From: Rob Rob (walkerlegalw@yahoo.com)

To:   joanna@ch13weiner.com; robinweiner@ch13weiner.com

Cc:   walkerlegalw@yahoo.com

Date: Wednesday, March 24, 2021, 11:26 AM EDT

Good Day

Thanks For the Correspondence. The Reorganizers will Note your Statements "As Allegations" and Proceed  as to the Continued Unlawful Behavior that is Continuing in Nature As the awareness of the the Alleged Stipulation that was NEVER an Agreement and that the Robin Weiner P.A. Law Firm and the trustee's Office made the Agreement along with former Counsel to the Stipulation is a Violation of the Policies and Procedures and without the Consent and Knowledge as to the Reorganizers that has Caused a Malicious Injury to say the Least.  Again Thanks for Confirming  the Robin Weiner P.A. Law Firm, Trustee's Office and Ozment Law P.A. participation as to the Matters Presented on Appeal. Have A Great day

Respectfully,
Mrs. Tamiko N Peele
Mr. Robert L Walker

On Wednesday, March 24, 2021, 10:10:28 AM EDT, <joanna@ch13weiner.com> wrote:

Dear Mr. Walker and Mrs. Peele,

The Trustee's office has no independent knowledge of Allegation No. 1 as to Governmental agencies seizing the allocation of Wealth through seizure of tax proceeds, governmental stimulus proceeds and social security proceeds.  As to Allegation No. 2, we have no independent knowledge of any unlawful behavior as to a bankruptcy act.

As to Allegation No. 3, the Trustee has no independent knowledge of a nonagreement with ECMC, but is aware that an Agreed Order Granting ECMC's Motion for Rehearing of Order Sustaining Objection to Claim No. 2 and Vacating Order entered by the Court on 11/3.2020 [ECF#119].

As to Allegation No. 4, the Trustee is not in possession or aware of any governmental stimulus proceeds or social security proceeds.  Our office has only received the monthly Chapter 13 payments directly from the debtors.

Respectfully,

Joanna P. Tempone
Staff Attorney to Robin Weiner
Standing Chapter 13 Trustee
Southern District of Florida
(954) 382- 2001
joanna@ch13weiner.com

APP.305

Mrs. Tamiko N Peele

APP.306

Mrs. Chapter 13 Trustee and Staff. The Reorganizers filed a Chapter 13 Petition on or about January 31, 2020, Since then but not limited to Governmental agencies have Proceeded to Seize the allocation of Wealth through *SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS*. The Reorganizers have placed all Parties on Notice as to the Unlawful Behavior as to the Bankruptcy Act to say the Least. The Reorganizers Now traveling as Un Represented are making another Request as to If the Chapter 13 Trustee and or Staff is in Receipt of any Correspondences, Any Monetary and Tangible Property of the Reorganizers in relations to the SEIZURE OF TAX PROCEEDS, *ECMC OBJECTIONS AND NON AGREEMENT* Made On November 3, 2021 without the Knowledge and Consent of the Reorganizers, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS and if so The Reorganizers are requesting for the Property to be returned. The Reorganizers Look forward to Resolving the Matters in a timely fashion. Thanks for Your Time and Efforts in Advance.

Mr. Robert L Walker

Mrs. Tamiko N Peele

On Friday, March 19, 2021, 02:03:26 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

Good Day,

RE: Seizure of PROCEEDES

Mrs. Chapter 13 Trustee and Staff. The Reorganizers filed a Chapter 13 Petition on or about January 31, 2020, Since then but not limited to Governmental agencies have Proceeded to Seize the allocation of Wealth through *SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS*. The Reorganizers have placed all Parties on Notice as to the Unlawful Behavior as to the Bankruptcy Act to say the Least. The Reorganizers Not traveling as Un Represented are making another Request as to If the Chapter 13 Trustee and or Staff is In Receipt of any Correspondences, Any Monetary and Tangible Property of the Reorganizers In relations to the SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS and if so The Reorganizers are requesting for the Property to be returned. The Reorganizers Look forward to Resolving the Matters in a timely fashion. Thanks for Your Time and Efforts in Advance.

Mr. Robert L Walker                                                          APP.307

As to Allegation No. 3, the Trustee has no independent knowledge of a nonagreement with ECMC, but is aware that an Agreed Order Granting ECMC's Motion for Rehearing of Order Sustaining Objection to Claim No. 2 and Vacating Order entered by the Court on 11/3/2020 [ECF#119].

As to Allegation No. 4, the Trustee is not in possession or aware of any governmental stimulus proceeds or social security proceeds. Our office has only received the monthly Chapter 13 payments directly from the debtors.

Respectfully,

Joanna P. Tompone

Staff Attorney to Robin Weiner

Standing Chapter 13 Trustee

Southern District of Florida

(954) 382-2001

joanna@ch13weiner.com

*******************************************************************

Confidentiality Notice:
This message is a confidential and privileged communication, intended only for the use of the individual or entity to whom it is addressed, and should not be read or used by anyone else. If you have received this message in error, please immediately notify us by return e-mail or call (954) 382-2001, delete the message from your system, and retain no hard copies.

From: Rob Rob <walkerlegalw@yahoo.com>
Sent: Tuesday, March 23, 2021 8:03 PM
To: robinweiner@ch13weiner.com; joanna@ch13weiner.com
Cc: Walk Walk <walkerlegalw@yahoo.com>
Subject: Re: SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS

Good Day,

RE: Third Correspondence.

Case No.20-11431-EPK

Seizure of PROCEEDES

APP.308

RE: SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS

From: joanna@ch13weiner.com

To:   walkerlegalw@yahoo.com

Date: Wednesday, March 24, 2021, 10:10 AM EDT

Dear Mr. Walker and Mrs. Peele,

The Trustee's office has no independent knowledge of Allegation No. 1 as to Governmental agencies seizing the allocation of Wealth through seizure of tax proceeds, governmental stimulus proceeds and social security proceeds. As to Allegation No. 2, we have no independent knowledge of any unlawful behavior as to a bankruptcy act.

As to Allegation No. 3, the Trustee has no independent knowledge of a nonagreement with ECMC, but is aware that an Agreed Order Granting ECMC's Motion for Rehearing of Order Sustaining Objection to Claim No. 2 and Vacating Order entered by the Court on 11/3/2020 [ECF#119].

As to Allegation No. 4, the Trustee is not in possession or aware of any governmental stimulus proceeds or social security proceeds. Our office has only received the monthly Chapter 13 payments directly from the debtors.

Respectfully,


Joanna P. Tempone

Staff Attorney to Robin Weiner

Standing Chapter 13 Trustee

Southern District of Florida

(954) 382- 2001

joanna@ch13weiner.com


*************************************************************************
Confidentiality Notice: ·
This message is a confidential and privileged communication, intended only for the use of the individual or entity to whom it is addressed, and should not be read or used by anyone else. If you have received this

APP.309

Tangible Property of the Reorganizers in relations to the SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS and if so The Reorganizers are requesting for the Property to be returned. The Reorganizers Look forward to Resolving the Matters in a timely fashion. Thanks for Your Time and Efforts in Advance.

Mr. Robert L Walker
Mrs. Tamiko N Peele

APP.310

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Confidentiality Notice:
This message is a confidential and privileged communication, intended only for the use of the individual or entity to whom it is addressed, and should not be read or used by anyone else. If you have received this message in error, please immediately notify us by return e-mail or call (954) 382-2001, delete the message from your system, and retain no hard copies.

**From:** Rob Rob <walkerlegalw@yahoo.com>
**Sent:** Tuesday, March 23, 2021 8:03 PM
**To:** robinweiner@ch13weiner.com; joanna@ch13weiner.com
**Cc:** Walk Walk <walkerlegalw@yahoo.com>
**Subject:** Re: SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS

Good Day,

RE: Third Correspondence.
Case No.20-11431-EPK
Seizure of PROCEEDES

Mrs. Chapter 13 Trustee and Staff. The Reorganizers filed a Chapter 13 Petition on or about January 31, 2020, Since then but not limited to Governmental agencies have Proceeded to Seize the allocation of Wealth through *SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS*. The Reorganizers have placed all Parties on Notice as to the Unlawful Behavior as to the Bankruptcy Act to say the Least. The Reorganizers Now traveling as Un Represented are making another Request as to If the Chapter 13 Trustee and or Staff is in Receipt of any Correspondences, Any Monetary and Tangible Property of the Reorganizers in relations to the SEIZURE OF TAX PROCEEDS,*ECIVIC OBJECTIONS AND NON AGREEMENT* Made On November 3, 2021 without the Knowledge and Consent of the Reorganizers, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS and if so The Reorganizers are requesting for the Property to be returned. The Reorganizers Look forward to Resolving the Matters in a timely fashion. Thanks for Your Time and Efforts in Advance.

Mr. Robert L Walker
Mrs. Tamiko N Peele

On Friday, March 19, 2021, 02:03:26 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

Good Day,

RE: Seizure of PROCEEDES

Mrs. Chapter 13 Trustee and Staff. The Reorganizers filed a Chapter 13 Petition on or about January 31, 2020, Since then but not limited to Governmental agencies have Proceeded to Seize the allocation of Wealth through *SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS*. The Reorganizers have placed all Parties on Notice as to the Unlawful Behavior as to the Bankruptcy Act to say the Least. The Reorganizers Not traveling as Un Represented are making another Request as to If the Chapter 13 Trustee and or Staff is in Receipt of any Correspondences, Any Monetary and

APP.311

Re: SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS

From: Rob Rob (walkerlegalw@yahoo.com)

To: robinweiner@ch13weiner.com; Joanna@ch13weiner.com

Cc: walkerlegalw@yahoo.com

Date: Tuesday, March 23, 2021, 08:03 PM EDT

Good Day,

RE: Third Correspondence.
Case No.20-11431-EPK
Seizure of PROCEEDES

Mrs. Chapter 13 Trustee and Staff. The Reorganizers filed a Chapter 13 Petition on or about January 31, 2020, Since then but not limited to Governmental agencies have Proceeded to Seize the allocation of Wealth through *SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS.* The Reorganizers have placed all Parties on Notice as to the Unlawful Behavior as to the Bankruptcy Act to say the Least. The Reorganizers Now traveling as Un Represented are making another Request as to If the Chapter 13 Trustee and or Staff is in Receipt of any Correspondences, Any Monetary and Tangible Property of the Reorganizers in relations to the SEIZURE OF TAX PROCEEDS, *ECMC OBJECTIONS AND NON AGREEMENT* Made On November 3, 2021 without the Knowledge and Consent of the Reorganizers, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS and if so The Reorganizers are requesting for the Property to be returned. The Reorganizers Look forward to Resolving the Matters in a timely fashion. Thanks for Your Time and Efforts in Advance.

Mr. Robert L Walker
Mrs. Tamiko N Peele

On Friday, March 19, 2021, 02:03:26 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

Good Day,

RE: Seizure of PROCEEDES

Mrs. Chapter 13 Trustee and Staff. The Reorganizers filed a Chapter 13 Petition on or about January 31, 2020, Since then but not limited to Governmental agencies have Proceeded to Seize the allocation of Wealth through *SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS.* The Reorganizers have placed all Parties on Notice as to the Unlawful Behavior as to the Bankruptcy Act to say the Least. The Reorganizers Not traveling as Un Represented are making another Request as to If the Chapter 13 Trustee and or Staff is in Receipt of any Correspondences, Any Monetary and Tangible Property of the Reorganizers in relations to the SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS and if so

APP.312

message in error. please immediately notify us by return e-mail or call (954) 382-2001, delete the message from your system, and retain no hard copies.

**From:** Rob Rob <walkerlegalw@yahoo.com>
**Sent:** Tuesday, March 23, 2021 8:03 PM
**To:** robinweiner@ch13weiner.com; joanna@ch13weiner.com
**Cc:** Walk Walk <walkerlegalw@yahoo.com>
**Subject:** Re: SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS

Good Day,

RE: Third Correspondence.

