UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:22-cv-14305-JEM

TAMIKO N. PEELE AND TAMIKO N. PEELE,
INDIVIDUALLY ON BEHALF OF THEMSELVES,

    Plaintiffs,

v.

THE UNITED STATES DEPARTMENT OF
JUSTICE THROUGH ITS UNITED STATES
TRUSTEE PROGRAM, REGION 21AND ITS
OFFICIALS THE CHAPTER 13 TRUSTEE, ROBIN R.
WEINER, ROBIN R. WEINER P.A., ITS PRESIDENT
ROBIN R. WEINER, ITS STAFF ATTORNEY JOANNA
P. TEMPONE, PAUL S. VISNOVSKE, MATTHEW
GIRARDI AND DOES 1-3 INCLUSIVE, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITY, ET AL

    Defendants.
_____/

**THE CHAPTER 13 TRUSTEE, ROBIN R. WEINER, ROBIN R. WEINER, INDIVIDUALLY, ROBIN R. WEINER P.A., ITS PRESIDENT ROBIN R. WEINER, ITS STAFF ATTORNEY JOANNA P. TEMPONE, PAUL S. VISNOVSKE, MATTHEW GIRARDI AND DOES 1-3 INCLUSIVE, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY'S MOTION TO DISMISS COMPLAINT**

COMES NOW, the Chapter 13 Trustee, Robin R. Weiner, Robin R. Weiner, individually, Robin R. Weiner P.A., its President Robin R. Weiner, its staff attorney Joanna P. Tempone, Paul S. Visnovske, Matthew Girardi and Does 1-3 inclusive, in their individual and official capacity et al, by and through the undersigned counsel, and pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6), respectfully moves this Court for dismissal with prejudice of the Complaint for Bivens Claims, Violations of Civil Rights, Damages and Incidental Relief ("Complaint") for lack of subject matter jurisdiction under the *Barton*[1] doctrine and failure to state

---

[1] *Barton v. Barbour*, 104 U.S. 126, 128 (1881).

a claim upon which relief can be granted. Further, the Complaint should be stricken against the Chapter 13 Trustee, Robin R. Weiner, Robin R. Weiner, individually, Robin R. Weiner P.A., its President Robin R. Weiner, its staff attorney Joanna P. Tempone, Paul S. Visnovske, Matthew Girardi and Does 1-3 inclusive, in their individual and official capacity based upon the doctrines of absolute and quasi-judicial immunity.

## I.  BACKGROUND

On January 31, 2020, Kenneth Drake Ozment ("Ozment") filed a joint Voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code on behalf of Tamiko N. Peele and Robert L. Walker ("Plaintiff"). (ECF No. 1)[2].

The United States Trustee assigned Standing Chapter 13 Trustee, Robin R. Weiner, to administer Plaintiff's Chapter 13 case in accordance with 11 U.S.C. § 1302. Joanna P. Tempone, Paul S. Visnovske, and Matthew Girardi are employed as staff attorneys for the Chapter 13 Trustee at all times.

At no time did Robin R. Weiner P.A., it's president Robin R. Weiner, Robin R. Weiner, individually, Joanna P. Tempone, individually, Paul S. Visnovske, individually, or Matthew Girardi, individually, participate or take any action in Plaintiff's Chapter 13 case.

Joanna P. Tempone, Paul S. Visnovske, and Matthew Girardi are not presently or never were employed as staff attorneys for Robin R. Weiner, P.A.  Robin R. Weiner, P.A. is an entity, separate and apart from the Chapter 13 Trusteeship and does not employ staff attorneys.

Plaintiff clearly went "defendant shopping" when listing the aforementioned names to this action. In fact, Plaintiff included the aforementioned names as aliases for the Chapter 13 Trustee, Robin R. Weiner, and the staff attorneys for the Trusteeship, Joanna P. Tempone, Paul S.

---

[2] All references to ECF Nos. refer to the docket entries for Bankr. S.D. Fla. Case No. 20-11431-EPK.

2

Visnovske, and Matthew Girardi. These parties are referred to as "Chapter 13 Trustee et al" in this pleading.

On March 19, 2021, the Bankruptcy Court granted Ozment's Motion to Withdraw as Attorney for Plaintiff. Plaintiff, proceeding pro se, then filed multiple appeals and pleadings containing frivolous and confounding allegations against Chapter 13 Trustee et al, judges, federal agencies, attorneys, mortgage lenders, and various creditors and financial institutions. Many of Plaintiff's pleadings exceed 600 pages in length and contain illogical threads of legal phrases and accusations. The Bankruptcy Court described Plaintiff's filings as

> "[M]uch extraneous material, uses overly complex sentences containing multiple seemingly unrelated topics, and is presented in a form that is not appropriate for a motion filed with this Court. It appears that the debtors well know this and persist in filing purposely confusing documents in the mistaken belief that this will assist them in further delaying the longstanding efforts of their mortgage lender to foreclose on their home." (ECF No. 315).

