## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-cv-14305-JEM

TAMIKO N. PEELE, AND TAMIKO N. PEELE
INDIVIDUALLY ON BEHALF OF THEMSELVES,

      Plaintiff,

vs.

THE UNITED STATES DEPARTMENT OF JUSTICE
THROUGH ITS UNITED STATES TRUSTEE PROGRAM,
REGION 21 AND ITS OFFICIALS, et. al.,

      Defendants.

_____/

## ECMC DEFENDANTS' AND SHAWDE & EATON, P.L. DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT, AND SUPPORTING MEMORANDUM OF LAW

Defendants Educational Credit Management Corporation ("ECMC"), Jeremy Wheaton ("Mr. Wheaton"), Daniel Fisher ("Mr. Fisher"), Kerry Klisch ("Ms. Klisch"),[1] Shawde & Eaton, P.L. ("S&E"), and John D. Eaton   ("Mr. Eaton," and collectively with S&E, the "S&E Defendants") hereby move the Court, pursuant to Federal Rules of Civil Procedure 8 and 10, and 12(b), for an Order dismissing *Pro Se* Plaintiff's "Tamiko  N. Peele and Tamiko N. Peele, individually on behalf of themselves" ("Plaintiff")[2] *Complaint for Bivens Claims, Violations of*

---

[1]     Named Defendant "Transitional Guaranty Agency" is the former name of ECMC, but it has not been in existence in many years.   This motion is also filed on behalf of Transitional Guaranty Agency.  ECMC, Transitional Guaranty Agency, Mr. Wheaton, Mr. Fisher, and Ms. Klisch shall collectively be referred to as the "ECMC Defendants."

[2]     In the Complaint, Plaintiff first identifies "Plaintiff Tamiko N. Peele" as a "nature person" residing in St. Lucie County, Florida.   *See* Complaint, ¶35.   Immediately thereafter, Plaintiff identifies "Plaintiff TAMIKO N. PEELE" as a "Fictitious Person and Strawman created by thru The State of Florida Inc. . . ."   *Id.* at ¶36.   It is unclear why Plaintiff has identified herself twice as a party plaintiff in the Complaint.   In the instant Motion, the ECMC Defendants and the S&E Defendants will refer to Tamiko N. Peele as the Plaintiff.

*Civil Rights, Damages and Incidental Relief* (the "Complaint")(D.E. 1-3) as an impermissible shotgun pleading.   Additionally, ECMC, Mr. Wheaton, Mr. Fisher, and Ms. Klisch should be dismissed because none of them have been served with the Summons or the Complaint.[3]   In addition, because there is not a single allegation of fact set forth in the Complaint against them, Defendants Mr. Wheaton, Mr. Fisher, Ms. Klisch, and S&E seek dismissal from this action, with prejudice.  In support thereof, the ECMC Defendants and the S&E Defendants state as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1.      According to a review of the docket in the Florida state court, Plaintiff originally filed her Complaint on or about August 10, 2022 in the County Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida (the "St. Lucie County Court"), State Court Case No. 2022SC002970.

2.      On August 29, 2022, the United States Attorney, by and through the Assistant United States Attorney, on behalf of a number of different federal entities and employees, removed the action to this Court when he filed his *Notice of Removal by United States Attorney* (the "Notice of Removal")(D.E. 1).[4]   A copy of the Notice of Removal was also filed in the St. Lucie County Court.[5]

---

[3]      It appears that service of the Summons and the Complaint on Transitional Guaranty Agency was attempted by personally leaving copies of the Summons and the Complaint at ECMC's corporate address in Minneapolis, MN on August 31, 2022.  S&E and Mr. Eaton were served with the Summons and Complaint on August 17, 2022.

[4]      The Notice of Removal identified a number of different federal defendants, including, the United States Department of Justice through its United States Trustee Program, the Honorable United States Bankruptcy Judge Erik P. Kimball, the United States through the Social Security Administration, the United States Postal Service, and the United States Department of Education ("Education"). Notice of Removal, at ¶2.