Case No.20-11431-EPK

Seizure of PROCEEDES

Mrs. Chapter 13 Trustee and Staff. The Reorganizers filed a Chapter 13 Petition on or about January 31, 2020, Since then but not limited to Governmental agencies have Proceeded to Seize the allocation of Wealth through *SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS*. The Reorganizers have placed all Parties on Notice as to the Unlawful Behavior as to the Bankruptcy Act to say the Least. The Reorganizers Now traveling as Un Represented are making another Request as to If the Chapter 13 Trustee and or Staff is in Receipt of any Correspondences, Any Monetary and Tangible Property of the Reorganizers in relations to the SEIZURE OF TAX PROCEEDS,*ECMC OBJECTIONS AND NON AGREEMENT* Made On November 3, 2021 without the Knowledge and Consent of the Reorganizers, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS and if so The Reorganizers are requesting for the Property to be returned. The Reorganizers Look forward to Resolving the Matters in a timely fashion. Thanks for Your Time and Efforts In Advance.

Mr. Robert L Walker

Mrs. Tamiko N Peele

On Friday, March 19, 2021, 02:03:26 PM EDT, Rob Rob <walkerlegalw@yahoo.com> wrote:

Good Day,                                                                                          APP.313

RE: Seizure of PROCEEDES

Mrs. Chapter 13 Trustee and Staff. The Reorganizers filed a Chapter 13 Petition on or about January 31, 2020, Since then but not limited to Governmental agencies have Proceeded to Seize the allocation of Wealth through *SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS*. The Reorganizers have placed all Parties on Notice as to the Unlawful Behavior as to the Bankruptcy Act to say the Least. The Reorganizers Not traveling as Un Represented are making another Request as to If the Chapter 13 Trustee and or Staff is in Receipt of any Correspondences, Any Monetary and Tangible Property of the Reorganizers in relations to the SEIZURE OF TAX PROCEEDS, GOVERNMENTAL STIMULAS PROCEEDES AND SOCIAL SECURITY PROCEEDS and if so The Reorganizers are requesting for the Property to be returned. The Reorganizers Look forward to Resolving the Matters in a timely fashion. Thanks for Your Time and Efforts In Advance.

Mr. Robert L Walker

Mrs. Tamiko N Peele

APP.314



APP.315

 Linked

Join now    Sign in

Matthew Girardi



# Matthew Girardi

Staff Attorney at Robin Weiner Ch 13 Standing Trustee

Fort Lauderdale, Florida · 193 connections

 Robin Weiner Ch 13 Standing
Trustee

Florida State University College of
Law

## Activity

 I look forward to discussing the new bankruptcy local rule
amendments for the Southern District of Florida with an excellent
group of panelists on...
Liked by Matthew Girardi

 GJB is proud to announce that former U.S. Bankruptcy Judge John K.
Olson has joined the firm as a partner. Olson served a 14-year term as
a U.S...
Liked by Matthew Girardi

 We are thrilled to announce that former U.S. Bankruptcy Judge John
K. Olson has joined our firm as a partner.
Liked by Matthew Girardi

APP.316

Linked in

Join now    ( Sign in )

Matthew Girardi

# Experience



### Staff Attorney
Robin Weiner Ch 13 Standing Trustee

Dec 2013 - Present · 7 years 4 months

Plantation, Florida



### Associate Attorney
Ozment Merrill

May 2013 - Nov 2013 · 7 months

West Palm Beach, Florida Area

Represent Debtors in Ch 7, 11 & 13 bankruptcy; Foreclosure Defense



### Associate Attorney
Law Offices of Drake Ozment

Mar 2011 - Apr 2013 · 2 years 2 months

West Palm Beach, Florida

Represent Debtors in Ch 7 & 13 bankruptcy; Foreclosure Defense

### Attorney Children's Legal Services
Department of Children and Families

May 2010 - Mar 2011 · 11 months

Panama City, Florida

Represent State of Florida in Dependency Proceedings

# Education



### Florida State University College of Law
Juris Doctor

2006 - 2009

APP.317

Linked**in**

Join now    Sign in

Matthew Girardi

## Groups

FSU College of Law Alumni

## View Matthew's full profile

See who you know in common

Get introduced

Contact Matthew directly

Join to view full profile

## People also viewed

 **Sybil Masterson**
Manufacturer's Representative at K-K Sales, Inc.
Germantown, MD

 **Mike Anthony Ramos**
-- "The Most Effective Way to do it, is do it". Amelia Earhart
New York City Metropolitan Area

 **Jacob Kling**
Attorney at Wachtell, Lipton, Rosen & Katz
New York, NY

 **Silvia Ibrahim**
Business Change Analyst at IOOF Holdings Ltd
Greater Sydney Area

APP.318

**Linked**          Join now   ( Sign in )

Matthew Girardi

 **Neighborhood Aide III**
Huntington Station, NY

 **Betsy Kent**
Career and Life Coach, College Access and Success Advisor
New York, NY

 **Rachel Levine**
– at Rightscenter.com
Los Angeles, CA

 **Whitney Girardi**
Investor Relations | Office Manager at Centana Growth Partners
New York, NY

 **Scott Hochberg**
Workers' Rights Attorney
San Francisco Bay Area

Show more profiles ⌄

## Others named Matthew Girardi

 **Matt Girardi**
Field Organizer and Head of Voter Protection at Mikie Sherrill for Congress
Washington, DC

 **Matthew Girardi**
Supervising Technical Director/Motion Graphics/Effects Designer at Warner Bros. Animation
Los Angeles, CA

 **Matthew Girardi**
Associate at Bursor & Fisher, P.A.
New York City Metropolitan Area

**Matthew Girardi**
Intern at Neuberger Berman
Pound Ridge, NY

APP.319

Linked in          Join now    Sign in

Matthew Girardi

# Add new skills with these courses

 Understanding Intellectual Property

 Understanding Trademarks: A Deeper Dive

 Business Law for Managers

See all courses

## Matthew's public profile badge

Include this LinkedIn profile on other websites

Matthew Girardi
Staff Attorney at Robin Weiner Ch 13 Standing Trustee

Staff Attorney at Robin Weiner Ch 13 Standing Trustee

Florida State University College of Law

View profile badges

© 2021

Accessibility                    About

Privacy Policy                   User Agreement

Copyright Policy                 Cookie Policy

                                 Brand Policy

APP.320

Linked**in**

Join now   ( Sign in )

Matthew Girardi

APP.321

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

APRIL THOMAS

        *Plaintiff*

v.

ROBIN R. WEINER, P.A.

        *Defendant*

CASE NO:

COMPLAINT
JURY TRIAL DEMAND

## COMPLAINT

Plaintiff April Thomas, by and through her undersigned counsel, hereby brings suit against Robin R. Weiner, P.A. ("Defendant") and states as follows:

### NATURE OF THE CASE

1.  This is an action by Plaintiff against her former employer for pregnancy discrimination and promissory estoppel.

### THE PARTIES

2.  Defendant Robin R. Weiner, P.A. is a Florida professional association and a law firm, which serves as the Standing Chapter 13 Trustee for the United States District Court for the Southern District of Florida, Fort Lauderdale and Palm Beach Divisions.

APP.322

1

Robin R. Weiner, P.A. maintains its principal place of business in the city of Plantation, Broward County, Florida.

3.  April Thomas is, and at all times material hereto was, a resident of Broward County, Florida.

## JURISDICTION AND VENUE

4.  The Court has jurisdiction pursuant to 28 U.S.C. §1331, 1343(a)(3)and (4), and Title VII. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. 1367.

5.  Venue is proper in this judicial district under 28 U.S.C. § 1391 because the unlawful conduct complained of in this Complaint arose in the Fort Lauderdale Division of the Southern District of Florida, where the Plaintiff was employed, where plaintiff resides and where Defendant maintains its principal place of business.

## CONDITIONS PRECEDENT

6.  On May 10, 2012 Plaintiff timely filed her written Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

7.  On April 23, 2013, the EEOC issued Plaintiff a Notice of Right to Sue.  *See* Exhibit A.

## FACTUAL BACKGROUND

*Plaintiff's History with Robin R. Weiner, P.A.*

8.  Plaintiff worked for Defendant from January 2007 through her termination in June 2012. During this time, Plaintiff repeatedly received favorable performance reviews and repeatedly was promoted.

9.  In January 2007, Plaintiff first began working for Defendant as a receptionist and remained in that capacity for approximately eight months.

APP.323          2

10. In September 2007, Robin Weiner, the principal of Robin R. Weiner, P.A., promoted Plaintiff to a position in the accounting department as an accounting poster, which offered a higher salary.

11. In March 2008, Plaintiff was promoted to the position of claims administrator, which offered a higher salary.

12. In October 2010, after working as a claims administrator for more than two years, Plaintiff was promoted to the position of case administrator, which offered a higher salary.

13. Plaintiff worked for Defendant as a case administrator from October 2010 until she was terminated in June 2012, shortly after returning from maternity leave.

*Plaintiff's Pregnancy*

14. During a January 2012 staff meeting, at which time a fellow staff member was pregnant, Robin Weiner remarked, "I am going to stop hiring young girls because they have too many babies. Every time I turn around someone else is pregnant."

15. A few weeks later, when Plaintiff walked into the office kitchen during her lunch break, Weiner remarked to a supervisor, "Don't worry. We will wait until after she has the baby to deal with her."

16. These remarks by Weiner were prescient: Over the past year, Weiner has terminated at least two women who either were pregnant or had recently given birth.

17. On June 13, 2011, Plaintiff learned that she was pregnant.

18. When Weiner learned of Plaintiff's pregnancy, Weiner immediately began to express a new interest in Plaintiff's personal life, repeatedly asking about Plaintiff's then-fiancé.

APP.324

3

19. Weiner wanted to know where the fiancé worked; what kind of car he drove; and how many children he had. Weiner also asked about when the wedding would occur.

20. In February 2012, at which point Plaintiff was eight months pregnant, Weiner again began prodding Plaintiff about when the wedding would occur.

21. On February 27, Weiner called an office meeting, which Plaintiff was required to attend.

22. Because her feet were swollen due to pregnancy, Plaintiff was wearing open toed-shoes.

23. Weiner reprimanded Plaintiff, indicating that if she caught Plaintiff wearing open toed shoes again, Plaintiff would be fired.

24. Shortly thereafter, Plaintiff's doctor placed Plaintiff on bed rest and provided her with a doctor's note to give to her employer.

25. Plaintiff returned to the office and provided the doctor's note to Weiner, at which point Weiner instructed Plaintiff to go home on maternity leave.

### *Plaintiff's Leave from Work*

26. The Personnel Policies and Procedures Manual, or employee handbook, for Robin R. Weiner, P.A. contains a section titled Family and Medical Leave. *See* Exhibit B.

27. This section of the handbook indicates:

   "Because the Trusteeship does not employee 50 employees, it is not required to provide leave under the Family Medical Leave Act ("FMLA"), however, the Trustee has chosen to provide leave for the following reasons:"

28. The handbook then indicates that up to eight weeks leave will be provided for the "[b]irth or a child or care of a newborn child."

APP.325

4

29.  Based on Defendant's representation that it was not required to provide FMLA leave but had chosen to provide such leave, and provide leave consistent with the terms of the FMLA, Plaintiff reasonably believed that she was covered by the FMLA and entitled to take leave consistent with the terms of the FMLA.

30.  When Plaintiff knew that she would need time off because of her pregnancy, she gave Robin Weiner advanced notice regarding the need for such leave.

31.  In taking leave because of her pregnancy, Plaintiff reasonably believed that she was taking leave under FMLA and reasonably believed that Defendant would honor the terms of the FMLA, consistent with the representations contained in the employee handbook.

### *Plaintiff's Termination*

32.  On March 9, 2012, Plaintiff gave birth to a baby girl.

33.  Plaintiff returned to work eight weeks later, on April 23, 2012.

34.  At the time Plaintiff returned to work, Robin Weiner was on vacation. Weiner did not return to the office until late May 2012.

35.  Immediately upon Weiner's return, Weiner asked Plaintiff if she was happy to be back at work. Plaintiff responded that she was.

36.  Weiner then asked Plaintiff if she had a picture of her daughter. Plaintiff indicated that she did not have a picture right at that moment.

37.  Weiner then indicated that if Plaintiff did not immediately bring her a picture of her daughter, Plaintiff would be fired.

38.  The following day, Plaintiff brought a picture of her daughter to work to show Weiner.

APP.326

5

39. Approximately one week later, on June 6, 2012, Weiner confronted Plaintiff and told Plaintiff, "You better fight for your job.   You have no idea what others did for you while you were out on maternity leave."

40. That same day, Defendant terminated Plaintiff's employment.

41. Following her termination from Robin Weiner, P.A., Plaintiff unsuccessfully attempted to find work at bankruptcy law firms throughout south Florida.