On May 18, 2021, the Bankruptcy Court entered a Memorandum in Support of Orders Denying eight of Plaintiff's frivolous motions. (ECF No. 215[3]).  The Memorandum instructed the Chapter 13 Trustee to move to dismiss Plaintiff's case for failure to timely file a valid motion to modify confirmed plan. Plaintiff subsequently appealed all Bankruptcy Court Orders.

Upon receipt of the Bankruptcy Court's Memorandum in Support of Orders, Chapter 13 Trustee, Robin R. Weiner, and staff attorney, Joanna P. Tempone, filed a Motion to Dismiss Case pursuant to 11 U.S.C. § 1307(c) on May 24, 2021. (ECF No. 244).  Thereafter, the Court entered its detailed and comprehensive Order Granting the Motion to Dismiss after hearing, on June 18, 2021. (ECF No. 286).

---

[3] *See* Orders Denying Motions [ECF Nos. 216-223; Bankruptcy Case No. 20-11431-EPK].

To date, Plaintiff's bankruptcy pleadings surpass 420 docket entries with some as recent as July, 2022. The Bankruptcy Court has since denied all of Plaintiff's pro se motions and pleadings, in many instances due to unclear pleadings designed to confuse.

Plaintiff also filed eleven appeals in the District Court, seven appeals in the Eleventh Circuit Court of Appeals, and an adversary proceeding in the dismissed bankruptcy case which has not yet been closed by the Court. The Honorable Aileen M. Cannon, in one of Plaintiff's numerous appeals to the District Court, described Plaintiff's filings as "incomprehensible." *See* Peele v. Weiner, 21-80855-CIV, 2022 WL 748485, at 3 (S.D. Fla. Feb. 4, 2022).

On July 11, 2022, Plaintiff filed a Motion for Immediate Consideration for Leave to File a Lawsuit against Chapter 13 Trustee et al and all other named defendants to this action. (ECF No. 400). The Bankruptcy Court entered an Order Denying Motions for Leave to File Lawsuit on July 14, 2022. (ECF No. 406). The Bankruptcy Court found the Motions consisted of a "series of seemingly unrelated phrases placed together to appear as sentences and paragraphs" and that "the confusion presented in the motions appears purposeful." *Id*. The Motions were denied in light of Plaintiff's failure to describe a cognizable claim in which the relief sought was appropriate.

Blatantly ignoring the Bankruptcy Court's Order Denying Motion for Leave to file the instant lawsuit, Plaintiff filed this Complaint in St. Lucie County Court on August 10, 2022, asserting the same or similar incomprehensible allegations. Plaintiff's motivation appears to be nothing more than forum shopping. On August 29, 2022, the United States Attorney filed a Notice of Removal to this Court.

Separate and apart from these pleadings, Plaintiff filed another rambling case, 9:22-cv-81043-RS in District Court. On August 30, 2022, Plaintiff filed another incomprehensible motion in District Court, Joint Motion to Consolidate, Motion for Extension of Time, Motion for Leave

4

to File Excess Pages and Words, Motion for Leave to File/Supplement the Record, Motion to Stay Pending Disposition of Appeal (ECF No. 12).

## II. ARGUMENT

A. **Plaintiff's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure, Rule 12(b)(1) for lack of subject matter jurisdiction and in violation of the *Barton* doctrine.**

Chapter 13 Trustee et al seeks dismissal of the Complaint with prejudice under Federal Rule of Civil Procedure, Rule 12(b)(1) for lack of subject matter jurisdiction. "Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms. "Facial attacks" on the complaint "require the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). A factual attack upon subject matter jurisdiction "challenges the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered*." Juravin v. Kennedy*, 5:21-CV-514-GAP-PRL, 2022 WL 1301744, at 1 (M.D. Fla. Mar. 28, 2022). Here, Plaintiff alleges no cohesive discernable facts for the Court to consider either facially or factually.

The Supreme Court ruled in *Barton* that "before suit is brought against a receiver leave of the court by which he was appointed must be obtained" ("*Barton* doctrine"). *Barton v. Barbour,* 104 U.S. at 128. The *Barton* doctrine has since been applied to bankruptcy matters. "A debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000). Leave is required before pursuing remedies in either state or other federal courts. *Id*. at 1253.