[5]      Pursuant to Fed. R. Civ. P. 81(c)(2), the deadline for a defendant that did not answer before removal to respond to a complaint is the later of twenty-one (21) days after service or receipt of

3.     Not counting exhibits, the Complaint is 62 pages long, with 111 separately numbered paragraphs, plus an additional 112th numbered paragraph that itself includes 8 subparagraphs.  The Complaint sets forth 24 separate counts[6] against approximately fifty (50) specifically identified defendants,[7] and up to an additional 20 unnamed "Does."  The Complaint collectively defines all of the named defendants, including the unnamed "Does," as the "Defendants."  *See* Complaint, p. 6.  Attached to the Complaint are Exhibits labelled A through U totaling more than 400 pages.

4.     The first paragraph of each one of the 24 Counts in the Complaint incorporates and realleges every single preceding paragraph in their entirety, such that in the first numbered paragraph in the last count in the Complaint, *i.e.* Count XXIII, "Plaintiff incorporated and realleges the preceding "paragraph 1-110."   Complaint, ¶109, p. 55.

5.     The Complaint reads like some type of brief or memorandum of law as it contains three "QUESTIONS PRESENTED," a "TABLE OF CONTENT," a three-page "TABLE OF

---

the summons and complaint, or "7 days after the notice of removal is filed."   Because the Notice of Removal was filed on August 29, 2012, seven days thereafter was Monday, September 5, 2022, *i.e.* Labor Day.  Tuesday, September 6, 2022 is the first business day after the federal Labor Day holiday.   ECMC points this out because on September 6, 2022, Plaintiff filed a motion for entry of default against ECMC (*see* D.E. 24), and the Clerk of the Court entered a Default against ECMC on September 6, 2022 (*see* D.E. 29).  Plaintiff's motion for default purports to show service on ECMC on August 12, 2022 through CT Corporation.  However, CT Corporation is not authorized to accept service of process on behalf of ECMC.   Therefore, the filing of the motion for default and the entry of the Default against ECMC were both premature in light of Rule 81(c)(2)(C). ECMC will be moving to set aside that default by separate motion.

[6]     As noted *infra*, Count XVII includes two different Counts.

[7]     Because of the manner in which the Complaint is drafted, it is difficult to determine exactly how many defendants are actually named as party defendants.  In fact, some named parties are identified multiple times in the caption.

AUTHORITIES AND CITATIONS," and a one-page "LEGAL STATEMENT."  *See* Complaint at pp. 7-12.

      6.    Most of the Counts in the Complaint are specifically asserted against "all Defendants":

      a.    Bivens Claims:   Counts I (Conspiracy to Violate Plaintiff's Constitutional Rights), II (Deliberate Indifference to Plaintiff's Constitutional Rights), III (Unreasonable searches and seizures / Fourth Amendment Violation), and IV (Procedural Due Process / Fifth Amendment Violation);[8]

      b.    Count IX: Postal Service – 18 US Code §§83 and 1702 Obstruction of Correspondence;

      c.    Count X:   Postal Service 18 US Code §§83, 1708 Theft or receipt of stolen mail matter;

      d.    Count XII:   Americans with Disabilities Act of 1990, *Fla. Stat*. XXIX 385.206(3);

      e.    Count XVI:  Unjust enrichment;¶

      f.    Count XVII: This count includes two separate Causes of action:

          i.    Violation of the Financial Privacy Act of 1978;

---

[8]    Plaintiff cannot state any claims against the ECMC Defendants or the S&E Defendants since those defendants are merely private parties and not state actors.  As such, Counts I, II, III, and IV of the Complaint all fail to state a claim upon which relief can be granted.  The same result applies to ECMC even in its capacity as a guarantor of federal student loans made pursuant to the FFELP, as discussed *infra*.  *See generally San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee*, 483 U.S. 522, 544 (1987)("The fact that a private entity performs a function which serves the public does not make its acts governmental action.")

ii.    Violation of the Florida Consumer Collections Practices Act (the "FCCPA"), *Fla. Stat*. 559.55 *et. seq*.

g.    Count XVIII:    Violations of the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA");

h.    Count XIX:    Violations of the Fair Debt Collective Practices Act (the "FDCPA");[9] and

i.    Count XX:  Violations of the Fair Credit Reporting Act (the "FCRA").