42. For nearly a year, Plaintiff was unable to find a job in the bankruptcy law field because of her termination from Robin Weiner, P.A. and the prominent role that Weiner plays in the south Florida bankruptcy law community.

43. Unable to find a job to support herself and her newborn child, Plaintiff allowed her daughter to go live with Plaintiff's mother in Tampa until Plaintiff could secure new employment.

44. Eventually, Plaintiff obtained new employment in the legal field, earning less than half of what she earned when she was terminated from Robin R. Weiner, P.A.

### Defendant's Continued Harassment of Plaintiff

45. In late April 2013, the EEOC closed its file on Plaintiff's complaint and issued Plaintiff a Notice of Right to Sue.

46. At approximately this same time, attorneys for Defendant began contacting Plaintiff's new employer, purportedly in connection with investigating the EEOC charge that had been filed against Defendants.

47. Two weeks <u>after</u> the EEOC's investigation was closed, attorneys for Defendant continued to harass Plaintiff's new employer, insisting that Plaintiff's new employer

sign a declaration regarding what Plaintiff had said about her termination from Robin R. Weiner, P.A., if anything, during the course of her hiring interview.

48. As the EEOC investigation into the charge of discrimination was closed, Defendant's actions in pressing for such a declaration were undertaken solely for the purpose of harassing and intimidating Plaintiff.

49. As a result of the loss of her job, her time spent unemployed, her separation from her child, her difficulty finding new employment because of Robin Weiner's standing in the bankruptcy community and Defendant's continued harassment at her new place of work, Plaintiff has been damaged.

## COUNT I

## PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. §§ 2000(e), ET SEQ.

50. Plaintiff realleges the foregoing as if fully set forth herein.

51. Defendant, at all times material hereto, was an "Employer" as that term is defined by Title VII and employed fifteen (15) or more Employees for purposes of coverage under Title VII.

52. At all times material hereto, Plaintiff was a pregnant female and therefore, protected from discrimination under Title VII.

53. Plaintiff was qualified for her position and capably performed her job duties with Robin R. Weiner, P.A.

54. Defendant discriminated against Plaintiff on the basis of her pregnancy and terminated her employment because of her pregnancy, her request for pregnancy leave, and her use of pregnancy leave.

55. In terminating Plaintiff, Defendant treated Plaintiff less than favorably than non-

APP.328

pregnant employees with temporary disabilities or who needed medical care.

56. Defendant's actions directly and proximately have caused, and continue to cause, Thomas to suffer loss of employment, loss of income, loss of fringe benefits, emotional distress, humiliation, great expense, embarrassment and damage to her reputation.

57. Defendant engaged in this discriminatory course of conduct with malice and/or reckless indifference to Thomas' legal rights, thus entitling Thomas to punitive damages.

## COUNT II

## PROMISSORY ESTOPPEL

58. Plaintiff realleges the foregoing as if fully set forth herein.

59. Defendant, through its employee handbook, represented to Plaintiff that Plaintiff was eligible for eight weeks of job-protected maternity leave, consistent with the terms of the FMLA.

60. Plaintiff reasonably relied upon these representations, gave notice regarding her need for such leave, was granted such leave and took such leave.

61. Subsequently, Defendant terminated Plaintiff's employment because Plaintiff became pregnant and exercised the right to utilize maternity leave as indicated in the handbook.

62. As a result of Plaintiff's reasonable reliance on Defendant's promises and Defendant's failure to honor those promises, Plaintiff has been damaged in an amount to be determined at trial.

APP.329

8

WHEREFORE, Plaintiff prays for relief in the form of economic damages, back pay and front pay, equitable relief, reinstatement, prejudgment interest, attorney's fees and costs, liquidated damages and any other such relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial for all issues so triable.

Dated: July 3, 2013

Respectfully submitted,

By: s/ Jonathan Pollard

Jonathan E. Pollard
Florida Bar No. 83613
Jonathan Pollard LLC
jpollard@pollardllc.com
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

Attorney for Plaintiff

APP.330

9

# EXHIBIT U

# Brown v. Merrill et al

**Florida Southern District Court**
**Judge:**
**Referred:**
**Case #:**
**Nature of Suit**
**Cause**
**Case Filed:**
**Terminated:**

Robin L Rosenberg
Dave Lee Brannon
9:16-cv-81916
370 Torts – Personal Property – Other Fraud
28:1332 Diversity-Breach of Fiduciary Duty
Nov 28, 2016
Nov 29, 2016

Docket     Parties (7)

Last checked: Saturday May 27, 2017 6:07 AM EDT

**Defendant**
David Merrill

**Defendant**
Merrill PA.

**Defendant**
Drake Ozment

**Defendant**
Ozment & Merill, PA.

**Defendant**
Tina Talarchyk

**Defendant**
Talarchyk & Merrill

**Plaintiff**
Kenneth Brown
6340 Breckenbridge Circle
Lake Worth, FL 33467

APP.331

Docket last updated: 05/06/2022 11:59 PM EDT

## Tuesday, November 29, 2016

6   | order | | Order Dismissing Case | | Wed 11/30 10:14 AM |
ORDER DISMISSING AND CLOSING CASE. Plaintiff's Complaint DE1 is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is instructed to CLOSE THIS CASE, terminating all deadlines and denying all pending motions as moot. If Plaintiff wishes to file an amended complaint, he must file a motion to reopen this case, together with his proposed amended complaint, by no later than December 29, 2016. Signed by Judge Robin L. Rosenberg on 11/29/2016. (mc)

## Monday, November 28, 2016

5   | service | | Summons Issued | | Mon 11/28 12:23 PM |
Summons Issued as to David Merrill, Merrill PA., Drake Ozment, Ozment & Merill, PA., Tina Talarchyk, Talarchyk & Merrill. (rms1)

4   | misc | | Clerks Receipt (combines Filing Fee and Partial Filing Fee) | | Mon 11/28 12:14 PM |
Clerks Notice of Receipt of Filing Fee received on 11/28/2016 in the amount of $ 400.00, receipt number FLS900004791 (rms1)

3   | notice | | Clerk's Notice of Consent to Proceed Before Magistrate Judge - FORM | | Mon 11/28 12:06 PM |
Clerks Notice pursuant to 28 USC 636(c). Parties are hereby notified that the U.S. Magistrate Judge Dave Lee Brannon is available to handle any or all proceedings in this case. If agreed, parties should complete and file the attached form. (rms1)

2   | order | | Judge Assignment | | Mon 11/28 12:06 PM |
Judge Assignment to Judge Robin L. Rosenberg and Magistrate Judge Dave Lee Brannon (rms1)

1   | cmp | | Complaint | | Mon 11/28 12:05 PM |
COMPLAINT against David Merrill, Merrill PA., Drake Ozment, Ozment & Merill, PA., Tina Talarchyk, Talarchyk & Merrill. Filing fees $ 400.00 Receipt#: FLS90004791, filed by Kenneth Brown.(rms1)

Att: 1   Civil Cover Sheet

**Continue to Create Account**

APP.332

# Byrd v. Ozment

**Florida Southern District Court**

| | |
|---|---|
| **Case #:** | 9:07-cv-80992 |
| **Nature of Suit** | 440 Civil Rights - Other Civil Rights |
| **Case Filed:** | Oct 19, 2007 |
| **Terminated:** | Oct 23, 2007 |

Docket     Parties

Create an account to get the full party report for this case.

Create an account to get the full docket for this case.

## Continue to Create Account

APP.333

**** CASE NUMBER: 2014CA009102 DIVISION: AF ****
Filing # 16256 Electronically Filed 07/24/2014 11:56:36 AM

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

HIBU, INC. f/k/a Yellowbook                          CASE NO:
Inc. f/k/a Yellow Book Sales
and Distribution Company Inc.
      Plaintiff,

vs.

DRAKE OZMENT dba Ozment Drake,
Esq.
      Defendant(s)

_____

## COMPLAINT

    Plaintiff, HIBU, INC. f/k/a Yellowbook Inc. f/k/a Yellow Book Sales and Distribution Company Inc.
sues Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. and alleges:

### FACTUAL ALLEGATIONS

    1.    On or about November 2, 2011, May 16, 2012, October 12, 2012 and April 15, 2013,
Plaintiff and Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. entered into a written contract
for Plaintiff to provide advertising services for the Defendant(s) in Plaintiff's publication(s) and for the
Defendant(s) to pay the Plaintiff for those services. A copy of said contract(s) is attached as an exhibit
to this Complaint and incorporated herein:

    2.    Pursuant to the terms and conditions of the contract(s):

        a.    DRAKE OZMENT as the individual(s) that signed the contract on behalf of
DRAKE OZMENT dba Ozment Drake, Esq. agreed to be individually liable for full
performance under the contract, including payment.

        b.    The Defendant(s) agreed to be liable for the Plaintiff's costs, expenses and
attorney's fees.

        c.    Defendant's agreed to pay "late charges not to exceed 1.5% per month" on any
over due amounts.

    3.    At all times material hereto and pursuant to the terms of the contract, the Plaintiff
provided to the Defendant(s) advertising services that the Defendant(s) contracted for.

    4.    Plaintiff performed all conditions precedent to be performed by Plaintiff or the conditions
have occurred.

APP.334

*** FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK ***

5.      Plaintiff has been forced to retain the law firm of Sprechman & Fisher, P.A. for representation in this action. Pursuant to the contract the Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. are responsible for said attorney's fees.

## COUNT I
### BREACH OF CONTRACT

6.      This is an action for damages that exceeds $15,000.00

7.      Plaintiff readopts and realleges the factual allegations of this complaint.

8.      Plaintiff performed all conditions precedent to be performed by Plaintiff or the conditions have occurred.

9.      Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. breached the agreement by failing to pay the Plaintiff.

10.     Plaintiff has been damaged in the sum of $19,583.00.

WHEREFORE, Plaintiff demands judgment for damages against Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. including court costs, interest, collection costs pursuant to the terms and conditions of the contract entered into by the parties, and attorneys fees pursuant to the terms and conditions of the contract and such other relief as this Court deems reasonable.

## COUNT II
### SERVICES RENDERED

11.     This is an action for damages that exceeds $15,000.00

12.     Plaintiff readopts and realleges the factual allegations of this complaint.

13.     Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. owes Plaintiff $19,583.00 that is due with interest since November 1, 2014, for advertising services rendered by the Plaintiff to the Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. , as evidenced by the invoices and/or statements attached hereto.

WHEREFORE, Plaintiff demands judgment for damages against Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. including court costs, interest, collection costs pursuant to the terms and conditions of the contract entered into by the parties and attorneys fees pursuant to the terms and conditions of the contract entered into by the parties and such other relief as this Court deems reasonable.

## COUNT III
### ACCOUNT STATED

14.     This is an action for damages that exceeds $15,000.00

APP.335

15.   Plaintiff readopts and realleges the factual allegations of this complaint.

16.   This Count is pursuant to F.R.C.P. Form 1.933 approved by the Florida Supreme Court.

17.   Before the institution of this action the Plaintiff and Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. had business transactions between them and on November 1, 2014, they agreed to the resulting balance.

18.   Plaintiff rendered a statement of it to Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. a copy being attached, and the Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. did not object to the statement.

19.   Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. owes Plaintiff $19,583.00 that is due with interest since November 1, 2014, on the account.

WHEREFORE, Plaintiff demands judgment for damages against Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. for damages, including court costs, interest, attorneys fees pursuant to the terms and conditions of the contract entered into by the parties and such other relief as this Court deems reasonable.

## COUNT IV
## UNJUST ENRICHMENT

20.   This is an action for damages that exceeds $15,000.00

21.   Plaintiff readopts and realleges the factual allegations of this complaint.

22.   Plaintiff has rendered valuable services to Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. and is entitled to be compensated for same benefit.

23.   Plaintiff with Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq., knowledge conferred a benefit upon Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq..

24.   Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. voluntarily accepted and retained same benefit.

25.   If Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. does not compensate Plaintiff, then said Defendant(s) will be unjustly enriched at the expense of Plaintiff.

26.   Because of the facts and circumstances occurring between the parties, it would be inequitable for Defendant(s) to retain the benefit without paying Plaintiff the value thereof.

27.   The Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. has been unjustly enriched at the expense and detriment of the Plaintiff in the sum of $19,583.00, no part of which has been paid, although duly demanded.