Additionally, "[a]ll problems under the *Barton* doctrine do not vanish when the unauthorized non-bankruptcy court action is removed…" See *In re Herrera*, 472 B.R. 839, 853 (Bankr. D.N.M. 2012). "The trustee should not have to expend resources to remove the action to begin with. Nor should the trustee have to file a motion to dismiss in the non-bankruptcy forum, educating that court about the *Barton* doctrine and hoping for the correct result." *Id*. at 853; see also *In re Trafford Distrib. Ctr., Inc.*, 520 B.R. 147, 150 (Bankr. S.D. Fla. 2014)[4]. The Chapter 13 Trustee et al has filed this motion in an abundance of caution.

The *Barton* doctrine is directly applicable to this matter. Here, the Bankruptcy Court denied Plaintiff's Motions for Immediate Consideration for Leave to File a Lawsuit in both the bankruptcy case and adversary proceeding. In direct contravention, Plaintiff filed the Complaint in St. Lucie County Court without leave of the Bankruptcy Court. The removal of this action to the instant Court does not retroactively cure the initial improper filing without Bankruptcy Court approval.

Furthermore, the *Barton* doctrine applies to actions against officers approved by the bankruptcy court when those officers function "as the equivalent of court appointed officers." *Lawrence v. Goldberg*, 573 F.3d 1265, 1269 (11th Cir. 2009).  Additionally, the *Barton* Doctrine applies to trustees' counsel as well as to trustees themselves. *Id. See Lowenbraun v. Canary*, 453 F.3d 314, 321 (6th Cir.2006).  The *Barton* doctrine denies subject matter jurisdiction to all forums *except* the appointing court and operates to ensure that all lawsuits that could affect the administration of the bankruptcy estate proceed either in the bankruptcy court, or with the knowledge and approval of the bankruptcy court. *See In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009).

---

[4] *In re Trafford Distrib. Ctr., Inc.*, 520 B.R. 147, 150 (Bankr. S.D. Fla. 2014), *decision modified and remanded sub nom. Wortley v. Bakst*, 844 F.3d 1313 (11th Cir. 2017), and *aff'd sub nom. Wortley v. Bakst*, 17-20050, 2018 WL 9617383 (S.D. Fla. Aug. 29, 2018)

In the instant case, Chapter 13 Trustee et al acted solely within the scope of its authority. Chapter 13 Trustee et al administered the case under 11 U.S.C. § 1302 and moved to dismiss the bankruptcy case in the normal course and as directed by the Bankruptcy Court for Plaintiff's failure to comply with 11 U.S.C. § 1307. The Bankruptcy Court granted Chapter 13 Trustee's Motion to Dismiss on June 18, 2021. (ECF No. 286).

As in *Juravin*, Plaintiff's "collateral attack falls squarely within the scope of the *Barton* doctrine and the Court should therefore dismiss this case with prejudice for lack of subject matter jurisdiction." *See Juravin* at 1. Plaintiff's Complaint is a clear "collateral attack" against Chapter 13 Trustee et al and the Bankruptcy Court, District Court, and Eleventh Circuit's Orders. *Id.*

The Eleventh Circuit recently ruled the *Barton* doctrine has no application when jurisdiction over a matter no longer exists in the bankruptcy court. *Tufts v. Hay*, 977 F.3d 1207 (11th Cir. 2020). Although the *Tufts* court ruled that *Barton* did not apply as the bankruptcy case was dismissed, the court stated: "We expressly note that our holding here creates no categorical rule that the *Barton* doctrine can never apply once a bankruptcy case ends. *Id.* at 1210. The *Barton* doctrine centers around in rem jurisdiction. *See Chua v. Ekonomou*, 1 F.4th 948, 953 (11th Cir. 2021). When there is no longer a *res* controlled by a single court, there is no longer a potential conflict in the exercise of jurisdiction over it. *Id.* at 954.

The instant case is distinguishable from *Tufts* and *Chua* in that the Bankruptcy Court did not close Plaintiff's bankruptcy case despite the dismissal. In fact, Plaintiff's continuous motions and appeals of multiple orders have stymied the Chapter 13 Trustee from filing her required Final Report and the Court from discharging the Chapter 13 Trustee and closing the case. Further, since the Eleventh Circuit and District Court have not ruled on some pending appeals, it could be

conceivable that if the courts grant Plaintiff's appeals, the matter could ultimately be remanded to the Bankruptcy Court and the dismissal vacated. As such, the *Barton* doctrine clearly applies to the facts at hand.