7.    In addition to the forgoing, there are other Counts that while not specifically alleged as being brought against "all defendants," the Counts in question appear that they <u>might</u> be asserted against all defendants:

a.    Count V:  Federal Tort Claims.   In paragraph 68, Plaintiff alleges:  "as a result of Defendants' offensive and harmful physical contact with Plaintiff," liability of "the individual Defendants" to Plaintiff, and a demand for judgment against "each Defendants."

b.    Count VI:    Unlawfully withheld and unreasonably delayed agency action. In paragraph 70, Plaintiff demands an investigation and "judgment against each Defendants."

c.    Count XIII:   HIPPA Act of 1996.   In paragraph 81, Plaintiff alleges that "the parties have been Releasing unauthorized health information," and "each defendants individually or collectively are" failing to do certain things.  In addition, in her decretal request, Plaintiff "demands judgment against each Defendants."

---

[9]    The law is clear -- in this Circuit -- that ECMC is not subject to the FDCPA pursuant to the bona fide fiduciary exception at 15 U.S.C. § 1692a(6)(f).  *Bennett v. Premiere Credit of North America*, 504 Fed. Appx. 872, 877 (11th Cir. 2013); *Pelfrey v. Educ. Credit Mgmt. Corp.*, 71 F. Supp. 2d 1161 (N.D. Ala. 1999), *aff'd*, 208 F.3d 945 (11th Cir. 2000).  On this basis alone, any claim against ECMC (and the other ECMC Defendants and S&E Defendants acting on behalf of or as counsel to ECMC) based on the FDCPA must be dismissed.

d.      Count XV:  Misapplied Payments.   In paragraph 84, Plaintiff alleges that "[t]he Defendants with willful intent" did certain things, and then adds that "[t]he Defendant's maliciously changed the account number, …."   In paragraph 85, Plaintiff again makes reference to something that "the Defendants" did.

e.      Prayer for Equal Protection at p. 56.  While it is unclear what this particular section of the Complaint is intended to be, it does include references to each "Defendant", and requests damages and liability against them.  In fact, in paragraph 112.d, Plaintiff requests that the Court declare that "'ALL' Defendants violated the . . . . FDCPA, . . . FCCPA, . . . FDUTPA, . . . FDCPA, . . . and the FCRA."   In paragraph 112.e, Plaintiff requests that the Court declare that "'ALL' Defendants acted willfully, in knowing or reckless disregard of Plaintiffs' rights and Defendants' obligations under the law."

8.      ECMC and Transitional Guaranty Agency are also named Defendants, along with a host of other defendants, in three other additional counts:

a.      Count VIII:  Postal Service 18 US Code §§ 83, 1701 Obstruction of Mail;

b.      Count XIV:  Breach of Invalid Contract; and

c.      Count XV:  Misapplied Payments;

9.      The allegations against Mr. Wheaton, Mr. Fisher, and Ms. Klisch are sparse.  Other than times where each would be included within the defined term "Defendants," Mr. Wheaton and Mr. Fisher are mentioned by name only two times in the entire Complaint: first, as parties in the Caption of the Complaint, and second, they are identified as parties in paragraph 47 of the Complaint.  As to Ms. Klisch, she is mentioned by name a total of only four times:  (a) as a party in the Caption of the Complaint, (b) identified by name in the three-page introductory paragraph

of the Complaint at p. 6, (c) identified as a party in paragraph 47, and (d) identified in another introductory paragraph, *i.e.* p. 15, ¶9.

10.     Similar to Ms. Klisch, S&E is mentioned by name only four times in the entire Complaint:  (a) identified as a party in the Caption of the Complaint, (b) identified by name in the three-page introductory paragraph at p. 5, identified as a party in paragraph 44, and (d) identified in another introductory paragraph, *i.e.* p. 14, ¶9.