28.   Plaintiff has no adequate remedy at law.

APP.336

WHEREFORE, the Plaintiff demands judgment for damages against Defendant(s), DRAKE OZMENT dba Ozment Drake, Esq. including Court costs, interest, and such other relief as this Court deems reasonable.

SPRECHMAN & FISHER, P.A.
Attorney for Plaintiff
2775 Sunny Isles Blvd, Ste 100
Miami, FL 33160-4007
305-931-0100
800-440-6289

By_____
Stacey S. Fisher, Esq.
Fla. Bar No. 826669
Designated E-mail address for pleadings:
pleadings@sprechmanlaw.com
All other correspondence:
stacey.fisher@sprechmanlaw.com

127680:PGYELLOW

APP.337

Filing # 88465301 E-Filed 04/24/2019 02:28:44 PM

## IN THE CIRCUIT COURT IN AND FOR THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

KENNETH W. BROWN,

    Plaintiff,

v.

DAVID MERRILL, ESQ., individually,
MERRILL LAW, P.A., a Florida
corporation,
OZMENT & MERRILL, P.A., a
Florida corporation,
TINA M. TALARCHYK, ESQ.,
individually,
TALARCHYK & MERRILL, LLC a
Florida limited liability company, and
DRAKE OZMENT, ESQ., individually,

    Defendants.

Case No.: 50-2016-CA-013367-XXXX-MB
Division: AE

## FOURTH AMENDED COMPLAINT

Plaintiff, KENNETH W. BROWN ("Plaintiff") sues the Defendants, David Merrill, Esq, individually ("Merrill") and Merrill Law, P.A., a Florida corporation ("Merrill-PA") and Ozment & Merrill, P.A., a Florida corporation ("Ozment-Merrill"), Tina M. Tarlarchyk, Esq., Talarchyk & Merrill, LLC ("Talarchyk-Merrill") and Drake Ozment, Esq. ("Ozment"), as follows:

### NATURE OF THE CASE

1.     This action arises from the Defendants' legal malpractice and fraud in the inducement in connection with their representation of Kenneth Brown throughout his Chapter 11 Bankruptcy Case No. 13-13343-EPK in the United States Bankruptcy Court Southern District of Florida West Palm Beach Division (the "Bankruptcy Case") which was filed on February 14, 2013 and proceeded through the closing on May 20, 2016.

1

APP.338

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.

IRVING MANGEL

    Plaintiff

vs.

KENNETH DRAKE OZMENT, ESQ., AND
MICHAEL MCMANUS, ESQ.

    Defendants.

_____/

### COMPLAINT

Plaintiff IRVING MANGEL sues the Defendants KENNETH DRAKE OZMENT, ESQ., and

MICHAEL MCMANUS, ESQ., and states as follows:

    1.    This is an action for damages in an amount in excess of $15,000.00 exclusive of

interest, attorneys' fees, and costs.

    2.    Plaintiff IRVING MANGEL is an individual sui juris and at all times a legal resident

of Palm Beach County, Florida, a senior citizen pursuant to Florida Statutes.

    3.    Defendant KENNETH DRAKE OZMENT, ESQ., is an individual sui juris who is

licensed by the State of Florida to practice law and did so at all times material hereto in Palm

Beach County, FL.

    4.    Defendant MICHAEL MCMANUS, ESQ., is an individual sui juris who is licensed by

the State of Florida to practice law and did so at all times material hereto in Palm Beach County,

FL.

APP.339

5.     At all times materially hereto defendants represented themselves as being knowledgeable and competent in representing the Plaintiff with regard to the sale of his residence located at 7269 Queenferry Circle, Boca Raton FL.

6.     Defendants had an attorney-client relationship with each of the Plaintiff.

7.     Among other things, Mr. Ozment and Mr. McManus both represented, advised and negotiated on behalf of Plaintiff in connection with the sale of his residence to Madia Suresky.

## COUNT I - NEGLIGENCE

8.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 though 7 inclusively as if set forth fully herein at length. The real estate closing took place on August 28, 2006.

9.     Defendant MICHAEL MCMANUS, ESQ., represented the Plaintiff at the real estate closing.

10.     Defendant DRAKE OZMENT also provided legal services related to the real-estate transition.

11.     Moreover, Defendants violated the duty owed to Plaintiff to exercise the ordinary care and diligence exercised by other attorneys practicing in the same or similar circumstances by, among other things:

(a) <u>Erroneous payment to St. Andrews C.C. Property Owner Association</u>: The Residential Sale and Purchase Contract between Madia Suresky and Mr. Mangel, (page 6) provides that the buyer is responsible for all assessments from and after the date of closing to be pro-rated by the parties at closing date. Mr. Ozmet and/or Mr. McManus caused a check to be issued to the St. Andrews Home Owner's Association in the amount of $2,800.00 in error. The payment should

APP.340

have been tendered from Mrs. Suresky's funds. (A true and correct copy of the contract is attached hereto and marked Exhibit "1.")

(b) **Improper Billing Practices:** Defendants Ozment and McManus took without the knowledge and consent of Mr. Mangel an "additional fee" in the amount of $5,500.00. The "additional fee" was unilaterally imposed by the defendants was not part of the verbal fee agreement with Mr. Mangel. Rather the parties had agreed that the only fee the defendants were to receive was the title insurance fee/commission. This was also agreed to by Michael McManus of Mr. Ozment's firm (See enclosed letter dated September 22, 2006.)

(c) **Defendants' abandoned their client:** The payoff made to Ocwen Loan Servicing by the defendants was incorrect. As of August 28, 2006 the payoff was $1,083,724.36. At the closing on the 29th, the payoff amount was stated as $1,120,699.34. Defendants negligently failed to wire the money to Ocwen until September 6, 2006, nine (9) days after closing. Thereafter the defendants sent Mr. Mangel check for $22,619.60. Mr. Mangel thereafter sent the defendants a copy of a check he received from Ocwen in the amount of $1,716.41 evidencing an overpayment by the defendants. However, this payment was insufficient by some $12,639.08. Mr. Mangel brought this issue to the defendants' attention and was told to take care of it himself.

12.    Defendants' negligence proximately caused Plaintiff damages in the amount of $20,939.08 within the jurisdictional limits of this Court, for which he now sues.

WHEREFORE, Plaintiff demand judgment against defendants KENNETH DRAKE OZMENT, ESQ., AND MICHAEL MCMANUS, ESQ., for compensatory damages, costs, interest and such other and further relief as the Court may deem appropriate under the circumstances. Plaintiff further demand trial by jury.

## COUNT II - BREACH OF CONTRACT

13.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 though 7 inclusively as if set forth fully herein at length. The real estate closing took place on August 20, 2006.

LAW OFFICES OF ROBERT A. SELIG, LLC
555 SOUTH FEDERAL HIGHWAY • SUITE 440 • BOCA RATON • FLORIDA 33432 • (561) 392-6564
- 3 -

APP.341

14.   As lawyers for the Plaintiff and with respect to their representation of Plaintiff described herein, Defendants had an oral contract with Plaintiff.

15.   Defendants breached that contract as they:

a)   <u>Erroneous payment to St. Andrews C.C. Property Owner Association:</u> The Residential Sale and Purchase Contract between Madia Suresky and Mr. Mangel, (page 6) provides that the buyer is responsible for all assessments from and after the date of closing to be pro-rated by the parties at closing date. Mr. Ozmet and/or Mr. McManus caused a check to be issued to the St. Andrews Home Owner's Association in the amount of $2,800.00 in error. The payment should have been tendered from Mrs. Suresky's funds. (A true and correct copy of the contract is attached hereto and marked Exhibit "1.")

b)   <u>Improper Billing Practices:</u> Defendants Ozment and McManus took without the knowledge and consent of Mr. Mangel an "additional fee" in the amount of $5,500.00. The "additional fee" was unilaterally imposed by the defendants was not part of the verbal fee agreement with Mr. Mangel. Rather the parties had agreed that the only fee the defendants were to receive was the title insurance fee/commission. This was also agreed to by Michael McManus of Mr. Ozment's firm (See enclosed letter dated September 22, 2006.)

c)   <u>Defendants' abandoned their client:</u> The payoff made to Ocwen Loan Servicing by the defendants was incorrect. As of August 28, 2006 the payoff was $1,083,724.36. At the closing on the 29th, the payoff amount was stated as $1,120,699.34. Defendants negligently failed to wire the money to Ocwen until September 6, 2006, nine (9) days after closing. Thereafter the defendants sent Mr. Mangel check for $22,619.60. Mr. Mangel thereafter sent the defendants a copy of a check he received from Ocwen in the amount of $1,716.41 evidencing an overpayment by the defendants. However, this payment was insufficient by some $12,639.08. Mr. Mangel brought this issue to the defendants' attention and was told to take care of it himself.

16.   Said breaches have proximately caused damages in the amount of $20,938.08 plus counsel fees and court costs for which the Plaintiff now sues.

APP.342

WHEREFORE, Plaintiff demands judgment against defendants KENNETH DRAKE

OZMENT, ESQ., and MICHAEL MCMANUS, ESQ. for compensatory damages, costs, interest and

such other and further relief as the Court may deem appropriate under the circumstances.

Plaintiff further demand trial by jury.

DATED this 8th day of June 2007.

LAW OFFICES OF ROBERT A. SELIG, LLC
*Attorney for Plaintiff*
555 South Federal Highway
Suite 440
Boca Raton, Florida 33432
Phone:      (561) 392-6564
Fax:(561) 392-5541
E-mail: raselig@bellsouth.net

BY:
ROBERT A. SELIG, ESQUIRE

APP.343

**PROPUBLICA** TRACKING PPP

*Tracking PPP*
## Search Every Company Approved for Federal Loans

Search for PPP loan applications by organization, lender, zip code and business type.

Home ›
## OZMENT LAW PA

Why is my loan information here?

**Loan Amount**
## $66,390

Where applicants said the money will go

| | |
|---|---|
| Payroll | $66,390 |
| Utilities | $0 |
| Mortgage Interest | $0 |
| Health Care | $0 |
| Rent | $0 |
| Refinance EIDL | $0 |
| Debt Interest | $0 |

**Location**
West Palm Beach, FL
Urban

**Industry**
Offices of Lawyers

**Business Type**
Subchapter S Corporation

**Jobs Reported**
6

**Lender**
American National Bank

**Date Approved**
Jan. 23, 2021

**Business Age**

APP.344

**PROPUBLICA** TRACKING PPP

*Tracking PPP*
## Search Every Company Approved for Federal Loans

Search for PPP loan applications by organization, lender, zip code and business type.

Home ›
## OZMENT LAW, PA
Why is my loan information here?

**Loan Amount**
$66,390

**Where applicants said the money will go**

| | |
|---|---|
| Payroll | $66,390 |
| Utilities | $0 |
| Mortgage Interest | $0 |
| Health Care | $0 |
| Rent | $0 |
| Refinance EIDL | $0 |
| Debt Interest | $0 |

**Location**
West Palm Beach, FL
Urban

**Industry**
Offices of Lawyers

**Business Type**
Subchapter S Corporation

**Jobs Reported**
6

**Lender**
American National Bank

**Date Approved**
May 6, 2020

**Business Age**

APP.345

PAYCHECK PROTECTION LOAN DATA NOW AVAILABLE — FederalPay is now hosting the latest publicly released PPP loan company data from the SBA

## PPP Loan Data — Ozment Law PA, *West Palm Beach, FL*

**ALERT:** There are **2 PPP loans for a total of $132,780** in our database for businesses with the name "Ozment Law PA" in West Palm Beach, FL. This this is typically due to the same business receiving both first and second-draw loans, but may also include similarly named but unrelated businesses, multiple branches of the same business, mistaken multiple applications, or potential fraud. Click each loan below to see full details.

---

$66,390 Loan – Subchapter S Corporation - *January, 2021*

2001 Palm Beach Lakes Blvd Ste 500
West Palm Beach, FL 33409

Lender: American National Bank

---

$66,390 Loan – Subchapter S Corporation - *May, 2020*

2001 Palm Beach Lakes Blvd Ste #500
West Palm Beach, FL 33409

Lender: American National Bank

---

# Ozment Law PA

**Entity:** Subchapter S Corporation (Business legal structure)

**Industry:** Offices of Lawyers

**Location:** West Palm Beach, FL

Tweet This • Search All PPP Data

Ozment Law PA is a subchapter s corporation located at 2001 Palm Beach Lakes Blvd Ste 500 in West Palm Beach, Florida that received a Coronavirus-related PPP loan from the SBA of $66,390.00 in January, 2021.