Unlike the Bankruptcy Court's ruling in *Keitel*, the *Barton* doctrine distinctly applies to this case since the suit could have a "conceivable effect on the administration of the bankruptcy estate," which is not "fully administered" and closed. *See In re Keitel,* 636 B.R. 845, 852 (Bankr. S.D. Fla. 2022).

**B. Plaintiff's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted.**

To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a "complaint must plead enough facts to state a claim for relief that is plausible on its face." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 403 F. Supp. 3d 1, 11 (D.P.R. 2019) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the ground on which it rests." *Peele v. Affiliated Computer Services, Inc. et al.*, 2:14-cv-14289-KAM (S.D. Fla. May 11, 2015).

"A pro se litigant's pleadings are construed liberally, but pro se litigants must nonetheless conform to procedural rules…" See *In re Kunsman,* 752 Fed. Appx. 938, 941 (11th Cir. 2018) (citing Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). Specifically, a pro se litigant is "subject to the relevant law and rules of court," including the Federal Rules of Bankruptcy Procedure. *See Dekom v. Nationstar Mortgage LLC*, 2021 WL 1061177 (N.D. Fla. Mar. 20, 2021) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) and *Loren v. Sasser*, 309 F.3d at

1304 (11th Cir. 2002)). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *AHE Realty Assoc., LLC v. Miami-Dade County*, Florida, 320 F. Supp. 3d 1322, 1331 (S.D. Fla. 2018) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

The Eleventh Circuit previously upheld a bankruptcy court decision concluding an unintelligible motion would have been denied … because the motion "does not indicate in any way the relief the Debtor seeks." See *In re Somohano*, 785 Fed. Appx. 821, 822 (11th Cir. 2019). Moreover, the Eleventh Circuit concluded that the bankruptcy court did not err in rejecting the debtor's pleading as meritless. *Id*.

In another one of Plaintiff's appeals to the District Court, the Honorable Aileen M. Cannon noted that Plaintiff's filings amount to a ""hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish," and the Court has no obligation to "suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority." *Peele v. Weiner* at 4 (citing *Crain v. Comm'r*, 737 F.2d 1417, 1418 (5th Cir. 1984)).

Plaintiff incessantly files documents labelled as "pleadings" that have been described as "lengthy, repetitious, and apparently purposefully confusing" in the bankruptcy case, appeals, and instant case. (*See* ECF NO. 286, Page 4). Plaintiff has challenged nearly every docket entry by filing unfounded, offensive, vexatious, and inappropriate pleadings. Therefore, this Complaint should be dismissed with prejudice against Chapter 13 Trustee et al, specifically for Plaintiff's failure to state a claim upon which relief can be granted.

**C. Plaintiff's Complaint should be dismissed with prejudice against Chapter 13 Trustee et al as barred by operation of absolute judicial and quasi-judicial immunity.**

9

The Supreme Court has stated: "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction…" Pierson v. Ray, 386 U.S. 547, 553 (1967). "[J]udges have long enjoyed a comparatively sweeping form of immunity." *Forrester v. White*, 484 U.S. 219, 225 (1988). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

"Nonjudicial officials are encompassed by a judge's absolute immunity when their official duties have an integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (quoting *Ashbrook v. Hoffman,* 617 F.2d 474, 476 (7th Cir.1980)). A court-appointed receiver receives "judicial immunity for acts within the scope of [his] authority." Chua v. Ekonomou, 1 F.4th 948, 955 (11th Cir. 2021); quoting *Prop. Mgmt. & Investments, Inc. v. Lewis,* 752 F.2d 599, 602 (11th Cir. 1985). That immunity applies even if his acts were in error, malicious, or in excess of the appointing court's jurisdiction and it extends to his counsel as well. *See Id*.; (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

"Quasi-judicial immunity can extend to law clerks, military and naval officers, prosecutors, administrative law judges, agency officials, jurors, mediators, advocates, and witnesses." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). A bankruptcy trustee receives derived judicial immunity because he performs an "integral part of the judicial process" *Bennett v. Williams,* 892 F.2d 822, 823 (9th Cir.1989). Bankruptcy trustees are afforded complete immunity when acting pursuant to court order. *See In re Solar Fin. Servs.,* 255 B.R. 801, 805 (Bankr.S.D.Fla.2000). "The principle announced by these authorities leaves no doubt that a trustee may only be held personally liable for acts personally committed outside the scope of

judicial immunity." *In re Clearwater Bay Marine Serv., Inc.*, 236 B.R. 285, 287–88 (Bankr. M.D. Fla. 1999).