11.     There are also few, if any, allegations as to Mr. Eaton.   Like S&E, Mr. Eaton is (a) identified as a party in the Caption of the Complaint, (b) identified by name in the three-page introductory paragraph at p. 5, (c) identified as a party in paragraph 44, and (d) identified in another introductory paragraph, *i.e.* p. 14, ¶9.  In addition to these four instances, Mr. Eaton is specifically identified only five more times by name in the Complaint, *i.e.* at p. 15, ¶11; p. 16, ¶12; p. 17, ¶14; p. 18, ¶16, and p. 32, ¶58.  The four references to Mr. Eaton in paragraphs 11, 12, 14 and 16 are included in a section of the Complaint titled: "***The Tyranny Confirmation Fix, Ambush By Trial That Creates Financial Genocide.***"  Complaint, p. 15 (emphasis in original). The reference to Mr. Eaton in paragraph 58 is contained within the section of the Complaint as to Count II, *i.e.* Plaintiff's Bivens Claim for Deliberate Indifference to Plaintiff's Constitutional Rights.

12.     Of the moving parties, ECMC  (and Transitional Guaranty Agency) are mentioned the most in the Complaint, but even then, the allegations do not provide much guidance as to what either of them are accused of having done wrong that would purportedly subject it to any liability.  ECMC is identified (a) as a party in the Caption of the Complaint, (b) identified by name in the three-page introductory paragraph of the Complaint at p. 6, (c) identified in the second questions presented at p. 7, (d) identified as a party in paragraph 47, and (e) identified in another introductory paragraph, *i.e.* p. 15, ¶9.   Like Mr. Eaton, ECMC is mentioned in the section of the Complaint

titled: "***The Tyranny Confirmation Fix, Ambush By Trial That Creates Financial Genocide.***"
*See* Complaint, ¶'s 11, 14, 16, 19, 20, 21, 22, 23 and 24.[10]

13.     In addition to the foregoing, ECMC (and Transitional Guaranty Agency) are mentioned by name in the following paragraphs: 58, 73, 83, 85, 97d, 97e, and 112a.  However, paragraphs 73, 83, 85, 97d, 97e, and 112a do not include any allegations of fact as to any action taken by either of them.

14.     Mr. Wheaton, Mr. Fisher, and Ms. Klisch are all alleged to be residents of Minneapolis, MN.  *Id*. at ¶47.  Although Plaintiff includes a conclusory statement that personal jurisdiction over "the Defendants" exists "because Defendants are operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within St. Lucie County, Florida," there is not single allegation of fact set forth in the Complaint as to any action actually taken by Mr. Wheaton, Mr. Fisher, or Ms. Klisch in the state of Florida. *Id*. at ¶31.

15.     The ECMC Defendants and the S&E Defendants move to dismiss the Complaint as an impermissible "shotgun pleading" because of Plaintiff's failure to comply with the pleading requirements of Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure.   Until the glaring defects in the Complaint are rectified, it is simply not possible for the ECMC Defendants or the S&E Defendants to properly respond to the Complaint.

16.     Mr. Wheaton, Mr. Fisher, and Ms. Klisch also seek dismissal under Rule 12(b)(2) because based on the allegations in the Complaint, there is no basis to assert personal jurisdiction over them in the state of Florida.  In addition, they, along with ECMC, further seek dismissal of

---

[10]     Transitional Guaranty Agency is referenced in paragraphs 9, 19-24, and 48.

the Complaint under Rule 12(b)(4) because they have never been served with the Summons or the Complaint at all.

17.     In light of the shotgun nature of the Complaint, all of the moving parties reserve the right to seek dismissal of the Complaint in its entirety under Rule 12(b)(6) as a result of Plaintiff's failure to state any claim in this case.   In fact, Mr. Wheaton, Mr. Fisher, Ms. Klisch and S&E submit that they should be dismissed from this action at this time, with prejudice, in light of Plaintiff's failure to include a single factual allegation at all against any of them.