## $ PPP Loan Information

| Loan #4722078305 |
|---|

**Loan Size:**

**$66,390**

**Loan Approved:**

2021-01-23

**Lender:**

American National Bank

**Jobs Retained:**

6

**Loan Status:**

Ongoing Loan

Ozment Law PA in West Palm Beach, FL received a Paycheck Protection Loan of $66,390 through American National Bank, which was approved in January, 2021.

This loan has been disbursed by the lender and has not yet been fully repaid or forgiven. The exact status of ongoing loans is not released by the SBA.

APP.346

i

Re: SERVICE OF COURT DOCUMENT: CACE13025006

From: Rob Rob (walkerlegalw@yahoo.com)

To: attorney@floridapotlawfirm.com; barry@mittelberglaw.com; ajrolfes@dglawyers.com; jrolfes@dglawyers.com; mdiamond@17th.flcourts.org; valeria@mittelberglaw.com; matt@glotzerlaw.com; attorney@ingergarcia.com; calendar@17th.flcourts.org; cnigro@dglawyers.com; cenrich@travelers.com; jason@jbrianphillipsesq.com; serve@jbrianphillipsesq.com; jorge@jcalillaw.com; justin.sorel@csklegal.com; billsmoak@flatrialcounsel.com; lcason@dglawyers.com; luisa@jcalillaw.com; mkatler@travelers.com; jphillip@17th.flcourts.org

Cc: walkerlegalw@yahoo.com

Date: Monday, June 22, 2020, 08:00 AM EDT

RE: **USDC Court Pleading 20-11431-EPK**

CEASE AND DESIST. THIS COURT DOES NOT HAVE JURSDICTION OVER ANY OF THE MATTERS AT HAND AS YOU ARE FULLY AWARE BUT NOT LIMITED TO. THE HEARING IS INVALID ALONG WITH THE ALLEGED CHARGING LIENS KNOWN AND UNKNOWN. GOVERN YOURSELF.

RESPECTFULLY,
Mr. Robert Walker
Plaintiff and Creditor

On Wednesday, June 17, 2020, 09:24:19 AM EDT, <noreply@17th.flcourts.org> wrote:

This is a system generated email. Please do not reply to this message.

Sequence Number: N/A
Category: Special Sets
Schedule Date and Time:07-29-2020 10:00 AM - 07-29-2020 10:15 AM
Division: Phillips, Carol-Lisa (25)
Case Number: CACE13025006
Style:Robert Walker Plaintiff vs.KONE, INC., et al Defendant
Motion: Barry S. Mittelberg's Motion to Enforce Charging Lien
Scheduler:Mittelberg, Barry Steven
Phone Number: 9547521213
Created Date:06-17-2020 9:24 AM
Status: Ready

The 17th Judicial Circuit serves the citizens of Broward County Florida. It is the second largest jurisdiction in the State of Florida. The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer.

APP.347

 SSA LTR TO ANTINIO MIGUEL QUINIOS VELMA BLAINE 8 20 20.pdf
2.7MB

 SSA ANTINIO MIGUEL QUINIOS VELMA BLAINE 8 20 20.pdf
5.7MB

APP.348

- walkerlegalw@yahoo.com – Yahoo Mail

## Re: Service of Document – Mittelberg adv Walker –

Rob Rob (walkerlegalw@yahoo.com)

sandi@mittelberglaw.com; barry@mittelberglaw.com; rcoco@centralstates.org; jrolfes@dglawyers.com;
justin.sorel@csklegal.com; ajrolfes@dglawyers.com; attorney@ingergarcia.com; billsmoak@flatrialcounsel.com;
cnigro@dglawyers.com; cenrich@travelers.com; jason@jbrianphillipsesq.com; attorney@floridapotlawfirm.com;
jorge@jcalillaw.com; luisa@jcalillaw.com; matt@glotzerlaw.com; mkatler@travelers.com;
serve@jbrianphillipsesq.com; maria.dantes-sanchez@libertymutual.com; lcason@dglawyers.com;
andrew.saul@ssa.gov; brian.garber@ssa.gov; velma.blaine@ssa.gov; opi.net.post@ssa.gov;
ddurkin@bakerlaw.com; gary.guzzi@akerman.com; jglassman@flatrialcounsel.com;
shane.weaver@myfloridalegal.com; snelson@fontnelson.com; tlu769mike@bellsouth.net;
vangelucci@anmpa.com; roy@wassonandassociates.com; jack.reiter@gray-robinson.com; tlu769maria@aol.com;
twiener@travelers.com; jorge@jcalillaw.com; jcondon@centralstatesfunds.org; antonio.quinones@ssa.gov;
tanner.collins@myfloridacfo.com; fcarey@centralstatesfunds.org

walkerlegalw@yahoo.com

Wednesday, December 2, 2020, 05:09 AM PST

### Re: Failure to Meet and Confer
### Standing Objections

Barry Mittelberg, Affiliates and other Interested Parties,

At No Time were there any Follow-up telephone calls and or correspondences as to the Information requested but not limited to. In addition you continue to and Refuse to Meet and Confer and did not ask for an extension, however just filed violating Federal Rules of Civil Procedures and your extension will prejudice the Appellants as this matter has tolled for over 4 Years and you are still in possession of over One Hundred and Sixty Thousand Dollars($160,000), But not limited to. In which we are again requesting that you, the affiliates and the Interested Parties place the monetary into the Courts Registry until this matter tolls, but not limited to and we continue are standing OBJECTION to such as to a 24 day extension at December 21, 2020 (33rd Order). The appellants are not sure if any other Appelles will be prejudiced however Replies are still due On or about December 4, 2020. Again we are not on any servicing list and ask that Documents be mailed to the address on file as to the Notice of Appearance. The appellants will file their reply to this Motion accordingly with the Court in which has jurisidction over the matters. Time is of the Essence.

Respectfully,
Robert L Walker
Tamiko N Peele
Appellants

On Tuesday, December 1, 2020, 04:37:50 PM EST, Sandi Ackerman <sandi@mittelberglaw.com> wrote:

APP.349

*r – walkerlegalw@yahoo.com – Yahoo Mail*

Please see the attached Motion to Extend Deadline to File Responsive Brief which has been filed with the US District Court.

*Sandi Ackerman*
Legal Assistant to Barry S. Mittelberg, Esq.
Barry S. Mittelberg, P.A.
10100 W Sample Road
Suite 407
Coral Springs, FL 33065
(954) 752-1213
fax (954) 752-5299
e-mail – sandi@mittelberglaw.com

The information contained in this e-mail is intended only for the use of the individual entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient you are hereby notified that any review, use, disclosure, distribution, or copying of this communication is prohibited. If you have received this transmission in error, please contact the sender by e-mail and destroy all copies of the original e-mail. Thank you.

📎 Motion to Extend Deadlines.pdf

APP.350

MAIL AT YOUR BUSINES

From: Rob Rob (walkerlegalw@yahoo.com)
To    barry@mittelberglaw.com
Cc:   walkerlegalw@yahoo.com; miko469@yahoo.com
Date. Friday, October 5, 2018, 06:52 PM PDT

Mr. Mittelberg,
My Document(s) show that the State and other disgruntle parties have changes my address to your location and been sending personal confidential to your location. See PDF.Can you please advise.

Mrs. Tamiko Walker
Plaintiff for Plainitff
walkerlegalw@yahoo.com

⬚ CEASE DESIST RICK SCOTT NELNET 10 5 18.pdf
1 !MB

APP.351

1/5/2021                      FW: SERVICE OF COURT DOCUMENT Case No. 0:18-cv-61155 – Yahoo Mail

                                                                                    magic19791022@y.../Inbox

FW: SERVICE OF COURT DOCUMENT Case No. 0:18-cv-61155

                                                                                    Jun 21, 2018 at 1:51 PM

        Barry Mittelberg <barry@mittelberglaw.com>
        To: robert walker <magic19791022@yahoo.com>


        Barry S. Mittelberg, Esq.
        Barry S. Mittelberg, P.A.
        10100 W Sample Road
        Suite 407
        Coral Springs, FL 33065
        954-752-1213
        fax 954-752-5299
        barry@mittelberglaw.com

        PLEASE NOTE OUR NEW ADDRESS

        From: Salemi, Paula <PSalemi@bakerlaw.com>
        Sent: Thursday, June 21, 2018 3:54 PM
        To: courtdocuments@flatrialcounsel.com; jlaukat@flatrialcounsel.com; david@immigrationrobinson.com; drobinson@sugarmansusskind.com; jorge@jcalillaw.com;
        jason@jbrianphillipsesq.com; attorney@ingergarcia.com; Barry Mittelberg <Barry@mittelberglaw.com>; Sandi Ackerman <Sandi@mittelberglaw.com>
        Cc: Durkin, Denis <DDurkin@bakerlaw.com>; Thomas, TK <TKThomas@bakerlaw.com>; Salemi, Paula <PSalemi@bakerlaw.com>
        Subject: SERVICE OF COURT DOCUMENT Case No. 0:18-cv-61155

        For those of you that have not yet appeared in the federal court for the Robert Walker case, attached is Central States'
        Second Motion to Dismiss the Amended Complaint.


        Paula Salemi
        Legal Secretary to:
        James Eiscom
        Denis Durkin
        Christa Turner
        Brian Smith
        BakerHostetler
        SunTrust Center
        200 South Orange Avenue | Suite 2300
        Orlando, FL 32801-3432
        T +1.407.649.4027

        psalemi@bakerlaw.com
        bakerlaw.com


        This email is intended only for the use of the party to which it is
        addressed and may contain information that is privileged,
        confidential or protected by law. If you are not the intended
        recipient you are hereby notified that any dissemination, copying
        or distribution of this email or its contents is strictly prohibited.
        If you have received this message in error, please notify us immediately
        by replying to the message and deleting it from your computer.

        Any tax advice in this email is for information purposes only. The content
        of this email is limited to the matters specifically addressed herein
        and may not contain a full description of all relevant facts or a
        complete analysis of all relevant issues or authorities.

        Internal communications are not assured to be secure or clear of
        inaccuracies as information could be intercepted, corrupted, lost,
        destroyed, arrive late or incomplete, or contain viruses. Therefore,
        we do not accept responsibility for any errors or omissions that are
        present in this email, or any attachment, that have arisen as a result
        of e-mail transmission.


        1 File   122.5kB
           Doc 20 CS Second Motion to Dismiss Amended Complaint.pdf
           122kB

                                                                                    APP.352

Opposition to M to Enforce Charging Lien – Yahoo Mail

12/13/2020

magic19791022@y.../Inbox

## Opposition to M to Enforce Charging Lien

Nov 27, 2017 at 12:54 PM

Valeria Angelucci <valeria@mittelberglaw.com>
To: robert walker <magic19791022@yahoo.com>
Cc: Barry Mittelberg <barry@mittelberglaw.com>

Here you go,
Please let me know if you have issues opening this.

Regards,

Valeria Angelucci, Esq.
Barry S. Mittelberg, P.A.
10100 W. Sample Road,
Suite 407
Coral Springs FL, 33065
Ph. 954-752-1213
fax 954-752-5289
valeria@mittelberglaw.com
www.mittelberglaw.com

1 File    164.2kB

📄 response in opposition (without exhibit).pdf
164kB

APP.353

Settlelemt agreement

From:  Miko Walker (miko469@yahoo.com)

To:      barry@mittelberglaw.com

Date:  Tuesday, April 11, 2017, 03:17 PM EDT

I, Tamiko Walker authorized settlement in the amount of $95,000 and authorized my husband Robert L Walker to sign the Mediation Settlement agreement.

Thank you Barry Mittelberg
Mrs. Tamiko Walker

Re: FOIA/Drone ~ Yahoo Mail

12/13/2020

Re: FOIA/Drone

magic19791022@y.../Inbox

May 28, 2017 at 6:20 AM

Barry Mittelberg <barry@mittelberglaw.com>
To: robert walker <magic19791022@yahoo.com>

I will call you on Tuesday to discuss this issue.