In the instant case, Chapter 13 Trustee et al is unequivocally entitled to absolute and quasi-judicial immunity from all of Plaintiff's incoherent allegations. In furtherance of the bankruptcy trustee's official duties, Chapter 13 Trustee et al performed only those acts required by court order and pursuant to 11 U.S.C. §1302. Chapter 13 Trustee et al took no other actions outside the scope of her authority. Accordingly, Plaintiff's Complaint against Chapter 13 Trustee et al should be dismissed with prejudice.

### D. The Complaint should be dismissed with prejudice, specifically as to Chapter 13 Trustee et al.

Separate and apart from Plaintiff's unintelligible causes of action against all defendants, the Complaint must be dismissed with prejudice, specifically as to Chapter 13 Trustee et al. The *Barton* doctrine applies to Chapter 13 Trustee et al regardless of whether the trustee is being personally sued, her staff is being personally sued, or anyone or anything having any relation to the trustee is being sued.  To allow suit against any parties associated with any trustee would have a chilling effect upon a bankruptcy trustee's ability to administer any case and thus potentially undermine Congress' intent, negatively impacting upon Chapter 13.

Additionally, the Complaint should be dismissed with prejudice against Chapter 13 Trustee et al for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(1) and (b)(6).  As argued above, this Court has no subject matter jurisdiction over Plaintiff's Complaint and Plaintiff's Complaint also fails to state a clear and cognizable claim upon which relief can be granted against Chapter 13 Trustee et al.

Just as bankruptcy trustees are afforded absolute and quasi-judicial immunities when performing their duties in accordance with court orders and under the scope of their authority, Chapter 13 Trustee et al must be afforded the same immunity.

### III. CONCLUSION

Chapter 13 Trustee et al respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice as argued above. If this Court is not inclined to dismiss the entire Complaint with prejudice, Chapter 13 Trustee et al respectfully requests the Complaint against them be specifically dismissed with prejudice as to The Chapter 13 Trustee, Robin R. Weiner, Robin R. Weiner, individually, Robin R. Weiner P.A., its President Robin R. Weiner, its staff attorney Joanna P. Tempone, Paul S. Visnovske, Matthew Girardi and Does 1-3 inclusive, in their individual and official capacity for the reasons stated above.

**WHEREFORE**, Chapter 13 Trustee, Robin R. Weiner, Robin R. Weiner, individually, Robin R. Weiner P.A., its President Robin R. Weiner, its staff attorney Joanna P. Tempone, Paul S. Visnovske, Matthew Girardi and Does 1-3 inclusive, in their individual and official capacity, respectfully request this Court dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and the *Barton* doctrine, Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and under the doctrines of absolute and quasi-judicial immunity. Additionally, Chapter 13 Trustee, Robin R. Weiner, Robin R. Weiner, individually, Robin R. Weiner P.A., its President Robin R. Weiner, its staff attorney Joanna P. Tempone, Paul S. Visnovske, Matthew Girardi and Does 1-3 inclusive, in their individual and official capacity, specifically request the Court dismiss them with prejudice, separate and apart, from the other defendants and for such other and further relief as this Court may deem appropriate.

Respectfully submitted,

/s/ Robin R. Weiner
Robin R. Weiner, Chapter 13 Trustee
On behalf of Chapter 13 Trustee Et Al.
P.O. Box 559007
Ft. Lauderdale, FL 33351-9007
Phone: (954) 382-2001
robinweiner@ch13weiner.com

-and-

Respectfully submitted,

/s/ Joanna P. Tempone
Joanna P. Tempone, Esq.
On behalf of Chapter 13 Trustee Et Al.
P.O. Box 559007
Ft. Lauderdale, FL 33351-9007
Phone: (954) 382-2001
joanna@ch13weiner.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 2nd day of September, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, U.S. mail or e-mail.

Respectfully submitted,

/s/ Robin R. Weiner
Robin R. Weiner, Chapter 13 Trustee
On behalf of Chapter 13 Trustee Et Al.
P.O. Box 559007
Ft. Lauderdale, FL 33351-9007
Phone: (954) 382-2001
robinweiner@ch13weiner.com

-and-

Respectfully submitted,

/s/ Joanna P. Tempone
Joanna P. Tempone, Esq.
On behalf of Chapter 13 Trustee Et Al.
P.O. Box 559007
Ft. Lauderdale, FL 33351-9007
Phone: (954) 382-2001
joanna@ch13weiner.com

**SERVICE LIST**

Tamiko N. Peele
4001 S.W. Melbourne St.
Port St. Lucie, FL 34953