## MEMORANDUM OF LAW

### I.     INTRODUCTION

Throughout her Complaint, Plaintiff lumps all of the defendants together, and in other instances it is not clear what role each defendant has.  In her Complaint, Plaintiff alleges in a few instances that "Education d/b/a ECMC" or ECMC that is Education's "collector."   *See* Complaint, ¶'s 11, 14, 19, 20, 21, 22, 23, 24.   These conclusory allegations are not accurate.  Rather, as numerous courts have recognized, including the Eleventh Circuit, ECMC is a guarantor of federal student loans under the Higher Education Act, 20 U.S.C. §1001 *et seq*. (the "HEA").   *See, e.g., Bennett v. Premiere Credit of North America*, 504 Fed. Appx. at 877;[11] *Rowe v. Educ. Credit Mgmt. Corp*., 559 F.3d 1028, 1032 (9th Cir. 2009)(finding no dispute as to ECMC's guaranty agency status); *Black v. Educ. Credit Mgmt. Corp*., 459 F.3d 796, 798 (7th Cir. 2006)(finding that ECMC is a "non-profit corporation that acts as a guarantee agency"); *Matthews-Hamad v. Educ. Credit Mgmt. Corp. (In re Matthews-Hamad)*, 377 B.R. 415, 418 (Bankr. M.D. Fla. 2007)("Educational Credit Management ('ECMC') is a private nonprofit student loan guaranty,

---

[11]     While not binding precedent, unpublished decisions by the Eleventh Circuit are persuasive authority.  *See* 11th Cir. Local Rule 36-2.

governed by the Higher Education act at 20 U.S.C. section 1061 *et. seq*.").  As such, ECMC owes statutory, regulatory, and fiduciary duties to the United States Secretary of Education and, in turn, to the United States taxpayers.  Among those duties are default prevention and servicing and collecting on the defaulted student loans in ECMC's guarantor portfolio.

In this case, although not entirely clear, as it pertains to ECMC and Transitional Guaranty Agency, it appears that all of Plaintiff's purported claims are related to her federal student loan debts.  And, it appears that Messrs. Wheaton and Fisher are included in this action because (a) Mr. Wheaton is the former Chief Executive Officer ("CEO") of ECMC Group, and (b) Mr. Fisher is the current CEO.[12]  In addition, while also not entirely clear, it appears that S&E and Mr. Eaton are included in this action because they were counsel of record for ECMC in connection with Plaintiff's chapter 13 bankruptcy case,[13] in which Mr. Eaton is alleged to have filed a "Motion to Vacate and Motion for Rehearing" on behalf of ECMC, and for which the Bankruptcy Court entered an Agreed Order.   Complaint, ¶'s11 and 12.[14]  It appears, that based upon ECMC's filing

[12]    Ms. Klisch is not an officer of ECMC.  Rather, she is a litigation assistant for an entity that provides consolidated shared corporate services for an ECMC family group of companies, including the provision of legal services for ECMC.

[13]    Plaintiff and her husband Robert Walker were co-debtors in a chapter 13 bankruptcy case in the United States Bankruptcy Court for the Southern District of Florida, Captioned *In re Robert L. Walker and Tamiko N. Peele*, Case No. 20-11431-EPK (the "Bankruptcy Case").  A review of the docket in Plaintiff's Bankruptcy Case reflects all of the filings, including numerous appeals, that were taken by Plaintiff and her husband.

[14]    Attached to the Complaint as Exhibit "G" is a copy of the Bankruptcy Court's *November 3, 2020 Agreed Order Granting Educational Credit Management Corporation's Motion for Rehearing of Order Sustaining Objection to Claim No. 2, and Vacating Order* (the "Bankruptcy Agreed Order")  Bankruptcy Case D.E. 119.  Plaintiff's chapter 13 bankruptcy case was dismissed on June 18, 2021 when the Bankruptcy Court granted the chapter 13 trustee's motion to dismiss.  *See Order Granting Motion to Dismiss Case* (Bankruptcy Case D.E. 286).   ECMC and Ms. Klisch assume that she has been named as a defendant in this action because a Declaration that she provided was attached as an exhibit to ECMC's motion for rehearing.  A true and correct copy of

of a motion for hearing of an Order, and the Bankruptcy Court's entry of the Bankruptcy Agreed

Order that Plaintiff alleges was agreed to by her counsel of record in the Bankruptcy Case, Plaintiff

asserts a host of alleged, albeit baseless, claims against the ECMC Defendants and the S&E

Defendants.