Sent from my iPhone

> On May 27, 2017, at 9:34 AM, robert walker <magic19791022@yahoo.com> wrote:
>
> Hope all is well. I have been reaching out, but no reply, pray all is well. The governmental agencies have confirmed that the Unlawful situation has been coming from
> them due employers, insurers and 3rd party situation. Pls see emails that were previously forwarded. A FOIA/Drone lawyer wants to talk to you before going forward. Can
> you pls contact regarding the "ENTIRE" situation.
> ─────────────────────────
> On Sat, 4/29/17, Inger Garcia <inger.garcia@gmail.com> wrote:
>
> Subject: Re:  Robert Walker Elevator case
> To: "robert walker" <magic19791022@yahoo.com>
> Cc: "barry mittelberg" <barry@mittelberglaw.com>
> Date: Saturday, April 29, 2017, 2:31 PM
>
>
>
>
>
> Robert,
>
>
>
> I just met with Barry.
>
>
>
> I have reviewed your requested
> addition as to the release. They are not proper for that
> litigation.  I will file a motion for a protective order in
> the UPS case, as that is the proper forum.
>
>
>
> Please go ahead and execute so
> we can get the case closed out so I can then move forward on
> the other case.  Thanks.
>
>
>
>
> I Remain,
>
>
>
> Inger Garcia, Esq.
>
> Florida Litigation Group P. A.
>
> Florida Pot Law Firm
>
> 954-394-7461
>
>
> From: robert walker
> <magic19791022@yahoo.com>
>
> Sent: Friday, April 28, 2017 7:24:15 AM
>
> To: Inger Garcia
>
> Subject: GET FEDERAL CASE Info UPS
>
>
>
>
> Dugan et al v. The UPS Health
> Care Package et al (5:10-cv-01151)

APP.355

12/13/2020                                                  Re: FOIA/Drone - Yahoo Mail

> collection of additional contributions, as well as recovery
> of excess amounts already paid to the plan and reinstatement
> of former participants who were terminated because of their
> inability to pay.
>
>
>
>
> "Plaintiff Dugan and many other current plan participants
> have experienced and continue to experience high levels of
> anxiety and uncertainty about whether they will be able to
> maintain their coverage under the plan," the complaint
> said.
>
>
>
>
> UPS spokeswoman Susan Rosenberg declined Monday to comment
> on the specific allegations.
>
>
>
>
>

APP.356

12/13/2020                                    Re: FOIA/Drone - Yahoo Mail

> 
> Courts > New York Northern District Court
> 
> Filed: Sep 24, 2010
> 
> Nature of Suit: Labor - Labor/Management Relations
> 
> 
> 
> Dugan et al. v. The UPS Health Care Package et al, case
> number 5:10-cv-01151, in the U.S. District Court for the
> Northern District of New York.
> 
> 
> 
> 
> Law360, New York (September 27, 2010, 12:58 PM EDT) — Two
> former employees of United Parcel Service Inc. have brought
> a putative class action against the company for allegedly
> making illegal hikes to retired union members' health
> insurance contributions.
> 
> 
> Plaintiffs James Dugan and David Sansone filed suit Friday
> in the U.S. District Court for the Northern District of New
> York, asking for emergency certification on behalf of a
> class of 600 current and former participants in the
> company's health care package
> and for an immediate order enjoining collection of plan
> benefits.
> 
> 
> The plaintiffs, two retired delivery drivers, say that
> starting in August 2008, UPS required participants in its
> health care package to make additional contributions in
> violation of the Labor-Management Relations Act and the
> Employee Retirement Income Security
> Act.
> 
> 
> 
> The requirement came after the company had promised retirees
> they would not have to pay premiums for health insurance for
> 15 years, or until they reached the age of 65, and
> specifically agreed not to require members to make
> additional contributions, according
> to the suit.
> 
> 
> The rate hike affected UPS plan members who belonged to
> various branches of the Teamsters Local union, according to
> the complaint.
> 
> 
> 
> The additional contributions first amounted to about $535
> per quarter for an individual, $1,070 per quarter for an
> individual plus spouse or children, and $1,605 per quarter
> for an individual plus family, the suit says. Since then,
> the amounts have increased
> each year and in January were at about $619, $1239 and
> $1859, respectively, according to the suit.
> 
> 
> 
> The increases have caused some plan participants to get
> dropped from coverage because of their inability to make the
> payments — including Sansone, 60, who is currently
> uninsured and suffers from several illnesses, including
> severe acid reflux, kidney stones
> and a sleep disorder, according to the complaint.
> 
> 
> The plaintiffs are looking for an injunction against the

-  APP.357

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:                                              CASE NO.: 20-11431-EPK
                                                    CHAPTER 13
ROBERT L. WALKER
TAMIKO N. PEELE

Debtors

_____/

### BARRY S. MITTELBERG P.A.'S RESPONSE TO DE #128 AND REQUEST FOR HEARING

COMES NOW, Barry S. Mittelberg, P.A. by and through undersigned counsel, and objects to this matter being heard by negative notice and respectfully requests a hearing on same.

1.   Undersigned counsel objects to Debtors' request for relief by negative notice and requests a hearing on all issues raised.

WHEREFORE, undersigned counsel respectfully requests this Honorable Court enter an Order Denying Debtors' Protective Order With Sanctions and, in the alternative, set this matter for hearing. And for such other relief as the Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by first-class, U.S. mail or via the CM/ECF system of the United States Bankruptcy Court to the parties on the attached matrix, this 18th day of February, 2021.

                                        BARRY S. MITTELBERG, P.A.
                                        10100 W. Sample Road , #407
                                        Coral Springs, FL  33065
                                        (954) 752-1213
                                        (954) 752-5299 fax
                                        Email: barry@mittelberglaw.com


                                        By: _____
                                        Barry S. Mittelberg, Esq.
                                        Florida Bar No.: 396567

I HEREBY CERTIFY that I am admitted to the Bar of the U.S. District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 910 (d) (1) & (2).

Case 20-11431-EPK    Doc 129    Filed 02/18/21    Page 2 of 2

VIA CM/ECF:

John D Eaton on behalf of Creditor   Educational Credit Management Corporation
jeaton@shawde-eaton.com,  sramirez@shawde-eaton com

Barry S. Mittelberg on behalf of Creditor Barry S. Mittelberg
barry@mittelberglaw.com,  stacey@mittelberglaw.com;mittelberglaw@ecf.courtdrive.com;lizzie@mittelberglaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

K Drake Ozment on behalf of Debtor Robert L Walker
ecf@drakeozment.com,  drakeozmentlaw@gmail.com drake@drakeozment.com;ozmentdr77228@notify.bestcase com

K Drake Ozment on behalf of Joint Debtor Tamiko N Peele
ecf@drakeozment.com,  drakeozmentlaw@gmail.com,drake@drakeozment com;ozmentdr77228@notify.bestcase com

John Rafferty on behalf of Creditor   U S. Bank National Association
john.rafferty@bonialpc.com

Harry J Ross, Esq on behalf of Mediator Harry J Ross
hross@hjrlaw com,  jerri@hjrlaw.com

ReShaundra M Suggs on behalf of Creditor   U S  Bank National Association
BKECF@clegalgroup.com,  ReShaundra.suggs@clegalgroup.com

Mukta  Suri on behalf of Creditor   U.S Bank National Association
Mukta.Suri@BonialPC.com

Matthew  Tillma on behalf of Creditor   U.S. Bank National Association
matthew.tillma@bonialpc com

Robin R Weiner
ecf@ch13weiner.com,  ecf2@ch13weiner.com

CERTIFIED MAIL: -RETURN RECEIPT REQUESTED:

Mr Robert L  Walker and Mrs  Tamiko N  Peele
4001 SW Melbourne St
Port St Lucie. FL  34954

REGULAR  MAIL:

Mr. Robert L  Walker and Mrs  Tamiko N. Peele
4001 SW Melbourne St
Port St Lucie. FL  34954

APP.359

# Supreme Court of Florida

### THURSDAY, MARCH 15, 2001

CASE NOS.: SC96232 and SC00-549
Lower Tribunal Nos.: 1999-50,188(17E)
1999-51,332(17E)

THE FLORIDA BAR    VS.    BARRY STEVEN MITTELBERG

_____

Complainant(s)                                Respondent(s)

    The uncontested report of the referee is approved and respondent is suspended from the practice of law for nine months, effective 30 days from the filing of this order so that Respondent can close out his practice and protect the interests of existing clients. If Respondent notifies this Court in writing that he is no longer practicing and does not need the 30 days to protect existing clients, this Court will enter an order making the suspension effective immediately. Respondent shall accept no new business from the date this order is filed. Respondent is further directed to comply with all other terms and conditions of the report.

    Upon reinstatement, Respondent is further placed on probation for two years under the terms and conditions set forth in the report.

    Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Barry Steven Mittelberg in the amount of $4,606.00, for which sum let execution issue.

    Not final until time expires to file motion for rehearing and, if filed, determined. The filing of a motion for rehearing shall not alter the effective date of this suspension.

A True Copy .
Test:

*Thomas D. Hall*

Thomas D. Hall
Clerk, Supreme Court

bhp
Served:
HON. MICHAEL D. MILLER, JUDGE
JOEL M. KLAITS
ADRIA QUINTELA
STEVEN MICHAELSON

JOHN ANTHONY BOGGS
JESSE H. DINER
BENEDICT P. KUEHNE

APP.360

# New York State Unified Court System

| | |
|---|---|
| Registration Number: | 1917772 |
| Name: | BARRY S. MITTELBERG |
| Business Name: | MITTELBERG NICOSIA & MIRON P.A |
| Business Address: | 1700 N UNIVERSITY DR. #110 |
| | CORAL SPRINGS, FL 33071 |
| Business Phone: | (954) 752-1213 |
| Email: | |
| Date Admitted: | 04/17/1984 |
| Appellate Division Department of Admission: | 3rd |
| Law School: | UNIVERSITY OF MIAMI |
| Registration Status: | Attorney – Suspended |
| Next Registration: | Feb 2022 |

**Suspension**         **Effective Date: 01/01/2001**

*Ordered by Appellate Division 3rd Department*

View Possible Court Decisions Imposing Discipline

The Detail Report above contains information that has been provided by the attorney listed, with the exception of REGISTRATION STATUS, which is generated from the OCA database. Every effort is made to insure the information in the database is accurate and up-to-date.

The good standing of an attorney and/or any information regarding disciplinary actions must be confirmed with the appropriate Appellate Division Department. Information on how to contact the Appellate Divisions of the Supreme Court in New York is available at www.nycourts.gov/courts.

**Attorney Services**

Close

APP.361

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADMINISTRATIVE ORDER 2002-26

In re:
PETITION FOR REINSTATEMENT
OF ATTORNEY BARRY STEVEN MITTELBERG
TO MEMBERSHIP OF THE BAR OF THIS COURT
_____/

FILED by _(U)_ D.C.

AUG 29 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

## ORDER OF REINSTATEMENT

THIS CAUSE is before the Court on the Report and Recommendation of the Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance (the "Committee") following a hearing conducted on June 27, 2002, pursuant to Rule IX.C of this Court's Rules Governing Attorney Discipline, on attorney Barry Steven Mittelberg's Petition for Reinstatement To Membership of the Bar of this Court (the "Petition").

Having reviewed the Report and Recommendation, the Petition, and the attachments to the Petition, the Court agrees with the Committee that Petitioner is fit to resume the practice of law in this Court and should be reinstated immediately as a member in good standing of the Bar of this Court. Accordingly, the Report and Recommendation is therefore approved and attorney Barry Steven Mittelberg is hereby reinstated as a member in good standing of the Bar of this Court.

DONE AND ORDERED in at Fort Lauderdale, Broward County, Florida this _28th_ day of August, 2002.

WILLIAM J. ZLOCH
CHIEF UNITED STATES DISTRICT JUDGE

Copies furnished to:
See attached mailing list

APP.362

Copies furnished to:
    All Southern District Judges and Magistrate Judges
    Honorable Clarence Maddox, Court Administrator ∘ Clerk of Court
    Barry Steven Mittelberg, Esq.
    Brian F. Spector, Esq.
    Library

In Re: Mittelberg (1:17-mc-00758), New York Eastern District Court

# In Re: Mittelberg

**New York Eastern District Court**

| | |
|---|---|
| **Judge:** | Ann M Donnelly |
| **Case #:** | 1:17-mc-00758 |
| **Cause** | Disciplinary Proceedings |
| **Case Filed:** | Mar 15, 2017 |
| **Terminated:** | Mar 01, 2018 |

Docket     Parties

Create an account to get the full party report for this case.