## II.     LEGAL STANDARD FOR MOTION TO DISMISS

The Supreme Court clarified the pleading required to survive a motion to dismiss in *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-556 (2007) and again in *Ashcroft v. Iqbal,* 556 U.S.

662 (2009). A plaintiff must plead "more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And the complaint

must show more than a blanket assertion of entitlement; more than "an unadorned, the defendant-

unlawfully-harmed-me accusation." *Id*. at 556; *Iqbal,* 556 U.S. at 678.

While the court should accept as true the well-pleaded factual allegations of the complaint,

"bald assertions and conclusions of law will not suffice" to survive a motion to dismiss. *Leeds v.*

*Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, a court is "not bound to accept as true a legal

conclusion couched as factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*,

478 U.S. 265, 286 (1986)). When deciding a motion to dismiss, a court should consider not only

the complaint itself, but also, "other sources courts ordinarily examine when ruling on Rule

12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference,

and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights,*

*Ltd.*, 551 U.S. 308, 322 (2007).

---

ECMC's Motion for Rehearing that was filed in the Bankruptcy Case is attached hereto as Exhibit
"1"

### III.     PLAINTIFF'S COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING

It is axiomatic that the Complaint must comply with the pleading requirements of Rules 8(a)(2) and 10(b).   Under Rule 8(a)(2), a plaintiff is required to set forth a "short plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   Pursuant to Rule 10:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.   A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).   According to the Eleventh Circuit, a complaint that violates either one of these rules, or both, is referred to a "shotgun pleading."   *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

In *Weiland*, the Eleventh Circuit identified four types and/or categories of shotgun pleadings:  (1) "a complaint with multiple counts in which each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) a complaint that "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3)  a pleading that does not separate each claim or cause of action into a separate count; and (4) a pleading "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Weiland v. Palm Beach County Sherriff's Office*, 792 F.3d at 1322-1323.   In this case, Plaintiff's Complaint is a classic example of three of the four types identified by *Weiland* as being a "shotgun pleading," and which the Eleventh Circuit has repeatedly condemned.   *See, e.g., Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings.").

A.    **The Complaint Reflects Three of *Weiland's* Four Types of Shotgun Pleadings**

Here, it is undisputed that every single Count in the Complaint realleges and incorporates every single preceding paragraph.   This is the classic and most common type of shotgun pleading that the Eleventh Circuit identified for which dismissal is appropriate.  *See, e.g., Jackson v. Bank of America, N.A.* 898 F.3d 1348, 1356 (11th Cir. 2018)("The amended complaint is an incomprehensible shotgun pleading.   It employs a multitude of claims and incorporates by reference all of its factual allegations in each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief.").   In this case, it is especially problematic where there are 24 separate counts, spread over 112 separately numbered paragraphs, against more than 50 identified defendants plus additional "Does."

In addition, the Complaint is replete with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."   By way of example, in paragraphs 16, 17, and 18 of the Complaint, Plaintiff discusses 11 U.S.C. §523(a)(8) and the standard that must be met in the Eleventh Circuit in order for a debtor to obtain an "undue hardship" discharge of his or her student loan debts.[15]   However, a review of the docket in the Bankruptcy Case shows that Plaintiff never commenced an adversary proceeding seeking an undue hardship of her student loan debts, nor is one sought (nor could it be sought) in the instant lawsuit.   Yet these three paragraphs are incorporated by reference into every single Count of the Complaint, without any connection to

---

[15]     Under the United States Bankruptcy Code, a debtor's student loan debts are presumptively non-dischargeable (*i.e.* they are not discharged) unless the debtor obtains an undue hardship determination in a separate adversary proceeding the debtor institutes in his or her bankruptcy case.   *See* 11 U.S.C. §523(a)(8) and Bankruptcy Rule 7001(6).