Create an account to get the full docket for this case.

**Continue to Create Account**

Privacy · Terms · About
PacerMonitor, LLC © 2019.

APP.364

Barry S. Mittleberg, P.A. Bankruptcy (0:16-bk-22322), Florida Southern Bankruptcy Court

# Barry S. Mittleberg, P.A.

**Florida Southern Bankruptcy Court**
**Chapter 11**
**Judge:**
**Case #:**                              Raymond B Ray
**Case Filed:**                          0:16-bk-22322
**Terminated:**                          Sep 06, 2016
                                         Jan 04, 2018

Docket      Parties (1)      Debtor

**Debtor**                               **Represented By**
Barry S. Mittleberg, P.A.                Stan Riskin
1700 N University Dr Ste 300             contact info
Coral Springs, FL 33071-8970

Last checked: never

**U.S. Trustee**
Office of the US Trustee
51 S.W. 1st Ave. Suite 1204
Miami, FL 33130

Docket last updated: 41 minutes ago

## Thursday, January 04, 2018

| 71 | court | Close Bankruptcy Case | Thu 01/04 10:54 AM |

Bankruptcy Case Closed. (Banoovong, Bea)

**Continue to Create Account**

APP.365

Search FindLaw

Forms   Lawyer Marketing   Corporate Counsel   Law Students   JusticeMail   Reference

FindLaw   Cases   New York   NY Supreme Ct.   IN RE Barry S. MITTELBERG

# IN RE: Barry S. MITTELBERG

Print                                        Font size:   A   A   Reset

**Supreme Court, Appellate Division, Third Department, New York.**

**IN RE: Barry S. MITTELBERG, an Attorney and Counselor-at-Law. Committee on Professional Standards, Petitioner; Barry S. Mittelberg, Respondent.**

**Decided: December 27, 2001**

Before: SPAIN, J.P., CARPINELLO, MUGGLIN, ROSE and LAHTINEN, JJ.Mark S. Ochs.Committee on Professional Standards (Michael G. Gaynor of counsel), Albany, for petitioner. Barry S. Mittelberg, Ft. Lauderdale, FL, respondent in person.

Respondent was admitted to practice by this Court in 1984.   He maintained his office for the practice of law in Florida, where he was also admitted to practice in 1984.

By order of the Supreme Court of Florida, respondent was suspended from practice in that jurisdiction for a period of nine months, effective January 1, 2001.   He is also required to compensate two clients for their monetary losses resulting from his misconduct and reimburse the Florida Bar for its costs incurred in the disciplinary proceeding.   Following reinstatement in Florida, respondent is required to serve a two-year period of trust accounting probation, with random audits to be conducted at the discretion of the Florida Bar.

The Referee's report in the Florida proceeding, upon which discipline was based, found that respondent told a fabricated story to a client to cover up the mistaken dismissal of the client's action;  he also paid the client a purported settlement amount.   The report also found that respondent improperly made a loan to another client in connection with his firm's representation of her.   Finally, the report stated that he negligently handled trust funds, failed to perform monthly reconciliations, mishandled a line of credit extended by a client, and engaged in extensive commingling.   The Referee did not find that respondent's misconduct was for financial gain and he noted that respondent had a clean disciplinary record in Florida.

Petitioner moves to reciprocally discipline respondent (see, 22 NYCRR 806.19).   Respondent consents to a nine-month suspension, effective as of the effective date of his suspension in Florida.

We grant petitioner's motion and conclude that respondent should be reciprocally suspended for a period of nine months, effective January 1, 2001, and until further order of this Court.   Upon any application for reinstatement in New York, respondent must make the showing required by this Court's rules (see, 22 NYCRR 806.12[b]) and submit proof of reinstatement in Florida (see, e.g., Matter of Terry, 215 A.D.2d 939, 627 N.Y.S.2d 121).

ORDERED that petitioner's motion is granted;  and it is further

ORDERED that respondent is suspended from the practice of law for a period of nine months, effective January 1, 2001, and until further order of this Court;  and it is further

ORDERED that, for the period of this suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another;  he is forbidden from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, and from giving to another an opinion as to the law or its application, or any advice in relation thereto;  and it is further

ORDERED that, upon any application for reinstatement, respondent shall make the showing required by this Court's rules (see, 22 NYCRR 806.12[b]) and shall submit proof of reinstatement in Florida;  and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules (see, 22 NYCRR 806.9) regulating the conduct of suspended attorneys.

PER CURIAM.

**FindLaw Career Center**

Select a Job Title
   Attorney
   Corporate Counsel
   Academic
   Judicial Clerk
   Summer Associate
   Intern
   Law Librarian

Search Jobs   Post a Job   Careers Home

View More

RESEARCH THE LAW        Cases & Codes / Opinion Summaries / Sample Business Contracts / Research An Attorney or Law Firm
MANAGE YOUR PRACTICE    Law Technology / Law Practice Management / Law Firm Marketing Services / Corporate Counsel Center
MANAGE YOUR CAREER      Legal Career Job Search / Online CLE / Law Student Resources
NEWS AND COMMENTARY     Law Commentary / Featured Documents   Newsletters / Blogs / RSS Feeds
GET LEGAL FORMS         Legal Forms for Your Practice
ABOUT US                Company History / Media Relations / Contact Us / Privacy / Cookies / Advertising / Jobs
FIND US ON

Copyright © 2018 Thomson Reuters. All rights reserved.

Case Number: CACE-17-012371 Division: 04

Filing # 58428311 E-Filed 06/29/2017 11:33:44 AM

FOR BROWARD COUNTY, FLORIDA

THE LAWYERS GROUP ADVERTISING, INC.                CASE NO.

      Plaintiff

vs.

BARRY MITTELBERG d/b/a BARRY S.
MITTELBERG, PA

      Defendant.

_____

### AFFIDAVIT OF COMPLIANCE

STATE OF FLORIDA
COUNTY OF BROWARD

      BEFORE ME, the undersigned authority, personally appeared Jeffrey R. Eisensmith who, after being duly sworn, deposes and states:

      1. Affiant is the attorney for the Plaintiff, The Lawyers Group Advertising, Inc.

      2. Plaintiff has waited 30 days from the recording of the foreign judgment which was recorded on February 9, 2017.     Attached is the Notice of Recording Foreign Judgment, the recorded Affidavit of the Last Known Address of Judgment Debtor and Judgment Creditor and the recorded Judgment.

      3. There was no objection from Defendant.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated June 2, 2017

                          JEFFREY R. EISENSMITH, P.A.
                          Fla Bar No. 311561
                          5561 N. University Drive, Suite 103
                          Coral Springs, FL 33067
                          (954)523-7601
                          (754)242-9752 Telefax
                          Jeff.eisensmithlaw.com

                          BY: _____
                              JEFFREY R. EISENSMITH

      Sworn to and subscribed before me on this 28 day of June, 2017, by Jeffrey R. Eisensmith, who is personally known to me and who did take an oath.

                          _____
                          Notary Public

                          My Commission Expires:

> LISA MORRIS
> MY COMMISSION # GG043089
> EXPIRES December 04, 2020

APP.367

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 6/29/2017 11:33:43 AM.***

INSTR # 114197614   Page  1 of 1, Recorded 02/09/2017 at 0⁰·57 AM
Broward County Commission    Deputy Clerk 1032

IN THE CIRCUIT COURT IN AND
FOR BROWARD COUNTY, FLORIDA

THE LAWYERS GROUP ADVERTISING, INC.          CASE NO.

    Plaintiff

vs.

BARRY MITTELBERG d/b/a BARRY S.
MITTELBERG, PA

    Defendant.

_____

AFFIDAVIT OF JUDGMENT CREDITOR AND
LAST KNOWN ADDRESS OF JUDGMENT DEFENDANT
IN COMPLIANCE WITH F.S. 55.55

    PERSONALLY APPEARED, Jeffrey R. Eisensmith, who after duly sworn, deposes under oath and states as follows:

    1.  That I am the attorney representing The Lawyers Group Advertising in connection with a foreign judgment entered against the Defendant, Barry Mittelberg, dated November 3, 2016, in the amount of $16,570.00, plus judgment interest at the rate of 6% per annum until paid, in the Superior Court, Judicial District of Fairfield, State of Connecticut.

    2.  The last known address of the Judgment Defendant, Barry Mittelberg, is 1700 N. University Drive, Suite 300, Coral Springs, Florida 33071.

    3.  The social security number of the Judgment Defendant, Barry Mittelberg, is ▮▮▮▮▮▮▮▮▮.

JEFFREY R. EISENSMITH, ESQ.

STATE OF FLORIDA
COUNTY OF BROWARD

    BEFORE ME, the undersigned authority personally appeared JEFFREY R. EISENSMITH, ESQUIRE, to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same this day of 25 day of Jan. , 2017.

Notary Public

My Commission Expires:

LISA MORRIS
MY COMMISSION # GG043889
EXPIRES December 04, 2020

JEFFREY R. EISENSMITH, P.A.
5561 N. University Drive, Suite 103
Coral Springs, FL 33067
je@eisensmithlaw.com

BY: _____
    JEFFREY R. EISENSMITH
    Fla Bar No. 311561

DOCKET NO: FBTCV166058316S

SUPERIOR COURT

ORDER  081185

THE LAWYERS GROUP ADVERTISING, INC.
  V.
MITTELBERG. BARRY, D/B/A BARRY S. MITTELBERG PA

JUDICIAL DISTRICT OF FAIRFIELD
  AT BRIDGEPORT

11/3/2016

## ORDER

The following order is entered in the above matter:

ORDER: GRANTED

The following order entered after hearing in damages as to Defendant:

As to, BARRY MITTELBERG, the individual only.

The following judgment may be enforced 21 (twenty-one) days after the clerk receives a certification that a copy of this notice was served on each judgment debtor (defendant).

Judgment

After reviewing the affidavits filed in this matter, the court finds that the defendant named above is not in the military or naval service and that the following are owed to the Plaintiff:

P-01 THE LAWYERS GROUP ADVERTISING, INC.

1. Amount Due On Claims ...................$14535.00
2. Interest ............................... $0
3. Reasonable Attorney's Fees ............. $1625.00
4. Other Lawful Charges ................... $0
5. Total Amount Of Judgment ............... $16160.00
6. Plaintiff's Costs ...................... $410.00
7. Total Amount Of Judgment And Costs .... $16570.00

Judgment is rendered for the Plaintiff and the Defendant named above must pay the Total Amount of Judgment and costs to the Plaintiff. Post judgment interest is ordered in accordance with the statute at the rate of 6%.

ATTY: DION LORI M. LLC LAW OFFICE OF
883 BLACK ROCK TURNPIKE
FAIRFIELD CT 06825

Judicial Notice (JDNO) was sent regarding this order.

081185
_____

Judge: EDWARD F STODOLINK
Processed by: Daniel Carrillo

FBTCV166058316S   11/3/2016

Page 1 of 1

APP.369

NOTICE] Those consumers located in the European Union, effective 5/24/2018 due to the GDPR, citizens of any GDPR applicable country or anyone sitting in, or operating from, such country are prohibited from using this site. Read our Terms of Service (/terms-of-service) to learn more. By using our site you understand and agree to these terms. Don't blame us... Blame Europe! This site uses cookies to store information on your computer which may track your browsing behavior on our site and provide you with ads or other offers that may be relevant to you. Some are essential to make our site work; others help us improve the user experience. Read our Privacy Policy (/privacy-policy) to learn more.

X | CLOSE

Ripoff Report | Complaints Reviews Scams Lawsuits Frauds Reported. File your review. Consumers educating consumers.™
(https://www.ripoffreport.com/tais/tst_all)

by consumers, for consumers...