the purported causes of action in which they are asserted.[16]   In addition, other than simply incorporating by reference all preceding paragraphs, several Counts of the Complaint do not even include a single allegation of fact in support of the decretal request for relief.   *See, e.g.*, Complaint, Counts VIII, IX, X, XI, XII, XIII,[17] XVI, XVIII, and XIX.[18]

Finally, the Complaint includes "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions."   Again, by way of example, Count III of the Complaint includes allegations that "[e]ach Defendants Individually and or collectively have gross violated" Plaintiff's Fourth Amendment rights and have become "'*lawless thugs and goons*,'" but not a single allegation is included as to what purported search and seizure was done by any particular defendant or why any defendant in this action is a "lawless thug or goon."   Complaint, ¶60 (emphasis in original).   Similar instances of allegations against "the Defendants" appears throughout the Complaint without identifying which particular

---

[16]     In addition, in paragraph 13 of the Complaint, Plaintiff alleges that "the party changed the Tamiko N Peele address to Barry S Mittelberg address, reported slanderous, malicious statements . . . ," without identifying which "party" did so, and then incorporates that allegation in support of every single Count in the Complaint.   Complaint, ¶13.   Plaintiff must identify the party that allegedly changed the address if that allegation is relied upon by Plaintiff in support of her allegations against any of the ECMC Defendants or the S&E Defendants.

[17]     In Count XXIII, Plaintiff alleges purported violations of the HIPPA Act, apparently against all Defendants, but does not include a single factual allegation in support of her conclusory statement that "*the parties have been Releasing unauthorized health information using Insider snooping towards Unprotected storage of private health information*."   Complaint, ¶81 (emphasis in original).

[18]     At one point, Plaintiff includes an allegation quoting "USDC Judge Paul G. Hyman" and references a quote Judge Hyman apparently made about attorneys committing malpractice. Complaint, ¶26.   Judge Hyman is a former Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of Florida.   The Complaint references the quote as coming from an April 14, 2015 hearing before Judge Hyman, the transcript of which is attached as Exhibit "S" to the Complaint.   However, a review of the exhibit / transcript in question shows that it comes from a bankruptcy case that apparently does not even involve the Plaintiff (as the name of the Debtor is redacted), and the attorney in question referenced in Exhibit "S" is not even a party in this action.

defendant did what.   *See, e.g*., Complaint at ¶'s 3, 54, 55, 60, 61, 64, 68, 69, 71, 73 through 84, 87, 88, 91, 93, 106, 110, and 112.  And again, each one of these paragraphs is incorporated into all later Counts.

    **B**.      <u>Prohibition on Shotgun Pleadings Applies to *Pro Se* Plaintiffs</u>

      In her Complaint, Plaintiff alleges / argues that because she is appearing *pro se*, her pleading is "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Complaint, ¶2.   But it is of no moment that Plaintiff is appearing *pro se* in this action, or that as a general rule, *pro se* litigants will have their filings liberally construed. The Eleventh Circuit and courts in this District have made clear that the prohibition against "shotgun pleadings" and the necessity to comply with Rules 8(a)(2) and 10(b) applies with equal force to *pro se* plaintiffs as well.  *See, e.g., Arrington v. Green*, 757 Fed.Appx. 796, 797 (11th Cir. 2018)(Court noted that it "has little tolerance for shotgun pleadings," and because the *pro se* plaintiff failed to correct the deficiencies previously identified in the initial complaint, the Court affirmed the dismissal of plaintiff's amended complaint);  *Omanwa v. Catoosa County, Georgia*, 711 Fed.Appx. 959, 964 n. 2 (11th Cir. 2017)(court affirmed dismissal of *pro se* plaintiff's amended complaint as a shotgun pleading after failing to cure the previous deficiencies; while "*pro se* complaints are to be liberally construed, they are still required to conform with procedural rules governing the proper form of pleadings."); *Behr v. Campbell*, 2022 WL 1176949, *5 (S.D. Fla. March 18, 2022)(court dismissed *pro se* plaintiff's third amended complaint with prejudice as a shotgun pleading); *Alexander v. Medley*, 2022 WL 1102856, *4 (S.D. Fla. April 12, 2022)(court dismissed pro se plaintiff's amended complaint as a shotgun pleading).  As Judge Moore of this Court noted just a few weeks ago in dismissing a *pro se* plaintiff's second amended complaint as

a shotgun pleading, with prejudice, after having first dismissed, without prejudice, an amended

complaint as a shotgun pleading:

> Finally, the Court noted that it was "required to *sua sponte* afford a *pro se* plaintiff leave to amend" when dismissing shotgun-pleading grounds," and therefore dismissed Plaintiff's claims without prejudice. *Id*. at 20 n.9   In sum, Plaintiff was on notice of his pleading's deficiencies, yet failed to comport his [second amended complaint] with this Court's requirements.

*Rattner v. 1809 Brickell LP, et al*., Case No. 21-cv-23426, *Order* at D.E. 129 (S.D. Fla. August

23, 2022).  In this case, the Complaint must be dismissed as an impermissible "shotgun pleading,"

and Plaintiff directed to file an Amended Complaint that comports with the requirements of Rules

8(a) and 10(b).   Until that is done, it is impossible for the ECMC Defendants or the S&E

Defendants to be able to determine which factual allegations are leveled against them that

purportedly give rise to any claim for relief.[19]

## <u>CONCLUSION</u>

A simple review of the Complaint makes clear that it is a classic example of a prohibited,

incomprehensible shotgun pleading.   The multitude of claims against more than fifty defendants,

that incorporates by reference all of the preceding factual allegations into each successive claim,

makes it "nearly impossible for any of the named Defendants and the Court to determine with any

certainty which factual allegations give rise to which claims for relief."   *Jackson v. Bank of*

*America, N.A*., 898 F.3d at 1357.   Plaintiff must file an amended complaint in this case that

complies with the pleading requirements of Rules 8(a)(2) and 10(b).      However, because

---

[19]      As noted above, the Complaint does not include a single allegation of fact against Mr. Wheaton, Mr. Fisher, or Ms. Klisch setting forth any action taken in the state of Florida that would subject them to personal jurisdiction. In the absence of any such facts in an Amended Complaint, they should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(2). Similarly, unless they are properly served in compliance with Fed. R. Civ. P. 4, each of them, along with ECMC, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4).

Defendants Mr. Wheaton, Mr. Fisher, Ms. Klisch, and S&E are named as defendants without a single allegation of fact against them, they should be dismissed from this action now, with prejudice.

WHERFORE, for all of the foregoing reasons, the ECMC Defendants and the S&E Defendants respectfully request that the Court enter an Order (a) dismissing the Complaint as an impermissible shotgun pleading and directing Plaintiff to file an Amended Complaint that complies with the requirements of Rules 8(a)(2) and 10(b), (b) dismissing Defendants Wheaton, Fisher, Klisch, and S&E, with prejudice, from this action at this time, and (c) granting them such other and further relief as the Court deems necessary and proper

Dated:   September 6, 2022

Respectfully submitted,
**SHAWDE & EATON, P.L.**
Attorneys for ECMC Defendants
and S&E Defendants
1792 Bell Tower Lane
Weston, Florida 33326
Telephone:  (954) 376-3176

By:  */s/ John D. Eaton*
     John D. Eaton, Esq.
     Florida Bar No. 0861367
     jeaton@shawde-eaton.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of September, 2022, a true and correct copy of the foregoing Motion to Dismiss was served via First Class United States Mail, postage prepaid, on *Pro Se* Plaintiff Tamiko N. Peele, 4001 SW Melbourne Street, Port Saint Lucie, Florida 34953, and via CM/ECF transmission on Maureen Donlan, Asst. United States Attorney, Counsel for the Federal Defendants, 99 N.E. 4th Street, Suite 300, Miami, Florida 33132; and via CM/ECF transmission on all other parties who have registered for CM/ECF notification in this matter.

By: */s/ John D. Eaton*
John D. Eaton

18