# Ripoff Report

Don't let them get away with it!© Let the truth be known!™ (/)

FILE A REPORT ...it's Free! (/file-report)

Company Name or Report #          SEARCH

Review Latest Reports (/reports/latest-reports)     Advanced Search (/reports/advanced)

Browse Categories (/categories)

Total Visits : 9,008,318,682     Money Consumers Saved : $15,764,957,693.06     Reports filed: 2,579,709

(/consumers-say-thank-you/ripoff-report-in-the-media)
(https://www.facebook.com/RipoffReportWebsiteSocialPage/)     (https://twitter.com/ripoffreport)

Report: #1378402

## Complaint Review: Barry S. Mittelberg attorney in Coral Springs Florida - *Coral Springs Florida*

Submitted: Sun, June 11, 2017    Updated: Sun, June 11, 2017    Reported By: Jeff — Florida USA

Barry S. Mittelberg attorney in Coral Springs Florida
1700 N University Dr Ste 110
Coral Springs, Florida
USA
Phone: (954) 752-1213
Web: (http://)
Category: Lawyers (https://www.ripoffreport.com/reports/outrageous-popular-rip-off/lawyers)



Go·gle                                        Map data ©2019 Google
(//www.google.com/maps/place/1700+N+University+Dr+Ste+110%2C+Coral+Springs%2C+Florida%2C+33071%2C+USA)

## Barry S. Mittelberg attorney in Coral Springs Florida Barry S. Mittelberg PA Shyster suspended recycled lawyer Barry S Mittelberg in Coral Springs Florida Coral Springs Florida

Like 3

REBUTTAL BOX™ | Respond to this Report! (/file/comment/1378402) | Consumer Comment (/file/comment/1378402)



Repair your reputation, begin your (corporate-advocacy-program/change-report-from-negative-to-positive) (corporate-advocacy-program/change-report-from-negative-to-positive)

Show customers why they should trust your business over your competitors...

Add Rebuttal to this Report (https://www.ripoffreport.com/file/comment/1370402)

File New Report (file-report)

← Is this
**Ripoff Report**
About you?

**Ripoff Report**
**A business' first**
**line of defense**
**on the Internet.**

If your business is
willing to make a
commitment to
customer satisfaction
**Click here now.. (corporate-advocacy-program/change-report-from-negative-to-positive)**

The minute I hired Barry S Mittelberg in Broward County Florida to finalize documents for me in a case that was already resolved, a million problems started.   Barry Mittelberg refused to show me  the papers he prepared.  He kept telling me he had  to go to court to re-litigate so he could assure himself that the other attorney would sign the papers.  He scheduled several hearings behind my back and told me after the fact that the other attorney decided that he  was not in agreement with the settlement that was he had already confirmed.

This went on for months.  Secret hearings were scheduled by Barry Mittelberg and dozens of strange issues were raised that were not even related to the case.  When I informed Barry Mittleberg  that I wanted the original agreement concluded, he presented me with a bill that was 10 times the amount of our retainer and said he could not do anything until  I paid his bill.

I found out later that Barry Mittelberg was a buddy of the opposing attorney.  It was obvious they were working together to conjure up non- existent issues to extort fees and sabotage their clients.  I contacted several of Barry Mittelberg's other clients and found that he did the same thing to them.

Barry S Mittelberg was also suspended from the practice of law.  TWICE.  Barry S. Mittelberg is a pretend lawyer.  He operates a business of extortion.

Barry S. Mittelberg is a fraudster and a danger to the public.  He sabotages and bilks his clients and engaged in theft of services.


Put Barry S.  Mittelberg out of business.  He is a racketeer pretending to be an attorney.

This report was posted on Ripoff Report on 06/11/2017 08:45 AM and is a permanent record located here: https://www.ripoffreport.com/reports/barry-s-mittelberg-attorney-in-coral-springs-florida/barry-s-mittelberg-attorney-in-coral-springs-florida-barry-s-mittelberg-attorney-in-1378402/ripoff-report-m-mittelberg-attorney-in-coral-springs-florida-barry-s-mittelberg-attorney-in-coral-springs-florida-barry-s-mittelberg-attorney-in-1378402/. This posting time indicated is Arizona local time. Arizona does not observe daylight savings so the post time may be Mountain or Pacific depending on the time of year. Ripoff Report has an exclusive license to this report. It may not be copied without the written permission of Ripoff Report. READ: Foreign websites steal our content (https://www.ripoffreport.com/56/ams/steal)

Filing # 120009943 E-Filed 01/21/2021 02:44:32 PM

IN THE COUNTY COURT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: COCE-20-038663

MILEMARK MEDIA, LLC
    Plaintiff,

v.

BARRY S. MITTELBERG PA
    Defendant.

_____/

### STIPULATION OF SETTLEMENT

IT IS AGREED between the above-referenced parties that this matter is hereby fully and completely settled on the following terms:

1.   Defendant, BARRY S. MITTELBERG PA,  shall pay, via ACH Debit,  the Plaintiff  the Settlement sum of  $6,435.00.

2.   Defendant, BARRY S. MITTELBERG PA, shall pay the Plaintiff the above-referenced sum on the following terms: $1,000.00 on or before January 25, 2021; $500.00 on or before February 20, 2021, and $500 on or before  the 20th  of each month thereafter until balance is fully paid.  All checks shall be made payable to: NOAM J COHEN,, PA TRUST ACCT., and forwarded to our office.
TIME IS OF THE ESSENCE.

3.     In the event that the foregoing sum is timely paid as stipulated, this action shall be dismissed with prejudice, and each party does hereby fully release the other as to any issues raised or that could have been raised  in this matter, as if  set forth here in full, except performance under this agreement.

4.     In the event that the foregoing sum is not timely paid, or if the check should be returned by the bank, Plaintiff shall be entitled to entry of a Final Judgment for the sum of $6,435.00  minus any payments made pursuant to this Stipulation of Settlement,  and post-judgment interest at the applicable statutory rate on the total sum still due and owing commencing from the date of entry of the Judgment.  The Judgment shall be executed forthwith upon the filing of an Affidavit of Non-Payment by Plaintiff's counsel, and Defendant hereby waives notice of any and all further proceedings.

5. The parties agree that a facsimile copy of this Settlement Agreement constitutes an original binding copy.

January 20, 2021

NOAM J. COHEN, P.A.
Attorneys for Plaintiff
13899 Biscayne Blvd., Suite #305
Miami, Fl 33181
Tel: (305) 341-3545; Fax: (305) 948-6665
Email: Noamc@Noamjcohenpa.com

By: _____
    NOAM J. COHEN, ESQ.
    FLA. BAR NO. 0271240

By: _____
    BARRY S. MITTELBERG PA
    TEL. 954- 952- 1213

APP.372

**** FILED: BROWARD COUNTY, FL  Howard C. Forman,  CLERK 12/7/2016 1:50:00 PM.****

| IN THE COUNTY COURT IN AND FOR BROWARD COUNTY FLORIDA | CLOCK IN |
|---|---|
| **DIVISION:** [X] CIVIL    [ ] OTHER    **STATEMENT OF CLAIM** | CONO<br>16 - 0 9 7 4 1 |

| PLAINTIFF (S) | vs.    DEFENDANT (S) | CASE NUMBER |
|---|---|---|
| MARTIN KOITZ | INGER MICHELLE GARCIA<br>4939 VOLUNTEER ROAD<br>DAVIE, FL 33330-2129 | 73, STEVEN R. DELUCA   SP<br>DIV: |

The Plaintiff sues the Defendant for money owed Plaintiff by Defendant; and which is past due and unpaid; for   (As marked [ ✓ ] below) :

   [   ]   Goods, wares and merchandise sold by Plaintiff, to Defendant;

   [   ]   Work done and materials furnished by Plaintiff, to Defendant;

   [   ]   Money loaned by Plaintiff to Defendant;

   [   ]   Money due to Plaintiff upon accounts stated and agreed to between them;

   [   ]   On a written instrument, copy of which is attached hereto;

   [   ]   Rent for certain premises in Broward County, Florida, Viz;

   [ ✓ ]   Other (Explain)

   [   ]   Any additional facts in connection with any of the above:

           (Use additional sheet if necessary)

Defendent was retained in legal matter and did not do one thing except take my money.  This appears to be a way this attorney does business (see attached) .  Repeated attempts for a refund and false promises forces me to file this complaint

Where Plaintiff demands judgment in the sum of $ 1200.00 _____ together with court costs which the court may assess. The Plaintiff, says the foregoing is a just and true statement of the amount owing by the Defendant to Plaintiff, exclusive of all set-offs and just grounds of defense.
Affiant states that the Defendant(s) is/are not in the military service of the United States.

| PLAINTIFF OR ATTORNEY<br>MARTIN KOITZ    _(signature)_ | HOWARD C. FORMAN,<br>CLERK OF COURTS    DEC 07 2016 |
|---|---|
| ADDRESS OF PLAINTIFF/ATTORNEY<br><br>314 NORMANDY G<br><br>DELRAY BEACH, FL 33484 | by: _(signature)_<br>DEPUTY CLERK |
| PLAINTIFF/ATTORNEY TELEPHONE<br><br>5619097424 | NOTARY PUBLIC<br>State of Florida<br><br>MY COMMISSION EXPIRES:<br>51850 |
| ATTORNEY BAR NUMBER: | |

_(seal: CIRCUIT/COUNTY COURT BROWARD COUNTY, FLORIDA)_

120-01 STATE OF CLAIM

APP.373

**PROPUBLICA** TRACKING PPP

*Tracking PPP*

## Search Every Company Approved for Federal Loans

**Search for PPP loan applications by organization, lender, zip code and business type.**

Home >

## BARRY S MITTELBERG PA

 Why is my loan information here

Loan Amount
**$76,822**

Where applicants said the money will go

| | |
|---|---|
| Payroll | $76,822 |
| Utilities | $0 |
| Mortgage Interest | $0 |
| Health Care | $0 |
| Rent | $0 |
| Refinance EIDL | $0 |
| Debt Interest | $0 |

Location
**Coral Springs, FL**
Urban

Industry
Offices of Lawyers

Business Type
**Corporation**

Jobs Reported
**8**

Lender
**The First National Bank of South Miami**

Date Approved
**Jan. 20, 2021**

Business Age

APP.374

**ProPublica** TRACKING PPP

*Tracking PPP*
## Search Every Company Approved for Federal Loans

Search for PPP loan applications by organization, lender, zip code and business type.

Home >

## BARRY S. MITTELBERG, PA

Why is my loan information here?

**Loan Amount**
**$68,655**

Where applicants said the money will go

| | |
|---|---|
| Payroll | $68,655 |
| Utilities | $0 |
| Mortgage Interest | $0 |
| Health Care | $0 |
| Rent | $0 |
| Refinance EIDL | $0 |
| Debt Interest | $0 |

**Location**
Coral Springs, FL
Urban

**Industry**
Offices of Lawyers

**Business Type**
Corporation

**Jobs Reported**
5

**Lender**
The First National Bank of South Miami

**Date Approved**
April 28, 2020

**Business Age**

APP.375

PAYCHECK PROTECTION LOAN DATA NOW AVAILABLE — FederalPay is now hosting the latest publicly released PPP loan company data from the SBA

## PPP Loan Data — Barry S Mittelberg PA, *Coral Springs, FL*

ALERT: There are 2 PPP loans for a total of $145,477 in our database for businesses with the name "Barry S Mittelberg PA" in Coral Springs, FL. This this is typically due to the same business receiving both first and second-draw loans, but may also include similarly named but unrelated businesses, multiple branches of the same business, mistaken multiple applications, or potential fraud. Click each loan below to see full details.

---

$76,822 Loan – Corporation – *January, 2021*

10100 W Sample Rd Ste 407
Coral Springs, FL 33065

Lender: The First National Bank of South Miami

---

$68,655 Loan – Corporation – *April, 2020*

10100 West Sample Road
Coral Springs, FL 33065

Lender: The First National Bank of South Miami

---

# Barry S Mittelberg PA

Entity: Corporation (Business legal structure)

Industry: Offices of Lawyers

Location: Coral Springs, FL

Tweet This • Search All PPP Data

Barry S Mittelberg PA is a corporation located at 10100 W Sample Rd Ste 407 in Coral Springs, Florida that received a Coronavirus-related PPP loan from the SBA of $76,822.00 in January, 2021.

## $ PPP Loan Information

| Loan #2449128306 |
|---|

| Loan Size: | Jobs Retained: |
|---|---|
| **$76,822** | 8 |
| Loan Approved: | Loan Status: |
| 2021-01-20 | Ongoing Loan |
| Lender: | |
| The First National Bank of South Miami | |

Barry S Mittelberg PA in Coral Springs, FL received a Paycheck Protection Loan of $76,822 through The First National Bank of South Miami, which was approved in January, 2021.

This loan has been disbursed by the lender and has not yet been fully repaid or forgiven. The exact status of ongoing loans is not released by the SBA.

APP.376